Electronically FILED by Superior Court of California, County of Riverside on 12/24/2024 11:50 AM
Case Number CVRI2407184 0000114965218 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City of Hemet

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
George Gonzalez

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br><br>4050 Main Street, Riverside, CA 92501 | CVRI2407184 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Trenton C. Packer (SBN 241057); 7095 Indiana Ave , Suite 200, Riverside, CA 92506; (951) 682-9311

| DATE:<br>*(Fecha)* | 12/24/2024 | Clerk, by<br>*(Secretario)* | J Blackwell | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

GC68150(g)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Trenton C. Packer (SBN: 241057)<br>Grech, Packer, & Hanks<br>7095 Indiana Ave., Suite 200<br>Riverside, CA 92506<br><br>TELEPHONE NO.: (951) 682-9311    FAX NO. *(Optional):* (951) 682-4289<br>E-MAIL ADDRESS *(Optional):* tpacker@grechpackerlaw.com<br>ATTORNEY FOR *(Name):* George Gonzalez | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

| PLAINTIFF/PETITIONER: George Gonzalez<br>DEFENDANT/RESPONDENT: State of California; City of Hemet; Patrick Sobaszek; Andrew Reynoso;<br>Sean Irick; and DOES 1-10, inclusive | CASE NUMBER:<br>CVRI2407184 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>George Gonzalez |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [x] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [x] other *(specify documents):* Certificate of Counsel; Notice of Case Management Conference; Notice of Department Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      City of Hemet
   b. [x] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Andrea Kornblau and Khouloud Pearson - Attorneys for Defendant City of Hemet

4. Address where the party was served:
   Andrea.Kornblau@manningkass.com ; Khouloud.Pearson@manningkass.com

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*

   b. [ ] **by substituted service.** On *(date):*              at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*            from *(city):*            or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

POS-010

| PLAINTIFF/PETITIONER: George Gonzalez<br>DEFENDANT/RESPONDENT: State of California; City of Hemet; Patrick Sobaszek; Andrew Reynoso; Sean Irick; and DOES 1-10, inclusive | CASE NUMBER:<br>CVRI2407184 |
|---|---|

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):*
    I served the above-referenced documents via email to Defendant's attorneys Andrea Kornblau and Khouloud Pearson, who have agreed to accept electronic service of the documents.

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Kayla Pena-Pham

  b. Address: 7095 Indiana Ave., Suite 200, Riverside, CA 92506

  c. Telephone number: 951-682-9311

  d. **The fee** for service was: $ 0.00

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

      (i) ☐ owner   ☐ employee   ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 01-07-2025

Kayla Pena-Pham
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

Electronically FILED by Superior Court of California, County of Riverside on 12/24/2024 11:50 AM
Case Number CVRI2407184 0000114965214 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF RIVERSIDE

GEORGE GONZALEZ,

        Plaintiff,

    vs.

STATE OF CALIFORNIA; CITY OF
HEMET; PATRICK SOBASZEK;
ANDREW REYNOSO; SEAN IRICK;
and DOES 1-10, inclusive,

        Defendants.

Case No.:  CVRI2407184

## COMPLAINT FOR DAMAGES

1.  Fourth Amendment—Excessive
    Force (42 U.S.C. §1983)
2.  Municipal Liability—Ratification
    (42 U.S.C. §1983)
3.  Municipal Liability—Inadequate
    Training (42 U.S.C. §1983)
4.  Municipal Liability—
    Unconstitutional Custom, Practice,
    or Policy (42 U.S.C. §1983)
5.  Battery
6.  Negligence
7.  Violation of Cal. Civil Code §52.1

## DEMAND FOR JURY TRIAL

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff GEORGE GONZALEZ, for his Complaint against Defendants CITY OF HEMET; STATE OF CALIFORNIA; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, and allege as follows:

## **JURISDICTION AND VENUE**

1.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution.

2.    This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

4.    On or around July 8, 2024, Plaintiff served his comprehensive and timely claim for damages with the CITY OF HEMET and the STATE OF CALIFORNIA pursuant to applicable sections of the California Government Code. On July 15, 2024, the CITY OF HEMET rejected Plaintiff's claim. On August 15, 2024, the STATE OF CALIOFRNIA rejected Plaintiff's claim.

## **INTRODUCTION**

5.    This civil rights and state tort action arises out of the January 24, 2024, use of excessive and unreasonable force, including deadly force, on Plaintiff GEORGE GONZALEZ by Defendant Officer PATRICK SOBASZEK

and Defendant Sergeant ANDREW REYNOSO, both CITY OF HEMET Police Officers, as well as Defendant Officer SEAN IRICK, a STATE OF CALIFORNIA Highway Patrol Officer. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees, and costs from Defendants for violating various rights guaranteed to Plaintiff by the Bill of Rights, the United States Constitution, the California Constitution, and the laws of the State of California.

6.    Defendants PATRICK SOBASZEK, ANDREW REYNOSO, SEAN IRICK, and DOES 1-10, inclusive, caused various injuries by directly shooting Plaintiff who was not an immediate threat of death or serious bodily injury as described herein, and/or by integrally participating or failing to intervene in the use of excessive and unreasonable force used against Plaintiff.

7.    This action is in the public interest as Plaintiff seeks by means of this action to hold accountable those responsible for the shooting, and serious bodily injury inflicted by Defendants.

## PARTIES

8.    At all relevant times, Plaintiff GEORGE GONZALEZ ("GONZALEZ") is and was an individual residing in the County of Riverside, California.

9.    At all relevant times, Defendant CITY OF HEMET ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Hemet Police Department ("HPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the HPD and its employees and agents complied with the laws of the United States and of the State of California.

1    At all relevant times, CITY was the employer of Defendant Officer PATRICK
2    SOBASZEK, Defendant Sergeant ANDREW REYNOSO, and DOES 1-7,
3    inclusive. As set forth below, Plaintiff GONZALEZ alleges that Defendant
4    CITY is directly liable for compensatory damages under federal law pursuant to
5    *Monell v. Department of Soc. Svcs*., 436 U.S. 658 (1978) and its progeny.
6    Plaintiff GONZALEZ further alleges that Defendant CITY is vicariously liable
7    for compensatory damages under Plaintiff's state law claims, given Plaintiff's
8    allegations that the officers who committed the acts and omissions complained
9    of herein were acting in the course and scope of their employment at the time
10   that the acts and omissions occurred. Plaintiff makes no claim for punitive
11   damages against the Defendant CITY.

