1  ROB BONTA
   Attorney General of California
2  NORMAN D. MORRISON
   Supervising Deputy Attorney General
3  ASHLEY REYES
   Deputy Attorney General
4  State Bar No. 312120
    2550 Mariposa Mall, Room 5090
5   Fresno, CA  93721-2271
    Telephone: (559) 705-2312
6   Fax: (559) 445-5106
    E-mail:  Ashley.Reyes@doj.ca.gov
7  *Attorneys for Defendants, State of California,*
   *acting by and through the California Highway*
8  *Patrol, and Officer Sean Irick*

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  **GEORGE GONZALEZ,**                    Case No. 5:25-cv-00331-KK-DTB

13                        Plaintiff,        **STATE DEFENDANTS' NOTICE
                                            OF MOTION AND MOTION TO
14       v.                                 DISMISS PLAINTIFF'S FIRST
                                            AMENDED COMPLAINT;
15  **STATE OF CALIFORNIA; CITY             MEMORANDUM OF POINTS
    OF HEMET; PATRICK                       AND AUTHORITIES**
16  SOBASZEK; ANDREW REYNOSO;
    SEAN IRICK; and DOES 1-10,              Date:        May 8, 2025
17  inclusive,                              Time:        9:30 a.m.
                                            Courtroom:   3
18                       Defendants.        Judge:       Honorable Kenly Kiya
                                                         Kato
19                                          Trial Date:  Not yet set.
                                            Action Filed: 12/24/2024
20

21

22

23

24

25

26

27

28

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on May 8, 2025 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 3, of the above-entitled Court, located at 3470 12th Street, Riverside, CA 92501, Defendants, State of California, acting by and through the California Highway Patrol (CHP) and Officer Sean Irick (collectively the State Defendants), will and hereby do move the Court for dismissal of the First Amended Complaint (FAC) for failure to state a claim upon which relief can be granted as set forth herein.

Pursuant to Federal Rules of Civil procedure Rule 12(b)(6), State Defendants challenge Plaintiff's first, fifth, sixth, and seventh causes of action on the following grounds:

1.    Plaintiff's first cause of action fails to state a claim upon which relief can be granted as it lacks facts sufficient to support a Fourth Amendment violation.

2.    Plaintiff's fifth cause of action fails to state a claim upon which relief can be granted as it lacks facts sufficient to support a battery claim.

3.    Plaintiff's sixth cause of action fails to state a claim upon which relief can be granted as it lacks facts sufficient to support a negligence cause of action.

4.    Plaintiff's seventh cause of action fails to state a claim upon which relief can be granted as it lacks facts sufficient to support a Bane Act violation.

The motion is based on this Notice of Motion, the Memorandum of Points and Authorities, all pleadings and records on file in this action, and on such further authority, evidence, or argument (if any) as may be presented at or before any hearing on this Motion.

///

///

///

Meet and confer efforts were exhausted prior to the filing of State Defendants' Motion to Dismiss the Complaint. On March 21, 2025, counsel for State Defendants sent Plaintiff's counsel correspondence outlining the deficiencies alleged in the Complaint. The parties met and conferred by telephone on March 27, 2025 but were unable to resolve the issues raised in State Defendants' meet and confer correspondence. (Declaration of Deputy Attorney General, Ashley Reyes, at ¶¶2-3.)

Dated:  March 31, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

1

# TABLE OF CONTENTS

2

Page

I.    Introduction ........................................................................ 1
II.   Factual Background ........................................................... 1
III.  Authority for Motion ......................................................... 2
IV.  Legal Analysis .................................................................. 3
      A.    The FAC Fails to Allege Facts Sufficient to Support a
            Fourth Amendment Violation ...................................... 3
      B.    The Complaint Fails to Allege Facts Sufficient to Support
            a Battery Claim .......................................................... 6
      C.    The Complaint Fails to Allege Facts Sufficient to Support
            a Negligence Claim..................................................... 8
           1.   Plaintiff's negligence Theories Lack Factual
                 Support ...................................................... 7
           2.   Plaintiff's Negligence Theory for Failure to Train and
                 Supervise Against CHP Fails as a Matter of Law ......... 8
              a.   Direct Liability ............................................... 8
              b.   Vicarious Liability ............................................ 10
      D.    The Complaint Fails to Allege Facts Sufficient to Support
            a Violation of the Bane Act ........................................ 11
V.    Conclusion ...................................................................... 13

# TABLE OF AUTHORITIES

**Page**

C ASES

*Ashcroft v. al-Kidd*
   563 U.S. 731 (2011)...................................................................................................... 4

*Ashcroft v. Iqbal*
   556 U.S. 62 .......................................................................................................... 2, 3

*Balistreri v. Pacifica Police Department*
   901 F.2d. 696 (9th Cir. 1990)........................................................................................ 2

*Bell Atlantic Corp. v. Twombly*
   550 U.S. 544 (2007)................................................................................................ 2, 3

*Brown v. Ransweiler*
   171 Cal.App.4th 516 (2009)......................................................................................... 6

*Caldwell v. Montoya*
   10 Cal.4th 972 (1995) ................................................................................................ 10

*Chaudhry v. City of Los Angeles*
   751 F.3d 1096 (9th Cir. 2014).................................................................................... 11

*Conley v. Gibson*
   355 U.S. 41 (1957) ....................................................................................................... 3

*Cornell v. City and County of San Francisco*
   17 Cal.App.5th 766 (2017)......................................................................................... 12

*Davis v. City of San Jose*
   69 F.Supp. 3d 1001 (N.D.Cal.2014) ........................................................................... 6

*De la Cruz v. Tormey*
   582 F.2d. 45 (9th Cir. 1978)......................................................................................... 3

*de Villers v. County of San Diego*
   156 Cal.App.4th 238 (2007)................................................................................ 10, 11

*Eastburn v. Regional Fire Protection Auth.*
   31 Cal.4th 1175 (2003) .......................................................................................... 9, 10

*Gibson v. United States*
   781 F.2d 1334 (9th Cir.1986)....................................................................................... 3

*Graham v. Conner*
   490 U.S. 386 (1989)............................................................................................. 4, 5, 6

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3    *Hayes v. County of San Diego*
4        57 Cal.4th 622 (2013) ................................................................. 9

5    *Hernandez v. City of Pomona*
         46 Cal.4th 501 (2009) ................................................................. 8

6
7    *Hoffman v. Jourdan*, 2:14-cv-2736-MCE-KJN-P, WL 6438249 at *3
         (E.D. Cal. Oct. 22, 2015) ............................................................ 5

8    *In re Gilead Scis. Sec. Litig.*
9        536 F.3d 1049 (9th Cir. 2008) ..................................................... 3

10   *Johnson v. Duffy*
         588 F.2d 740 (9th Cir. 1978) ....................................................... 3

11   *Johnson v. Riverside Healthcare System, LP*
12       534 F.3d 1116 (9th Cir. 2008) ..................................................... 2

13   *Knapps v. City of Oakland*
14       647 F. Supp. 2d 1129 (N.D. Cal. 2009) ....................................... 8

15   *Leer v. Murphy*
         844 F.2d 628 (9th Cir. 1988) ....................................................... 3

16   *Marquez v. City of Phoenix*
17       693 F.3d 1167 (9th Cir. 2012) ..................................................... 4

18   *Munoz v. City of Union City*
19       120 Cal.App.4th 1077 (2004) ............................................ 7, 8, 9, 10

20   *Navarro v. Block*
         250 F.3d 729 (9th Cir. 2001) ....................................................... 2

21   *Nelson v. City of Davis*
22       709 F. Supp.2d 978 (E.D.Cal.2010) ............................................ 7

23   *Piedra v. Dugan*
24       123 Cal.App.4th 1483 (2004) ...................................................... 7

25   *Saman v. Robbins*
         173 F.3d 1150 (9th Cir. 1999) ..................................................... 7

26

27

28

# TABLE OF AUTHORITIES
### (continued)

Page

**STATUTES**

California Civil Code
    § 52.1 ........................................................................................................ 1, 11, 12
    § 1714 ............................................................................................................... 9, 10

Government Code
    § 815, subd. (a) ...................................................................................................... 9
    § 815.2 ............................................................................................................... 6, 11

Penal Code
    § 242 ........................................................................................................................ 7
    § 835(a) ................................................................................................................... 7

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Fourth Amendment ......................................................................................... *passim*

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ....................................................................................................... 1, 2

## I.    INTRODUCTION

On January 24, 2024, Plaintiff was involved in an officer-involved shooting in the city of Beaumont. The First Amended Complaint (FAC) intentionally omits any factual content outlining events leading up to the shooting at issue, and instead merely alleges that Defendants were pursuing Plaintiff on foot and concludes without any factual support that Plaintiff was not an immediate threat of death or serious bodily injury to any person, no deadly force warning was given prior to the use of deadly force, and there were reasonable less-intrusive alternatives available to Defendants.

The FAC contains seven causes of action, four of which are against the State Defendants. State Defendants now move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for the failure to state a claim. Specifically, State Defendants move on the following grounds: (1) Plaintiff has failed to allege facts demonstrating the existence of a Fourth Amendment Violation; (2) Plaintiff has failed to allege facts demonstrating a battery occurred; (3) Plaintiff has failed to allege facts demonstrating that Defendants were negligent; and (4) Plaintiff has failed to allege facts demonstrating a violation of the Bane Act (Cal. Civ. Code § 52.1). As will be established below, Plaintiff's allegations are inadequate to state a claim for excessive force, battery, negligence, or a violation of California Civil Code §52.1

## II.    FACTUAL BACKGROUND

According to the FAC, Defendants were pursing Plaintiff on foot through an industrial area when he was shot from behind. FAC, ¶¶25, 27. Plaintiff claims that he was not a threat to any person, and the Defendants had time to assess the situation, plan, contain Plaintiff, and safely take him into custody. *Id.*, ¶¶ 26, 30.

Plaintiff alleges that the use of deadly force against Plaintiff by all Defendants was excessive and unreasonable because at the time the force was used, Plaintiff was not an immediate threat of death or serious bodily injury to any person, no

1  deadly force warning was given prior to the use of deadly force, and there were

2  reasonable less-intrusive alternatives to the use of deadly force available to

3  Defendants. *Id.*, ¶31.  As a result, Defendants allegedly displayed negligent tactics,

4  prior to, during, and after the alleged use of deadly force, including poor

5  positioning, poor planning, lack of communication, and failing to de-escalate the

6  situation. *Id.*, ¶33.

7      Plaintiff claims he was shot multiple times from behind by Defendants,

8  causing him to collapse to the floor. FAC, ¶37. He was transferred to Riverside

9  University Health System Medical Center and treated for gunshot wounds and

10  underwent emergency surgery. *Id.*, ¶38.

11     Notably, the FAC lacks any facts regarding what led up to the shooting,

12  circumstances relating to why Defendants were involved with Plaintiff, or why

13  force was allegedly used. All of the intentionally omitted facts are required to plead

14  and demonstrate the existence of Plaintiff's alleged causes of action.

15  **III.  AUTHORITY FOR MOTION**

16     A motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal

17  sufficiency of the claims stated in the complaint. *Navarro v. Block,* 250 F.3d 729,

18  732 (9th Cir. 2001). Dismissal can be based on either lack of a cognizable theory or

19  the absence of sufficient facts alleged under a cognizable theory. *Johnson v.*

20  *Riverside Healthcare System, LP*, 534 F.3d 1116, 1121-1122 (9th Cir. 2008)

21  (quoting *Balistreri v. Pacifica Police Department*, 901 F.2d. 696,699 (9th Cir.

22  1990)). To survive a motion to dismiss, the complaint must contain sufficient

23  factual matter, accepted as true, to state a claim to relief that is plausible on its face.

24  *Ashcroft v. Iqbal*, 556 U.S. 62, 678. A claim has "facial plausibility when the

25  plaintiff pleads factual content that allows the court to draw the reasonable

26  inference that the defendant is liable for the misconduct alleged." *Id.* at 679 (citing

27  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of

28  the elements of a cause of action, supported by mere conclusory statements, do not

1   suffice to establish a recognizable cause of action. *Ashcroft*, 556 U.S. at 678; *Bell*
2   *Atlantic*, 550 U.S. at 555.

3        The court must decide whether the facts alleged, if true, would entitle a
4   plaintiff to some form of legal remedy. If not, the motion to dismiss must be
5   granted. *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957); *De la Cruz v. Tormey,* 582
6   F.2d 45, 48 (9th Cir. 1978). A court is not required "to accept as true allegations
7   that are merely conclusory, unwarranted deductions of fact, or unreasonable
8   inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).
9   Furthermore, a complaint will not suffice if it tenders "naked assertion[s]" devoid
10  of "further factual enhancement." *Bell Atlantic*, 550 U.S. at 557. In short, a plaintiff
11  must allege "enough facts to state a claim to relief that is plausible on its face," not
12  just conceivable. *Id*., at 570.

13  **IV.  LEGAL ANALYSIS**

14       **A.   The FAC Fails to Allege Facts Sufficient to Support a Fourth
              Amendment Violation**
15

16       To state a claim under § 1983, a plaintiff must allege that "(1) the defendants
17  acting under color of state law (2) deprived plaintiff[ ] of rights secured by the
18  Constitution or federal statutes." *Gibson v. United States,* 781 F.2d 1334, 1338 (9th
19  Cir.1986)(overruled on other grounds.) A defendant deprives another of a
20  constitutional right if the defendant "does an affirmative act, participates in
21  another's affirmative acts, or omits to perform an act which he is legally required to
22  do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*,
23  844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743
24  (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on
25  the duties and responsibilities of each individual defendant whose acts or omissions
26  are alleged to have caused a constitutional deprivation." *Leer,* 844 F.2d at 633.
27  However, even if a plaintiff is able to plausibly allege the deprivation of a
28  constitutional right under color of state law, government officials are nevertheless

3

protected from liability by the doctrine of qualified immunity "unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd,* 563 U.S. 731, 735 (2011).

Claims of excessive force are analyzed under the framework set forth by the Supreme Court in *Graham v. Conner*, 490 U.S. 386 (1989). This analysis requires "a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. at 396. Balancing the individual's Fourth Amendment interests against the governmental interests requires an examination of "the totality of the circumstances, including whatever factors may be relevant in a particular case." *Marquez v. City of Phoenix*, 693 F.3d 1167, 1174-75 (9th Cir. 2012).

To determine whether an officer's use of force is reasonable requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The most important consideration is whether objective factors show that the suspect posed an immediate threat to safety. *Id*. This inquiry is an objective one and court's look to whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. Moreover, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.*, at 396–97.

Plaintiff's allegations are insufficient to state a claim for excessive force as he completely omits any allegations regarding the events and circumstances leading up to and surrounding the officer involved shooting, other than the fact that Defendants

1  were pursing Plaintiff on foot through an industrial area. As currently alleged, the
2  FAC essentially admits that plaintiff was either actively resisting arrest or
3  attempting to evade arrest by active flight from the pursuing law enforcement
4  officers. FAC, ¶25.

5      Plaintiff attempts to remedy his lack of facts by conclusory allegations such as
6  the Defendants were not "responding to a serious or violent crime, did not have
7  information that Plaintiff had just committed or was about to commit a serious or
8  violent crime." FAC, ¶24. He further claims that the Defendants "had several
9  reasonable, less-intrusive alternatives available to them prior to their use of deadly
10 force, but failed to attempt and/or exhaust those alternatives, including but not
11 limited to: seeking cover; maintaining a safe and tactically advantageous distance
12 from Plaintiff; deescalating the situation with communication; planning and
13 coordinating movements and responsibilities of officers; containing Plaintiff; and/or
14 utilizing less-lethal force such as a K-9, 40mm launcher, Taser, or OC spray." FAC,
15 ¶46. However, the FAC is completely devoid of any facts to support these
16 allegations.

17     The Supreme Court has long recognized that "[n]ot every push or shove, even
18 if it may later seem unnecessary in the peace of a judge's chambers," violates the
19 Fourth Amendment. *Graham*, 490 U.S. at 396. Thus, a plaintiff must <u>allege</u> that a
20 defendant's use of force was objectively unreasonable "in light of the facts and
21 circumstances confronting the officer…" *Id.*, at 397. (emphasis added.) Here, there
22 are no facts outlining what occurred prior to the foot pursuit, why the Defendants
23 were pursuing Plaintiff, or what facts and circumstances they were confronted with
24 prior to and during the foot pursuit. Thus, the FAC fails to provide sufficient factual
25 context to demonstrate that the Defendants' actions were objectively unreasonable
26 in light of the circumstances. See *Hoffman v. Jourdan*, 2:14-cv-2736-MCE-KJN-P,
27 WL 6438249 at *3 (E.D. Cal. Oct. 22, 2015)("Because plaintiff failed to fully set
28 forth the circumstances surrounding this incident, including her own actions…..the

court is unable to evaluate the totality of the circumstances, or determine whether defendants' actions were objectively reasonable in light of such circumstances.")

Additionally, the Fourth Amendment permits an officer to use the degree of force that is "objectively reasonable" under the circumstances. *Graham*, 490 U.S. at 397. Here, there is no way to determine whether the force in this situation was objectively reasonable under the circumstances because Defendants do not know what the circumstances are. The FAC fails to provide a sufficient factual context for the alleged excessive force incident, including what led up to the initial encounter with Defendants, Plaintiff's reaction to the initial encounter with Defendants, whether Plaintiff complied with Defendants commands prior to the officer-involved shooting, and Plaintiff's response to the Defendants and their alleged use of force.

Plaintiff has also failed to establish that Officer Irick is not entitled to qualified immunity as the FAC fails to identify the right that Officer Irick allegedly violated. See *Davis v. City of San Jose*, 69 F.Supp. 3d 1001, 1006 (N.D.Cal.2014)(holding that the plaintiff was required to identify the right that defendants allegedly violated with a greater degree of specificity that simply "an unreasonable seizure violates the Fourth Amendment.") Since Plaintiff has failed to allege facts necessary to establish a plausible claim that Officer Irick's conduct was unreasonable, his claim for excessive force against Officer Irick should be dismissed.

**B.    The Complaint Fails to Allege Facts Sufficient to Support a Battery Claim**

Plaintiff's fifth cause of action for battery is against both CHP and Officer Irick. Plaintiff alleges that CHP is vicariously liable pursuant to Government Code section 815.2, and bases his battery claim on the alleged use of excessive force by Defendants. Plaintiff's battery claim is analyzed under the same standards as that of an excessive force claim under the Fourth Amendment. See *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009) ("A state law battery claim is a counterpart to a

1   federal claim of excessive use of force."); *Nelson v. City of Davis*, 709 F. Supp.2d

2   978, 992 (E.D.Cal.2010)("[T]he same standards apply to both state law assault and

3   battery and section 1983 claims premised on constitutionally prohibited excessive

4   force…")

5       "A battery is any willful and unlawful use of force or violence upon the person

6   of another." Cal. Penal Code § 242. To prove a civil battery, a plaintiff must prove:

7   (1) the defendant intentionally did an act which resulted in a harmful or offensive

8   contact with the plaintiff's person; (2) the plaintiff did not consent to the contact;

9   and (3) the harmful or offensive contact caused injury, damage, loss, or harm to

10  plaintiff. *Piedra v. Dugan,* 123 Cal.App.4th 1483, 1495, 21 Cal.Rptr.3d 36 (2004).

11  However, "to prevail on a claim of battery against a police officer, the plaintiff

12  bears the burden of proving the officer used unreasonable force." *Munoz v. City of*

13  *Union City,* 120 Cal.App.4th 1077, 1102 (2004).

14      A California peace officer "may use reasonable force to make an arrest,

15  prevent escape or overcome resistance, and need not desist in the face of

16  resistance." *Munoz*, 120 Cal.App.4th, at 1102 (citing Cal. Penal Code § 835(a)).

17  Determination whether an officer breached this duty is "analyzed under the

18  reasonableness standard of the Fourth Amendment to the United Constitution." *Id.*

19  at 1102, fn. 6. Therefore, the question is whether a peace officer's actions were

20  objectively reasonable based on the facts and circumstances confronting the peace

21  officer. *Id.* at 1103.

22      Plaintiff's battery claim against State Defendants cannot be established unless

23  he proves that Officer Irick used unreasonable force against him. See *Saman v.*

24  *Robbins*, 173 F.3d 1150, 1156-57, fn. 6 (9th Cir. 1999). Since Plaintiff has failed to

25  allege sufficient facts necessary to establish a plausible claim that Officer Irick used

26  unreasonable force against him, his battery claim against State Defendants should

27  be dismissed.

28  ///

**C.    The Complaint Fails to Allege Facts Sufficient to Support a Negligence Claim**

**1.    Plaintiff's negligence Theories Lack Factual Support**

A negligence claim requires a plaintiff to establish: "(1) a legal duty to use due care; (2) a breach of that duty; and (3) injury that was proximately caused by the breach." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1164 (N.D. Cal. 2009). Under California law, "police officers have a duty not to use excessive force." *Id.* (citing *Munoz,* 120 Cal. App. 4th at 1101).

As with Plaintiff's claim for battery, his negligence claim based on Defendants' alleged breach of a duty to refrain from using excessive force fails along with his Fourth Amendment claims. *Hernandez v. City of Pomona,* 46 Cal.4th 501, 513–17 (2009). Plaintiff alleges that State Defendants failed to properly and adequately assess the need to use force, used "negligent tactics and handling of the situation with Plaintiff SOLIS (sic), including pre-shooting negligence." FAC, ¶113, subd. (a)-(b). He further alleges that State Defendants breached their duty of care by negligently handled evidence and witnesses, as well as communication of information during the incident. *Id*., ¶113, subd., (d)-(e). The FAC does not contain facts supporting any of these theories of negligence. For example, there are no allegations concerning the events leading up to the shooting or foot pursuit to establish pre-shooting negligence, nor are there are facts relating to the communication of information or the handling of any evidence or witnesses. Plaintiff has also failed to allege facts relating to his conduct before, during, and after the alleged use of force.

Because Plaintiff has failed to plausibly allege that Officer Irick's use of force was not unreasonable under the Fourth Amendment, his negligence claim against State Defendants should be dismissed.

///

///

**2.  Plaintiff's Negligence Theory for Failure to Train and Supervise Against CHP Fails as a Matter of Law**

Part of Plaintiff's negligence theory is that CHP failed to "properly train and supervise employees, both professional and non-professional, including Defendant….Irick." FAC ¶113, subd., (c). However, as set forth below, case law has established that no statute imposes direct or vicarious liability on a public entity for its alleged negligence in regard to supervision or training of its employees.

**a.  Direct Liability**

As a matter of law, a public entity cannot be held liable for negligent training, supervision or discipline under a direct or vicarious liability theory. All government tort liability is dependent on the existence of an authorizing statute or enactment. Gov. Code, § 815, subd. (a).

The Supreme Court recognized that all government tort liability is dependent on the existence of an authorizing statute or enactment:

> In other words, **direct tort liability of public entities must be based on a specific statute declaring them to be liable**, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714. Otherwise, the general rule of immunity for public entities would be largely eroded by the routine application of general tort principles.

*Eastburn v. Regional Fire Protection Auth*., 31 Cal.4th 1175, 1183 (2003) (emphasis added).

This principle that requires a statutory basis in order to pursue a direct liability theory against a public entity was explained in *Munoz,* 120 Cal.App.4th at 1081-1082, where the court held that the city had no liability when there was no statutory basis for the city to employ, train, supervise, and discipline its peace officers. *Id*. at 1081-1082 (disapproved on other grounds in *Hayes v. County of San Diego*, 57 Cal.4th 622, 639 (2013).

In *Munoz*, the relatives of a woman shot by police, who were summoned because of the woman's erratic behavior, sued the officer who shot her and his employing city. The court held the city could be vicariously liable for the officer's unreasonable use of deadly force but rejected a theory of direct liability based on the city's negligence "in the selection, training, retention, supervision, and discipline of police officers." *Munoz*, *supra*, 120 Cal.App.4th at 1112. The court concluded that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." *Id*. at 1112, quoting *Eastburn*, 31 Cal.4th at 1183. The plaintiffs in *Munoz* were unable to identify any statutory basis for direct liability against the city. *Munoz,* 120 Cal.App.4th at 1113. Alternatively, the plaintiffs argued that public entities always act through individuals, however, the court reasoned as follows:

> the Supreme Court clearly did not adopt the view that because all entities, public and private, must act through individuals, that suffices to establish *direct liability*. Indeed, the legal distinction between direct and vicarious liability was the whole point and purpose of the *Eastburn* decision. To accept [plaintiffs'] argument would render the distinction between direct and vicarious liability completely illusory in all cases except where the employer is an individual.

*Id*., at 1113 (original emphasis).) Here, there is no statutory basis for direct liability against CHP. There is no statute that authorizes or enacts a cause of action for negligent training and supervision against a public entity.

### b.  Vicarious Liability

It is well settled that legal authority rejects arguments that a public employer can be held vicariously liable for training, oversight, or discipline. *Caldwell v. Montoya*, 10 Cal.4th 972, 984 (1995). For example, in *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 263 (2007), the plaintiffs sued the County of San

Diego after a county toxicologist murdered her husband with poison taken from the county coroner's office where she worked. Conceding the county could not be vicariously liable for the toxicologist's murderous acts – which were obviously outside the scope of her employment – the plaintiffs instead alleged theories of direct and vicarious liability for the county's negligence in hiring and supervising her. *Id.,* at 248. The court rejected direct liability on the ground that the plaintiffs had failed to "identify any statutory basis supporting a direct claim against a governmental entity for injuries allegedly caused by the entity's generic negligence in hiring and supervising its employees." *Id*. at 253. Under Government Code § 815.2, the county could not be vicariously liable for its employees' failure to properly investigate the toxicologist when she was hired or to guard against her theft of poisonous drugs, as "there was no evidence supporting a conclusion any County employee had undertaken a special protective relationship toward de Villers." *Id*. at 249. In the absence of such a special relationship, the toxicologist's supervisors and co-workers owed her husband no duty to prevent his murder and could therefore not be personally liable for his death, defeating public entity liability under Section 815.2. *Id*., at. 249-251.

Accordingly, due to the absence of a special relationship between Plaintiff and CHP, Plaintiff cannot state a cause of action for negligent supervision or training against CHP as a matter of law, and this theory of negligence should be dismissed.

### D.  The Complaint Fails to Allege Facts Sufficient to Support a Violation of the Bane Act

Finally, Plaintiff alleges that State Defendants violated his rights under California Civil Code §52.1, known as the Bane Act. FAC, ¶125. Plaintiff bases his Bane Act claim upon the same facts as his Fourth Amendment claim. *Id*., ¶126.

The Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). In addition to showing

11

that his or her rights were violated by threats, intimidation, or coercion, a plaintiff must also show that the arresting officer had a specific intent to violate the arrestee's right(s). See *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801 (2017)("the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right….").

Neither Plaintiff's pleading of the facts nor his Bane Act cause of action contain allegations regarding the State Defendants' specific intent to violate Plaintiff's rights or reckless disregard for his constitutional rights. Moreover, Plaintiff fails to plead with particularity facts sufficient to draw a reasonable inference that State Defendants acted "with the particular purpose" of violating his constitutional rights. See *Cornell*, 17 Cal.App. 5th, at 803. The FAC merely alleges that Defendants "intentionally violated Plaintiff['s]…rights to be free from excessive force by demonstrating reckless disregard for his rights when Defendants shot [him.]." FAC, ¶128. Plaintiff does not provide any allegations evincing the required special intent on part of Officer Irick. Plaintiff's allegations are nothing but conclusory statements that State Defendants intended to violate his rights and/or acted with reckless disregard to his constitutional rights, without more. Accordingly, Plaintiff's seventh cause of action against the State Defendants fails to state a claim and should be dismissed.

///

///

///

1  **V.    CONCLUSION**

2          Based on the foregoing, State Defendants respectfully request the Court

3  dismiss Plaintiff's first, fifth, sixth, and seventh causes of action against them.

4  Dated:  March 31, 2025                            Respectfully submitted,

5                                                    ROB BONTA
                                                     Attorney General of California
6                                                    NORMAN D. MORRISON
                                                     Supervising Deputy Attorney General
7

8                                                    */s/ Ashley Reyes*

9                                                    ASHLEY REYES
                                                     Deputy Attorney General
10                                                   *Attorneys for Defendants, State of
                                                     California, acting by and through the
11                                                   California Highway Patrol, and
                                                     Officer Sean Irick*
12
    SD2025300206
13  95617583.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for State Defendants, certifies that this brief contains 4,160 words, which complies with the word limit of L.R. 11-6.1.

Dated:  March 31, 2025                    Respectfully submitted,

ROB BONTA
Attorney General of California


*/s/ Ashley Reyes*
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

14

# CERTIFICATE OF SERVICE

Case Name:    **Gonzalez v. State of California, et al.**          No.    **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>April 1, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### STATE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 1, 2025,</u> at Fresno, California.

| C. Vue | /s/ C. Vue |
|--------|------------|
| Declarant | Signature |

SD2025300206
95618889.docx