Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Ashley Reyes
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendant, State of California, acting by and through the California Highway Patrol and Officer Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**<br><br>Date:  March 25, 2025<br>Time:  10:00 a.m.<br>Courtroom:  4<br>Judge:  Honorable Sheri Pym<br>Trial Date:  Not yet set.<br>Action Filed: 12/24/2024 |

I, Ashley Reyes, declare as follows:

1. I am a duly appointed Deputy Attorney General and am assigned to represent Defendants State of California, acting by and through the California Highway Patrol, and Officer Sean Irick in the above-captioned action. The facts set forth herein are within my personal knowledge, except where otherwise indicated, and if called to testify herein I could and would competently testify thereto.

2. On February 6, 2025, I sent correspondence to opposing counsel, Trenton Packer, regarding the State Defendants' intent to file a motion to dismiss the Complaint. The correspondence outlined the deficiencies that the State Defendants'

motion to dismiss would address. Attached hereto as **Exhibit A** is a true and correct copy of this correspondence.

    3.    Due to the removal from the Los Angeles Superior Court to Federal Court on February 5, 2025, I did not have sufficient time to meet and confer five days prior pursuant to Local Rules. On February 11, 2025, Mr. Packer and I met and conferred by telephone to address the State Defendants' motion to dismiss. Mr. Packer indicated that he reviewed my February 6, 2025, correspondence and believed the allegations contained within the Complaint were sufficient. I informed Mr. Packer that our office would be filing a motion to dismiss on February 12, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on March 31, 2025, at Fresno, California.

                                              */s/ Ashley Reyes*
                                              Ashley Reyes

SD2025300206
95618890.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**CALIFORNIA**
**DEPARTMENT OF JUSTICE**

*Rob Bonta*
*Attorney General*

2550 MARIPOSA MALL, ROOM 5090
FRESNO, CA 93721-2271
Public: (559) 705-2300
Telephone: (559) 705-2312
Facsimile: (559) 445-5106
E-Mail: Ashley.Reyes@doj.ca.gov

February 6, 2025

Trenton C. Packer, Esq.
GRECH, PACKER, & HANKS
7095 Indiana Avenue, Suite 200
Riverside, CA 92506
tpacker@grechpackerlaw.com                **SENT VIA E-MAIL ONLY**

RE:  *Gonzalez v. State of California, et al.*
     United States District Court, Central District of California, Case No. 5:25-cv-00331

Mr. Packer:

I am one of the Deputy Attorney General assigned to represent the State of California, acting by and through the California Highway Patrol (CHP) and Officer Sean Irick in the lawsuit filed by your client, George Gonzalez.

This letter is an effort to meet and confer pursuant to USDC Local Rule 7-3, regarding the deficiencies found in the Complaint. I will call you to discuss the meet and confer topics outlined below by Friday, February 7, but please call me if you would like to speak sooner.

The Complaint outlines that the subject incident occurred on January 24, 2024, after plaintiff was involved in an officer-involved shooting with Officer Sean Irick and officers from the Hemet Police Department. The Complaint alleges the following causes of action against my clients:

- Excessive Force under the Fourteenth Amendment (42 U.S.C. § 1983) against Officer Irick;

- Battery against CHP and Officer Irick;

- Negligence against CHP and Officer Irick;

- Violation of California Civil Code § 52.1 against CHP and Officer Irick.

Each deficiency will be discussed separately.

Trenton C. Packer, Esq.
February 6, 2025
Page 2

### The Complaint Fails to Allege a Fourth Amendment Violation

To state a claim under Section 1983, a plaintiff must allege that (1) the defendant was acting under color of state law at the time the act was committed, and (2) the defendant's conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Jensen v. City of Oxnard* 145 F.3d 1078, 1082 (9th Cir. 1998).

Claims of excessive force are analyzed under the framework set forth by the Supreme Court in *Graham v. Conner*, 490 U.S. 386 (1989). This analysis requires "a careful balancing of 'the nature and quality of the instruction on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id*. at 396. To determine whether an officer's use of force is reasonable requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. Further, the inquiry is an objective one and court's look to whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ibid*.

Plaintiff's Complaint, which lacks factual allegations regarding the events leading up to the officer involved shooting, merely alleges the following:

> "On January 24, 2024, at approximately 8:30 p.m., at or around the 500 block of B. St., in the City of Beaumont, County of Riverside, California, Defendants….used excessive and unreasonable force, including deadly force, against Plaintiff…..including when they shot him multiple times in the back." Complaint, at ¶25

> "The use of deadly force against Plaintiff….was excessive and unreasonable because at the time deadly force was used, Plaintiff…was not an immediate threat of death or serious bodily injury to any person, no deadly force warning was given prior to the use of deadly force, and there were reasonable less-intrusive alternatives to the use of deadly force available…." (Complaint, at ¶26.)

The Complaint lacks allegations setting forth facts what occurred prior to the alleged officer-involved shooting, thus lacks facial plausibility because it does not allow the court to draw the reasonable interference that any of the defendants are liability for the alleged misconduct. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, the Complaint lacks factual allegations to show more than "a sheer possibility that a defendant acted unlawfully." *Id*. The Complaint alleges that plaintiff was not an immediate threat, and that warnings were not given by the officers, yet there are no facts connected to these allegations to support them. Thus, the Complaint pleads legal conclusions and conclusory statements, without any factual support.

### The Complaint Fails to Allege a Battery Claim Against CHP and Officer Irick

Plaintiff's battery claim under California law involves the same standards as that of an excessive force claim under the Fourth Amendment. See *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009) ("A state law battery claim is a counterpart to a federal claim of excessive use of force."); *Nelson v. City of Davis*, 709 F. Supp.2d 978,992 (E.D.Cal.2010)("[T]he same standards

Trenton C. Packer, Esq.
February 6, 2025
Page 3

apply to both state law assault and battery and section 1983 claims premised on constitutionally prohibited excessive force…")

"A battery is any willful and unlawful use of force or violence upon the person of another." Cal.Penal Code § 242. To prove a civil battery, a plaintiff must prove: (1) the defendant intentionally did an act which resulted in a harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss, or harm to plaintiff. *Piedra v. Dugan,* 123 Cal.App.4th 1483, 1495, 21 Cal.Rptr.3d 36 (2004). However, "to prevail on a claim of battery against a police officer, the plaintiff bears the burden of proving the officer used unreasonable force." *Munoz v. City of Union City,* 120 Cal.App.4th 1077, 1102 (2004).

Seeing that the Complaint fails to provide any facts relating to what occurred prior to the officer-involved shooting, it lacks facial plausibility and should be dismissed.

**The Complaint Fails to Allege a Negligence Claim Against CHP and Officer Irick**

"The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." *Brown v. Ransweiler*, 171 Cal. App. 4th 516, 534 (2009). Police officers have a duty "to use reasonable care in deciding to use and in fact using deadly force." *Munoz,* 120 Cal.App.4th at p. 1101. An "officer's lack of due care can give rise to negligence liability for the intentional shooting death of a suspect." *Munoz v. Olin*, 24 Cal.3d 629, 634 (1979).

Plaintiff's negligence claim includes allegations that Defendants used negligent tactics, failed to give appropriate commands, warnings, failed to use less-lethal options, negligently handled evidence and witnesses, engaged in pre-shooting negligence, and were negligent in the communication of information during the incident. Complaint at ¶¶106-107.

The Complaint is devoid of any facts relating to Plaintiff's negligence claims. Again, the only facts provided in the Complaint are essentially that an officer-involved shooting occurred. Since tactical conduct and decisions preceding an officer's use of deadly force are relevant considerations in determining whether the use of deadly force rises to negligent liability, factual content surrounding the events prior to the officer-involved shooting are warranted.

Additionally, part of Plaintiff's negligence claim is that CHP failed to "properly train and supervise employees, both professional and non-professional, including Defendants….Irick." Complaint, at ¶107, subd. (c). However, case law has established that no statute imposes direct liability on a public entity for its alleged negligence in regard to hiring, supervision or training of its employees. As a matter of law, a public entity cannot be held liable for negligent training, supervision or discipline under a direct or vicarious liability theory.  All government tort liability is dependent on the existence of an authorizing statute or enactment.  (Gov. Code, § 815, subd. (a).)

This principle that requires a statutory basis in order to pursue a direct liability theory against a public entity was explained in *Munoz,* 120 Cal.App.4th at 1081-1082, where the court

Trenton C. Packer, Esq.
February 6, 2025
Page 4

held that the city had no liability when there was no statutory basis for the city to employ, train, supervise, and discipline its peace officers.

### **The Complaint Fails to Allege a Violation of the Bane Act Against CHP and Officer Irick**

Finally, Plaintiff alleges that CHP and Officer Irick violated his rights under the California Civil Code §52.1, known as the Bane Act. Plaintiff bases his Bane Act claim upon the same facts as his Fourth Amendment claims.

The Bane Act "provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014). In addition to showing that his or her rights were violated by threats, intimidation, or coercion, a plaintiff must also show that the arresting officer had a specific intent to violate the arrestee's right(s). See *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801 (2017)("the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right….").

Neither Plaintiff's pleading of the facts nor his Bane Act cause of action contains allegations regarding the CHP or Officer Irick's specific intent to violate Plaintiff's rights or reckless disregard for his constitutional rights. Moreover, Plaintiff fails to plead with particularity facts sufficient to draw a reasonable inference that CHP or Officer Irick acted "with the particular purpose" of violating his constitutional rights. See *Cornell*, 17 Cal.App. 5th, at 803. Additionally, the Complaint lacks any allegations evincing specific intent on part of Officer Irick.  For these reasons, the Bane Act claim against my clients is not sufficiently pled.

Please notify me whether you will agree to dismiss my clients or amend the Complaint to remedy the outlined deficiencies.  I look forward to speaking with you.

    Sincerely,

    */s/ Ashley Reyes*

    ASHLEY REYES
    Deputy Attorney General

For    ROB BONTA
    Attorney General

ANR:cv

SD2025300206
95611773.docx

| | |
|---|---|
| **From:** | Carrie Vue |
| **To:** | tpacker@grechpackerlaw.com |
| **Cc:** | Ashley Reyes; Mario Garcia; Judith Milch |
| **Subject:** | Gonzalez v. State of CA |
| **Date:** | Thursday, February 6, 2025 11:30:38 AM |
| **Attachments:** | image001.png<br>Meet & Confer re MTD.pdf |

Good Morning,

Attached you will find the meet and confer letter regarding motion to dismiss in the above matter.

A hard copy will not follow.  Thank you.



*Carrie Vue*

**Legal Secretary**
California Department of Justice
Attorney General's Office | Fresno
2550 Mariposa Mall, Room 5090, Fresno, CA 93721
Tel: (559) 705-2355 | Email: Carrie.Vue@doj.ca.gov

# CERTIFICATE OF SERVICE

Case Name: **Gonzalez v. State of California, et al.**  No. **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>April 1, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 1, 2025</u>, at Fresno, California.

| C. Vue | /s/ C. Vue |
|---|---|
| Declarant | Signature |

SD2025300206
95618889.docx