**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel: (951) 682-9311

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF GEORGE GONZALEZ'S OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Action Originally Filed**<br>December 24, 2024 (State Filing)<br>**Removed to Federal Court**<br>February 5, 2025 (Doc. 1)<br>**First Amended Complaint Filed**<br>March 17, 2025 (Doc. 20)<br>**Scheduling Conference**<br>May 22, 2025 at 10:00 a.m., Ctrm. 3<br>**Hearing**<br>May 8, 2025 at 9:30 a.m., Ctrm. 3 |

# TABLE OF CONTENTS
MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. INTRODUCTION .................................................................................... 1

II. FACTUAL ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ARE SUFFICIENT TO STATE A CLAIM ............................ 2

III. LEGAL STANDARD ................................................................................ 3

IV. PLAINTIFF'S FIRST AMENDED COMPLAINT SUFFICIENTLY STATES A CLAIM AGAINST DEFENDANT IRICK PURSUANT TO 42 U.S.C. §1983 FOR EXCESSIVE FORCE ............................................ 5

V. PLAINTIFF'S STATE LAW CLAIMS SURVIVE ....................................... 10

VI. PLAINTIFF IS ENTITLED TO LEAVE TO AMEND ANY DEFICIENCIES IN THE FIRST AMENDED COMPLAINT ....................... 12

VII. CONCLUSION ..................................................................................... 13

# TABLE OF AUTHORITIES

### Cases

*Adkins v. County of San Diego*,
    384 F.Supp.3d 1195 (S.D. Cal. 2019) .................................................................. 10

*Aguirre v. Cnty. of Riverside*,
    29 F.4th 624 (9th Cir. 2022) ................................................................................ 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 4

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) .............................................................................. 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 4

*Blanford v. Sacramento County*,
    406 F.3d 1110 (9th Cir. 2005) ............................................................................ 6

*C.V. by & through Villegas v. City of Anaheim*,
    823 F.3d 1252 (9th Cir. 2016) ............................................................................ 8

*Caldwell v. Montoya*,
    10 Cal.4th 972 (1995) ........................................................................................ 11

California Government Code §811.2 .......................................................................... 12

California Government Code §811.4 .......................................................................... 12

*Chew v. Gates*,
    27 F.3d 1432 (9th Cir. 1994) .............................................................................. 6

*Conley v. Gibson*,
    355 U.S. 41 (1957) ......................................................................................... 4, 5

*Conservation Force v. Salazar*,
    646 F.3d 1240 (9th Cir. 2011) ............................................................................ 4

*Curnow v. Ridgecrest Police*,
    952 F.2d 321 (9th Cir. 1991) .............................................................................. 9

*de Villers v. County of San Diego*,
    156 Cal.App.4th 238 (2007) .............................................................................. 11

*Doe v. United States*,
    419 F.3d 1058 (9th Cir. 2005) ............................................................................ 4

*George v. Morris*,
    736 F.3d 829 (9th Cir. 2013) .............................................................................. 8

*Geraci v. Homestreet Bank*,
    347 F.3d 749 (9th Cir. 2003) .............................................................................. 5

*Glenn v. Washington County*,
    673 F.3d 864 (9th Cir. 2011) ........................................................................... 5, 6

*Graham v. Connor*,
    490 U.S. 386 (1989) ............................................................................................ 5

*Harris v. Roderick*,
    126 F.3d 1189 (9th Cir. 1997) ........................................................................ 8

*Hayes v. Cnty. of San Diego*,
    57 Cal.4th 622 (2013) .............................................................................. 10, 11

*Hayes v. Cnty. of San Diego*,
    736 F.3d 1223 (9th Cir. 2013) ........................................................................ 8

*Hopkins v. Andaya*,
    958 F.2d 881 (9th Cir. 1992) ........................................................................ 9

*Isayeva v. Sacramento Sheriff's Dep't*,
    872 F.3d 938 (9th Cir. 2017) .................................................................... 5, 6

*Kisela v. Hughes*,
    138 S. Ct. 1148 (2018) .................................................................................. 8

*Lam v. City of Los Banos*,
    976 F.3d 986 (9th Cir. 2020) ........................................................................ 9

*Landeros v. City of Tustin*,
    837 F.3d 1005 (9th Cir. 2016) .................................................................. 6, 9

*Lawrence v. City and County of San Francisco*,
    258 F.Supp.3d 977 (N.D. Cal. 2017) .......................................................... 10

*Lawrence v. Las Vegas Metropolitan Police Department*,
    451 F.Supp.3d 1154 (D. Nev. 2020) ............................................................ 9

*Lopez v. Gelhaus*,
    871 F.3d 998 (9th Cir. 2017) ........................................................................ 8

*Munoz v. City of Union City*,
    120 Cal.App.4th 1077 (2004) ...................................................................... 11

*N.E.M. v. City of Salinas*,
    761 F. App'x 698 (9th Cir. 2019) .................................................................. 7

*Nelson v. City of Davis*,
    685 F.3d 867 (9th Cir. 2012) ........................................................................ 6

*Pareto v. F.D.I.C.*,
    139 F.3d 696 (9th Cir. 1998) ........................................................................ 4

*Perez v. Van Groningen & Sons, Inc.*,
    41 Cal.3d 962 (1986) .................................................................................. 12

S*mith v. City of Hemet*,
    394 F.3d 689, 701 (9th Cir. 2005) ................................................................ 5

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................ 4

*Tabares v. City of Huntington Beach*,
    988 F.3d 1119 (9th Cir. 2021) .................................................................... 10

*United States v. Hempfling*,
    431 F.Supp.2d 1069 (E.D. Cal. 2006) .......................................................... 5

*United States v. Redwood City*,
    640 F.2d 963 (9th Cir. 1981) ........................................................................ 3

iii

PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS

*Williamson v. Gen. Dynamics Corp.*,
    208 F.3d 1144 (9th Cir. 2000) ............................................................................. 5
*Yalung v. State*,
    98 Cal.App.5th 71 (2023) ................................................................................. 12
*Zion v. Cnty. of Orange*,
    874 F.3d 1072 (9th Cir. 2017) ........................................................................... 9

### Statutes

California Civil Code §52.1 ................................................................................. 12
California Government Code §815.2 .................................................................. 11
California Government Code §815.6 .................................................................. 12
California Government Code §825 ..................................................................... 12
California Penal Code §835a .............................................................................. 12

### Rules

Federal Rule of Civil Procedure 12 ...................................................................... 3
Federal Rule of Civil Procedure 15 .................................................................... 12
Federal Rule of Civil Procedure 8 ........................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This civil rights and state tort action arises out of the excessive and unreasonable force used on Plaintiff George Gonzalez by Defendant California Highway Patrol Officer Sean Irick as well as Defendant City of Hemet Police Department Officer Patrick Sobaszek and Sergeant Andrew Reynoso. On January 24, 2024, at approximately 8:30 p.m., Plaintiff was confronted by the Defendant officers which led to a short foot pursuit in an industrial area. Without responding to a serious or violent crime, Defendant Irick fired 5 shots at Plaintiff. Plaintiff alleges that despite presenting no immediate threat of death or serious bodily injury to anyone, Plaintiff was shot multiple times, from behind and without warning, and shot again while face down on the ground after already being shot, all when there were reasonable alternatives available to the use of deadly force. These allegations alone are more than sufficient at this stage of the proceedings to show that Officer Irick used excessive and unreasonable force against Plaintiff.

By his First Amended Complaint ("FAC"), Plaintiff brings the following claims for relief: (1) Fourth Amendment Excessive Force; (2) Ratification; (3) Failure to Train; (4) Unconstitutional Custom, Practice, or Policy; (5) Battery; (6) Negligence; and (7) violation of the Bane Act. The instant Motion pertains only to claims against the State Defendants and Defendants City, Sobaszek and Reynoso filed their Answer on March 31, 2025. (Doc 21.) The Court should deny Defendants' instant Motion because Plaintiff's FAC adequately alleges that Defendant Irick's use of deadly force against Plaintiff was excessive and unreasonable given that: Plaintiff did not pose an immediate threat of death or serious bodily injury to any person when the force was used; there were reasonable, less intrusive alternatives to the use of deadly force available; and no warning was given that deadly force would be used prior to its use. Therefore, Plaintiff respectfully requests that the State Defendants' Motion to Dismiss be denied in full.

## II. FACTUAL ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT ARE MORE THAN SUFFICIENT TO STATE A CLAIM

This civil rights and state tort action arises out of the January 24, 2024, use of excessive force on Plaintiff, including by Defendant Irick. (FAC ¶5.) Defendant Irick caused Plaintiff injury by directly shooting Plaintiff and/or by integrally participating in or failing to intervene in the excessive and unreasonable force used against Plaintiff. (FAC ¶6.) At approximately 8:30 p.m., at or around the 500 block of B St., City of Beaumont, County of Riverside, California, Defendant Irick used excessive and unreasonable force and employed negligent tactics including by shooting Plaintiff in the back and again while he was on the ground. (FAC ¶23.)

Defendant Irick's deadly force was excessive and unreasonable because at the time deadly force was used, Defendant Irick was not responding to a serious or violent crime, did not have any information that Plaintiff had just committed or was about to commit a serious or violent crime, and had no information that Plaintiff had just harmed or was threatening to harm anyone. (FAC ¶24.) Additionally, Plaintiff was being pursued by Defendant on foot in an industrial area without Defendant having any information that any third parties were in the area and Plaintiff's back was to Defendant Irick when his shots were fired. (FAC ¶25.) Defendant Irick had time to assess the situation, plan, contain Plaintiff, and safely take him into custody. Instead of doing so, Defendant Irick failed to utilize the time available to him, failed to adequately formulate and implement a plan, and failed to de-escalate the situation leading to Defendant Irick's use of excessive and unreasonable force. (FAC ¶26.)

Plaintiff was shot multiple times, including by Defendant Irick, who fired 5 shots at Plaintiff; contributing to collectively over 20 shots fired, several of which struck Plaintiff. Defendant Irick's conduct was also a result of contagious fire. (FAC ¶27.) Defendant Irick's use of deadly force against Plaintiff was excessive and unreasonable because prior to and at the time deadly force was used, Plaintiff was slowing down to a stop, and as he was shot fell to his knees before collapsing face

down to the ground. (FAC ¶28.) After collapsing face down on the ground, Defendant Irick continued shooting at Plaintiff. (FAC ¶29.) Defendant Irick's use of deadly force was excessive and unreasonable because Plaintiff was not harming any person, was not about to harm any person, had not harmed any person, and had not threatened to harm any person. Plaintiff was not running towards any person, and no life was threatened by Plaintiff. Further, Plaintiff did not make a threatening or furtive movement with or towards any weapon, pocket, or waistband. In other words, as alleged, Plaintiff was obviously not an immediate threat of death or serious bodily injury to any person at the time of the use of excessive and unreasonable force. (FAC ¶30.) Moreover, Plaintiff was not given a verbal warning that deadly force was going to be used, despite it being feasible to do so, and less-intrusive alternatives were available, yet Defendant Irick failed to exhaust or even attempt to use those alternatives. (FAC ¶31.)

Defendant Irick caused Plaintiff great fear, pain and harm, by Defendant Irick's unreasonable and negligent tactics prior to, during, and after his use of deadly force, including but not limited to poor positioning, poor planning, lack of communication with other officers, deficient communication with Plaintiff, unreasonable force, escalating the situation, and failing to de-escalate the situation, all in violation of basic officer training. (FAC ¶¶32-34.) As a direct and proximate result of Defendant Irick's actions, omissions, and misjudgments, including his use of excessive and unreasonable force, Plaintiff was caused to suffer great physical and mental pain and suffering, harm, injury, damages, loss of enjoyment of life, and permanent injury. (FAC ¶36.) Defendant Irick's conduct was malicious, wanton, oppressive, and evidenced a conscious disregard for Plaintiff's rights. (FAC ¶40.)

## III. LEGAL STANDARD

Dismissal under Fed. R. of Civ. Pro. 12(b)(6) is rare. Indeed, it is "only [in] the extraordinary case in which dismissal is proper" for failure to state a claim. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). A motion

pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim only if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (emphasis added). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A plaintiff need only provide a short and plain statement showing that she is entitled to relief. Fed. R. Civ. Pro. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Here, dismissal would be improper because Plaintiff asserts cognizable legal theories, provides sufficient facts to support those theories and puts Defendant on notice of the claims.

    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations." *Iqbal*, at 678 (citation omitted.) "[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote or unlikely." *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all material allegations in the complaint – as well as any reasonable inferences to be drawn from them – as true and construe them in the light most favorable to the non-moving party. *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). Thus, "a complaint should not be dismissed for failure

to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*; *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003) (quoting *Conley*, 355 U.S. at 45-46); *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000); *see also United States v. Hempfling*, 431 F.Supp.2d 1069, 1075 (E.D. Cal. 2006) ("A Rule 12(b)(6) motion is disfavored and rarely granted."). Considering these important standards and Plaintiff's allegations, this Motion should be denied.

## IV.  PLAINTIFF SUFFICIENTLY STATES A CLAIM AGAINST DEFENDANT IRICK FOR EXCESSIVE FORCE

Plaintiff adequately pled facts pursuant to Rule (8) of the Federal Rules of Civil Procedure to state a plausible claim for relief against Defendant Officer Irick for his use of excessive force against Plaintiff. Plaintiff's allegations in the FAC clearly include facts sufficient to state a claim – all of which speak directly to the governing standard on an excessive force claim.

Plaintiff's 42 U.S.C. §1983 claim for excessive force turns on whether Defendant Irick's conduct was objectively reasonable under the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 388 (1989) (excessive force "claims are properly analyzed under the Fourth Amendment's "objective reasonableness"). The use of deadly force must be balanced against the purported need for it. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946-47 (9th Cir. 2017); *see also Glenn v. Washington County*, 673 F.3d 864, 871 (9th Cir. 2011). Government interest factors to balance against the type of force used include: "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Other factors include (4) the availability of alternative methods to effectuate an arrest or overcome resistance, S*mith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005), and (5) the giving of a warning prior to the use of force, *Nelson v. City of Davis*, 685 F.3d 867,

882 (9th Cir. 2012); *see also Isayeva*, 872 F.3d at 947 (*quoting Glenn*, 673 F.3d at 872). The Ninth Circuit has cautioned that "[t]he three factors articulated in *Graham*, and other factors bearing on the reasonableness of a particular application of force, are not to be considered in a vacuum but only in relation to the amount of force used to effect a particular seizure." *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994). "Because questions of reasonableness are not well-suited to precise legal determination, the propriety of a particular use of force is generally an issue for the jury." *Id.* at 1440.

Here, it is clearly alleged that Defendant Irick shot Plaintiff thereby using deadly force. (FAC ¶5); *see, e.g.*, *Blanford v. Sacramento County*, 406 F.3d 1110, 1117-19 (9th Cir. 2005). It is well-established that the Defendant Irick's actions were "extreme" and should only be used in limited circumstances. *Landeros v. City of Tustin*, 837 F.3d 1005, 1011 (9th Cir. 2016). Defendant Irick used excessive force by shooting Plaintiff in the back and while Plaintiff was on the ground. (FAC ¶23.) Defendant Irick's use of deadly force against Plaintiff was excessive because Plaintiff was not an immediate threat of death or serious bodily injury; Defendant Irick failed to give a verbal deadly force warning despite it being feasible; and Defendant Irick had several reasonable less-intrusive alternatives available but failed to attempt them. (FAC ¶¶24-31).

Additionally, under the totality of the circumstances, Defendant Irick unreasonably escalated the situation when he began to use deadly force against Plaintiff, causing him great fear, pain and harm; Defendant had poor positioning, poor planning, lack of communication with other officers, deficient communication with Plaintiff, escalated the situation, and failed to de-escalate the situation; and Defendant's actions and inactions were in violation of basic officer training. (FAC ¶¶32-34.) Plaintiff did not fire or even point a weapon at anyone; was not reaching for a weapon, pocket, or waistband immediately prior to or during Defendant's use of deadly force; did not make a threatening or furtive movement with any weapon;

did not verbally threaten any person or officer prior to Defendant's use for deadly force; was not running or lunging toward any officer or person immediately prior to or during Defendant's use of deadly force; did not harm any person and was not about to harm any person prior to and during Defendant's use of deadly force; and Plaintiff was shot in the back while moving slowly away from officers. (FAC ¶45.)

Defendant Irick had several reasonable, less-intrusive alternatives available to him prior to their use of deadly force, but failed to attempt and/or exhaust those alternatives, including but not limited to: seeking cover; maintaining a safe and tactically advantageous distance from Plaintiff; de-escalating the situation with communication; planning and coordinating movements and responsibilities of officers; containing Plaintiff; and/or utilizing less-lethal force such as a K-9, 40mm launcher, Taser, or OC spray. (FAC ¶46.) Defendant had time and opportunity to provide a deadly force warning prior to their use of force, but failed to do so, despite it being safe, reasonable, and feasible to do so. (FAC ¶47.) The Defendants greatly outnumbered Plaintiff; had superior training and experience to Plaintiff; and were in better physical condition than Plaintiff. (FAC ¶48.) Plaintiff's FAC has sufficient factual details to give Defendant Irick fair notice of his misconduct. In other words, Defendant's liability for the constitutional deprivation based on the facts alleged and all reasonable inferences therefrom is more than plausible, it is obvious. Thus, Plaintiff's FAC is sufficient to support claims pursuant to 42 U.S.C. §1983.

## V.  DEFENDANT IRICK IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR HIS OBVIOUS USE OF EXCESSIVE FORCE

Defendant Irick is not entitled to qualified immunity because at the time of the shooting, based on Plaintiff's facts and all reasonable inferences therefrom, "it was clearly established that officers may not use deadly force against a person who is armed but cannot reasonably be perceived to be taking any furtive, harrowing, or threatening actions," especially when less-lethal options are available. *N.E.M. v. City of Salinas*, 761 F. App'x 698, 700 (9th Cir. 2019); *see C.V. by & through*

*Villegas v. City of Anaheim*, 823 F.3d 1252, 1256 (9th Cir. 2016) (deadly force is not objectively reasonable where even when the subject had a gun, and an officer resorted to deadly force without warning); *Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 629 (9th Cir. 2022) (where the subject posed no immediate threat to the officers or others, the "'general constitutional rule' applies 'with obvious clarity'" rendering the officer's decision to shoot objectively unreasonable).

Qualified immunity does not require a case directly on point but focuses on whether the officer had fair notice that his conduct was unlawful. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam). In some cases, as here under Plaintiff's facts, the general rules set forth in *Garner* and *Graham* by themselves create clearly established law in the obvious case. *Id*. Plaintiff contends that the right to be free from deadly force falls among the obvious when a person is not a threat and still shot in the back and on the ground. *See Lopez v. Gelhaus*, 871 F.3d 998, 1006-13 (9th Cir. 2017) ("On these facts, a reasonable jury could conclude that [Plaintiff] did not pose an 'immediate threat to the safety of the officers or others'"); *see Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) (mere possession of a weapon is insufficient to justify deadly force); *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1227-28 (9th Cir. 2013) (unreasonable force where officers shot man without warning while holding a weapon in a non-threatening manner).

In *George v. Morris*, 736 F.3d 829, 832 (9th Cir. 2013), the defendant deputies were responding to a domestic disturbance call in which they were informed the suspect had a gun. When deputies arrived, they found the suspect holding the gun and deputies testified that the suspect turned and pointed the gun at them. *Id*. at 832-33. The Court recognized that even if there was a potential future threat, the use of deadly force is not reasonable without objective provocation and while the gun was trained on the ground. *Id*. at 838-39. Thus, the Court found that the deputies could not prevail when viewing the facts in favor of plaintiff, the suspect did not make any threatening movements, was not resisting arrest, nor

committing a crime. *Id*. *Morris* is sufficient alone to put Defendant on notice that even if a suspect has a gun but does not point it at an officer, responding with deadly force is excessive—as here. *See also Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991) (holding that deadly force was unreasonable where, according to the plaintiff's version of facts, the decedent possessed a gun but was not pointing it at the officers and was not facing the officers when they shot him).

Further, *Landeros*, 837 F.3d at 1012, where the subject was on parole and there was a warrant, put Defendant Irick on notice that his force was unconstitutional. There, the officer escalated to deadly force too quickly – the officer commanded the subject to take his hand out of his pocket immediately upon driving up to him. *Id*. Then, in less than one second, the officer shot the subject just as he was taking his hand out of his pocket. *Id*. The officer neither warned the subject that he was going to shoot him, nor waited to see if there was anything in the subject's hand. *Id*. Thus, viewing the evidence in the light most favorable to the plaintiff, the Court concluded that the officer violated clearly established Fourth Amendment law when he used deadly force. *Id*. at 1013.

It was also clearly established at the time of this incident that Defendant Irick could not justify shooting Plaintiff when he was moving away and already shot and falling to the floor. *See*, *e.g.*, *Lam v. City of Los Banos*, 976 F.3d 986, 998, 1001 (9th Cir. 2020) (holding that it was clearly established in 2013 that shooting at an unarmed suspect who had previously stabbed the officer violates the Fourth Amendment); *Zion v. Cnty. of Orange*, 874 F.3d 1072, 1075-76 (9th Cir. 2017); *Hopkins v. Andaya*, 958 F.2d 881, 886-87 (9th Cir. 1992) (finding the officer's second use of lethal force excessive and unreasonable where the suspect was wounded and unarmed); *Lawrence v. Las Vegas Metropolitan Police Department*, 451 F.Supp.3d 1154, 1169 (D. Nev. 2020) ("Once Childress was on the ground however, the Court finds that a reasonable juror could conclude that Bohanon and Walford's continued shooting was unreasonable.").

It has long been established and falls within the obvious that shooting a non-threatening subject is excessive force. Thus, Defendant Irick is not entitled to qualified immunity.

## VI. PLAINTIFF'S STATE LAW CLAIMS SURVIVE

Plaintiff's excessive force claim survives as described above. Regarding Plaintiff's claims under state law battery and violation of the Bane Act, the same facts and law would be considered as with the Fourth Amendment excessive force claim. *Lawrence v. City and County of San Francisco*, 258 F.Supp.3d 977, 998 (N.D. Cal. 2017) ("[A] plaintiff asserting a Bane Act claim based on excessive force need not prove threats, intimidation, or coercion independent of the excessive force"); *Adkins v. County of San Diego*, 384 F.Supp.3d 1195, 1207 (S.D. Cal. 2019) ("Under California law, the analysis of a battery claim against a law enforcement officer is the same as that for a plaintiff's excessive force claim.").

Negligence claims apply a similar but more forgiving standard that considers defendants' conduct leading up to the use of force. *Hayes v. Cnty. of San Diego*, 57 Cal.4th 622, 639 (2013). Because the Federal claim survives, so too do the state law claims. In fact, the Court could even find that, under "the totality of the circumstances, [] the pre-shooting conduct of the officers [alone], might persuade a jury to find the shooting negligent. In other words, pre-shooting circumstances might show that an otherwise reasonable use of deadly force was in fact unreasonable." *Id.* at 629-30; *see also Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1125 (9th Cir. 2021) ("the officer's pre-shooting decisions can render his behavior unreasonable under the totality of the circumstances, even if his use of deadly force at the moment of the shooting might be reasonable in isolation."). Plaintiff has sufficiently alleged facts that put Defendant Irick on notice of his tactical failures prior to and by using unreasonable deadly force.

Thus, Plaintiff's state law claims must survive.

## VII. THE DEFENDANT STATE IS VICARIOUSLY LIABLE FOR THE TORTIOUS CONDUCT OF DEFENDANT OFFICER SEAN IRICK

Plaintiff has not alleged any direct liability on Defendant State of California, but instead clearly indicates that the Defendant State is vicariously liable for the conduct of its agent, CHP Officer Irick. (FAC 32:6; 34:5; 36:19; ¶¶107, 120, 131.)

Regarding any claim that Defendant State is vicariously liable for its supervisor employees' failure to train, oversee, and discipline subordinates, the Defendants provide no binding or persuasive authority for their position that the State cannot be held vicariously liable. Neither *Caldwell v. Montoya*, 10 Cal.4th 972 (1995) nor *de Villers v. County of San Diego*, 156 Cal.App.4th 238 (2007) supports Defendants' motion or has any applicability to Plaintiff's present claims.

Instead, Defendants' cases support Plaintiff's claim that a public entity is liable under the doctrine of vicarious liability. *See Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1110 (2004), opinion modified on denial of reh'g (Aug. 17, 2004), and disapproved of by *Hayes v. Cnty. of San Diego*, 57 Cal.4th 622 (2013) (citing Govt. Code §815.2(a)); *Caldwell*, 10 Cal.4th at 977; *de Villers*, 156 Cal.App.4th at 249. Nevertheless, the law in this regard is clear:

> Under the Government Claims Act, a public entity is not liable '[e]xcept as otherwise provided by statute.'" (*State ex rel. CHP*, *supra*, 60 Cal.4th at p. 1009, quoting Gov. Code, §815.) "The Government Claims Act includes a broad provision for liability in respondeat superior: 'A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee....' (Gov. Code, §815.2, subd. (a).) Public employees are liable for their torts 'to the same extent' as private persons, absent statutory provision to the contrary. (Gov. Code, §820, subd. (a).) Thus, public entities are

generally liable for the torts of their employees to the same extent as private employers." (*State ex rel. CHP*, at p. 1009.) The term "'[e]mployee' includes an officer,...employee, or servant, whether or not compensated, but does not include an independent contractor." (Gov. Code, §810.2.)

*Yalung v. State*, 98 Cal.App.5th 71, 84 (2023), review denied (Apr. 10, 2024).

Defendant Irick "is an employee of the State under the principles of respondeat superior." *Id*. "'Public employee' means an employee of a public entity." Cal. Govt. Code §811.4. "'Public entity' includes the state…." Cal. Govt. Code §811.2. Under the doctrine of respondeat superior, the State and CHP are vicariously liable for Defendant Irick's torts committed within the scope of his employment – a doctrine which as a practical matter is sure to occur in this enterprise, as a required cost of doing business. *Perez v. Van Groningen & Sons, Inc.*, 41 Cal.3d 962, 967 (1986).

Additional statutory authority for Plaintiff's claims include Cal. Govt. Code §815.6; Cal. Govt. Code §825; Cal. Civil Code §52.1; and Cal. Pen. Code §835a.

Therefore, Plaintiff's claims against the State also survive.

## VIII. PLAINTIFF IS ENTITLED TO LEAVE TO AMEND ANY DEFICIENCIES IN THE FIRST AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) directs, "The court should freely give leave when justice so requires." Plaintiff contends he has sufficiently alleged excessive force, battery, negligence, and a violation of the Bane Act. If, however, the Court disagrees, Plaintiff respectfully requests leave to amend based on the permissive policy embodied in Rule 15(a)(2).

/ / /

/ / /

## IX. CONCLUSION

For each of the foregoing reasons, Plaintiff respectfully request an order denying Defendants' Motion in full as set forth above.

DATED: April 17, 2025

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

*/s/    Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' MOTION TO DISMISS

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff George Gonzalez, certifies that this brief contains 4,133 words, which complies with the word limit of L.R. 11-6.1.

DATED: April 17, 2025

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

/s/   *Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*