ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date: May 8, 2025<br>Time: 9:30 a.m.<br>Courtroom: 3<br>Judge: Honorable Kenly Kiya Kato<br>Trial Date: Not yet set.<br>Action Filed: 12/24/2024 |

Defendants, State of California, acting by and through the California Highway Patrol (CHP) and Officer Sean Irick (collectively the State Defendants), provide the following reply to Plaintiff's Opposition to their Motion to Dismiss.

**I.   INTRODUCTION**

In his opposition to the motion to dismiss, Plaintiff relies on conclusory allegations unsupported by facts alleged in the FAC in an attempt to overcome the State Defendants' motion. Plaintiff's opposition fails to establish that he has alleged facts demonstrating a violation of his Fourth Amendment rights, battery, negligence, or a violation of the Bane Act (Cal. Civ. Code §52.1) against the State

Defendants. For these reasons, as well as those identified in the State Defendants' motion to dismiss, their motion to dismiss should be granted.

## II. ARGUMENT

### A. The FAC Fails to Allege Sufficient Facts Against Officer Irick to Support a Fourth Amendment Violation

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As set forth in the State Defendants' Motion to Dismiss, this analysis under *Graham* requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Conner*, 490 U.S. 386, 396 (1989). The most important consideration is whether objective factors show that the suspect posed an immediate threat to the safety of law enforcement officers and others. *Id*. In *Tennessee v. Garner,* 471 U.S. 1, (1985), the Supreme Court held that a police officer may not use deadly force "unless it is necessary to prevent escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* at 3. Thus, where a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force. *Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005).

Plaintiff's First Amended Complaint (FAC) lacks sufficient facts to support a Fourth Amendment violation as it completely omits circumstances surrounding the events leading up to the shooting, which are necessary to determine whether the actions of the State Defendants were reasonable, the circumstances surrounding Plaintiff's escape from officers, and whether Plaintiff posed an immediate threat to

|   |   |
|---|---|
| 1 | the safety of the officers or members of the public. Plaintiff claims that State |
| 2 | Defendants were "not responding to a serious or violent crime, the Defendants did |
| 3 | not have any information that Plaintiff Gonzalez had just committed or was about |
| 4 | to commit a serious or violent crime and had no information that Plaintiff Gonzalez |
| 5 | had just harmed or was threatening to harm any person or law enforcement officer." |
| 6 | (FAC at ¶24.) However, a plaintiff must <u>allege</u> that a defendant's use of force was |
| 7 | objectively unreasonable "in light of the facts and circumstances confronting the |
| 8 | officer…" *Graham,* 490 U.S. at 397. (emphasis added.) Plaintiff's generalized |
| 9 | allegations lack the necessary factual content to outline the facts and circumstances |
| 10 | confronting the State Defendant officers prior to the officer-involved shooting. |
| 11 |      Plaintiff also argues that Officer Irick caused him "great fear, pain and harm," |
| 12 | by Irick's alleged "unreasonable and negligent tactics prior to, during, and after his |
| 13 | use of deadly force, including but not limited to poor positioning, poor planning, |
| 14 | lack of communication with other officers, deficient communication with Plaintiff, |
| 15 | unreasonable force, escalating the situation, and failing to de-escalate the |
| 16 | situation…" (Opposition, at 3; FAC at ¶¶32-33). Yet facts relating to tactics prior to |
| 17 | the shooting, including Defendants' positioning, their communication with other |
| 18 | officers, communication with Plaintiff, and any efforts to de-escalate the situation |
| 19 | are completely absent from the FAC. Furthermore, Plaintiff argues that Officer |
| 20 | Irick's alleged use of force against him was excessive and unreasonable because |
| 21 | "prior to and at the time deadly force was used, Plaintiff was slowing down to a |
| 22 | stop…" (Opposition at 2). Yet, without having more information and factual |
| 23 | content of what the officers were faced with prior to the foot pursuit and the officer |
| 24 | involved shooting, Plaintiff's allegation that he was slowing down to a stop, |
| 25 | without more, does not mean anything and does not prove that Plaintiff was a "non- |
| 26 | threatening subject." |
| 27 | /// |
| 28 | /// |

Officers are not required to use the least amount of force possible; rather, the force employed must be reasonable under all relevant circumstances. See *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). Plaintiff's FAC lacks facts concerning all relevant circumstances here. Thus, based on the foregoing, as well as the points raised in Defendants' Motion to Dismiss, Officer Irick is entitled to qualified immunity and their motion should be granted.

### B. Plaintiff Fails to Allege Facts Sufficient to Support a Battery Claim

Plaintiff's battery claim against State Defendants cannot be established unless he proves that Officer Irick used unreasonable force against him. See *Saman v. Robbins*, 173 F.3d 1150, 1156-57, fn. 6 (9th Cir. 1999). Since Plaintiff has failed to allege sufficient facts necessary to establish a plausible claim that Officer Irick used unreasonable force against him, his battery claim against State Defendants should be dismissed.

### C. Plaintiff Fails to Allege Facts Sufficient to Support a Negligence Claim

In support of his negligence claim, Plaintiff argues that, under the totality of the circumstances, the Court could find that Officer Irick's pre-shooting conduct alone, was negligent. (Opposition at pg. 10) Yet the FAC omits facts demonstrating what the totality of the circumstances surrounding the officers were, as well as any facts relating to the Defendant Officers' pre-shooting conduct. Instead, the FAC merely alleges that prior to the shooting, the Defendant Officers were pursing Plaintiff on foot. (FAC at ¶25).

///

///

///

1  Additionally, Plaintiff's analysis of vicarious liability against Defendant State for failure to train, oversee, and discipline subordinates is misguided. Several United States District Courts, including the Central District, have found that no state statutory basis exists for a claim that a municipality is directly liable for the negligent hiring, supervision, or training of its police officers, consistent with *Munoz v. City of Union City*, 120 Cal.App.4th 1077, at 1113 (2004). Plaintiff argues, however, that he has not alleged direct liability against Defendant State, but vicarious liability. (Opposition at pg. 16.) Nonetheless, Plaintiff's claim still fails as a matter of law.

In *Megargee ex rel. Lopez v. Wittman*, No. CVF 06-0684 AWI LJO, 2006 WL 2988945, at *10 (E.D. Cal. Oct. 17, 2006), the Eastern District recognized that section 815.2 of the California Government Code "makes a public entity liable for its employee's negligent acts or omissions within the scope of employment." *Eastburn v. Regional Fire Protection Auth.*, 31 Cal.4th 1175, 1180 (2003). The court noted, however, that "liability of the employer only attaches if and when it is adjudged that the employee was negligent," and, although "public entities always act through individuals, that does not convert a claim for direct negligence into one based on vicarious liability." *Id.*; see also *Munoz,* 120 Cal.App.4th at 1113-114; *Sanders v. City of Fresno,* No. CIVA 05-0469 AWI SMS, 2006 WL 1883394 at *9 (E.D. Cal. July 7, 2006). Similarly, in *Reinhardt v. Santa Clara County,* No. C05-05143 HRL, 2006 U.S. Dist. LEXIS 14626 (N.D. Cal. March 15, 2006), plaintiffs alleged a claim against public entities for failure to train and supervise. The *Reinhardt* court noted that the plaintiffs had not pointed to a statute that imposed a duty, and that Government Code § 815.2 only imposed vicarious liability for acts of an employee. *Id.*, at *6. Citing *Munoz,* the district court held, "[f]ailure to train, however, is a 'direct' act on the part of the entity, not on the part of the employee." *Reinhardt,* 2006 U.S. Dist. at *6 (N.D. Cal.2006).

///

Additionally, the cases cited in State Defendants' motion to dismiss, including *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 263 (2007), clearly outlines that in the absence of a special relationship, a public entity, such as CHP, cannot be held vicariously liable for negligent training, overseeing, and discipline of subordinates. This district outlined the necessity of a special relationship for this type of claim to survive in *H.B. v. City of Torrance* No. CV1702373 SJO GJS, 2017 WL 10518108 at *4-5 (C.D. Cal. Aug. 16, 2017). There, the court noted that a claim based on negligent hiring is generally "one of direct liability for negligence, not vicarious liability" since liability for negligent hiring "requires some nexus or causal connection between the principal's negligence in selecting or controlling an actor, the actor's employment or work, and the harm suffered by the third party." *Id.*, at *5 (quoting *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009)). The *H.B.* court noted that the Supreme Court of California has held that in special circumstances a public entity can be held vicariously liable for negligent hiring and supervision by its employees. *Id.*; see *C.A. v. William S. Hart Union*, 53 Cal. 4th 861, 865 (2012). However, to establish vicarious liability for negligent hiring, a plaintiff must establish that "supervisory and administrative" employees of the government entity "knew or had reason to know of [an employee]'s dangerous propensities and acted negligently in hiring, supervising and retaining [him or] her." *C.A. v. William S. Hart Union*, 53 Cal. 4th at 868-69. As in any action for negligence, the Plaintiff must also establish that the tortfeasor had a duty of care to the victim, and that the breach of this duty caused the victim's harm. *Id.* at 876. "Absent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention, or supervision of a fellow employee, and hence no vicarious liability under section 815.2." *H.B. v. City of Torrance*, No. CV1702373 SJO GJS, 2017 WL 10518108, at *3 (C.D. Cal. Aug. 16, 2017).

///

///

Plaintiff has not alleged that any special relationship existed between him and the Defendant Officers that would give rise to this negligence theory. Since a special relationship did not exist at the time of the officer-involved shooting, CHP cannot be liable for Plaintiff's failure to train, oversee, and discipline subordinates' negligence claim. As such, Plaintiff's sixth cause of action for negligence against State Defendants should be dismissed.

### D. Plaintiff Fails to Allege Facts Sufficient to Support a Bane Act Claim

Finally, Plaintiff's FAC lacks allegations regarding the State Defendants' specific intent to violate Plaintiff's rights or reckless disregard for his constitutional rights. Moreover, Plaintiff fails to plead with particularity facts sufficient to draw a reasonable inference that State Defendants acted "with the particular purpose" of violating his constitutional rights. See *Cornell*, 17 Cal.App. 5th, at 803. *Cornell* held that "the egregiousness required by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id.* at 384.

Plaintiff does not provide any allegations evincing the required special intent on part of Officer Irick. Plaintiff's allegations are nothing but conclusory statements that State Defendants intended to violate his rights and/or acted with reckless disregard to his constitutional rights, without more. Accordingly, Plaintiff's seventh cause of action against the State Defendants fails to state a claim and should be dismissed.

///

///

///

## III. CONCLUSION

Based on the foregoing, as well as the points and arguments addressed in State Defendant's moving papers, the State Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's First Amended Complaint.

Dated: April 25, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

*/s/ Ashley Reyes*

ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendant, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

SD2025300206
95623404.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | ***Gonzalez v. State of California, et al.*** | No. | **5:25-cv-00331-KK-DTB** |

I hereby certify that on <u>April 25, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 25, 2025</u>, at Fresno, California.

| C. Vue | */s/ C. Vue* |
|---|---|
| Declarant | Signature |

SD2025300206
95623405.docx