**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff*

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
*Andrea.Kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

*Attorneys for Defendants City of Hemet, Patrick Sobaszek, and Andrew Reynoso*

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
MARIO GARCIA
Deputy Attorney General
State Bar No. 339990
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov

*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference:**<br>Date: May 22, 2025<br>Time: 10:00 AM<br>Location: Courtroom 3<br>3470 Twelfth Street<br>Riverside, California 92501 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and this Court's Order Setting Scheduling Conference (Doc. 24), the early meeting of counsel has been conducted between counsel for Plaintiff George Gonzalez ("Gonzalez") and counsel for Defendants State of California ("State"), by and through California Highway Patrol ("CHP"), and CHP Officer Sean Irick ("Irick"), (collectively, "State Defendants"); and City of Hemet ("City"), Hemet Police Department, Officers Patrick Sobaszek ("Sobaszek"), and Andrew Reynoso ("Reynoso"), (collectively, "Hemet Defendants"). The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Rule 26(f) Report.

**A.    Joint Statement of the Case:**

1. Short Synopsis of Plaintiff's Claims for Relief:

This civil rights and state tort action arises out of the January 24, 2024 excessive and unreasonable officer-involved shooting of Plaintiff George Gonzalez, by Defendants California Highway Patrol Officer Sean Irick and City of Hemet Police Department Officer Patrick Sobaszek and Sergeant Andrew Reynoso. At approximately 8:30 p.m., Plaintiff was confronted by the Defendant Officers which led to a short foot pursuit in an industrial area. The Defendant Officers used deadly force against Plaintiff, without warning, while there were several reasonable alternatives available, and when Plaintiff was not an immediate threat of death or serious bodily injury to anyone. The Defendant Officers continued to shoot Plaintiff falling to the ground and while face down on the ground after already being shot.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. §1983 against the Defendant Officers for Excessive Force and brings causes

of action under 42 U.S.C. §1983 against the City for Failure to Train, Ratification, and Unconstitutional Custom, Practice or Policy. Plaintiff also brings causes of action under state law including Battery, Negligence, and violation of the Bane Act.

     2.    <u>Short Synopsis of Defendants' Affirmative Defenses</u>:

a) State Defendants

On January 24, 2024 at approximately 7:36 p.m., California Highway Patrol (CHP) Officer Sean Irick and Hemet Police Detective Patrick Sobaszek, both part of the Gang Task Force, were partnered up and patrolling in the same vehicle when they received a tip that Plaintiff, a felon with an outstanding warrant for possession of illegal firearms and controlled substances, was at the home of a female he was associated with and would not leave. Upon law enforcement's arrival to the house, Plaintiff entered his vehicle and barricaded himself inside. He refused to exit his vehicle, failed to comply with officers' commands, and was jumping back and forth from the driver's seat to the backseat. Officer Irick believed Plaintiff was under the influence of a controlled substance based on his erratic behavior. Approximately 10 minutes later, at 7:45 p.m., Plaintiff started his vehicle, put it into reverse, and accelerated his vehicle toward the officers, who were outside their patrol vehicles with their weapons drawn. A high-speed chase ensued. Approximately fifteen minutes later, Plaintiff's vehicle came to a stop due to a moving train blocking the roadway. A foot pursuit then ensued through the premises of Perricone Farms, located in Beaumont, California.

During the foot pursuit, Officer Irick noticed that one of the doors to the Perricone Farms building several feet away was open, and that the factory was open for business with employees inside. He was concerned that this would quickly escalate into a hostage situation if Plaintiff entered the building with the employees. While Plaintiff was running towards the open door, he began to turn towards the officers with a gun in his hand. Fearing that Plaintiff was going to fire his weapon at

him, Officer Irick opened fire on Plaintiff. Upon falling to the ground, a loaded 9mm handgun fell from Plaintiff's person.

Based on the totality of the circumstances, the use of force utilized by Officer Irick was reasonable. Officer Irick is also entitled to qualified immunity. Additionally, CHP and Officer Irick are immune pursuant to Government Code sections 815.2, 820.2, 820.4, 820.8.

b)  Hemet Defendants

On 01/24/2024, Region 3 Gang Task Force (GTF) Detective P. Sobaszek received information regarding Plaintiff being at a residence in violation of a restraining order. Plaintiff was believed to be armed with a firearm and standing in front of the home with Yvonne Nieves (protected party in a restraining order). Plaintiff was the restrained party in the court order and was not allowing her to leave. When officers arrived on the scene, Plaintiff barricaded himself in his vehicle at the location, believed to be armed with a firearm, and not complying with officer commands, including "come out with your hands up", "come out of the car", and "turn the car off". Plaintiff ignored commands and responded "You're going to have to kill me."

Plaintiff's erratic behavior quickly escalated and he started his vehicle. Plaintiff reversed the vehicle and drove diagonally across the lawn, around the police vehicles, and fled eastbound on Whittier Avenue, hitting some trashcans on his way onto the street. Officers immediately followed Plaintiff in their police vehicles with activated emergency red and blue lights (including solid red, forward-facing light) and sirens.

During the vehicle pursuit, Plaintiff engaged in dangerous and illegal driving speeds of over 100 miles per hour, driving on the wrong side of the road, recklessly driving through a business parking lot, and failing to stop at posted stop signs and red lights. Eventually, the pursuit reached Beaumont Avenue and First Street, where

4  Case No. 5:25-cv-00331-KK-DTB
JOINT RULE 26(F) REPORT

traffic and Beaumont Police vehicles were blocking most of the intersection.

The vehicle pursuit lasted 18 minutes covering a distance of approximately 21.3 miles from the city streets of Hemet, then San Jacinto, and ultimately Beaumont. Plaintiff attempted to drive his vehicle eastbound next to the train tracks but his vehicle got stuck on the tracks. Plaintiff exited his vehicle and fled on foot eastbound on the north side of Perricone Juices warehouse.

Officers gave chase on foot as Plaintiff fled eastbound along the north side of the building, then southbound along the east side of the building, and finally westbound along the south side of the building. Officers continued to shout commands for Plaintiff to stop and Plaintiff began to turn toward officers with a firearm in his hand. Due to safety concerns and fear of being shot, the officers fired their guns. Plaintiff fell to the ground with his loaded firearm.

Hemet Defendants are immune from liability under the doctrine of Qualified Immunity. At all relevant times, Hemet Defendants acted within the scope of their discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.

**B.     Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

C. **Legal Issues:**

1. Whether the Defendant Officers used excessive and/or unreasonable force against the Plaintiff.
2. Whether the City failed to adequately train its officers.
3. Whether the City ratified any unlawful conduct of its officers.
4. Whether any policy or custom of the City was the moving force resulting in a violation of the Plaintiff's rights.
5. Whether Defendant Officers were negligent toward the Plaintiff.
6. Whether the Plaintiff's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by the Defendants.
7. The nature and extent of Plaintiff's damages.
8. Whether Plaintiff is entitled to punitive damages.

D. **Parties, Evidence, etc.:**

*Parties*: The parties are Plaintiff George Gonzalez; and Defendants State of California, by and through California Highway Patrol, and CHP Officer Sean Irick, City of Hemet, and HPD Officers Patrick Sobaszek and Andrew Reynoso.

*Witnesses*: The percipient witnesses include Hemet Police Department officers and investigators, State officers and investigators, and other personnel present at the scene of the incident. Other percipient witnesses include Perricone Farms employees, and the female associated with Plaintiff who's house he was at prior to the incident. Additional non-percipient witnesses may include expert witnesses and witnesses to Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all witnesses.

*Key Documents*: The key documents include City and State Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional

documents may include City training policies and records; relevant portions of diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Plaintiff caused by Defendants; Defendants' policies, procedures, and training documents; depositions of the parties and witnesses; responses to written discovery; the criminal investigation regarding the incident; and Plaintiff's prior criminal history.

E.   **Damages**:

Plaintiff claims general and special compensatory damages, according to proof at trial. Plaintiff seeks punitive and exemplary damages against the individual Defendant Officers only. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiff believes a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the Plaintiff's severe pain and suffering, a reasonable jury could award in excess of $10,000,000 in this matter.

Defendants deny all liability and wrongdoing for any and all of Plaintiffs claims. Hemet Defendants further deny that Plaintiff has suffered any damages.

F.   **Insurance**:

a) State Defendants

Defendants are defended and indemnified by the State of California. The State of California is self-insured in this matter.

b) Hemet Defendants

Hemet Defendants are self-insured under the Government Code. See, California Government Code § 989 et seq.

**G.  Procedural Motions:**

a) Plaintiff

After review of the discovery material, Plaintiff will be able to determine whether it is necessary to name any Doe Defendants and whether there were any other violations of Plaintiff's rights by Defendants. Depending on that review, Plaintiff anticipates amending the pleadings to name of DOE defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of Plaintiff's constitutional and state law rights.

b) State Defendants

State Defendants have filed a Motion to Dismiss the First Amended Complaint which is currently pending before the Court. State Defendants anticipate filing a motion for summary judgment.

c) Hemet Defendants

Hemet Defendants intend to file motions for summary judgment or adjudication of the issues, potentially including on the basis of qualified immunity and/or time-bar arising from the operative statute of limitations. Hemet Defendants may file a motion for judgment on the pleadings if warranted.

Aside from the above, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties intend to file motions *in limine* including *Daubert* motions, and other pretrial motions as may be necessary.

**H.  Manual for Complex Litigation:**

The parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

I. **Status of Discovery:**

Pursuant to Rule 26(f), the parties have conducted conference of counsel, discussed timing of initial disclosures and a mutually agreed upon discovery plan. No discovery has taken place at this time. Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on May 21, 2025.

    a) Hemet Defendants

Hemet Defendants are preparing and will be serving written discovery, including requests for production of documents, interrogatories, and requests for admission.

J. **Discovery Plan:**

    FRCP 26(f)(3)(A):

The parties do not anticipate deviating from the requirements FRCP 26(a) and initial disclosures shall be filed forthwith.

    FRCP 26(f)(3)(B):

    a) Plaintiff

Plaintiff anticipates serving discovery regarding the City and State records regarding the incident and taking the depositions of officers who were present during the incident. Plaintiff may also seek to depose experts and the persons most knowledgeable of City and/or State training, policies and procedures and the investigation into this incident. Further, Plaintiff plans to retain several experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

    b) State Defendants

State Defendants anticipate propounding written discovery upon Plaintiff

regarding his claims and damages. State Defendants anticipate taking the deposition of Plaintiff, third-party witnesses, and any medical and mental healthcare professionals that have treated Plaintiff and Plaintiff's experts. State Defendants will also retain experts who will opine on and testify to issues of liability, causation, and damages.

    c)  Hemet Defendants

Hemet Defendants intends to propound written discovery and subpoena records relevant to the alleged claims and damages.

Hemet Defendants also anticipate taking depositions of Plaintiff, Plaintiff's percipient witnesses, third party witnesses, and the parties' expert witnesses.

Hemet Defendants intend to retain experts to address Plaintiff's claims and alleged damages.

FRCP 26(f)(3)(C):

The parties do not see any issues with electronically stored information pursuant to Rule 26(0(3)(c) in this case.

FRCP 26(f)(3)(D):

    The parties will file a Stipulated Protective Order with the Honorable Magistrate Judge David T. Bristow prior to the exchange of initial disclosures.

FRCP 26(f)(3)(E):

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time.

    1.   Discovery Cut-off:

The parties propose a fact discovery cut-off, including the resolution of all discovery motions, of November 21, 2025, which is also as set forth below.

    2.   Expert Discovery:

The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on December 5, 2025; Rebuttal Expert Disclosure on

December 19, 2025; and Expert Discovery Cut-off of January 5, 2026. The dates for Initial and Rebuttal Expert Disclosure are also set forth below.

**K.    Dispositive Motions:**

The parties have discussed potential motions and proposed the motion dates set forth in the attached schedule.

The parties agree and request that for any motion made pursuant to F.R.C.P. 56, the opposing party shall have two weeks to prepare and file their opposition papers, and a reply shall be due two weeks thereafter, which is reflected in the proposed dates within.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

a)  Hemet Defendants

Hemet Defendants anticipate bringing dispositive motions, including a Motion for Summary Judgment. or adjudication of the issues, on the basis of qualified immunity and/or time-bar arising from the operative statute of limitations;

Hemet Defendants also intend to file *Daubert* motions in limine; and other pretrial and/or post- trial motions as may be appropriate.

**L.    Settlement/Alternative Dispute Resolution (ADR):**

The parties have not engaged in settlement discussions.

Plaintiff is willing to engage in early mediation.

The parties are agreeable to participating in ADR Procedure No. 2 (panel mediation) with Richard Copeland.

**M.    Consent to a Magistrate Judge:**

Counsel for the parties have discussed the magistrate judge consent program

with their respective clients. Counsel for the parties have met and conferred to discuss the consent program and selection of a magistrate judge. The parties do not consent to having a magistrate judge preside over the matter for all purposes pursuant to 28 U.S.C. § 636.

N. **Trial Estimate:**

The parties believe that this case can be tried in six to ten days, including *voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

    a)  Plaintiff

Plaintiffs contemplate calling approximately twelve (10) to twelve (12) witnesses for liability and damages.

    b)  State Defendants

State Defendants contemplate calling approximately fifteen to twenty witnesses for liability and damages.

    c)  Hemet Defendants

Hemet Defendants anticipate calling approximately 10 witnesses depending on the number of experts designated and number of witnesses developed during discovery.

O. **Trial Counsel:**

Dale K. Galipo (Lead) and Marcel F. Sincich, of the Law Offices of Dale K. Galipo, along with Trent C. Packer of Grech, Packer, & Hanks, will try this case for Plaintiff.

Ashley Reyes (Lead) and Mario Garcia of the State of California Attorney General's Office, will try this case for Defendants State of California, acting by and

through the California Highway Patrol, and Officer Sean Irick.

Eugene P. Ramirez (Lead), Andrea K. Kornblau, and Khouloud E. Pearson of Manning & Kass, Ellrod, Ramirez, Trester LLP, will try this case for Defendants City of Hemet, Patrick Sobaszek, and Andrew Reynoso.

**P.    Independent Expert:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**Q.    Timetable:**

Counsel have agreed to the dates in the Schedule of Pretrial Dates below, which takes into account the trial availability for all counsel.

**R.    Other Issues:**

The parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidential.

Respectfully submitted,

DATED: May 8, 2025            **LAW OFFICE OF DALE K. GALIPO**
                                                               **GRECH, PACKER, & HANKS**

By:  */s/ Marcel F. Sincich*
            Dale K. Galipo
            Trenton C. Packer
            Marcel F. Sincich
            *Attorneys for Plaintiff*

```
 1
 2  DATED: May 8, 2025          ROB BONTA
                                Attorney General of California
 3                              NORMAN D. MORRISON IV
                                Supervising Deputy Attorney General
 4
 5                              By:  /s/ Ashley Reyes
                                     Ashley Reyes
 6                                   Mario Garcia
 7                                   Attorneys for Defendants State of California,
                                     acting by and through the California
 8                                   Highway Patrol, and Officer Sean Irick
 9
10  DATED: May 8, 2025          MANNING & KASS
                                ELLROD, RAMIREZ, TRESTER LLP
11
12                              By:  /s/ Khouloud Pearson
                                     Eugene P. Ramirez
13                                   Andrea K. Kornblau
                                     Khouloud Pearson
14                                   Attorneys for Defendants
15
16
17
...
27
```

## SCHEDULE OF PRETRIAL DATES

| Matter | Deadline (in weeks/months after scheduling conference) | Joint Requested Date |
|---|---|---|
| Last Day to Stipulate or File Motion to Amend Pleadings or Add New Parties | *Low Level*: 2-3 weeks<br>*Medium Level*: 4-7 weeks<br>*High Level*: 8-10 weeks | 07/10/2025 |
| Fact Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 2 months<br>*Medium Level*: 3-6 months<br>*High Level*: 7-10 months | 11/21/2025 |
| Matter | Deadline (in weeks after fact discovery cut-off) | Joint Requested Date |
| Last Day to Serve Initial Expert Reports | *Low Level*: 1 week<br>*Medium Level*: 2 weeks<br>*High Level*: 4 weeks | 12/05/2025 |
| Last Day to Serve Rebuttal Expert Reports | Low Level: 2 weeks<br>Medium Level: 4 weeks<br>High Level: 8 weeks | 12/19/2025 |
| Expert Discovery Cut-Off (including hearing of discovery motions) | *Low Level*: 3-4 weeks<br>*Medium Level*: 6-7 weeks<br>*High Level*: 12-14 weeks | 01/09/2026 |
| Motion Hearing Cut-Off | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | 03/12/2026 |
| Last Day to Conduct Settlement Proceedings | *Low Level*: 8-9 weeks<br>*Medium Level*: 11-12 weeks<br>*High Level*: 18-20 weeks | [ ] Magistrate Judge<br>[X] Mediation Panel<br>[ ] Private Mediation<br><br>Requested date: 04/13/2026 |
| Final Pretrial Conference (Thursday at 10:30 a.m.) | *Low Level*: 10-12 weeks<br>*Medium Level*: 15-20 weeks<br>*High Level*: 24-30 weeks | 04/23/2026 |
| Trial (Monday at 8:30 a.m. for jury trials; Monday at 9:00 a.m. for bench trials) | 18 days after Final Pretrial Conference | [X] Jury<br>[ ] Bench<br><br>Estimated duration: 6-10 days.<br><br>Requested date: |

| | | 05/11/2026 |
|---|---|---|