UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 25-331-KK-DTBx | Date: | May 15, 2025 |
|---|---|---|---|
| Title: | *George Gonzalez v. City of Hemet et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss the First Amended Complaint [Dkt. 23]**

I.
**INTRODUCTION**

On March 17, 2025, plaintiff George Gonzalez ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants City of Hemet ("Hemet"), State of California ("State"), Patrick Sobaszek ("Sobaszek"), Andrew Reynoso ("Reynoso"), Sean Irick ("Irick"), and Does 1 through 10 (collectively, "Defendants"). ECF Docket No. ("Dkt.") 20, FAC. Plaintiff alleges various federal and state claims arising from the police-involved shooting of Plaintiff on January 24, 2024. Id. On April 1, 2025, defendant State and defendant Irick (together, "State Defendants") filed the instant Motion to Dismiss the FAC ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 23, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

///

///

///

# II.
# BACKGROUND

## A.  PROCEDURAL HISTORY

On December 24, 2024, Plaintiff commenced this action by filing a Complaint in Riverside County Superior Court asserting various federal and state claims arising from the police-involved shooting of Plaintiff on January 24, 2024.  Dkt. 1-1.  On February 5, 2025, defendant Hemet removed the action to this Court pursuant to 28 U.S.C. § 1441(a).  Dkt. 1.

On March 17, 2025, Plaintiff filed the operative FAC setting forth the following causes of action:

(1) **First Cause of Action:** Excessive Force in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Sobazsek, defendant Reynoso, defendant Irick (collectively, "Officer Defendants") and Doe Defendants 1 through 10;

(2) **Second Cause of Action:** Municipal Liability – Ratification in violation of Section 1983 against defendant Hemet and Doe Supervisors pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell");

(3) **Third Cause of Action:** Municipal Liability – Failure to Train in violation of Section 1983 against defendant Hemet and Doe Supervisors pursuant to Monell;

(4) **Fourth Cause of Action:** Municipal Liability – Unconstitutional Custom in violation of Section 1983 against defendant Hemet and Doe Supervisors pursuant to Monell;

(5) **Fifth Cause of Action:** Battery under California State Law against all Defendants;

(6) **Sixth Cause of Action:**  Negligence under California State Law against all Defendants; and

(7) **Seventh Cause of Action:**  Violation of Section 52.1 of California Civil Code ("Bane Act") against all Defendants.

FAC at 11-38.

On April 1, 2025, State Defendants filed the instant Motion to Dismiss the First Amended Complaint, arguing Plaintiff's First, Fifth, Sixth, and Seventh Causes of Action fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Mot. at 2.

On April 17, 2025, Plaintiff filed an Opposition to the Motion.  Dkt. 25.  On April 25, 2025, State Defendants filed a Reply in support of their Motion.  Dkt. 26.

This matter, thus, stands submitted.

///

///

///

B.   **RELEVANT FACTS**

Plaintiff is an individual residing in Riverside County, California. FAC ¶ 8. Defendant Irick is a California Highway Patrol Officer employed by defendant State. Id. ¶ 14. Defendants Sobaszek and Reynoso are police officers with the Hemet Police Department. Id. ¶¶ 10-11.

The FAC alleges the following:

On January 24, 2024, at approximately 8:30 p.m., Officer Defendants pursued Plaintiff on foot through an industrial area, but "were not responding to a serious or violent crime[.]"[1] Id. ¶¶ 23-25. "[A]t all relevant times, [Plaintiff]'s back was to [Officer Defendants]." Id. ¶ 25. Plaintiff "was slowing down to a stop" before he "was shot multiple times from behind by [Officer Defendants]." Id. ¶¶ 27-28. After being shot, Plaintiff "collapsed to the floor in a prone position, face down." Id. ¶ 28. Officer Defendants continued firing their weapons after Plaintiff collapsed to the floor, collectively discharging over 20 rounds, striking Plaintiff multiple times. Id. ¶¶ 27, 29. Specifically, defendant Irick fired "approximately five shots at [Plaintiff]." Id. ¶ 27.

Plaintiff "was not harming any person, was not about to harm any person, had not harmed any person, and had not threatened to harm any person," and did not engage in any threatening behavior immediately prior to or during the shooting. Id. ¶ 30. Additionally, Officer Defendants failed to provide verbal warnings and did not use less-lethal alternatives that were available to them. Id. ¶ 31. Officer Defendants also failed to de-escalate the encounter, and instead, escalated it through "poor planning, lack of communication[,]" and tactical errors in violation of basic officer training. Id. ¶¶ 32-34.

As a result of the Officer Defendants' conduct, Plaintiff suffered serious physical injuries, underwent emergency surgery, and continues to experience physical and emotional harm. Id. ¶¶ 36, 38-39.

## III.
## LEGAL STANDARD

A complaint may be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In considering whether a complaint states a claim, a court must "construe the pleadings in the light most favorable to the nonmoving party," Capp v. Cnty. of San Diego, 940 F.3d 1046, 1052 (9th Cir. 2019) (quoting Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005)), accepting as true all factual allegations in the complaint and drawing all reasonable inferences in the nonmoving party's favor. Moreno v. UtiliQuest, LLC, 29 F.4th 567, 573 (9th Cir. 2022). The court, however, need not accept as true "a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] The FAC does not contain allegations regarding the facts precipitating the pursuit.

Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV.
## DISCUSSION

### A.     PLAINTIFF'S FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE AGAINST DEFENDANT IRICK SUFFICIENTLY STATES A CLAIM

#### 1.     Applicable Law

The Fourth Amendment prohibits "unreasonable" government searches and seizures. Caniglia v. Strom, 593 U.S. 194, 197-98 (2021). Claims for excessive force in violation of the Fourth Amendment are governed by the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). The reasonableness standard "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (internal quotation marks omitted). In other words, a court must "balance the amount of force applied against the need for that force." Bryan v. MacPherson, 630 F.3d 805, 823-24 (9th Cir. 2010).

In evaluating a Fourth Amendment excessive force claim, a court must first "assess the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted." Espinosa v. City & Cnty. of San Francisco, 598 F.3d 528, 537 (9th Cir. 2010) (internal quotation marks omitted), abrogated on other grounds by Cnty. of Los Angeles v. Mendez, 581 U.S. 420 (2017). Next, the court must evaluate the government's interests in the use of force at issue. Espinosa, 598 F.3d at 537. Under Graham, this analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. "[W]hether the suspect poses an immediate threat to the safety of the officers or others" is the "most important" of the Graham factors. Smith v. City of Hemet, 394 F.3d 689, 702 (9th Cir. 2005). Finally, the court "balance[s] the gravity of the intrusion on the individual against the government's need for that intrusion." Espinosa, 598 F.3d at 537.

The use of deadly force is reasonable "only if the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." Scott v. Henrich, 39 F.3d 912, 914 (9th Cir. 1994) (quoting Tennessee v. Garner, 471 U.S. 1, 3 (1985)) (internal quotation marks omitted). When a suspect is armed or "reasonably suspected" to be armed, "a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat" rendering the use of deadly force reasonable. George v. Morris, 736 F.3d 829, 838 (9th Cir. 2013). On the other hand, the use of deadly force is not reasonable when a suspect has taken no "objectively threatening" actions, even when the suspect is armed. Id.; see also Zion v. Cnty. of Orange, 874 F.3d 1072, 1076 (9th Cir. 2017) ("[T]he use of deadly force against a non-threatening suspect is unreasonable.").

**2.     Analysis**

Here, Plaintiff alleges sufficient facts to state a claim for excessive force in violation of the Fourth Amendment based upon the allegations defendant Irick used deadly force against a suspect who did not pose a significant threat of death or serious physical injury to defendant Irick or others.

As alleged in the FAC, Officer Defendants "were not responding to a serious or violent crime" at the time of the shooting.  FAC ¶ 24.  In addition, throughout the pursuit, "[Plaintiff's] back was to [Officer Defendants]."  Id. ¶ 25.  Plaintiff further alleges he "was not harming any person, was not about to harm any person, had not harmed any person, and had not threatened to harm any person."  Id. ¶ 30.  Despite these alleged circumstances, Plaintiff alleges defendant Irick shot Plaintiff from behind approximately five shots while Plaintiff was fleeing on foot from Officer Defendants.  FAC ¶¶ 25, 27, 28.

State Defendants argue Plaintiff fails to provide the factual context to demonstrate defendant Irick's use of force was objectively unreasonable.  Mot. at 4-8.  The Court acknowledges the severity of the crime at issue is a relevant factor under Graham when analyzing whether the use of force is reasonable given that "a particular use of force would be more reasonable, all other things being equal, when applied against a felony suspect than when applied against a person suspected of only a misdemeanor[.]"  S.R. Nehad v. Browder, 929 F.3d 1125, 1136 (9th Cir. 2019).  However, the Ninth Circuit has expressly rejected the notion that the seriousness of the offense alone may serve as a proxy for dangerousness.  Id. (rejecting the "severity-of-crime as proxy-for-danger approach").  Plaintiff alleges defendant Irick employed deadly force by shooting Plaintiff five times.  See Smith, 394 F.3d at 705 (holding deadly force includes all uses of force reasonably likely to kill) (citation omitted).  It is well established that it is unreasonable to use deadly force against a suspect fleeing from the police unless the suspect poses an immediate threat.  See Harris v. Roderick, 126 F.3d 1189, 1201 (9th Cir. 1997) ("Law enforcement officers may not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons") (citation omitted).  As set forth above, despite failing to detail the underling circumstances prompting the pursuit, Plaintiff sufficiently alleges facts establishing he did not pose a "significant threat of death or serious physical injury" to Officer Defendants at the time defendant Irick used deadly force.[2]  See Scott, 39 F.3d at 914.

---

[2] State Defendants cite Hoffmann v. Jourdan, No. 2:14 CV-2736-MCE-KJN-P, 2015 WL 6438249, at *3 (E.D. Cal. Oct. 22, 2015) in support of their argument Plaintiff fails to sufficiently allege factual context leading up to the shooting.  Mot at 5.  However, the allegations here are clearly distinguishable from the allegations in Hoffman.  Notably, Plaintiff alleges Officer Defendants employed deadly force by firing over 20 rounds, whereas in Hoffman, the officer defendants allegedly punched, tasered, and jumped on top of the plaintiff.  FAC ¶ 27; Id.  Because "whether the suspect poses an immediate threat to the safety of the officers or others" is the "most important" of the Graham factors, Smith, 394 F.3d at 702, the nature and degree of force used in this case – multiple gunshots fired – raises a different question regarding the immediacy and severity of the threat posed, distinguishing it from the less-lethal force used in Hoffmann.

Thus, Plaintiff has adequately alleged a claim for excessive force in violation of the Fourth Amendment against defendant Irick. Accordingly, State Defendants' Motion to Dismiss Plaintiff's First Cause of Action for failure to state a claim is **DENIED**.[3]

**B.   PLAINTIFF'S FIFTH CAUSE OF ACTION FOR BATTERY AGAINST STATE DEFENDANTS SUFFICIENTLY STATES A CLAIM**

**1.   Applicable Law**

To prevail on a claim for battery under California law, a plaintiff must show the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, the plaintiff did not consent to such contact, and such contact caused injury, damage, loss, or harm to the plaintiff. Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007); accord. Brown v. Ransweiler, 171 Cal. App. 4th 516, 526-27 (2009). In an excessive force case, a plaintiff asserting a claim for battery must establish the defendant officer's use of force was unreasonable. Avina v. United States, 681 F.3d 1127, 1131 (9th Cir. 2012). Such claims are governed by the Fourth Amendment's "objective reasonableness" standard. Id.; see also Diaz v. Cnty. of Ventura, 512 F. Supp. 3d 1030, 1048 (C.D. Cal. 2021) ("[C]laims for battery against police officers acting in their official capacities 'are analyzed under the reasonableness standard of the Fourth Amendment[.]'").

**2.   Analysis**

Here, Plaintiff's claim of battery is based on the use of deadly force against Plaintiff by Officer Defendants, including defendant Irick. FAC ¶ 100. As discussed above in Section IV.A.2, the Court finds Plaintiff has sufficiently alleged defendant Irick's use of deadly force was

---

[3] State Defendants argue defendant Irick is entitled to qualified immunity because Plaintiff fails to allege defendant Irick violated a constitutional right. Mot. at 6. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The qualified immunity analysis is two-pronged. Id. at 236. Under the first prong, the issue is whether the facts, taken in the light most favorable to the party asserting the injury, show the defendant's conduct violated a constitutional right. Id. at 232. Under the second prong, the issue is whether the constitutional right in question was "clearly established" at the time the conduct at issue occurred. Id. at 232, 236.

Contrary to State Defendants' argument, as discussed in this section, Plaintiff has adequately alleged defendant Irick used excessive force in violation of the Fourth Amendment. Further, the law prohibiting the use of excessive force was clearly established at the time of the incident. See Zion v. Cnty. of Orange, 874 F.3d 1072, 1076 (9th Cir. 2017) (holding it is clearly established "the use of deadly force against a non-threatening suspect is unreasonable"); see also Est. of Lopez by & through Lopez v. Gelhaus, 871 F.3d 998 (9th Cir. 2017) (holding the use of deadly force against a domestic violence suspect armed with a gun would violate the Fourth Amendment where the suspect did not point his gun at the defendant officers prior to being shot). Here, Plaintiff alleges his back was to Officer Defendants during the pursuit, and he "was not harming any person, was not about to harm any person, had not harmed any person, and had not threatened to harm any person," and did not engage in any threatening behavior immediately prior to or during the use of force. FAC ¶¶ 25, 30. Hence, defendant Irick is not entitled to qualified immunity at this stage.

unreasonable because Plaintiff did not pose an "immediate threat of death or serious bodily harm" to defendant Irick or others.  Id.  Therefore, Plaintiff sufficiently states a claim for battery.  See Hernandez v. City of Hemet, No. 5:22-CV-01933-RGK-SP, 2023 WL 2626965, at *2 (C.D. Cal. Jan. 5, 2023) (finding the plaintiff states a viable claim of battery against the officers and municipal defendants because the plaintiff adequately alleged the officers acted unreasonably under the circumstances).

Thus, Plaintiff has adequately alleged a claim of battery against State Defendants.[4]  Accordingly, State Defendants' Motion to Dismiss Plaintiff's Fifth Cause of Action for failure to state a claim against State Defendants is **DENIED**.

### C. STATE DEFENDANTS' MOTION TO DISMISS CAUSE OF ACTION SIX FOR NEGLIGENCE IS GRANTED IN PART AND DENIED IN PART

#### 1. Applicable Law

To prevail on a claim for negligence, a plaintiff must show the defendant owed the plaintiff a duty, the defendant breached that duty, and such breach was a proximate or legal cause of the plaintiff's injuries.  Merrill v. Navegar, Inc., 26 Cal. 4th 465, 477 (2001).  Under California law, law enforcement officers owe "a duty to act reasonably when using deadly force."  Hayes v. Cnty. of San Diego, 57 Cal. 4th 622 (2013).  Whether an officer has breached this duty "is determined in light of the totality of circumstances."  Id.  Generally, an officer's use of deadly force "will be considered reasonable where the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."  Koussaya v. City of Stockton, 54 Cal. App. 5th 909, 936-37 (2020).

Section 815.2(a) of California Government Code imposes upon public entities vicarious liability for the tortious acts and omissions of their employees.  However, to impose vicarious liability on a public entity under the respondeat superior theory, there must be a special relationship between the public entity and the plaintiff, such as the relationship between the school administrators and students under their supervision.  C.A. v. William S. Hart Union High Sch. Dist., 53 Cal. 4th 861, 877 (2012) (holding that "[a]bsent such a special relationship, there can be no individual liability to third parties for negligent hiring, retention or supervision of a fellow employee, and hence no vicarious liability under section 815.2."); see also de Villers v. Cnty. of San Diego, 156 Cal. App. 4th 238 (2007) (rejecting the argument that the county defendant can be vicariously liable for its employee's failure to investigate the toxicologist's murder of her husband using poison taken from the county coroner's office, as no evidence supports that the county employee had assumed a special relationship with the plaintiff).

#### 2. Analysis

Here, Plaintiff alleges sufficient facts to state a claim for negligence against defendant Irick. Plaintiff alleges defendant Irick had a duty "to use reasonable care to prevent harm or injury to others."  FAC ¶ 112; Lugtu v. California Highway Patrol, 26 Cal. 4th 703, 718 (2001) ("[W]e

---

[4] State Defendants do not dispute defendant State is directly and vicariously liable for the acts of defendant Irick.

conclude that, under California law, a law enforcement officer has a duty to exercise reasonable care for the safety of those persons whom the officer stops, and that this duty includes the obligation not to expose such persons to an unreasonable risk of injury by third parties."). State Defendants argue Plaintiff's negligence claim "based on [defendant Irick's] alleged breach of a duty to refrain from using excessive force fails along with his Fourth Amendment claims." Mot. at 8. However, as discussed above in Section IV.A.2, Plaintiff has adequately alleged defendant Irick used unreasonable excessive force against him. FAC ¶ 113. Additionally, Plaintiff has sufficiently alleged the excessive force injured him. Id. ¶ 114. Thus, Plaintiff has sufficiently pled a claim of negligence against defendant Irick.

However, Plaintiff fails to allege sufficient facts to state a claim for negligence under the vicarious liability theory against defendant State. Plaintiff does not allege defendant State is directly liable, but rather alleges defendant State is vicariously liable for failure to train, supervise, and discipline its agent, defendant Irick, pursuant to section 815.2 of the California Government Code. FAC ¶ 113; dkt. 25 at 11. Plaintiff fails to allege facts that a special relationship exists between him and defendant State. See e.g., William S. Hart High Union Sch. Dist., 53 Cal. 4th at 877 (finding a special relationship exists between school administrators and students under their supervision). Therefore, Plaintiff has not sufficiently pled defendant State is vicariously liable for the conduct of defendant Irick. See Herd v. Cnty. of San Bernardino, 311 F. Supp. 3d 1157, 1171 (C.D. Cal. 2018) (finding the plaintiff fails to allege the basis for the negligence claim under the vicarious liability theory against a municipal defendant for police officers' use of excessive force because the plaintiff fails to allege a special relationship exists). Thus, Plaintiff fails to state a claim for negligence against defendant State.

Accordingly, State Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action against defendant Irick is **DENIED**. However, Defendants' Motion to Dismiss Plaintiff's Sixth Cause of Action against defendant State is **GRANTED**.

### D.    PLAINTIFF'S SEVENTH CAUSE OF ACTION PURSUANT TO THE BANE ACT AGAINST STATE DEFENDANTS SUFFICIENTLY STATES A CLAIM

#### 1.    Applicable Law

The Bane Act creates a cause of action against persons who interfere with constitutional rights "by threat, intimidation, or coercion[.]" Cal. Civ. Code § 52.1. "[A] defendant is liable if he or she interfered with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." O'Toole v. Superior Ct., 140 Cal. App. 4th 488, 502 (2006). The "threat, intimidation[,] or coercion element of the claim" does not need to be "transactionally independent from the constitutional violation alleged." Reese v. Cnty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018); Calonge v. City of San Jose, 523 F. Supp. 3d 1101, 1106 (N.D. Cal. 2021). Plaintiff must show that an officer had the "specific intent" to violate their Constitutional rights. Reese, 888 F.3d at 1043 (quoting Cornell v. City & Cnty. of San Francisco, 17 Cal. App. 5th 766, 800 (2017), as modified (Nov. 17, 2017). "Specific intent does not require a showing that a defendant knew he was acting unlawfully; reckless disregard of the 'right at issue' is all that is necessary." Luttrell v. Hart, No. 5:19-CV-07300-EJD, 2020 WL 5642613, at *5 (N.D. Cal. Sept. 22, 2020) (citation omitted). "[A] reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." Reese, 888 F.3d at 1045 (citation omitted); see also, Barbour v. State, No. EDCV-22-926-JGB-KKx, 2023 WL 6369787, at *13 (C.D. Cal. Aug. 1, 2023).

### 2. Analysis

Here, Plaintiff alleges sufficient facts to state a claim for violation of the Bane Act. State Defendants argue Plaintiff fails to allege defendant Irick had the specific intent to violate Plaintiff's constitutional rights or that defendant Irick acted with reckless disregard. Mot. at 12. However, Plaintiff alleges "at all relevant times, [Plaintiff]'s back was to [Officer Defendants]", and prior to being shot, Plaintiff alleges he "was slowing down to a stop" before he "was shot multiple times from behind by [Officer Defendants]." FAC ¶¶ 25, 28. Drawing all reasonable inferences in Plaintiff's favor, the allegations in the FAC establish Plaintiff did not pose a threat to Officer Defendants, including defendant Irick, at the time he was shot. Accordingly, defendant Irick and the other Officer Defendants acted with reckless disregard for Plaintiff's constitutional rights by firing more than 20 rounds at him despite his lack of an immediate threat to them or anyone else. See Banks v. Mortimer, 620 F. Supp. 3d 902, 935 (N.D. Cal. 2022) (finding that when the allegation for constitutional misconduct is blatantly egregious, a reasonable jury could conclude that the officer acted with reckless disregard for the plaintiff's rights); see also Calonge v. City of San Jose, 523 F. Supp. 3d 1101, 1106 (N.D. Cal. 2021) (rejecting the defendants' argument that the plaintiff's allegations of intent are conclusory because the plaintiff's allegations that the officers shot the decedent in the back before evaluating behavioral cues or using de-escalation tactics sufficiently show that the officers' use of force was more than necessary under the circumstances).

Thus, Plaintiff sufficiently states a Bane Act claim against State Defendants.[5] Accordingly, State Defendants' Motion to Dismiss Plaintiff's Seventh Cause of Action for failure to state a claim is **DENIED**.

### E. PLAINTIFF IS GRANTED LEAVE TO AMEND

#### 1. Applicable Law

A court should freely grant leave to amend a complaint dismissed for failure to state a claim. Fed. R. Civ. P. 15(a)(2); see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). The court may dismiss without leave to amend, however, "if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).

#### 2. Analysis

Here, with respect to the Court's dismissal of Plaintiff's Sixth Cause of Action against defendant State, the Court cannot conclude amendment would be futile because it is possible "allegation of other facts consistent with the challenged pleading could . . . cure the deficiency." Telesaurus VPC, LLC, 623 F.3d at 1003. In addition, leave to amend would not prejudice defendant or produce undue delay. Accordingly, Plaintiff's Sixth Cause of Action against defendant State is **DISMISSED WITH LEAVE TO AMEND**.

---

[5] Municipalities cannot "avoid vicarious liability for the Bane Act violations of its employees, named or unnamed[.]". Rodriguez v. Cnty. of Los Angeles, 654 F. Supp. 3d 1029, 1052 (C.D. Cal. 2023) (citing K.J.P. v. Cnty. of San Diego, 621 F. Supp. 3d 1097, 1121 (S.D. Cal. 2022); D.V. v. City of Sunnyvale, 65 F. Supp. 3d 782, 787 (N.D. Cal. 2014)).

# V.
# CONCLUSION

For the reasons set forth above, State Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Request for dismissal of Cause of Action One pursuant to the Fourth Amendment is **DENIED**;

2. Request for dismissal of Cause of Action Five for battery under California State Law is **DENIED**;

3. Request for dismissal of Cause of Action Six for Negligence under California State Law against defendant Irick is **DENIED**;

4. Request for dismissal of Cause of Action Six for Negligence under California State Law against defendant State is **GRANTED**, and the claims are **DISMISSED WITH LEAVE TO AMEND**; and

5. Request for dismissal of Cause of Action Seven for violation of the Bane Act is **DENIED**.

**No later than fourteen (14) days from this Order,** Plaintiff shall file either (1) a Second Amended Complaint or (2) a statement indicating Plaintiff intends to proceed on the causes of action that survive. If Plaintiff chooses to file an amended complaint, Plaintiff shall lodge as an exhibit a redlined version of the amended pleading indicating all additions and deletions of material. Plaintiff is expressly warned that failure to file a Second Amended Complaint or a statement indicating Plaintiff's intent will result in this action being dismissed for failure to prosecute and comply with Court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.