Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Ashley Reyes
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,
acting by and through the California Highway
Patrol and Officer Sean Irick*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | Case No. 5:25-cv-00331-KK-DTB |
| Plaintiff, | **STATE DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **v.** | |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | |
| Defendants. | Trial Date:    May 11, 2026<br>Action Filed: December 24, 2024 |

Defendants, State of California, acting by and through the California Highway Patrol (CHP), and Officer Sean Irick, provide the following answer to Plaintiff's Second Amended Complaint:

### JURISDICTION AND VENUE

1.    The allegations contained in paragraph 1 contain legal conclusions to which no answer is required. To the extent an answer is required, these answering Defendants admit this Court has jurisdiction of this action.

///

///

2.    The allegations contained in paragraph 2 contain legal conclusions to which no answer is required. Answering Defendants admit this Court has supplemental jurisdiction of this action.

3.    The allegations contained in paragraph 3 contain legal conclusions to which no answer is required. To the extent an answer is required, these answering Defendants admit venue is proper.

4.    These answering Defendants admit Plaintiff served a claim for damages on the State of California, which was rejected. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and they are therefore denied.

## INTRODUCTION

5.    The allegations contained in paragraph 5 contain legal conclusions to which no answer is required. To the extent an answer is required, answering Defendants deny Plaintiff's rights were violated, or that Plaintiff is entitled to damages.

6.    These answering Defendants admit that Plaintiff was shot. These answering Defendants deny that Plaintiff was not an immediate threat of death or serious bodily injury. Answering Defendants also deny that excessive force was used against Plaintiff.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and they are therefore denied.

7.    These allegations contained in paragraph 7 are legal conclusions to which no response is required. To the extent an answer is required, answering Defendants deny that this action is in the public interest.

## PARTIES

8.    The allegations contained in paragraph 8 do not pertain to these answering Defendants, and therefore no answer is required.

///

9.    The allegations contained in paragraph 9 do not pertain to these answering Defendants and therefore no answer is required.

10.    The allegations contained in paragraph 10 do not pertain to these answering Defendants and therefore no answer is required.

11.    The allegations contained in paragraph 11 do not pertain to these answering Defendants and therefore no answer is required.

12.    The allegations contained in paragraph 12 do not pertain to these answering Defendants and therefore no answer is required.

13.    The allegations contained in paragraph 9 do not pertain to these answering Defendants and therefore no answer is required.

14.    These answering Defendants deny that the State/CHP are parties to this action under the theory of *respondeat superior* as to Plaintiff's federal civil rights claims. These answering Defendants admit the remaining allegations contained in paragraph 14.

15.    These answering Defendants admit Officer Irick is a CHP officer acting under color of law and was in the course and scope of his employment as a CHP officer. Answering Defendants deny Officer Irick used excessive and unreasonable deadly force against Plaintiff.

16.    These answering Defendants deny any DOE CHP Officers used excessive and unreasonable deadly force against Plaintiff. Additionally, not only do the allegations in paragraph 16 not identify any specific individuals, but it also fails to identify any specific behavior or actions of the DOE CHP officers. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and they are therefore denied.

17.    The allegations contained in paragraph 17 do not pertain to these answering Defendants, therefore no answer is required. In the event an answer is required, these answering Defendants are without knowledge or information

1  sufficient to form a belief as to the truth of the allegations contained in paragraph

2  17, and they are therefore denied.

3     18.   These answering Defendants deny that any non-State Defendant was the

4  agent of each and every other defendant. Answering Defendants also deny that they

5  had the legal duty to oversee and supervise the hiring, conduct, and employment of

6  any non-State Defendant.

7     19.   These answering Defendants admit CHP Officer Irick was acting in the

8  course and scope of his employment at the time of the incident. Answering

9  Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the remaining allegations contained in paragraph 19, and they are

11  therefore denied.

12     20.   The allegations contained in paragraph 20 are legal conclusions to which

13  no answer is required.

14     21.   These answering Defendants deny the allegations contained in paragraph

15  21.

16         **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17     22.    In responding to paragraph 22, these answering Defendants re-allege and

18  incorporate herein by reference the responses to paragraphs 1-21 above.

19     23.   These answering Defendants deny the allegations contained in paragraph

20  23.

21     24.   These answering Defendants deny the allegations contained in paragraph

22  24.

23     25.   These answering Defendants admit Plaintiff was being pursued on foot

24  through an industrial area. Answering Defendants deny the remaining allegations

25  contained in paragraph 25.

26     26.   These answering Defendants deny the allegations contained in paragraph

27  26.

28  ///

27.   These answering Defendants admit Plaintiff was shot. These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and they are therefore denied.

28.   These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28, and they are therefore denied.

29.   These answering Defendants deny the allegations contained in paragraph 29.

30.   These answering Defendants deny the allegations contained in paragraph 30.

31.   These answering Defendants deny the allegations contained in paragraph 31.

32.   These answering Defendants deny the allegations contained in paragraph 32.

33.   These answering Defendants deny the allegations contained in paragraph 33.

34.   These answering Defendants deny the allegations contained in paragraph 34.

35.  These answering Defendants deny the allegations contained in paragraph 35.

36.   These answering Defendants deny the allegations contained in paragraph 36.

## **DAMAGES**

37.   These answering Defendants admit that Plaintiff was handcuffed while officers looked for locations that Plaintiff had been struck. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37, and they are therefore denied.

1    38.    These answering Defendants are without knowledge or information

2    sufficient to form a belief as to the truth of the remaining allegations contained in

3    paragraph 38, and they are therefore deemed denied.

4    39.    These answering Defendants deny that Officer Irick's conduct was

5    negligent, done with reckless disregard, wrongful, or with deliberate indifference.

6    Answering Defendants are without knowledge or information sufficient to form a

7    belief as to the truth of the remaining allegations contained in paragraph 39, and

8    they are therefore denied.

9    40.    These answering Defendants deny the allegations contained in paragraph

10   40.

11   41.    The allegations contained in paragraph 41 are legal conclusions to which

12   no answer is required. To the extent an answer is required, answering Defendants

13   deny the allegations contained in paragraph 41.

14                    **FIRST CLAIM FOR RELIEF**

15          **Fourth Amendment – Excessive Force (42 U.S.C. §1983)**

16   42.    In responding to paragraph 42, these answering Defendants re-allege and

17   incorporate herein by reference the responses to paragraphs 1-41 above.

18   43.    These answering Defendants admit Officer Irick was acting under the

19   color of law and within the course and scope of his employment at the time of the

20   officer-involved shooting. The remaining allegations do not pertain to these

21   answering Defendants, and therefore no response is required.

22   44.    These answering Defendants deny the allegations contained in paragraph

23   44.

24   45.    These answering Defendants admit that Plaintiff did not fire a weapon at

25   Defendants. Answering Defendants deny the remaining allegations contained in

26   paragraph 45.

27   46.    These answering Defendants deny the allegations contained in paragraph

28   46.

47.   These answering Defendants deny the allegations contained in paragraph 47.

48.   These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48, and they are therefore denied.

49.   These answering Defendants deny the allegations contained in paragraph 49.

50.   These answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50, and they are therefore denied.

51. These answering Defendants deny the allegations contained in paragraph 51.

52.   These answering Defendants deny the allegations contained in paragraph 52.

53.   The allegations contained in paragraph 53 are legal conclusion to which no answer is required.

54.   The allegations contained in paragraph 54 are legal conclusion to which no answer is required.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. §1983)

55.   In responding to paragraph 55, these answering Defendants re-allege and incorporate herein by reference the responses to paragraphs 1-54 above.

56.   The allegations contained in paragraph 56 do not pertain to these answering Defendants, and therefore no response is required.

57.   The allegations contained in paragraph 57 do not pertain to these answering Defendants, and therefore no response is required.

58.   The allegations contained in paragraph 58 do not pertain to these answering Defendants, and therefore no response is required.

59.   The allegations contained in paragraph 59 do not pertain to these answering Defendants, and therefore no response is required.

60.   The allegations contained in paragraph 60 do not pertain to these answering Defendants, and therefore no response is required.

61.   The allegations contained in paragraph 61 do not pertain to these answering Defendants, and therefore no response is required.

62.   The allegations contained in paragraph 62 do not pertain to these answering Defendants, and therefore no response is required.

63.   The allegations contained in paragraph 63 and subdivisions (a)-(h)  do not pertain to these answering Defendants, and therefore no response is required.

64.   The allegations contained in paragraph 64 do not pertain to these answering Defendants, and therefore no response is required.

65.   The allegations contained in paragraph 65 do not pertain to these answering Defendants, and therefore no response is required.

66.   The allegations contained in paragraph 66 do not pertain to these answering Defendants, and therefore no response is required.

67.   The allegations contained in paragraph 67do not pertain to these answering Defendants, and therefore no response is required.

68.   The allegations contained in paragraph 68 contain legal conclusions to which no response is required.

69.   The allegations contained in paragraph 69 contain legal conclusions to which no response is required.

### **THIRD CLAIM FOR RELIEF**

### **Municipal Liability – Failure to Train (42 U.S.C. §1983)**

70.   In responding to paragraph 70, these answering Defendants re-allege and incorporate herein by reference the responses to paragraphs 1-69 above.

71.   The allegations contained in paragraph 71 do not pertain to these answering Defendants, and therefore no response is required.

1    72.   The allegations contained in paragraph 72 do not pertain to these
2  answering Defendants, and therefore no response is required.

3    73.   The allegations contained in paragraph 73 do not pertain to these
4  answering Defendants, and therefore no response is required.

5    74.   The allegations contained in paragraph 74 do not pertain to these
6  answering Defendants, and therefore no response is required.

7    75.   The allegations contained in paragraph 75 do not pertain to these
8  answering Defendants, and therefore no response is required.

9    76.   The allegations contained in paragraph 76 and subdivisions (a) – (p) do
10  not pertain to these answering Defendants, and therefore no response is required.

11    77.   The allegations contained in paragraph 77 and subdivisions (a) – (h) do
12  not pertain to these answering Defendants, and therefore no response is required.

13    78.   The allegations contained in paragraph 78 do not pertain to these
14  answering Defendants, and therefore no response is required.

15    79.   The allegations contained in paragraph 79 do not pertain to these
16  answering Defendants, and therefore no response is required.

17    80.   The allegations contained in paragraph 80 do not pertain to these
18  answering Defendants, and therefore no response is required.

19    81.   The allegations contained in paragraph 81 do not pertain to these
20  answering Defendants, and therefore no response is required.

21    82.   The allegations contained in paragraph 82 do not pertain to these
22  answering Defendants, and therefore no response is required.

23    83.   The allegations contained in paragraph 83 are legal conclusions to which
24  no response is required.

25    84.   The allegations contained in paragraph 84 are legal conclusions to which
26  no response is required.

27  ///
28  ///

1

## FOURTH CLAIM FOR RELIEF

2

### Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. §1983)

3     85.    In responding to paragraph 85, these answering Defendants re-allege and

4     incorporate herein by reference the responses to paragraphs 1-84 above.

5     86.    The allegations contained in paragraph 86 do not pertain to these

6     answering Defendants, and therefore no response is required.

7     87.    The allegations contained in paragraph 87 do not pertain to these

8     answering Defendants, and therefore no response is required.

9     88.    The allegations contained in paragraph 88 do not pertain to these

10    answering Defendants, and therefore no response is required.

11    89.    The allegations contained in paragraph 89 and subdivisions (a) – (m) do

12    not pertain to these answering Defendants, and therefore no response is required.

13    90.    The allegations contained in paragraph 90 do not pertain to these

14    answering Defendants, and therefore no response is required.

15    91.    The allegations contained in paragraph 91 do not pertain to these

16    answering Defendants, and therefore no response is required.

17    92.    The allegations contained in paragraph 92 and subdivisions (a) – (h) do

18    not pertain to these answering Defendants, and therefore no response is required.

19    93.    The allegations contained in paragraph 93 do not pertain to these

20    answering Defendants, and therefore no response is required.

21    94.    The allegations contained in paragraph 94 do not pertain to these

22    answering Defendants, and therefore no response is required.

23    95.    The allegations contained in paragraph 95 do not pertain to these

24    answering Defendants, and therefore no response is required.

25    96.    The allegations contained in paragraph 96 are legal conclusions to which

26    no response is required.

27    97.    The allegations contained in paragraph 97 are legal conclusions to which

28    no response is required.

1

**FIFTH CLAIM FOR RELIEF**

2

**Battery (Cal. Govt. Code §820 and California Common Law)**

3    98.    In responding to paragraph 98, these answering Defendants re-allege and

4    incorporate herein by reference the responses to paragraphs 1-97 above.

5    99.    These answering Defendants admit Officer Irick was working for CHP

6    and was acting within the course and scope of his duties at the time of the officer-

7    involved shooting. Answering Defendants deny unreasonable and excessive force

8    was used against Plaintiff in violation of the Fourth Amendment. These answering

9    Defendants are without knowledge or information sufficient to form a belief as to

10    the truth of the remaining allegations contained in paragraph 99, and they are

11    therefore denied.

12    100. These answering Defendants deny the allegations contained in paragraph

13    100.

14    101. These answering Defendants deny the allegations contained in paragraph

15    101.

16    102. These answering Defendants are without knowledge or information

17    sufficient to form a belief as to the truth of the allegations contained in paragraph

18    102, and they are therefore denied.

19    103. These answering Defendants are without knowledge or information

20    sufficient to form a belief as to the truth of the allegations contained in paragraph

21    103, and they are therefore denied.

22    104. These answering Defendants deny the allegations contained in paragraph

23    104.

24    105. These answering Defendants deny the allegations contained in paragraph

25    105.

26    106. These answering Defendants deny the allegations contained in paragraph

27    106.

28    ///

11

107. The allegations contained in paragraph 107 contain legal conclusions to which no response is required. In the event a response is required, these answering Defendants deny the allegations contained in paragraph 107.

108. These answering Defendants deny the allegations contained in paragraph 108.

109. The allegations contained in paragraph 109 contain legal conclusions to which no response is required.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §820 and California Common Law)

110. In responding to paragraph 110, these answering Defendants re-allege and incorporate herein by reference the responses to paragraphs 1-109 above.

111. These answering Defendants admit Officer Irick was working for CHP and was acting within the course and scope of his duties at the time of the officer-involved shooting. The remaining allegations contained in paragraph 111 do not pertain to these answering Defendants and therefore no response is required.

112. The allegations contained in paragraph 112 contain legal conclusions to which no response is required.

113. These answering Defendants deny the allegations contained in paragraph 113 and subdivisions (a) – (e).

114. These answering Defendants deny the allegations contained in paragraph 114.

115. These answering Defendants deny the allegations contained in paragraph 115.

116. These answering Defendants deny the allegations contained in paragraph 116.

117. These answering Defendants deny the allegations contained in paragraph 117.

///

118. These answering Defendants deny the allegations contained in paragraph 118.

119. The allegations contained in paragraph 119 are legal conclusions to which no response is required.

120. The allegations contained in paragraph 120 are legal conclusions to which no response is required.

121. The allegations contained in paragraph 121 are legal conclusions to which no response is required.

122. The allegations contained in paragraph 122 are legal conclusions to which no response is required.

123. The allegations contained in paragraph 123 are legal conclusions to which no response is required.

124. The allegations contained in paragraph 124 are legal conclusions to which no response is required.

125. The allegations contained in paragraph 125 are legal conclusions to which no response is required.

126. The allegations contained in paragraph 126 are legal conclusions to which no response is required.

127. The allegations contained in paragraph 127 are legal conclusions to which no response is required.

## SEVENTH CLAIM FOR RELIEF

### Bane Act (Violation of Cal. Civil Code §52.1)

128. In responding to paragraph 128, these answering Defendants re-allege and incorporate herein by reference the responses to paragraphs 1-127 above.

129. The allegations contained in paragraph 129 are legal conclusions to which no response is required.

130. These answering Defendants deny the allegations contained in paragraph 130.

131. These answering Defendants deny the allegations contained in paragraph 131.

132. These answering Defendants deny the allegations contained in paragraph 132.

133. These answering Defendants deny the allegations contained in paragraph 133.

134. These answering Defendants deny the allegations contained in paragraph 134.

135. These answering Defendants deny the allegations contained in paragraph 135.

136. These answering Defendants deny the allegations contained in paragraph 136.

137. These answering Defendants deny the allegations contained in paragraph 137.

138. The allegations contained in paragraph 138 contain legal conclusions to which no response is required.

## **AFFIRMATIVE DEFENSES**

AFFIRMATIVE DEFENSE NO. 1:

The Second Amended Complaint presents no actual controversy or justiciable question which is presently suitable for determination in this court.

AFFIRMATIVE DEFENSE NO 2

The Second Amended Complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

AFFIRMATIVE DEFENSE NO. 3:

All happenings and events, damages and injuries, if any there were, referred to in the Complaint were proximately caused and contributed to by the negligence Plaintiff and others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the Second Amended Complaint.

AFFIRMATIVE DEFENSE NO. 4:

Pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

AFFIRMATIVE DEFENSE NO. 5:

This action against a public entity is barred by the failure to precede the action with a claim as required by Government Code sections 905.2, 905.7, 911.2, 945.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 6:

The damages alleged in the Second Amended Complaint herein are subject to a set-off either partially or in full.

AFFIRMATIVE DEFENSE NO. 7:

Answering Defendants were at all relevant times acting within the course and scope of duty of public employment.

AFFIRMATIVE DEFENSE NO. 8:

The conduct of Plaintiff estops him from claiming the damages alleged in the Second Amended Complaint.

AFFIRMATIVE DEFENSE NO. 9:

Pursuant to Government Code sections 962 and 984, any judgment entered herein may be paid by periodic payments rather than in a lump sum.

AFFIRMATIVE DEFENSE NO. 10:

At all relevant times, Plaintiff failed to mitigate injury and damages.

AFFIRMATIVE DEFENSE NO. 11:

Plaintiff willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, Defendants, whom Plaintiff knew or reasonably should have known to be peace officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the Second Amended Complaint. Such conduct is a reasonable implied

1  assumption of the risk.

2       AFFIRMATIVE DEFENSE NO. 12:

3       Answering Defendants will be entitled to reasonable attorney fees and costs of

4  suit upon prevailing within the meaning of 42 United States Code section 1988.

5       AFFIRMATIVE DEFENSE NO. 13:

6       Neither the State of California nor any of its departments is a "person" within

7  the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et

8  seq.

9       AFFIRMATIVE DEFENSE NO. 14:

10      The Second Amended Complaint fails to state a cause of action for violation

11  of civil rights, as any deprivation of civil rights alleged in the Second Amended

12  Complaint was not without due process of law.

13      AFFIRMATIVE DEFENSE NO. 15:

14      Answering Defendants have not deprived any person of any right, privilege or

15  immunity guaranteed by the Constitution or laws of the United States.  There has

16  been no deprivation of any right, privilege or immunity guaranteed by the laws or

17  Constitution of the United States.

18      AFFIRMATIVE DEFENSE NO. 16:

19      There is no imputed liability between public officers in actions under the

20  Federal Civil Rights Act.

21      AFFIRMATIVE DEFENSE NO. 17:

22      There is no imputed liability between a public officer and the employing

23  public entity in actions under the Federal Civil Rights Act.

24  ///

25  ///

26  ///

27

28

AFFIRMATIVE DEFENSE NO. 18:

All acts of Defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

AFFIRMATIVE DEFENSE NO. 19:

To the extent that the Complaint herein seeks recovery on any common law tort theory, any liability for common law tort must be diminished in proportion to the amount of fault attributable to Plaintiffs and others.

AFFIRMATIVE DEFENSE NO. 20:

Answering Defendants are entitled to qualified immunity. Defendants acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with the clearly-established law. *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982).

AFFIRMATIVE DEFENSE NO. 21:

Public entities are immune from suit when their employees are immune from suit. Gov. Code, §815.2.

AFFIRMATIVE DEFENSE NO. 22:

The complaint herein fails to state facts sufficient to constitute a cause of action in that simple negligence is not a federal civil rights violation. *Daniels* v. *Williams* 474 U.S. 327 (1986).

AFFIRMATIVE DEFENSE NO. 24:

Should Plaintiff recover damages, the amount thereof should be abated, apportioned and reduced to the extent that the negligence of any other person or entity caused or contributed to damages, if any there were.

1    AFFIRMATIVE DEFENSE NO. 25:

2         The causes of action therein are subject to the statutory limitation of Civil

3    Code section 1431, et seq., relating to joint and several liability for economic and

4    noneconomic damages.

5    AFFIRMATIVE DEFENSE NO. 26:

6         To the extent that the complaint herein attempts to predicate liability upon any

7    public entity defendant or any agent or employee thereof for purported negligence

8    in retention, hiring, employment, training, or supervision of any public employee,

9    liability is barred by Government Code sections 815.2 and 820.2 and *Herndon* v.

10   *County of Marin*, 25 Cal.App.3d 933, 935-936 (1972) reversed on other grounds by

11   *Sullivan* v. *County of Los Angeles* 12 Cal.3d 710 (1974); by the lack of any duty

12   running to plaintiff; by the fact that any such purported act or omission is governed

13   exclusively by statute and is outside the purview of any public employees authority;

14   and by the failure of any such acts or omissions to be the proximate cause of any

15   injury alleged in the Second Amended Complaint.

16   AFFIRMATIVE DEFENSE NO. 27:

17        Neither the public entity nor any employee within the scope of employment

18   stood in such a special relationship to any person alleged in the Second Amended

19   Complaint so as to give rise to any duty running to any person.

20   AFFIRMATIVE DEFENSE NO. 28:

21        To the extent that any answering Defendant used force during the incident

22   alleged in the Second Amended Complaint, it was privileged as reasonably

23   necessary, and was believed to be reasonably necessary, in the lawful defense of

24   third parties.

25   ///

26   ///

27   ///

28

AFFIRMATIVE DEFENSE NO. 29:

At the times and places alleged in the Second Amended Complaint, Plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the Second Amended Complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

AFFIRMATIVE DEFENSE NO. 30:

To the extent that any answering Defendant used force in the incident alleged in the Second Amended Complaint, such use of force was in the exercise of the right of self-defense. The acts of answering Defendants were in the exercise of the right of self-defense or the right to defend others.

AFFIRMATIVE DEFENSE NO. 31:

If and to the extent that the allegations of the Second Amended Complaint attempt to enlarge upon the facts and contentions set forth in the California Government Claims Program claim, if any there was, said Second Amended Complaint fails to state a cause of action and is barred by Government Code sections 905.2, 911.2 and 950.2.

AFFIRMATIVE DEFENSE NO. 32:

There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Cal. Gov. Code, §§ 815.2, 820.2

///

///

///

1    WHEREFORE, Defendants pray that:

2    1.  Judgment be rendered in favor of Defendants and against Plaintiff; and

3    2.  Plaintiff take nothing by the Second Amended Complaint; and

4    3.  Defendants be awarded costs of suit incurred herein; and

5    4.  Defendants be awarded such other and further relief as the Court may deem

6    necessary and proper.

7    Dated:  June 19, 2025                    Respectfully submitted,

8                                            ROB BONTA
                                             Attorney General of California
9                                            NORMAN D. MORRISON
                                             Supervising Deputy Attorney General
10

11

12                                           */s/ Ashley Reyes*

13                                           ASHLEY REYES
                                             Deputy Attorney General
14                                           *Attorneys for Defendants, State of
                                             California, acting by and through the
                                             California Highway Patrol*

15   SD2025300206
     95635188.docx
16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

Case Name:  **Gonzalez v. State of California, et al.**      No.   **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>June 19, 2025,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### STATE DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 19, 2025,</u> at Fresno, California.

| C. Vue | */s/ C. Vue* |
|---|---|
| Declarant | Signature |

SD2025300206
95635196.docx