Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
  *Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants CITY OF HEMET,
PATRICK SOBASZEK, and ANDREW REYNOSO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:25-cv-00331 KK(DTBx)<br><br>**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO ("Defendants") answers the Second Amended Complaint of Plaintiff, GEORGE GONZALEZ ("Plaintiff").  If an averment is not specifically admitted, it is hereby denied.

MANNING | KASS

MK

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

2. Answering Paragraph 2, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

3. Answering Paragraph 3, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

4. Answering Paragraph 4, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

5. Answering Paragraph 5, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

6. Answering Paragraph 6, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

7. Answering Paragraph 7, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

8. Answering Paragraph 8, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

9. Answering Paragraph 9, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

10. Answering Paragraph 10, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

11. Answering Paragraph 11, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

12. Answering Paragraph 12, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

13. Answering Paragraph 13, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

14. Answering Paragraph 14, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

15. Answering Paragraph 15, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

16. Answering Paragraph 16, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

17. Answering Paragraph 17, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

18. Answering Paragraph 18, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

19.    Answering Paragraph 19, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

20.    Answering Paragraph 20, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

21.    Answering Paragraph 21, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

22.    Answering Paragraph 22, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

23.    Answering Paragraph 23, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

24.    Answering Paragraph 24, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

25.    Answering Paragraph 25, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

26.    Answering Paragraph 26, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

27.    Answering Paragraph 27, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

28.     Answering Paragraph 28, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

29.     Answering Paragraph 29, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

30.     Answering Paragraph 30, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

31.     Answering Paragraph 31, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

32.     Answering Paragraph 32, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

33.     Answering Paragraph 33, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

34.     Answering Paragraph 34, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

35.     Answering Paragraph 35, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

36.     Answering Paragraph 36, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

37.    Answering Paragraph 37, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

38.    Answering Paragraph 38, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

39.    Answering Paragraph 39, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

40.    Answering Paragraph 40, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

41.    Answering Paragraph 41, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

42.    Answering Paragraph 42, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

43.    Answering Paragraph 43, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

44.    Answering Paragraph 44, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

45.    Answering Paragraph 45, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

1    46.    Answering Paragraph 46, Defendants deny generally and specifically
2    each and every allegation contained therein, and Defendants deny all liability and/or
3    wrongdoing.

4    47.    Answering Paragraph 47, Defendants deny generally and specifically
5    each and every allegation contained therein, and Defendants deny all liability and/or
6    wrongdoing.

7    48.    Answering Paragraph 48, Defendants deny generally and specifically
8    each and every allegation contained therein, and Defendants deny all liability and/or
9    wrongdoing.

10    49.    Answering Paragraph 49, Defendants deny generally and specifically
11    each and every allegation contained therein, and Defendants deny all liability and/or
12    wrongdoing.

13    50.    Answering Paragraph 50, Defendants deny generally and specifically
14    each and every allegation contained therein, and Defendants deny all liability and/or
15    wrongdoing.

16    51.    Answering Paragraph 51, Defendants deny generally and specifically
17    each and every allegation contained therein, and Defendants deny all liability and/or
18    wrongdoing.

19    52.    Answering Paragraph 52, Defendants deny generally and specifically
20    each and every allegation contained therein, and Defendants deny all liability and/or
21    wrongdoing.

22    53.    Answering Paragraph 53, Defendants deny generally and specifically
23    each and every allegation contained therein, and Defendants deny all liability and/or
24    wrongdoing.

25    54.    Answering Paragraph 54, Defendants deny generally and specifically
26    each and every allegation contained therein, and Defendants deny all liability and/or
27    wrongdoing.

28

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

55.     Answering Paragraph 55, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

56.     Answering Paragraph 56, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

57.     Answering Paragraph 57, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

58.     Answering Paragraph 58, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

59.     Answering Paragraph 59, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

60.     Answering Paragraph 60, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

61.     Answering Paragraph 61, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

62.     Answering Paragraph 62, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

63.     Answering Paragraph 63, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

64.     Answering Paragraph 64, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

65.     Answering Paragraph 65, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

66.     Answering Paragraph 66, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

67.     Answering Paragraph 67, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

68.     Answering Paragraph 68, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

69.     Answering Paragraph 69, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

70.     Answering Paragraph 70, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

71.     Answering Paragraph 71, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

72.     Answering Paragraph 72, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

73.     Answering Paragraph 73, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

74.     Answering Paragraph 74, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

75.     Answering Paragraph 75, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

76.     Answering Paragraph 76, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

77.     Answering Paragraph 77, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

78.     Answering Paragraph 78, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

79.     Answering Paragraph 79, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

80.     Answering Paragraph 80, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

81.     Answering Paragraph 81, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

82.    Answering Paragraph 82, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

83.    Answering Paragraph 83, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

84.    Answering Paragraph 84, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

85.    Answering Paragraph 85, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

86.    Answering Paragraph 86, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

87.    Answering Paragraph 87, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

88.    Answering Paragraph 88, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

89.    Answering Paragraph 89, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

90.    Answering Paragraph 90, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

91.     Answering Paragraph 91, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

92.     Answering Paragraph 92, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

93.     Answering Paragraph 93, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

94.     Answering Paragraph 94, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

95.     Answering Paragraph 95, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

96.     Answering Paragraph 96, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

97.     Answering Paragraph 97, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

98.     Answering Paragraph 98, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

99.     Answering Paragraph 99, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**MANNING | KASS**

**MK**

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

100.   Answering Paragraph 100, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

101.   Answering Paragraph 101, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

102.   Answering Paragraph 102, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

103.   Answering Paragraph 103, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

104.   Answering Paragraph 104, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

105.   Answering Paragraph 105, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

106.   Answering Paragraph 106, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

107.   Answering Paragraph 107, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

108.   Answering Paragraph 108, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

109.   Answering Paragraph 109, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

110.   Answering Paragraph 110, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

111.   Answering Paragraph 111, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

112.   Answering Paragraph 112, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

113.   Answering Paragraph 113, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

114.   Answering Paragraph 114, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

115.   Answering Paragraph 115, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

116.   Answering Paragraph 116, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

117.   Answering Paragraph 117, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

118.   Answering Paragraph 118, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

119.   Answering Paragraph 119, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

120.   Answering Paragraph 120, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

121.   Answering Paragraph 121, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

122.   Answering Paragraph 122, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

123.   Answering Paragraph 123, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

124.   Answering Paragraph 124, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

125.   Answering Paragraph 125, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

126.   Answering Paragraph 126, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

MANNING | KASS

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

127.    Answering Paragraph 127, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

128.    Answering Paragraph 128, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

129.    Answering Paragraph 129, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

130.    Answering Paragraph 130, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

131.    Answering Paragraph 131, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

132.    Answering Paragraph 132, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

133.    Answering Paragraph 133, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

134.    Answering Paragraph 134, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

135.    Answering Paragraph 135, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

**MANNING | KASS**

**MK**

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

136.   Answering Paragraph 136, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

137.   Answering Paragraph 137, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

138.   Answering Paragraph 138, Defendants deny generally and specifically each and every allegation contained therein, and Defendants deny all liability and/or wrongdoing.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

## FIRST AFFIRMATIVE DEFENSE

1.   Plaintiff's Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

2.   This action is barred by Plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

3.   The Complaint is barred based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.

4.   Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

5.   Plaintiff's recovery is barred because the causes of action stated in the Complaint do not correspond with the legal claims asserted in Plaintiff's written

MANNING | KASS

claims.  The Complaint hereby alleges legal bases for recovery which are not fairly reflected in the written claim.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

6.     Defendants allege that Plaintiff's actions are barred by reason of conduct, actions and inactions of Plaintiff which amount to and constitute a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

7.     Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### FIFTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

8.     Plaintiff's claims are barred or limited by Plaintiff's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligent or deliberate actions or omissions.

9.     Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of the Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties.  The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified

18

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

1  and done with a good faith belief that it was correct and no action may be taken against
2  the answering Defendants on account of such conduct.

### SIXTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Others' Torts)**

10.    Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

11.    The answering Defendants are informed and believe and thereon allege that if Plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering Defendants.  To the extent that Plaintiff's damages were so caused, any recovery by Plaintiff as against the answering Defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

### SEVENTH AFFIRMATIVE DEFENSE

**(Public Entity/Employee Immunity for Discretionary Acts)**

12.    There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused.  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

13.    Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

14.    A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied,

19

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1  suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and

2  821.2.  Based thereon, the answering Defendants are immune from liability for any

3  injuries claimed by Plaintiff, herein.

4       15.    Defendants are immune for any detriment resulting from any of its

5  actions or omissions at the time of the incident of which Plaintiff complain pursuant

6  to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including,

7  but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8,

8  820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and

9  Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6,

10 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

13      16.    To the extent that the Complaint attempts to predicate liability upon any

14 public entity defendant or any employee thereof for purported negligence in retention,

15 hiring, employment, training, or supervision of any public employee, such liability is

16 barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of*

17 *Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v.*

18 *County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to

19 plaintiffs; by the fact that any such purported act or omission is governed exclusively

20 by statute and is outside the purview of any public employee's authority; and by the

21 failure of any such acts or omissions to be the proximate or legal cause of any injury

22 alleged in the FAC.  *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-

23 253, 255-256 (2007).

24      17.    Defendants may not be held liable on a *respondeat superior* theory for

25 any negligent or wrongful act or omission on the part of any subordinate.  Cal.

26 Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951)

27 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New*

28 *York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630,

20

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

18.    Defendant County and its agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendant's Qualified Immunity from liability to the fullest extent applicable.

19.    Defendants are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendants are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that his acts and conduct were objectively reasonable under the totality of the circumstances. Defendants are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights of which a reasonable officer would have known.  Defendants are also immune from liability under the doctrine of Qualified Immunity.

20.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

21.    At the time and place referred to in the Complaint, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of

suffering personal bodily injury and/or lawful deprivation of right(s).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Government Code § 845.6)

22.    Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody.

23.    A public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

## TWELFTH AFFIRMATIVE DEFENSE

24.    Defendants contends that they cannot fully anticipate all affirmative defenses that may be applicable to this action based on the conclusory terms used in Plaintiff's Complaint.  Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

25.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that an accord and satisfaction was made between Plaintiff and Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

26.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that any obligations owed by Defendants under any alleged contract were excused by Plaintiff's breach of the alleged contract.

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

MANNING | KASS

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Prior Material Breach)

27.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by reason of the prior material breach of the agreement or agreements by Plaintiff upon which Plaintiff base on the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Consent)

28.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because Plaintiff, and/or the persons and/or entities acting on Plaintiff's behalf, consented to and acquiesced in the subject conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

29.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Deception)

30.    As a separate and affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the actions taken by it were not deceptive.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Malicious Intent)

31.    As a separate and affirmative defense to the Complaint and each

23

1  purported cause of action contained therein, Defendants allege that Defendants did

2  not act with malicious intent to deprive any person of any Constitutional right or to

3  cause any other injury and therefore Defendants are not liable.

4  **TWENTIETH AFFIRMATIVE DEFENSE**

5  **(Proximate Cause – Other Persons)**

6  32. As a separate and affirmative defense to the Complaint and each purported

7  cause of action contained therein, Defendants allege that the damages alleged to

8  have been suffered by Plaintiff in the Complaint were proximately caused or

9  contributed to by acts or failures to act of persons other than Defendants answering,

10  which acts or failures to act constitute an intervening and superseding cause of the

11  damages alleged in the Complaint.

12  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

13  **(Proximate Cause – Plaintiff)**

14  33. As a separate and firstaffirmative defense to the Complaint and each

15  purported cause of action contained therein, Defendants allege that the injuries and

16  damages alleged in the Complaint by Plaintiff occurred, were proximately caused by

17  and/or were contributed to by Plaintiff's own acts or failures to act and that Plaintiff's

18  recovery, if any, should be reduced by an amount proportionate to the amount by

19  which said acts caused or contributed to said alleged injury or damages.

20  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

21  **(Ongoing Investigation)**

22  34.    As a separate and affirmative defense to the Complaint and each

23  purported cause of action contained therein, Defendants allege that Defendants have

24  not yet completed a thorough investigation or study or completed the discovery of all

25  the facts and circumstances of the subject matter of the Complaint and, accordingly,

26  reserve Defendants the right to amend, modify, revise or supplement their answer and

27  to plead such other defenses and take such other further actions as Defendants may

28  deem proper and necessary in their defense upon completion of said investigation

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

MANNING | KASS

1 | and/or study.

2 | ### TWENTY-THIRD AFFIRMATIVE DEFENSE

3 | **(Fails to State Claim under *Monell*)**

4 | 35. As a separate and secondaffirmative defense to the Complaint and each

5 | purported cause of action contained therein, Defendants allege that the Complaint

6 | fails to state a claim under *Monell v. Department of Social Services of the City of New*

7 | *York* (1978) 436 U.S. 658 upon which to grant relief.

8 |

9 | WHEREFORE, Defendant prays for relief as follows:

10 | 1. That the Second Amended Complaint be dismissed, with prejudice and

11 | in its entirety;

12 | 2. That Plaintiff take nothing by reason of this First Amended Complaint

13 | and that judgment be entered against Plaintiff and in favor of Defendant;

14 | 3. That Defendant be awarded his costs incurred in defending this action;

15 | 4. That Defendant be granted such other and further relief as the Court

16 | may deem just and proper.

17 |

18 | DATED: June 20, 2025    **MANNING & KASS**

19 | **ELLROD, RAMIREZ, TRESTER LLP**

21 | By: *Khouloud E. Pearson*

22 | Eugene P. Ramirez

23 | Andrea Kornblau

    | Khouloud Pearson

24 | Attorneys for Defendants CITY OF

    | HEMET, PATRICK SOBASZEK, and

25 | ANDREW REYNOSO

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2          Defendant, CITY OF HEMET; PATRICK SOBASZEK; ANDREW

3     REYNOSO, hereby demands trial of this matter by jury.

4

5     DATED:  June 20, 2025          **MANNING & KASS**

6                                              **ELLROD, RAMIREZ, TRESTER LLP**

7

8                                   By:  *Khouloud E. Pearson*

9                                         _____
                                          Eugene P. Ramirez

10                                        Andrea Kornblau

11                                        Khouloud Pearson
                                          Attorneys for Defendants CITY OF

12                                        HEMET,  PATRICK SOBASZEK, and
                                          ANDREW REYNOSO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:25-cv-00331 KK(DTBx)

**DEFENDANT CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**