ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721-2271
 Telephone: (559) 705-2312
 Fax: (559) 445-5106
 E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol and Officer Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>                               Plaintiff,<br><br>      v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>                               Defendants. | 5:25-cv-00331-KK-DTB<br><br>**NOTICE OF JOINT EX PARTE APPLICATION AND EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE**<br><br>**[FIRST REQUEST]**<br><br>[Declarations of Deputy Attorney General Ashley Reyes and Khouloud Pearson, and Proposed Order filed concurrently herewith]<br><br>Trial Date:    May 11, 2026<br>Action Filed: 12/24/2024 |

**TO THIS HONORABLE COURT, AND TO ALL PARTIES AND**

**THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants, State of California, acting by and

through the California Highway Patrol (CHP), Officer Sean Irick, City of Hemet

1

(City), Corporal Patrick Sobaszek, and Sergeant Andrew Reynoso, through their counsel of record, will and hereby do seek leave of this Court for a modification of current discovery deadlines and a trial continuance. A modification of the current Scheduling Order and a trial continuance is necessary for the following reasons: (1) Defendants are working on locating and subpoenaing relevant third-party witnesses to the incident; (2) Defendants have been working for months on getting the deposition set of the Plaintiff but were recently advised by his counsel that Plaintiff is currently incarcerated; (3) due to Plaintiff's incarceration, Defendants have moved for an order from the Court to get Plaintiff's deposition taken while in custody, which must occur prior to the November 20, 2025 non-expert discovery deadline; (4) Defendants are in the process of meeting and conferring with Plaintiff's counsel regarding Plaintiff's deficient discovery responses and improper redactions to medical records from the incident that Plaintiff has produced, the 100 Requests for Admissions that Plaintiff has served on each Defendant officer requesting that they admit or deny information that Defendants do not believe is relevant to the parties claims and or defenses, and Plaintiff's objections to Defendant City's subpoena for Plaintiff's medical records regarding the treatment that he received as a result of the incident. Defendants intend on moving for a protective order on Plaintiff's Requests for Admissions should the parties be unable to come to an impasse; and (5) lead trial counsel for the State Defendants will be on extended medical leave from mid-December to May.

2

Upon identifying these issues, and the need for a modification of the scheduling order to accommodate these issues, Defendants promptly sought to address the issue by stipulation with Plaintiff's counsel, but to no avail. Since there is an imminent need to depose the Plaintiff, third-party civilian witnesses, obtain additional discoverable information, the likelihood of additional discovery if and when additional records pertinent to the incident are produced, the current scheduling order must be modified, and the trial date vacated to prevent prejudice to Defendants. Defendants therefore request that all current dates within the scheduling order be extended at least six months to allow for the necessary discovery to be completed.

Dated: November 5, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General

/s/ **Ashley Reyes**
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendant
California Highway Patrol*

| | | |
|---|---|---|
| 1 | Dated: November 5, 2025 | Respectfully submitted, |
| 2 | | MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP |
| 3 | | |
| 4 | | |
| 5 | | **/s/ Khouloud Pearson**[1]<br>EUGENE RAMIREZ, ESQ.<br>ANDREA KORNBLAU, ESQ. |
| 6 | | KHOULOUD PEARSON, ESQ.<br>*Attorneys for Defendants, City of Hemet, Officer Patrick Sobaszek, and Sergeant Andrew Reynoso* |

---

[1] Authorized via email on November 5, 2025.

# APPLICATION TO FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE

Defendants, State of California, acting by and through the California Highway Patrol (CHP), Officer Sean Irick, City of Hemet (City), Corporal Patrick Sobaszek, and Sergeant Andrew Reynoso, through their counsel of record, hereby respectfully submit their application for a modification of current discovery deadlines and a trial continuance. The basis for this request is due to the inability of Defendants to conduct necessary discovery by the November 20, 2025 deadline due to Plaintiff's counsels' intentional withholding of vital information that is relevant to Plaintiff's claims and damages, Defendants are working on locating and subpoenaing relevant third-party witnesses to the incident, Defendants have been working for months on getting the deposition set of the Plaintiff but were recently advised by his counsel that Plaintiff is currently incarcerated, Defendants are in the process of meeting and conferring with Plaintiff's counsel regarding Plaintiff's deficient discovery responses and improper redactions to medical records from the incident that Plaintiff has produced, the 100 Requests for Admissions that Plaintiff has served on each Defendant officer requesting that they admit or deny information that Defendants do not believe is relevant to the parties claims and or defenses, and Plaintiff's objections to Defendant City's subpoena for Plaintiff's medical records regarding the treatment that he received as a result of the incident,

and lead trial counsel for the State Defendants will be on extended-medical leave from mid-December to May.

## BACKGROUND

On May 9, 2025, this Court issued its Scheduling Order (Doc. 30.) Since the issuance of the Scheduling Order, both parties have engaged in written discovery. Presently, Defendants are in the process of meeting and conferring with Plaintiff's counsel regarding their deficient discovery responses, improper redactions to Plaintiff's medical records relating to his treatment received from the incident, Plaintiff's meritless objections to Defendant City's subpoena for Plaintiff's medical records, and Plaintiff's Requests for Admissions to the individual Defendants unrelated to any claims or defenses. The Defendant officers have been deposed, yet despite multiple requests to take Plaintiff's deposition, Plaintiff has not been made available and is now in custody at the Riverside County Southwest Detention Center on felony charges (Riverside County Superior Court Case No. GH252880003). Declaration of Khouloud Pearson (Pearson Decl.), at ¶2. Defendant City filed a request for an order from the Court to get Plaintiff's deposition taken while in custody (Doc. 45), which must take place prior to the November 20, 2025, non-expert discovery deadlines. Additionally, lead counsel for the State Defendants will be out on extended medical leave from mid-December to May of 2026. Declaration of Deputy Attorney General Ashley Reyes (Reyes Decl.), ¶4.

Defendants have met and conferred with Plaintiff's counsel on multiple occasions, both via email and by telephone, requesting availability to get the Plaintiff's deposition scheduled, requesting an update on whether they will stipulate to agree to modify the scheduling order, and whether they will agree to forego their meritless objections to Defendant City's subpoena. Reyes Decl., ¶¶ 4-6; Pearson Decl., ¶2-3.

Finally, should Plaintiff refuse to provide code-compliant responses and unredacted records as requested by November 6, Defendants will be filing a Motion to Compel. When and if these records are produced and code-compliant discovery responses are provided, additional discovery will likely be necessary, including but not limited to, additional written discovery to Plaintiff, additional subpoenas duces tecum, and the possibility of depositions of individuals identified within the records. Defendants will also be filing a motion for a protective order should the parties be unable to come to an agreement regarding Plaintiff's Requests for Admissions that do not pertain to any of the parties' claims or defenses. Thus, modification of the current scheduling order is warranted to prevent prejudice against Defendants who have been diligent in trying to obtain the necessary discovery from Plaintiff.

## ARGUMENT

District courts consider the following four factors when evaluating whether to deny a request for a continuance: (1) the extent of the moving party's diligence in

preparing for the case for trial; (2) the usefulness of the continuance, or the likelihood "that the need for a continuance could have been met if the continuance had been granted"; (3) the extent to which granting the continuance would inconvenience the Court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the Court denying the request for a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985) As set forth below, these four factors weigh in favor of modifying the current scheduling order.

> 1. **Defendants Have Been Diligent in Preparing This Case for Trial, But Have Been Stonewalled by Plaintiff's Counsel**

Defendants have been diligent in preparing the case for trial but have met multiple barriers by Plaintiff and his counsel. For example, the individual officers have all been deposed, however despite multiple requests, Plaintiff's counsel has not made Plaintiff available for deposition, and Plaintiff is now incarcerated. Pearson Decl., ¶2. Defendant City has filed a request for an order to take the deposition of Plaintiff while he is in custody (Doc. 45), which was granted on October 28, 2025 (Doc. 46). This deposition must occur on or before November 20, 2025. Depending on the outcome of Plaintiff's deposition, additional discovery will also likely be necessary.

Additionally, both parties have engaged in written discovery; however, Defendants are in the process of meeting and conferring with Plaintiff's counsel

regarding their deficient discovery responses, which include his refusal to provide responses to multiple requests that are relevant to his claims, improper redactions to his medical records relating to his treatment received from the incident, such as whether he was under the influence of drugs or alcohol at the time of the shooting, and claiming he lacks information on many, if not all, of Defendant State's Requests for Admissions requesting that he admit or deny requests directly within his knowledge and related to the incident. Reyes Decl., ¶¶3-4, 6.

Plaintiff has also served meritless objections to Defendant City's subpoena for Plaintiff's medical records, which was served on May 1, 2025, and has prevented the parties from receiving records directly related to Plaintiff's damages. Pearson Decl., ¶2.

Finally, Plaintiff has also served 100 Requests for Admissions on each Defendant officer requesting that they admit or deny requests that are not relevant to any parties' claims or defenses. Reyes Decl., ¶4. The parties are in the process of meeting and conferring to determine whether a protective order is necessary. *Id*.

2. **A Continuance is Useful in the Present Matter**

Second, the usefulness of a continuance weighs in favor of the modification of the scheduling order. In addition to the barriers that Defendants have faced as outlined above, lead counsel for the State Defendants will be on extended medical leave from mid-December to May of 2026. Reyes Decl, ¶4. Thus, the State Defendants will have one attorney of record to handle such a complex and time-

9

consuming matter during her absence. If a continuance is granted, not only would it give the parties a chance to figure out the discovery issues outlined above, hopefully without court intervention, but will also provide the Department of Justice with adequate time to replace lead counsel and get a new attorney up to speed.

### 3. A Continuance Would Not Inconvenience Plaintiff or Witnesses

Third, although it is unknown whether a continuance would inconvenience the Court, a brief continuance would not inconvenience the witnesses. Nor would it inconvenience Plaintiff, especially given his current detention for felony kidnapping, false imprisonment, willful harm to a child, reckless driving/evading a peace officer, and felon/person in possession of a firearm. (Riverside County Superior Court Case No. GH252880003).

### 4. Defendants Will Be Prejudiced in the Event A Continuance is Denied

Finally, should a continuance not be granted, Defendants will be prejudiced as their defense in this matter has been intentionally stonewalled by Plaintiff's counsel. As described above, Defendants are in the process of meeting and conferring with Plaintiff's counsel regarding their deficient discovery responses, improper redactions to Plaintiff's medical records relating to his treatment received from the incident, Plaintiff's meritless objections to Defendant City's subpoena for Plaintiff's medical records, and Plaintiff's Requests for Admissions to the individual Defendants unrelated to any claims or defenses. Despite multiple

requests to take Plaintiff's deposition, he has not been made available and is now in custody. Pearson Decl., ¶2. The Court granted Defendant City's request for an order to get Plaintiff's deposition taken while in custody which must take place prior to the November 20, 2025, non-expert discovery deadlines.

Since Defendants have been deprived of relevant, admissible, and vital evidence related to Plaintiff's claims and damages due to Plaintiff's counsels' intention actions to withhold such information, good cause exists to modify the current scheduling order. Defendants therefore request that the current deadlines identified in the scheduling order be extended at least six months to allow for further discovery to be completed. Defendants further request that the current trial date of May 11, 2026, be vacated.

## **LOCAL RULE 7-19 COMPLIANCE**

Prior to filing this *ex parte* application, defense counsel contacted Plaintiff's counsels of record, Marcel Sincich, of the Law Offices of Dale Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, 91367, (818) 347-333, (msicich@galipolaw.com), and Trenton Packer, of the Law Offices of Grech & Packer, 7095 Indiana Avenue, Suite 200 Riverside, CA 92506, (tpacker@grechpackerlaw.com) in compliance with Local Rule 7-19 through 7-19.1. Reyes Decl., ¶7.

Despite Defendants' request that Plaintiff's counsel indicate whether they will be opposing the instant ex parte application, no response has been provided.

11

Reyes Decl., ¶7. Defendants are filing this application due to the upcoming non-expert discovery deadline, as well as the need to complete this discovery. Defendants have met and conferred with Plaintiff's counsel for weeks requesting that they stipulate to modify the scheduling order, and there was insufficient time in advance of this application to be heard as a regularly noticed motion prior to the discovery cut off. *Id.*

## CONCLUSION

For the reasons set forth in the Declaration of Deputy Attorney General Ashley Reyes and Khouloud Pearson, filed concurrently herewith, Defendants respectfully request that this Court grant this joint motion and modify the Scheduling Order and continue the trial. Specifically, Defendants request that the Court extend all deadlines by at least six months to allow the completion of non-expert discovery. Defendants further request that the current trial date of May 11, 2026 be vacated.

| | | |
|---|---|---|
| 1 | Dated: November 5, 2025 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | NORMAN D. MORRISON<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | |
| 6 | | **/s/ Ashley Reyes**<br>ASHLEY REYES<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants, State of California, acting by and through the California Highway Patrol and Officer Sean Irick* |
| 8 | | |
| 9 | | |
| 10 | SD2025300206<br>95664508 | |
| 11 | Dated: November 5, 2025 | Respectfully submitted, |
| 12 | | MANNING & KASS, ELLROD, RAMIREZ, TRESTER LLP |
| 13 | | |
| 14 | | |
| 15 | | **/s/ Khouloud Pearson**[2]<br>EUGENE RAMIREZ, ESQ. |
| 16 | | ANDREA KORNBLAU, ESQ.<br>KHOULOUD PEARSON, ESQ. |
| 17 | | *Attorneys for Defendants, City of Hemet, Officer Patrick Sobaszek, and Sergeant Andrew Reynoso* |

---

[2] Authorized via email on November 5, 2025.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants certifies that this brief contains 1,741 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 5, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ **Ashley Reyes**
ASHLEY REYES
Deputy Attorney General
*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol and Officer Sean Irick*