ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
  2550 Mariposa Mall, Room 5090
  Fresno, CA  93721-2271
  Telephone: (559) 705-2312
  Fax: (559) 445-5106
  E-mail:  Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,
acting by and through the California Highway
Patrol and Officer Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>**v.**<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | 5:25-cv-00331-KK-DTB<br><br>**DECLARATION OF DEPUTY ATTORNEY GENERAL ASHLEY REYES IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE** |

I, Ashley Reyes, declare as follows:

1.    I am a duly appointed Deputy Attorney General and am assigned to

represent Defendants State of California, acting by and through the California

Highway Patrol (CHP), and Officer Sean Irick in the above-captioned action. The

facts set forth herein are within my personal knowledge, except where otherwise

indicated, and if called to testify herein I could and would competently testify thereto.

2.     Since the issuance of the Scheduling Order, both parties have engaged in written discovery. Plaintiff has propounded two sets of Requests for Admissions, one on CHP and the other on Officer Irick, one set of Requests for Production of Documents, and two sets of interrogatories, one on CHP and the other on Officer Irick. In response to the Requests for Production of Documents, CHP has produced over 1,700 documents. The State Defendants have propounded one set of Requests for Production of Documents, a Request for Admissions, and a set of Interrogatories on Plaintiff. The State Defendants' discovery requests to Plaintiff specifically asked for information relating to the Plaintiff's medical health treatment, as well as information specific to his claims and damages.

3.     After multiple extensions were granted to Plaintiff, our office received responses to the State's first set of discovery on September 19, 2025.  These responses included multiple boilerplate objections citing to State court privileges, and lacked responses that are in compliance with the Federal Rules of Civil Procedure. Plaintiff blatantly refused to produce many documents, claiming they were already in possession of, or equally available to the Defendants, and claimed multiple records were not in his possession, such as his medical records that he identified in his Rule 26 Initial Disclosures as being in his possession. Plaintiff's medical records were withheld and produced approximately a week later and

included multiple improper redactions to information pertaining to Plaintiff's medical treatment received from the incident, including whether there were drugs or alcohol in his system at the time of the shooting.  Plaintiff also refused to answer multiple Interrogatories, simply objecting stating that the information was not relevant. Finally, Plaintiff refused to answer most, if not all of Defendant's Requests for Admissions, claiming that he lacked information to sufficiently admit or deny any part of the request. These requests included asking Plaintiff to admit or deny whether he was armed on the date of the incident, which is well within Plaintiff's knowledge. A true and correct copy of Plaintiff's responses to State Defendants' discovery requests are attached hereto as **Exhibit A**.

4.      On October 6, 2025, I reached out to all parties and suggested stipulating to modify the scheduling order for many reasons; namely the fact that Plaintiff's discovery responses were just received, along with thousands of pages of medical records that were produced a week later, as well as the fact that I would be on extended medical leave from mid-December to May. Khouloud Pearson, counsel for the City Defendants responded that day and indicated that the City had no objection. I never received a response to this email from Plaintiff's counsel. October 17, 2025, the parties met and conferred via telephone for over an hour to discuss the modification of the scheduling order, scheduling of Plaintiff's deposition, Plaintiff's recent incarceration, Plaintiff's deficient discovery responses and improper redactions to medical records from the incident that Plaintiff has

produced, the 100 Requests for Admissions that Plaintiff has served on each Defendant officer requesting that they admit or deny information that Defendants do not believe is relevant to the parties claims and or defenses, and Plaintiff's objections to Defendant City's subpoena for Plaintiff's medical records regarding the treatment that he received as a result of the incident. I also informed Plaintiff's counsel that I will be on extended medical leave from mid-December to May. Plaintiff's counsel, Marcel Sincich, ultimately informed Defendants that Plaintiff could not agree to modify the scheduling order but would not provide any grounds as to why their office was not agreeable. Mr. Sincich also informed Defendants that his office would look into the other issues that were addressed and proposed that Defendants provide the Requests for Admissions that defense counsel had issue with, and the parties could meet and confer further.

5.    On October 21, 2025, Mr. Sincich suggested that Defendants circulate a draft stipulation to modify the scheduling order for their review. On October 22, 2025, at Mr. Sincich's request, my office sent over a draft stipulation to modify the scheduling order. Plaintiff's counsel did not respond or provide any input on the stipulation until October 27, wherein Mr. Sincich indicated that his office was unavailable for trial on the requested date, and that continuing fact-discovery should relate to plaintiff's deposition and resolving outstanding discovery matters. No additional trial dates were proposed by Plaintiff's counsel.

6.    On October 24, 2025, my office sent correspondence to Plaintiff's

counsel requesting that they provide amended responses to the State's discovery requests. A true and correct copy of this correspondence is attached hereto as **Exhibit B**. This correspondence requested amended responses by November 6, 2025. Should code-compliant responses not be received, our office will file a motion to compel. Additionally, these discovery responses may also include new information that Defendants are entitled to explore through additional discovery.

7.       Prior to filing this *ex parte* application, I contacted Plaintiffs' counsel of record, Marcel Sincich, of the Law Offices of Dale Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, 91367, (818) 347-333, (msincich@galipolaw.com), and Trenton Packer, of the Law Offices of Grech & Packer, 7095 Indiana Avenue, Suite 200 Riverside, CA 92506, (tpacker@grechpackerlaw.com) in compliance with Local Rule 7-19 through 7-19.1. I did not receive a response to this email despite my request for an answer by close of business on November 5, 2025. I am filing this application due to the upcoming non-expert discovery deadline, the recent production of discoverable information that has been withheld from Defendants by Plaintiff, as well as the need to complete this discovery. Defendants have met and conferred with Plaintiff's counsel for weeks requesting that they stipulate to modify the scheduling order, and there was insufficient time in advance of this application to be heard as a regularly noticed motion prior to the discovery cut off.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on November 5, 2025, at Fresno, California.


_____ */s/ Ashley Reyes*_____

SD2025300206
95665513

# EXHIBIT   A

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ, | Case No.: 5:25-CV-00331-KK-DTB |
| Plaintiff, | [*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow |
| v. | **PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA REQUEST FOR ADMISSION, SET ONE, TO PLAINTIFF GEORGE GONZALEZ** |
| STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY:      Defendant STATE OF CALIFORNIA, acting by

and through the California Highway Patrol

RESPONDING PARTY:      Plaintiff, GEORGE GONZALEZ

SET NUMBER:      ONE (1)

# I.    **PRELIMINARY STATEMENT**

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Plaintiff. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court.  All such objections are reserved and may be interposed at the time of trial.

Plaintiff has not yet completed his investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed his discovery in this action; and has not yet completed his preparation for trial. Consequently, the following responses are given without prejudice to Plaintiff's right to amend or supplement his responses herein at a later date.  No admissions of any nature whatsoever are implied or should be inferred.  Nothing herein should be construed as an admission or acceptance by this party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Plaintiff reserves his right to continue his investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case.  In addition, Plaintiff reserves his right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

# II.    **GENERAL OBJECTIONS**

1.    Plaintiff objects to the Requests for Admission, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.    Plaintiff objects to each Requests for Admission to the extent that it seeks to require Plaintiff to provide information other than that which may be obtained through a reasonably diligent search of his records, or to create a summary or compilation other than as maintained in the regular course of business. Plaintiff further objects to each Requests for Admission to the extent that it seeks to require Plaintiff to provide information not in his possession, custody or control.

3.    Plaintiff objects to each and every Requests for Admission to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Plaintiff objects to each and every Requests for Admission to the extent that such discovery is overly broad, vague, and ambiguous.

5.    Plaintiff objects to each and every Requests for Admission to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6.    Plaintiff objects on the grounds that Plaintiff has not completed his factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Plaintiff as well as his present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Plaintiff reserves the right to amend and/or supplement his responses as and when additional information is discovered. Additionally, because Plaintiff's responses are based upon information that he recalls and has identified to date, they do not preclude Plaintiff from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III.    RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSION

**REQUESTS FOR ADMISSION NO. 1:**

Admit that YOU were armed with a firearm on the date of the INCIDENT.

### RESPONSE TO REQUESTS FOR ADMISSION NO. 1:

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "armed."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information known to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny as phrased, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 2:**

Admit that YOU were non-compliant with law enforcement officer's commands on the date of the INCIDENT while YOU were outside the house located at 40525 E. Whittier Avenue in Hemet, California.

### RESPONSE TO REQUESTS FOR ADMISSION NO. 2:

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request assumes facts, calls for speculation, lacks

4

foundation, is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "non-compliant."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information known to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 3:**

Admit that YOU barricaded YOURSELF in YOUR vehicle outside the house located at 40525 E. Whittier Avenue in Hemet, California on the date of the INCIDENT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 3:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request is overbroad as phrased, and vague and ambiguous as to "barricaded."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information known to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 4:**

Admit that YOU tried hitting law enforcement officers with YOUR vehicle after leaving 40525 E. Whittier Avenue in Hemet, California. on the date of the INCIDENT.

/ / /

1    **RESPONSE TO REQUESTS FOR ADMISSION NO. 4:**

2    DENY.

3    **REQUESTS FOR ADMISSION NO. 5:**

4    Admit that on the date of the INCIDENT, YOU had an active felony warrant

5    for a violation of 11370.1(a) of the Health and Safety Code (Possession of a Firearm

6    and a Controlled Substance).

7    **RESPONSE TO REQUESTS FOR ADMISSION NO. 5:**

8    Objections: Responding Party objects on the grounds that this request calls for

9    a legal conclusion and calls for expert opinion prior to expert disclosures.

10   Responding Party further objects that his request seeks information that is equally

11   available to the propounding party. Responding Party further objects on the basis of

12   harassing, oppressive, and unfair prejudice. Responding Party objects on the

13   grounds that this request calls for irrelevant and prejudicial information that was not

14   known to the Defendants at the time of the incident and is therefore impermissible

15   hindsight evidence. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v.*

16   *Garner*, 471 U.S. 1, 26 (1985); *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.

17   2005); Ninth Circuit Model Jury Instruction 9.22; Fed. R. Evid. 402, 403, 404.

18   Responding Party objects that this request is irrelevant and not proportional to the

19   needs of the case. Responding Party further objects to the extent that this request is

20   compound, overbroad, calls for speculation and lacks foundation. Responding Party

21   further objects that the answer to this request is privileged.

22   Without waiving and subject to the aforementioned objections and without

23   waiving any applicable privilege, Responding Party responds as follows: after

24   reasonable inquiry, the information known to Responding Party, or that can readily

25   be obtained, is insufficient to enable Responding Party to admit or deny as phrased.

26   **REQUESTS FOR ADMISSION NO. 6:**

27   Admit that YOU led law enforcement officers on a vehicle pursuit on the date

28   of the INCIDENT.

6

**RESPONSE TO REQUESTS FOR ADMISSION NO. 6:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request is overbroad as phrased, and vague and ambiguous as to "led," and "vehicle pursuit."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny as phrased, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 7:**

Admit that YOU were driving recklessly during the vehicle pursuit with law enforcement officers on the date of the INCIDENT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 7:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request is overbroad as phrased, and vague and ambiguous as to "recklessly," and "vehicle pursuit."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to

7

Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny as phrased, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 8:**

Admit that YOU led law enforcement officers on a foot pursuit immediately following the vehicle pursuit.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 8:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request is overbroad as phrased, and vague and ambiguous as to "led," "foot pursuit."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny as phrased, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 9:**

Admit that YOU did not comply with any of law enforcement officers' orders during the foot pursuit.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 9:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects

8

on the grounds that this request assumes facts, calls for speculation, lacks foundation, is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "comply."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 10:**

Admit that YOU did not comply with law enforcement officers' orders to drop YOUR weapon during the foot pursuit.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 10:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request assumes facts, calls for speculation, lacks foundation, is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "comply."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 11:**

Admit that YOU pointed YOUR weapon at law enforcement officers during the foot pursuit.

/ / /

**RESPONSE TO REQUESTS FOR ADMISSION NO. 11:**

DENY.

**REQUESTS FOR ADMISSION NO. 12:**

Admit that YOU were seen and examined by HEALTHCARE PROVIDERS at the scene of the INCIDENT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 12:**

ADMIT.

**REQUESTS FOR ADMISSION NO. 13:**

Admit that YOU were not permitted by law to carry a firearm on the date of the INCIDENT.

**RESPONSE TO REQUESTS FOR ADMISSION NO. 13:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request assumes facts, calls for speculation, lacks foundation, is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "permitted."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

**REQUESTS FOR ADMISSION NO. 14:**

Admit that there was a criminal protective order for domestic violence in place for YOUR ex-girlfriend Yvette NIEVES on the date of the INCIDENT that prevented YOU from having any contact with her.

10

**RESPONSE TO REQUESTS FOR ADMISSION NO. 14:**

Objections: Responding Party objects on the grounds that this request calls for a legal conclusion and calls for expert opinion prior to expert disclosures. Responding Party further objects to the extent that his request seeks information that is equally available to the propounding party. Responding Party further objects on the basis of harassing, oppressive, and unfair prejudice. Responding Party further objects that the answer to this request is privileged. Responding Party further objects on the grounds that this request assumes facts, calls for speculation, lacks foundation, is overbroad as phrased, overbroad and vague as to time, and vague and ambiguous as to "criminal," "protective order," "domestic violence," and "contact."

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: after reasonable inquiry, the information know to Responding Party, or that can readily be obtained, is insufficient to enable Responding Party to admit or deny, and therefore denies as phrased.

DATED: September 19, 2025

**LAW OFFICES OF DALE K. GALIPO**

**GRECH, PACKER, & HANKS**


By:   */s/*    *Marcel F. Sincich*

Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

## **PROOF OF SERVICE**

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On September 19, 2025, I served the foregoing document described as: **PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA REQUEST FOR ADMISSION, SET ONE, TO PLAINTIFF GEORGE GONZALEZ**; on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

    ☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

    ☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2025, at Woodland Hills, California.


_____*/s/ Stefany Anderson*_____
Stefany Anderson

12

## SERVICE LIST

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Attorneys for Defendants, CITY OF
HEMET, SOBASZEK, and REYNOSO

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,*
*acting by and through the California Highway*
*Patrol, and Officer Sean Irick*

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506

*Attorneys for Plaintiff*

13

**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ, | Case No.: 5:25-CV-00331-KK-DTB |
| Plaintiff, | [*Honorable Kenly Kiya Kato*] Magistrate Judge David T. Bristow |
| v. | |
| STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, | **PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (Set 1)** |
| Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant, STATE OF CALIFORNIA, acting by and through the California Highway Patrol |
| PLAINTIFFS: | Plaintiff, GEORGE GONZALEZ |
| SET NUMBER: | One (1) |

**1**

## I.    <u>PRELIMINARY STATEMENT</u>

Responding Party objects to these responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II.    <u>GENERAL OBJECTIONS</u>

1.    Responding Party objects to the Requests, as a whole, to the extent that they request information that is protected from disclosure by the attorney-client

2

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET 1)

privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.    Responding Party objects to each Request to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Request to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3.    Responding Party objects to each and every Request to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding Party objects to each and every Request to the extent that such discovery is overly broad, vague, and ambiguous.

5.    Responding Party objects to each and every Request to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6.    Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET 1)

III.  **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE'S REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Any and all medical bills, invoices or statements reflecting the actual charges and payments made and accepted towards any medical services rendered to YOU as a result of the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objections: Responding Party objects to this Request to the extent that it is compound, overbroad and unduly burdensome as phrased. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control. Further, vague and ambiguous as to "reflecting" and "actual" as phrased.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party will produce responsive non-privileged documents if and when such documents come within Responding Party's

possession, custody, or control, not previously produced to or produced by Requesting Party or in Requesting Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all medical reports, treatment notes or other DOCUMENTS reflecting any medical care rendered to YOU as a result of the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objections: Responding Party objects to this Request to the extent that it is compound, overbroad and unduly burdensome as phrased. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control. Further, vague and ambiguous as to "other DOCUMENTS" and "rendered" as phrased.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party will produce responsive non-privileged documents if and when such documents come within Responding Party's possession, custody, or control, not previously produced to or produced by Requesting Party or in Requesting Party's possession, custody, or control.

**5**

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (Set 1)

**REQUEST FOR PRODUCTION NO. 3:**

Any and all photographs or video taken of any material object involved in the events pled in YOUR COMPLAINT, including, but not limited to, photographs of YOU, YOUR injuries, or the scene of the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. As phrased, the Request is unduly burdensome and vague as well as harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Vague and ambiguous as "material" and "object" as phrased.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party will produce responsive non-privileged documents if and when such documents come within Responding Party's possession, custody, or control, not previously produced to or produced by Requesting Party or in Requesting Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all statements, however memorialized, from any person or party who claims to have knowledge of any of the events pled in YOUR COMPLAINT, whether that knowledge relates to the facts of the event, YOUR claimed injuries and/or YOUR damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objections: Responding Party objects to this Request to the extent that it is compound, unduly burdensome, and so overbroad as phrased it is unclear of the scope of the Request. As phrased, the Request is vague and ambiguous, harassing and oppressive. Responding Party objects to this Request to the extent that it calls for private or privilege documents. Responding Party objects to the extent that,

**6**

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET 1)

1    pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or

2    defense and is not proportional to the needs of the case.

3         Without waiving and subject to the aforementioned objections, Responding

4    Party responds as follows: Responding Party is not in possession, custody, or control

5    of any non-privileged responsive documents not already in Requesting Party's

6    possession, custody, or control.

7    **REQUEST FOR PRODUCTION NO. 5:**

8         Any and all written or recorded statements from any individual regarding the

9    INCIDENT, obtained by YOU or anyone acting on YOUR behalf.

10        **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

11        Objections: Responding Party objects to this Request to the extent that it is

12   compound, unduly burdensome, and so overbroad as phrased it is unclear of the

13   scope of the Request. As phrased, the Request is vague and ambiguous, harassing

14   and oppressive. Responding Party objects to this Request to the extent that it calls

15   for private or privilege documents. Responding Party objects to the extent that,

16   pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or

17   defense and is not proportional to the needs of the case.

18        Without waiving and subject to the aforementioned objections, Responding

19   Party responds as follows: Responding Party is not in possession, custody, or control

20   of any non-privileged responsive documents not already in Requesting Party's

21   possession, custody, or control.

22   **REQUEST FOR PRODUCTION NO. 6:**

23        Any and all reports made by any person concerning the INCIDENT.

24        **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25        Objections: Responding Party objects to this Request to the extent that it is

26   compound, unduly burdensome, and so overbroad as phrased it is unclear of the

27   scope of the Request. As phrased, the Request is vague and ambiguous, harassing

28   and oppressive. Responding Party objects to this Request to the extent that it calls

7

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF
CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (Set 1)

1  for private or privilege documents. Responding Party objects to the extent that,

2  pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or

3  defense and is not proportional to the needs of the case.

4      Without waiving and subject to the aforementioned objections, Responding

5  Party responds as follows: Responding Party is not in possession, custody, or control

6  of any non-privileged responsive documents not already in Requesting Party's

7  possession, custody, or control.

8  **REQUEST FOR PRODUCTION NO. 7:**

9      Any and all diagrams, reproductions or models of any place or thing

10  concerning the INCIDENT.

11      **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

12      Objections: Responding Party objects to this Request to the extent that it is

13  compound and so overbroad as phrased it is unclear of the scope of the Request. As

14  phrased, the request is also overbroad and unduly burdensome. Responding Party

15  objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any

16  party's claim or defense and is not proportional to the needs of the case.

17      Without waiving and subject to the aforementioned objections, Responding

18  Party responds as follows: Responding Party is not in possession, custody, or

19  control of any non-privileged responsive documents not already in Requesting

20  Party's possession, custody, or control.

21  **REQUEST FOR PRODUCTION NO. 8:**

22      Any and all DOCUMENTS reflecting or evidencing any physical damage to

23  any object involved in this INCIDENT.

24      **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25      Objections: Responding Party objects to this Request to the extent that it is

26  compound, unduly burdensome, and so overbroad as phrased it is unclear of the

27  scope of the Request. As phrased, the Request is vague and ambiguous, harassing

28

1  and oppressive. Responding Party objects to this Request to the extent that it calls

2  for private or privilege documents.

3          Without waiving and subject to the aforementioned objections, Responding

4  Party responds as follows: Responding Party will produce responsive non-privileged

5  documents if and when such documents come within Responding Party's

6  possession, custody, or control, not previously produced to or produced by

7  Requesting Party or in Requesting Party's possession, custody, or control.

8  **REQUEST FOR PRODUCTION NO. 9:**

9          Any and all DOCUMENTS evidencing any income or earnings YOU

10  received in the last five (5) years prior to the INCIDENT, including, but not limited

11  to, pay stubs, checks, receipts, checking account ledgers, letter(s) from employer(s),

12  or any other writings.

13          **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

14          Objections: Responding Party objects to this Request to the extent that it is

15  compound, unduly burdensome, and so overbroad as phrased it is unclear of the

16  scope of the Request. As phrased, the Request is vague and ambiguous, harassing

17  and oppressive.

18          Without waiving and subject to the aforementioned objections, Responding

19  Party responds as follows: Responding Party will produce responsive non-privileged

20  documents if and when such documents come within Responding Party's

21  possession, custody, or control, not previously produced to or produced by

22  Requesting Party or in Requesting Party's possession, custody, or control.

23  **REQUEST FOR PRODUCTION NO. 10:**

24          Any and all DOCUMENTS evidencing any expenses incurred that YOU

25  attribute to the INCIDENT.

26          **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

27          Objections: Responding Party objects to this Request to the extent that it is

28  compound and so overbroad as phrased it is unclear of the scope of the Request. The

language of this Request seeking Responding Party to produce "all DOCUMENTS" regarding every claim for relief, generally speaking and literally translated, includes nearly the entire universe of documents in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to the extent that this Request calls for expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case.

  Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party will produce responsive non-privileged documents if and when such documents come within Responding Party's possession, custody, or control, not previously produced to or produced by Requesting Party or in Requesting Party's possession, custody, or control.

/ / /

/ / /

**10**

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET 1)

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS evidencing any funds received via a GoFundMe account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. As phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to this Request to the extent that it calls for private or privilege documents. Pursuant to Government Code Section 985(b), "Any collateral source payment paid or owed to or on behalf of a plaintiff shall be inadmissible in any action for personal injuries or wrongful death where a public entity is a defendant." Thus, Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Further, pursuant to Government Code Section 985(c), "A defendant public entity may, by interrogatory or in writing at the trial-setting conference, request from the plaintiff a list of the names and addresses of any provider of a collateral source payment affected by this section that has provided collateral source payments directly to or on behalf of the plaintiff and the amount provided to the plaintiff from each collateral source." Thus, Defendants are not permitted to request by request for production information related to a collateral source payment and a plaintiff under this code section is only required to provide the name and address, not documents.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is not in possession, custody, or

1  control of any non-privileged responsive documents not already in Requesting

2  Party's possession, custody, or control.

3  **REQUEST FOR PRODUCTION NO. 12:**

4      Any and all DOCUMENTS evidencing any property damage that YOU

5  attribute to the INCIDENT.

6      **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7      Plaintiff incorporates their general objections. Plaintiff further objects on the

8  grounds that this Request is overly broad and unduly burdensome, including with

9  respect to time and scope, and vague and ambiguous as phrased.

10      Without waiving and subject to the aforementioned objections, Responding

11  Party responds as follows: Responding Party will produce responsive non-privileged

12  documents if and when such documents come within Responding Party's

13  possession, custody, or control, not previously produced to or produced by

14  Requesting Party or in Requesting Party's possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 13:**

16      Any notes, diaries, logs, journals, letters, electronic mail, text messages,

17  calendars, Facebook postings, tweets or other social media messages that relate or

18  refer to the INCIDENT.

19      **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

20      Objections: Responding Party objects to this Request to the extent that it is

21  compound and so overbroad as phrased it is unclear of the scope of the Request.

22  Accordingly, as phrased, the request is also overbroad and unduly burdensome.

23  Literally interpreted, the request also seeks information protected from disclosure by

24  the attorney-client privilege and work product doctrine. Responding Party objects to

25  this Request to the extent that this Request seeks documents that are protected from

26  disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and

27  HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain

28  information protected by privilege, right to privacy, Health Insurance Portability and

1  Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a),

2  164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ.

3  Code §56.10, and California constitutional right to privacy concerning medical

4  information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is

5  unduly burdensome and vague, further this request is harassing and oppressive.

6  Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request

7  not relevant to any party's claim or defense and is not proportional to the needs of

8  the case. Responding Party objects to the extent that this Request calls for expert

9  opinion and/or premature disclosure of expert witness discovery prior to the date for

10  expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this

11  case. Responding Party objects that documents responsive to this Request are

12  equally available to Defendants as to Responding Party or are in Defendants'

13  possession, custody, and/or control; or to which Defendants' have superior access.

14    Without waiving and subject to the aforementioned objections, Responding

15  Party responds as follows: Responding Party is not in possession, custody, or

16  control of any non-privileged responsive documents at this time.

17  **REQUEST FOR PRODUCTION NO. 14:**

18    Any notes, diaries, logs, journals, letters, electronic mail, text messages,

19  calendars, Facebook postings, tweets or other social media messages that relate or

20  refer to the damages YOU claim as a result of the INCIDENT.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

22    Objections: Responding Party objects to this Request to the extent that it is

23  compound and so overbroad as phrased it is unclear of the scope of the Request.

24  Accordingly, as phrased, the request is also overbroad and unduly burdensome.

25  Literally interpreted, the request also seeks information protected from disclosure by

26  the attorney-client privilege and work product doctrine. Responding Party objects to

27  this Request to the extent that this Request seeks documents that are protected from

28  disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and

13

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF
CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (Set 1)

HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to the extent that this Request calls for expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is not in possession, custody, or control of any non-privileged responsive documents at this time.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all medical reports, treatment notes, hospital records, physician notes, photographs, x-rays, medical records, or other DOCUMENTS reflecting any medical care rendered to YOU in the five years before the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Objections: Responding Party objects to this Request to the extent that it is compound, overbroad and unduly burdensome as phrased. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to

obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control. Further, vague and ambiguous as to "other DOCUMENTS" and "rendered" as phrased.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS that evidence, consist of, concern, refer to, or relate to any medical insurance under which YOU were covered in the five years prior to the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objections: Responding Party objects on the grounds that this request seeks information protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42 C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code § 11845.5, and California constitutional right to privacy concerning his medical information under Cal. Const. art I, § 1. Responding Party objects to this request on the basis that it seeks documents protected from disclosure by the right to privacy.

Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond, assumes facts, and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond.  Further, the information sought is irrelevant, outside of the scope of discovery, not proportional to the needs of the case, not reasonably likely to lead to admissible or discoverable information and is harassing and oppressive.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that evidence, consist of, concern, refer to, or relate to YOUR claimed damages related to the INCIDENT.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Objections: Responding Party objects on the grounds that this request is overbroad, unduly burdensome, harassing and oppressive. Literally interpreted this requests calls for every possible document in this case, including attorney client privilege, attorney work product, and documents already in Requesting Party's possession. This request is so overbroad as to scope that it is not possible to understand what Requesting Party is actually asking. Thus, Responding Party cannot respond with documents as phrased.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS evidencing or discussing any collateral source benefits YOU received or were eligible to receive in connection with any injury or damages related to the INCIDENT, including but not limited to invoices, statements, receipts, claim forms, bills, insurance policies, personnel pamphlets, brochures, or guides, benefit statements books or guides, etc.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Objections: Responding Party objects to this Request to the extent that it calls for private or privilege documents. Pursuant to Government Code Section 985(b),

"Any collateral source payment paid or owed to or on behalf of a plaintiff shall be inadmissible in any action for personal injuries or wrongful death where a public entity is a defendant." Thus, Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request is not relevant to any party's claim or defense and is not proportional to the needs of the case. Further, pursuant to Government Code Section 985(c), "A defendant public entity may, by interrogatory or in writing at the trial-setting conference, request from the plaintiff a list of the names and addresses of any provider of a collateral source payment affected by this section that has provided collateral source payments directly to or on behalf of the plaintiff and the amount provided to the plaintiff from each collateral source." Thus, Defendants are not permitted to request by request for production information related to a collateral source payment and a plaintiff under this code section is only required to provide the name and address, not documents. Thus, the information sought is irrelevant, outside of the scope of discovery, not proportional to the needs of the case, not reasonably likely to lead to admissible or discoverable information and is harassing and oppressive.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS pertaining to YOUR cellular phone in YOUR possession on the date of the INCIDENT, including all calls, and text messages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objections: Responding Party objects to this Request to the extent that it is compound, overbroad, and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the privilege and the right to privacy. This Request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request

1  not relevant to any party's claim or defense and is not proportional to the needs of

2  the case.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      Any and all DOCUMENTS which reflect, refer or relate to YOUR arrest(s) or

5  conviction(s) on criminal charges prior to the INCIDENT.

6          **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Objections: Responding Party objects to this Request to the extent that it is

8  compound and so overbroad as phrased it is unclear of the scope of the Request. As

9  phrased, the request is also overbroad and unduly burdensome. Accordingly, as

10  phrased, the Request is unduly burdensome and vague, further this request is

11  harassing and oppressive. Responding Party objects to the extent that, pursuant to

12  FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not

13  proportional to the needs of the case. Responding Party objects that documents

14  responsive to this Request are equally available to Defendants as to Responding

15  Party or are in Defendants' possession, custody, and/or control; or to which

16  Defendants' have superior access. Responding Party further objects that the

17  documents sought constitute improper character evidence unknown to Defendants at

18  the time of the incident and are therefore not relevant and not admissible.

19      Without waiving and subject to the aforementioned objections, Responding

20  Party responds as follows: Responding Party is not in possession, custody, or

21  control of any non-privileged responsive documents not already in Requesting

22  Party's possession, custody, or control.

23  **REQUEST FOR PRODUCTION NO. 21:**

24      Any and all DOCUMENTS which reflect, refer or relate to YOUR arrest(s) or

25  conviction(s) on criminal charges brought as a result of the INCIDENT.

26          **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

27      Objections: Responding Party objects to this Request to the extent that it is

28  compound and so overbroad as phrased it is unclear of the scope of the Request. As

phrased, the request is also overbroad and unduly burdensome. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. Responding Party further objects that the documents sought constitute improper character evidence unknown to Defendants at the time of the incident and are therefore not relevant and not admissible.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is not in possession, custody, or control of any non-privileged responsive documents not already in Requesting Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS which reflect, refer or relate to YOUR arrest(s) or conviction(s) on criminal charges after the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. As phrased, the request is also overbroad and unduly burdensome. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access. Responding Party further objects that the

1  documents sought constitute improper character evidence unknown to Defendants at

2  the time of the incident and are therefore not relevant and not admissible.

3      Without waiving and subject to the aforementioned objections, Responding

4  Party responds as follows: Responding Party is not in possession, custody, or

5  control of any non-privileged responsive documents not already in Requesting

6  Party's possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 23:**

8      Any DOCUMENTS, including any video recording depicting all, or any part,

9  of the INCIDENT.

10      **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

11      Objections: Responding Party objects to this Request to the extent that it is

12  compound and so overbroad as phrased it is unclear of the scope of the Request. The

13  language of this Request seeking Responding Party to produce "Any

14  DOCUMENTS" regarding essentially every claim for relief and legal and factual

15  theory, generally speaking and literally translated, includes nearly the entire

16  universe of documents in this case. Accordingly, as phrased, the request is also

17  overbroad and unduly burdensome. Responding Party objects to the extent that,

18  pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense

19  and is not proportional to the needs of the case. Responding Party objects to the

20  extent that this Request calls for expert opinion and/or premature disclosure of

21  expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ.

22  Pro. and/or the Scheduling Order in this case. Responding Party objects that

23  documents responsive to this Request are equally available to Defendants as to

24  Responding Party or are in Defendants' possession, custody, and/or control; or to

25  which Defendants' have superior access.

26  **REQUEST FOR PRODUCTION NO. 24 (erroneously numbered 23):**

27      Any DOCUMENTS, including any audio recording which captures all, or any

28  part, of the subject INCIDENT.

**20**

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF
CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (Set 1)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. The language of this Request seeking Responding Party to produce "Any DOCUMENTS" regarding essentially every claim for relief and legal and factual theory, generally speaking and literally translated, includes nearly the entire universe of documents in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to the extent that this Request calls for expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access.

**REQUEST FOR PRODUCTION NO. 25 (erroneously numbered 24):**

Copies of any filmed interview of YOU regarding the INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. As phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to the extent that this Request calls for expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ.

Pro. and/or the Scheduling Order in this case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is not in possession, custody, or control of any non-privileged responsive documents not already in Requesting Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26 (erroneously numbered 25:**

Any and all DOCUMENTS identified in YOUR responses to interrogatories served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objections: Responding Party incorporates by reference all objections corresponding to all referenced interrogatories. Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. The language of this Request seeking Responding Party to produce "all DOCUMENTS" regarding every claim for relief, generally speaking and literally translated, includes nearly the entire universe of documents in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning

medical information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is unduly burdensome and vague, further this request is harassing and oppressive. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party objects to the extent that this Request calls for expert opinion and/or premature disclosure of expert witness discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this case. Responding Party objects that documents responsive to this Request are equally available to Defendants as to Responding Party or are in Defendants' possession, custody, and/or control; or to which Defendants' have superior access.

Without waiving and subject to the aforementioned objections, Responding Party responds as follows: Responding Party is not in possession, custody, or control of any non-privileged responsive documents not already in Requesting Party's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27 (erroneously numbered 26):**

Any and all DOCUMENTS identified in Plaintiff's Initial Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Objections: Responding Party objects to this Request to the extent that it is compound and so overbroad as phrased it is unclear of the scope of the Request. The language of this Request seeking Responding Party to produce "all DOCUMENTS" regarding every claim for relief, generally speaking and literally translated, includes nearly the entire universe of documents in this case. Accordingly, as phrased, the request is also overbroad and unduly burdensome. Literally interpreted, the request also seeks information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. Responding Party objects to this Request to the extent that this Request seeks documents that are protected from disclosure by the

doctor-patient privilege, the psychotherapist-patient privilege and HIPAA.
Responding Party objects to this Request to the extent that it seeks to obtain
information protected by privilege, right to privacy, Health Insurance Portability and
Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a),
164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ.
Code §56.10, and California constitutional right to privacy concerning medical
information under Cal. Const. art I, §1. Accordingly, as phrased, the Request is
unduly burdensome and vague, further this request is harassing and oppressive.
Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request
not relevant to any party's claim or defense and is not proportional to the needs of
the case. Responding Party objects to the extent that this Request calls for expert
opinion and/or premature disclosure of expert witness discovery prior to the date for
expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in this
case. Responding Party objects that documents responsive to this Request are
equally available to Defendants as to Responding Party or are in Defendants'
possession, custody, and/or control; or to which Defendants' have superior access.

Without waiving and subject to the aforementioned objections, Responding
Party responds as follows: Responding Party is not in possession, custody, or
control of any non-privileged responsive documents not already in Requesting
Party's possession, custody, or control.

DATED:    September 19, 2025    **LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _/s/    Marcel F. Sincich_
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, CITY OF LOS ANGELES

I, Stefany Anderson, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On September 19, 2025, I served the foregoing document described as: **PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE OF CALIFORNIA'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

<u>METHOD OF SERVICE</u>

☒    (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐    I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☒    I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐    (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 19, 2025, at Woodland Hills, California.

/s/*Stefany Anderson*

———————————————————
Stefany Anderson

<u>SERVICE LIST</u>

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Attorneys for Defendants, CITY OF
HEMET, SOBASZEK, and REYNOSO

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov
*Attorneys for Defendants, State of California,*
*acting by and through the California Highway*
*Patrol, and Officer Sean Irick*

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506

*Attorneys for Plaintiff*

1  **LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
2  dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
3  msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
Phone: (818) 347-3333
5  Fax:    (818) 347-4118

6  **GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
7  tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
8  Riverside, CA 92506
Phone: (951) 682-9311
9
*Attorneys for Plaintiff* GEORGE GONZALEZ
10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13

14

15  GEORGE GONZALEZ,                    Case No.: 5:25-CV-00331-KK-DTB

16        Plaintiff,                    [*Honorable Kenly Kiya Kato*]
                                         Magistrate Judge David T. Bristow
17        v.
                                        **PLAINTIFF GEORGE**
18  STATE OF CALIFORNIA; CITY OF        **GONZALEZ'S RESPONSES AND**
HEMET; PATRICK SOBASZEK;               **OBJECTIONS TO THE**
19  ANDREW REYNOSO; SEAN IRICK;        **DEFENDANT STATE OF**
and DOES 1-10, inclusive,              **CALIFORNIA'S**
20                                      **INTERROGATORIES (SET 1)**
        Defendants.
21

22

23

24  PROPOUNDING PARTY:       Defendant, STATE OF CALIFORNIA, acting by

25                           and through the California Highway Patrol

26  PLAINTIFFS:              Plaintiff, GEORGE GONZALEZ

27  SET NUMBER:              One (1)

28

                                    1

## I. __PRELIMINARY STATEMENT__

These responses are made solely for the purpose of this action and are made on the basis of information which is presently known by and available to Responding Party. Each answer is subject to all appropriate objections (including, but not limited to, objections to confidentiality, relevancy, and admissibility) which would require the exclusion of any information contained herein if such information was provided by a witness present and testifying in court. All such objections are reserved and may be interposed at the time of trial.

Responding Party has not yet completed their investigation of the facts relating to this action; has not yet interviewed all witnesses in this action; has not yet completed discovery in this action; and has not yet completed their preparation for trial. Consequently, the following responses are given without prejudice to Responding Party's right to amend or supplement these responses at a later date. No admissions of any nature whatsoever are implied or should be inferred. Nothing herein should be construed as an admission or acceptance by Responding Party with respect to the admissibility or relevance of any document or fact, or the relevance, truth, or accuracy of any characterization or statement of any kind.

Responding Party reserves the right to continue investigation and discovery of facts, witnesses, and documents which may reveal additional information about the issues in this case. In addition, Responding Party reserves the right to amend the responses contained herein, and to produce, refer to and offer any additional documents, facts, and evidence at the time of trial which may be ascertained through his continuing discovery and trial preparation, notwithstanding the reference to facts, evidence, documents, and things in this response.

## II. __GENERAL OBJECTIONS__

1.    Responding Party objects to the Interrogatories, as a whole, to the extent that they request information that is protected from disclosure by the

attorney-client privilege, attorney work product doctrine and/or any other applicable privilege or immunity.

2.    Responding Party objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information other than that which may be obtained through a reasonably diligent search of their records, or to create a summary or compilation other than as maintained in the regular course of business. Responding Party further objects to each Interrogatory to the extent that it seeks to require Responding Party to provide information not in their possession, custody or control.

3.    Responding Party objects to each and every Interrogatory to the extent that such discovery is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Responding Party objects to each and every Interrogatory to the extent that such discovery is overly broad, vague, and ambiguous.

5.    Responding Party objects to each and every Interrogatory to the extent that it seeks information already known by, or reasonably accessible to Defendants, or facts that are solely within the knowledge and control of Defendants.

6.    Responding Party objects on the grounds that Responding Party has not completed factual investigation. These responses are made in good faith and after diligent inquiry into the facts and information now known to Responding Party as well as their present analysis of the case. However, information that may be responsive may not yet have been discovered. Accordingly, without asserting an obligation to do so, and without waiving the objections asserted herein, Responding Party reserves the right to amend and/or supplement these responses as and when additional information is discovered. Additionally, because Responding Party's responses are based upon information that they recall and have identified to date, they do not preclude Responding Party from relying on facts or documents recalled, discovered or generated pursuant to subsequent investigation and discovery.

## III. <u>PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE'S INTERROGATORIES</u>

## <u>INTERROGATORY NO. 1:</u>

State the name and telephone number of each individual with whom YOU resided on the date of the INCIDENT.

### <u>RESPONSE TO INTERROGATORY No. 1:</u>

Objections: Responding Party objects on the grounds that this request is overly broad and unduly burdensome, harassing and oppressive. Responding Party further objects to this request on the basis that it seeks information protected from disclosure by Responding Party's right to privacy, and the privacy of third parties. Responding Party objects on the grounds that this request calls for speculation, assumes facts, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond. Responding Party objects to the extent that, pursuant to FRCP 26(b)(1), this request not relevant to any party's claim or defense and is not proportional to the needs of the case. Responding Party has no responsive information to provide.

## <u>INTERROGATORY NO. 2:</u>

State the total amount of damages YOU claim to have suffered as a result of the alleged wrongful conduct of the State Defendants.

### <u>RESPONSE TO INTERROGATORY No. 2:</u>

Objections: Responding Party objects on the grounds that this request is overly broad and unduly burdensome, harassing and oppressive. Responding Party further objects to this request on the grounds that it calls for speculation and/or expert opinion. Vague and ambuguous as to "damages" as phrased. Vague and ambiguous and overlyboad as to "alleged wrongful conduct."

Without waving and subject to the foregoing objections, Plaintiff responds as follows: Plaintiff seeks compensatory and punitive damages under federal law and

4

1  state law in the amount to be proven at trial and based on expert opinion. Plaintiff

2  believes a jury could award full and fair compensation in excess of $5,000,000.

3  **INTERROGATORY NO. 3:**

4      IDENTIFY all DOCUMENTS that YOU contend support YOUR calculation

5  of damages identified in your response to Interrogatory number 2.

6      **RESPONSE TO INTERROGATORY No. 3:**

7      Objections: Responding Party objects on the grounds that this request seeks

8  information protected from disclosure by the doctor-patient privilege, the

9  psychotherapist-patient privilege and HIPAA. Responding Party objects to this

10 Request to the extent that it seeks to obtain information protected by privilege, right

11 to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.

12 § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the

13 California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42

14 C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code

15 § 11845.5, and California constitutional right to privacy concerning his medical

16 information under Cal. Const. art I, § 1. Responding Party objects to this request on

17 the basis that it seeks documents protected from disclosure by the right to privacy.

18 Responding Party objects on the grounds that this Interrogatory calls for speculation,

19 assumes facts, calls for narrative, and vague and overbroad as phrased. This request

20 requires considerable research and investigation in order to respond, assumes facts,

21 and is too vague or ambiguous to enable the Responding Party to determine the

22 scope of interrogatory in order to respond. Responding Party further objects that this

23 request calls for an expert opinion and/or premature disclosure of expert witness

24 discovery prior to the date for expert exchange set by the Fed. R. Civ. Pro. and/or

25 the Scheduling Order in this case.

26      Without waiving and subject to the aforementioned objections, the answer to

27 these Interrogatories may be determined by examining, auditing, compiling,

28 abstracting, or summarizing records (including electronically stored information),

1  and the burden of deriving or ascertaining the answer will be substantially the same

2  for either party. Thus, Responding Party specifies the following records for

3  Requesting Parties review which are in Requesting Parties custody and control:

4  Defendants' Disclosures and Discovery Responses; medical records in Defendants'

5  possession and served concurrently herewith; future medical records as damages are

6  ongoing; future expert reports.

7  **INTERROGATORY NO. 4:**

8      Describe any collateral source benefits YOU received or was eligible to

9  receive in connection with any damages related to the INCIDENT.

10      **RESPONSE TO INTERROGATORY No. 4:**

11      Objections: Responding Party objects on the grounds that this request seeks

12  information protected from disclosure by the privilege, including HIPAA, and

13  California constitutional right to privacy concerning medical information under Cal.

14  Const. art I, § 1. Responding Party objects on the grounds that this Interrogatory

15  calls for speculation, assumes facts, and vague and overbroad as phrased. This

16  request requires considerable research and investigation in order to respond, and is

17  too vague or ambiguous to enable the Responding Party to determine the scope of

18  interrogatory in order to respond. Vague and overbroad as to "was eligible to

19  receive" as Responding Party does not know what timeframe Requesting Party is

20  referring, what collateral sources Requesting Party is referring, or what benefits

21  Responding Party is referring. Vague and ambiguous as to "collateral source

22  benefits" as phrased. Responding Party further objects that this request calls for an

23  expert opinion and/or premature disclosure of expert witness discovery prior to the

24  date for expert exchange set by the Fed. R. Civ. Pro. and/or the Scheduling Order in

25  this case. Further, generally, collateral source information is inadmissible and

26  cannot be used to reduce a defendant's liability; thus, the information sought is

27  irrelevant, outside of the scope of discovery, not proportional to the needs of the

28

1 case, not reasonably likely to lead to admissible or discoverable information and is
2 harassing and oppressive.

3 **INTERROGATORY NO. 5:**

4     Identify all HEALTHCARE PROVIDERS that consulted with, examined
5 and/or treated YOU in the five years prior to the INCIDENT.

6     **RESPONSE TO INTERROGATORY No. 5:**

7     Objections: Responding Party objects on the grounds that this request seeks
8 information protected from disclosure by the doctor-patient privilege, the
9 psychotherapist-patient privilege and HIPAA. Responding Party objects to this
10 Request to the extent that it seeks to obtain information protected by privilege, right
11 to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.
12 § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the
13 California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42
14 C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code
15 § 11845.5, and California constitutional right to privacy concerning his medical
16 information under Cal. Const. art I, § 1. Responding Party objects to this request on
17 the basis that it seeks documents protected from disclosure by the right to privacy.
18 Responding Party objects on the grounds that this Interrogatory calls for speculation,
19 assumes facts, calls for narrative, and vague and overbroad as phrased. This request
20 requires considerable research and investigation in order to respond, assumes facts,
21 and is too vague or ambiguous to enable the Responding Party to determine the
22 scope of interrogatory in order to respond. Further, the information sought is
23 irrelevant, outside of the scope of discovery, not proportional to the needs of the
24 case, not reasonably likely to lead to admissible or discoverable information and is
25 harassing and oppressive.

26 **INTERROGATORY NO. 6:**

27     Identify all drug and/or alcohol treatment facilities or programs where YOU
28 underwent treatment in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY No. 6:**

Objections: Responding Party objects on the grounds that this request seeks information protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42 C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code § 11845.5, and California constitutional right to privacy concerning his medical information under Cal. Const. art I, § 1. Responding Party objects to this request on the basis that it seeks documents protected from disclosure by the right to privacy. Responding Party objects on the grounds that this Interrogatory calls for speculation, assumes facts, calls for narrative, and vague and overbroad as phrased. This request requires considerable research and investigation in order to respond, assumes facts, and is too vague or ambiguous to enable the Responding Party to determine the scope of interrogatory in order to respond.  Further, the information sought is irrelevant, outside of the scope of discovery, not proportional to the needs of the case, not reasonably likely to lead to admissible or discoverable information and is harassing and oppressive.

**INTERROGATORY NO. 7:**

Identify all mental health treatment facilities or programs where YOU underwent treatment in the five years prior to the INCIDENT.

**RESPONSE TO INTERROGATORY No. 7:**

Objections: Responding Party objects on the grounds that this request seeks information protected from disclosure by the doctor-patient privilege, the psychotherapist-patient privilege and HIPAA. Responding Party objects to this Request to the extent that it seeks to obtain information protected by privilege, right

8

1  to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.
2  § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the
3  California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42
4  C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code
5  § 11845.5, and California constitutional right to privacy concerning his medical
6  information under Cal. Const. art I, § 1. Responding Party objects to this request on
7  the basis that it seeks documents protected from disclosure by the right to privacy.
8  Responding Party objects on the grounds that this Interrogatory calls for speculation,
9  assumes facts, calls for narrative, and vague and overbroad as phrased. This request
10  requires considerable research and investigation in order to respond, assumes facts,
11  and is too vague or ambiguous to enable the Responding Party to determine the
12  scope of interrogatory in order to respond.  Further, the information sought is
13  irrelevant, outside of the scope of discovery, not proportional to the needs of the
14  case, not reasonably likely to lead to admissible or discoverable information and is
15  harassing and oppressive.

16  **INTERROGATORY NO. 8:**

17      Identify any medical insurance under which YOU were covered in the five
18  years prior to the INCIDENT.

19      **RESPONSE TO INTERROGATORY NO. 8:**

20      Objections: Responding Party objects on the grounds that this request seeks
21  information protected from disclosure by the doctor-patient privilege, the
22  psychotherapist-patient privilege and HIPAA. Responding Party objects to this
23  Request to the extent that it seeks to obtain information protected by privilege, right
24  to privacy, Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C.
25  § 299b-2, 42 U.S.C. § 290dd-2(g), 45 C.F.R. §§ 164.502(a), 164.508(a)(l), the
26  California Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, 42
27  C.F.R. §§ 2.11, 2.12(a)(1)(i), 42 C.F.R., Part 2. 42 C.F.R. § 2.15(b), Cal. H&S Code
28  § 11845.5, and California constitutional right to privacy concerning his medical

1  information under Cal. Const. art I, § 1. Responding Party objects to this request on

2  the basis that it seeks documents protected from disclosure by the right to privacy.

3  Responding Party objects on the grounds that this Interrogatory calls for speculation,

4  assumes facts, calls for narrative, and vague and overbroad as phrased. This request

5  requires considerable research and investigation in order to respond, assumes facts,

6  and is too vague or ambiguous to enable the Responding Party to determine the

7  scope of interrogatory in order to respond.  Further, the information sought is

8  irrelevant, outside of the scope of discovery, not proportional to the needs of the

9  case, not reasonably likely to lead to admissible or discoverable information and is

10  harassing and oppressive.

11  **INTERROGATORY NO. 9:**

12      State the name and address of each school or other academic or vocational

13  institution YOU attended beginning with high school.

14      **RESPONSE TO INTERROGATORY NO. 9:**

15      Responding Party incorporates their general objections. Responding Party

16  further objects to this Interrogatory on the grounds that it seeks irrelevant

17  information and information not reasonably calculated to lead to the discovery of

18  admissible evidence. Responding Party further objects to this Interrogatory seeks

19  information protected from disclosure by Responding Party's right to privacy.

20  Responding Party objects to the extent that it is harassing and oppressive.

21      Without waving and subject to the foregoing objections, Responding Party

22  responds as follows to the best of Responding Party's recollection and information

23  at this time: Beaumont High School, 39139 Cherry Valley Blvd, Beaumont, CA

24  92223, 951-845-3171; Milo P. Johnson Center For Learning, 671 N. Florida Street

25  STE D, Banning, CA 92220, 951-826-4557; Mount San Jacinto College, 1499 N.

26  State Street, San Jacinto, CA 92583.

27  / / /

28  / / /

10

1 **INTERROGATORY NO. 10:**

2     State the dates YOU attended each school or other academic or vocational

3 institution beginning with high school.

4     **RESPONSE TO INTERROGATORY NO. 10:**

5     Plaintiff incorporates their general objections. Plaintiff further objects to this

6 Interrogatory on the grounds that it seeks irrelevant information and information not

7 reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

8 further objects to this Interrogatory seeks information protected from disclosure by

9 Plaintiff's right to privacy. Plaintiff objects to the extent that it is harassing and

10 oppressive.

11     Without waving and subject to the foregoing objections, Plaintiff responds as

12 follows to the best of Responding Party's recollection and information at this time:

13 Approximately 2009; approx. 2010; approx. 2011.

14 **INTERROGATORY NO. 11:**

15     State the highest grade level YOU completed.

16     **RESPONSE TO INTERROGATORY NO. 11:**

17     Plaintiff incorporates their general objections. Plaintiff further objects to this

18 Interrogatory on the grounds that it seeks irrelevant information and information not

19 reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

20 further objects to this Interrogatory seeks information protected from disclosure by

21 Plaintiff's right to privacy. Plaintiff objects to the extent that it is harassing and

22 oppressive.

23     Without waving and subject to the foregoing objections, Responding Party

24 responds as follows to the best of Responding Party's recollection and information

25 at this time: Responding Party does not specifically recall at this time, some high

26 school.

27 **INTERROGATORY NO. 12:**

28     State all degrees received by YOU beginning with high school.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff incorporates their general objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory seeks information protected from disclosure by Plaintiff's right to privacy. Plaintiff objects to the extent that it is harassing and oppressive.

Without waving and subject to the foregoing objections, Plaintiff responds as follows: diploma.

**INTERROGATORY NO. 13:**

State the name and address of YOUR employer or place of self-employment at the time of the INCIDENT.

**RESPONSE TO INTERROGATORY No. 13:**

Plaintiff incorporates their general objections. Plaintiff further objects to this Interrogatory on the grounds that it seeks irrelevant information and information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory seeks information protected from disclosure by Plaintiff's right to privacy. Plaintiff objects to the extent that it is harassing and oppressive.

Without waving and subject to the foregoing objections, Responding Party responds as follows to the best of Responding Party's recollection and information at this time: Responding Party does not specifically recall at this time, but believes he was unemployed at the time of the incident.

**INTERROGATORY NO. 14:**

State the dates of YOUR employment with the employer identified in response to Interrogatory number 12.

/ / /

/ / /

12

1 **RESPONSE TO INTERROGATORY NO. 14**

2 Plaintiff incorporates their general objections. Plaintiff further objects on the

3 grounds that this Request is overly broad and unduly burdensome, including with

4 respect to time and scope, and vague and ambiguous as phrased and assumes facts.

5 Plaintiff objects to the extent that it is harassing and oppressive. This interrogatory is

6 unintelligible given that Interrogatory No 12 seeks information regarding degrees

7 not employment making this Interrogatory impossible to respond as phrased.

8 Without waiving and subject to the foregoing objections, Plaintiff responds as

9 follows to the best of his recollection at this time: Empire Attire (approx. 2012);

10 Empire Towing & Transportation Inc (approx. 2018); and Bedon Construction

11 (approx. 2020-2021).

12 **INTERROGATORY NO. 15:**

13 State the job title and/or nature of work with the employer identified in

14 response to Interrogatory number 12.

15 **RESPONSE TO INTERROGATORY NO. 15:**

16 Plaintiff incorporates their general objections. Plaintiff further objects on the

17 grounds that this Request is overly broad and unduly burdensome, including with

18 respect to time and scope, and vague and ambiguous as phrased and assumes facts.

19 Plaintiff objects to the extent that it is harassing and oppressive. This interrogatory is

20 unintelligible given that Interrogatory No 12 seeks information regarding degrees

21 not employment making this Interrogatory impossible to respond as phrased.

22 Without waiving and subject to the foregoing objections, Plaintiff responds as

23 follows: General construction; dispatcher; clothing store clerk.

24 **INTERROGATORY NO. 16:**

25 State the name and address of YOUR employers or places of self-employment

26 for five years before the INCIDENT.

27

28 / / /

1    <u>**RESPONSE TO INTERROGATORY NO. 16:**</u>

2    Plaintiff incorporates their general objections. Plaintiff further objects on the

3    grounds that this Request is overly broad and unduly burdensome, including with

4    respect to time and scope, and vague and ambiguous as phrased. Plaintiff objects to

5    the extent that it is harassing and oppressive.

6    Without waiving and subject to the foregoing objections, Plaintiff responds as

7    follows to the best of his recollection at this time: Bedon Construction.

8    <u>**INTERROGATORY NO. 17:**</u>

9    State the dates of YOUR employment with the employer identified in

10    response to Interrogatory number 15.

11    <u>**RESPONSE TO INTERROGATORY NO. 17:**</u>

12    Plaintiff incorporates their general objections. Plaintiff further objects on the

13    grounds that this Request is overly broad and unduly burdensome, including with

14    respect to time and scope, and vague and ambiguous as phrased and assumes facts.

15    Plaintiff objects to the extent that it is harassing and oppressive. This interrogatory is

16    unintelligible given that Interrogatory No 15 seeks information regarding job title or

17    nature of work, not identifying employers, making this Interrogatory impossible to

18    respond as phrased.

19    Without waiving and subject to the foregoing objections, Plaintiff responds as

20    follows to the best of his recollection: from approximatly 2020-2021.

21    <u>**INTERROGATORY NO. 18:**</u>

22    State the job title and/or nature of work with the employer identified in

23    response to Interrogatory number 15.

24    <u>**RESPONSE TO INTERROGATORY NO. 18:**</u>

25    Plaintiff incorporates their general objections. Plaintiff further objects on the

26    grounds that this Request is overly broad and unduly burdensome, including with

27    respect to time and scope, and vague and ambiguous as phrased and assumes facts.

28    Plaintiff objects to the extent that it is harassing and oppressive. This interrogatory is

14

1  unintelligible given that Interrogatory No 15 seeks information regarding job title or

2  nature of work, not identifying employers, making this Interrogatory impossible to

3  respond as phrased.

4  **INTERROGATORY NO. 19:**

5      IDENTIFY YOUR cell phone company carrier on the date of the INCIDENT.

6      **RESPONSE TO INTERROGATORY NO. 19:**

7      Plaintiff incorporates their general objections. Plaintiff further objects on the

8  grounds that this Request is overly broad and unduly burdensome, including with

9  respect to time and scope, and vague and ambiguous as phrased and assumes facts.

10  Plaintiff objects to the extent that the information sought is irrelevant, outside of the

11  scope of discovery, not proportional to the needs of the case, not reasonably likely to

12  lead to admissible or discoverable information and is harassing and oppressive.

13  **INTERROGATORY NO. 20:**

14      IDENTIFY YOUR cell phone number on the date of the INCIDENT.

15      **RESPONSE TO INTERROGATORY NO. 20:**

16      Plaintiff incorporates their general objections. Plaintiff further objects on the

17  grounds that this Request is overly broad and unduly burdensome, including with

18  respect to time and scope, and vague and ambiguous as phrased and assumes facts.

19  Plaintiff objects to the extent that the information sought is irrelevant, outside of the

20  scope of discovery, not proportional to the needs of the case, not reasonably likely to

21  lead to admissible or discoverable information and is harassing and oppressive.

22  Responding Party objects on the grounds that this request seeks information

23  protected from disclosure by the privilege and California constitutional right to

24  privacy concerning medical information under Cal. Const. art I, § 1.

25

26  / / /

27

28  / / /

DATED:    September 19, 2025    **LAW OFFICES OF DALE K. GALIPO**

**GRECH, PACKER, & HANKS**

By:    */s/*    *Marcel F. Sincich*

Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, CITY OF LOS ANGELES

3

4

5

I, Stefany Anderon, am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

6

7

8

9

On September 19, 2025, I served the foregoing document described as: **PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO THE DEFENDANT STATE OF CALIFORNIA'S INTERROGATORIES (SET 1)** on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

10

METHOD OF SERVICE

11

12

☒    (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

13

☐    I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

14

15

16

17

☒    I placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of this office for the collection, processing and mailing of documents.  On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

18

19

20

☒    (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

21

22

23

☐    (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list.  I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

24

25

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

26

Executed on September 19, 2025, at Woodland Hills, California.

27

*/s/ Stefany Anderson*

28

_____

Stefany Anderson

17

## SERVICE LIST

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Attorneys for Defendants, CITY OF
HEMET, SOBASZEK, and REYNOSO


ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov
Attorneys for Defendants, State of California,
acting by and through the California Highway
Patrol, and Officer Sean Irick

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506

Attorneys for Plaintiff

PLAINTIFF GEORGE GONZALEZ'S RESPONSES AND OBJECTIONS TO THE DEFENDANT STATE OF
CALIFORNIA'S INTERROGATORIES (SET 1)

# EXHIBIT    B

CALIFORNIA
**DEPARTMENT OF JUSTICE**

*Rob Bonta*
**Attorney General**

2550 MARIPOSA MALL, ROOM 5090
FRESNO, CA  93721-2271

Public: (559) 705-2300
Telephone: (559) 705-2312
Facsimile: (559) 445-5106
E-Mail:  Ashley.Reyes@doj.ca.gov

October 24, 2025

**SENT VIA E-MAIL ONLY**
Trenton C. Packer, Esq.
GRECH, PACKER, & HANKS
7095 Indiana Avenue, Suite 200
Riverside, CA 92506
tpacker@grechpackerlaw.com

Dale K. Galipo, Esq.
Marcel Sincich, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
msincich@galipolaw.com
dalekgalipo@yahoo.com

RE:    *Gonzalez v. State of California, et al.*
       United States District Court, Central District of California, Case No. 5:25-cv-00331-KK-DTB

Mr. Packer and Mr. Sincich:

        This letter is an effort to meet and confer pursuant to USDC Local Rule 7-3, regarding the deficiencies found in Plaintiff's responses to State Defendants' Requests for Production of Documents, Set One, Requests for Admissions, Set One, and Interrogatories, Set One that were served on your office on August 4, 2025 and responded to on September 19, 2025.

**Requests for Admissions**

        Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions, set forth below in pertinent part:

        A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. F. R. Civ. P. 36(a)(1)

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 2

If an objection is made, the reasons therefor shall be stated. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. Fed. R. Civ. P. 36(a)(3) The responding party is required to undertake a "good faith" investigation of sources reasonably available to him or her in formulating answers to request for admissions (similar to the duty owed in responding to interrogatories). Adv. Comm. Notes (1970) to Fed.R.Civ.P. 36(a). Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play. *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 938 (9th Cir.1994)

In *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245 (9th Cir. 1982), the Ninth Circuit held that Rule 36 was amended in 1970 to adopt the majority view that *a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him.* 8 C. Wright & A. Miller, Federal Practice and Procedure § 2261, at 731 (1970)(emphasis added). As the Advisory Committee's Note explains, the Rule is "in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process."

Requests Nos. 1, 2, 3, 5, 6, 7, 8, 9, 10, 13, 14

These requests ask Plaintiff to either admit or deny specific facts surrounding the incident. Despite Plaintiff being present for the incident, he makes many meritless objections, and claims that he lacks information to enable him to admit or deny the request as phrased.   For example, the requests ask Plaintiff to either admit or deny that he was armed with a firearm on the date of the incident, admit or deny that he was non-compliant with officers' commands, admit that he had an active felony warrant out for his arrest on the date of the incident, and that he led officers on a vehicle pursuit, among other things. (See State Defendant's RFAs Nos. 1, 2, 3, 5, 6.) This information is readily in Plaintiff's possession and his refusal to provide sufficient, code-compliant responses because he disagrees with how the requests are "phrased" go against what Rule 36 requires. Thus, responses to State Defendant's Requests for Admissions 1, 2, 3, 5, 6, 7, 8, 9, 10, 13, and 14 must be amended.

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 3

## **Requests for Production of Documents**

Pursuant to Federal Rules of Civil Procedure Rule 24, a party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:

(A)    any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B)    any designated tangible things.

Fed. R. Civ. P. 34

As an initial matter, the records provided in response to the State's Requests for Production of Documents, Set One, provide improper redactions and a privilege log that does not detail what or why the medical information and narratives that Plaintiff received as a result of the incident is being redacted. Instead, the privilege log merely claims violation of privacy, claiming that the redacted material is not relevant to this matter. "Medical records fall within the scope of the federal right to privacy." see *Doe v. Southeastern Pennsylvania Transp. Authority*, 72 F.3d 1133, 1138 (3rd Cir. 1995). "However, [u]nlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right." *Much*, 339 F.R.D. at 630 n.8 (quoting *Lind v. United States*, No. CIV 13–032–TUC–CKJ, 2014 WL 2930486 at *2 (D. Ariz. June 30, 2014)); see also *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 395 (E.D. Cal. 2009) ("[T]he right to privacy is not a recognized privilege or absolute bar to discovery, but instead is subject to the balancing of needs.").

For example, Plaintiff has redacted "barriers to care" and "alcohol/drug use" responses on page 1320 of his production, which are medical records from his treatment on the date of the incident. Plaintiff has further redacted narrative information provided on page 1324 that includes treatment and statements from plaintiff made on the date of the incident relating to the treatment he received. Thus, it can hardly be said that such information is not relevant to the subject matter and Plaintiff must produce unredacted records of the medical records received as part of the incident.

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 4

**Requests Nos. 9, 10, 16, 17, 20, 21, 22, 23, 24**

As with his responses to the State's Requests for Admissions, Plaintiff asserts many boilerplate objections, including many privacy objections based on the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §299b-2, 45 C.F.R. §§164.502(a), 164.508(a)(l), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and California constitutional right to privacy concerning medical information under Cal. Const. art I, §1. Since the Court has federal-questions jurisdiction over this action, any privacy or privilege determinations are governed by federal, not state law. Further, Plaintiff has waived his right to privacy by placing his medical treatment at issue.

Request No. 10 requests any and all documents evidencing expenses incurred that Plaintiff attributes to the incident. Considering Plaintiff was hospitalized as a result of the incident, and seeks damages, including medical expenses, in excess of $5,000,000, it can hardly be said that he has no documents in his possession, let alone medical bills, to support this claim.

Request No. 16 requests any medical insurance that Plaintiff was covered under in the five years prior to the incident. Plaintiff, again, provides many meritless, boilerplate objections, and just blatantly refuses to provide a response claiming that it requires "considerable research and investigation in order to respond." Requesting information relating to the medical insurance that the Plaintiff was covered under is information that is in the Plaintiff's possession and does not require "considerable research and investigation." Again, this is also information that Plaintiff has waived any right of privacy or privilege in by placing it at issue in this lawsuit – including seeking economic damages such as medical expenses. Additionally, as previously discussed, Plaintiff's objections based upon state law privileges are without merit as Plaintiff's lawsuit is in Federal court, and subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable Federal laws.

Similarly, request No. 17 requests documents relating to Plaintiff's claimed damages related to the incident, and Plaintiff simply claims that the request us "so overbroad as to scope that it is not possible to understand what Requesting Party is actually asking," and no response is provided. Considering this incident occurred in January of 2024, and requests documents relating to Plaintiff's claimed damages from that date to the present, it can hardly be said that Plaintiff does not understand what is being asked. As this Request relates directly to the damages Plaintiff seeks relating to the lawsuit he filed, he is presumed to understand what is being asked, and it is also reasonably presumed that he possesses documents that support his claim for damages.

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 5

Should Plaintiff not have any documents supporting his damages claims, then he will need to respond that he does not have any damages supporting his demand for damages from the Defendants.

Finally, requests numbers 23-24 request video and audio recordings of the subject incident. Plaintiff objects claiming that the request is not relevant to any party's claim or defense and it not proportional to the needs of the case, and that these items are equally in the Requesting Party's possession. Plaintiff's objections and arguments are breathtakingly inappropriate and improper, and demonstrate an intent by the Plaintiff to refuse to comply with his discovery obligations in this case. These requests seek copies of any audio and video recordings of the incident *Plaintiff is suing over*. Video and audio of the shooting, which is the basis of your client's lawsuit, is wholly relevant for multiple reasons. Further, although these items may also be in the possession of State Defendants, Plaintiff is required to provide a response as to whether he is also in possession of video or audio of the incident.

Please be advised that if Plaintiff continues to refuse to produce these documents that directly relate to the incident forming the basis of his complaint, as well as the damages he seeks, in addition to seeking appropriate orders and sanctions from this Court, we will move the Court for orders excluding any such evidence, including testimony relating to such evidence, by Plaintiff at trial.

## Special Interrogatories

Plaintiff has refused to provide responses to many of the interrogatories simply based on relevance. However, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1)

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Civ. P. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The Ninth Circuit instructs that "wide access to relevant facts

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 6

serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

Request No. 1 requests the name and contact information of each individual with whom Plaintiff resided on the date of the incident. After multiple meritless objections, Plaintiff merely claims that he has no responsive information to provide. This response is incomplete, obfuscatory and nonresponsive as it does not state whether Plaintiff lived with anyone, or whether he is just blatantly refusing to provide the requested information. To be clear, if Plaintiff resided with anyone on the date of the incident, he is required to respond appropriately and identify the individual. Claiming a lack of knowledge, or an inability to respond, regarding the identity of his roommates and cohabitants is improper and a violation of Plaintiff's discovery obligations.

Request No. 4 requests that Plaintiff describe any collateral source benefits that he received or was eligible to receive in connection with any damages related to the incident. Plaintiff, again, makes multiple boilerplate objections, and claims that "collateral source information is inadmissible and cannot be used to reduce a defendant's liability; thus, the information sought is irrelevant, outside the scope of discovery, not proportional to the needs of the case, not reasonably likely to lead to admissible or discoverable information and harassing and oppressive." Ironically, in his response to RFP Nos.1 and 18, Plaintiff objects that "pursuant to Government Code Section 985(c), "A defendant public entity may, by interrogatory or in writing at the trial-setting conference, request from the plaintiff a list of the names and addresses of any provider of a collateral source payment affected by this section that has provided collateral source payments directly to or on behalf of the plaintiff and the amount provided to the plaintiff from each collateral source." Thus, Defendants are not permitted to request by request for production information related to a collateral source payment and a plaintiff under this code section is only required to provide the name and address, not documents." Thus, not only is relevant information, such as collateral source, relevant, regardless of whether it is admissible, but Plaintiff has already acknowledged that Defendants are entitled to such information, which is limited to the name, address of any collateral source that he has received from this incident.

Request No. 8. Requests that Plaintiff identify the medical insurance he was covered under. Similar to his response to RFP number 16, he makes the same boilerplate objections and refuses to provide a response. Since such information goes directly to his claimed damages and any amount that he is responsible for out of pocket, this information is certainly relevant and must be provided.

Finally, request number 11 requests that Plaintiff state the highest grade level that he completed. Plaintiff responds that he does not know what grade completed, however, he claims in his response to request number 12 that he received a diploma. Considering plaintiff received a diploma, he likely knows what the highest grade level he completed was.

Trent Packer, Esq.
Dale Galipo, Esq.
Marcel Sincich, Esq.
October 24, 2025
Page 7


      Please produce code-compliant responses and documents by close of business,
**November 6, 2025.**


               Sincerely,

               */s/ Ashley Reyes*

               ASHLEY REYES
               Deputy Attorney General

      For    ROB BONTA
               Attorney General


ANR:

SD2025300206