## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **5:25-cv-00331-KK-DTBx**                                   Date: **November 20, 2025**

Title:  **George Gonzalez v. City of Hemet, et al.**
=================================================================

**DOCKET ENTRY**
=================================================================

PRESENT:         **HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

        Rachel Maurice                          RS-CS-4
        Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:                  ATTORNEYS PRESENT FOR DEFENDANT(S):
    Dale K. Galipo                                                        Andrea Katherine Kornblau
    Trenton C. Packer                                                   Khouloud Elmasri Pearson
    Marcel F. Sincich                                                     Ashley Nicole Reyes

**PROCEEDINGS: INFORMAL DISCOVERY CONFERENCE**

      The matter was called, and counsel stated their appearances on the record. Dale K. Galipo, Esq., and Marcel F. Sincich, Esq. both of Law Offices of Dale K. Galipo and Trenton C. Packer, Esq. of Grech Packer and Hanks appeared remotely on behalf of Plaintiff. Andrea Katherine Kornblau, Esq. and Khouloud Elmasri Pearson, Esq. both of Manning and Kass Ellrod Ramirez Trester, LLP appeared remotely on behalf of Defendants City of Hemet and California Highway Patrol Officer Sean Irick. Ashley Nicole Reyes, Esq. of Office of Attorney General also appeared remotely on behalf of Officer Irick.

      The parties outlined the current discovery dispute, and each provided the Court with their respective positions. The dispute concerns the scope of Defendants' entitlement to Plaintiff's medical records.

      The Court reiterated that, according to Fed.R.Civ.P. Rule 26, relevant evidence is subject to discovery unless it is protected by privilege. The Court noted that the categories of records sought by Defendants would appear to be privileged, but potentially relevant. The Court noted that medical records pertaining to the incident would seem to be discoverable in broad terms, but that records of prior medical treatment, both of a physical and mental healthy nature, were more attenuated. The Court also noted that a plaintiff's claim to "garden variety" emotional distress damages did not, per se, open up prior medical treatment to discovery under Ninth Circuit

                                                                                    Time 0:45
MINUTES FORM 11                                            Initials of Deputy Clerk  RAM
CIVIL-GEN

authority.  The Court further noted that a protective order had been entered, thereby addressing any concerns of privilege or privacy protection.  As to the nature of the records sought by Defendants, the Court noted that it would be fact-specific in light of the underlying facts of the case, particularly as to the facts of the underlying incident involving law enforcement that formed the basis for the current action.

The Court ordered the parties to further meet and confer to seek a compromise regarding the documents in dispute and offered to further assist as needed.

**IT IS SO ORDERED**.