**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: **5:25-cv-00331 KK (DTBx)**<br><br>[*Honorable Jesus G. Bernal*<br>Magistrate Judge Sheri Pym]<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT CITY OF HEMET, PATRICK SOBASZEK AND ANDREW REYNOSO'S SUPPLEMENTAL EXPERT REPORTS AND OPINIONS CONTAINED THEREIN** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND TO THIS HONORABLE COURT, PLEASE TAKE NOTICE THAT:**

Plaintiff objects to the Defendant City of Hemet, Patrick Sobaszek, and Andrew Reynoso's ("City Defendants") Supplemental Expert Disclosures for the following reasons:

Pursuant to this Court's May 9, 2025, Civil Trial Scheduling Order, the "Last Day to Serve Rebuttal Expert Reports: 12/18/2025" and the "Expert Discovery Cut-Off…: 1/8/2026." (Doc. 31 at 1.) On January 8, 2026, twenty-one (21) days after the deadline to serve rebuttal expert reports, City Defendants served Supplemental Experts Reports for Dr. Swathi Kode (biomechanical engineer) and Rod Englert (forensic reconstruction). These Supplemental Reports are clearly untimely and include several opinions that were not included in their Initial Reports. Thus, and Plaintiff respectfully requests and order striking untimely opinions from these Supplemental Reports.

On November 20, 2025, Dr. Kode and Mr. Englert had a joint meeting with the Defendant Officers and conducted a site visit on the same day with the Defendant Officers at the scene location. Long prior to this time, Defendants and their experts had access to thousands of pages of records, including medical records, multiple videos of the incident, photographs of the scene and evidence collected, and statements and depositions of the officers involved and opportunity to conduct this site visit prior to November of 2025.

On December 4, 2025, Defendants served their Initial Expert Reports, including designating Dr. Kode and Mr. Englert as experts. However, instead of complying with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B): requiring all written expert reports to include "a complete statement of opinions" as well as "any exhibits that will be used to summarize or support them" these Initial Reports failed to do so, but instead stated the following:

- Dr. Kode: "At the time of this report, evidence inspection has not yet been completed. Further analysis of the evidence, including reconstruction and biomechanical evaluation, is necessary before forming final opinions. A supplemental report will be prepared after the remaining documents and evidence have been reviewed." (Initial Rule 26 Report of Dr. Kode attached hereto as "Exhibit A".)

- Mr. Englert: claimed to be pending medical records, property receipts of evidence, laboratory examination reports, and deposition transcripts of involved officers. However, Plaintiff produced his medical records to Defendants in discovery, Dr. Kode even reviewed Plaintiff's medical records; Defendant Reynoso was deposed on August 14, 2025, Defendant Sobaszek was deposed on July 23, 2025, and Defendant Irick was deposed on July 22, 2025. Yet Mr. Englert stated, "an incident reconstruction opinion in this case cannot be rendered at this time. The site visit yielded valuable information that will be incorporated into the final report." (Initial Rule 26 Report of Mr. Englert attached hereto as "Exhibit B".)

Plaintiff also notes that Dr. Kode's Supplemental Report is based on a review of Plaintiff's Initial Expert Reports, and Faro Scene Data which appear to have been collected on the day or near the time of the incident given that it scanned the resting position of Plaintiff and the location of cartridge casings.

Dr. Kode and Mr. Englert's Supplemental Expert Reports (attached hereto as "Exhibit C" and "Exhibit D" respectively) clearly include several additional opinions that were not served timely in violation of Rule 26 and this Court's Order, creating substantial and unfair prejudice to Plaintiff.

These reports were served on Plaintiff the final day of expert discovery cut-off, allowing Plaintiff no time and opportunity to submit rebuttal expert reports or to timely depose these experts. Plaintiff's position is that Dr. Kode and Mr. Englert's Supplemental Reports and new opinions contained therein were untimely. Thus, Plaintiff objects to any untimely opinions not included in their Initial Reports and

Plaintiff will be seeking to exclude any such untimely disclosed opinions at the trial of this matter.

Respectfully submitted,

Dated: January 15, 2026

**LAW OFFICE OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By  */s/ Dale K. Galipo*
    Dale K. Galipo
    Trenton C. Packer
    Marcel F. Sincich
    *Attorneys for Plaintiff*