Eugene P. Ramirez (State Bar No. 134865)
 *Eugene.Ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
 *Andrea.Kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, City of Hemet, Corporal Patrick Sobaszek, and Sergeant Andrew Reynoso

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| GEORGE GONZALEZ, | Case No. 5:25-cv-00331-KK-DTB |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANTS'** *EX PARTE* **APPLICATION AND MOTION FOR LIMITED MODIFICATION OF SCHEDULING ORDER RELATING TO MOTION HEARING DEADLINE, PRETRIAL CONFERENCE, AND TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES** |
| STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, | |
| Defendants. | [Proposed Order filed concurrently herewith] |
| | Complaint Filed:   12/24/2024<br>Trial Date:            05/11/2026 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to applicable federal laws including but not limited to Federal Rules of Civil Procedure Federal Rules of Civil Procedure 26, 34, 37, and 45; as well as United States District Court, Central District of California Local Rules 7-19, 7-19.1, 37-1 through 37-4, and 45-1; as well as the applicable Orders of the Court, Defendants, State of California, acting by and through

1  the California Highway Patrol, Officer Sean Irick, City of Hemet, Corporal Patrick
2  Sobaszek, and Sergeant Andrew Reynoso, through their counsel of record (referred
3  to as "Defendants") hereby move, *ex parte*, for entry of an Order of the Court for an
4  Order GRANTING a modification of the scheduling order relating to the motion
5  hearing deadline, final pretrial conference and trial date.

6       Defendant's *ex parte* application and underlying motion is based on the
7  following grounds:

8       First, A modification of the current Scheduling Order is necessary because the
9  Court's January 12, 2026 order [Dkt. 54] effectively prevents Defendants from filing
10 a Rule 56 Motion for Summary Judgment using information from Plaintiff's
11 deposition, and/or the disputed discovery requests because the current Dispositive
12 Motion hearing cutoff is March 12, 2026, but the close of discovery occurs on March
13 30, 2026.

14      Second, Defendants have been diligent in attempting to take and complete
15 Plaintiff's in custody deposition, but have been prevented from doing so due to no
16 fault of their own, and due to Plaintiff's own obstruction.

17      Third, no prejudice will come to any party, or the Court, because Defendants
18 only seek short extensions of the dispositive motion hearing deadline, final pretrial
19 conference, and trial.

20      Defendant's instant *ex parte* application-motion is based on this notice; all
21 pleadings, papers, and records in this action; and attached memorandum of points and
22 authorities.

23

24 <u>NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE</u>: This
25 motion is made following the conferences of counsel pursuant to U.S. Dist. Ct., C.D.
26 Cal. L.R. 7-19, 7-19.1, and 7-3 that occurred on January 23, 2026 regarding the
27 substance of this *ex parte* – as specified in the supporting attorney declaration.
28 Plaintiff's counsel informed Defendants that they will oppose this *ex parte*.

**DEFENDANTS' *EX PARTE* MOTION FOR MODIFICATION OF THE SCHEDULING ORDER**

NOTICE OF COURT ORDER RE *EX PARTES* & OPPOSITIONS: PLEASE TAKE FURTHER NOTICE that, pursuant to the Court's Procedures and Schedules available at www.cacd.uscourts.gov: (1) *ex partes* will be decided on the papers [*id.*]; and (2) opposition papers, if any, are due 24 hours after the *ex parte* has been filed [*id.*].

PARTIES & COUNSEL. The following information is provided pursuant to C.D. Cal. L.R. 7-19.

The contact information for plaintiff's counsel is as follows:

Dale K. Galipo
Marcel F. Sincich
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
818-347-3333
Fax: 818-347-4118
Email: dalekgalipo@yahoo.com
msincich@galipolaw.com

Trenton C. Packer
GRECH PACKER & HANKS
7095 Indiana Avenue, Suite 200
Riverside, CA 92506
Tel: (951) 682-9311
Fax: (951) 682-4289
Email: tpacker@grechpackerlaw.com

Defendants' counsel's contact information is as follows:

Eugene P. Ramirez (State Bar No. 134865)
   *Eugene.Ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
   *Andrea.Kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, City of Hemet, Detective Patrick Sobaszek, and Sergeant Andrew Reynoso

ROB BONTA
Attorney General of California

CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
1300 I Street, Suite 125
Sacramento, CA 95814
Telephone: (916) 210-7663
Fax: (916) 322-8288
E-mail: Amie.Bears@doj.ca.gov

Attorneys for Defendants, State of California by and through the California Highway Patrol and Officer Sean Irick

DATED: January 26, 2026        **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**


                               By:    /s/ Andrea Kornblau
                                      Eugene P. Ramirez, Esq.
                                      Andrea Kornblau, Esq.
                                   Attorneys for Defendants, City of Hemet,
                                   Detective Patrick Sobaszek, and Sergeant
                                   Andrew Reynoso


Dated: January 26, 2026                Respectfully submitted,

                                       ROB BONTA
                                       Attorney General of California
                                       NORMAN D. MORRISON
                                       Supervising Deputy Attorney General


                                       */s/ Amie C. Bears*
                                       AMIE C. BEARS
                                       Deputy Attorney General
                                       *Attorneys for Defendant*
                                       *California Highway Patrol*

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION AND SUMMARY OF THE ARGUMENT.

Defendants respectfully request that the honorable Court enter an *ex parte* Order modifying the scheduling order relating to the motion hearing deadline, final pretrial conference and trial date for the following good cause reasons.

As presently set, the dispositive motion hearing cutoff is March 12, 2026, while discovery does not close until March 30, 2026. This sequencing effectively prevents the parties from filing Rule 56 Motions for Summary Judgment supported by testimony and documents that must be obtained through the Plaintiff's deposition and outstanding discovery. (Declaration of Andrea Kornblau ("Kornblau Decl., ¶¶ 6-7.)

Defendants were unable to conduct the first noticed in custody deposition of Plaintiff ("Volume One") on November 18, 2025, due to technical difficulties at the jail facility. (Kornblau Decl., ¶ 2.) On December 11, 2025, the Parties attended the second duly noticed in custody deposition of Plaintiff ("Volume Two"). (Kornblau Decl., ¶ 3.) Due to time constraints at the jail facility, Plaintiff's deposition could not be completed and was adjourned to be completed at a later date. During Volume Two, Plaintiff was instructed by his counsel not to answer several questions relevant to his claims and Defendants' defenses, and Plaintiff refused, without instruction, to answer several additional, relevant questions. (Kornblau Decl., ¶ 4.)

After Volume Two, the Parties attended an informal discovery conference with Hon. David T. Bristow, Magistrate Judge, who issued an order concerning Plaintiff's conduct during Volume Two, and which instructed the Parties to submit letter briefs should the conduct continue. [Dkt. 52.] (Kornblau Decl., ¶ 5.)

On January 23, 2026, the Parties attended the third duly noticed in custody deposition of Plaintiff ("Volume Three"). (Kornblau Decl., ¶ 9.) However, the Parties were informed by Jail staff on January 23, 2026, the morning of his scheduled deposition, that Plaintiff refused to attend his deposition. (Kornblau Decl., ¶ 8, Exhibit A.) The Parties confirmed with the jail facility and have tentatively scheduled

1 Plaintiff's fourth ("Volume Four"), duly noticed in custody deposition for January 30, 2026. (Kornblau Decl., ¶ 10.)

As a result of Plaintiff's refusal to attend Volume Three, the Parties contacted Magistrate Judge Bristow to schedule another information discovery conference because Defendants now seek an ORDER requiring Plaintiff to appear at his deposition noticed for January 30, 2026. (Kornblau Decl., ¶ 11.) The requested informal discovery conference is currently scheduled for January 29, 2026. (Kornblau Decl., ¶ 12.)

Based on Plaintiff's evasiveness during Volume 2, refusal to appear for Volume 3, and refusal to supplement written discovery and refusal to withdraw objections to subpoenas for relevant medical records, Defendants anticipate that further Court intervention, including additional briefing, will be necessary to complete the discovery contemplated by the Court's January 12, 2026 Order. (Kornblau Decl., ¶ 13.)

Defendants' proposed schedule provides sufficient time for Defendants to obtain and incorporate discovery materials into dispositive motions, and affords Plaintiff additional time to respond, without prejudice. Plaintiff's counsel is available on the proposed dates. By contrast, absent an extension, Defendants will be prejudiced by being forced to brief dispositive issues without the necessary discovery.

Defendants propose the following new dates: Dispositive Motion filing due April 16, 2026; Opposition due April 30, 2026; Reply due May 7, 2026; Dispositive Motion Hearing date on May 21, 2026; Final Pretrial Conference on July 2, 2026; and Trial on July 20, 2026.

Second, no prejudice will come to plaintiff with a short extension of the motion hearing date, final pretrial conference and trial, especially since plaintiff's counsel informed us that he is available on July 20, 2026, and July 27, 2026. However, Defendants would be severely prejudiced if the requested deadlines are not continued because Defendants would effectively be prevented from filing Rule 56 Motions for

Summary Judgment using information from Plaintiff's deposition and/or the disputed discovery requests.

## 2. THERE IS GOOD CAUSE TO BRIEFLY EXTEND DATES.

### A. The Court Can Extend Dates and Deadlines.

The Court has inherent and statutory authority to provide for the orderly conduct of the proceedings before it and to control its processes and orders so as to make them conform to law and the interests of justice. *See, e.g.*, Fed. R. Civ. P. 16, 40. Accordingly, the Court is empowered, in the exercise of its sound discretion, to continue a trial date or other case management deadline upon an affirmative showing that such continuance is justifiable. *See Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials.... Consequently, broad discretion must be granted trial courts on matters of continuances...."); *United States v. Garrett*, 170 F.3d 1143, 1144-1145 (9th Cir. 1999) ("when we review a district court's ruling granting or denying a motion for a continuance[,] the applicable standard of review is abuse of discretion").

In order to determine whether there is justifiable cause for a continuance, courts may consider many factors, including: (1) "the nature of the case and whether the parties have been allowed adequate time for trial preparation"; (2) "the diligence of the party requesting the continuance"; (3) "the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance"; (4) "the effect of the continuance and whether delay will seriously disadvantage either party"; and (5) "the asserted need for the continuance, with weight to be given [to] sudden exigencies and unforeseen circumstances...." *See United States v. Bernhardt*, 642 F.2d 251, 252 (8th Cir. 1981); *cf. Ranson v. Brooks*, 2005 U.S. Dist. LEXIS 29545 (E.D. Pa. 2005) (equating justifiable cause with a showing of good cause for a continuance); Cal. R. Ct. 3.1332(c)-(d) (good cause for a trial continuance can include: the unavailability of counsel due to calendar conflicts, illness, or death as well as the inability to otherwise obtain essential testimony or evidence despite diligence).

### B. There Is Good Cause To Modify the Scheulding Order.

There is good cause for modification of the current Scheduling Order because Defendants have diligently attempted to complete discovery and Plaintiff's deposition, however, Plaintiff and his counsel's lack of cooperation have contributed to the need for modification of the scheduling order.

As presently set, the dispositive motion hearing cutoff is March 12, 2026, while discovery does not close until March 30, 2026. This sequencing effectively prevents the parties from filing Rule 56 Motions for Summary Judgment supported by testimony and documents that must be obtained through the Plaintiff's deposition and outstanding discovery. (Declaration of Andrea Kornblau ("Kornblau Decl., ¶¶ 6-7.)

Defendants were unable to conduct the first noticed in custody deposition of Plaintiff ("Volume One") on November 18, 2025, due to technical difficulties at the jail facility. (Kornblau Decl., ¶ 2.) On December 11, 2025, the Parties attended the second duly noticed in custody deposition of Plaintiff ("Volume Two"). (Kornblau Decl., ¶ 3.) Due to time constraints at the jail facility, Plaintiff's deposition could not be completed and was adjourned to be completed at a later date. During Volume Two, Plaintiff was instructed by his counsel not to answer several questions relevant to his claims and Defendants' defenses, and Plaintiff refused, without instruction, to answer several additional, relevant questions. (Kornblau Decl., ¶ 4.)

After Volume Two, the Parties attended an informal discovery conference with Hon. David T. Bristow, Magistrate Judge, who issued an order concerning Plaintiff's conduct during Volume Two, and which instructed the Parties to submit letter briefs should the conduct continue. [Dkt. 52.] (Kornblau Decl., ¶ 5.)

On January 23, 2026, the Parties attended the third duly noticed in custody deposition of Plaintiff ("Volume Three"). (Kornblau Decl., ¶ 9.) However, the Parties were informed by Jail staff on January 23, 2026, the morning of his scheduled deposition, that Plaintiff refused to attend his deposition. (Kornblau Decl., ¶8, Exhibit A.) The Parties confirmed with the jail facility and have tentatively scheduled

1 Plaintiff's fourth ("Volume Four"), duly noticed in custody deposition for January 30, 2026. (Kornblau Decl., ¶ 10.)

As a result of Plaintiff's refusal to attend Volume Three, the Parties contacted Magistrate Judge Bristow to schedule another information discovery conference because Defendants now seek an ORDER requiring Plaintiff to appear at his deposition noticed for January 30, 2026. (Kornblau Decl., ¶ 11.) The requested informal discovery conference is currently scheduled for January 29, 2026. (Kornblau Decl., ¶ 12.)

Based on Plaintiff's evasiveness during Volume 2, refusal to appear for Volume 3, and refusal to supplement written discovery and refusal to withdraw objections to subpoenas for relevant medical records, Defendants anticipate that further Court intervention, including additional briefing, will be necessary to complete the discovery contemplated by the Court's January 12, 2026 Order. (Kornblau Decl., ¶ 13.)

Since there remains an imminent need to complete Plaintiff's deposition, and to obtain Plaintiff's medical records, and the likelihood that both will require magistrate intervention and/or briefing, Defendants will not be able to file their dispositive motion with enough notice for it to be heard on the current dispositive motion cutoff date, March 12, 2026.

Therefore, based on the newly assigned discovery cutoff date of March 30, 2026, Defendants request that the following case management dates be continued as follows:

|  | **Current Date** | **Continued Date** |
| --- | --- | --- |
| *L/D to File Dispositive Motion* | *February 12, 2026* | *April 16, 2026* |
| *Opp to Dispositive Mx Due* | *February 19, 2026* | *April 30, 2026* |
| *Reply to Opp to Dispositive Mx Due* | *February 26, 2026* | *May 7, 2026* |
| L/D to Hear Dispositive Motion | March 12, 2026 | May 21, 2026 |

| Discovery Cutoff per Dkt. 54 | March 30, 2026 | no change |
| --- | --- | --- |
| L/D to conduct settlement proceedings | April 9, 2026 | no change |
| Final Pretrial Conference | April 23, 2026 | July 2, 2026 |
| Trial | May 11, 2026 | July 20, 2026 |

The proposed dates permit Defendants just over two weeks to prepare their dispositive motions after the close of discovery, and also permit Plaintiff an additional week to oppose Defendants' dispositive motions. Defendants are not requesting or seeking more than one week to reply to Plaintiff's opposition.

Assuming that the Court is able to decide the dispositive motions on the hearing date of May 21, 2026, or within a reasonable time thereafter, a final pretrial conference date of July 2, 2026 and a trial date of July 20, 2026, will allow the parties time to consider the Court's order on the MSJ when preparing pretrial documents, and while preparing for trial.

### 3. THE COURT SHOULD GRANT RELIEF ON AN *EX PARTE* BASIS WHERE, AS HERE, IRREPARABLE PREJUDICE WOULD OTHERWISE RESULT.

The Court should grant the requested relief on an *ex parte* expedited basis because Defendants would otherwise suffer irreparable prejudice, and Defendant were without fault in creating the circumstance requiring *ex parte* relief. To elaborate, the granting of *ex parte* relief requires an evidentiary showing of good cause that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995); *Apodaca Promotions, Inc. v. Nuccio*, 2010 U.S. Dist. LEXIS 5598, *9 (C.D. Cal. 2010).

Here, absent *ex parte* relief, Defendant will be in immediate danger of suffering severe prejudice and irreparable harm because the Court's January 12, 2026, Order

[Dkt. 54] effectively prevents Defendants from filing Rule 56 Motions for Summary Judgment using information from Plaintiff's deposition, and/or the disputed discovery requests because the current Dispositive Motion hearing cutoff is March 12, 2026, whereas the close of discovery is March 30, 2026.

This sequencing of dates requires Defendants to file dispositive motions no later than February 12, 2026, which is insufficient time for the instant motion to be heard if filed as a regularly noticed motion.

Further, Defendants have diligently sought to take and complete the deposition of Plaintiff, as set forth herein, but Plaintiff and his counsel have impeded Defendants; ability to do so.

Finally, neither Plaintiff nor the Court will be prejudiced by the *ex parte* extension sought because the extension applies to both Plaintiff and Defendants, and Plaintiff's counsel has indicated availability on July 20, 2026, and July 27, 2026, for trial.

Thus, in light of the foregoing, *ex parte* relief is needed and proper.

**4.   CONCLUSION.**

For all of the above reasons, Defendants request the Court grant this *ex parte*.

DATED: January 26, 2026        **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**


                               By:   /s/ Andrea Kornblau
                                     Eugene P. Ramirez, Esq.
                                     Andrea K. Kornblau, Esq.
                                     Attorneys for Defendants, City of Hemet,
                                     Detective Patrick Sobaszek, and Sergeant
                                     Andrew Reynoso

Dated: January 26, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General


*/s/ Amie C. Bears*
AMIE C. BEARS
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol*