**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:     (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 5:25-CV-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR MODIFICATION OF SCHEDULING ORDER AND TRIAL CONTINUANCE** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **APPLICATION**

## I.     INTRODUCTION

This is a federal civil rights action arising out of the January 24, 2024, officer-involved shooting of George Gonzalez by California Highway Patrol Officer Sean Irick, and Hemet Police Department Officers Patrick Sobaszek and Andrew Reynoso. All three Officers used excessive and unreasonable force by shooting Gonzalez, first while he was running away, then by continuing to fire after Gonzalez dropped a gun, while he was falling to the ground, and while he was on the ground unarmed. All of which is down on camera.

Defendants have already filed an *ex parte* application to modify the scheduling order (Doc. 47.). Plaintiff partially opposed the motion but agreed to an extension to resolve then-existing discovery disputes and to complete Plaintiff's deposition (Doc. 48). The Court recently found that good cause exists "to allow Defendants until March 30, 2026, to take Plaintiff's deposition and resolve issues regarding discovery propounded prior to the imposed discovery cut-off of November 20, 2025." (Doc. 54 at 1:15-17.) The Court also specified, "With respect to the request to continue the discovery cut-off to pursue other discovery and to extend other pretrial deadlines, Defendants fail to establish circumstances justifying the use of ex parte procedures of good cause to modify the Court's Scheduling Order." (Doc. 54 at 1:17-20.) There have been no changes in circumstances that would create good cause to extend the pre-trial deadlines or to justify the use of *ex parte* procedures to modify the scheduling order.

Discovery opened prior to the parties filing their Joint Rule 26 Report on May 8, 2025. (Doc. 29; see Fed. R. Civ. Pro 26(f).) Fact discovery closed November 20, 2025. (Civil Trial Scheduling Order, Doc. 31 at 1.) Nevertheless, Defendants waited until October 26, 2025, to file their Application to Take Inmate's Deposition in State Prison. (Doc. 45) (Gonzalez was in custody at Cois M. Byrd Detention Center—Southwest Detention Center, a County facility, not a state prison). Two days later,

1  on October 28, 2025, the Court granted the application. (Doc. 46.) Still, Defendants
2  waited until November 11, 2025, nine (9) days before the cut-off to first notice the
3  deposition of Gonzalez to take place on November 18, 2025. (Exh. A, Gonzalez
4  Depo Notice.)

5    On November 28, 2025, Gonzalez was at his deposition on time and ready to
6  proceed. The facility, however, was having technical difficulties as admitted by
7  Defendants. (Doc. 57, Ex Parte at 1:11-13.) Defendants had the opportunity to
8  proceed telephonically but chose not to. Despite the discovery cut-off just two days
9  later, Plaintiff agreed to work with the Defense to reschedule the deposition even
10 after discovery was cut off. On December 3, 2025, Defendants served an amended
11 notice of deposition for Gonzalez to take place on December 11, 2025. (Exh. B,
12 Amended Depo Notice.) Again, Gonzalez appeared on time and ready. The
13 deposition went from 8:01 a.m. to 12:53 p.m. when defense counsel chose to stop
14 the deposition. (Exh. C, Depo Transcript at 182:18-20.) Defendants then waited
15 until January 16, 2026, to serve their notice to resume the deposition of Gonzalez on
16 January 23, 2026. (Exh. D, Third Depo Notice.)

17   Defendants now file this additional *ex parte* application to modify the
18 scheduling order – despite still having until March 30, 2026 to complete the
19 deposition of Gonzalez – on the grounds that they will not have the second portion
20 of Plaintiff's deposition prior to filing their motion for summary judgment.
21 Defendants' arguments fail for several reasons. First, video evidence clearly shows
22 that Gonzalez never pointed a gun at any officer and was shot in the back and while
23 unarmed on the ground. Second, the motion hearing cut-off was the same when the
24 Court considered Defendants' prior *ex parte* and found that good cause did not exist
25 to extend pre-trial or trial dates and that the circumstances did not justify *ex parte*
26 procedures. Third, Defendants' dilatory conduct created the situation; Defendants
27 seek privileged information which has prolonged the situation; and Defendants will
28 not suffer any prejudice. On the other hand, Plaintiff continues to suffer from his

injuries from being shot in the back and does not want to suffer a delay in his opportunity for justice at trial.

## II.  *EX PARTE* RELIEF IS UNWARRANTED

"Ex parte proceedings are appropriate only in a narrow set of circumstances." *United States v. Real Prop. Located at 22 Santa Barbara Drive*, 264 F.3d 860, 870 (9th Cir. 2001). As the Court has reminded in its Civil Standing Order, "ex parte applications are solely for extraordinary relief and are discouraged." (Civil Trial Scheduling Order, Doc. 31 at 2:5-8, fn. 1, for motions the Court directs the parties to the Civil Standing Order on the website); *citing Mission Power Eng'g v Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 488 (C.D. Cal. 1995). "An *ex parte* motion should never be submitted by itself. It must always be accompanied by a separate proposed motion for the ultimate relief the party is seeking." *Id.* at 492 (must include two distinct motions or parts). Defendants do not provide any such separate motion for relief on an *ex parte* basis. "Abuse [of the ex parte process] is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court." *Id.* at 489.

Here the *ex parte* problem is manifest. "The fact that opposing parties are usually given an opportunity to argue or file opposing papers does not mask the plain truth: these hybrid *ex parte* motions are inherently unfair and they pose a threat to the administration of justice." *Id.* at 490. Plaintiff's opportunity to prepare his opposition is "grossly unbalanced," having only one day, insufficient time to properly consult with lead trial counsel, insufficient time to consult with Plaintiff's experts, and insufficient time to consult with the Plaintiff himself who is in custody and cannot receive calls. Unbalance and unfairness are further exacerbated when Plaintiff's counsel is forced to drop working on all other deadlines for other cases to address an *ex parte*.

A party seeking *ex parte* relief must show: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief," or "the crisis occurred as a result of excusable neglect." *Id.* at 492. Defendants' application fails to meet the standard for *ex parte* procedures and should not be considered.

### A. Defendants Will Not Suffer Irreparable Prejudice if the Underlying Motion is Heard Regularly

Defendants' only argument for why *ex parte* relief should be granted is because they erroneously contend that the Court's January 12, 2026 Order extending the time to take Plaintiff's deposition causes them irreparable harm. Even in their *ex parte* application, Defendants admit that they have until February 21, 2026, to file their dispositive motion and that Plaintiff's deposition is scheduled to resume on January 30, 2026. (Ex Parte, Doc. 57 at 2:1-2, 7:5-6.) The Court gave Defendants until March 30 to take Plaintiff's deposition, four additional months after the cut-off, which was after the deadline to file a dispositive motion. Still, the Court found that Defendants' last *ex parte* did not show good cause and did not justify the *ex parte* procedures. This appears to be more of an *ex parte* application for reconsideration, which is not a justification to use *ex parte* procedures.

Nevertheless, Defendants did not show how they would suffer prejudice by not having the rest of Gonzalez's deposition. Defendants already have Gonzalez's first approximate 4 hours of deposition, discovery responses, expert designations and depositions, and three videos clearly showing the Officers shooting Gonzalez including to the back and while he was on the ground unarmed. Defendants' attempt to bring forth a discovery dispute here – including their requests for irrelevant and privileged medical records, when there is an IDC scheduled for January 29, 2026, and two more months available to complete Gonzalez's deposition, is unpersuasive. There is no crisis that needs resolving by improper *ex parte* procedures. Defendants

fail to show prejudice in the present schedule meriting modification, particularly on an *ex parte* basis.

### B. Defendants Are at Fault for Creating the Claimed Crisis

Discovery opened prior to the parties filing their Joint Rule 26 Report on May 8, 2025. (Doc. 29; see Fed. R. Civ. Pro 26(f).) Fact discovery closed November 20, 2025. (Civil Trial Scheduling Order, Doc. 31 at 1.) Nevertheless, Defendants waited until October 26, 2025, to file their Application to Take Inmate's Deposition in State Prison. (Doc. 45) (Gonzalez was in custody at Cois M. Byrd Detention Center (i.e., Riverside County's Southwest Detention Center).) Two days later, on October 28, 2025, the Court granted the application. (Doc. 46.) Still, Defendants waited until November 11, 2025, nine days before the cut-off to first notice the deposition of Gonzalez to take place on November 18, 2025. (Exh. A, Gonzalez Depo Notice.)

On November 18, 2025, Gonzalez was at his deposition on time and ready to proceed. The facility, however, was having technical difficulties with Zoom. It was incumbent on the moving party, Defendants, to ensure that the facility had the means to conduct a Zoom deposition as noticed. Defendants apparently failed to do so. Still, Defendants had the opportunity to proceed telephonically but chose not to. Despite discovery cut-off being just two days later, Plaintiff worked with the Defense to reschedule the deposition even after the discovery cut-off.

Again, Defendants waited over two weeks, on December 3, 2025, to serve an amended notice of deposition for Gonzalez to take place on December 11, 2025. (Exh. B, Amended Depo Notice.) Gonzalez appeared on time and ready to proceed. The deposition went from 8:01 a.m. to 12:53 p.m. when defense counsel chose to stop the deposition. (Exh. C, Depo Transcript at 182:18-20.) Subtracting the approximate 50 minutes conferencing with the Honorable Magistrate Judge Bristow, that left four (4) hours of deposition (*Id.* at 164:9-20). Defendants then waited 29 days until January 16, 2026, to serve their notice to resume the deposition of Gonzalez on January 23, 2026. (Exh. D, Third Depo Notice.)

Even more, the Court informed defense counsel that they "should not wait until the motion cut-off to file their motion for summary judgment." (Civil Standing Order at 9:26-27.) Defendants could have filed their motion for summary judgement months ago and chose not to. Defendants manufactured their own crisis.

Plaintiff contends that Defendants did not show good cause for *ex parte* relief. Thus, Plaintiff respectfully requests an order denying Defendants' *Ex Parte* Application.

## III. DEFENDANTS FAIL TO SHOW GOOD CAUSE TO MODIFY THE SCHEDULING ORDER

In general, the pretrial scheduling order can only be modified "upon a showing of good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citing Federal Rule of Civil Procedure 16(b)); Fed. R. Civ. P. 16(b)(4); see also Local Rule 16-14; *see United States v. Schumer*, 63 F.3d 1512, 1526 (9th Cir. 1995); *see also Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Thompson v. BMW of N. Am., LLC*, 334 F.R.D. 230, 233 (C.D. Cal. 2020) (emphasis added) (*quoting Johnson*, 975 F.2d at 609). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Thompson*, 334 F.R.D. at 233 (*quoting Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Defendants have not shown good cause for this Court to modify all the remaining pretrial and trial dates. Defendants must show good cause why existing deadlines could not be met despite their diligence. *See Zivkovic v. Southern California Edison* Company, 302 F.3d 1080, 1087 (9th Cir. 2002). They have not.

Courts also look at other factors including:
1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional

-6-   Case No. 5:25-CV-00331-KK-DTB
PLAINTIFF'S OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION

discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Schumer*, 63 F.3d at 1526, judgment vacated on other grounds, 520 U.S. 939 (1997); *see also United States v. 2.61 Acres of Land*, 791 F.2d 666, 671 (9th Cir. 1985).

Defendants have not addressed these issues. Nevertheless, trial is four months away; the request is opposed; Plaintiff would be prejudiced; Defendants have had ample time to conduct discovery; and Defendants have not established that any additional discovery will lead to relevant or admissible evidence.

Any further extension is unwarranted. This Court issued its scheduling order on May 9, 2025, setting a discovery cut-off of November 20, 2025. The deadline to hear dispositive motions is March 12, 2026. As it currently stands, only Plaintiff stands to be prejudiced, including because Defendants seemingly refuse to honor the parties' agreement on a dispositive motion briefing schedule. Pursuant to Federal Rule of Civil Procedure 26, in early May of 2025, the parties reached an agreement regarding the timing of any dispositive motion, as follows: "<u>The parties have discussed potential motions and proposed the motion dates set forth in the attached schedule</u>. The **parties agree and request** that for any motion made pursuant to F.R.C.P. 56, the **opposing party shall have two weeks to prepare and file their opposition papers**, and a reply shall be due two weeks thereafter, <u>which is reflected in the proposed dates within</u>." (Doc. 29, Joint Rule 26(f) Report, at 11:5-10 (emphasis added)). With that in mind, the parties submitted "Joint Requested Date[s]" listing March 12, 2026, as the Motion Hearing Cut-Off. (Doc. 29 at 15.) Having reviewed the parties' joint request and agreement, the Court ordered March 12, 2026, to be the Motion Hearing Cut-Off date. (Doc. 31 at 1.)

Given that reply papers must be filed two weeks prior to the motion (LR 7-10), pursuant to the parties' agreement, the last day to meet and confer (LR 7-3) on a dispositive motion would have been January 22, 2026. Even if Defendants, as the moving party, wished to withdraw the portion of the agreement allowing two weeks

1  to reply, the deadline to meet and confer will be on January 29, 2026. However,
2  Defendants have shown no intent to honor the parties' agreement.
3        Plaintiff would be prejudiced by not having two weeks to oppose summary
4  judgement despite the parties agreement, which Plaintiff would have brought the
5  proposed modified briefing schedule to the Court's attention at the scheduling
6  conference and/or by a motion if the parties did not reach an agreement. Plaintiff
7  would also be prejudiced if his opportunity for trial were delayed by a scheduling
8  modification, especially given the Court's and lead counsel's busy schedules – Mr.
9  Galipo is not available for trial on July 20, 2026 as Defendants propose.

## III.  CONCLUSION

For the reasons herein, Plaintiff respectfully requests the Court deny Defendants' *ex parte* application because Defendants fail to establish circumstances justifying the use of *ex parte* procedures or good cause to modify the Court's Scheduling Order. Plaintiff contends that the only order that should be made is for Defendants to honor the parties' agreement regarding a dispositive motion briefing schedule such that the opposing party has two weeks to oppose.

Respectfully submitted,

DATED: January 27, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: ___/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and am over the age of eighteen years and not a party to the within action. My business address is 21800 Burbank Boulevard, Suite 310, Woodland Hills, California 91367.

On January 27, 2026, I served the foregoing document described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS *EX PARTE* APPLICATION**

on all interested parties, through their respective attorneys of record in this action by placing a true copy thereof enclosed in a sealed envelope addressed as indicated on the attached service list.

METHOD OF SERVICE

☐ (BY MAIL) I enclosed the documents in a sealed envelope or package and addressed to the parties at the addresses as indicated on the attached service list.

☐ I deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid thereon.

☐ I placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of this office for the collection, processing and mailing of documents. On the same day that documents are placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ (BY ELECTRONIC SERVICE) I caused the foregoing document(s) to be sent via electronic transmittal to the notification addresses listed below as registered with this court's case management/electronic court filing system.

☐ (BY FEDERAL EXPRESS) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses as indicated on the attached service list. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight delivery carrier.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 27, 2026, at Woodland Hills, California.

/s/ *Leslie De Leon*
Leslie De Leon

## SERVICE LIST

Eugene P. Ramirez (State Bar No. 134865)
*eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
*andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
*Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
Attorneys for Defendants, CITY OF HEMET, SOBASZEK, and REYNOSO

ROB BONTA
Attorney General of California
NORMAN D. MORRISON
Supervising Deputy Attorney General
ASHLEY REYES
Deputy Attorney General
State Bar No. 312120
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov
Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506

Attorneys for Plaintiff