UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No. **5:25-cv-00331-KK (DTBx)**                    Date: **January 29, 2026**

Title: **George Gonzalez v. City of Hemet, et al.**

================================================================

**DOCKET ENTRY**

================================================================

PRESENT:     **HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | RS-CS-4 |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):
   Marcel F. Sincich                                              Andrea Katherine Kornblau
   Trenton C. Packer                                             Kimberly Aceves
                                                                              Amie C. Bears
                                                                              Mario E. Garcia

**PROCEEDINGS: INFORMAL DISCOVERY CONFERENCE**

The matter was called, and counsel stated their appearances on the record. Marcel F. Sincich, Esq., of Law Offices of Dale K. Galipo, and Trenton C. Packer, Esq., of Grech Packer and Hanks, both appeared remotely on behalf of Plaintiff. Andrea Katherine Kornblau, Esq. and Kimberly Aceves, Esq., of Manning and Kass Ellrod Ramirez Trester, LLP, appeared remotely on behalf of Defendant City of Hemet. Mario Eduardo Garcia, Esq. and Amie C. Bears, Esq., both of the Office of Attorney General, appeared remotely on behalf of Defendants Officer Sean Irick and the State of California.

     The parties outlined their current discovery dispute, and each provided the Court with their respective positions regarding Plaintiff's continuing deposition and his failure to appear as noticed, the scope of permissible questions posed by defense counsel, the propriety of responses by Plaitniff, and the instruction by his counsel not to answer based on privilege. The Court opined that questions pertaining to the injuries suffered by Plaintiff pertaining to the underlying allegations, as well as prior injuries in the same bodily area, would seem appropriate. However, the Court also opined that questions pertaining to mental health diagnosis, or history, were irrelevant in light of Plaintiff's prior indication to limit his emotional distress damages to "garden variety."

Time 0:55

MINUTES FORM 11                                                  Initials of Deputy Clerk <u>RAM</u>
CIVIL-GEN

The Court also noted that Plaintiff's controlled substance use on the date of incident would seem to be relevant but also noted a privilege objection could be possible.

After the parties discussed the circumstances of Plaintiff's recently-missed deposition, while in custody of the Sheriff of Riverside County, the Court Ordered that Plaintiff George Gonzalez shall appear for his noticed deposition on January 30, 2026, at 9:00 a.m. The Court further ordered that Plaintiff shall respond to all questions posed during the deposition unless explicitly directed by his counsel not to answer.

**IT IS SO ORDERED**.