Eugene P. Ramirez (State Bar No. 134865)
  *Eugene.Ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
  *Andrea.Kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone:  (213) 624-6900
Facsimile:  (213) 624-6999

*Attorneys for Defendants City of Hemet,*
*Patrick Sobaszek, and Andrew Reynoso*



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET, PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK;and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS CITY OF HEMET, PATRICK SOBASZEK, AND ANDREW REYNOSO'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEREOF**<br><br>*Filed concurrently with Statement of Undisputed Material Facts; Exhibits; Declarations of Sergeant Gabriel Gomez and Andrea Kornblau; and [Proposed] Order*<br><br>Date: March 12, 2026<br>Time: 9:30 AM<br>Judge: Hon. Kenly Kiya Kato<br>Courtroom: 3<br><br>Filed Dated:    March 3, 2022<br>Trial Date:    November 18, 2024 |

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on March 12, 2026, at 9:30 AM, or as soon thereafter as counsel may be heard, in Courtroom 3 of the above-referenced Court located at 3470 Twelfth Street Riverside, CA 92501-3801, Defendants City of Hemet, Patrick Sobaszek, and Andrew Reynoso (Sobaszek and Reynoso, together, the "Officer Defendants," and together with the City of Hemet, the "City Defendants") will and hereby do move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an order granting summary judgment in favor of the City Defendants as to all of Plaintiff's claims asserted in the second amended complaint.

This motion is made on the ground that the City Defendants are entitled to judgment as a matter of law and on the following grounds:

1.      Patrick Sobaszek and Andrew Reynoso are entitled to judgment on Plaintiff's first claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment because undisputed facts demonstrate that the force used was reasonable under the totality of the circumstances facing Patrick Sobaszek and Andrew Reynoso. Furthermore, Patrick Sobaszek and Andrew Reynoso are entitled to qualified immunity because there is no evidence that the use of force violated any clearly-established law.

2.      The City of Hemet is entitled to judgment on Plaintiff's second, third, and fourth claims for municipal liability based on (1) ratification; (2) inadequate training; and (3) unconstitutional custom, policy, or practice, (respectively), and because there is no underlying constitutional violation. Further, there is no evidence of any ratification; failure to train with deliberate indifference; or longstanding unlawful custom, policy, or practice.

3.      The City Defendants are entitled to judgment on Plaintiff's fifth claim for battery because undisputed facts demonstrate that the force used was reasonable under the totality of the circumstances facing Patrick Sobaszek and Andrew Reynoso.

4.      The City Defendants are entitled to judgment on Plaintiff's sixth claim

for negligence because undisputed facts demonstrate that the force used was reasonable under the totality of the circumstances facing Patrick Sobaszek and Andrew Reynoso . Furthermore, to the extent Plaintiff's negligence claim is broader than his excessive force claim, it nonetheless fails because Plaintiff fails to cite any statutory authority for imposing any duty on Patrick Sobaszek and Andrew Reynoso or the City of Hemet.

5.     The City Defendants are entitled to judgment on Plaintiff's seventh claim for violation of the Bane Act because there is no underlying constitutional violation and because there is no evidence that there was any coercion independent from the alleged constitutional violation. Furthermore, there is absolutely no evidence of any specific intent to deprive Plaintiff of any of his constitutional rights.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, the concurrently-filed Statement of Undisputed Facts, the Declarations of Sergeant Gabriel Gomez and Andrea Kornblau the exhibits thereto, and all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any such additional evidence or argument as the Court may allow prior to ruling on the motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

1    **<u>NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE:</u>**

2         Pursuant to Civil Local Rule 7-3, the parties met and conferred on February 5,

3    2026, regarding the issues raised in this motion. The parties thoroughly discussed each

4    issue to be raised in the anticipated cross-motions for summary judgment but were

5    unable to reach a resolution.

6

7    DATED: February 12, 2026          **MANNING & KASS**

8                                      **ELLROD, RAMIREZ, TRESTER LLP**

9

10                                     By:  _____/s/ Andrea K. Kornblau_____

11                                         Eugene P. Ramirez
                                           Andrea K. Kornblau
12                                         Attorneys for Defendants City of Hemet,
13                                         Patrick Sobaszek, and Andrew Reynoso

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

# **Table of Contents**

I.    INTRODUCTION ................................................................................ 1

II.   STATEMENT OF FACTS .................................................................. 2

    A.    Initial Contact With Plaintiff .................................................... 2

    B.    High Speed Vehicle Pursuit ...................................................... 3

    C.    Foot Pursuit and Use of Force .................................................. 4

III.  Legal Standard .................................................................................... 5

    A.    Summary Judgment is Proper When A Plaintiff Cannot Demonstrate a Genuine Issue of Fact ............................................ 5

IV.   ARGUMENT ...................................................................................... 6

    A.    Plaintiff cannot carry his burden of establishing any viable federal claim ......................................................................................... 6

        1.    Defendants' Seizure and Use of Force Was Reasonable .............. 6

            a.    Severity of the Crime at Issue ........................... 8

            b.    Immediate Threat ............................................ 9

        2.    The Officer Defendants Are entitled to Qualified Immunity on Plaintiff's Excessive Use of Force Claim (Claim 1) ............. 10

    B.    Plaintiff Cannot Establish Any Viable Municipal Liability (*Monell*) Claims. (Claims 2, 3, and 4) ..................................... 13

        1.    Ratification ................................................................ 15

        2.    Failure to Train ......................................................... 15

        3.    Unconstitutional Custom of Practice ............................ 15

    C.    Plaintiff's California State Law Claims Fail ............................. 16

        1.    Plaintiff Fails To Establish a Viable Battery Claim (Claim 5) ..................................................................................... 17

        2.    Plaintiff Fails To Establish a Viable Negligence Claim (Claim 6) ............................................................................ 17

        3.    Plaintiff Fails To Establish a Viable Tom Bane Civil Rights Act Claim (Claim 7) ......................................................... 19

V.    CONCLUSION ................................................................................. 21

CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2 ................................. 21

# TABLE OF AUTHORITIES

**Page**

## CASES

*Anderson v. Liberty Lobby,*
477 U.S. 242 (1986) ............................................................... 5

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. at 248 ...................................................................... 6

*Archibald v. Cty. of San Bernardino*
2018 U.S. Dist. LEXIS 171243 (C.D. Cal. Oct. 2, 2018) ............ 16

*Benavidez v. Cnty. of San Diego,*
993 F.3d 1134, 1144 (9th Cir. 2021) ...................................... 15

*Brown v. Ransweiler,*
171 Cal.App.4th 516, 526-28 (2009) ..................................... 17

*Bryan v. MacPherson,*
630 F.3d 805, 826 (9th Cir. 2010) ........................................... 7

*Calonge v. City of San Jose,*
104 F.4th 39, 45 (9th Cir. 2024) .............................................. 6

*Calonge v. City of San Jose,*
104 F.4th 39, 47 (9th Cir. 2024) ............................................ 11

*Carter v. City of Carlsbad*
799 F. Supp. 2d 1147 (S.D. Cal. 2011) .................................. 16

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986) ............................................................... 5

*City of Los Angeles v. Heller*
475 U.S. 796 (1986) ............................................................. 14

*Commr's v. Brown,*
520 U.S. 397, 403 (1997) ..................................................... 14

*Corrales v. Impastato* 650 F. App'x 540 (9th Cir. 2016) ............... 9

*Cruz v. City of Anaheim* 765 F.3d 1076 (9th Cir. 2014) ................. 9

*D.C. v. Wesby,*
583 U.S. 48, 63 (2018) ......................................................... 11

*District of Columbia v. Wesby*
583 U.S. 48 (2018) ............................................................... 12

*Dodge v. Evergreen Sch. Dist. #114,*
    56 F.4th 767, 788 (9th Cir. 2022)...........................................................15

*Eastburn v. Reg'l Fire Prot. Auth.*
    80 P.3d 656 (Cal. 2003).........................................................................18

*Edson v. City of Anaheim,*
    63 Cal.App.4th 1269, 1272 (1998)........................................................17

*Estate of Strickland v. Nevada Cnty.,* 69 F.4th 614 (9th Cir. 2023).....................9, 10

*Gant v. Cnty. of L.A.,*
    594 Fed.Appx. 335 (9th Cir. 2014) .......................................................19

*Gant v. Cnty. of Los Angeles,* 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011)............19

*George v. Morris* 736 F.3d 829 (9th Cir. 2013) ..........................................10

*Gordon v. Cnty. of Orange,*
    6 F.4th 961, 973–74 (9th Cir. 2021)......................................................16

*Graham v. Connor,*
    490 U.S. 386 (1989) ...............................................................................6

*Graham,*
    490 U.S. at 396-397 ................................................................................9

*Harlow v. Fitzgerald,*
    457 U.S. 800, 818 (1982) ......................................................................10

*Hart v. City of Redwood City,*
    99 F.4th 543, 549 (9th Cir. 2024).............................................................8

*Hart v. City of Redwood City,*
    99 F.4th 543, 555 (9th Cir. 2024)...........................................................12

*Hayes v. County of San Diego*
    57 Cal. 4th 622 (2013)............................................................................16

*Hayes v. County of San Diego,*
    57 Cal.4th 622, 629 (2013)....................................................................18

*Hayes,*
    57 Cal.4th at 629 ..................................................................................18

*Heller,*
    475 U.S. at 799 ..............................................................................14, 15

*Hoff v. Vacaville Unified Sch. Dist.*
    968 P.2d 522 (Cal. 1998).......................................................................19

*Hyde v. City of Willcox,*
    23 F.4th 863, 870 (9th Cir. 2022).............................................................7

MANNING | KASS

MK

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

*Jackson v. County of Bremerton,*
    268 F.3d 646 (9th Cir 2001) ................................................................ 11

*Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998) ................................ 19

*Kisela v. Hughes,*
    584 U.S. 100, 104 (2018) .................................................................... 11

*Lopez v. City of Los Angeles* (2011)
    196 Cal.App.4th 675, 685 .................................................................... 18

*Malley v. Briggs,*
    475 U.S. 335, 341 (1986) .................................................................... 11

*Malley v. Briggs,*
    475 U.S. at 341 .................................................................................... 13

*Martinez v. County of Los Angeles*
    47 Cal. App. 4th 334 (1996) ................................................................ 16

*Matsushita Elec. v. Zenith Radio,*
    475 U.S. 574 (1986) .............................................................................. 5

*Monell.,*
    436 U.S. at 690 .................................................................................... 14

*Mullenix v. Luna* 577 U.S. 7 (2015) ...................................................... 12

*Munoz v. City of Union City*
    120 Cal. App. 4th 1077 (2004) ............................................................ 16

*Munoz v. City of Union City*
    16 Cal. Rptr. 3d 521 (Ct. App. 2004) .................................................. 19

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.,*
    210 F.3d 1099, 1106 (9th Cir. 2000) .................................................... 5

*Pearson v. Callahan,*
    555 U.S. at 227 .................................................................................... 11

*Pearson v. Callahan,*
    555 U.S. at 230 .............................................................................. 11, 13

*Plumhoff v. Rickard,*
    572 U.S. 765, 777 (2014) .................................................................... 13

*Plumhoff v. Rickard,*
    572 U.S. 765, 778-79 (2014) ................................................................ 11

*Quintanilla v. City of Downey*, 84 F.3d 353 (9th Cir. 1996) .................. 15

*Quintanilla,*
    84 F.3d at 355 ...................................................................................... 15

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

*Reese v. Cty. of Sacramento,*
   888 F.3d 1030, 1043-44 (9th Cir. 2018) ...............................................19

*Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996) ......................9

*Rice v. Morehouse* 989 F.3d 112, 1120 (9th Cir. 2021) ..................................6

*Romero v. Kitsap County,*
   931 F.2d 624, 627 (9th Cir. 1991) .......................................................12

*Ryburn v. Huff,*
   565 U.S. 469, 477 (2012) ...................................................................7

*Ryburn,*
   565 U.S. at 477 ...............................................................................9

*S.R Nehad v. Browder*
   929 F.3d 1125 (9th Cir. 2019) .............................................................8

*Schoeder v. County of San Bernardino,*
   2019 U.S. District Lexis 150020, *6, n.4 (C.D. Cal. 2019) ..........................6

*Scott v. Harris* 550 U.S. 372 (2007) ........................................................6

*Scott v. Harris,*
   550 U.S. 372, 378, 380–81 (2007) .......................................................1

*Scott v. Henrich*
   39 F.3d 912 (9th Cir. 1994) ...............................................................14

*Shoyoye v. Cnty. of L.A.*, 203 Cal.App.4th 947, 959-960 ............................19

*Shoyoye,*
   203 Cal.App.4th at 959 ....................................................................19

*Smith v. Agdeppa,*
   81 F.4th 994, 1001 (9th Cir. 2023) .....................................................11

*Smith v. City of Hemet*
   394 F.3d 689 (9th Cir. 2005) ..............................................................9

*Smith v. City of Hemet,*
   394 F.3d 689, 702 (9th Cir. 2005) .......................................................7

*Strong v. State*, 201 Cal. App. 4th 1439, 1448 (2011) ...............................20

*Tennessee v. Garner*, 471 U.S. 1(1985) ..................................................9

*Tennessee v. Garner,*
   471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 546 (9th Cir. 2010)............................................................................................12

*Tennessee v. Garner,*
   471 U.S. 1, 7, (1985) ........................................................................6

MANNING | KASS

ix

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996) ................................................................. 14

*Trevino v. Gates,*
    99 F.3d 911, 918 (9th Cir. 1996) ......................................................... 14

*Vos v. City of Newport Beach,*
    892 F.3d 1024, 1034 (9th Cir. 2018) ..................................................... 8

*Wallis v. Spencer,*
    202 F.3d 1126, 1144, n. 16 (9th Cir. 2000) ........................................ 14

*Ward v. San Diego County,*
    791 F.2d 1329, 1332 (9th Cir. 1986) ................................................... 11

*White v. Pauly*, 580 U.S. 73 (2017) ........................................................ 11

*Zelig v. County of Los Angeles*
    27 Cal.4th 1112 (2007) ......................................................................... 17


**STATUTES**

Cal. Gov. Code
    § 820.2 ...................................................................................................... 17

Cal. Gov. Code
    § 820.25 .................................................................................................... 17

Cal. Gov. Code
    § 820.6 ...................................................................................................... 17

Cal. Gov. Code
    § 820.8 ...................................................................................................... 17

Cal. Gov. Code
    § 821.8 ...................................................................................................... 17

Cal. Penal Code
    §835a ................................................................................................ 16, 18

*Fed.R.Civ.P.* 56 .................................................................................... 5, 21

U.S. Const. amend. IV ............................................................................ 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This lawsuit arises out of an incident that occurred on January 24, 2024, in Hemet, California involving Plaintiff George Gonzalez, Defendant Corporal Patrick Sobaszek and Defendant Sergeant Andrew Reynoso of the Hemet Police Department, and Officer Sean Irick of the California Highway Patrol.[1] Plaintiff alleges that the officers used excessive and unreasonable force, including deadly force, by shooting Plaintiff who was not an immediate threat of death or serious bodily injury.

Unfortunately for Plaintiff, the entire interaction was captured on multiple videos. Where, as here, the videos "quite clearly contradict[] the version of the story" told by Plaintiff, the Court is not required to adopt the version of the facts that is "blatantly contradicted by the record" and, instead, must viewed the facts "in the light depicted by the [videos]." See *Scott v. Harris*, 550 U.S. 372, 378, 380–81 (2007).

Here, undisputed evidence, including undisputed video evidence, demonstrates that the Officer Defendants used great restraint, and only resorted to deadly force when they had no other reasonable alternatives. Among other things, it is undisputed that, Plaintiff was accused of violating a restraining order, while illegally possessing a firearm. It is undisputed that Plaintiff refused to peacefully surrender to officers, furtively dug around his vehicle in direct violation of officers' lawful commands, drove recklessly and erratically, and lead officers on a more than 20 mile high speed pursuit. It is further undisputed that after his vehicle after became disabled, Plaintiff fled on foot toward an operational commercial business. It is further undisputed that during the foot pursuit, Plaintiff looked back towards officers several times and removed a gun from his waistband, raised it, and began to turn with the gun towards the officers, before resorting to deadly force as their last option.

---

[1] All "UF__" references are to the Statement of Undisputed Facts. Unless otherwise noted, all internal citations and quotation marks are omitted, and all emphasis is added.

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

These undisputed facts demonstrate that the Officer Defendants are entitled to qualified immunity because they at all times acted reasonably under the totality of the circumstances. In any event, Plaintiff cannot establish that the Officer Defendants' conduct violated any clearly-established law. Plaintiff's remaining claims against the Officer Defendants and the City of Hemet each fail because there is no underlying constitutional violation and the Officer Defendants' conduct was otherwise reasonable.

For all these reasons, the Court should grant the City Defendants' motion in full. In the alternative, the Court should grant partial summary judgment.

## II.    STATEMENT OF FACTS

### A.    Initial Contact With Plaintiff

On January 24, 2024, the Region 3 Gang Task Force (GTF) received information regarding a suspect, identified as George Falcon Lara Gonzalez ("Plaintiff"), being at 40525 Whittier Avenue, in the City of Hemet, in violation of a restraining order. UF 1. Plaintiff was believed to be armed with a firearm and standing in front of the home with Yvette Nieves, the protected party in a restraining order. Gonzalez was the restrained party in the court order and was not allowing her to leave. UF 1. When officers arrived on the scene, Plaintiff barricaded himself in a black vehicle at the location. He was believed to be armed with a firearm and was not complying with officer commands. Two police vehicles were parked directly in front of the Plaintiff's vehicle. UF 2.

Several commands and warnings were relayed to Plaintiff, including "come out with your hands up", "come out of the car", and "turn the car off". Plaintiff refused to comply and, instead, responded that "You're going to have to kill me." UF 3.

Defendant Andrew Reynoso ("Sergeant Reynoso") shouted in the presence of Defendant Patrick Sobaszek ("Detective Sobaszek") that Plaintiff had a dark object in his hand and Sergeant Reynoso believed that Plaintiff was armed. UF 4. While officers were still giving verbal commands, including multiple K-9 announcements,

Plaintiff was actively barricading himself inside of the vehicle by taking miscellaneous items from inside the vehicle and placing them on the dashboard of the vehicle in an attempt to cover the front the windshield from the inside. UF 5.

Plaintiff was reaching all around the inside of the vehicle and into his waistband multiple times, while moving back and forth from the front seats to the back seats of the vehicle. Plaintiff placed a set of golf clubs in a pink golf bag out the front passenger side window, to block any entry into the vehicle. Plaintiff also placed a sunshade and multiple articles of clothing over the windshield as well, concealing his movement in the vehicle. UF 6. Plaintiff was believed to be armed with a firearm. Officer Del Bono observed Plaintiff reach towards his waistband multiple times, as well as reach towards the center console area and in between the seats of the vehicle. UF 7.

Officers deployed a shield to provide cover from potential gunfire from Plaintiff and were standing by with 40mm loaded with rubber rounds as well as a pepper-ball gun. Officers were positioned at either side of the two police vehicles which were parked in front of Plaintiff's vehicle; one of the police vehicles was bumper to bumper contacting the Plaintiff's vehicle in an attempt to prevent Plaintiff from driving away. UF 8.

**B.    High Speed Vehicle Pursuit**

Plaintiff's erratic behavior quickly escalated and he started the vehicle and attempted to drive out of the driveway despite numerous officers standing in his path. Plaintiff reversed the vehicle and drove diagonally across the lawn, around the police vehicles, and fled eastbound, hitting some trashcans on his way onto the street. Officers, including Detective Sobaszek and Sergeant Reynoso immediately followed Plaintiff in their police vehicles with activated emergency red and blue lights (including solid red, forward-facing light) and sirens; however, Plaintiff failed to yield and a pursuit was initiated. UF 9.

During the vehicle pursuit, Plaintiff made several dangerous and illegal

MANNING | KASS

maneuvers, including, driving at speeds of over 100 miles per hour, driving on the wrong side of the road, recklessly driving through a business parking lot, and failing to stop at posted stop signs and red lights. Eventually, the pursuit reached Beaumont Avenue and First Street, in the City of Beaumont, where traffic and Beaumont Police vehicles were blocking most of the intersection. UF 10.

The Riverside County Sheriff's Office's Star 9 police helicopter was summoned to assist in the pursuit. The vehicle pursuit of Plaintiff lasted approximately 18 minutes (from 1945 hours until 2003 hours), covering a distance of approximately 21.3 miles from the city streets of Hemet, then San Jacinto, and ultimately Beaumont. In Beaumont, Plaintiff drove his vehicle westbound over a center concrete median and into a small shopping center. Plaintiff attempted to drive the vehicle eastbound next to the train tracks but the vehicle got stuck on the tracks at approximately 2003 hours. UF 11.

### C.    Foot Pursuit and Use of Force

After the vehicle was disabled, Plaintiff exited the vehicle and towards the Perricone Juices warehouse.  UF 12. Defendants Sobaszek, Reynoso, and Officer Sean Irick of the California Highway Patrol gave chase on foot as Plaintiff fled eastbound along the north side of the building, then southbound along the east side of the building, and finally westbound along the south side of the building. Officers Irick and Sobaszek gave numerous verbal warnings to Plaintiff during the entirety of the foot pursuit. UF 13.

Plaintiff looked back over his left shoulder at the officers numerous times as he was running through the warehouse. UF 14. Plaintiff suddenly removed a handgun from his waistband with his right hand, yelled at the officers to "back up, stop, I've got something," raised the gun into the air, looked over his left shoulder and began orienting himself in the direction of the officers.  UF 15. At approximately the same time, Sergeant Reynoso heard what he believed to be a gunshot coming from Plaintiff's gun, and the officers began to discharge their firearms at Plaintiff. UF 16-

4

MANNING | KASS

17.

  Over the ensuing roughly four (4) seconds, the Defendant Officers collectively discharged their weapons at least 16 times (Defendant Reynoso discharged his weapon six times and Defendant Sobaszek discharged his firearm ten times) at Plaintiff's center mass, until they no longer perceived Plaintiff to be an imminent threat. UF 18.

  Plaintiff was struck three times but he does not know which of the officers' bullets struck him, but the bullet trajectories are consistent with Plaintiff being shot while upright and while angled towards the officers. UF 19-20. Body worn camera footage shows that the officers stopped firing at Plaintiff after he fell and dropped the firearm. UF 21. A black semiautomatic pistol with no serial number and that was not registered to Plaintiff was located near his right foot. UF 22. The officers immediately summoned medical services to assist Plaintiff. UF 23.

## III.  LEGAL STANDARD

### A.  Summary Judgment is Proper When A Plaintiff Cannot Demonstrate a Genuine Issue of Fact

  Summary judgment is proper if the moving party demonstrates "that there is no genuine issue as to any material fact . . . ." *Fed.R.Civ.P.* 56(a). In a trilogy of cases, the United States Supreme Court clarified the burden of proof of each party with regard to the resolution of summary judgment motions. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby,* 477 U.S. 242 (1986); *Matsushita Elec. v. Zenith Radio,* 475 U.S. 574 (1986). A moving party without the ultimate burden of persuasion at trial can meet its burden in one of two ways: by either "produc[ing] evidence negating an essential element of the nonmoving party's case" or "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). The nonmoving party then "must set forth specific facts showing that there is a genuine

issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248.

In opposing a motion for summary judgment, it is insufficient to merely show that there is some "metaphysical doubt as to material facts." *Matsushita Elec.,* 475 U.S. at 576. The plaintiff must show the existence of a genuine issue and "produce at least some 'significant probative evidence tending to support the complaint.'" *Smolen v. Deloitte, Haskins & Sells,* 921 F.2d 959, 963 (9th Cir. 1990). The responding party cannot merely rest upon the allegations and the pleadings. *Hansen v. Black,* 885 F.2d 642, 644 (9th Cir. 1989).

Importantly, the United States Supreme Court noted in *Scott v. Harris*, 550 U.S. 372, 380-81 (2007), where a video of an arrest exists in an excessive force claim and the plaintiff submits declarations which are diametrically opposed to the evidence contained in the video, the Court should not conclude that a genuine issue of fact exists based on a patently "visible fiction" and, instead, should view the facts in the light depicted in the videotape. Thus, if one party's version of events is clearly contradicted by video evidence of the incident, that party's version is not credited. *Rice v. Morehouse*, 989 F.3d 112, 1120 (9th Cir. 2021) citing *Schoeder v. County of San Bernardino*, 2019 U.S. District Lexis 150020, *6, n.4 (C.D. Cal. 2019).

## IV.    ARGUMENT

### A.    Plaintiff cannot carry his burden of establishing any viable federal claim

#### 1.    Defendants' Seizure and Use of Force Was Reasonable

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "A police officer's use of deadly force against a person constitutes a seizure within the meaning of the Fourth Amendment." *Calonge v. City of San Jose*, 104 F.4th 39, 45 (9th Cir. 2024) (citing *Tennessee v. Garner*, 471 U.S. 1, 7, (1985)).

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court held that an

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

excessive force claim is properly analyzed under the Fourth Amendment's objective reasonableness standard. *Id.* at 388. The test is an objective one, viewed from the vantage of a reasonable officer at the scene, and is highly deferential to the police officer's need to protect himself or others. *Id.* at 396-397. The determination is based on a totality of the circumstances and "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Furthermore, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vison of hindsight." *Id.* The force used "must be balanced against the need for that force." *Deorle v. Rutherford*, 272 F.3d 1272, 1279 (9th Cir. 2001). The Supreme Court has indicated that "judges should be cautious about second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation." *Ryburn v. Huff*, 565 U.S. 469, 477 (2012). The most important single element of the three specified factors is whether the suspect poses an immediate threat to the safety of the officers or others. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005), *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010); *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc). "[T]he objective facts must indicate that the suspect pose[d] an immediate threat to the officer or a member of the public." *Bryan*, 630 F.3d at 826. "This analysis is not static, and the reasonableness of force may change as the circumstances evolve." *Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022).

Moreover, "[t]he Constitution is not blind to the fact that police officers are often forced to make split-second judgments." *City and Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775 (2015). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them fair leeway for enforcing the law in the community's protection." *Heien*

7

*v. North Carolina*, 135 S. Ct. 530, 536 (2014). "A reasonable use of deadly force encompasses a range of conduct, and the availability of a less intrusive alternative will not render conduct unreasonable." *Wilkinson v. Torres*, 610 F.3d 546, 551 (9th Cir. 2010). "To assess the reasonableness of a particular use of force, we balance the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing government interests at stake." *Hart v. City of Redwood City*, 99 F.4th 543, 549 (9th Cir. 2024). "[T]he events leading up to the shooting, including the officers['] tactics, are encompassed in the facts and circumstances for the reasonableness analysis." *Vos v. City of Newport Beach*, 892 F.3d 1024, 1034 (9th Cir. 2018).

The *Graham* Court set forth a non-exhaustive list of factors to be considered in evaluating whether the force used to effect a particular seizure is reasonable, set forth below. *Graham*, 490 U.S. at 394-95.

### a.     Severity of the Crime at Issue

Plaintiff posed a threat of serious harm or death to the officers and to the public. The Ninth Circuit has applied the "severity of the crime at issue," in two ways. *See S.R Nehad v. Browder*, 929 F.3d 1125, 1136 (9th Cir. 2019). First, "a particular use of force would be more reasonable, all other things being equal, when applied against a felony suspect than when applied against a person suspected of only a misdemeanor." *Id*. Second, the "severity of the crime" has been used as a proxy for the danger a suspect poses at the time force is applied. *Id*.

Here, Plaintiff was a known felon who was alleged to have violated a restraining order, and was alleged to be illegally in possession of a firearm. Plaintiff refused to obey officer instructions, and intentionally shielded himself from the officers' view.  Instead of peacefully surrendering, Plaintiff drove around officers' vehicles, and led them on a more than 20 mile high speed pursuit. After abandoning his disabled vehicle, Plaintiff fled from the officers on foot directly towards an operating business warehouse. During the pursuit, Plaintiff yelled at the officers to

back up and stop, because "he had something," and then pulled a gun from his waistband, raised it above his head and looked over his left shoulder and began to reorient himself and the gun towards the officers. Nearly simultaneously, Sergeant Reynoso heard what he believed was a gunshot coming from Plaintiff's raised firearm. When viewed objectively from the vantage point of a reasonable officer on the scene, it is clear that Defendants Sobaszek and Reynoso (and Irick) acted out a dire need to protect themselves based on their observation and perception of the danger presented to them in that situation. *Graham*, 490 U.S. at 396-397, *Ryburn*, 565 U.S. at 477.

Thus, given the severity of the type of crime and the danger Plaintiff posed to Defendant Officers, the force was reasonable.

### b.    Immediate Threat

The "most important single element of the three specified factors: whether the suspect poses an immediate threat to the safety of the officers or others." *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005). "[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force." *Id.* at 704; *Reynolds v. County of San Diego*, 84 F.3d 1162, 1168 (9th Cir. 1996). Accordingly, a police officer may use *deadly* force where the officer reasonably believes (has probable cause that) the suspect poses an immediate threat of death or serious physical harm to the officer or others: in order to protect himself/others or to prevent escape. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

Here, Plaintiff posed an "***immediate threat***" to the safety of Defendant Officers and to the public at large. *See Estate of Strickland v. Nevada Cnty.*, 69 F.4th 614, 620 (9th Cir. 2023). "If the person is armed - ***or reasonably suspected of being armed -*** a furtive movement, harrowing gesture, or serious verbal threat might create an immediate threat." *Strickland*, 69 F.4th at 620*, see also Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 n.2 (9th Cir. 2014); cf. C*orrales v. Impastato*, 650 F. App'x 540, 541-42 (9th Cir. 2016) (holding no excessive force where the officer shot, without warning, the suspect as he rushed towards the officer "while pulling his previously

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

concealed hand from his waistband").

When an individual points his gun in the officers' direction, they are undoubtedly entitled to use deadly force." *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013). Reasonableness does ***not*** require officers "to delay their fire until a suspect turns his weapon on them." *Strickland*, 69 F.4th at 620.

Specifically, Plaintiff lead officers on a high speed chase, and continued to flee on foot, while making verbal threats, and raising a gun above his head before beginning to turn himself towards the officers undoubtedly constitutes an immediate threat. *George*, 736 F.3d at 838. Moreover, combined with the perceived sound of a gunshot coming from Plaintiff's direction, there is little doubt that the force was reasonable to stop the immediate threat. All of this occurred in under four (4) seconds, and is captured on undisputed video.

Notably, several days later, in the hospital, Plaintiff told investigators he knew he was not legally allowed to possess a firearm, but he keeps one anyway for his protection. UF 24. Accordingly, the force was reasonable to stop the immediate threat.

### 2.   The Officer Defendants Are entitled to Qualified Immunity on Plaintiff's Excessive Use of Force Claim (Claim 1)

It is clear by the uncontroverted evidence presented by the City Defendants that the Officer Defendant's actions were reasonable. Even if this Court disagrees, the Officer Defendants would nonetheless be entitled to qualified immunity on Plaintiff's federal claims.

Qualified immunity protects government officials from suit under federal law claims if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S.

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

MANNING | KASS

MANNING | KASS

at 230. To evaluate qualified immunity, a court must first decide whether the facts show that the governmental official's conduct violated a constitutional right. *Jackson v. County of Bremerton*, 268 F.3d 646 (9th Cir 2001). Second, a court decides whether the governmental official could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established right. *Id*. However, the court may skip the first step and proceed to the second. *Pearson v. Callahan*, 555 U.S. at 227. This doctrine is sweeping in scope and designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Finally, although law enforcement officers must be aware of constitutional developments, they are not expected to do so to the same extent as law professors. Indeed, a "reasonable person" standard applies. *Ward v. San Diego County*, 791 F.2d 1329, 1332 (9th Cir. 1986).

"The law is clearly established when precedent is 'clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Calonge v. City of San Jose*, 104 F.4th 39, 47 (9th Cir. 2024) (quoting *D.C. v. Wesby*, 583 U.S. 48, 63 (2018)). "The rule must be settled law, which means it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Smith v. Agdeppa*, 81 F.4th 994, 1001 (9th Cir. 2023).

"Although '[the Supreme] Court's case law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate.'" *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 78-79 (2017)). "This demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Wesby*, 583 U.S. at 63 (quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)). "An officer 'cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable office *in the defendant's shoes* would have understood that he was violating it." *Kisela*, 584 U.S. at 105 (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014)). "Use of excessive force

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). In qualified immunity cases, the plaintiff bears the burden of demonstrating that the laws were clearly established. *Hart v. City of Redwood City*, 99 F.4th 543, 555 (9th Cir. 2024) (citing *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017)); *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

"Use of excessive force is an area of the law in which the result depends very much on the facts of each case, and thus police officers are entitled to qualified immunity ***unless*** existing precedent ***squarely governs*** the specific facts at issue." *Kisela*, 584 U.S. at 104.

Plaintiff cannot show that at the time of the conduct, "the law was sufficiently clear that every reasonable official would understand that [the officers' conduct was] unlawful." *See Wesby*, 583 U.S. at 63. Plaintiff cannot point to any "***settled law***" that would have ***clearly defined*** with the ***necessary specificity*** that the use of force under these circumstances was unreasonable "***beyond debate***." *See Id.* at 63–64. (emphasis added).

Here, at the time of the incident, after leading the Officer Defendants on a dangerous high speed pursuit, Plaintiff made threatening statements to the Officer Defendants, and then presented a gun and started to orient it and himself in the direction of the Officer Defendants, Plaintiff posed an imminent threat of death or serious bodily injury, and lethal force was authorized. See *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Wilkinson v. Torres*, 610 F.3d 546, 546 (9th Cir. 2010).

Plaintiff's case appears to be premised on the notion that alternative actions and/or procedures could have been taken in this case, as alleged in Plaintiff's Second Amended Complaint, or that the Officer Defendants should have stopped shooting the instant that Plaintiff began to fall and dropped his gun. However, this is an improper inquiry.

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

When applying the two-pronged qualified immunity analysis: 1) the Officer Defendants did not violate a constitutional right, and 2) the Officer Defendants' conduct falls within the sweeping scope of qualified immunity which is designed to protect "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. at 341. Furthermore, the Supreme Court has held that "if police officers are justified in firing at a suspect in order to end a severe threat to public safety, the officers need not stop shooting until the threat has ended." *Plumhoff v. Rickard*, 572 U.S. 765, 777 (2014) (15 shots fired in ten second span).

Here, as discussed in detail above, the culmination of Plaintiff's actions presented a grave danger and imminent threat to the Officer Defendants. *Pearson v. Callahan*, 555 U.S. at 230.

The undisputed video evidence shows that over the course of less than four (4) seconds, the Officer Defendants fired 16 times at Plaintiff, and Plaintiff was struck three time times, once in the lower left flank, once in the left foot, and once in the right thigh. The undisputed evidence shows that the bullet trajectories are consistent with Plaintiff being shot while upright at an oblique angle toward the officers, and while falling to the ground.

Body worn camera footage shows that Plaintiff dropped the firearm as he was falling to the ground, and that the Officer Defendants stopped firing at Plaintiff after he fell and dropped the gun.

### B.    Plaintiff Cannot Establish Any Viable Municipal Liability (*Monell*) Claims. (Claims 2, 3, and 4)

Plaintiff asserts three municipal liability (*Monell*[2]) claims against the City of Hemet premised on: (1) ratification; (2) inadequate training; and (3) unlawful policy, custom, or practice. Plaintiff's claims fail because in the absence of an underlying constitutional violation by its officers, there can be no *Monell* liability against the City of

---

[2] See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

Hemet. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994); *see also Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (stating the requirements to establish *Monell* liability).

Municipal entities are not subject to *respondeat superior* liability for federal civil rights claims. *Monell.,* 436 U.S. at 690; *Wallis v. Spencer,* 202 F.3d 1126, 1144, n. 16 (9th Cir. 2000). However, having concluded that Section 1983 does not permit *respondeat superior* liability in suits against state actors, the *Monell* Court announced that claimants suing state actors must establish that their alleged injury was the result of a "policy or custom" of that state actor. *Bd. of Cnty. Commr's v. Brown,* 520 U.S. 397, 403 (1997).

As a prerequisite to establishing Section 1983 municipal liability, a plaintiff must satisfy one of three conditions: (1) the plaintiff may prove that a city employee committed a constitutional violation pursuant to a formal governmental policy or a long-standing practice or custom which constitutes the standard operating procedure of the local governmental entity; (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself this constituted an act of official governmental policy; and (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. After proving that one of the three circumstances existed, a plaintiff also must show that the circumstance was: (1) the cause in fact; and (2) the proximate cause of the constitutional deprivation. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Moreover, in *City of Los Angeles v. Heller*, 475 U.S. at 799, the Supreme Court held that a public entity is not liable for Section 1983 damages under a policy that can cause constitutional deprivations when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

constitutionally excessive force is quite beside the point. *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).

Here, as set forth above, the uncontroverted facts demonstrate that the Officer Defendants did not commit any constitutional violation. UF 1-23. Accordingly, in the absence of any such underlying predicate violation, there can be no corresponding *Monell* violation as to the City of Hemet. *Heller,* 475 U.S. at 799; *Quintanilla,* 84 F.3d at 355.

### 1. Ratification

Even if a constitutional violation was shown, there is no evidence of ratification. "Ratification generally requires more than acquiescence, and a mere failure to discipline does not amount to ratification of allegedly unconstitutional action." *Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 788 (9th Cir. 2022).

Here, Plaintiff submits no evidence to establish that any policymakers approved, rather than merely acquiesced in, any unconstitutional conduct.

### 2. Failure to Train

Even if a constitutional violation occurred, there is no evidence to establish that a failure to train caused a violation of Plaintiff's civil rights. *Monell*, 436 U.S. at 691. Failure to train may constitute a basis for *Monell* liability only where "the failure amounts to deliberate indifference." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

Here, Plaintiff submits no evidence that there was any failure to train, or that any failure to train was done with deliberate indifference.

### 3. Unconstitutional Custom of Practice

Plaintiff alleges a non-specific list of speculative customs, policies, and practices, in his second amended complaint, but provides no evidence demonstrating an unconstitutional pattern and practice that would give rise to liability under *Monell*.

Even if a constitutional violation occurred, Plaintiff fails to submit any evidence of *any* unlawful policy, custom, or practice. And Plaintiff cannot demonstrate a

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

"longstanding practice or custom" that is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973–74 (9th Cir. 2021).

Since there is no official policy, custom, or practice which caused Plaintiff's injury, Plaintiff's federal claims for municipal liability under *Monell* must fail.

### C.    Plaintiff's California State Law Claims Fail

Plaintiff's second amended complaint sets forth California state law causes of action for: 1) battery; 2) negligence; and 3) violation of the Tom Bane Civil Rights Act. Each fails on their merits *and* based on California's broad statutory immunity scheme.

Plaintiff's state law claims for battery and negligence based on an excessive force theory are measured under the reasonableness standard of the Fourth Amendment. *Carter v. City of Carlsbad*, 799 F. Supp. 2d 1147, 1164 (S.D. Cal. 2011); *see Hayes v. County of San Diego*, 57 Cal. 4th 622, 637-39 (2013) (adopting *Graham* reasonableness standard for seizure-related negligence claims against officers but clarifying that scope of liability may extend to pre-seizure conduct under certain circumstances); *Archibald v. Cty. of San Bernardino*, 2018 U.S. Dist. LEXIS 171243, at *22 (C.D. Cal. Oct. 2, 2018) (acknowledging that Plaintiffs' battery, negligence, and Bane Act claims are governed by the same inquiry that governs their excessive force claims); *Martinez v. County of Los Angeles*, 47 Cal. App. 4th 334, 349-50 (1996); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1101-03 (2004) (holding that as to a state-law battery claim, whether the force was unreasonable must be decided under the Fourth Amendment reasonableness standard).

Further, a police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of resistance. Cal. Penal Code §835a. Officers are immune for their pre-seizure tactical decisions because "[e]xcept as otherwise provided by statute" California bars liability for "injury resulting from … the exercise of the discretion vested in him, whether or

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

not such discretion be abused." Cal. Gov. Code § 820.2; *see* Cal. Gov. Code §§ 820.25, 820.6, 820.8, 821.8; *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1118-1130 (2007).

### 1.    Plaintiff Fails To Establish a Viable Battery Claim (Claim 5)

To prevail on a battery claim against a peace officer, a plaintiff must prove the officer used unreasonable force. *Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-28 (2009); *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1272 (1998). An officer is not similarly situated to the ordinary battery defendant and need not be treated the same, rather, he is entitled to use even greater force than might be in the same circumstances required for self-defense. *Brown*, 171 Cal.App.4th at 527. Importantly, Section 1983 Fourth Amendment excessive force actions are the federal counterpart of state battery actions. *Edson*, 63 Cal.App.4th at 1274.

For the reasons discussed above, the Officer Defendants' use of force was objectively reasonable for purposes of Plaintiff's battery claim. Case law favors the Officer Defendants given that they are entitled to use even greater force than might be in the same circumstances required for self-defense and the test is highly deferential to the officer's need to protect himself and others. *Brown*, 171 Cal.App.4th at 527. Again, as discussed above, and as captured on the undisputed body worn video, Plaintiff presented an imminent threat, and the Officer Defendants were forced to make a split-second judgment in an immediate, tense circumstance warranting their reactions to discharge their firearms out of self-defense.

In sum, as discussed *supra,* the Officer Defendants' are immune from civil liability under state law because their use of force was reasonable under *Graham. See also Brown*, 171 Cal.App.4th at 533.

### 2.    Plaintiff Fails To Establish a Viable Negligence Claim (Claim 6)

To prove negligence, a plaintiff must show the defendant had a duty to use due care, he breached that duty, and the breach was the proximate cause of the injury.

---

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

1  *Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013).

2      Importantly, "[a] peace officer who makes or attempts to make an arrest need

3  not retreat or desist from his efforts by reason of the resistance or threatened resistance

4  of the person being arrested," and the "officer [shall not] be deemed an aggressor or

5  lose his right to self-defense by the use of reasonable force to effect the arrest or to

6  prevent escape or to overcome resistance." Cal. Penal Code § 835(a).

7      The California Supreme Court held that "[t]he reasonableness of an officer's

8  conduct is determined in light of the totality of circumstances," including "the pre-

9  shooting conduct of the officers" involved in the shooting incident. *Hayes*, 57 Cal.4th

10  at 629. As long as an officer's conduct falls within the range of conduct that is

11  reasonable, there is no requirement that he choose the most reasonable action or the

12  conduct that is the least likely to cause harm and at the same time the most likely to

13  result in the successful apprehension of a violent suspect, to avoid liability for

14  negligence. *Id*. at 632. Officers have a degree of discretion as to how they choose to

15  address a particular situation. *Id*. This standard "reflects deference to the split-second

16  decisions of an officer and recognizes that, unlike private citizens, officers may use

17  deadly force." *Lopez v. City of Los Angeles* (2011) 196 Cal.App.4th 675, 685.) "What

18  constitutes as 'reasonable' action may seem quite different to someone facing a

19  possible assailant than to someone analyzing the question at leisure. *Brown,* 171

20  Cal.App.4th at 528; see also Pen. Code, § 835a, subd. (a)(4) ("the decision by a peace

21  officer to use force shall be evaluated from the perspective of a reasonable officer in

22  the same situation, based on the totality of the circumstances known to or perceived

23  by the officer at the time, rather than with the benefit of hindsight, and ... the totality

24  of the circumstances shall account for occasions when officers may be forced to make

25  quick judgments about using force").

26      Further, California Government Code section 815.2 "makes a public entity

27  vicariously liable for its employee's negligent acts or omissions within the scope of

28  employment." *Eastburn v. Reg'l Fire Prot. Auth*., 80 P.3d 656, 658 (Cal. 2003); *Hoff*

MANNING | KASS

18

*v. Vacaville Unified Sch. Dist*., 968 P.2d 522, 526 (Cal. 1998). However, "liability of the employer only attaches if and when it is adjudged that the employee was negligent," and, although "public entities always act through individuals, that does not convert a claim for direct negligence into one based on vicarious liability." *Munoz v. City of Union City*, 16 Cal. Rptr. 3d 521, 549–50 (Ct. App. 2004) (disapproved of on other grounds).

Since the undisputed evidence establishes that Plaintiff posed an imminent threat, the Officer Defendant's use of force was reasonable under the totality of the circumstances. As such, Plaintiff's negligence claim fails as a matter of law.

### 3. Plaintiff Fails To Establish a Viable Tom Bane Civil Rights Act Claim (Claim 7)

In order to establish a violation of *Civil Code* § 52.1, a plaintiff must show that the employee interfered or attempted to interfere with plaintiff's legal rights by the use of threats, intimidation or coercion. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). Most importantly, to show defendants violated § 52.1, plaintiff must show coercion independent from the coercion inherent in the violation of the constitutional right. *Shoyoye v. Cnty. of L.A.*, 203 Cal.App.4th 947, 959-960 (2012). For example, in a claim alleging excessive force, plaintiff must show a § 52.1 coercion *independent* from the coercion already inherent in the use of force. *Gant v. Cnty. of L.A.*, 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011) (when use of force is intrinsic to the alleged constitutional violation, it cannot also satisfy the additional "coercion" element of § 52.1) (overruled on other grounds). In a wrongful detention claim, "[t]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Gant v. Cnty. of L.A.*, 594 Fed.Appx. 335 (9th Cir. 2014), citing *Shoyoye*, 203 Cal.App.4th at 959.

Moreover, plaintiff must prove the officer had a *specific intent* to violate his right to be free from unreasonable seizure. *See Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1043-44 (9th Cir. 2018). Evidence simply showing the officer's conduct

amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Id.* at 1045. Rather, plaintiff must show the officers intended not only the force, but its unreasonableness, its character as more than necessary under the circumstances. *Id.*

Here, there is no evidence to establish that the Officer Defendants interfered with Plaintiff's legal rights by the use of threats, intimidation or coercion. Specifically, Plaintiff has failed to prove any coercion that is *independent* from that of which is inherent in his Fourth Amendment claim. Plaintiff has also not demonstrated any evidence that any of the Officer Defendants had the *specific intent* to violate Plaintiff's rights when they engaged in the conduct at issue. As such, Plaintiff cannot meet his burden and his § 52.1 claim must be dismissed against the Officer Defendants.

Additionally, since the Officer Defendants cannot be held liable for § 52.1 against Plaintiff, neither can the City of Hemet. *See Strong v. State*, 201 Cal. App. 4th 1439, 1448 (2011) (Pursuant to *Government Code* § 815.2, "[A] public entity's liability hinges on the liability of its employee").

/ / /
/ / /
/ / /
/ / /

20

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment

## V.    CONCLUSION

For the reasons discussed above, the City Defendants submit that Plaintiff has failed to carry his burden of setting forth admissible evidence demonstrating that he is entitled to relief on any of his claims and, therefore, the motion for summary judgment should be granted. *Fed.R.Civ.P.* 56.

DATED: February 12, 2026    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ Andrea K. Kornblau
Eugene P. Ramirez
Andrea K. Kornblau
Attorneys for Defendants City of Hemet,
Patrick Sobaszek, and Andrew Reynoso

## CERTIFICATION PURSUANT TO LOCAL RULE 11-6.2

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,751 words, which complies with the Court's word limit of L.R. 11-6.1.

DATED: February 12, 2026    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:    /s/ Andrea K. Kornblau
Eugene P. Ramirez
Andrea K. Kornblau
Attorneys for Defendants City of Hemet,
Patrick Sobaszek, and Andrew Reynoso

Defendants City of Hemet, Sobaszek, and Reynoso's Motion for Summary Judgment