**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[*Filed concurrently with* Plaintiff's Points and Authorities in Opposition to Summary Judgment; Separate Statement of Genuine Disputes and Additional Material Facts]<br><br>Hearing:    March 12, 2026<br>Time:       09:30 a.m.<br>Crtrm:      Courtroom 3<br>Trial Date: May 11, 2026<br>Complaint Filed: December 24, 2024<br>Removal: February 5, 2025 |

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff. I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. Attached hereto as "**Exhibit A**" is a true and correct copy of the relevant portions of the August 14, 2025, Deposition Transcript of Officer Andrew Reynoso ("**Exh. A, Reynoso Depo**").

3. Attached hereto as "**Exhibit B**" is a true and correct copy of the relevant portions of the July 23, 2025, Deposition Transcript of Officer Patrick Sobaszek ("**Exh. B, Sobaszek Depo**").

4. Attached hereto as "**Exhibit C**" is a true and correct copy of the relevant portions of the July 22, 2025, Deposition Transcript of Officer Sean Irick ("**Exh. C, Irick Depo**").

5. Attached hereto as "**Exhibit D**" is a true and correct copy of the relevant portions of the January 2, 2026, Deposition Transcript of Defendant State of California's Police Practices Expert, Clarence Chapman ("**Exh. D, Chapman Depo**").

6. Attached hereto as "**Exhibit E**" is a true and correct copy of the relevant portions of the January 2, 2026, Deposition Transcript of Defendant City of Hemet's Police Practices Expert, Kennieth Hubbs ("**Exh. E, Hubbs Depo**").

7. Attached hereto as "**Exhibit F**" is a true and correct copy of the relevant portions of the July 18, 2025, City of Hemet Responses to Plaintiff's Requests for Admission, Set 1 ("**Exh. F, City RFA Responses Set 1**").

8. Attached hereto as "**Exhibit G**" is a true and correct copy of the relevant portions of the November 14, 2025, City of Hemet Responses to Plaintiff's Requests for Admission, Set 2 ("**Exh. G, City RFA Responses Set 2**").

9. Attached hereto as "**Exhibit H**" is a true and correct copy of the Exterior Surveillance Video from Warehouse, depicting this incident, which was produced by Defendants during discovery COH 484 ("**Exh. H, Surveillance Video**").

10. Attached hereto as "**Exhibit I**" is a true and correct copy of the Body Worn Camera Video with Graphics of Defendant Andrew Reynoso, depicting the incident, which was produced to Defendants as an exhibit to the Rule 26 Report of Scott Holdaway – included in Plaintiff's Initial Expert Disclosures on December 4, 2025 ("**Exh. I, Reynoso Video with Graphics**").

11. Attached hereto as "**Exhibit J**" is a true and correct copy of relevant pages of the Frame-by-Frame depiction of Defendant Andrew Reynoso's Body Worn Camera Video with Graphics, depicting this incident, which was produced to Defendants as an exhibit to the Rule 26 Report of Scott Holdaway – included in Plaintiffs' Initial Expert Disclosures on December 4, 2025 ("**Exh. J, Reynoso Screenshots**").

12. Attached hereto as "**Exhibit K**" is a true and correct copy of the Body Worn Camera Video with Graphics of Defendant Parick Sobaszek, depicting the incident, which was produced to Defendants as an exhibit to the Rule 26 Report of Scott Holdaway, which is enlarged four times, stabilized and includes graphics – included in Plaintiff's Initial Expert Disclosures on December 4, 2025 ("**Exh. K, Sobaszek Video with Graphics**").

13. Attached hereto as "**Exhibit L**" is a true and correct copy of relevant pages of the Frame-by-Frame depiction of Defendant Parick Sobaszek s Body Worn Camera Video with Graphics, depicting this incident, which was produced to Defendants as an exhibit to the Rule 26 Report of Scott Holdaway, which is

enlarged four times, stabilized and includes graphics – included in Plaintiff's Initial Expert Disclosures on December 4, 2025 ("**Exh. L, Sobaszek Screenshots**").

14. *Drye et al. v. City of Hemet et al.*, Case No. 5:23-cv-02152 JGB (KKx), alleged use of excessive and unreasonable force; unconstitutional custom, practice, or policy; ratification; and failure to train, where Hemet Police Department Officers shot and killed a father of five young children, on his own property, while he was not suspected of committing a crime, and was not an immediate threat of death or serious bodily injury; while officers failed to give a warning and had less intrusive alternatives. The case was resolved with a seven-figure settlement. See Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(a).

15. *Acosta v. City of Hemet, et al.*, Case No. 5:19-cv-00779-CJC, alleged excessive and unreasonable force; unconstitutional custom, practice, or policy; ratification; and failure to train, where Reynoso shot a man in a slow-moving truck with no one in the path of the truck, then after the truck crashed another Hemet Police Department officer shot the unarmed man in the back while running away, without warning. The case was resolved following a seven-figure settlement. See Doc. 1-1, ¶57(b).

16. *Martin v. City of Hemet*, Case No. 5:18-cv-02377-JGB-KK, alleged that the plaintiff was stopped by officers in a parking lot while his wife was in her car nearby. When the plaintiff began to walk away from the officers and his wife, the officers commanded him to drop a small pocketknife he was holding, and the plaintiff put his hands above his head. With the plaintiff's hands raised and visible, two HPD officers fired seven to ten shots at him, killing him. The case was resolved following a six-figure settlement. See Doc. 1-1, ¶57(h).

17. *Helman v. City of Hemet and Patrick Sobaszek*, Case No.: 5:24-cv-02209-JGB-DTB, alleged excessive and unreasonable force; unconstitutional custom, practice, or policy; ratification; and failure to train, where in an unmarked vehicle and wearing plain clothes, Sobaszek and Irick approached the plaintiff, not

responding to a call for service or a serious or violent crime, then after a brief foot pursuit, on video, Sobaszek used excessive and unreasonable deadly force by shooting plaintiff in the back, without warning, while plaintiff was not an immediate threat of death or serious bodily injury to any person. This matter is currently being litigated.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of February 2026.

_____

_____
Marcel F. Sincich