# "EXHIBIT F"

Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Khouloud Pearson (State Bar No. 323108)
  *Khouloud.Pearson@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants CITY OF HEMET,
PATRICK SOBASZEK, and ANDREW REYNOSO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:25-cv-00331 KK(DTBx)<br><br>**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ** |

PROPOUNDING PARTY:  Plaintiff GEORGE GONZALEZ

RESPONDING PARTY:  Defendant CITY OF HEMET

SET NO.:  One

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Defendant CITY OF HEMET ("Responding Party") hereby submits these objections and responses to the First Set of Requests for Admission propounded by Plaintiff GEORGE GONZALEZ ("Propounding Party").

/ / /

4926-6605-3445.1

MANNING | KASS

1  information becomes available through the discovery process.

2  **REQUEST FOR ADMISSION NO. 15:**

3  When Defendant ANDREW REYNOSO pulled the trigger on his firearm

4  during the INCIDENT, he did so intentionally.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

6  OBJECTION: The Responding Party incorporates by reference here each of

7  the objections stated in the General Objections section, *supra*.

8  The request is vague and ambiguous as to the term "intentionally." It is

9  overbroad and unduly burdensome as it does not specify the context or criteria for

10  determining "intentionally."

11  This request is objected to as it calls for a legal conclusion regarding the

12  intent of Defendant ANDREW REYNOSO when he pulled the trigger on his

13  firearm during the INCIDENT. Rule 36 does not permit requests for pure legal

14  conclusions.

15  After a reasonable inquiry, Responding Party lacks sufficient information to

16  admit or deny the remaining portion of the Request as phrased. The Responding

17  Party reserves the right to amend or supplement this response as additional

18  information becomes available through the discovery process.

19  **REQUEST FOR ADMISSION NO. 16:**

20  Defendant PATRICK SOBASZEK was not disciplined as a result of his

21  conduct during the INCIDENT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

23  OBJECTION: The Responding Party incorporates by reference here each of

24  the objections stated in the General Objections section, *supra*.

25  The request is vague and ambiguous regarding the term "disciplined" or

26  "conduct." It is overbroad and unduly burdensome as it does not specify the context

27  or criteria for determining "disciplined" or type of "conduct." The request assumes

28  facts not in evidence, particularly that Defendant PATRICK SOBASZEK was not

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

MANNING | KASS

1  disciplined as a result of his conduct during the INCIDENT, which is disputed.

2     This request is objected to as it goes to the ultimate issue of fact, namely

3  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

4  actions. This is a central, disputed issue in the case and is not appropriately the

5  subject of a Request for Admission under Rule 36.

6     This request is objected to as it assumes facts not in evidence as to the cause

7  and extent of the use of force and officer conduct. This assumption lacks evidentiary

8  foundation at this stage of discovery.

9     After a reasonable inquiry, Responding Party lacks sufficient information to

10  admit or deny the Request as phrased. The Responding Party reserves the right to

11  amend or supplement this response as additional information becomes available

12  through the discovery process.

13  **REQUEST FOR ADMISSION NO. 17:**

14     Defendant ANDREW REYNOSO was not disciplined as a result of his

15  conduct during the INCIDENT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

17     OBJECTION: The Responding Party incorporates by reference here each of

18  the objections stated in the General Objections section, *supra*.

19     The request is vague and ambiguous regarding the term "disciplined" or

20  "conduct." It is overbroad and unduly burdensome as it does not specify the context

21  or criteria for determining "disciplined" or type of "conduct." The request assumes

22  facts not in evidence, specifically that Defendant ANDREW REYNOSO was not

23  disciplined as a result of his conduct during the INCIDENT, which is disputed.

24     This request is objected to as it goes to the ultimate issue of fact, namely

25  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

26  actions. This is a central, disputed issue in the case and is not appropriately the

27  subject of a Request for Admission under Rule 36.

28     This request is objected to as it assumes facts not in evidence as to the cause

4926-6605-3445.1

16

and extent of the use of force and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 18:**

Defendant PATRICK SOBASZEK was not required to repeat any prior training as a result of his conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "required to repeat any prior training." It is overbroad and unduly burdensome as it does not specify the context or criteria for determining "prior training" nor does it specify "prior training" as it pertains to the facts of this case.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

MANNING | KASS

MK

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

**REQUEST FOR ADMISSION NO. 19:**

Defendant ANDREW REYNOSO was not required to repeat any prior training as a result of his conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous regarding the term "required to repeat any prior training." It is overbroad and unduly burdensome as it does not specify the context or criteria for determining "prior training" that needed to be repeated nor does it specify "prior training" as it pertains to the facts of this case.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 20:**

Defendant PATRICK SOBASZEK was not required to undergo any additional training as a result of his conduct during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "required to undergo any

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1  additional training." It is overbroad and unduly burdensome as it does not specify

2  the context or criteria for determining "additional training" nor does it specify

3  "additional training" as it pertains to the facts of this case.

4       This request is objected to as it goes to the ultimate issue of fact, namely

5  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

6  actions. This is a central, disputed issue in the case and is not appropriately the

7  subject of a Request for Admission under Rule 36.

8       This request is objected to as it assumes facts not in evidence as to the cause

9  and extent of the use of force, training requirements, and officer conduct. This

10  assumption lacks evidentiary foundation at this stage of discovery.

11      After a reasonable inquiry, Responding Party lacks sufficient information to

12  admit or deny the Request as phrased. The Responding Party reserves the right to

13  amend or supplement this response as additional information becomes available

14  through the discovery process.

15  **REQUEST FOR ADMISSION NO. 21:**

16      Defendant ANDREW REYNOSO was not required to undergo any additional

17  training as a result of his conduct during the INCIDENT.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

19      OBJECTION: The Responding Party incorporates by reference here each of

20  the objections stated in the General Objections section, *supra*.

21      The request is vague and ambiguous as to the term "required to undergo any

22  additional training." It is overbroad and unduly burdensome as it does not specify

23  the context or criteria for determining "required to undergo any additional training"

24  nor does it specify "additional training" as it pertains to the facts of this case.

25      This request is objected to as it goes to the ultimate issue of fact, namely

26  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

27  actions. This is a central, disputed issue in the case and is not appropriately the

28  subject of a Request for Admission under Rule 36.

1  This request is objected to as it assumes facts not in evidence as to the cause

2  and extent of the use of force, training requirements, and officer conduct. This

3  assumption lacks evidentiary foundation at this stage of discovery.

4  After a reasonable inquiry, Responding Party lacks sufficient information to

5  admit or deny the Request as phrased. The Responding Party reserves the right to

6  amend or supplement this response as additional information becomes available

7  through the discovery process.

8  **REQUEST FOR ADMISSION NO. 22:**

9  The CITY concluded that the use of deadly force by Defendant PATRICK

10  SOBASZEK against MR. GONZALEZ did not violate any CITY policy.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12  OBJECTION: The Responding Party incorporates by reference here each of

13  the objections stated in the General Objections section, *supra*.

14  The request is vague and ambiguous as to the term "any CITY policy." It is

15  overbroad and unduly burdensome as it does not specify the context or criteria for

16  determining which CITY policy.

17  This request is objected to as it goes to the ultimate issue of fact, namely

18  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

19  actions. This is a central, disputed issue in the case and is not appropriately the

20  subject of a Request for Admission under Rule 36.

21  This request is objected to as it assumes facts not in evidence as to the cause

22  and extent of the use of force, internal investigations, training requirements, and

23  officer conduct. This assumption lacks evidentiary foundation at this stage of

24  discovery.

25  After a reasonable inquiry, Responding Party lacks sufficient information to

26  admit or deny the Request as phrased. The Responding Party reserves the right to

27  amend or supplement this response as additional information becomes available

28  through the discovery process.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

MANNING | KASS

**REQUEST FOR ADMISSION NO. 23:**

The CITY concluded that the use of deadly force by Defendant ANDREW REYNOSO against MR. GONZALEZ did not violate any CITY policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "any CITY policy." It is overbroad and unduly burdensome as it does not specify the context or criteria for determining which CITY policy.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, internal investigations, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 24:**

When Defendant PATRICK SOBASZEK used deadly force during the INCIDENT, MR. GONZALEZ was not an immediate threat of death or serious bodily injury to any person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

specify the context or criteria for determining "immediate threat of death or serious bodily injury." The request assumes facts not in evidence, specifically that MR. GONZALEZ was not an immediate threat of death or serious bodily injury to any person when Defendant ANDREW REYNOSO used deadly force, which is disputed.

This request is objected to as it goes to the ultimate issue of fact, namely the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 26:**

An individual(s) with final policymaking authority within the CITY / HPD approved of Defendant PATRICK SOBASZEK'S use of deadly force during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "approved" and "individual(s). It is overbroad and unduly burdensome as it does not specify the context or criteria for determining "approved" or specify an individual.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

MK MANNING | KASS

actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, internal investigations, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 27:**

An individual(s) with final policymaking authority within the CITY / HPD approved of Defendant ANDREW REYNOSO'S use of deadly force during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "approved" and "individual(s). It is overbroad and unduly burdensome as it does not specify the context or criteria for determining "approved" or specify an individual.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, internal investigations, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 28:**

In the last five (5) years, no OFFICER from the CITY / HPD has been terminated from his or her employment as a disciplinary response to that OFFICER'S use of deadly force.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

The request is vague and ambiguous as to the term "terminated" and "use of force." It is overbroad and unduly burdensome as it does not specify the context or criteria for determining "terminated" or "deadly use of force."

This request is objected to as it is overbroad and not case-specific, referencing the termination of OFFICERS from the CITY / HPD in the last five years without tying the inquiry to specific officers involved in the case or to the specific circumstances of the INCIDENT.

The Request pertains to facts and allegations of excessive use of force with no finding of constitutional violations, and requests information for conduct unrelated to Plaintiff's alleged use of force and constitutional violations. It is a blanket assertion as to all officers that is overly generalized and has no bearing on the specific allegations and facts of this case or the parties involved.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause

4926-6605-3445.1

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1  and extent of the use of force, internal investigations, training requirements, and

2  officer conduct. This assumption lacks evidentiary foundation at this stage of

3  discovery.

4      After a reasonable inquiry, Responding Party lacks sufficient information to

5  admit or deny the Request as phrased. The Responding Party reserves the right to

6  amend or supplement this response as additional information becomes available

7  through the discovery process.

8  **REQUEST FOR ADMISSION NO. 29:**

9      In the last ten (10) years, no OFFICER from the CITY / HPD has been

10  terminated from his or her employment as a disciplinary response to that

11  OFFICER'S use of deadly force.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

13      OBJECTION: The Responding Party incorporates by reference here each of

14  the objections stated in the General Objections section, *supra*.

15      The request is vague and ambiguous as to the term "terminated" and "use of

16  force." It is overbroad and unduly burdensome as it does not specify the context or

17  criteria for determining "terminated" or "deadly use of force."

18      This request is objected to as it is overbroad and not case-specific, referencing

19  the termination of OFFICERS from the CITY / HPD in the last ten years without

20  tying the inquiry to specific officers involved in the case or to the specific

21  circumstances of the INCIDENT.

22      The requests spans over ten years, pertain to facts and allegations of excessive

23  use of force with no finding of constitutional violations, and requests information

24  for conduct unrelated to Plaintiff's alleged use of force and constitutional violations.

25  It is a blanket assertion as to all officers that is overly generalized and has no

26  bearing on the specific allegations and facts of this case or the parties involved.

27      This request is objected to as it goes to the ultimate issue of fact, namely

28  liability of the CITY under *Monell* and the objective reasonableness of OFFICERS

4926-6605-3445.1

26

MANNING | KASS

1  actions. This is a central, disputed issue in the case and is not appropriately the

2  subject of a Request for Admission under Rule 36.

3       This request is objected to as it assumes facts not in evidence as to the cause

4  and extent of the use of force, internal investigations, training requirements, and

5  officer conduct. This assumption lacks evidentiary foundation at this stage of

6  discovery.

7       After a reasonable inquiry, Responding Party lacks sufficient information to

8  admit or deny the Request as phrased. The Responding Party reserves the right to

9  amend or supplement this response as additional information becomes available

10  through the discovery process.

11  **REQUEST FOR ADMISSION NO. 30:**

12  To YOUR knowledge and records, no OFFICER from the CITY / HPD has

13  ever been terminated from his or her employment as a disciplinary response to that

14  OFFICER'S use of deadly force.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

16       OBJECTION: The Responding Party incorporates by reference here each of

17  the objections stated in the General Objections section, *supra*.

18       The request is vague and ambiguous as to the term "terminated" and "use of

19  force." It is overbroad and unduly burdensome as it does not specify the context or

20  criteria for determining "ever been terminated" or "deadly use of force."

21       The information sought has no specified time period, pertain to facts and

22  allegations of excessive use of force with no finding of constitutional violations, and

23  requests information for conduct unrelated to Plaintiff's alleged use of force and

24  constitutional violations. It is a blanket assertion as to all officers that is overly

25  generalized and has no bearing on the specific allegations and facts of this case or

26  the parties involved.

27       This request is objected to as it is overbroad and not case-specific, referencing

28  the termination of OFFICERS from the CITY / HPD without tying the inquiry to

MANNING | KASS

MK

specific officers involved in the case or to the specific circumstances of the INCIDENT.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY under *Monell* and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it assumes facts not in evidence as to the cause and extent of the use of force, internal investigations, training requirements, and officer conduct. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 31:**

Defendant PATRICK SOBASZEK from the CITY / HPD was acting under the color of law during the INCIDENT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

This request is objected to as it goes to the ultimate issue of fact, namely whether Defendant PATRICK SOBASZEK was acting under the color of law during the INCIDENT. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

Responding Party admits.

**REQUEST FOR ADMISSION NO. 32:**

Defendant ANDREW REYNOSO from the CITY / HPD was acting under the color of law during the INCIDENT.

4926-6605-3445.1

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

MANNING | KASS

MK

1   the projectile of Defendant PATRICK SOBASZEK'S shots.

2       This request is objected to as it assumes facts not in evidence, specifically as

3   to whether PATRICK SOBASZEK took shots and the projectile of those shots. This

4   assumption lacks evidentiary foundation at this stage of discovery.

5       After a reasonable inquiry, Responding Party lacks sufficient information to

6   admit or deny the Request as phrased. The Responding Party reserves the right to

7   amend or supplement this response as additional information becomes available

8   through the discovery process.

9   **REQUEST FOR ADMISSION NO. 79:**

10      In the last ten (10) years, there have been several incidents in which a CITY

11  OFFICER used deadly force against a subject while there was no weapon in the

12  subject's hands.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 79:**

14      OBJECTION: The Responding Party incorporates by reference here each of

15  the objections stated in the General Objections section, *supra*.

16      This request is objected to as it goes to the ultimate issue of fact, namely

17  liability of the CITY, *Monell*, and the objective reasonableness of OFFICERS

18  actions. This is a central, disputed issue in the case and is not appropriately the

19  subject of a Request for Admission under Rule 36.

20      This request is objected to as it is overbroad and not case-specific, referencing

21  incidents involving CITY OFFICERS using deadly force in the last ten years

22  without tying the inquiry to specific officers involved in the case or to the specific

23  circumstances of the INCIDENT. The request improperly seeks admission of a

24  general factual proposition that is not specifically related to the claims or defenses in

25  this case. Furthermore, the request appears to be an abstract or academic statement

26  not tailored to the facts of this case as it makes a generalized statement about all

27  officers and physical force.

28      This request is vague and ambiguous, failing to specify the context or

MANNING | KASS

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1   circumstances under which CITY OFFICERS allegedly used deadly force against

2   unarmed subjects. This assumption lacks evidentiary foundation at this stage of

3   discovery.

4       After a reasonable inquiry, Responding Party lacks sufficient information to

5   admit or deny the Request as phrased. The Responding Party reserves the right to

6   amend or supplement this response as additional information becomes available

7   through the discovery process.

8   **REQUEST FOR ADMISSION NO. 80:**

9       In the last ten (10) years, there have been several incidents in which a CITY

10  OFFICER used deadly force against a subject while the subject was attempting to

11  flee.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 80:**

13      OBJECTION: The Responding Party incorporates by reference here each of

14  the objections stated in the General Objections section, *supra*.

15      This request is objected to as it goes to the ultimate issue of fact, namely

16  liability of the CITY, *Monell*, and the objective reasonableness of OFFICERS

17  actions. This is a central, disputed issue in the case and is not appropriately the

18  subject of a Request for Admission under Rule 36.

19      This request is objected to as it is overbroad and not case-specific, referencing

20  incidents involving CITY OFFICERS using deadly force in the last ten years

21  without tying the inquiry to specific officers involved in the case or to the specific

22  circumstances of the INCIDENT. The request improperly seeks admission of a

23  general factual proposition that is not specifically related to the claims or defenses in

24  this case. Furthermore, the request appears to be an abstract or academic statement

25  not tailored to the facts of this case as it makes a generalized statement about all

26  officers and physical force.

27      This request is vague and ambiguous, failing to specify the context or

28  circumstances under which CITY OFFICERS allegedly used deadly force against

MANNING | KASS

MK

unarmed subjects. This assumption lacks evidentiary foundation at this stage of discovery.

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 81:**

In the last ten (10) years, there have been several incidents in which a CITY OFFICER used deadly force against a subject while the subject was on the ground.

**RESPONSE TO REQUEST FOR ADMISSION NO. 81:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY, *Monell*, and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it is overbroad and not case-specific, referencing incidents involving CITY OFFICERS using deadly force in the last ten years without tying the inquiry to specific officers involved in the case or to the specific circumstances of the INCIDENT. The request improperly seeks admission of a general factual proposition that is not specifically related to the claims or defenses in this case. Furthermore, the request appears to be an abstract or academic statement not tailored to the facts of this case as it makes a generalized statement about all officers and physical force.

This request is vague and ambiguous, failing to specify the context or circumstances under which CITY OFFICERS allegedly used deadly force against unarmed subjects. This assumption lacks evidentiary foundation at this stage of discovery.

MANNING | KASS

4926-6605-3445.1

63

After a reasonable inquiry, Responding Party lacks sufficient information to admit or deny the Request as phrased. The Responding Party reserves the right to amend or supplement this response as additional information becomes available through the discovery process.

**REQUEST FOR ADMISSION NO. 82:**

In the last ten (10) years, there have been several incidents in which a CITY OFFICER used deadly force against a subject while despite having a gun in hand, the subject was not raising the gun in the direction of any officer or person at the time of the use of deadly force.

**RESPONSE TO REQUEST FOR ADMISSION NO. 82:**

OBJECTION: The Responding Party incorporates by reference here each of the objections stated in the General Objections section, *supra*.

This request is objected to as it goes to the ultimate issue of fact, namely liability of the CITY, *Monell*, and the objective reasonableness of OFFICERS actions. This is a central, disputed issue in the case and is not appropriately the subject of a Request for Admission under Rule 36.

This request is objected to as it is overbroad and not case-specific, referencing incidents involving CITY OFFICERS using deadly force in the last ten years without tying the inquiry to specific officers involved in the case or to the specific circumstances of the INCIDENT. The request improperly seeks admission of a general factual proposition that is not specifically related to the claims or defenses in this case. Furthermore, the request appears to be an abstract or academic statement not tailored to the facts of this case as it makes a generalized statement about all officers and physical force.

This request is vague and ambiguous, failing to specify the context or circumstances under which CITY OFFICERS allegedly used deadly force against unarmed subjects. This assumption lacks evidentiary foundation at this stage of discovery.

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1    After a reasonable inquiry, Responding Party lacks sufficient information to

2   admit or deny the Request as phrased. The Responding Party reserves the right to

3   amend or supplement this response as additional information becomes available

4   through the discovery process.

5

6   DATED:  July 17, 2025                **MANNING & KASS**

7                                        **ELLROD, RAMIREZ, TRESTER LLP**

8

9                                        By:  _Khouloud E. Pearson_

10                                            Eugene P. Ramirez

11                                           Andrea Kornblau

12                                           Khouloud Pearson

                                           Attorneys for Defendants CITY OF

13                                          HEMET,  PATRICK SOBASZEK, and

                                           ANDREW REYNOSO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

4

5

On July 18 2025, I served true copies of the following document(s) described as **RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ** on the interested parties in this action as follows:

6

7

**SEE ATTACHED SERVICE LIST**

8

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address Khouloud.Pearson@manningkass.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

9

10

11

12

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

14

Executed on July 18, 2025, at Los Angeles, California.

15

16

*Khouloud E. Pearson*

17

Khouloud Pearson

18

19

20

21

22

23

24

25

26

27

28

4926-6605-3445.1

1

**RESPONSES OF DEFENDANT CITY OF HEMET TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY PLAINTIFF GEORGE GONZALEZ**

1

**SERVICE LIST**
**George Gonzalez v. City of Hemet, et al.**
**Case No. 5:25-cv-00331-KK-DTB**
**Our File Number: 7893-70029**

2

3

Dale K. Galipo
Marcel F. Sincich
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
Email: dalekgalipo@yahoo.com
msincich@galipolaw.com

*Attorney for George Gonzalez*

Trenton C. Packer
GRECH PACKER & HANKS
7095 Indiana Avenue, Suite 200
Riverside, CA 92506
Tel: (951) 682-9311
Fax: (951) 682-4289
Email: tpacker@grechpackerlaw.com

*Attorney for George Gonzalez*

4

5

6

7

8

9

Rob Bonta
Attorney General of California
Norman D. Morrison
Supervising Deputy Attorney General
Ashley Reyes
Deputy Attorney General
Mario E. Garcia
Deputy Attorney General
California Attorney Generals Office
2550 Mariposa Mall, Room 5090
Fresno, CA 93721-2271
Telephone: (559) 705-2312
Fax: (559) 445-5106
E-mail: Ashley.Reyes@doj.ca.gov
Mario.Garcia@doj.ca.gov

*Attorneys for Defendants, State of California, acting by and through the California Highway Patrol and Officer Sean Irick*

Mario E. Garcia
Deputy Attorney General
California Department of Justice –
Office of the Attorney General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: (213) 269-6294
Fax: (916) 731-2120
Email: Mario.Garcia@doj.ca.gov

*Attorney for Defendants, State of California and Officer Sean Irick*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4926-6605-3445.1

2