**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GEORGE GONZALEZ,

Plaintiff,

vs.

STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,

Defendants.

Case No.: 5:25-CV-00331-KK-DTB

[*Honorable Kenly Kiya Kato*]
Magistrate Judge David T. Bristow

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

[*Filed concurrently with* Plaintiff's Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiff's Statement of Additional Facts; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Jeffrey J. Noble; Declaration of Scott Holdaway; Declaration of Dr. Ryan O'Connor]

Hearing: March 12, 2026
Time: 09:30 a.m.
Crtrm: 3

Trial Date: May 11, 2026
Complaint Filed: December 24, 2024
Case Removed: February 5, 2025

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

Pursuant to Local Rule 56-2, Plaintiff respectfully submits his Statement of Genuine Disputes.

DATED: February 19, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: */s/ Marcel F. Sincich*
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES**

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **1.** On January 24, 2024, the Region 3 Gang Task Force (GTF) received information regarding a suspect, identified as George Falcon Lara Gonzalez (DOB: 12/22/93), being at 40525 Whittier Avenue in violation of a restraining order. Gonzalez was believed to be armed with a firearm and standing in front of the home with Yvette Nieves, the protected party in a restraining order. Gonzalez was the restrained party in the court order and was not allowing her to leave.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 50:17-25), **Ex. 4** (Deposition Transcript of George Gonzalez, Volume 4, 50:17-25). | **Undisputed** for the purpose of this motion Reynoso received a "hit" (match to name) of a domestic violence restraining order where Yevette was the protected party and Gonzalez was the restrained party.<br><br>**Disputed** that "On January 24, 2024, the Region 3 Gang Task Force (GTF) received information regarding a suspect, identified as George Falcon Lara Gonzalez (DOB: 12/22/93), being at 40525 Whittier Avenue in violation of a restraining order. Gonzalez was believed to be armed with a firearm and standing in front of the home with Yvette Nieves" and that Gonzalez was not allowing Ms. Nieves to leave.<br><br>Defendants offer no support for these assertions in violation of Local Rule 56-1 requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record," and in violation of Local Rule 7-6 requiring factual contentions in any motion shall be presented upon evidence.<br><br>Def. Exh. 4 at 50:17-25 does not pertain to Ms. Neives. Def. Exh. 1 at 50:17-25 does not state that that Gonzalez was not allowing her to leave. Defendants contradict this assertion by the fact that Gonzalez was outside of the home near the car at the time. In fact, Ms. Nieves told the officers to leave and not to shoot Gonzalez. (See Def. Exh. 3 at 128:22-24; Def. Exh. 4 at 43:3-7.)<br><br>*Additional Evidence*: |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | Incident occurred on January 24, 2024. **Exh. A, Reynoso Depo** at 6:19-23. Women and children were in the house. **Exh. A, Reynoso Depo** at 28:1-11. Gonzalez was near the car in the front yard. **Exh. C, Irick Depo** at 26:1-6.<br><br>**<u>Objections</u>**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Testimony, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **2.** When officers arrived on the scene, Gonzalez barricaded himself in a black vehicle at the location. He was believed to be armed with a firearm and was not complying with officer commands. Two police vehicles were parked directly in front of the suspect's vehicle.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>**Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 25:2-27:18; 42:17-21), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 6** (Transcript of Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 8** (Transcript of Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | **Disputed**, that Gonzalez barricaded himself in the vehicle; lacks foundation and is speculation. For instance, Defendants do not know if the doors were locked. Otherwise, undisputed for the purposes of this motion.<br><br>**<u>Objections</u>**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 6, 7, 8, 9) |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **3.** Several commands and warnings were relayed to Gonzalez, including "come out with your hands up", "come out of the car", and "turn the car off". Gonzalez refused to comply and, instead, responded that "You're going to have to kill me."<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 52:7-14; 54:9-55:3). **Ex. 2** (Deposition Transcript of Corporal Patrick Sobaszek, 37:1-15; 54:9-55:3). | **Disputed** that officers gave several warnings. Defendants do not list any warnings in this paragraph.<br><br>**Disputed** that Gonzalez refused to comply as opposed to being afraid of the officers. (Def. Exh. 4, Gonzalez Depo at 41:14-18, 43:8-10.)<br><br>**Disputed** that Gonzalez ever said, "You're going to have to kill me." The only reference to this is from Reynoso and cannot be heard on video. **Exh. E, Hubbs Depo** at 41:6-17.<br><br>Otherwise, undisputed for the purpose of this motion.<br><br>**Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |
| **4.** Sergeant Andrew Reynoso shouted in the presence of Detective Patrick Sobaszek that Gonzalez had a dark object in his hand and he believed that Gonzalez was armed.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 25:2-27:18). | **Disputed**, defendants' evidence does not establish that Reynoso shouted in the presence of other defendants and there is no mention of this shout or dark object in the transcript of Reynoso's video that Defendants attached as Exhibit 6.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Misstates Testimony, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **5.** While officers were still giving verbal commands, including multiple K-9 announcements, Gonzalez was actively barricading himself inside of the vehicle by taking miscellaneous items from inside the vehicle and placing them on the dashboard of the vehicle in an attempt to cover the front the windshield from the inside.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 25:2-27:18; 42:17-21), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 6** (Transcript of Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 8** (Transcript of Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage). | **Disputed**, that Gonzalez barricaded himself inside the vehicle; the is no foundation for Defendants' assertion that Gonzalez barricaded himself in the car. For instance, Defendants do not know if the doors were locked.<br><br>**Disputed** as irrelevant and immaterial as to Gonzalez "actively barricading himself inside of the vehicle by taking miscellaneous items from inside the vehicle and placing them on the dashboard of the vehicle in an attempt to cover the front the windshield from the inside."<br><br>**Undisputed** that Officers had less-intrusive means of taking Gonzalez into custody including a K9.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 6, 7, 8, 9) |
| **6.** Gonzalez was reaching all around the inside of the vehicle and into his waistband multiple times, while moving back and forth from the front seats to the back seats of the vehicle. Gonzalez placed a set of golf clubs in a pink golf bag out the front passenger side window, to block any entry into the vehicle. Gonzalez also placed a sunshade and multiple articles of | **Disputed** as irrelevant and immaterial.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| clothing over the windshield as well, concealing his movement in the vehicle.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 25:2-27:18; 42:17-21), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 6** (Transcript of Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 8** (Transcript of Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 6, 7, 8, 9) |
| **7.** Officers deployed the shield to provide cover from potential gunfire and were standing by with 40mm loaded with rubber rounds as well as a pepper-ball gun. Officers were positioned at either side of the two police vehicles which were parked in front of the suspect vehicle; one of the police vehicles was bumper to bumper contacting the suspect vehicle in an attempt to prevent Gonzalez from driving away.<br><br>Defendants/Moving Party's Evidence: **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | **Undisputed** that officers had reasonable alternatives available to them during the incident including shields, the 40-mm launcher and a pepper-ball gun.<br><br>**Undisputed** that officers had cover and were not in the path of the subject can but to the side of their own vehicles.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7, 9) |
| **8.** Gonzalez's erratic behavior quickly escalated and he started his vehicle and attempted to drive out of the | **Undisputed** that officers recognized and should have taken into consideration that the subject was emotionally |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| driveway despite numerous officers standing in his path. Gonzalez reversed the vehicle and drove diagonally across the lawn, around the police vehicles, and fled eastbound on Whittier Avenue, hitting some trashcans on his way onto the street. Officers immediately followed Gonzalez in their police vehicles with activated emergency red and blue lights including solid red, forward-facing light) and sirens; however, Gonzalez failed to yield and a pursuit was initiated.<br><br>Defendants/Moving Party's Evidence: **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | disturbed. (See Ninth Cir. Model Jury Instruction 9.25, factor 13)<br><br>**Undisputed** that Gonzalez did not hit any vehicles as he was leaving the area. **Exh. C, Irick Depo** at 28:12-21.<br><br>**Disputed** that Gonzalez quickly escalated the situation.<br><br>**Disputed** that numerous officers were standing in the path of the vehicle. Offices are trained not to stand in the path of a vehicle; no officer was hit by the vehicle here and there is no information that any officer had to jump out of the way, therefore by reasonable inference they were not in the path of the vehicle. According to Plaintiff, the officers gave him space and allowed him to pull out and leave. (Def. Exhibit 3, Gonzalez Depo at 120:7-9.)<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7, 9) |
| **9.** During the vehicle pursuit, Gonzalez made several dangerous and illegal driving speeds of over 100 miles per hour, driving on the wrong side of the road, recklessly driving through a business parking lot, and failing to stop at posted stop signs and red lights. | **Disputed** as to the argument of "dangerous" and "reckless" and immaterial.<br><br>During the vehicle pursuit, there were no vehicle collisions or crashes. **Exh. C, Irick Depo** at 30:18-25. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Eventually, the pursuit reached Beaumont Avenue and First Street, where traffic and Beaumont Police vehicles were blocking most of the intersection.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>**Ex. 4** (Deposition Transcript of George Gonzalez, Volume 2, 172:23-173:1), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | During the pursuit, Officers did not see Gonzalez with a firearm. **Exh. C, Irick Depo** at 31:14-17.<br>Gonzalez did not try to shoot anyone during the pursuit. **Exh. C, Irick Depo** at 31:18-20.<br><br>**<u>Additional Objections</u>**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7, 9)<br>**Violation of Local Rule 7-6** requiring factual contentions in any motion shall be presented upon evidence. |
| **10.** Additionally, RSO's Star 9 police helicopter joined the pursuit. The vehicle pursuit lasted 18 minutes (from 1945 hours until 2003 hours), covering a distance of approximately 21.3 miles from the city streets of Hemet, then San Jacinto, and ultimately Beaumont. At that point, Gonzalez drove his vehicle westbound over the center concrete median and into a small shopping center. Gonzalez attempted to drive his vehicle eastbound next to the train tracks but his vehicle got stuck on the tracks at approximately 2003 hours.<br><br><u>Defendants' Evidence</u>:<br>**Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), | **Undisputed** that officers had an air unit available and following Plaintiff.<br><br>**Disputed** to the extent that Defendants do not provide support for these contentions.<br><br>**<u>Additional Objections</u>**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7, 9) |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | **Violation of Local Rule 7-6** requiring factual contentions in any motion shall be presented upon evidence. |
| **11.** Gonzalez exited his vehicle and fled on foot eastbound on the north side of Perricone Juices warehouse.<br><br>Defendants' Evidence:<br>**Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek), **Ex. 9** (Drone video footage) | **Undisputed** for the purposes of this motion.<br><br>**Additional Objections**:<br>**Rule 403/611**: Compound.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7, 9) |
| **12.** Officers gave chase on foot as Gonzalez fled eastbound along the north side of the building, then southbound along the east side of the building, and finally westbound along the south side of the building. Officers gave numerous verbal warnings during the entirety of the foot pursuit.<br><br>Defendants' Evidence:<br>**Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 21:11-17), **Ex. 2** (Deposition Transcript of Corporal Patrick Sobaszek, 32:18-23; 34:2-4; 73:14-16), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek) | **Undisputed** that officers had the opportunity and it was feasible to give a verbal warning that deadly force would be used if Gonzalez did not stop and/or drop the gun.<br><br>**Undisputed** that Gonzalez remained outside of the building and did not attempt to enter the building during the foot pursuit.<br><br>**Disputed** that officers gave a verbal warning that deadly force would be used if Gonzalez did not stop and/or drop the gun. (See Plaintiff's Additional Facts ("AF") Nos. 39-41, *filed concurrently*.)<br><br>**Additional Objections**:<br>**Rule 403**: Argumentative, Misstates Evidence, Misleading.<br>**Rule 403/611**: Compound.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7) |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **13.** Gonzalez looked back over his left shoulder at the officers numerous times as he was running through the warehouse.<br><br><u>Defendants' Evidence</u>:<br>**Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 43:3-15), **Ex. 2** (Deposition Transcript of Corporal Patrick Sobaszek, 34:9-25; 34:2-4), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek) | **Disputed** that Gonzalez ever ran "through the warehouse" as phrased. Gonzalez never entered or attempted to enter any door to any building. **Exh. C, Irick Depo** at 67:19-22.<br><br>**Disputed** as phrased and as irrelevant and immaterial. Reynoso stated that he looked over his left shoulder "[a]t least twice, possibly more, but I would be guessing if I gave you a number more than two, sir." **Exh. A, Reynoso Depo** at 43:12-15.<br><br>**Disputed** as Defendants fail to provide pinpoint citations for their exhibits. Local Rule 56-1; *see, e.g.*, *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).)<br><br>**Undisputed** that looking over the left shoulder does not justify the use of deadly force by reasonable inference if he did "numerous times" and officers did not use deadly force.<br><br>**<u>Additional Objections</u>**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Confuses the Issues, Misleading.<br>**Rule 403/602**: Compound. |
| **14.** Gonzalez suddenly removed a handgun from his waistband with his right hand, yelled to officers to "back up, stop, I've got something", raised the gun in the air, looked over his left shoulder and began orienting himself in the direction of the officers. | **Disputed** that Gonzalez yelled to officers to "back up, stop, I've got something." Defendants submit as exhibits videos and transcripts of the Officers' BWC videos, all of which do not give indication that Gonzalez yelled these statements at Officers. (See Def. Exhibits 5, 6, 7 and 8.) |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Defendants/Moving Party's Evidence: **Ex. 2** (Deposition Transcript of Corporal Patrick Sobaszek, 50:1-51:8; 54:9-55:6; 66:24-68:23; 84:9-13), **Ex. 7** (Corporal Patrick Sobaszek Body Worn Camera Video Footage 27:44-28:50), **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 8:18-9:6) | **Disputed** that Gonzalez began orienting himself in the direction of the officers. Gonzalez never began orienting himself in the direction of the officers. (See AF Nos. 59-60.)<br><br>**Undisputed** that it is impossible for a person to look over their left shoulder at people behind them and point a gun from his right.<br><br>**Additional Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Evidence, Misleading.<br>**Rule 403/602/611**: Compound, Lacks Foundation. |
| **15.** At approximately the same time, Reynoso heard what he believed to be a gunshot coming from Gonzalez's gun.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 8:21-9:6; 11:5-12; 10:9-22) | **Disputed** that Reynoso heard a gunshot coming from Gonzalez's gun.<br><br>Sobaszek fired the first shot. **Exh. B, Sobaszek Depo** at 30:10-12; **Exh. C, Irick Depo** at 55:19-24. Gonzalez never fired the gun. (See AF Nos. 57.) Gonzalez was not able to fire a round at Officers. **Exh. C, Irick Depo** at 64:8-11. Defendants' erroneous contention is factually impossible and unreasonable.<br><br>**Disputed** that there was any gunshot at the time that Gonzalez briefly looked over his left shoulder. **Exh. R, Sobaszek Screenshots** at 23-68.<br><br>**Additional Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Speculation, Lacks Foundation. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
| --- | --- |
| **16.** As a result, officers began to discharge their firearms.<br><br>Defendants/Moving Party's Evidence: **Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 11:5-12), **Ex. 2** (Deposition Transcript of Corporal Patrick Sobaszek, 28:20-29:8) | **Undisputed** that the officers began to discharge their firearms.<br><br>**Disputed** as to why Sobaszek discharged his firearm. Sobaszek does not claim that Gonzalez fired at him, nor did he testify that he began to fire as a result of Gonzalez firing a gunshot. Sobaszek testified that he used deadly force because Gonzalez turned his body towards officers with a firearm in his hand. (Def. Exhibit 2 at 29:5-8.) Thus, there is no support for this contention for Sobaszek. (See AF 64-100.)<br><br>**Disputed** as to why Reynoso discharged his firearm. As cited by Defendants, Reynoso discharged his first round because (i) Gonzalez had a firearm, (ii) turned to his left looking back at officers, (iii) was transitioning the firearm towards officers, and (iv) heard a gunshot. These are all incorrect or false claims at the time of Reynoso's first shot. (i) Gonzalez had already dropped the firearm at the time of Reynoso's first shot; (ii) Gonzalez was not looking back at officers and had not looked back at officers in the approximately 3 seconds prior to Reynoso's first shot; (iii) Gonzalez was not transitioning the firearm towards officers and never transitioned the firearm towards officers; and (iv) Gozalez never fired a shot, instead Reynoso heard Sobaszek and Irick shooting at Gonzalez and fired merely because the other officers were firing—i.e., contagious fire. (See AF Nos, 59, 60, 76, 81-83, 151); **Exh. R, Sobaszek** |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Screenshots** at 91-104, 106-111, 148; **Exh. P, Reynoso Screenshots** at 1-46.)<br><br>**Additional Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Testimony, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Overbroad. |
| **17.** Over the ensuing four seconds, Officers collectively discharged their weapons (Sergeant Andrew Reynoso discharged his weapon six times and Corporal Patrick Sobaszek discharged his firearm ten times) at center mass, until Gonzalez was no longer perceived to be an imminent threat to officers and warehouse workers.<br><br>Defendants/Moving Party's Evidence:<br>**Ex. 1** (Deposition Transcript of Sergeant Andrew Reynoso, 7:5-7; 14:7-12; 15:6-21), **Ex. 2** (Transcript of Corporal Patrick Sobaszek, 27:14-16; 27:24-28:2; 28:20-29:8; 30:2-6; 60:21-24; 69:19-24), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek, 28:47-28:50) | **Undisputed** that the use of deadly force by the Officers lasted for approximately four seconds.<br><br>**Undisputed** that Reynoso fired six times and Sobaszek fired ten times, collectively sixteen shots.<br><br>**Undisputed** that the Officers were aiming center mass at Gonzalez's back.<br><br>**Undisputed** that the Officers were capable of perceiving the facts and circumstances while they assessed the situation between ever shot.<br><br>**Disputed** that Gonzalez was ever an imminent threat of death or serious bodily injury to Officers or warehouse workers. (See AF Nos. 47-118, 146-152.)<br><br>**Disputed** that the standard for using deadly force is based on the mere imminent threat as opposed to the immediate threat of death or serious bodily injury. (See AF Nos. 110-113.)<br><br>**Additional Objections**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Fact, Misstates the Law, Confuses the Issues, Misleading. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
| --- | --- |
| | **Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5) |
| **18.** Gonzalez was struck three times but he does not know which of the officers' bullets struck him.<br><br><u>Defendants/Moving Party's Evidence</u>: **Ex. 3** (Deposition Transcript of George Gonzalez), **Ex. 10** (Audio interview of George Gonzalez) | **Disputed** as phrased. It is not Gonzalez's burden to prove which officer shot him in the back, while he was not looking at the officers, both firing within seconds of each other, both firing 9mm Glock 17 firearms. (See AF No. 63.)<br><br>**Undisputed** that Gonzalez was struck by three rounds fired by Defendant Officers, all from behind him, including once to his back while standing and causing him to fall, one to the thigh while he was on the ground, and one to the foot while he was on the ground. (See AF No. 153-155.)<br><br>**<u>Additional Objections</u>**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Law, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 3, 10) |
| **19.** The bullet trajectories are consistent with Plaintiff being shot while upright.<br><br><u>Defendants/Moving Party's Evidence</u>: **Ex. 11** (Expert Report of Dr. Swathi Kode, Page 11), **Ex. 4** (Deposition | **Disputed**. Gonzalez was shot in the back and while on the ground. (See PAMF Nos. 70-109, 153-155.)<br><br>Gonzalez was first shot in the back standing, then fell to the ground within nothing in his hand and while laying |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| Transcript of George Gonzalez, Vol. 4, 29:4-19) | down defenseless with nothing in his hand, he was shot in the foot and in the thigh. When Gonzalez went to the ground, he was on his right side for a time. (Def. Exhibit 4, Gonzalez Depo at 58:1-11.) The shot to the thigh while lying on the ground with an upward trajectory as the bullet was found in Gonzalez's stomach. (Def. Exhibit 4, Gonzalez Depo at 63:15-20, 66:20-24, 70:18-21.) Exh. H, Surveillance Video at 12:50-55; Exh. K, Sobaszek Video with Graphics at 00:00-00:12; Exh. L, Sobaszek Screenshots at 119-147.<br><br>**<u>Additional Objections</u>**:<br>**Rule 403**: Argumentative, Unduly Prejudicial, Misstates Facts, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Overbroad, Speculation, Lacks Foundation. |
| **20.** Body worn camera footage shows that Officers stopped firing at Plaintiff after he fell and dropped the firearm.<br><br><u>Defendants/Moving Party's Evidence</u>:<br>**Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek) | **Undisputed** that Officers stopped firing after Gonzalez was already unarmed on the ground because Officers were firing at Gonzalez while he was unarmed on the ground.<br><br>**Undisputed** that it would be objectively unreasonable to use deadly force against Gonzalez while he was unarmed and on the ground. (See AF Nos 75, 88, 149.)<br><br>**Disputed** to the extent that Defendants intend to infer that Officers did not fire at Plaintiff after he fell and dropped the firearm. (See AF Nos. 70-109.)<br><br>**<u>Additional Objections</u>**:<br>**Rule 403/602/611**: Compound, Vague and Ambiguous as Phrased. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| | **Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7) |
| **21.** A firearm was located at plaintiff's right foot. The firearm was a black semiautomatic gun without a serial number and that was not registered to Gonzalez.<br><br>Defendants/Moving Party's Evidence: **Ex. 2** (Transcript of Corporal Patrick Sobaszek, 64:22-24), **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek) | **Disputed**, as information unknown that the firearm was a semiautomatic, without a serious number, and was not registered to Gonzalez. This hindsight information cannot be used to justify Defendants use of excessive and unreasonable deadly force. Additionally, Defendants do not include any support for this contention. As cited by Defendants, Sobaszek did not testify to this contention and the videos do not show whether the firearm was semiautomatic, was without a serious number or was not registered to Gonzalez.<br><br>**Undisputed** that the firearm was located about 1-2 feet behind and to the right of Plaintiff's right foot, out of reaching distance, and because he dropped the firearm prior to falling forward to the ground.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation.<br><br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7) |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **22.** Medical services were immediately summoned and administered on scene.<br><br>Defendants/Moving Party's Evidence: **Ex. 5** (Body Worn Camera video footage of Sergeant Andrew Reynoso), **Ex. 7** (Body Worn Camera video footage of Corporal Patrick Sobaszek) | **Undisputed** for the purpose of this motion as this is not a material fact, irrelevant, and does not support any claim or defense.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Violation of Local Rule 56-1** requiring "Each such fact … must be supported by pinpoint citations … to evidence in the record." (re. Def Ex. 5, 7) |
| **23.** Gonzalez was interviewed by Riverside Sheriff's Department investigators at the hospital on January 28, 2024.<br><br>Defendants/Moving Party's Evidence: **Ex. 10** (Audio interview of George Gonzalez) | **Undisputed** for the purpose of this motion that Gonzalez was interrogated while at the hospital where he was treated for being shot three times by officers. Undisputed that everything said in the hospital after four days after the shooting was information unknown to the Officers and cannot be considered to justify the Officers' use of excessive and unreasonable force against Gonzalez.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance, Information Unknown.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading. |
| **24.** On January 28, 2024, Gonzalez told investigators that although he is not legally allowed to possess a firearm, he keeps one anyway for his protection.<br><br>Defendants/Moving Party's Evidence: **Ex. 10** (Audio interview of George Gonzalez, 7:00-7:30) | **Disputed** as information unknown and cannot be considered to justify the Officers' use of excessive and unreasonable force against Gonzalez.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |

| Defendants' Undisputed Facts | Plaintiff's Genuine Disputes |
|---|---|
| **25.** Gonzalez also told investigators that he is crazy, insane, does dumb things, and was on drugs at the time of the incident.<br><br>Defendants/Moving Party's Evidence:<br>**Ex. 10** (Audio interview of George Gonzalez, 24:54-26:00). | **Disputed** as information unknown and cannot be considered to justify the Officers' use of excessive and unreasonable force against Gonzalez.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **26.** Gonzalez also asked Investigator Alfaro to "tell the gang task force that I'm sorry for doing what I did."<br><br>Defendants/Moving Party's Evidence:<br>**Ex. 10** (Audio interview of George Gonzalez, 32:00-32:30). | **Disputed** as information unknown and cannot be considered to justify the Officers' use of excessive and unreasonable force against Gonzalez.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |
| **27.** As a result of this incident, Gonzalez pled guilty to felony charges, including evading/running from police and possession of a firearm. As a result of pleading guilty to these charges, Gonzalez was sentenced to three years and eight months in custody.<br><br>Defendants/Moving Party's Evidence:<br>**Ex. 3** (Deposition Transcript of George Gonzalez, 77:23-78:2) | **Disputed** as information unknown and cannot be considered to justify the Officers' use of excessive and unreasonable force against Gonzalez.<br><br>**Additional Objections**:<br>**Rule 401/402**: Relevance.<br>**Rule 403**: Unduly Prejudicial, Confuses the Issues, Misleading.<br>**Rule 403/602/611**: Compound, Speculation, Lacks Foundation. |