**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax:    (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>              Plaintiff,<br><br>    vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No.: 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S ADDITIONAL MATERIAL FACTS**<br><br>[*Filed concurrently with* Plaintiff's Opposition to Defendants' Motion for Summary Judgment; Memorandum of Points and Authorities in support thereof; Plaintiff's Statement of Genuine Disputes and Objections; Declaration of Marcel F. Sincich and exhibits thereto; Declaration of Jeffrey J. Noble; Declaration of Scott Holdaway; Declaration of Dr. Ryan O'Connor]<br><br>Hearing:    March 12, 2026<br>Time:      09:30 a.m.<br>Crtrm:    3<br><br>Trial Date: May 11, 2026<br>FPTC: April 23, 2026<br>Complaint Filed: December 24, 2024<br>Removed: February 5, 2025 |

## <u>PLAINTIFF'S ADDITIONAL MATERIAL FACTS</u>

Pursuant to Local Rule 56-2, Plaintiff respectfully submits his Statement of Additional Material Facts.

Respectfully Submitted,
DATED:  February 19, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:  _____/s/____Marcel F. Sincich_____
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

## PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **Gonzalez Was Not a Threat During the Foot Pursuit** ||
| **28.** Officers understand that subjects with something in their waistband will run holding the object in place so that it does not fall. | **Exh. C, Irick Depo** at 33:16-34:1. |
| **29.** Officers are also aware that subjects that do not want to get caught with a gun in their possession, so they run and try to discard the gun. | **Exh. B, Sobaszek Depo** at 15:6-16:6. **Exh. C, Irick Depo** at 66:24-67:9. **Exh. E, Hubbs Depo** at 26:14-27:14. |
| **30.** Gonzalez exited the car and ran. | **Exh. A, Reynoso Depo** at 9:21, 10:2. **Exh. B, Sobaszek Depo** at 39:16-21. **Exh. C, Irick Depo** at 34:8-13. |
| **31.** Gonzalez did not attempt to shoot anyone, did not have a gun in hand, and was not an imminent deadly threat. | **Exh. A, Reynoso Depo** at 32:5-23. **Exh. C, Irick Depo** at 34:2-7. |
| **32.** Sobaszek admits that it would be inappropriate to use deadly force when Gozalez exited the vehicle. | **Exh. B, Sobaszek Depo** at 35:13-17, 39:11 15. **Exh. D, Chapman Depo** at 21:21-22:4. |
| **33.** The foot pursuit lasted about one minute and 20 seconds through an industrial facility. | **Exh. C, Irick Depo** at 36:18-24, 77:18-22. |
| **34.** Officers pursued with guns drawn. | **Exh. C, Irick Depo** at 35:1-3. |
| **35.** Officers were closing the distance on Gonzalez. | **Exh. C, Irick Depo** at 37:11. |
| **36.** The officer-involved shooting occurred after a pathway that was next to the truck ramp. | **Exh. C, Irick Depo** at 40:9-41:3. |
| **37.** Prior to exiting the pathway, Gonzalez never pointed a gun at Officers, did not attempt to shoot anyone, and Officers did not see a gun. | **Exh. B, Sobaszek Depo** at 45:10-13, 45:18-21, 49:15-24. **Exh. C, Irick Depo** at 38:8-39:13, 40:9-41:3. |
| **38.** Officers admit it would be inappropriate to use deadly force against Gonzalez up to the end of the pathway | **Exh. A, Reynoso Depo** at 43:25-44:11; **Exh. B, Sobaszek Depo** at 41:18-42:1, 42:14-19, 43:17-22. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| about 7 seconds prior to their use of deadly force. | **Exh. I, Reynoso Video with Graphics** at 00:00-00:12. |
| | **Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. |
| | **Exh. H, Surveillance Video** at 12:40-12:58. |
| | **Exh. D, Chapman Depo** at 22:13-19. |
| **No Warning Was Given** ||
| **39.** Reynoso did not give any commands or warnings during the foot pursuit prior to using deadly force. | **Exh. A, Reynoso Depo** at 21:8-13, 67:1-2. |
| **40.** Irick did not give a verbal warning prior to using deadly force. | **Exh. C, Irick Depo** at 12:17-19. |
| **41.** Officers had the opportunity to give a deadly force warning as he gave several commands but never warned Gonzalez that if he did not stop or if he did not drop the gun he would be shot by officers. | **Exh. B, Sobaszek Depo** at 65:8-10. |
| | **Exh. I, Reynoso Video with Graphics** at 00:00-00:12. |
| | **Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. |
| **Officers Had Reasonable Alternatives** ||
| **42.** Law enforcement officers should "use the lowest level of force possible." | **Exh. A, Reynoso Depo** at 55:8-10. |
| | **Exh. E, Hubbs Depo** at 20:5-15 (HPD police to use alternative tactics, de-escalation, stating officers should consider actions that ma increase officer safety and decrease the need for using force.) |
| **43.** There were eight officers in pursuit with less-intrusive means of taking Gonzalez into custody including de-escalation, the 40-mm launcher, Tasers, an air unit, and a K9. | **Exh. A, Reynoso Depo** at 56:2-11. |
| | **Exh. B, Sobaszek Depo** at 72:19-73:5. |
| | **Exh. C, Irick Depo** at 61:18-24. |
| | **Exh. H, Surveillance Video** at 02:31-02:57. |
| **44.** The Officers were in good physical condition, each with 11 years of law enforcement experience. | **Exh. A, Reynoso Depo** at 5:14-16, 35:5-7. |
| | **Exh. B, Sobaszek Depo** at 10:12-14, 13:20-14:11. |
| **At the Time of the Force, Gonzalez was Surrendering** ||

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **45.** Initially, Gonzalez was trying to get away from the Officers. | **Exh. A, Reynoso Depo** at 9:21, 10:2. |
| **46.** However, prior to the Officers' use of deadly force, Gonzalez was slowing down so that he could surrender. | **Def Exh. 2, Gonzalez Depo** at 6:3-4, 124:1-7, 153:20-25, 154:12-23.<br>**Def Exh. 3, Gonzalez Depo** at 15:9-12, 15:20-23, 30:3-13.<br>**Exh. B, Sobaszek Depo** at 54:9-18, 69:1-10.<br>**Exh. C, Irick Depo** at 45:21-46:5, 70:10-13.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **No Bystander was Threatened** | |
| **47.** Gonzalez never attempted to attack any bystander, never attempted to harm any bystander, never attempted to take a hostage, and never attempted to point a gun at any bystander. | **Exh. B, Sobaszek Depo** at 70:12-14.<br>**Exh. C, Irick Depo** at 57:15-20, 67:23-24, 67:25-68:3.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **48.** Gonzalez never attempted to enter any door to any building. | **Exh. C, Irick Depo** at 67:19-22.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **49.** In the area of the officer-involved shooting, there were no bystanders around or in the direction Gonzalez was moving. | **Exh. A, Reynoso Depo** at 22:6-10.<br>**Exh. B, Sobaszek Depo** at 69:17-19, 70:3-11, 70:15-18.<br>**Exh. C, Irick Depo** at 57:21-58:6, 63:14-16.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **Gonzalez was Not an Immediate Threat of Death or Serious Bodily Injury** | |
| **50.** Officers did not have any information that Gonzalez had physically injured anyone, including the domestic violence restraining order allegation, and were not responding to a violent crime. | **Exh. A, Reynoso Depo** at 50:14-51:8, 51:16-20.<br>**Exh. B, Sobaszek Depo** at 47:13-48:4.<br>**Exh. C, Irick Depo** at 27:1-4, 32:25-33:7.<br>**Exh. D, Chapman Depo** at 21:2-8. |

PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **51.** Officers did not have any information that Gonzelez had ever verbally threatened anyone. | **Exh. A, Reynoso Depo** at 52:15-19.<br>**Exh. C, Irick Depo** at 22:11-17, 27:5-8, 33:8-11. [Irick as partners with Sobaszek and running next to him at the time.] |
| **52.** Reynoso did not know what Gonzalez was previously convicted of, had never seen Gonzalez before and had no knowledge about Gonzalez before the incident. | **Exh. A, Reynoso Depo** at 7:2-4, 50:9-13, 51:13-15. |
| **53.** Officers reviewed the videos in slow motion. | **Exh. B, Sobaszek Depo** at 30:22-24, 31:14-15.<br>**Exh. C, Irick Depo** at 49:23-25. |
| **54.** Defense counsel used a screenshot with Sobaszek during his deposition and Defendants submitted screenshots of the incident in their expert reports. | **Exh. B, Sobaszek Depo** at 82:15-23.<br>**Exh. E, Hubbs Depo** at 30:15-16, 34:25-35:6.<br>**Def Exh. 11, Kobe Report** at 4-6.<br>**Def Exh. 12, Englert Report** at 36-40. |
| **55.** For reference, Irick was on the left and Sobaszek was on the right in front with Reynoso following in pursuit. | **Exh. A, Reynoso Depo** at 69:3-6.<br>**Exh. B, Sobaszek Depo** at 52:23-53:5.<br>**Exh. C, Irick Depo** at 43:9-13.<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. |
| **56.** Gonzalez never pointed the gun at Officers, never attempted to point the gun, and never made a furtive or threatening gesture with the gun towards anyone. | **Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. L, Sobaszek Screenshots** at 1-104.<br>**Exh. H, Surveillance Video** at 12:40-12:58.<br>**Exh. D, Chapman Depo** at 30:17-20.<br>**Exh. E, Hubbs Depo** at 42:2-6.<br>**Noble Decl** ¶10. |

PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **57.** Gonzalez never fired the gun at Officers. | **Exh. C, Irick Depo** at 64:8-11 (was not able to fire a round at Officers)<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br><br>**Exh. L, Sobaszek Screenshots** at 1-104.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **58.** Gonzalez never verbally threatened Officers. | **Exh. D, Chapman Depo** at 68:15-18. |
| **59.** Gonzalez never turned towards officers with his upper body facing officers and was not orienting himself in the direction of Officers. | **Exh. C, Irick Depo** at 56:13-16.<br><br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br><br>**Exh. J, Reynoso Screenshots** at 1-84.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br><br>**Exh. L, Sobaszek Screenshots** at 1-148.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **60.** During all the shots fired at Gonzalez, he was not looking at Officers, was not turned towards Officers, and was not turning towards Officers. | **Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br><br>**Exh. J, Reynoso Screenshots** at 1-84.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br><br>**Exh. L, Sobaszek Screenshots** at 1-148.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58.<br><br>**Noble Decl** ¶10. |
| **61.** Gonzalez was moving forward, away from the officers, when Officers started to shooting at Gonzalez's back. | **Exh. A, Reynoso Depo** at 9:7-21, 10:5-8, 15:22-16:1, 76:23-77:4.<br><br>**Exh. C, Irick Depo** at 52:5-8.<br><br>**Exh. E, Hubbs Depo** at 43:7-16, 50:13-21. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | **Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. |
| | **Exh. J, Reynoso Screenshots** at 1-84. |
| | **Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. |
| | **Exh. L, Sobaszek Screenshots** at 1-148. |
| | **Exh. H, Surveillance Video** at 12:40-12:58. |
| **62.** Sobaszek was approximately 25 yards, and Reynoso approximately 20 yards, behind Gonzalez when they used deadly force, firing over the course of about 3 seconds. | **Exh. A, Reynoso Depo** at 7:25-8:4, 19:4-12; <br> **Exh. B, Sobaszek Depo** at 46:15-18, 60:21-24; <br> **Exh. C, Irick Depo** at 10:23-11:1, 52:1-4. |
| **63.** Both Officers intentionally aimed and fired their 9 mm Glock 17 pistols at Gonzalez. | **Exh. A, Reynoso Depo** at 7:5-24. <br> **Exh. B, Sobaszek Depo** at 26:12-17, 27:2-16. |
| **64.** Sobaszek drew his firearm and aimed it at Gonzalez's back prior to seeing a gun as Gonzalez first exited the pathway. | **Exh. B, Sobaszek Depo** at 32:2-6. <br> **Exh. L, Sobaszek Screenshots** at 1-5. |
| **65.** Sobaszek started to aim his firearm at Gonzalez's back with a two-hand grip prior to Gonzalez looking back or raising his hand up. | **Exh. L, Sobaszek Screenshots** at 7-20. |
| **66.** Almost 4 seconds prior to the first gunshot, Gonzalez looked over his left shoulder while still moving away. | **Exh. C, Irick Depo** at 47:22-24. <br> **Exh. L, Sobaszek Screenshots** at 21-24. |
| **67.** Gonzalez then raised his right hand in the air next to his ear. | **Exh. L, Sobaszek Screenshots** at 25-31. |
| **68.** Gonzalez then looked forward and lowered his right hand back to its prior position and continued forward. | **Exh. L, Sobaszek Screenshots** at 31-36. <br> **Exh. H, Surveillance Video** at 12:40-12:58. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **69.** Gonzalez then took at least four steps away from Officers, without looking back at Officers, without turning towards Officers, without pointing or attempting to present the gun at Officers. | **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 37-67.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **70.** Without looking back at Officers, without turning towards Officers, without pointing or attempting to present the gun at Officers, Sobaszek fired the first shot and his first shot aiming at Gonzalez's back. | **Exh. B, Sobaszek Depo** at 30:10-12, 53:6-19, 56:9-15, 73:20-22;<br><br>**Exh. C, Irick Depo** at 55:19-24.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 68.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **71.** Gonzalez took another step forward, still without looking back, without turning, without attempting to point the gun, then Sobaszek fired his second shot at Gonzalez's back. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 69-75.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **72.** Gonzalez took another step forward, still without looking back, without turning, without attempting to point the gun, then Sobaszek fired his third shot at Gonzalez's back. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 76-82.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **73.** Then, while Gonzalez began falling forward to the ground, Sobaszek fired his fourth shot at Gonzalez's back. | **Exh. B, Sobaszek Depo** at 61:12-19.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 83-88.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **74.**　Irick fired his first shot at Gonzalez while he was falling to the ground. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 89-90.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **75.**　It would be inappropriate to any reasonable officer to use deadly force against Gonzalez after seeing him drop the gun. | **Exh. C, Irick Depo** at 66:11-14. |
| **76.**　After the first 5 shots, Gonzalez dropped the gun, which can be seen falling to the ground; thereafter, all shots were fired while Gonzalez was visibly unarmed. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 91-104.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **77.**　After dropping the gun, Gonzalez fell forward onto the ground with his head further away from the officers and the gun. | **Exh. B, Sobaszek Depo** at 71:5-9.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 91-104, 148.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **78.**　Irick fired his second at Gonzalez while he was unarmed and falling to the ground. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 97-98.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **79.**　Once Gonzalez started to fall, even Irick admits he was not a threat. | **Exh. C, Irick Depo** at 53:17-54:1. |
| **80.**　Sobaszek fired his fifth round and Irick fired his third at Gonzalez while unarmed, and gun on the ground. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 99-105.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **81.** Based on Reynoso's statement to detectives, he began drawing his firearm and preparing to shoot Gonzalez prior to seeing a gun in his hand because Reynoso decided to draw a line in the sand—which Reynoso did not feel comfortable confirming at deposition. | **Exh. A, Reynoso Depo** at 58:18-3. |
| **82.** Contagious or sympathetic fire is when an officer shoots and then another other shoots in reaction. | **Exh. C, Irick Depo** at 63:20-64:7. **Exh. D, Chapman Depo** at 71:9-72:14. |
| **83.** Then Reynoso fired his first shot at Gonzalez while unarmed and falling to the ground, was not turning towards officers, having never shot at or pointed a gun at officers, after officers repeatedly fired at Gonzalez. | **Exh. B, Sobaszek Depo** at 61:22-62:8, 63:1-10. **Exh. I, Reynoso Video with Graphics** at 00:10-00:15. **Exh. J, Reynoso Screenshots** at 1-46. **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. **Exh. L, Sobaszek Screenshots** at 106-111. **Exh. H, Surveillance Video** at 12:40-12:58. |
| **84.** Irick fired his fourth shot. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. **Exh. L, Sobaszek Screenshots** at 112. **Exh. H, Surveillance Video** at 12:40-12:58. |
| **85.** Sobaszek fired his sixth round at Gonzalez, while he was unarmed, with the gun clearly on the ground, and he was on his knees. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. **Exh. B, Sobaszek Depo** at 63:20-64:6. **Exh. L, Sobaszek Screenshots** at 113-116. **Exh. H, Surveillance Video** at 12:40-12:58. |
| **86.** Irick fired his fifth shot. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. **Exh. L, Sobaszek Screenshots** at 117-119. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | **Exh. H, Surveillance Video** at 12:40-12:58. |
| **87.** Gonzalez fell to the ground, indicating to Officers that he was struck by gunfire. | **Exh. C, Irick Depo** at 53:2-5.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 114-125.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **88.** It would be inappropriate to any reasonable officer, based on the training, to use deadly force after Gonzalez was on the ground and no longer in possession of a firearm. | **Exh. C, Irick Depo** at 12:6-9, 65:18-66:14. |
| **89.** The gun was approximately 1-2 feet behind Gonzalez's right foot, not within reaching distance, and Gonzalez never reached for the gun. | **Exh. A, Reynoso Depo** at 66:12-20.<br>**Exh. B, Sobaszek Depo** at 64:22-24, 71:10-14.<br>**Exh. R, Sobaszek Screenshot** at 123-148.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **90.** Reynoso fired his second shot at Gonzalez while he was unarmed, on the ground, on his right side, and gun clearly on the ground behind him. | **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 47-57.<br>**Exh. L, Sobaszek Screenshots** at 120-122.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **91.** Sobaszek fired his seventh round at Gonzalez while he was unarmed, on the ground, on his right side with his left foot in the air. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 123-124.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **92.** Irick fired his sixth shot. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | **Exh. L, Sobaszek Screenshots** at 125-126.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **93.** Reynoso fired his third shot at Gonzalez while he was unarmed and on the ground. | **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 58-65;<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 127-130.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **94.** Sobaszek fired his eighth round at Gonzalez while he was unarmed and on the ground. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 131-132.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **95.** Irick fired his seventh shot. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 133.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **96.** Reynoso fired his fourth shot at Gonzalez while he was unarmed and on the ground. | **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 66-70.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 134-135.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **97.** Sobaszek fired his ninth round at Gonzalez while he was unarmed and on the ground. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | **Exh. L, Sobaszek Screenshots** at 136-138.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **98.**  Irick fired his eighth shot. | **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 139-140.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **99.**  Reynoso fired his fifth shot at Gonzalez while he was unarmed and on the ground. | **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 71-76.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 141-143.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **100.**  Almost simultaneously, Sobaszek fired his tenth shot, Reynoso fired his sixth shot, and Irick fired his ninth shot at Gonzalez while he was unarmed and on the ground. | **Exh. J, Reynoso Screenshots** at 77-82.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 144-147.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **101.**  Reynoso fired all his shots such that his bullets passed dangerously close to Irick. | **Exh. C, Irick Depo** at 68:24-69:1.<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 1-84.<br>**Exh. H, Surveillance Video** at 12:40-12:58. |
| **102.**  Sobaszek assessed between each shot "focused on that firearm." | **Exh. B, Sobaszek Depo** at 62:18-20. |
| **103.**  Sobaszek admits that he saw the gun for all ten shots fired. | **Exh. B, Sobaszek Depo** at 30:2-6. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **104.** For his first four shots, Gonzalez's back was to the officers, he was not turning towards the officers, and the gun was not visible during the shooting. | **Exh. B, Sobaszek Depo** at 60:1-13. |
| **105.** Sobaszek admits that he fired shots at Gonzalez while he was hitting the ground. | **Exh. B, Sobaszek Depo** at 77:14-15, 78:3-15.<br>**Exh. E, Hubbs Depo** at 44:5-12. |
| **106.** Reynoso was not paying attention to Gonzalez's body position, including whether he was falling or on the ground, because he claimed he was just focused on the firearm in the right hand, which would indicate if he was an imminent threat. | **Exh. A, Reynoso Depo** at 18:18-25, 64:10-18. |
| **107.** Reynoso admitted, "[t]he second the firearm is no longer in his hand…in my opinion, [Gonzalez was not] an imminent threat." | **Exh. A, Reynoso Depo** at 15:16-21, 66:6-11. |
| **108.** Reynoso assessed prior to firing each shot. | **Exh. A, Reynoso Depo** at 14:14-15. |
| **109.** Reynoso admits that shots were fired while Gonzalez was falling to the ground. | **Exh. A, Reynoso Depo** at 77:18-23.<br>**Exh. E, Hubbs Depo** at 44:5-12. |
| **Defendants' Unconstitutional Training, Practices, and Policies** ||
| **110.** Officers are trained, a gun in someone's hand is not enough to use deadly force. | **Exh. A, Reynoso Depo** at 33:15-34:4.<br>**Exh. B, Sobaszek Depo** at 17:9-16.<br>**Exh. C, Irick Depo** at 18:8-11, 58:7-59:22, 60:4-9. |
| **111.** Officers also cannot use deadly force against someone for running. | **Exh. B, Sobaszek Depo** at 17:2-7. |
| **112.** Deadly force in shooting someone center mass is likely to cause death or serious bodily injury and is the highest level of force an officer can use. | **Exh. B, Sobaszek Depo** at 78:21-79:4. |
| **113.** Thus, deadly force is only authorized if, based on officer training, | **Exh. A, Reynoso Depo** at 32:24-33:14; |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| the subject poses an imminent threat of death or serious bodily injury with the ability, opportunity, and apparent intent to imminently cause death or serious bodily injury to another. | **Exh. B, Sobaszek Depo** at 38:25-39:10, 79:5-9;<br><br>**Exh. C, Irick Depo** at 60:10-25, 62:21-25.<br><br>**Exh. D, Chapman Depo** at 67:9-10 (intent was to evade); 67:15-24 (ability is possession of the gun); 67:25-68:4 (opportunity is turning or pointing the gun).<br><br>**Noble Decl** ¶8. |
| **114.**   Officers are responsible for justifying each shot fired. | **Exh. A, Reynoso Depo** at 81:16-18.<br>**Exh. B, Sobaszek Depo** at 79:13-15.<br>**Exh. C, Irick Depo** at 63:5-7. |
| **115.**   Officers must assess constantly including before shooting and before every shot, to determine whether to continue using deadly force. | **Exh. A, Reynoso Depo** at 81:19-82:3.<br>**Exh. B, Sobaszek Depo** at 79:16-18. |
| **116.**   Officers are trained to give clear commands and give an opportunity to comply if safe to do so. | **Exh. C, Irick Depo** at 69:17-25. |
| **117.**   Officers are trained to give a verbal warning before using deadly force when feasible. | **Exh. A, Reynoso Depo** at 82:4-8.<br>**Exh. B, Sobaszek Depo** at 79:19-21.<br>**Exh. C, Irick Depo** at 63:8-10. |
| **118.**   Officers are trained to consider their backdrop when using deadly force. | **Exh. A, Reynoso Depo** at 81:12-15.<br>**Exh. B, Sobaszek Depo** at 79:10-12<br>**Exh. C, Irick Depo** at 63:11-13. |
| **119.**   Training sergeant Reynoso believes they can use deadly force by shooting a subject in the back while running away with a gun in hand, because of the mere possibility of future harm that the subject could somehow tilt the gun back and shoot behind them without even looking back. | **Exh. A, Reynoso Depo** at 46:8-47:4. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **120.** And field training officer Sobaszek believes that it would have been justifiable to use deadly force when Gonzalez was inside the vehicle before it started moving. | **Exh. B, Sobaszek Depo** at 36:5-21. |
| **121.** And field training officer Sobaszek believes that it would have been justifiable to use deadly force before and while Gonzalez was near the truck ramp (i.e., before seeing a gun and turning). | **Exh. B, Sobaszek Depo** at 43:23-44:20, 45:14-17. |
| **122.** Reynoso erroneously testified that prior to firing his first shot, he believed that Gonzalez fired. | **Exh. A, Reynoso Depo** at 9:2-4.<br>**See AF 57** (Gonzalez never fired the gun at Officers.)<br>**See AF 81** (Reynoso decided to fire prior to seeing gun in hand.)<br>**See AF 82** (contagious fire.)<br>**See AF 83** (Reynoso fired his first shot at Gonzalez while unarmed and falling to the ground, was not turning towards officers, having never shot at or pointed a gun at officers, after officers repeatedly fired at Gonzalez.) |
| **123.** Reynoso erroneously testified that at the time of my first shot, Gonzalez had a firearm in his right hand and was turning, looking back at Officers. | **Exh. A, Reynoso Depo** at 8:18-25, 13:7-9, 64:7-9.<br>**See AF 76, 83** (Gonzalez already dropped the gun.) |
| **124.** Reynoso erroneously testified that prior to firing each shot at Gonzalez he observed the firearm in his right hand. | **Exh. A, Reynoso Depo** at 10:9-22, 14:16-18, 65:18-23.<br>**See AF 76, 83** (Gonzalez already dropped the gun.) |
| **125.** Reynoso erroneously testified that the gun is dropped "after officers have stopped shooting." | **Exh. A, Reynoso Depo** at 79:23-80:1.<br>**See AF 76-100** (most shots were fired after Gonzalez dropped the gun.) |
| **126.** Reynoso could not describe there the gun was in relation to Gonzalez's body. | **Exh. A, Reynoso Depo** at 13:19-25. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **127.** Sobaszek erroneously testified that Gonzalez was sideways when he used deadly force such that he could see the front of Gonzalez's body. | **Exh. B, Sobaszek Depo** at 29:5-15. **See AF 69-71** (Gonzalez was not sideways and the front of his body cannot be seen.) |
| **128.** The Officers shootings were found to be within policy. | **Exh. C, Irick Depo** at 75:5-8. |
| **129.** Now, Reynoso is the training sergeant responsible for facilitating training standards according to POST and department policy. | **Exh. A, Reynoso Depo** at 5:17-22, 6:4-7, 38:24-39:5. |
| **130.** Sobaszek was a field training officer and SWAT team member and three months after the incident, he was promoted to corporal and assigned to investigations. | **Exh. B, Sobaszek Depo** at 7:10-11, 7:25-8:9, 12:15-13:4. |
| **131.** Reynoso had encountered approximately 25 suspects with a gun in hand and used deadly force on four of them other than this incident. | **Exh. A, Reynoso Depo** at 34:15-21. |
| **132.** Reynoso's first officer-involved shooting was approximately in 2017; Reynoso does not remember the subject's name or if the subject was armed with a weapon. | **Exh. A, Reynoso Depo** at 34:25-35:4, 35:14-18, 35:25-36:3. |
| **133.** Reynoso's second shooting was also in approximately 2017; he again does not recall the name of the person Reynoso shot at. | **Exh. A, Reynoso Depo** at 36:4-12. |
| **134.** Reynoso's third shooting was in late 2017 to early 2018; where he also deployed his canine, the subject did not have a firearm but was in a vehicle; does not recall the person's name; which resulted in litigation. | **Exh. A, Reynoso Depo** at 37:12-38:16, 39:10-15. |
| **135.** Reynoso's fourth shooting was approximately in the end of 2018, where Reynoso claimed the person had a firearm in each hand. | **Exh. A, Reynoso Depo** at 38:21-23, 39:17-23. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| **136.** This was Reynoso's fifth shooting. | **Exh. A, Reynoso Depo** at 40:5-9. |
| **137.** Reynoso had been present for a sixth officer-involved shooting incident where Hemet officers shot an innocent bystander in his backyard while looking for a suspect. | **Exh. A, Reynoso Depo** at 40:18-41:6. Sincich Decl. ¶14, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(a). |
| **138.** Reynoso used deadly force against Michael Martin. | **Exh. A, Reynoso Depo** at 49:8-22. Sincich Decl. ¶16, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(h). |
| **139.** Reynoso used deadly force against Massiah Acosta. | **Exh. A, Reynoso Depo** at 49:23-50:5. Sincich Decl. ¶15, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(b). |
| **140.** Sobaszek was involved as a witness in two other Gang Task force officer involved shooting cases prior to this incident. | **Exh. B, Sobaszek Depo** at 5:20-6:6, 8:18-20, 8:15-24. |
| **141.** Like here, Helman was running from officers, officers claimed he pointed a gun at them, but he did not, and Helman was shot in the back without warning. | **Exh. B, Sobaszek Depo** at 22:11-24:4. [defense counsel instructed Sobaszek not to answer whether Helman was running away when he was shot, whether Helman ever pointed a gun, whether Sobaszek was aiming at Helman's back, how many shot were fired at Helman, whether a verbal warning was given, and whether Sobaszek saw an object in Helman's hand before firing] Sincich Decl. ¶17, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(b). |
| **142.** The only person who was injured from this incident other than Gonzalez was an officer who was bitten by the police canine. | **Exh. B, Sobaszek Depo** at 72:13-15. **Exh. C, Irick Depo** at 71:21-72:9. **Exh. H, Surveillance Video** at 03:30-05:00 (K9 attack on a police officer). |
| **143.** Evidence of ratification exists. | **Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force). |
| | **Exh. G, City Responses to RFA2**, City failed to respond to *Monell* Request No. 111 (final policymaker reviewed the videos); No. 112 (final policymaker knew from videos that Gonzalez was shot in the back running away); No. 113 (final policymaker knew from videos that Gonzalez was shot while on the ground); No. 114 (final policymaker knew from videos that Gonzalez was shot while unarmed). |
| **144.** Evidence of failure to train exists. | See AF Nos. 31-41. |
| | **Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force); No. 79 (in the last 10 years offices have used deadly force against subject without weapon in hand); No. 80 (in the last 10 years officers have used deadly force against subjects attempting to flee); No. 81 (in the last |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| | 10 years officers have used deadly force against subjects on the ground). |
| **145.** Evidence of unconstitutional pattern and practice exists. | **See AF Nos. 31-41.**<br><br>**Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force); No. 79 (in the last 10 years offices have used deadly force against subject without weapon in hand); No. 80 (in the last 10 years officers have used deadly force against subjects attempting to flee); No. 81 (in the last 10 years officers have used deadly force against subjects on the ground). |
| **146.** Police officers are trained that for their force to be appropriate the level and manner of force must be proportional to the level of resistance and threat with which they are confronted. Proportionality is best understood as a range of permissible conduct based on the totality of the circumstances, rather than a set of specific, sequential, predefined force tactics arbitrarily paired to specified types or levels of resistance or threat. | **Noble Decl ¶7.** |
| **147.** Police officers are trained, to use deadly force, there must be an immediate threat of death or serious bodily injury. An officer's perception | **Noble Decl ¶8.** |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| that a threat exists is reasonable when the officer has reason to believe that an individual has the ability, opportunity, and intent to cause harm.  Ability means the individual's physical capability to cause an identifiable type of harm.  Opportunity refers the environment and situation, specifically with regard to the individual's proximity to the potential target were targets.  And demonstrable intent refers to the individual's perceived mental state, their apparent desire to cause physical harm the target or targets. | |
| **148.**  An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed. | **Noble Decl ¶9.** |
| **149.**  The objective video evidence speaks for itself, showing that Mr. Gonzalez never pointed a gun at any officer or person.  Mr. Gonzalez was looking forward and away from the officers, and had put his hand down, then after taking approximately six steps forward, the officers began to open fire.  Several shots were fired while Mr. Gonzalez was on his feet moving away from the officers, not looking back and not pointing a gun at the officers.  Several more shots were fired as Mr. Gonzalez was falling to the ground, including after he had already dropped the gun.  Finally, over ten shots were fired while Mr. Gonzalez was on his knees and lying on the ground and unarmed.  Under these facts alone, no reasonable officer would believe that | **Noble Decl ¶10.** |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| Mr. Gonzalez was an immediate threat of death or serious bodily injury to any officer or person.  Mr. Gonzalez never had the requisite present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to any person or officer.  Therefore, it is my opinion that all shots fired were excessive, objectively unreasonable and inconsistent with generally accepted police practices, including POST.  It is not acceptable or justifiable to use deadly force against a person while running away, even with a gun in hand, under these circumstances, and especially not while the person is unarmed and on the ground. | |
| **150.**  Reynoso fired six shots at the following frames: 51661, 51672, 51680, 51685, 51691, and 51697. | **Holdaway Decl** ¶9.<br>**Exh. J, Reynoso Screenshots** at 46, 57, 65, 70, 76, and 82. |
| **151.**  Sobaszek fired ten shots at the following frames: 51829, 51836, 51843, 51849, 51866, 51877, 51885, 51893, 51899, and 51908. | **Holdaway Decl** ¶10.<br>**Exh. L, Sobaszek Screenshots** at 68, 75, 82, 88, 105, 116, 124, 132, 138, and 147. |
| **152.**  The officers had the opportunity to give a deadly force warning to Mr. Gonzalez during the foot pursuit given that they gave several commands including "get on the ground" and "drop it."  However, the officer did not give a verbal warning to Mr. Gonzalez that if he did not stop, did not get on the ground, or if he did not drop the gun that he would be shot by officers. | **Noble Decl** ¶11. |
| **153.**  Gunshot Wound to Left Back: resulting in fractures to the left 8th and 9th ribs and bruising the lung. Bullet fragments present between the skin and ribs in the area but do not penetrate into | **O'Connor Decl** ¶4. |

| Plaintiff's Additional Material Facts | Plaintiff's Supporting Evidence |
|---|---|
| the thoracic cavity. Photographs of the bullet entrance wound demonstrate a dramatic elliptical shape with an abrasion collar only at the posterior aspect. These findings are consistent with a largely back to front trajectory of the bullet. | |
| **154.** Gunshot Wound to the Left Thigh: entrance wound to left lateral thigh with retained bullet in the right abdomen and causing bowel injury. Photographs of the entrance wound demonstrate an elliptical shape with an abrasion collar at approximately the 5 o'clock position consistent with a distinct upwards path of travel. This bullet entered the side of the left thigh and traveled from left to right, back to front, and upwards. As the "upwards" description of the trajectory of the bullet is relative to the neutral anatomic position, it is possible, for example that Mr. Gonzalez was on the ground or in the process of falling to the ground when this gunshot occurred. | **O'Connor Decl** ¶5. |
| **155.** Gunshot Wound to the Bottom of Left Foot: the orientation of the skin tags on the periphery of the wound is consistent with a back to front trajectory of the bullet. | **O'Connor Decl** ¶6. |