Eugene P. Ramirez (State Bar No. 134865)
   *Eugene.Ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
   *Andrea.Kornblau@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone:  (213) 624-6900
Facsimile:  (213) 624-6999

*Attorneys for Defendants City of Hemet,*
*Patrick Sobaszek, and Andrew Reynoso*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ, | Case No.: 5:25-cv-00331-KK-DTB |
| Plaintiff, | [*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow |
| vs. | |
| STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, | **DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS** |
| Defendants. | Hearing:   March 12, 2026<br>Time:     09:30 a.m.<br>Crtrm:    3 |

## DEFENDANTS DISPUTES TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Gonzalez Was a Threat During the Foot Pursuit** | |
| **28.**   Officers understand that subjects with something in their waistband will run holding the object in place so that it does not fall.<br><br>Plaintiff's Evidence: | **Not a material fact.**<br>Disputed as phrased.<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Exh. C, Irick Depo at 33:16-34:1. | **FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **29.** Officers are also aware that subjects that do not want to get caught with a gun in their possession, so they run and try to discard the gun.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 15:6-16:6.<br>**Exh. C, Irick Depo** at 66:24-67:9.<br>**Exh. E, Hubbs Depo** at 26:14-27:14. | **Not a material fact.**<br>**Disputed** that Gonzalez tried to discard the gun in his possession.<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **30.** Gonzalez exited the car and ran.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 9:21, 10:2.<br>**Exh. B, Sobaszek Depo** at 39:16-21.<br>**Exh. C, Irick Depo** at 34:8-13. | **Undisputed** that Gonzalez exited the car and ran with a gun in his waistband. |
| **31.** Gonzalez did not attempt to shoot anyone, did not have a gun in hand, and was not an imminent deadly threat.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 32:5-23.<br>**Exh. C, Irick Depo** at 34:2-7. | **Disputed** that Gonzalez did not have a gun in hand, and was not an imminent deadly threat.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **32.** Sobaszek admits that it would be inappropriate to use deadly force when Gozalez exited the vehicle.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 35:13-17, 39:11 15.<br>**Exh. D, Chapman Depo** at 21:21-22:4. | **Not a material fact.**<br>Sobaszek did not use deadly force when Gonzalez exited the vehicle.<br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **33.** The foot pursuit lasted about one minute and 20 seconds through an industrial facility.<br><br>Plaintiff's Evidence: | **Undisputed** that there was a foot pursuit through an industrial facility. |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. C, Irick Depo** at 36:18-24, 77:18-22. | |
| **34.** Officers pursued with guns drawn.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 35:1-3. | **Undisputed** that officers drew their weapons at Gonzalez when Gonzalez raised his gun in the air and turned in the direction of the officers.<br><br>**Disputed** as phrased due to the context appearing to indicate that officers pursued with guns drawn for the entirety of the pursuit.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **35.** Officers were closing the distance on Gonzalez.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 37:11. | **Unintelligible** as phrased.<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance |
| **36.** The officer-involved shooting occurred after a pathway that was next to the truck ramp.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 40:9-41:3. | **Not a material fact.**<br>**Undisputed** that officers discharged their firearms.<br><br>**Disputed** as phrased to the extent that it suggests that the use of force did not occur within an operational factory. |
| **37.** Prior to exiting the pathway, Gonzalez never pointed a gun at Officers, did not attempt to shoot anyone, and Officers did not see a gun.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 45:10-13, 45:18-21, 49:15-24.<br>**Exh. C, Irick Depo** at 38:8-39:13, 40:9-41:3. | **Disputed** as phrased to the extent that it suggests that Officers did not see Gonzalez holding a gun before shooting. |
| **38.** Officers admit it would be inappropriate to use deadly force against Gonzalez up to the end of the pathway | **Not a material fact.** *Officers did not use deadly force before shooting Gonzalez.* |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| about 7 seconds prior to their use of deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 43:25-44:11;<br>**Exh. B, Sobaszek Depo** at 41:18-42:1, 42:14-19, 43:17-22.<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. H, Surveillance Video** at 12:40-12:58.<br>**Exh. D, Chapman Depo** at 22:13-19. | **Additional Objections:**<br>**FRE 401/402:** Relevance<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **Warnings Given** ||
| **39.**    Reynoso did not give any commands or warnings during the foot pursuit prior to using deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 21:8-13, 67:1-2. | **Disputed as phrased** that Reynoso did not give any commands or warnings prior to using deadly force.<br>*There is no obligation for each officer to independently give a deadly force warning.*<br>**See SUF ¶¶ 3-5**<br>**Additional Objections:**<br>**FRE 401/402:** Relevance<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **40.**    Irick did not give a verbal warning prior to using deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 12:17-19. | **Not a material fact.**<br>**Disputed** that Irick did not give a warning prior to using deadly force.<br>*There is no obligation for each officer to independently give a deadly force warning.*<br>**See SUF ¶¶ 3-5**<br>**Additional Objections:**<br>**FRE 401/402:** Relevance |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
|  | **FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **41.** Officers had the opportunity to give a deadly force warning as he gave several commands but never warned Gonzalez that if he did not stop or if he did not drop the gun he would be shot by officers.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 65:8-10.<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. | **Disputed**.<br><br>**See SUF ¶¶ 3-5, 12**<br>**See AF ¶¶ 43, 71**<br><br><u>Additional Objections:</u><br>**FRE 401/402:** Relevance<br>**FRE 403:** misstates evidence, misleading |
| **Officers Did Not Have Reasonable Alternatives** ||
| **42.** Law enforcement officers should "use the lowest level of force possible."<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 55:8-10.<br>**Exh. E, Hubbs Depo** at 20:5-15 (HPD police to use alternative tactics, de-escalation, stating officers should consider actions that ma increase officer safety and decrease the need for using force.) | **Not a material fact.**<br>**Disputed** as phrased to the extent that the extent that is suggests the officers used more than reasonable force under the totality of circumstanes.<br><br><u>Additional Objections:</u><br>**FRE 401/402:** Relevance<br>**FRE 403:** misleading |
| **43.** There were eight officers in pursuit with less-intrusive means of taking Gonzalez into custody including de-escalation, the 40-mm launcher, Tasers, an air unit, and a K9.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 56:2-11.<br>**Exh. B, Sobaszek Depo** at 72:19-73:5.<br>**Exh. C, Irick Depo** at 61:18-24. | **Disputed as phrased**<br>**Unintelligible.**<br><br>**See AF ¶71**<br><br><u>Additional Objections:</u><br>**FRE 401/402:** Relevance<br>**FRE 403:** misleading |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Exh. H, Surveillance Video at 02:31-02:57. | |
| 44.   The Officers were in good physical condition, each with 11 years of law enforcement experience.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 5:14-16, 35:5-7.<br>**Exh. B, Sobaszek Depo** at 10:12-14, 13:20-14:11. | **Not a material fact.**<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance |
| **At the Time of the Force, Gonzalez was Not Surrendering** | |
| 45.   Initially, Gonzalez was trying to get away from the Officers.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 9:21, 10:2. | **Undisputed** that Gonzalez was fleeing from officers. |
| 46.   However, prior to the Officers' use of deadly force, Gonzalez was slowing down so that he could surrender.<br><br>Plaintiff's Evidence:<br>**Def Exh. 2, Gonzalez Depo** at 6:3-4, 124:1-7, 153:20-25, 154:12-23.<br>**Def Exh. 3, Gonzalez Depo** at 15:9-12, 15:20-23, 30:3-13.<br>**Exh. B, Sobaszek Depo** at 54:9-18, 69:1-10.<br>**Exh. C, Irick Depo** at 45:21-46:5, 70:10-13.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed**, as it was unknown to officers that Plaintiff was surrendering.  Plaintiff admits he did not inform officers of his intent to surrender at any time prior to or during the use of force. |
| **Threat to Bystanders** | |
| 47.   Gonzalez never attempted to attack any bystander, never attempted to harm any bystander, never attempted to | **Disputed** as phrased to the extent that is suggests there were no bystanders present at the time of the pursuit and use of force. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| take a hostage, and never attempted to point a gun at any bystander.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 70:12-14.<br>**Exh. C, Irick Depo** at 57:15-20, 67:23-24, 67:25-68:3.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **48.** Gonzalez never attempted to enter any door to any building.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 67:19-22.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed** as phrased to the extent that is suggests there were no bystanders present at the time of the pursuit and use of force.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **49.** In the area of the officer-involved shooting, there were no bystanders around or in the direction Gonzalez was moving.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 22:6-10.<br>**Exh. B, Sobaszek Depo** at 69:17-19, 70:3-11, 70:15-18.<br>**Exh. C, Irick Depo** at 57:21-58:6, 63:14-16.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed.** Evidence is undisputed that there *were* factory workers present at the operational factory.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **Gonzalez was an Immediate Threat of Death or Serious Bodily Injury** ||
| **50.** Officers did not have any information that Gonzalez had physically injured anyone, including the domestic violence restraining order | **Disputed**, Plaintiff was known to Officers to be felon who was alleged to have violated a restraining order, |

7    Case No. 5:25-cv-00331-KK-DTB

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| allegation, and were not responding to a violent crime.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 50:14-51:8, 51:16-20.<br>**Exh. B, Sobaszek Depo** at 47:13-48:4.<br>**Exh. C, Irick Depo** at 27:1-4, 32:25-33:7.<br>**Exh. D, Chapman Depo** at 21:2-8. | and was alleged to be illegally in possession of a firearm.<br><br>**See SUF ¶1** |
| **51.** Officers did not have any information that Gonzelez had ever verbally threatened anyone.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 52:15-19.<br>**Exh. C, Irick Depo** at 22:11-17, 27:5-8, 33:8-11. [Irick as partners with Sobaszek and running next to him at the time.] | **Disputed.** The evidence is undisputed that Gonzalez verbally threatened officers.<br><br>**See SUF ¶14** |
| **52.** Reynoso did not know what Gonzalez was previously convicted of, had never seen Gonzalez before and had no knowledge about Gonzalez before the incident.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 7:2-4, 50:9-13, 51:13-15. | **Not a material fact.**<br>**Disputed** that Reynoso had no knowledge about Gonzalez.<br>**Disputed** to the extent that it suggests that Plaintiff was not known to officers to be a felon who often is illegally in possession of firearms.<br>**See SUF ¶¶ 1-2** |
| **53.** Officers reviewed the videos in slow motion.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 30:22-24, 31:14-15.<br>**Exh. C, Irick Depo** at 49:23-25. | **Not a material fact.**<br>**Disputed** as phrased. The evidence is undisputed that Officers did not observe the incident in slow motion or through videos from their body worn cameras.<br>**Additional Objections:**<br>**FRE 401/402:** Relevance |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| | **FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **54.** Defense counsel used a screenshot with Sobaszek during his deposition and Defendants submitted screenshots of the incident in their expert reports.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 82:15-23.<br>**Exh. E, Hubbs Depo** at 30:15-16, 34:25-35:6.<br>**Def Exh. 11, Kobe Report** at 4-6.<br>**Def Exh. 12, Englert Report** at 36-40. | **Not a material fact.**<br>**Undisputed.**<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance |
| **55.** For reference, Irick was on the left and Sobaszek was on the right in front with Reynoso following in pursuit.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 69:3-6.<br>**Exh. B, Sobaszek Depo** at 52:23-53:5.<br>**Exh. C, Irick Depo** at 43:9-13.<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12. | **Not a material fact.**<br><br>**Additional Objections:**<br>**FRE 401/402:** Relevance |
| **56.** Gonzalez never pointed the gun at Officers, never attempted to point the gun, and never made a furtive or threatening gesture with the gun towards anyone.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. L, Sobaszek Screenshots** at 1-104 | **Disputed.** The evidence is undisputed that Gonzalez turned to look over his left shoulder several times, and with the gun in his hand turned to orient himself and the gun in the direction of officers.<br>**Disputed** to the extent that the statement suggests that Gonzalez did not make verbally threatening statements to the officers shortly before officers used force against him. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. H, Surveillance Video** at 12:40-12:58.<br><br>**Exh. D, Chapman Depo** at 30:17-20.<br><br>**Exh. E, Hubbs Depo** at 42:2-6.<br><br>**Noble Decl** ¶10. | **See disputes to AF ¶¶ 31, 33**<br>**See SUF ¶ 14**<br><br>**Additional Objections:**<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **57.**     Gonzalez never fired the gun at Officers.<br><br><u>Plaintiff's Evidence:</u><br>**Exh. C, Irick Depo** at 64:8-11 (was not able to fire a round at Officers)<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. L, Sobaszek Screenshots** at 1-104.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed**, to the extent that the statement does not controvert that Reynoso heard what he reasonably believed to be a gunshot and that Reynoso reasonably believed that the gunshot was from Gonzalez.<br><br>**See SUF ¶ 15**<br><br><u>Additional Objections:</u><br>**FRE 403:** Unduly prejudicial, misstates evidence, misstates applicable law. |
| **58.**     Gonzalez never verbally threatened Officers.<br><br><u>Plaintiff's Evidence:</u><br>**Exh. D, Chapman Depo** at 68:15-18. | **Disputed** as phrased. The evidence is undisputed that Gonzalez threatened Officers.<br>**Disputed** to the extent that the statement suggests that Gonzalez did not make verbally threatening statements to the officers shortly before officers used force against him.<br><br>**See SUF ¶ 14**<br>**See disputes to AF ¶¶ 31, 33, 51, 56** |
| **59.**     Gonzalez never turned towards officers with his upper body facing officers and was not orienting himself in the direction of Officers. | **Disputed.** The evidence is undisputed that Gonzalez turned to look over his left shoulder several times, and with the gun in his hand turned and began |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 56:13-16.<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. J, Reynoso Screenshots** at 1-84.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. L, Sobaszek Screenshots** at 1-148.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | to orient himself and the gun in the direction of officers.<br><br>**See disputes to AF ¶¶ 31, 33**<br>**See SUF ¶ 14**<br><br>**Additional Objections:**<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **60.** During all the shots fired at Gonzalez, he was not looking at Officers, was not turned towards Officers, and was not turning towards Officers.<br><br>Plaintiff's Evidence:<br>**Exh. I, Reynoso Video with Graphics** at 00:00-00:12.<br>**Exh. J, Reynoso Screenshots** at 1-84.<br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br>**Exh. L, Sobaszek Screenshots** at 1-148.<br>**Exh. H, Surveillance Video** at 12:40-12:58.<br>**Noble Decl** ¶10. | **Disputed.** The evidence is undisputed that Gonzalez turned to look over his left shoulder several times, and with the gun in his hand turned and began to orient himself and the gun in the direction of officers.<br><br>**See disputes to AF ¶¶ 31, 33**<br>**See SUF ¶ 14**<br><br>**Additional Objections:**<br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| **61.** Gonzalez was moving forward, away from the officers, when Officers started to shooting at Gonzalez's back.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 9:7-21, 10:5-8, 15:22-16:1, 76:23-77:4.<br>**Exh. C, Irick Depo** at 52:5-8. | **Disputed.** The evidence is undisputed that Gonzalez turned to look over his left shoulder several times, and with the gun in his hand turned and began to orient himself and the gun in the direction of officers.<br><br>**See disputes to AF ¶¶ 31, 33**<br>**See SUF ¶ 14** |

Case No. 5:25-cv-00331-KK-DTB

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. E, Hubbs Depo** at 43:7-16, 50:13-21.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br><br>**Exh. J, Reynoso Screenshots** at 1-84.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:00-00:12.<br><br>**Exh. L, Sobaszek Screenshots** at 1-148.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. | <u>Additional Objections:</u><br>**FRE 403:** Unduly prejudicial, misstates evidence, misleading. |
| 62.    Sobaszek was approximately 25 yards, and Reynoso approximately 20 yards, behind Gonzalez when they used deadly force, firing over the course of about 3 seconds.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 7:25-8:4, 19:4-12;<br>**Exh. B, Sobaszek Depo** at 46:15-18, 60:21-24;<br>**Exh. C, Irick Depo** at 10:23-11:1, 52:1-4. | **Undisputed.** |
| 63.    Both Officers intentionally aimed and fired their 9 mm Glock 17 pistols at Gonzalez.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 7:5-24.<br>**Exh. B, Sobaszek Depo** at 26:12-17, 27:2-16. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstance. |
| 64.    Sobaszek drew his firearm and aimed it at Gonzalez's back prior to seeing a gun as Gonzalez first exited the pathway. | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Plaintiff's Evidence:<br><br>**Exh. B, Sobaszek Depo** at 32:2-6.<br>**Exh. L, Sobaszek Screenshots** at 1-5. | or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **65.** Sobaszek started to aim his firearm at Gonzalez's back with a two-hand grip prior to Gonzalez looking back or raising his hand up.<br><br>Plaintiff's Evidence:<br>**Exh. L, Sobaszek Screenshots** at 7-20. | **Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 403:** misstates evidence, misleading. |
| **66.** Almost 4 seconds prior to the first gunshot, Gonzalez looked over his left shoulder while still moving away.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 47:22-24.<br>**Exh. L, Sobaszek Screenshots** at 21-24. | **Undisputed** that Gonzalez looked over his left shoulder numerous times. |
| **67.** Gonzalez then raised his right hand in the air next to his ear.<br><br>Plaintiff's Evidence:<br>**Exh. L, Sobaszek Screenshots** at 25-31. | **Undisputed** that Gonzalez raised his right hand in the air **while holding a gun**. |
| **68.** Gonzalez then looked forward and lowered his right hand back to its prior position and continued forward.<br><br>Plaintiff's Evidence: | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. L, Sobaszek Screenshots** at 31-36.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **69.**    Gonzalez then took at least four steps away from Officers, without looking back at Officers, without turning towards Officers, without pointing or attempting to present the gun at Officers.<br><br>Plaintiff's Evidence:<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 37-67.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **70.**    Without looking back at Officers, without turning towards Officers, without pointing or attempting to present the gun at Officers, Sobaszek fired the first shot and his first shot aiming at Gonzalez's back.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 30:10-12, 53:6-19, 56:9-15, 73:20-22;<br>**Exh. C, Irick Depo** at 55:19-24.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 68. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. H, Surveillance Video** at 12:40-12:58. | |
| **71.** Gonzalez took another step forward, still without looking back, without attempting to point the gun, then Sobaszek fired his second shot at Gonzalez's back.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 69-75.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **72.** Gonzalez took another step forward, still without looking back, without attempting to point the gun, then Sobaszek fired his third shot at Gonzalez's back.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 76-82.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **73.** Then, while Gonzalez began falling forward to the ground, Sobaszek fired his fourth shot at Gonzalez's back.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 61:12-19.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. L, Sobaszek Screenshots** at 83-88.<br>**Exh. H, Surveillance Video** at 12:40-12:58 | **Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **74.** Irick fired his first shot at Gonzalez while he was falling to the ground.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 89-90.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **75.** It would be inappropriate to any reasonable officer to use deadly force against Gonzalez after seeing him drop the gun.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 66:11-14. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates law |
| **76.** After the first 5 shots, Gonzalez dropped the gun, which can be seen falling to the ground; thereafter, all shots were fired while Gonzalez was visibly unarmed. | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Plaintiff's Evidence:<br><br>Exh. K, Sobaszek Video with Graphics at 00:07-00:15.<br><br>Exh. L, Sobaszek Screenshots at 91-104.<br><br>Exh. H, Surveillance Video at 12:40-12:58. | or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **77.** After dropping the gun, Gonzalez fell forward onto the ground with his head further away from the officers and the gun.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 71:5-9.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 91-104, 148.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **78.** Irick fired his second at Gonzalez while he was unarmed and falling to the ground.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 97-98.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **79.** Once Gonzalez started to fall, even Irick admits he was not a threat.<br><br>Plaintiff's Evidence: | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. C, Irick Depo** at 53:17-54:1. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| 80.    Sobaszek fired his fifth round and Irick fired his third at Gonzalez while unarmed, and gun on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 99-105.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading.. |
| 81.    Based on Reynoso's statement to detectives, he began drawing his firearm and preparing to shoot Gonzalez prior to seeing a gun in his hand because Reynoso decided to draw a line in the sand—which Reynoso did not feel comfortable confirming at deposition.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 58:18-3. | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed,** the statement deliberately misstates the transcript.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| 82.    Contagious or sympathetic fire is when an officer shoots and then another other shoots in reaction. | **Not a material fact.** |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| <u>Plaintiff's Evidence:</u><br><br>**Exh. C, Irick Depo** at 63:20-64:7.<br><br>**Exh. D, Chapman Depo** at 71:9-72:14. | |
| **83.**    Then Reynoso fired his first shot at Gonzalez while unarmed and falling to the ground, was not turning towards officers, having never shot at or pointed a gun at officers, after officers repeatedly fired at Gonzalez.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. B, Sobaszek Depo** at 61:22-62:8, 63:1-10.<br><br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br><br>**Exh. J, Reynoso Screenshots** at 1-46.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 106-111.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed**. The evidence cited does not support the fact alleged.<br><br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br><u>**Additional Objections:**</u><br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **84.**    Irick fired his fourth shot.<br><br><u>Plaintiff's Evidence:</u><br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 112.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Irick discharged his firearm.<br><br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br><u>**Additional Objections:**</u><br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading.. |
| **85.**    Sobaszek fired his sixth round at Gonzalez, while he was unarmed, with | **Disputed**. The evidence cited does not support the fact alleged. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| the gun clearly on the ground, and he was on his knees.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. B, Sobaszek Depo** at 63:20-64:6.<br>**Exh. L, Sobaszek Screenshots** at 113-116.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **86.** Irick fired his fifth shot.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 117-119.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Irick discharged his firearm.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **87.** Gonzalez fell to the ground, indicating to Officers that he was struck by gunfire.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 53:2-5.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 114-125.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **88.** It would be inappropriate to any reasonable officer, based on the training, | **Not a material fact.** |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| to use deadly force after Gonzalez was on the ground and no longer in possession of a firearm.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 12:6-9, 65:18-66:14. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **89.**    The gun was approximately 1-2 feet behind Gonzalez's right foot, not within reaching distance, and Gonzalez never reached for the gun.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 66:12-20.<br>**Exh. B, Sobaszek Depo** at 64:22-24, 71:10-14.<br>**Exh. R, Sobaszek Screenshot** at 123-148.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **90.**    Reynoso fired his second shot at Gonzalez while he was unarmed, on the ground, on his right side, and gun clearly on the ground behind him.<br><br>Plaintiff's Evidence:<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 47-57.<br>**Exh. L, Sobaszek Screenshots** at 120-122.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Reynoso fired a his weapon.<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| | **FRE 403:** misstates evidence, misleading. |
| **91.** Sobaszek fired his seventh round at Gonzalez while he was unarmed, on the ground, on his right side with his left foot in the air.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 123-124.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Sobaszek fired his weapon.<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **92.** Irick fired his sixth shot.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 125-126.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Irick fired his weapon.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **93.** Reynoso fired his third shot at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 58-65; | **Undisputed** that Reynoso fired his weapon.<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 127-130.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **94.** Sobaszek fired his eighth round at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 131-132.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Sobaszek fired his weapon.<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **95.** Irick fired his seventh shot.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 133.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Irick fired his weapon.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **96.** Reynoso fired his fourth shot at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence: | **Undisputed** that Reynoso fired his weapon.<br>**Disputed**. The evidence cited does not support the fact alleged. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br><br>**Exh. J, Reynoso Screenshots** at 66-70.<br><br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br><br>**Exh. L, Sobaszek Screenshots** at 134-135.<br><br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **97.** Sobaszek fired his ninth round at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 136-138.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Sobaszek fired his weapon.<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading.. |
| **98.** Irick fired his eighth shot.<br><br>Plaintiff's Evidence:<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 139-140.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Irick fired his weapon.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **99.** Reynoso fired his fifth shot at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 71-76.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 141-143.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Reynoso fired his weapon.<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **100.** Almost simultaneously, Sobaszek fired his tenth shot, Reynoso fired his sixth shot, and Irick fired his ninth shot at Gonzalez while he was unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Exh. J, Reynoso Screenshots** at 77-82.<br>**Exh. K, Sobaszek Video with Graphics** at 00:07-00:15.<br>**Exh. L, Sobaszek Screenshots** at 144-147.<br>**Exh. H, Surveillance Video** at 12:40-12:58. | **Undisputed** that Sobaszek, Reynoso, and Irick fired their weapons.<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **101.** Reynoso fired all his shots such that his bullets passed dangerously close to Irick.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 68:24-69:1.<br>**Exh. I, Reynoso Video with Graphics** at 00:10-00:15.<br>**Exh. J, Reynoso Screenshots** at 1-84. | **Not a material fact.**<br>**Undisputed** that Irick fired his weapon.<br>**Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. H, Surveillance Video** at 12:40-12:58. | or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **102.** Sobaszek assessed between each shot "focused on that firearm."<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 62:18-20. | **Not a material fact.**<br>**Undisputed** that Sobaszek fired his weapon.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misleading. |
| **103.** Sobaszek admits that he saw the gun for all ten shots fired.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 30:2-6. | **Undisputed.** |
| **104.** For his first four shots, Gonzalez's back was to the officers, he was not turning towards the officers, and the gun was not visible during the shooting.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 60:1-13. | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **105.** Sobaszek admits that he fired shots at Gonzalez while he was hitting the ground.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 77:14-15, 78:3-15.<br>**Exh. E, Hubbs Depo** at 44:5-12. | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Disputed,** the statement deliberately misstates the transcript as the statement was made after being shown an altered video (slow motion) and asked whether the video appeared to show (based on sound alone) that shots were fired at Gonzalez at a specific moment in time.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **106.** Reynoso was not paying attention to Gonzalez's body position, including whether he was falling or on the ground, because he claimed he was just focused on the firearm in the right hand, which would indicate if he was an imminent threat.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 18:18-25, 64:10-18. | **Undisputed.** |
| **107.** Reynoso admitted, "[t]he second the firearm is no longer in his hand…in my opinion, [Gonzalez was not] an imminent threat." | **Not a material fact.**<br>**Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Plaintiff's Evidence:**<br>**Exh. A, Reynoso Depo** at 15:16-21, 66:6-11. | shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **108.**   Reynoso assessed prior to firing each shot.<br><br>**Plaintiff's Evidence:**<br>**Exh. A, Reynoso Depo** at 14:14-15. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **109.**   Reynoso admits that shots were fired while Gonzalez was falling to the ground.<br><br>**Plaintiff's Evidence:**<br>**Exh. A, Reynoso Depo** at 77:18-23.<br>**Exh. E, Hubbs Depo** at 44:5-12. | **Disputed.** The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Disputed,** the statement deliberately misstates the transcript as the statement was made after being shown an altered video (slow motion) and asked whether the video appeared to show (based on sound alone) that shots were fired at Gonzalez at a specific moment in time.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| | **FRE 403:** misstates evidence, misleading. |
| **Defendants' Training, Practices, and Policies** | |
| **110.** Officers are trained, a gun in someone's hand is not enough to use deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 33:15-34:4.<br>**Exh. B, Sobaszek Depo** at 17:9-16.<br>**Exh. C, Irick Depo** at 18:8-11, 58:7-59:22, 60:4-9. | **Not a material fact.**<br>Undisputed. |
| **111.** Officers also cannot use deadly force against someone for running.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 17:2-7. | **Not a material fact.**<br>**Disputed** as phrased to the extent that it suggest officers used deadly force solely because Gonzalez was running away.<br><u>Additional Objections:</u><br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **112.** Deadly force in shooting someone center mass is likely to cause death or serious bodily injury and is the highest level of force an officer can use.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 78:21-79:4. | **Not a material fact.**<br>**Undisputed**<br><u>Additional Objections:</u><br>**FRE 401/402:** relevance |
| **113.** Thus, deadly force is only authorized if, based on officer training, the subject poses an imminent threat of death or serious bodily injury with the ability, opportunity, and apparent intent to imminently cause death or serious bodily injury to another.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 32:24-33:14; | **Not a material fact.**<br>**Disputed** as phrased to the extent that it suggest officers may not be reasonably mistaken as to the imminence of a threat.<br>**Disputed** as phrased to the extent that it suggest Gonzalez did not pose an imminent threat. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Exh. B, Sobaszek Depo** at 38:25-39:10, 79:5-9;<br><br>**Exh. C, Irick Depo** at 60:10-25, 62:21-25.<br><br>**Exh. D, Chapman Depo** at 67:9-10 (intent was to evade); 67:15-24 (ability is possession of the gun); 67:25-68:4 (opportunity is turning or pointing the gun).<br><br>**Noble Decl ¶8.** | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading. |
| **114.**   Officers are responsible for justifying each shot fired.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 81:16-18.<br>**Exh. B, Sobaszek Depo** at 79:13-15.<br>**Exh. C, Irick Depo** at 63:5-7. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates law. |
| **115.**   Officers must assess constantly including before shooting and before every shot, to determine whether to continue using deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 81:19-82:3.<br>**Exh. B, Sobaszek Depo** at 79:16-18. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates law. |
| **116.**   Officers are trained to give clear commands and give an opportunity to comply if safe to do so.<br><br>Plaintiff's Evidence:<br>**Exh. C, Irick Depo** at 69:17-25. | **Not a material fact.**<br>**Additional Objections:**<br>**FRE 401/402:** relevance |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **117.** Officers are trained to give a verbal warning before using deadly force when feasible.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 82:4-8.<br>**Exh. B, Sobaszek Depo** at 79:19-21.<br>**Exh. C, Irick Depo** at 63:8-10. | **Not a material fact.**<br>**Additional Objections:**<br>**FRE 401/402:** relevance |
| **118.** Officers are trained to consider their backdrop when using deadly force.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 81:12-15.<br>**Exh. B, Sobaszek Depo** at 79:10-12<br>**Exh. C, Irick Depo** at 63:11-13. | **Not a material fact.** |
| **119.** Training sergeant Reynoso believes they can use deadly force by shooting a subject in the back while running away with a gun in hand, because of the mere possibility of future harm that the subject could somehow tilt the gun back and shoot behind them without even looking back.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 46:8-47:4. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates law. |
| **120.** And field training officer Sobaszek believes that it would have been justifiable to use deadly force when Gonzalez was inside the vehicle before it started moving.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 36:5-21. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates law. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **121.** And field training officer Sobaszek believes that it would have been justifiable to use deadly force before and while Gonzalez was near the truck ramp (i.e., before seeing a gun and turning).<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 43:23-44:20, 45:14-17. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged. |
| **122.** Reynoso erroneously testified that prior to firing his first shot, he believed that Gonzalez fired.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 9:2-4.<br>**See AF 57** (Gonzalez never fired the gun at Officers.)<br>**See AF 81** (Reynoso decided to fire prior to seeing gun in hand.)<br>**See AF 82** (contageous fire.)<br>**See AF 83** (Reynoso fired his first shot at Gonzalez while unarmed and falling to the ground, was not turning towards officers, having never shot at or pointed a gun at officers, after officers repeatedly fired at Gonzalez.) | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **123.** Reynoso erroneously testified that at the time of my first shot, Gonzalez had a firearm in his right hand and was turning, looking back at Officers.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 8:18-25, 13:7-9, 64:7-9.<br>**See AF 76, 83** (Gonzalez already dropped the gun.) | **Disputed**. The evidence cited does not support the fact alleged.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **124.** Reynoso erroneously testified that prior to firing each shot at Gonzalez he observed the firearm in his right hand.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 10:9-22, 14:16-18, 65:18-23.<br>**See AF 76, 83** (Gonzalez already dropped the gun.) | **Disputed**. The evidence cited does not support the fact alleged.<br><br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **125.** Reynoso erroneously testified that the gun is dropped "after officers have stopped shooting."<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 79:23-80:1.<br>**See AF 76-100** (most shots were fired after Gonzalez dropped the gun.) | **Disputed**. The evidence cited does not support the fact alleged.<br><br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **126.** Reynoso could not describe there the gun was in relation to Gonzalez's body.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 13:19-25. | **Disputed**. The evidence cited does not support the fact alleged.<br><br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **127.** Sobaszek erroneously testified that Gonzalez was sideways when he used deadly force such that he could see the front of Gonzalez's body. | **Disputed**. The evidence cited does not support the fact alleged.<br><br>**Disputed** to the extent that the statement suggests that Defendants |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| **Plaintiff's Evidence:**<br>**Exh. B, Sobaszek Depo** at 29:5-15.<br>**See AF 69-71** (Gonzalez was not sideways and the front of his body cannot be seen.) | shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **128.** The Officers shootings were found to be within policy.<br><br>**Plaintiff's Evidence:**<br>**Exh. C, Irick Depo** at 75:5-8. | **Undisputed.** |
| **129.** Now, Reynoso is the training sergeant responsible for facilitating training standards according to POST and department policy.<br><br>**Plaintiff's Evidence:**<br>**Exh. A, Reynoso Depo** at 5:17-22, 6:4-7, 38:24-39:5. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **130.** Sobaszek was a field training officer and SWAT team member and three months after the incident, he was promoted to corporal and assigned to investigations.<br><br>**Plaintiff's Evidence:**<br>**Exh. B, Sobaszek Depo** at 7:10-11, 7:25-8:9, 12:15-13:4. | **Not a material fact.**<br>Irrelevant. Sobaszek's rank and duties have nothing to do with the incident involving Gonzalez. |
| **131.** Reynoso had encountered approximately 25 suspects with a gun in hand and used deadly force on four of them other than this incident.<br><br>**Plaintiff's Evidence:**<br>**Exh. A, Reynoso Depo** at 34:15-21. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| | **Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **132.** Reynoso's first officer-involved shooting was approximately in 2017; Reynoso does not remember the subject's name or if the subject was armed with a weapon.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 34:25-35:4, 35:14-18, 35:25-36:3. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **133.** Reynoso's second shooting was also in approximately 2017; he again does not recall the name of the person Reynoso shot at.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 36:4-12. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **134.** Reynoso's third shooting was in late 2017 to early 2018; where he also deployed his canine, the subject did not have a firearm but was in a vehicle; does not recall the person's name; which resulted in litigation.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 37:12-38:16, 39:10-15. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **135.** Reynoso's fourth shooting was approximately in the end of 2018, where | **Not a material fact.** |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Reynoso claimed the person had a firearm in each hand.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 38:21-23, 39:17-23. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **136.** This was Reynoso's fifth shooting.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 40:5-9. | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **137.** Reynoso had been present for a sixth officer-involved shooting incident where Hemet officers shot an innocent bystander in his backyard while looking for a suspect.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 40:18-41:6. Sincich Decl. ¶14, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(a). | **Not a material fact.** Disputed as phrased.<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **138.** Reynoso used deadly force against Michael Martin.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 49:8-22. Sincich Decl. ¶16, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(h). | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:** |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| | **FRE 401/402:** relevance |
| | **FRE 403:** misstates evidence, misleading, misstates testimony. |
| **139.** Reynoso used deadly force against Massiah Acosta.<br><br>Plaintiff's Evidence:<br>**Exh. A, Reynoso Depo** at 49:23-50:5. Sincich Decl. ¶15, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(b). | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **140.** Sobaszek was involved as a witness in two other Gang Task force officer involved shooting cases prior to this incident.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 5:20-6:6, 8:18-20, 8:15-24. | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **141.** Like here, Helman was running from officers, officers claimed he pointed a gun at them, but he did not, and Helman was shot in the back without warning.<br><br>Plaintiff's Evidence:<br>**Exh. B, Sobaszek Depo** at 22:11-24:4. [defense counsel instructed Sobaszek not to answer whether Helman was running away when he was shot, whether Helman ever pointed a gun, whether Sobaszek was aiming at Helman's back, how many shot were fired at Helman, whether a verbal warning was given, and whether | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br>**Additional Objections:**<br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Sobaszek saw an object in Helman's hand before firing]<br><br>Sincich Decl. ¶17, Doc. 1-1, Plaintiff's Complaint for Damage, ¶57(b). | |
| **142.** The only person who was injured from this incident other than Gonzalez was an officer who was bitten by the police canine.<br><br><u>Plaintiff's Evidence:</u><br>**Exh. B, Sobaszek Depo** at 72:13-15.<br>**Exh. C, Irick Depo** at 71:21-72:9.<br>**Exh. H, Surveillance Video** at 03:30-05:00 (K9 attack on a police officer). | **Not a material fact.**<br>**Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><u>**Additional Objections:**</u><br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony. |
| **143.** Evidence of ratification exists.<br><br><u>Plaintiff's Evidence:</u><br>**Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force).<br><br>**Exh. G, City Responses to RFA2**, City failed to respond to *Monell* Request No. 111 (final policymaker reviewed the videos); No. 112 (final policymaker knew from videos that Gonzalez was shot in the back running away); No. 113 (final policymaker knew from videos that Gonzalez was shot while on the ground); No. 114 (final policymaker | **Disputed** to the extent that the statement suggests that Defendants shooting at Plaintiff was unreasonable or unjustified based on the totality of circumstances.<br><u>**Additional Objections:**</u><br>**FRE 401/402:** relevance<br>**FRE 403:** misstates evidence, misleading, misstates testimony.<br>**Disputed.** The evidence cited does not support the fact alleged.<br>The City, in fact, provided responses to all written discovery requests. |

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| knew from videos that Gonzalez was shot while unarmed). | |
| **144.** Evidence of failure to train exists.<br><br>Plaintiff's Evidence:<br>**See AF Nos. 31-41**.<br><br>**Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force); No. 79 (in the last 10 years offices have used deadly force against subject without weapon in hand); No. 80 (in the last 10 years officers have used deadly force against subjects attempting to flee); No. 81 (in the last 10 years officers have used deadly force against subjects on the ground). | **Disputed**. The evidence cited does not support the fact alleged.<br>The City provided responses to all written discovery. |
| **145.** Evidence of unconstitutional pattern and practice exists.<br><br>Plaintiff's Evidence:<br>**See AF Nos. 31-41**.<br><br>**Exh. F, City Responses to RFA1**, City failed to respond to *Monell* Request Nos. 16-17 (Officers were not disciplined); Nos. 18-19 (Officers were not required to repeat training); Nos. 20-21 (Officers were not required to get additional training); Nos. 22-23 (City found force in policy); Nos. 26-27 (City policymaker approved of Officers' | **Disputed**. The evidence cited does not support the fact alleged.<br>The City responded to all written discovery requests. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| force); Nos. 28-30 (no officer has ever been terminated for their use of deadly force); No. 79 (in the last 10 years offices have used deadly force against subject without weapon in hand); No. 80 (in the last 10 years officers have used deadly force against subjects attempting to flee); No. 81 (in the last 10 years officers have used deadly force against subjects on the ground). | |
| **146.**  Police officers are trained that for their force to be appropriate the level and manner of force must be proportional to the level of resistance and threat with which they are confronted. Proportionality is best understood as a range of permissible conduct based on the totality of the circumstances, rather than a set of specific, sequential, predefined force tactics arbitrarily paired to specified types or levels of resistance or threat.<br><br>Plaintiff's Evidence:<br>**Noble Decl** ¶7. | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged. |
| **147.**  Police officers are trained, to use deadly force, there must be an immediate threat of death or serious bodily injury.  An officer's perception that a threat exists is reasonable when the officer has reason to believe that an individual has the ability, opportunity, and intent to cause harm.  Ability means the individual's physical capability to cause an identifiable type of harm.  Opportunity refers the environment and situation, specifically with regard to the individual's proximity to the potential target were targets.  And demonstratable intent refers to the individual's | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged. |

Case No. 5:25-cv-00331-KK-DTB

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| perceived mental state, their apparent desire to cause physical harm the target or targets.<br><br>Plaintiff's Evidence:<br>**Noble Decl ¶8.** | |
| **148.** An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.<br><br>Plaintiff's Evidence:<br>**Noble Decl ¶9.** | **Not a material fact.**<br>**Disputed**. The evidence cited does not support the fact alleged. |
| **149.** The objective video evidence speaks for itself, showing that Mr. Gonzalez never pointed a gun at any officer or person. Mr. Gonzalez was looking forward and away from the officers, and had put his hand down, then after taking approximately six steps forward, the officers began to open fire. Several shots were fired while Mr. Gonzalez was on his feet moving away from the officers, not looking back and not pointing a gun at the officers. Several more shots were fired as Mr. Gonzalez was falling to the ground, including after he had already dropped the gun. Finally, over ten shots were fired while Mr. Gonzalez was on his knees and lying on the ground and unarmed. Under these facts alone, no reasonable officer would believe that Mr. Gonzalez was an immediate threat of death or serious bodily injury to any officer or person. Mr. Gonzalez never had the requisite present ability, opportunity, and apparent intent to | **Disputed**. The evidence cited does not support the fact alleged. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| immediately cause death or serious bodily injury to any person or officer. Therefore, it is my opinion that all shots fired were excessive, objectively unreasonable and inconsistent with generally accepted police practices, including POST.  It is not acceptable or justifiable to use deadly force against a person while running away, even with a gun in hand, under these circumstances, and especially not while the person is unarmed and on the ground.<br><br>Plaintiff's Evidence:<br>**Noble Decl** ¶10. | |
| **150.**   Reynoso fired six shots at the following frames: 51661, 51672, 51680, 51685, 51691, and 51697.<br><br>Plaintiff's Evidence:<br>**Holdaway Decl** ¶9.<br>**Exh. J, Reynoso Screenshots** at 46, 57, 65, 70, 76, and 82. | **Disputed**. The evidence cited does not support the fact alleged. |
| **151.**   Sobaszek fired ten shots at the following frames: 51829, 51836, 51843, 51849, 51866, 51877, 51885, 51893, 51899, and 51908.<br><br>Plaintiff's Evidence:<br>**Holdaway Decl** ¶10.<br>**Exh. L, Sobaszek Screenshots** at 68, 75, 82, 88, 105, 116, 124, 132, 138, and 147. | **Disputed**. The evidence cited does not support the fact alleged. |
| **152.**   The officers had the opportunity to give a deadly force warning to Mr. Gonzalez during the foot pursuit given that they gave several commands including "get on the ground" and "drop it."  However, the officer did not give a | **Disputed**. The evidence cited does not support the fact alleged. |

42

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| verbal warning to Mr. Gonzalez that if he did not stop, did not get on the ground, or if he did not drop the gun that he would be shot by officers.<br><br>Plaintiff's Evidence:<br>**Noble Decl** ¶11. | |
| **153.**   Gunshot Wound to Left Back: resulting in fractures to the left 8th and 9th ribs and bruising the lung. Bullet fragments present between the skin and ribs in the area but do not penetrate into the thoracic cavity. Photographs of the bullet entrance wound demonstrate a dramatic elliptical shape with an abrasion collar only at the posterior aspect.  These findings are consistent with a largely back to front trajectory of the bullet.<br><br>Plaintiff's Evidence:<br>**O'Connor Decl** ¶4. | **Disputed**. The evidence cited does not support the fact alleged. |
| **154.**   Gunshot Wound to the Left Thigh: entrance wound to left lateral thigh with retained bullet in the right abdomen and causing bowel injury.  Photographs of the entrance wound demonstrate an elliptical shape with an abrasion collar at approximately the 5 o'clock position consistent with a distinct upwards path of travel.  This bullet entered the side of the left thigh and traveled from left to right, back to front, and upwards.  As the "upwards" description of the trajectory of the bullet is relative to the neutral anatomic position, it is possible, for example that Mr. Gonzalez was on the ground or in the process of falling to the ground when this gunshot occurred. | **Disputed**. The evidence cited does not support the fact alleged. |

| Plaintiff's Additional Material Facts | Defendants' Disputes |
|---|---|
| Plaintiff's Evidence:<br>**O'Connor Decl ¶5.** | |
| **155.** Gunshot Wound to the Bottom of Left Foot: the orientation of the skin tags on the periphery of the wound is consistent with a back to front trajectory of the bullet.<br><br>Plaintiff's Evidence:<br>**O'Connor Decl ¶6.** | **Disputed**. The evidence cited does not support the fact alleged. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' DISPUTES TO PLAINTIFF'S ADDITIONAL MATERIAL FACTS