**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No. 5:25-cv-00331-KK-DTB** <br><br> [*Honorable Kenly Kiya Kato*] <br> Magistrate Judge David T. Bristow <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 1 TO EXCLUDE INFORMATION UNKNOWN** <br><br> **FPTC/Hearing on Motions *in Limine*:** <br> Date:    April 23, 2026 <br> Time:    10:30 a.m. <br> **Jury Trial** <br> Date:    May 11, 2026 <br> Time:    08:30 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 1 to Exclude Information Unknown, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to the Defendant Officers at the time of their uses of force, including:

A.    **PERSONAL HISTORY**: Plaintiff's irrelevant and unrelated personal and family history including relationship history, unrelated arguments or domestic

dispute history, any prior wrongs or bad acts, residence history, education history, disciplinary history, work history, children's history, social media history, living arrangements, license suspension, being involved in a lawsuit as a child, and any information from the testimony of Yvette Nieves (Plaintiff's ex-girlfriend) and Rina Salgado (Ms. Nieve's sister) that was not known to the Defendant Officers about Plaintiff. All this information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial.

B.    **MEDICAL HISTORY**: Plaintiff's unrelated and unclaimed medical history, including unrelated physical injuries, and unrelated mental health issues such as schizophrenia, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, impermissible character evidence, private and confidential, doctor-patient privilege, and therapist-patient privilege, therefore should be excluded from trial.

C.    **AFTER-ACQUIRED INVESTIGATORY INFORMATION**: after-acquired investigatory records (post-incident discovered, drafted, created) and information therefore, including Defendant State's Critical Incident Investigation Report (State 1-1128), Riverside County Sheriff's Incident Report (State 1129-1303), Hemet Incident Reports and Supplemental Reports (COH 1-100, 130-133, 159-186, 224-480), videos of statements of persons after the incident not known to Defendant Officers, interview with witnesses, information related to the gun not known to Defendant Officers, photos of guns and ammunition, any drug use or toxicology results information, and any internal findings that the force used was within policy. This information was clearly unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks

misleading the jury, and impermissible character evidence, therefore should be excluded from trial.

**IT IS SO ORDERED.**

DATED:_____                              _____

Honorable Kenly Kiya Kato

United States District Judge