# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GEORGE GONZALEZ,

Plaintiff,

v.

STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,

Defendants.

**Case No. 5:25-cv-00331-KK-DTB**

[*Honorable Kenly Kiya Kato*]
Magistrate Judge David T. Bristow

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION *IN LIMINE* No. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

**FPTC/Hearing on Motions *in Limine***:
Date:    April 23, 2026
Time:    10:30 a.m.
**Jury Trial**
Date:    May 11, 2026
Time:    08:30 a.m.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Having reviewed Plaintiff's Motion *in Limine* No. 2 to Exclude Crimes, Wrongs, and Bad Acts, and GOOD CAUSE appearing therein, Plaintiff's Motion is HEREBY GRANTED that it is excluded from evidence, testimony, argument, or reference at trial any information unknown to the Defendant Officers at the time of their uses of force, including:

A.    **PRE-INCIDENT CRIMINAL HISTORY and BAD ACTS**: Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole,

allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, domestic violence, suspended license, gang activity, drug use, family threats, and driving while under the influence, and any information from the testimony of Yvette Nieves (Plaintiff's ex-girlfriend) and Rina Salgado (Ms. Nieve's sister) that was not known to the Defendant Officers about Plaintiff. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

B.     **INCIDENT RELATED CRIMINAL ACTION**: Plaintiff's criminal history and records related to this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, statement of the case, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail forms, arrest reports, court transcripts and records, including related plea convictions of reckless evading of a peace officer (VC 2800.2), felon in possession of a firearm (PC 29800), delaying a public officer (PC 148), and the restraining order that initiated the interaction with the police. This information and records thereof were either unknown to the Defendant Officers, or otherwise irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Alternatively, Plaintiff proposes that if the Court finds that there is any minimal probative value to Plaintiff's restraining order or convictions reason for it, that the testimony and argument be limited in time and scope, only to the fact of Plaintiff's conviction and the title of claims for which he was convicted, and the fact of a restraining order.

C.     **POST-INCIDENT CRIMINAL ACTIONS**: Plaintiff's criminal history and records related to this current incarceration but unrelated to this incident, including all booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, videos, statements, District Attorney complaint

[PROPOSED] ORDER RE. PLAINTIFF'S MOTION *IN LIMINE* NO. 2

and records, bail forms, arrest reports, and court transcripts and records, including for (1) Gonzalez's October 15, 2025 arrest that includes attempt to elude peace officer (VC 2800.2), kidnapping (PC 207), willful child cruelty (PC 273a), felon in possession of a firearm (PC 29800), and possession of ammunition (PC 30305); and (2) Gonzalez's November 11, 2025 arrest that includes infliction of corporal injury to spouse (PC 273.5), violation of protective order (PC 166), and delaying a peace officer (PC 148) – both arrests for which he is currently incarcerated. This post-incident information and records thereof were unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Further, Plaintiff requests that (i) he be permitted to dress in plain clothes during his appearance at the civil trial and shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated; (ii) that the correctional officers/marshals/deputies accompanying Plaintiff at the trial shall be dressed in plainclothes, that any correctional officers/marshals/deputies transporting or accompanying Plaintiff in and out of the courtroom or courthouse shall be prohibited from dressing in uniform and prohibited from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers; and (iii) that Plaintiff shall not be handcuffed, shacked, or otherwise restrained in any way that would indicate that he is currently incarcerated and/or being transported to and from any detention facility for this trial.

   D.    **AGENCY FINDINGS**: California Highway Patrol, Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

**IT IS SO ORDERED.**

DATED:_____                    _____

Honorable Kenly Kiya Kato

United States District Judge