**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE GONZALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive, <br><br> Defendants. | **Case No.: 5:25-cv-00331-KK-DTB** <br><br> [*Honorable Kenly Kiya Kato* <br> Magistrate Judge David T. Bristow] <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 3 TO EXCLUDE DEFENDANTS LATE EXPERT DISCLOSURES** <br><br> [(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*] <br><br> **Final Pretrial Conference:** <br> Date:    April 23, 2026 <br> Time:    10:30 a.m. <br> **Trial:** <br> Date:    May 11, 2026 <br> Time:    09:30 a.m. <br> Place:    Courtroom 3 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff GEORGE GONZALEZ hereby moves *in limine* for an order excluding several of Defendants' late expert disclosures and opinions on the following grounds: Defendants' initial expert disclosures violated Rule 26(a)(2)(B), Defendants disclosure of rebuttal and supplemental opinions past the rebuttal disclosure dead line and on the last day of expert discovery cut-off was late and in violation of this Court's Scheduling Order, and these experts opinions greatly overlap and risk unfair prejudice and cumulative evidence that will not be helpful to the jury. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, and 702 and Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motions *in Limine* Nos. 1-4 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

/ / /

Respectfully submitted,

DATED: March 26, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: ___/s/_____ *Marcel F. Sincich*_____
    Dale K. Galipo
    Trenton C. Packer
    Marcel F. Sincich
    *Attorneys for Plaintiff*

PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This civil rights action arises from the excessive and unreasonable shooting of Plaintiff George Gonzalez by CHP Officer Sean Irick, and Hemet Officers Patrick Sobaszek and Andrew Reynoso, on January 24, 2024. In pertinent part, after a vehicle pursuit and during a subsequent foot pursuit, Gonzalez never pointed a gun, did not make a furtive movement with the gun, was not looking at the officer, and did not verbally threaten anyone, yet Defendants fired twenty-five rounds at Gonzalez, without warning, including while he was moving away, falling to the ground, on the ground, after dropping the gun. Gonzalez was shot in the back after officers failed to de-escalate, failed to attempt less-intrusive alternatives, and while Gonzalez was slowing down to surrender—when he did not pose an immediate threat of death or serious bodily injury. By way of the instant motion *in limine*, Plaintiff moves to exclude Defendants' untimely, cumulative, and unhelpful expert disclosures, including (1) Rod Englert, (2) Dr. Swathi Kode, and (3) Samir Lyons, pursuant to Fed. R. Civ. Pro. 26(a)(2)(B) and Fed. R. Evid. 401, 403, and 702.

### II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties any witness who will present opinion testimony under Rule 702, with a written report. That written expert "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them. Fed. R. Civ. Pro. 26(a)(2)(B).

Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. Pro. 26(a)(2)(D). District courts have inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

Here, this Court's Civil Trial Scheduling Order required "Last Day to Serve Initial Expert Reports: **12/4/2025,**" The "Last Day to Serve Rebuttal Expert Reports: **12/18/2025**," and "Expert Discovery Cut-Off (including hearing of discovery motions): **1/8/2026**." (Dkt. 31 at 1 (emphasis added).)

Defendants violated Rule 26 and violated this Court's Order. Therefore, Defendants noncompliant expert reports and opinions should be excluded from trial.

## III.   DEFENDANTS FAILED TO COMPLY WITH THIS COURT'S SCHEDULING ORDER

These dates have a purpose and should not be ignored at the expense and prejudice of the opposing party. Of note, Defendants did not attempt to request leave of Court to serve late disclosures. Instead, Defendants gave deficient Rule 26 initial expert disclosures, then waited until the last day for expert discovery and beyond to serve rebuttal expert reports titled "supplemental."

On December 4, 2025, Defendants City of Hemet, Sobaszek, and Reynoso served their Initial Expert Disclosures naming Dr. Swathi Kode and Rod Englert as experts. (Exh. H, City Initial Expert Discl.) Also on December 4, 2025, Defendants State and Irick served their Initial Expert Disclosures naming Samir Lyons and Rob Englert as experts. (Exh. E, State Initial Expert Discl.) All these reports were deficient in violation of Rule 26. On December 18, 2025, Defendant failed to serve rebuttal reports. Then on January 8, 2026, the last day of expert discovery including for the hearing of motions, the Hemet Defendants served a Supplemental Expert Disclosure with modification to Dr. Kode and Mr. Englert initial expert reports. (Exh. M, City Suppl. Expert Discl.) Then a week later, on January 16, 2026, State Defendants served their Supplemental Expert Disclosures with modification Mr. Englert's initial expert report and nothing further from Samir Lyons. (Exh. K, State Suppl. Expert Discl.)

Defendants' primary excuse for violation of this Court's Order and providing deficient initial expert reports is that all parties have a duty to supplement if there is

2       Case No.: 5:25-cv-00331-KK-DTB

additional information that was not otherwise made known to the party pursuant to Rule 25(e). Defendants' argument fails simply because there was no new information, just late opinions. Defendants had the opportunity but failed to conduct investigations timely and submit report in compliance with this Court's Order.

**A.    State Defendants' Animation Expert Samir Lyons**

State Defendants' animation expert, Samir Lyons, and any later disclosed animation, should be excluded from trial. Samir Lyons' 2-page initial report merely stated, "I was retained by Deputy Attorney General, Ashley Reyes, to collaborate with Englert Forensics to create demonstratives of their opinions and analysis of the above-named case. I reserve the right to produce demonstrative animations or visuals based on Englert Forensics' analysis." (Exh. F, Lyons Report at 2.) However, Rule 26(a)(2)(B) requires that all written reports include a complete statement of opinions, the facts and data considered in forming opinions, and any exhibits that will be used to summarize or support the opinions. The Lyons' Report violated Rule 26 as it failed to provide any opinions, failed to provide any facts and data that would be considered in forming opinions, and as an animation expert failed to provide any animation. Furthermore, in State Defendants' "supplemental" disclosures, no supplemental report or animation of Samir Lyons' was provided. (Exh. K, State Suppl. Discl.) To this day, State Defendants have still failed to produce an animation. State Defendants must not be permitted to violate the Court's order, and violate Rule 26, and attempt to surprise Plaintiff and the Court with an animation on the eve of or for the first time at trial. Thus, Samir Lyons and any animation should be excluded.

**B.    Hemet Defendants' Expert Biomechanical Engineering Expert Dr. Swathi Kode**

Hemet Defendants' biomechanical engineering expert, Dr. Swathi Kode's, testimony should be limited to the opinions in the initial report produced in this matter. Dr. Kode apparently reviewed thousands of pages of discovery material and

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

inspected the scene on November 20, 2025. (Exh. I, Dr. Kode Initial Report at 39.) Any excuse by Defendants that they had no time is unreasonable. Defendants could have scheduled the scene inspection earlier instead of waiting until just two weeks prior to the initial expert disclosures. In Dr. Kode's Initial Report, instead of providing any opinions at all, Dr. Kode merely stated, "At the time of this report, evidence inspection has not yet been completed. Further analysis of the evidence, including reconstruction and biomechanical evaluation, is necessary before forming final opinions. A supplemental report will be prepared after the remaining documents and evidence have been reviewed." (Exh. I, Dr. Kode Initial Report at 41.) There is no excuse for this failure to provide opinions. It was incumbent on Defendants to hire their biomechanical engineer with sufficient time in advance to review the evidence, do any inspection the expert feels necessary, evaluate the evidence, form opinions, and disclose a Rule 26 compliant report pursuant to Court Order. Defendants failed to do so.

On January 8, the last day of expert discovery, Hemet Defendants produced a "supplemental" report which they claim is based on additional documents reviewed. Those additional documents included the Plaintiff's three expert reports. (Exh. N, Dr. Kode Suppl. Report at 1.) Any opinions based on Plaintiff's expert reports, which were timely served on December 4, 2025, would be rebuttal opinions that should have been included in a rebuttal report due December 18, 2025, pursuant to this Court's Order. Defendants cannot mask their late rebuttal opinions merely by labeling the document a supplemental report.

Further, Dr. Kode's "supplemental" report is also supposedly based on the addition of Plaintiff's Wasco Prison medical records and FARO Scene Data. (Exh. N, Dr. Swathi Suppl. Report at 1.) These two are also no excuse for late production of opinions and do not constitute a supplemental report. First. The FARO Scene Data was collected by City of Hemet investigators and forensic technicians on January 25, 2024, well in advance of the initial expert disclosures. If the FARO data,

4          Case No.: 5:25-cv-00331-KK-DTB

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

in Hemet's possession, was not provided to a Hemet expert timely, that is based on Hemet's dilatory conduct. Second, Plaintiff is unaware of specific FARO data being produced instead of mere reports from investigators stating that the FARO system was used. Third, Plaintiff produced Wasco Prison medical records during discovery well in advance of expert disclosures. Fourth, the only time information from the Wasco records is recorded in Dr. Swathi's "supplemental" report is referencing that Plaintiff was shot in the foot and leg and complained of a torn ACL and MCL of the right knee. The Riverside medical records, particularly from the emergency room, that Dr. Kode originally had already indicated that Plaintiff was shot in the foot and leg, which Dr. Kode notes in the initial report. (Exh. I, Dr. Kode Initial Report at 16-17.) Finally, there is no relevance or connection to Plaintiff's torn ACL and MCL to Dr. Kode's opinions. (Exh. N, Dr. Swathi Suppl. Report at 11-12.)

Further, Defendants failed to schedule the inspection of physical evidence for Dr. Kode until December 18, 2025. (Exh. N, Dr. Kode Suppl. Report at 7.) There is no reasonable excuse for Defendants' failure to schedule the inspection, if necessary, sooner. The failure to schedule the inspection timely is no fault of Plaintiff and he should not be prejudiced by Defendants' untimeliness. This clothing evidence was collected right after the incident in January 2024. Defendants could have scheduled the inspection of these items months earlier and failed to do so. Further, Dr. Kode does not rely on the inspection of physical evidence in forming opinions. (Exh. N, Dr. Kode Suppl. Report at 11-12.) Further, all opinions related to trajectory are and must be based on the projectile location on Plaintiff's body, not his clothing. For instance, a bunched-up jacket could indicate that a shot struck a different part of the body. What matters to the analysis is where the projectiles entered Plaintiff's body, the path the projectiles made through the body, and where they either exited the body or recovered in the body. Any association with the clothing risks causing confusion to the jury. Additionally, the purpose of Defendants' trajectory opinions is rebuttal to Plaintiff's trajectory opinions.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

Defendants argue that Plaintiff was shot in the thigh with an upward trajectory because he was in a bent forward position—attempting to show that Plaintiff was standing when the bullet entered his thigh and with an upward trajectory was found in his abdomen. Plaintiff contends that he was shot with an upward trajectory because he was on the ground. This is a rebuttal opinion, which should have been disclosed on December 18, 2025.

Finally, there is no relevance to Plaintiff's complaint of a torn ACL and MCL to Dr. Swathi's opinions. (Exh. N, Dr. Kode Suppl. Report at 11.)

The opinions of Dr. Kode are late, they are not based on information that was newly discovered but based on Defendants' failure to make the evidence available to the expert timely. Thus, Dr. Kode should be excluded from trial.

**C.      State and Hemet Defendants' Reconstruction Expert Rod Englert, and Defendants late Evidence Inspection**

All Defendants separately retained Rob Englert to produce a reconstruction of the incident. The State Defendants waited until October 1, 2025, to approve retention of Mr. Englert to review the case and perform the reconstruction, then waited until October 8, 2025, to produce the "initial case file materials." (Exhs. G & J, Englert Initial Report at 2.) The Hemet Defendants waited until November 18, 2025, to retain Mr. Englert in conjunction with the State. (Exhs. L & O, Englert Suppl. Report at 2.) All Defendants then waited to have their initial meeting with Mr. Englert on November 20, 2025, at 9:00 am to discuss the facts of the case and then continued as a site visit at 11:25 am. (Exh. G, Englert Initial Report at 6.)

Further, like Dr. Kode, Defendants failed to schedule the inspection of physical evidence for Mr. Englert until December 18, 2025. (Exh. K, Englert Suppl. Report at 2.) Again, there is no reasonable excuse for Defendants' failure to schedule the inspection, if necessary, sooner. Defendants could have scheduled the inspection of these items months earlier and failed to do so. The only relevant portion of the clothing inspection by Mr. Englert pertains to trajectory of shots fired.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

(Exh. K, Englert Suppl. Report at 6-29.) Still, only trajectory opinions based on where the projectiles entered Plaintiff's body, the path the projectiles made through the body, and where they either exited the body or recovered in the body are accurate and helpful. The images of bunched up and cut up clothing that are two-dimensionally laid flat on a table do not accurately reflect the trajectories in this case and are not helpful to the jury. Further, these are merely late disclosed rebuttal opinions, which should have been disclosed on December 18, 2025. Not only was Mr. Englert's supplemental report late generally, as it pertains to the State Defendants, it was not served until after the expert discovery cut off. Thus, Mr. Englert should be excluded from testifying on behalf of the State Defendants.

Even Mr. Englert's initial report should be excluded because based on his site visit and review of thousands of pages of documents, still, "All listed measurements are approximations," and "All diagrams and sketches are not to scale." (Exh. G, Englert Initial Report at 5; Exh. L, Englert Suppl. Report at 5.) As a reconstruction expert, Mr. Englert should be excluded because his initial report renders opinions "without performing a physical reconstruction of the event." Mr. Englert also claimed that "Pending evidence analysis and receipt of additional materials, an incident reconstruction opinion in this case cannot be rendered at this time." (Exh. G, Englert Initial Report at 13.) Mr. Englert also claimed that the videos of the incident do not reflect the true distances and spatial perspectives of the incident. (Exh. G, Englert Initial Report at 13.) Yet there is nothing in Mr. Englert's supplemental report that reflects a supposed reconstruction of "true distances and spatial perspectives" of the incident, instead Mr. Englert continues to use the videos. (Exh. L, Englert Suppl. Report at 5.) Mr. Englert initially claimed that "In order to better understand the sequence of events and most probable body positions during the shooting incident, a review of the physical evidence and reconstruction testing of various body positions are necessary." (Exh. G, Englert Initial Report at 14.)

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

Therefore, Mr. Englert's initial report and opinions are admittedly not based on a reasonable degree of scientific probability. (Exh. G, Englert Initial Report at 14.)

However, Mr. Englert's supplemental opinions tell a different story. Mr. Englert's "concluding opinions" are not opinions at all but merely statements of his observation of the videos. None of these "concluding opinions" have anything to do with review of medical records, review of physical evidence, or trajectory. Mr. Englert's "concluding opinions" and supplemental report contains information unknown and reiteration of what each of the Defendant Officer, eyewitnesses, and medical experts are already going to testify to. Mr. Englert's testimony will be cumulative and not helpful to the jury in determining any fact of consequence. (Exh. L, Englert Suppl. Report at 43-44.) The only other "additional information" Mr. Englert received were Plaintiff's medical records which were already in Defendants possession prior to expert disclosures, and medical opinions are outside of Mr. Englert's expertise and are not reflected in his opinions. Tellingly, Mr. Englert cites the Riverside University Health System Medical Center records in his initial report. (Exh. G, Englert Initial Report at 5.)

Thus, Mr. Englert's rebuttal/supplemental report should be excluded.

## IV. PLAINTIFF IS PREJUDICED BY DEFENDANTS' FAILURE TO FOLLOW RULE 26 AND THIS COURT'S ORDER

Evidence that does not tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable is not admissible. Fed. R. Evid. 401, 402. In this matter, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). To the extent that any expert report attempts to reveal information unknown to the Defendant Officers (see Plaintiff's Motions *in Limine* No. 1-2), including whether the gun was loaded, is not relevant to this matter and should be excluded.

**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

Even if there is relevance to late disclosed opinions of Samir Lyons, Dr. Swathi Kode and Rob Englert, that probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Fed. R. of Evid. 403. First, it is clear from their reports that Mr. Englert's report was meant to be foundational to an animation of Samir Lyons that was never produced. Second, Dr. Kode and Mr. Englert's reports and opinions greatly overlap. It would be prejudicial to Plaintiff for Defendants to attempt to bolster their arguments with multiple experts opining on the same thing. Third, Defendants late disclosure of "supplemental" opinions prejudice Plaintiff as they did not allow Plaintiff with the opportunity to either take the experts' depositions or attain rebuttal reports if necessary withing the deadlines provided by the Court. Defendants' experts had the benefit of Plaintiff's expert reports to form their late rebuttal opinions and waited until the last day for expert discovery and beyond to disclose those rebuttal opinions.

Plaintiff will be prejudiced by admission of testimony based on Defendants' violation of Court's Order and Rule 26.

## V.   CONCLUSION

For the foregoing reasons, the late disclosed rebuttal reports and opinions of Samir Lyons, Dr. Swathi Kode and Rob Englert should be excluded from trial.

Respectfully submitted,

DATED: March 26, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: ___/s/_____ *Marcel F. Sincich*_____
        Dale K. Galipo
        Trenton C. Packer
        Marcel F. Sincich
        *Attorneys for Plaintiff*

9        Case No.: 5:25-cv-00331-KK-DTB

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Plaintiff certifies that this brief contains 2,913 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

DATED: March 26, 2026        **LAW OFFICES OF DALE K. GALIPO**
                             **GRECH, PACKER, & HANKS**


                             By:  ___/s/_____*Marcel F. Sincich*_____
                                  Dale K. Galipo
                                  Trenton C. Packer
                                  Marcel F. Sincich
                                  *Attorneys for Plaintiff*