Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Kimberly L. Aceves (State Bar No. 364642)
  *kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, *City of Hemet,
Andrew Sobaszek, and Andrew Reynoso*



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET, PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**[MOTION IN LIMINE NO. 1]**<br><br>**NOTICE OF MOTION AND MOTION *IN LIMINE* TO TRIFURCATE TRIAL INTO THREE PHASES: (1) LIABILITY PHASE, COMPENSATORY DAMAGES CALCULATION, AND PUNITIVE DAMAGES PREDICATE; (2) PUNITIVE DAMAGES CALCULATION, IF NECESSARY; AND (3) *MONELL* LIABILITY, *MONELL* DAMAGES CALCULATION, IF NECESSARY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Kenly Kiya Kato<br>Date:  4/23/2026<br>Time:  10:30 am<br>Crtrm.: 3, 3rd floor<br><br>Trial Date: 05/11/2026 |

---

**DEFENDANTS' MOTION IN LIMINE NO. 1**

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, defendants will move in limine for an order to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

This motion is based on all pleadings, records and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion. This motion is made following conference of counsel which took place via Zoom conference on March 12, 2026.

DATED:  March 26, 2026          Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Andrea K. Kornblau_____
    Eugene R. Ramirez
    Andrea K. Kornblau
    Attorneys for Defendants, CITY OF
    HEMET, PATRICK SOBASZEK, and
    ANDREW REYNOSO

**DEFENDANTS' MOTION IN LIMINE NO. 1**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants respectfully seek an order from the Court trifurcating the trial in this matter into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

By requiring that punitive damages be separated, it avoids the unnecessary presentation and questioning about the individual Defendant officer's personal finances and net worth if unnecessary, which will help to expedite trial. In addition, bifurcation of *Monell* is appropriate because if the jury returns a verdict in Defendants' favor, there will be no need for a second phase on the *Monell* claims *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (explaining there can be no *Monell* liability unless the individual officer is liable).

**II.    TRIFURCATION WILL RESULT IN AN EFFICIENT PRESENTATION OF THE EVIDENCE.**

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

*See also, Arthur Young & Co. v. United States Dist. Court*, 549 F.2d 686, 697 (9th Cir. 1977) ["Bifurcation of the trial of liability and damage issues is well within the scope of a trial court's discretion under Fed.R.Civ.P. 42(b)."]

The District Courts have "broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Easton v. City of Boulder, Colo*., 776 F.2d 1441, 1447 (10th Cir. 1985); *see also, Exxon v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir. 1985); *see also, Davis v. Freels*, 583 F.2d 337, 343 (7th Cir. 1978) [excessive force case]. The factors to consider are: (1) prejudice to the parties; (2) possible confusion of jurors; and (3) resulting

DEFENDANTS' MOTION IN LIMINE NO. 1

convenience and economy. *In re Beverly Hills Fire Litig*., 695 F.2d 207 216 (6th Cir. 1982). A court may bifurcate a trial in order to deal with the easier issue of liability as it may be dispositive as to damages. *Huizar v. City of Anaheim (Estate of Diaz),* 840 F.3d 592, 601 (9th Cir. 2016). The court may also bifurcate to avoid the prejudice from graphic and prejudicial evidence. *Id*. at 603.

Trifurcation is appropriate in this case for several reasons. First, there would be no prejudice to plaintiff by trifurcating trial into three phases. Plaintiff will have a full opportunity to present his case to the jury concerning his theory of excessive force, as well as evidence regarding liability. Most importantly, trifurcation of the damages evidence and argument would allow a logical presentation of the evidence and avoid potential jury confusion on the issue of whether liability exists as opposed to the separate and independent arguments for damages. Lastly, trifurcation of punitive damages and *Monell* liability would save time and money which might not need to be expended if there is no finding of liability. Therefore, trifurcation of trial into three phases is appropriate.

## III.   TRIFURCATION OF PUNITIVE DAMAGES WILL AVOID NEEDLESS PRESENTATION OF EVIDENCE.

"Issues of punitive damages should normally be bifurcated from issues of liability so that proof of wealth is not admitted at the trial on liability and compensatory damages. [citations]." *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004). "[T]he financial standing of the defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded. [citations]. The rationale behind this general rule is sound.  The design of compensatory damages is to make plaintiff whole, and the ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result. " *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977)(citations omitted).

The invasion of privacy to the individual defendant regarding personal

4

finances for the punitive damages portion will result if this case is not bifurcated. Admission of evidence of an individual defendant's wealth or financial condition is irrelevant and prejudicial to the individual defendant if admitted at trial with issues of liability. The evidence that would be introduced to determine the amount of punitive damages to be assessed against the individual defendant is irrelevant to plaintiff's claims of liability.  All that is relevant to plaintiff's claims of liability against the individual defendant is evidence as to the events that transpired. Admitting evidence pertaining to the individual defendant's personal finances and net worth would be prejudicial to defendants, and might confuse the jury in its consideration of liability. The presentation of evidence regarding the defendant deputy's finances and net worth may be unnecessary and would be intrusive, especially if no liability is found. Therefore, bifurcation of punitive damages is appropriate.

## IV.    TRIFURCATION OF THE *MONELL* CLAIM IS APPROPRIATE.

Trifurcation of *Monell* is appropriate because if the jury returns a verdict in the defendants' favor, there will be no need for a phase on the *Monell* claim. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (absent any constitutional violations by its deputies, there can be no *Monell* liability against the County of Riverside).

Courts routinely bifurcate trials when plaintiff asserts municipal liability under *Monell*. As the Ninth Circuit explained in *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996), "bifurcation enable[s] the [C]ourt to separate the questions regarding the constitutionality of the . . . officers' actions from the questions regarding the [county's] liability under *Monell*." *See, e.g., Vazquez v. City of Long Beach*, 2016 U.S. Dist. LEXIS 188915, at \*3 (C.D. Cal. Apr. 19, 2016)(noting that the practice in the Central District is to bifurcate *Monell* which practice has been approved by the Ninth Circuit).

Here, plaintiff has plead a *Monell* claim against the City of Hemet, and to

5

ensure a fair presentation of evidence without any prejudice to defendants, the claim must be bifurcated from the liability phase.

## V. DEFENDANTS WILL SUFFER UNDUE PREJUDICE IF TRIFURCATION IS NOT GRANTED.

Defendants are entitled to have the jury resolve the liability issue based upon evidence relating solely to liability and not based upon the distinct, prejudicial evidence relating to damages.  A determination with respect to liability can be made fairly and impartially only if evidence of damages is excluded until such time as liability may be found.  This is the only means by which prejudice towards defendants can be avoided. In addition, trifurcation of *Monell* is necessary so that questions regarding the constitutionality of the officer's actions in this case are kept separate from the questions regarding the City of Hemet's liability under *Monell*. Introducing evidence regarding the City's policies, customs, practices, and other incidents involving other officers in unrelated incidents in the individual liability phase would confuse the jury and prejudice the individual defendants who are only liable for their own actions.

///
///
///
///
///
///
///
///
///
///
///
///

**DEFENDANTS' MOTION IN LIMINE NO. 1**

## VI.    CONCLUSION

Based on the foregoing, defendants respectfully request an order to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and *Monell* damages calculation, if necessary.

DATED:  March 26, 2026                         Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:          */s/ Andrea K. Kornblau*
Eugene R. Ramirez
Andrea K. Kornblau
Attorneys for Defendants, CITY OF HEMET, PATRICK SOBASZEK and ANDREW REYNOSO

**DEFENDANTS' MOTION IN LIMINE NO. 1**