ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
State Bar No. 242372
  1300 I Street, Suite 125
  Sacramento, CA 95814
  Telephone: (916) 210-7663
  Fax: (916) 322-8288
  E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol and Officer Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>                                    Plaintiff,<br><br>             v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>                                    Defendants. | 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**<br><br>Date:        April 23, 2026<br>Time:        10:30 a.m<br>Courtroom:  3<br>Judge:       The Honorable Kenly Kiya Kato<br>Trial Date:  May 11, 2026<br>Action Filed: 12/24/2024 |

## INTRODUCTION

Plaintiff's Motion in Limine Number two seeks to exclude "crimes, wrongs and bad acts." This motion lacks specificity and is a compendium of possible aspects of plaintiff's past and present history that may be introduced at trial to establish liability. Their motion covers four distinct areas: 1) pre-incident criminal history and "bad acts"; 2) incident related criminal action; 3) post-incident criminal actions and finally; and 4) agency findings (with three subsets of categories).

1

Plaintiff's motion in limine number two fails to make the important distinctions as to when, why, and how evidence is properly considered by a jury, asking the bench to proactively exclude potential testimony out of context. Defendants do not intend to introduce evidence that is not relevant. Defendants will try to respond to these four categories set forth in plaintiff's motion, but given the lack of specificity in what is being sought to be excluded, Defendants cannot predict any and all of plaintiff's potential objections.

## ARGUMENT

**I. PLAINTIFF'S PRE-INCIDENT CRIMINAL HISTORY AND "BAD ACTS", INCIDENT RELATED CRIMINAL ACTIONS, AND POST-INCIDENT CRIMINAL ACTIONS ARE RELEVANT TO DAMAGES AND THEREFORE ADMISSIBLE**

Relevant evidence may be excluded under Federal Rules of Evidence 403 only if its probative value is "substantially" outweighed by an articulated danger or concern within the rule. This requires the court to compare the probative value of the evidence against the articulated reasons for its exclusion, "and permits exclusion only if one or more of those reasons 'substantially outweigh' the probative value." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000). Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. *Id*. (quoting *United States v. Mills,* 705 F.3d 1553, 1559 (11th Cir. 1983).

Evidence must be relevant for the rule to even apply. *United States v. Madruga*, 897 F.2d 1099, 1117 (11th Cir. 1990). All relevant evidence is inherently prejudicial, but it is only "unfair" prejudice that can tip the scales to provide a basis for exclusion. *Hankey*, 203 F.3d at 1172. The balance under the rule should be struck in favor of admissibility. *Blancha v. Raymark Industries,* 972 F.2d at 507, 516 (3rd Cir. 1992). Accordingly, if the evidence's probative value, and the danger of its use, are of relatively equal weight, the evidence should be admitted. *Id*.

/ / /

2

Evidence of plaintiff's subsequent violent acts may be relevant to show that some or all of plaintiff's claimed injuries were not caused by defendant officers' use of force. Evidence of subsequent acts can be admissible to prove such consequential facts as motive, opportunity, or absence of mistake, pursuant to Rule 404(b). *United States v. Bibo–Rodriguez,* 922 F.2d 1398, 1400 (9th Cir. 1991) (evidence of post-arrest transportation of marijuana admissible in action charging intent to distribute cocaine).

Plaintiff argues that the evidence of his criminal history is likely to confuse the jury or cause undue delay and waste of time by causing litigation of collateral issues. To the contrary, this evidence is being offered on a central issue in this case: injuries and damages. The prejudice claimed by plaintiff is not unfair. Evidence of his criminal history, which is being offered with respect to damages claims, is relevant and should be allowed.

While evidence of crimes, wrongdoings, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith," (Fed. R. Evid. 404(b)), such evidence is admissible for other purposes: "[u]nless the evidence of other crimes tends to only prove propensity, it is admissible. *United States v. Jackson*, 84 F.3d 1154, 1159 (9th Cir. 1996) internal quotation marks omitted. The intent behind the character evidence rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States*, 485 U.S. 681, 687 (1988).

Plaintiff's motion asks that only information not known to the Officers at the time of the incident regarding plaintiff's past criminal conduct and his domestic violence history be excluded.

Defendants do not seek to have the evidence admitted as character evidence, but rather to counter plaintiff's damages claims. Plaintiff's vast criminal history speaks to his damages claims being made in this case. Such evidence is therefore not being offered to prove conformity of plaintiff with a particular character trait

3

during the incident.

## II.   THE VARIOUS AGENCY FINDINGS AND INVESTIGATIONS ARE RELEVANT TO THE JURY'S EVALUATION OF PLAINTIFF'S CLAIMS

Evidence of the findings and conclusions of the California Highway Patrol, the Riverside Sheriff's Office, Hemet Police Department and the District Attorney's office regarding defendants' use of force is relevant and probative to the jury's evaluation of plaintiff's claims because it is relevant to show that defendants' own employers disagree with plaintiffs' expert on the issue of officer compliance with CHP's policy. See, e.g., *Phillips v. Bratton*, 2008 WL 11409876, at \*10 (Case No. CV 07-873 CAS (VBKX), C.D. Cal. Jan. 28, 2008).

Additionally, evidence of these findings and conclusions is relevant as it pertains to potential award of punitive damages against defendants. In determining the amount of an award of punitive damages, the jury must consider "the degree of reprehensibility of the defendant's conduct" (9th Cir. Model Civil Jury Instr. 5.5). The fact that defendants' respective employers found their actions to be within policy is relevant to that inquiry.

Evidence of these findings and conclusions is not inadmissible hearsay. Federal Rules of Evidence 803(8) sets forth the public records exception to the hearsay rule. The findings of CHP qualifies under this exception. They are contained in a report from a public office that states the activities of the office in the investigation. Fed. R. Evid. 803(8)(A)(i) and (iii). Under Fed. R. Evid. 902, the report is self-authenticating.

Federal Rules of Evidence 803(6) sets forth the business records exception to the hearsay rule, which is broader than the public records exception. The findings of CHP qualify as business records because they are contained in a report made at or near in time to when investigative information was transmitted to CHP for review, written by a knowledgeable person, kept in the course of a regularly conducted business activity, and was part of CHP's regular practice. Fed. R. Evid. 803(6).

4

CHP also qualifies under the broad definition of a "business" because they are "organizations," "occupations," or "callings." Fed. R. Evid. 803(6)(B).

Defendants recognize that decision by the District Attorney to not press charges against defendants may have a limited application in this trial. But defendants do not believe that wholesale exclusion of any mention of the Riverside Sheriff's Department and/or the Hemet Police Department's findings regarding the shooting and the District Attorney's decision not to press charges is warranted. defendants do not agree to exclude the fact that the District Attorney decided not to press charges. If the jury does not hear that an investigation was conducted and the results thereof, the jury may conclude that investigation was conducted only by CHP and that such investigation was therefore biased and self-serving. Omission of the fact of this investigation by the other involved agencies and the results thereof would therefore be misleading and unduly prejudicial.

In addition, evidence obtained via the various Departments' investigation will be relied on by both sides and admitted at trial. During its investigation, among other things, the Riverside Sheriff's Department and the Hemet Police Department obtained statements which are relevant to the issues in this case. It is not practical to avoid mentioning the investigators' employer when this evidence is being introduced at trial. Omission of the results of this investigation – and the evidence discovered as a result thereof – would be misleading and unduly prejudicial to defendants.

## III. DEFENDANTS DEFER TO THE COURT'S DISCRETION PLAINTIFF'S REQUESTS REGARDING EVIDENCE OF PLAINTIFF'S IN CUSTODY STATUS

Defendants defer to the professional discretion of the Court's security personnel for all decisions regarding plaintiff's attire and the use of restraints in the Courtroom.

///

///

5

## CONCLUSION

Plaintiff's Motion in Limine Number two is so overbroad as to cause defendants to guess as to what criminal information is sought to be excluded. Even so, defendants will be prejudiced if evidence of plaintiff's pre and post arrest is not admitted as it prevents them from establishing a defense to the alleged injuries and damages claimed by Plaintiff as well as it prevents defendants from showing the jury a full picture of events including facts which would allow the jury to consider whether plaintiff or defendants' version of events is more probable and credible. Therefore, plaintiff's motion should be denied on the basis that the information is not unfairly prejudicial and will not constitute an undue consumption of time or risk confusing the jury. To the contrary, it will provide the jury a more accurate representation of events and plaintiff's claims.

Dated:  April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol and*
*Officer Irick*

SD2025300206
39753530

6