ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
State Bar No. 242372
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol and Officer Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | 5:25-cv-00331-KK-DTB |
| Plaintiff, | **DEFENDANT'S' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 4 TO EXCLUDE TESTIMONY THAT IS PERMISSIBLE TO SHOOT A MAN MERELY FOR FLEEING** |
| v. | |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | |
| Defendants. | Date: April 23, 2026<br>Time: 10:30 a.m.<br>Courtroom: 3<br>Judge: The Honorable Kenly Kiya Kato<br>Trial Date: May 11, 2026<br>Action Filed: 12/24/2024 |

Defendants California Highway Patrol and Officer Irick oppose plaintiff's Motion in Limine Number 4 to exclude testimony that it is permissible to shoot a man merely for fleeing. This motion is overbroad and seeks to potentially exclude relevant evidence including testimony from the officers about what training they received, their perceptions of the events, and opinions of defendant's' police practices expert that were disclosed and are proper subject of hypotheticals based on police practices and training. Defendants do not oppose the motion to the extent

1

it seeks to exclude any attempt by counsel for either side to misrepresentations the law.

## ARGUMENT

### I. THE OFFICERS SHOULD BE ALLOWED TO TESTIFY REGARDING TRAINING THEY HAVE RECEIVED REGARDING OFFICER SAFETY AND USE OF FORCE

The wording of plaintiff's proposed motion could include information that Officer Irick received regarding officer safety and use of force which is relevant to several key issues in this case, including the use of force during the incident in question, whether it was feasible to give a warning, and whether there were less lethal alternatives available.  Thus, all officers should be allowed to offer this testimony.

Federal Rules of Evidence 402 provides in relevant part,

"Relevant evidence is admissible unless any of the following provide otherwise.

- the United States Constitution;

- a federal statute;

- these rules; or

- other rules prescribed by the Supreme Court."

Under Federal Rules of Evidence 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. *Huddleston v. U.S.*, 485 U. S. 681, 682-92 (1988); *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009).  Under 402, evidence is presumed to be admissible if it is relevant. *Jacques v. Clean-Up Group, Inc.,* 96 F.3d 506, 516 (1st Cir. 1996) Rule 403 is a liberal rule under which relevant evidence is generally allowed.

A claim that a police officer used excessive force is analyzed under the framework of the Fourth Amendment objective reasonableness standard articulated

by the United States Supreme Court. *Graham v. Connor,* 490 U.S. 386, 396 (1989). In determining reasonableness, the Court must pay careful attention to the facts and circumstances in the particular case, the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of officers, and whether he is actively resisting or attempting to evade arrest by flight. *Id.* at 396. The specific use of force must be viewed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. *Monzon v. City of Murrieta*, 978 F.3d 1150, 1157 (9th Cir. 2020).

The critical inquiry is what the officer perceived. *Wilkinson v. Torres,* 610 F.3d 546, 551 (9th Cir. 2010). Indeed, the Supreme Court has made it clear that judges should be cautious about second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation. *Ryburn v. Huff,* 565 U.S. 469, 477 (2012).

In this case, Officer Irick's training and experience are factors that make his perception that plaintiff posed an imminent threat and whether there were less lethal alternatives available and are therefore relevant. To the extent that this training and experience included information about officers being shot and/or killed for not using force, whether a warning was feasible and whether less lethal alternatives were available, he should be allowed to testify about that part of the training as the information is directly relevant to his perception at the scene of the incident.

Officer Irick should be allowed to offer testimony about why he made the decision to use deadly force as well as his training and experience. This training and experience includes information regarding the dangers posed by a person fleeing police officers while carrying a firearm. Thus, to the extent that plaintiff is seeking to limit the officers' testimony about their own training and experience, the motion should be denied.

Plaintiff's motion makes mention of defendant's expert, without noting which expert they are referring to. Mr. Chapman was disclosed as an expert in law

3

enforcement policies and procedures, including tactics and training in the area of police use of force by CHP and Officer Irick.  He has offered opinions that Officer Irick use of force was consistent with national standards, CHP policies and training and California POST training in the use of force and that Officer Irick's use deadly force was justified.  Plaintiff's motion does not state with any specificity what, if any, opinions it seeks to limit.  Therefore, the motion should be denied as to any opinions from Mr. Chapman.

**II. PLAINTIFF'S MOTION SHOULD BE DENIED TO THE EXTENT IT SEEKS TO ALLOW ARGUMENT THE PLAINTIFF DID NOT POSE A DANGER**

The subtext of plaintiff's motion in limine is that plaintiff will attempt to argue that he was shot merely because he was fleeing the officers while armed.  An officer may use deadly force to effect the arrest of a fleeing felon if, under the circumstances, he reasonably believed such force was necessary to protect himself or others from death or serious physical harm.  *Tennessee v. Garner*, 471 U.S. at 11, 105 S.Ct. at 1701.  Allowing plaintiff to argue the contrary would not only misstate the law, but also misstate the facts of this case.

/ / /

/ / /

/ / /

4

**CONCLUSION**

Defendants do not oppose plaintiff's motion to the extent it seeks to prevent misstatements of law.  To the extent it seeks to limit the officers' testimony about their training or experience or why they took certain actions it should be denied.

Dated:  April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol and*
*Officer Irick*

SD2025300206
39753535

5