12         10.    At all relevant times, Defendant PATRICK SOBASZEK
13   ("SOBAZCEK") was a duly appointed CITY Officer and/or employee or agent
14   of CITY, subject to the oversight and supervision of CITY'S elected and non-
15   elected officials. At all relevant times, Defendant SOBASZEK acted under color
16   of law, to wit, under the color of the statutes, ordinances, regulations, policies,
17   customs, and usages of Defendant CITY, the HPD, and under the color of the
18   statutes and regulations of the State of California. At all relevant times,
19   Defendant SOBASZEK acted within the course and scope of his employment as
20   a CITY police officer. On information and belief, Defendant SOBASZEK is and
21   was at all relevant times a resident of this judicial district. Defendant
22   SOBASZEK used excessive and unreasonable deadly force against Plaintiff
23   GONZALEZ.

24         11.    At all relevant times, Defendant ANDREW REYNOSO
25   ("REYNOSO") was a duly appointed CITY Sergeant and/or employee or agent
26   of CITY, subject to the oversight and supervision of CITY'S elected and non-
27   elected officials. At all relevant times, Defendant REYNOSO acted under color
28   of law, to wit, under the color of the statutes, ordinances, regulations, policies,

-3-
PLAINTIFF GONZALEZ'S COMPLAINT FOR DAMAGES

customs, and usages of Defendant CITY, the HPD, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant REYNOSO acted within the course and scope of his employment as a CITY police officer. On information and belief, Defendant REYNOSO is and was at all relevant times a resident of this judicial district. Defendant REYNOSO used excessive and unreasonable deadly force against Plaintiff GONZALEZ.

12. At all relevant times, Defendants DOES 1-4 ("HPD DOE OFFICERS") were Officers for the HPD, including but not limited to patrol officers, crisis negotiations officers, corporals, sergeants, field training officers, dispatchers, and other officers and agents of HPD. HPD DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the HPD. HPD DOE OFFICERS were acting with complete authority and ratification of their principal, Defendant CITY.

13. Defendants DOES 5-7 ("DOE SUPERVISORS") are supervisory officers, officials, agents, and/or employees for the HPD who were acting under color of law within the course and scope of their duties as officials for the HPD. DOE SUPERVISORS were acting with complete authority and ratification of their principal, Defendant CITY. Defendants DOE SUPERVISORS are managerial, supervisorial, and policymaking employees of the HPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the HPD. DOE SUPERVISORS were acting with complete authority and ratification of their principal, Defendant CITY.

14. At all relevant times, Defendant STATE OF CALIFORNIA ("STATE") has the capacity to be sued. STATE is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the California Highway Patrol ("CHP") and its agents and employees. At all relevant times, Defendant STATE was responsible for

assuring that the actions, omissions, policies, procedures, practices, and customs of the CHP and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, STATE was the employer of Defendant California Highway Patrol Officer SEAN IRICK and Defendant DOES 8-10, inclusive. Defendant STATE and CHP are not being sued individually or directly by this action but are parties to this action under the theory of *respondeat superior* as Defendant STATE is vicariously liable for the actions of its CHP officers.

15.    At all relevant times, Defendant SEAN IRICK ("IRICK") was a duly appointed STATE CHP Officer and/or employee or agent of CHP, subject to the oversight and supervision of STATE'S elected and non-elected officials. At all relevant times, Defendant IRICK acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant STATE, the CHP, and under the color of the statutes and regulations of the State of California. At all relevant times, Defendant IRICK acted within the course and scope of his employment as a CHP officer. On information and belief, Defendant IRICK is and was at all relevant times a resident of this judicial district. Defendant IRICK used excessive and unreasonable deadly force against Plaintiff GONZALEZ.

16.    At all relevant times, Defendant DOES 8-10 ("CHP DOE OFFICERS") were and are duly appointed CHP officers and/or employees or agents of Defendant STATE, including but not limited to patrol officers, crisis negotiations officers, corporals, sergeants, and field training officers, subject to the oversight and supervision of STATE'S elected and non-elected officials. At all relevant times, CHP DOE OFFICERS acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant STATE, the CHP, and under the color of the statutes and regulations of the State of California. At all relevant times, CHP DOE

OFFICERS acted within the course and scope of their employment as STATE officers. On information and belief, CHP DOE OFFICERS are and were at all relevant times residents of this judicial district. Defendant CHP DOE OFFICERS used excessive and unreasonable deadly force against Plaintiff GONZALEZ. This action is being brought against Defendant CHP DOE OFFICERS in their individual capacity only.

17. The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

18. At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19. All the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Also, Defendants and their agents ratified all the acts complained herein.

20. All Defendants who are natural persons, including Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10, inclusive, are sued in their individual capacity, and punitive damages are only being requested as to these Defendants only, and not Defendants CITY or STATE.

21. Pursuant to Cal. Govt. Code §815.2(a), Defendants CITY and STATE are vicariously liable for the nonfeasance and malfeasance of the

individual Defendants, including Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10, inclusive, as alleged by Plaintiff's state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). The individual Defendants, including Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY and STATE are also liable pursuant to Cal. Govt. Code §815.6.

22.     On or about July 8, 2024, Plaintiff served a comprehensive and timely government tort claim for damages with CITY and STATE pursuant to applicable sections of the California Government Code.

23.     The CITY rejected Plaintiff's claim on July 15, 2024. The STATE rejected Plaintiff's claim on August 15, 20224.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

24.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25.     On January 24, 2024, at approximately 8:30 p.m., at or around the 500 block of B St., in the City of Beaumont, County of Riverside, California, Defendants SOBAZSEK, REYNOSO, and IRICK used excessive and unreasonable force, including deadly force, against Plaintiff GONZALEZ and employed negligent tactics, including when they shot him multiple times in the back.

26.     The use of deadly force against Plaintiff GONZALEZ by Defendants SOBAZSEK, REYNOSO, and IRICK was excessive and

unreasonable because at the time deadly force was used, Plaintiff GONZALEZ
was not an immediate threat of death or serious bodily injury to any person, no
deadly force warning was given prior to the use of deadly force, and there were
reasonable less-intrusive alternatives to the use of deadly force available to said
Defendants.

27.    Upon information and belief, Plaintiff GONZALEZ was shot
multiple times from behind by Defendants SOBAZSEK, REYNOSO, and
IRICK.

28.    As he was shot, Plaintiff GONZALEZ fell to his knees, then
collapsed to the floor in a prone position, face down.

29.    After Plaintiff GONZALEZ collapsed to the floor, Defendants
SOBAZSEK, REYNOSO, and IRICK continued shooting.

30.    The use of deadly force against Plaintiff GONZALEZ by
Defendants SOBAZSEK, REYNOSO, and IRICK was excessive and
unreasonable because immediately prior to and at the time of the use of deadly
force: Plaintiff GONZALEZ was not an immediate threat of death or serious
bodily injury to any person; Plaintiff GONZALEZ was not given a verbal
warning that deadly force was going to be used; and Defendants SOBAZSEK,
REYNOSO, and IRICK had reasonable, less-intrusive alternatives to the use of
deadly force at the time available to them, failed to use those alternatives, and
failed to exhaust those alternatives.

31.    Defendants unreasonably escalated the situation when they began
using deadly force against Plaintiff GONZALEZ, causing him great fear, pain,
and harm.

32.    Throughout the incident, the Defendants displayed negligent tactics,
prior to, during, and after their uses of deadly force, including, but not limited
to their: positioning, planning, communication, use of force, escalating the
situation, and failing to de-escalate the situation.

33.    Further, Defendants' actions and inactions were unreasonable and in violation of basic officer training.

34.    As a direct and proximate result of the individual Defendants' actions, omissions, misjudgments, including their use of excessive and unreasonable force, Plaintiff GONZALEZ was caused to suffer great physical and mental pain and suffering, harm, injury, damages, loss of enjoyment of life, and permanent injury.

## **DAMAGES**

35. After being shot from behind, Plaintiff GONZALEZ violently collapsed face-first to the ground; repeatedly complained that he was in pain; and begged the HPD and CHP Officers to not let him die. Plaintiff GONZALEZ was handcuffed while Officers maneuvered his body, looking for the locations GONZALEZ had been struck.

36. Paramedics arrived and transported Plaintiff GONZALEZ to Riverside University Health System Medical Center. Plaintiff GONZALEZ was treated for multiple gunshot wounds. Plaintiff GONZALEZ underwent emergency surgery.

37.    As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiff GONZALEZ suffered and continues to suffer economic and non-economic damages including for the nature and extent of his injuries, his past and future disability, physical impairment, disfigurement, loss of enjoyment of life, mental, physical, emotional pain and suffering, inconvenience, grief, anxiety, humiliation and emotional distress, need for assistance, and loss of ability to provide household services.

38. The conduct of the individual Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff GONZALEZ in that Plaintiff GONZALEZ'S constitutional rights

were intentionally deprived and violated, and/or there was reckless disregard for the constitutional rights of Plaintiff GONZALEZ. As such, their conduct as alleged herein entitles Plaintiff GONZALEZ an award of exemplary and punitive damages from the individual Defendants. Plaintiff GONZALEZ brings no action for punitive damages against Defendant CITY or STATE.

39.  Pursuant to 42 U.S.C. §1988(b), Plaintiff GONZALEZ is entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, Plaintiff GONZALEZ is entitled to recover civil penalties, costs, and reasonable attorney fees including treble damages. Pursuant to Cal. Code of Civ. Pro. §1021.5, Plaintiff seeks reasonable attorneys' fees.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. §1983)

(Plaintiff against Defendants SOBAZSEK, REYNOSO, IRICK and DOES 1-10)

40.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 39 of this Complaint with the same force and effect as if fully set forth herein.

41.  The Defendants SOBAZSEK, REYNOSO, IRICK and DOES 1-10 were acting under the color of state law and within the course and scope of their employment.

42.  Defendants SOBAZSEK, REYNOSO, IRICK and DOES 1-10 used excessive force against Plaintiff GONZALEZ when they fired lethal rounds, striking Plaintiff GONZALEZ. Defendants' unjustified shooting and other uses of force deprived Plaintiff GONZALEZ of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff GONZALEZ under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     Defendants violated Plaintiff GONZALEZ'S Fourth Amendment rights when they used excessive and unreasonable force against Plaintiff GONZALEZ, firing several lethal rounds at him, when Plaintiff GONZALEZ was not an immediate threat of death or serious bodily injury at the time, there were other reasonable alternatives to the use of deadly force, and no verbal warning was given prior to the shots that deadly force would be used.

44.     As a result of the foregoing, Plaintiff GONZALEZ suffered great physical and mental pain and suffering, loss of enjoyment of life, and permanent injury.

45.     The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff GONZALEZ, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

46.     As a result of their misconduct, Defendants are liable for Plaintiff GONZALEZ'S injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

47.     Plaintiff GONZALEZ seeks compensatory and punitive damages.

48.     Plaintiff GONZALEZ also seeks reasonable stautory attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Plaintiff against Defendants CITY and DOE SUPERVISORS)

49.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of this Complaint with the same force and effect as if fully set forth herein.

50.    The Defendants SOBAZSEK, REYNOSO, HPD DOE OFFICERS, and SUPERVISORS were acting under the color of state law and within the course and scope of their employment with Defendant CITY.

51.    The acts of Defendants deprived Plaintiff GONZALEZ of his particular rights under the United States Constitution as alleged herein.

52.    Upon information and belief, a final policymaker, including DOE SUPERVISORS, ratified Defendants acts and the bases for their actions. Upon information and belief, the final policymaker knew of and specifically approved of Defendants' conduct and the bases for them, including their actions and inactions, pre-shooting tactics, and use of deadly force.

53.    Upon information and belief, the written policies and basic officer training with respect to the incident include that law enforcement officers are not to use deadly force against an individual unless the individual poses an immediate risk of death or serious bodily injury to the officers or others. The Defendants' actions deviated from these written policies and basic law enforcement training because Plaintiff GONZALEZ did not pose an immediate threat of death or serious bodily injury to the involved law enforcement officers or anyone else.

54.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants were "within policy," and have ratified multiple prior incidents of the use of excessive force, including excessive less-lethal force and deadly force.

55.    Upon information and belief, Defendant CITY approved of Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS' actions and inactions, after which Defendant CITY officials, including DOE SUPERVISORS, found the Defendants' conduct was within the official policies of Defendants CITY and/or consistent with CITY officers' basic training. On information and belief, the basis for such approval was based on the Defendants'

self-serving statements, despite evidence that Plaintiff GONZALEZ was not an immediate threat of death or serious bodily injury to anyone at the time the excessive force was used, reasonable alternatives were available, and no warning was given.

56. Upon information and belief, after this incident, Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with their conduct in this incident.

57. Upon information and belief, the following are only a few examples of cases where the HPD officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that the Defendant CITY routinely ratifies such behavior:

a. In *Drye v. City of Hemet*, Case No. 5:23-cv-02152 JGB (KKx), on February 21, 2023, HPD officer(s) shot and killed a father of five young children, on his own property, while he was not committing a crime, was not suspected of committing a crime, and was not an immediate threat of death or serious bodily injury; while officers failed to give a warning and had less intrusive alternatives. The case resolved with a seven-figure settlement.

b. In *Acosta. v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers. In May of 2018, HPD officers encountered the plaintiff in a truck near a business at which an alarm was going off. The officers saw the plaintiff begin slowly driving away, at which point one officer fired ten rounds at the plaintiff's truck. Another officer then intentionally crashed his vehicle into the plaintiff's truck, causing it to strike a pole. When the plaintiff exited the truck unarmed and began to

run with his hands raised, a third officer shot him multiple times, including in the back, without warning. The case was resolved following a seven-figure settlement.

c.   In *Erickson v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9 causing serious and permanent great bodily injury.

d.   In *Edmond v. City of Hemet*, in October of 2021, HPD officers encountered the plaintiff in a store parking lot, where he was allegedly panhandling, and asked him to leave, which the plaintiff did. After the plaintiff and the officers returned, though plaintiff began to again comply with the officers' commands, the officers grabbed him, punched him in the face, forced him to the ground, and restrained him. The case resolved following a six-figure settlement before litigation.

e.   In *Hereford v. City of Hemet*, Case No. 5:22-cv-00394-JWH-SHK, in March of 2021, HPD officers stopped one of the plaintiffs while he was in his parked car in front of his fiancée's home and arrested him for driving with an allegedly suspended license. The officers then began searching for his car, which his fiancée and her daughter began to film. The officers responded by threatening his fiancée and her daughter with arrest, knocking the daughter's phone out of her hand, striking the fiancée, and causing her a variety of injuries in her head, neck, shoulder, and back. According to information and belief, this case is currently in litigation in federal district court.

f.   In *Mendoza v. City of Hemet*, Case No. 5:21-cv-01134-JGB-SHK, in May of 2020, the plaintiff — a small woman in shorts and a t-shirt — was stopped while driving by HPD officers. Seven officers drew their weapons and shouted commands, and the plaintiff complied with

their orders to exit her vehicle and turn around. As she did so, she was knocked to the ground.

g.    In *Lagafoged v. City of Hemet*, Case No. 5:19-cv-00903-SVW-SHK, in August of 2018, HPD officers encountered the plaintiff behaving erratically while standing on a balcony and swinging a stick in the air. The officers responded by releasing a K-9 dog to bite the plaintiff before tasing him multiple times and hogtieing him, resulting in his death. The case resolved following a six-figure settlement.

h.    In *Martin v. City of Hemet*, Case No. 5:18-cv-02377-JGB-KK, in October of 2017, the plaintiff was stopped by officers in a parking lot while his wife was in her car nearby. When the plaintiff began to walk away from the officers and his wife, the officers commanded him to drop a small pocketknife he was holding, and the plaintiff put his hands above his head. With the plaintiff's hands raised and visible, two HPD officers fired seven to ten shots at him, killing him. The case resolved following a six-figure settlement.

58.    Upon information and belief, Defendant CITY, through its officials, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated herein, these Defendant CITY officials condoned, tolerated and through actions and inactions thereby ratified such deficient policies. In doing so, said Defendant CITY officials acted with deliberate indifference to the foreseeable effects and consequences of these deficient policies, including their policy of ratification, with respect to the constitutional rights of Plaintiff GONZALEZ and other individuals similarly situated.

59.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant CITY officials acted with intentional, reckless, and callous disregard for the life and rights of Plaintiff

GONZALEZ. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and their officials were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff GONZALEZ.

60.    Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

61.    The conduct of the Defendant DOE SUPERVISORS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff GONZALEZ, and therefore warrants the imposition of exemplary and punitive damages as to the Defendant SUPERVISORS.

62.    Plaintiff GONZALEZ seeks compensatory and punitive damages.

63.    Plaintiff GONZALEZ also seeks reasonable stautory attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. §1983)

(Plaintiff against Defendants CITY and DOE SUPERVISORS)

64.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.    The Defendants SOBAZSEK, REYNOSO, HPD DOE OFFICERS, and DOE SUPERVISORS were acting under the color of state law and within the course and scope of their employment with Defendants CITY.

66.    The acts of Defendants deprived Plaintiff GONZALEZ of his particular rights under the United States Constitution as alleged herein.

67.    The training policies of Defendants CITY were not adequate to train their officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, the use of force, including

deadly force, de-escalation techniques, controlling officer emotions and fears, inappropriate "shoot/don't shoot" scenarios in training that promote the use of unreasonable force, and continually assessing a situation to justify every shot fired. In addition to failing to train officers to safely handle obvious, recurring situations, Defendant CITY affirmatively chose a policy it knew was likely to lead to, and in fact had previously led to, deprivations of constitutional rights including unreasonable seizures in violation of the Fourth Amendment.

68.    Defendants CITY and DOE SUPERVISORS were deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, the use of force, including deadly force, and de-escalation techniques.

69.    The failure of Defendants CITY to provide adequate training caused the deprivation of Plaintiff GONZALEZ'S rights by Defendants; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiff GONZALEZ'S rights as to be the moving force that caused the ultimate injury.

70.    On information and belief, Defendants CITY failed to train Defendants properly and adequately, including regarding the following:

  a. Not providing adequate time and resources for officers to train when the training does exist so that the officers can rely on that training during incidents.

  b. Not enforcing the basic training standards, when they do exist, that are designed to prevent officers from using excessive and unreasonable force.

  c. Not adequately providing recurring training so that officers do not lose necessary perishable skills, and not re-training officers who have used force in the field.

  d. Effective communication to enable officers to gain cooperation and voluntary compliance in stressful situations.

e.  Effective communication as a basic element of the use of force; the goal of which to gain voluntary compliance without resorting to physical force, especially deadly force.

f.  That the use of deadly force is the most serious decision a peace officer may ever have to make, and such a decision should be guided by the reverence for human life and used only when other means of control are unreasonable or have been exhausted.

g.  Reverence for life as the foundation on which the use of deadly force rests. Deadly force is always the last resort to be used in the direst of circumstances. The authority to use deadly force is an awesome responsibility given to peace officers by the people who expect them to exercise that authority judiciously. In the law enforcement/community partnership, the expectation is that peace officers are self-disciplined and accountable.

h.  Self-control as one of a peace officer's greatest assets in dealing with a person or a situation.

i.  Unreasonable fear includes overreactions to true potential threats as well as reactions to unreal threats based on prejudice or poor application of experience.

j.  Unreasonable fear can be responsible for inappropriate responses such as a failure to respond or responding inappropriately (using unreasonable force).

k.  Unreasonable force occurs when the type, degree, and duration of force employed was neither necessary nor appropriate.

l.  The community expects that its peace officers will use only reasonable amounts of force and only use deadly force when absolutely necessary. Likewise, it expects that someone, including peace officers, will intervene if reasonable force is exceeded.

m. Use of other techniques to the use of deadly force, including, but are not limited to, de-escalation, communication, conflict resolution, defensive tactics, less-lethal force, and use of time and distance.

n. That an officers' subjective fear of future harm alone is insufficient as an imminent threat. An imminent threat is one that requires instant attention.

o. Training with respect to tactics.

p. Training with respect to assessing when it is appropriate to use of force, including deadly force, and training on how much force is appropriate even when some force is appropriate.

71. Upon information and belief, the following are only a few examples of cases where the involved officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the underlying acts giving rise to the below lawsuits, which indicates that Defendant CITY failed to adequately train its officers with regard to the use of force:

a. In *Drye v. City of Hemet*, Case No. 5:23-cv-02152 JGB (KKx), on February 21, 2023, HPD officer(s) shot and killed a father of five young children, on his own property, while he was not committing a crime, was not suspected of committing a crime, and was not an immediate threat of death or serious bodily injury; while officers failed to give a warning and had less intrusive alternatives. The case resolved with a seven-figure settlement.

b. In *Acosta. v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers. In May of 2018, HPD officers encountered the plaintiff in a truck near a business at which an alarm was going off. The officers saw the plaintiff begin slowly driving away, at which point one officer fired ten rounds at the plaintiff's truck. Another officer then

intentionally crashed his vehicle into the plaintiff's truck, causing it to strike a pole. When the plaintiff exited the truck unarmed and began to run with his hands raised, a third officer shot him multiple times, including in the back, without warning. The case was resolved following a seven-figure settlement.

c. In *Erickson v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9 causing serious and permanent great bodily injury.

d. In *Edmond v. City of Hemet*, in October of 2021, HPD officers encountered the plaintiff in a store parking lot, where he was allegedly panhandling, and asked him to leave, which the plaintiff did. After the plaintiff and the officers returned, though plaintiff began to again comply with the officers' commands, the officers grabbed him, punched him in the face, forced him to the ground, and restrained him. The case resolved following a six-figure settlement before litigation.

e. In *Hereford v. City of Hemet*, Case No. 5:22-cv-00394-JWH-SHK, in March of 2021, HPD officers stopped one of the plaintiffs while he was in his parked car in front of his fiancée's home and arrested him for driving with an allegedly suspended license. The officers then began searching for his car, which his fiancée and her daughter began to film. The officers responded by threatening his fiancée and her daughter with arrest, knocking the daughter's phone out of her hand, striking the fiancée, and causing her a variety of injuries in her head, neck, shoulder, and back. According to information and belief, this case is currently in litigation in federal district court.

f. In *Mendoza v. City of Hemet*, Case No. 5:21-cv-01134-JGB-SHK, in May of 2020, the plaintiff — a small woman in shorts and a t-shirt — was stopped while driving by HPD officers. Seven officers drew

their weapons and shouted commands, and the plaintiff complied with their orders to exit her vehicle and turn around. As she did so, she was knocked to the ground.

g.    In *Lagafoged v. City of Hemet*, Case No. 5:19-cv-00903-SVW-SHK, in August of 2018, HPD officers encountered the plaintiff behaving erratically while standing on a balcony and swinging a stick in the air. The officers responded by releasing a K-9 dog to bite the plaintiff before tasing him multiple times and hogtieing him, resulting in his death. The case resolved following a six-figure settlement.

h.    In *Martin v. City of Hemet*, Case No. 5:18-cv-02377-JGB-KK, in October of 2017, the plaintiff was stopped by officers in a parking lot while his wife was in her car nearby. When the plaintiff began to walk away from the officers and his wife, the officers commanded him to drop a small pocketknife he was holding, and the plaintiff put his hands above his head. With the plaintiff's hands raised and visible, two HPD officers fired seven to ten shots at him, killing him. The case resolved following a six-figure settlement.

72.    By reason of the aforementioned acts and omissions, Plaintiff GONZALEZ has suffered past and future pain and suffering, loss of enjoyment of life, and permanent injury.

73.    Upon information and belief, Defendant CITY, through its officials, had either actual or constructive knowledge of the deficient training policies, practices and customs alleged herein. Despite having knowledge as stated herein, these Defendant CITY officials condoned, tolerated and through actions and inactions thereby ratified such deficient training. In doing so, Defendant CITY officials acted with deliberate indifference to the foreseeable effects and consequences of such deficient training with respect to the constitutional rights of Plaintiff GONZALEZ and other individuals similarly situated.

74.    Through its deficient training, Defendant CITY officials acted with intentional, reckless, and callous disregard for the life and rights of Plaintiff GONZALEZ. Furthermore, the deficient training tolerated by Defendants CITY and its officials were affirmatively linked to and was a significantly influential force behind the injuries of Plaintiff GONZALEZ.

75.    Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

76.    The conduct of Defendant DOE SUPERVISORS in condoning, maintaining, and providing deficient training was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff GONZALEZ, and therefore warrants the imposition of exemplary and punitive damages as to the Defendant DOE SUPERVISORS.

77.    Plaintiff GONZALEZ seeks compensatory and punitive damages.

78.    Plaintiff GONZALEZ also seeks reasonable stautory attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiff against Defendants CITY and DOE SUPERVISORS)

79.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.    Defendants SOBAZSEK, REYNOSO, HPD DOE OFFICERS, and DOE SUPERVISORS were acting under the color of state law and within the course and scope of their employment with Defendant CITY and HPD.

81.    Defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

82.   On information and belief, Defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff GONZALEZ'S harm.

83.   Upon information and belief, in addition to those policies alleged above, Defendants CITY and DOE SUPERVISORS maintained, inter alia, the following unconstitutional customs, practices, and policies:

   a.  Using excessive force, including excessive deadly force.

   b.  Providing inadequate training regarding the use of deadly force.

   c.  Employing and retaining as employees Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS, who Defendant CITY at all times material herein knew or reasonably should have known used excessive force.

   d.  Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the propensities to use excessive force.

   e.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY officials, Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS.

   f.  Failing to adequately discipline CITY officers, including Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

   g.  Announcing that unjustified shootings are "within policy," including

shootings that were later determined in court to be unconstitutional.

h. Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

i. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officials do not report other officials' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another official, while following the code, the official being questioned will claim ignorance of the other officials' wrongdoing.

j. Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officials for criminal prosecution who participate in unreasonable shootings.

k. Upon information and belief, CITY, including but not limited to HPD, has an unofficial policy, practice and/or custom of finding almost all—if not all—of its officer involved shootings to be within policy, of not disciplining its officers involved in shootings, not retraining or firing officers involved in shootings, and of not recommending criminal charges against their officers involved in excessive and unreasonable officer-involved shootings. As a result, officers involved in excessive uses of deadly force are allowed back to patrol the streets even though CITY knew, or should have known, that these officers have a propensity for using excessive deadly force against the citizens that the officers are supposed to protect and serve, especially against minorities and the mentally ill.

l.  Upon information and belief, as a result of CITY policy, custom and/or practices, HPD officers know that if they use deadly excessive force against someone, they will not be disciplined and their use of force will be found within policy, which results in a significant number of CITY officers being involved in numerous shootings. This policy, custom and/or practice was established by supervising and managerial employees of CITY, specifically, those employees tasked with determining whether officer-involved shootings fall within policy, those employees responsible for disciplining, retraining, and firing employees who use excessive force, and for those employees responsible for making recommendations of criminal charges being filed against officers who use excessive deadly force; and

m.  Upon information and belief, this policy, custom and/or practice is long lasting and persistent, and existed well before Plaintiff GONZALEZ was shot by Defendants SOBAZSEK, REYNOSO, and HPD DOE OFFICERS. This policy, custom and/or practice was established so that CITY officers do not bear the responsibility for the people that they use excessive deadly force against. This policy, custom and/or practice exists so that the public does not have such a negative perception of CITY and its departments so that CITY can avoid the repercussions associated with its officers' use of excessive deadly force against citizens, including negative publicity, avoiding criminal prosecution, and avoiding civil liability. A significant reason that this policy, custom and/or practice was established was to avoid CITY being liable, under a theory of vicarious liability, for the uses of excessive and unreasonable deadly force by its employees. In other words, there is a large financial incentive for

1    CITY to erroneously determine that most, if not all, of its officers'

2    uses of deadly force are within policy. If CITY, through its

3    policymakers and supervisors, would admit that their officers were

4    at fault for using excessive and unreasonable deadly force, then

5    CITY is aware of how much they would have to pay for any

6    associated litigation.

7    84.    Defendants CITY and DOE SUPERVISORS, together with various

8    other officials, whether named or unnamed, had either actual or constructive

9    knowledge of the deficient policies, practices and customs alleged in the

10    paragraphs above. Despite having knowledge as stated above, these Defendants

11    condoned, tolerated, and through actions and inactions thereby ratified such

12    policies. Said Defendants also acted with deliberate indifference to the

13    foreseeable effects and consequences of these policies with respect to the

14    constitutional rights of Plaintiff GONZALEZ and other individuals similarly

15    situated.

16    85.    By perpetrating, sanctioning, tolerating, and ratifying the

17    outrageous conduct and other wrongful acts, DOE SUPERVISORS acted with

18    intentional, reckless, and callous disregard for the life of Plaintiff GONZALEZ

19    and for Plaintiff GONZALEZ'S constitutional rights. Furthermore, the policies,

20    practices, and customs implemented, maintained, and still tolerated by

21    Defendants CITY, STATE, and DOE SUPERVISORS were affirmatively linked

22    to and were a significantly influential force behind the injuries of Plaintiff

23    GONZALEZ.

24    86.    Based on information and belief, the following are only a few

25    examples of cases evidencing Defendant CITY'S unconstitutional policies,

26    where the involved officers were not disciplined, reprimanded, retrained,

27    suspended, or otherwise penalized in connection with the underlying acts giving

28

rise to the below lawsuits, which indicates that CITY routinely ratifies such behavior and maintains a practice of allowing such behavior:

a.    In *Drye v. City of Hemet*, Case No. 5:23-cv-02152 JGB (KKx), on February 21, 2023, HPD officer(s) shot and killed a father of five young children, on his own property, while he was not committing a crime, was not suspected of committing a crime, and was not an immediate threat of death or serious bodily injury; while officers failed to give a warning and had less intrusive alternatives. The case resolved with a seven-figure settlement.

b.    In *Acosta. v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with an unarmed man who was shot in the back by CITY officers. In May of 2018, HPD officers encountered the plaintiff in a truck near a business at which an alarm was going off. The officers saw the plaintiff begin slowly driving away, at which point one officer fired ten rounds at the plaintiff's truck. Another officer then intentionally crashed his vehicle into the plaintiff's truck, causing it to strike a pole. When the plaintiff exited the truck unarmed and began to run with his hands raised, a third officer shot him multiple times, including in the back, without warning. The case was resolved following a seven-figure settlement.

c.    In *Erickson v. City of Hemet, et al.*, Case No. 5:19-CV-00779-CJC, Defendant CITY settled with a man who was attacked by a K-9 causing serious and permanent great bodily injury.

d.    In *Edmond v. City of Hemet*, in October of 2021, HPD officers encountered the plaintiff in a store parking lot, where he was allegedly panhandling, and asked him to leave, which the plaintiff did. After the plaintiff and the officers returned, though plaintiff began to again comply with the officers' commands, the officers grabbed him, punched him in

1    the face, forced him to the ground, and restrained him. The case resolved

2    following a six-figure settlement before litigation.

3          e.      In *Hereford v. City of Hemet*, Case No. 5:22-cv-00394-JWH-

4    SHK, in March of 2021, HPD officers stopped one of the plaintiffs while

5    he was in his parked car in front of his fiancée's home and arrested him

6    for driving with an allegedly suspended license. The officers then began

7    searching for his car, which his fiancée and her daughter began to film.

8    The officers responded by threatening his fiancée and her daughter with

9    arrest, knocking the daughter's phone out of her hand, striking the fiancée,

10   and causing her a variety of injuries in her head, neck, shoulder, and back.

11   According to information and belief, this case is currently in litigation in

12   federal district court.

13         f.      In *Mendoza v. City of Hemet*, Case No. 5:21-cv-01134-JGB-

14   SHK, in May of 2020, the plaintiff — a small woman in shorts and a t-

15   shirt — was stopped while driving by HPD officers. Seven officers drew

16   their weapons and shouted commands, and the plaintiff complied with

17   their orders to exit her vehicle and turn around. As she did so, she was

18   knocked to the ground.

19         g.      In *Lagafoged v. City of Hemet*, Case No. 5:19-cv-00903-

20   SVW-SHK, in August of 2018, HPD officers encountered the plaintiff

21   behaving erratically while standing on a balcony and swinging a stick in

22   the air. The officers responded by releasing a K-9 dog to bite the plaintiff

23   before tasing him multiple times and hogtieing him, resulting in his death.

24   The case resolved following a six-figure settlement.

25         h.      In *Martin v. City of Hemet*, Case No. 5:18-cv-02377-JGB-KK,

26   in October of 2017, the plaintiff was stopped by officers in a parking lot

27   while his wife was in her car nearby. When the plaintiff began to walk

28   away from the officers and his wife, the officers commanded him to drop

a small pocketknife he was holding, and the plaintiff put his hands above his head. With the plaintiff's hands raised and visible, two HPD officers fired seven to ten shots at him, killing him. The case resolved following a six-figure settlement.

87.    By reason of the aforementioned acts and omissions, Plaintiff GONZALEZ has suffered past and future pain and suffering, loss of enjoyment of life, and permanent injury.

88.    Accordingly, Defendants CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. §1983.

89.    The conduct of Defendant DOE SUPERVISORS in condoning, maintaining, and providing these longstanding unconstitutional policies, customs, and/or practices was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff GONZALEZ, and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE SUPERVISORS.

90.    Plaintiff GONZALEZ seeks compensatory and punitive damages.

91.    Plaintiff GONZALEZ also seeks reasonable stautory attorneys' fees and costs

**FIFTH CLAIM FOR RELIEF**

**Battery (Cal. Govt. Code §820 and California Common Law)**

(Plaintiff against Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS in their individual capacity, directly; and Defendants CITY and STATE vicariously)

92.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 91 of this Complaint with the same force and effect as if fully set forth herein.

93.    Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS, while working as officials for the HPD and CHP respectively and acting within the course and scope of their duties, intentionally shot Plaintiff GPONZALEZ multiple times and used unreasonable and excessive force against him.

94.    The use of deadly force against Plaintiff GONZALEZ by Defendants was unreasonable because Plaintiff GONZALEZ did not pose an immediate threat of death or serious bodily harm to any person any the time, there were less lethal alternatives, and no verbal warning was given.

95.    At all relevant times, Plaintiff GONZALEZ was not an immediate threat of bodily injury to anyone, including Defendants.

96.    Plaintiff GONZALEZ never consented to the use of force used against him by Defendants.

97.    Plaintiff GONZALEZ was harmed when he was shot multiple times, and experienced severe pain and suffering, injury, and damages.

98.    The Defendants' use of unreasonable force, including deadly force, was the direct cause, proximate cause, and only cause of Plaintiff GONZALEZ'S pain and suffering, injury, harm, and damages. In other words, the unreasonable force was at least a substantial factor in causing Plaintiff GONZALEZ'S pain and suffering, injury, harm, and damages.

99.    Defendants caused various injuries as mentioned herein and are liable either because they directly harmed Plaintiff GONZALEZ or integrally participated in or failed to intervene in the incident and engaged in other acts and/or omissions around the time of the incident. Defendants' acts and omissions resulted in harmful and offensive injury of Plaintiff GONZALEZ.

100.    Defendants are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

PLAINTIFF GONZALEZ'S COMPLAINT FOR DAMAGES

101.  Defendants CITY and STATE are vicariously liable for the wrongful acts of their employees, including Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

102.  The conduct of Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff GONZALEZ to an award of exemplary and punitive damages as to these Defendants.

103.  Plaintiff GONZALEZ seeks compensatory damages, and punitive damages.

## SIXTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code §820 and California Common Law)**

(Plaintiff against Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS in their individual capacity, directly; and Defendants CITY and STATE vicariously)

104.  Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 103 of this Complaint with the same force and effect as if fully set forth herein.

105.  At all relevant times, Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS were working as officials for the HPD and CHP, respectively, and acting under color of state law and within the course and scope of their duties.

106.  Peace officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate

tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort. These duties also include providing proper training and equipment to officials so that they may perform their duties in accordance with the department policies, properly investigate use of force incidents, and punish, re-train, terminate, and/or prosecute violators of those policies and the law.

107.   Defendants   SOBAZSEK,   REYNOSO,   IRICK,   HPD   DOE OFFICERS, and CHP DOE OFFICERS breached their duty of care by their conduct as alleged herein. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

  a. The failure to properly and adequately assess the need to use force or deadly force against Plaintiff GONZALEZ.

  b. The negligent tactics and handling of the situation with Plaintiff GONZALEZ, including pre-shooting negligence.

  c. The failure to properly train and supervise employees, both professional and non-professional, including Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10.

  d. The negligent handling of evidence and witnesses.

  e. The negligent communication of information during the incident.

108.   As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Plaintiff GONZALEZ was caused to suffer severe pain and suffering. In other words, the Defendants' negligence was at least a substantial factor in causing Plaintiff GONZALEZ'S harm, injury, and damages.

109.   At all relevant times, Plaintiff GONZALEZ was not an immediate threat of death or serious bodily injury to anyone, including Defendants, no warning was given that deadly force was going to be used prior to the use of deadly force, and less than lethal alternatives were available to Defendants.

110. Further, Plaintiff GONZALEZ'S harm, specifically being shot by the Defendants when Plaintiff GONZALEZ was not an immediate threat of death or serious bodily injury to anyone, ordinarily would not have happened unless Defendants were negligent.

111. The harm inflicted by Defendants was caused by something that only the Defendants controlled. The Defendants had control over their firearms, as well as control over the tactical decisions made during the incident.

112. As a result of their misconduct, Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10 are liable for Plaintiff GONZALEZ'S injuries, either because they were integral participants in their negligence, or because they failed to intervene to prevent these violations.

113. Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

114. Defendants CITY and STATE are vicariously liable for the wrongful acts of Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Defendants CITY and STATE are vicariously liable under California law and the doctrine of *respondeat superior*.

115. Plaintiff seeks attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiff, and those similarly situated, to be free from intimidation and physical assault by law enforcement as described herein.

116. Plaintiff GONZALEZ seeks compensatory damages, including general and special damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### Bane Act (Violation of Cal. Civil Code §52.1)

(Plaintiff against Defendants SOBAZSEK, REYNOSO, IRICK, HPD DOE OFFICERS, and CHP DOE OFFICERS in their individual capacity, directly; and Defendants CITY and STATE vicariously)

117. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 116 of this Complaint with the same force and effect as if fully set forth herein.

118. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using or attempting to use violent acts, threats, intimidation, or coercion to interfere with the exercise or enjoyment by any individuals' rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state in retaliation against another person for exercising that person's constitutional rights.

119. On information and belief, Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10, while working for CITY and STATE and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Plaintiff GONZALEZ, including by shooting him without justification or excuse, and by integrally participating and failing to intervene in the above violence.

120. When Defendants used excessive and unreasonable force against Plaintiff GONZALEZ, they intentionally interfered with his civil rights to be free from excessive force.

121. Further, the Defendants used excessive and unreasonable force in violation of the Constitution with intent to deprive Plaintiff GONZALEZ of his Constitutional rights to be free from excessive force.

122. On information and belief, Defendants intentionally violated Plaintiff GONZALEZ'S rights to be free from excessive force by demonstrating reckless disregard for his rights when Defendants shot Plaintiff GONZALEZ.

123. Defendants violated Plaintiff GONZALEZ'S Constitutional right to be free from excessive and unreasonable force by peace officers. Defendants intended to violate Plaintiff GONZALEZ'S rights and/or acted with reckless disregard with regard to Plaintiff GONZALEZ'S Constitutional rights, which is evidence that they intended to violate Plaintiff GONZALEZ'S rights.

124. The conduct of Defendants was a substantial factor in causing Plaintiff GONZALEZ'S harms, losses, injuries, and damages.

125. Defendants CITY and STATE are vicariously liable for the wrongful acts of Defendants SOBAZSEK, REYNOSO, IRICK, and DOES 1-10, their respective employees, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability. Defendants CITY and STATE are vicariously liable under California law and the doctrine of *respondeat superior*.

126. The conduct of the individual Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for Plaintiff GONZALEZ'S rights, justifying an award of exemplary and punitive damages as to those Defendants.

127. Plaintiff GONZALEZ seeks compensatory damages, punitive damages, costs, attorneys' fees, and treble damages under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GEORGE GONZALEZ requests entry of judgment in his favor and against Defendants STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, as follows:

A.     For compensatory damages in whatever other amount may be proven at trial, under federal and state law.

C.     For punitive and exemplary damages against the individual defendants in an amount to be proven at trial.

D.     For statutory damages.

F.     For reasonable attorneys' fees, and treble damages, including litigation expenses.

G.     For interests and costs of suit; and

H.     For such further other relief as the Court may deem just, proper, and appropriate.


DATED:      December 24, 2024            **GRECH, PACKER, & HANKS**


                                        By:  _____*/s/ Trenton C. Packer*_____
                                             Trenton C. Packer
                                             *Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff GONZALEZ hereby submits this demand that this action be tried in front of a jury.

DATED:        December 24, 2024                **GRECH, PACKER, & HANKS**


By: _____
                                                              */s/ Trenton C. Packer*
                                                              Trenton C. Packer
                                                              *Attorneys for Plaintiff*

Electronically FILED by Superior Court of California, County of Riverside on 12/24/2024 11:50 AM
Case Number CVRI2407184 0000114965216 - Jason B. Galkin, Executive Officer/Clerk of the Court By Janelle Blackwell, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

RI-CI032

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address)<br>Grech, Packer, & Hanks<br>Trenton C. Packer (SBN 241057)<br>7095 Indiana Ave., Suite 200<br>Riverside, CA 92506 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO: 951-682-9311          FAX NO. *(Optional)* 951-682-4289<br>E-MAIL ADDRESS *(Optional):* tpacker@grechpackerlaw.com<br>ATTORNEY FOR *(Name):* George Gonzalez | |

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: GEORGE GONZALEZ | | |
| DEFENDANT/RESPONDENT: | STATE OF CALIFORNIA; CITY OF HEMET;<br>PATRICK SOBASZEK; ANDREW REYNOSO;<br>SEAN IRICK; and DOES 1-10, inclusive | CASE NUMBER:<br>CVRI2407184 |

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒    The action arose in the zip code of:  92223 _____

☐    The action concerns real property located in the zip code of: _____

☐    The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   12/24/2024 _____

Trenton C. Packer _____          ► *Trenton C. Packer* _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)                                                (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)
**CERTIFICATE OF COUNSEL**
Local Rule 3117
riverside.courts.ca.gov

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2407184

**Case Name:**    GONZALEZ vs STATE OF CALIFORNIA

CITY OF HEMET

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 07/02/2025 | 8:30 AM | Department 4 |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 160-533-0910 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)





| Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 01/03/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Blackwell, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2407184

PACKER, TRENTON C.
7095 INDIANA AVE. SUITE 200
Riverside, CA 92506

GONZALEZ, GEORGE

CITY OF HEMET

STATE OF CALIFORNIA

REYNOSO, ANDREW

SOBASZEK, PATRICK

IRICK, SEAN

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**    CVRI2407184

**Case Name:**    GONZALEZ vs STATE OF CALIFORNIA

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Daniel Ottolia in Department 4  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|   | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 01/03/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

_____
J. Blackwell, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*

**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**    Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Arbitration may be appropriate when the parties:
- ✎ want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ✎ do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ✎ do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:**  Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial.  Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial.  (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement.  Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC.  Discuss:
   - ✎ Your preferences for mediation or arbitration.
   - ✎ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ✎ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ✎ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act): Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015 Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900 Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **7 CFCBS** í ͑Ȋ ͑ǔ˭Ȏ˒^} æXâ æ̶͑æŨ{ ĚåǑȎ̶ΕȌ{ ¦{ } æ̶̾ОǑȀΝ Ì ̾G
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley,
         CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR00%**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*<br><br><br><br>TELEPHONE NO:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER:<br><br>CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation            ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation            ☐ Judicial Arbitration (non-binding)
☐ Binding Arbitration     ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)               (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)               (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)               (DATE)
☐ Plaintiff  ☐ Defendant

_____     _____     _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)               (DATE)
☐ Plaintiff  ☐ Defendant

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml