**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>                    Plaintiff,<br><br>        vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO CITY DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO TRIFURCATE TRIAL INTO SEPARATE PHASES [DOC. 78]**<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   April 23, 2026<br>Time:   10:30 a.m.<br>**Jury Trial**<br>Date:   May 11, 2026<br>Time:   08:30 a.m.<br><br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

1                   Case No. 5:25-cv-00331-KK-DTB

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* NO. 1 TO TRIFURCATE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil rights and state tort lawsuit arises out of the excessive and unreasonable officer-involved shooting of Plaintiff George Gonzaelz by Defendant Officers Sean Irick, Patrick Sobaszek, and Andrew Reynoso on January 24, 2024. Plaintiff brings the following claims for relief: Claim 1: Defendants Sobaszek, Irick, and Reynoso's violation of Gonzalez's Fourth Amendment rights - Excessive Force (42 U.S.C. §1983); Claim 2: Defendant City of Hemet ("City") Unconstitutional Policy, Practice or Custom (42 U.S.C. §1983) pursuant to *Monell*; Claim 3: Defendant City's Unconstitutional Failure to Train (42 U.S.C. §1983) pursuant to *Monell*; Claim 4: Defendant City's Unconstitutional Ratification (42 U.S.C. §1983) pursuant to *Monell*; Claim 5: Battery; Claim 6: Negligence; and Claim 7: violation of the Bane Act (Cal. Civ. Code §52.1). Each claim has elements that differ from others. Each claim has evidence that differs from others, which the jury instructions will clearly identify. However, all these claims directly relate to the wrongful conduct of Defendant Officers on January 24, 2024, against Gonzalez, and have significant overlapping evidence. Some difference in evidence is not a cause to try claims independently. The question is whether the claims are so different that it creates exceptional circumstances justifying separate trials. In other words, would there be such prejudice that cannot be overcome by admonishment.

Plaintiff hereby opposes Defendants' Motion *in Limine* No. 1, which seeks to trifurcate trial into three phases: (1) liability phase, compensatory damages calculation, and punitive damages predicate; (2) punitive damages calculation, if necessary; and (3) *Monell* liability and damages calculation. (Doc. 78.)  Plaintiff opposes Defendants' request for separate phases as to excessive force and *Monell* liability and damages. Plaintiff does not oppose Defendants' request to bifurcate

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* NO. 1 TO TRIFURCATE

the calculation of punitive damages, which Plaintiff communicated during the parties' meet and confer. However, Plaintiff opposes bifurcation of *Monell*.

## II.    LEGAL STANDARD

"In determining whether bifurcation of damages is appropriate, bifurcation 'is the exception rather than the rule of normal trial procedure' within the Ninth Circuit." *Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1208 (D. Or. 2015) (quoting *Clark v. I.R.S.*, 772 F.Supp.2d 1265, 1269 (D. Hawaii 2009)). Pursuant to Federal Rule of Civil Procedure 42(b), the district court is authorized to conduct separate trials in "furtherance of convenience or to avoid prejudice, or when separate trials would be conducive to expedition and economy." "A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principles that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983).

Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. Cnty. of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (quoting *Miller v. Am Bonding Co.*, 257 U.S. 304, 307 (1921)). The decision whether to bifurcate a trial lies within the sound discretion of the trial court. *Jinro Am., Inc. v. Secure Invs., Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). The Court must consider "potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result." *Green v. Baca,* 226 F.R.D. 624, 630 (C.D. Cal. 2005) (quoting *Cravens v. Cnty. of Wood, Ohio*, 856 F.2d 753, 755 (6th Cir. 1988)). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Green*, 226 F.R.D. at 630 (quoting *Saxion v. Titan-C-Manufacturing*, 86 F.3d 553, 556 (6th Cir. 1996)).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* NO. 1 TO TRIFURCATE

### III. DEFENDANTS FAILED TO MEET THEIR BURDEN OF DEMONSTRATING THAT BIFURCATION OF *MONELL* IS WARRANTED BASED ON PARTICULAR FACTS

"A defendant seeking bifurcation has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Defendants failed to meet their burden of establishing that bifurcation of *Monell* is warranted based on the particular facts and circumstances of this case. *See, e.g.*, *Green*, 226 F.R.D. at 631. Defendants, as the moving party, bear the burden of demonstrating why bifurcation of the action is appropriate. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *Devito v. Barrant*, 2005 WL 2033722 at 11 (E.D.N.Y. 2005). Generalized assertions will not suffice. Defendants must make a detailed offer of proof which indicates the need for bifurcation. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990); *see also Pavlovich v. City of New York*, 1992 WL 230472 at 3 (S.D.N.Y. 1992) (without tangible evidence to demonstrate that a joint trial of the individual and *Monell* claims would be prejudicial, Defendants' claims are speculative and should be rejected). Defendants' perfunctory motion makes no such showing. Because Defendants failed in this regard, their motion should be denied.

Defendants argue in conclusory fashion that the Court should bifurcate Plaintiff's *Monell* claims for their convenience; to avoid prejudice; to promote judicial economy; and to reduce confusion. As explained below, none of these justifications warrants bifurcation in this case.

#### A. Bifurcation of *Monell* will Prejudice Plaintiff

The City does not establish that they will be prejudiced if the trial is not bifurcated. Plaintiff contends any prejudice Defendants may claim is substantially outweighed by the prejudice Plaintiff would suffer.

First, regardless of this Court's decision to bifurcate *Monell* liability, certain evidence overlaps and is already admissible against these defendants on the issue of liability to determine whether they violated Plaintiff's constitutional rights. For instance, evidence of other incidents of excessive force or retaliation may show motive or bias. *See Taylor v. The Los Angeles Police Dep't*, 1999 WL 33101661, 4-7 (C.D. Cal. 1999) (prior complaints about officers who shot at plaintiff "may show, among other things, a proclivity of such officers toward violent behavior or possible bias"). Other incidents are relevant to such issues as the Officers' motive when they used unreasonable deadly force against Plaintiff, their credibility, and whether they acted with a malicious intent, thereby justifying the predicate question of punitive damages. *See Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993) (internal affairs history may be relevant to issues of credibility and the motive of the officers, and may demonstrate a continuing course of conduct reflecting malicious intent); *Porter v. Osborn*, 2009 WL 5068632 (D. Alaska, Dec. 17, 2009) ("Certainly, evidence of prior acts of violence that are of the same or similar nature to the incident in question might be admissible to show Osborn's intent as to the claim alleged, given that the question on remand is whether Osborn had a "purpose to harm" Casey, which Osborn denies."). Thus, other incidents against the individual officers would be admissible on the question of an officer's individual liability irrespective of whether this Court bifurcates the trial of Plaintiff's *Monell* claims, which would create duplicate evidence and witnesses if bifurcated.

Plaintiff contends that the prior complaints are also the result of the City's deliberate indifference to the rights of citizens, manifested as a failure to implement proper training and policies and investigate citizen complaints. Thus, to the extent these findings would be admissible as to either the individual or municipal claim, they directly implicate the other claims. In *Medina v. City of Chicago*, 100 F. Supp. 2d 893 (N.D. Ill 2000), the court applied this principle to

the defendants' request to bifurcate *Monell* liability. In response to the defendants' claim that bifurcation of *Monell* was necessary to avoid prejudice to the individual officers, the court in *Medina* noted, "our system generally trusts jurors to understand and follow limiting instructions regarding consideration of evidence against some defendants and not others – even in criminal cases, where a person's liberty is at stake." *Id*. at 897. Accordingly, the City has failed to show that Defendants would be prejudiced unless bifurcation was granted.

On the other hand, Plaintiff will be prejudiced by a trial in three phases. In this case, it is Plaintiff who would suffer undue prejudice if *Monell* bifurcation were granted. *See Green*, 226 F.R.D. at 631 (finding that courts should consider the potential for undue prejudice to the parties). First, bifurcation of the trial will increase the costs of litigation as Plaintiff will be forced to conduct separate trials. By increasing the time and expense of presenting this case to the jury, bifurcation would cut across the remedial purposes behind §1983 by making it more difficult to address systematic problems in the City's police department. *Owensby v. City of Cincinnati*, 385 F.Supp. 2d 626, 667 (S.D. Ohio 2004) (bifurcation, in practice, may prevent a City from ever standing trial for any purported constitutional violation and from suffering a concomitant award of damages for its role in the cumulative malfeasance).

There are widespread problems in the City's police force – particularly with these Officers and this task force – who have shot multiple people, claimed the subject pointed the gun despite either no corroborating evidence or video showing otherwise, and nevertheless been promoted and/or not so much as retrained. Plaintiff's suit seeks to hold not just the individual officers responsible, but the City as well for its role in perpetuating these abuses. Additionally, Plaintiff anticipates that the Officers will claim that his conduct was in conformity with the City's training, policies, and procedures and was therefore not unreasonable. Precisely these deficient training programs, policies, and procedures—or

deficiently implemented or enforced—will support Plaintiff's municipal liability claim against the City. *See, e.g., Estate of Owensby v. City of Cincinnati*, 385 F. Supp. 2d 626, 665-67 (S.D. Ohio 2004) (denying city's motion to bifurcate claims against city and officers in part because individual officers asserted that they followed proper procedures, constitutional violation occurred as a result of improper training by municipality, bifurcation might deprive plaintiffs of the right to place all pertinent circumstances before the jury, and bifurcation might serve only the city's interest of never having to stand trial for the constitutional violations), *aff'd*, 414 F.3d 596 (6th Cir. 2005).

Courts have recognized the importance of obtaining a verdict against the municipality to reform patterns and practices that lead to constitutional violations. In *Amato v. City of Saratoga Springs*, 170 F.3d 311, 317-318 (2d Cir. 1999), the Second Circuit stated:

> A judgment against a municipality not only holds that entity responsible for its actions and inactions, but also can encourage the municipality to reform the patterns and practices that led to constitutional violations, as well as alert the municipality and its citizenry to the issue. In short, a finding against officers in their individual capacities does not serve all the purposes of, and is not the equivalent of, a judgment against the municipality.

Justice Stevens, in his dissent in *City of Los Angeles v. Heller*, 475 U.S. 796, 804-08 (1986), recognized this possibility. As Justice Stevens noted, *Heller* was a bifurcated action and the defense presented extensive evidence that the defendant police officer was acting pursuant to established police practices. *Id*. at 804. The jury verdict in favor of the defendant officer merely held that the officer's actions were not unreasonable "in the light of all the surrounding circumstances", which included the evidence the officer was acting pursuant to established police practices. *Id*. at 803-04. Thus, the jury could have found for the officer because it believed it was reasonable for him to follow established police practices. Accordingly, such a defense strategy in a bifurcated action could be an effective

"tactical weapon" that plays on the sympathies of jurors who are reluctant to hold an officer liable for following established police practices. *Id*. at 807-08.

Plaintiff has an additional concern with respect to bifurcation, and that reflects the pressure – conscious or unconscious – that bifurcation exerts on juror psychology during the first phase of the trial. In a bifurcated trial, a jury may realize (or it may even be suggested to them by counsel) that if they return a verdict for defendants, then they will not have to come back to court for the second phase. In other words, bifurcation rewards jurors who return a defense verdict with an early release from jury duty and punishes those who return a plaintiff's verdict by requiring them to stay for additional days of trial. For these reasons, bifurcation poses an additional risk of prejudice to Plaintiff.

Absent compelling justifications, *see Miller*, 257 U.S. at 307, this case should not be bifurcated into a separate trial on municipal liability, and such justifications are not present here. Thus, bifurcation of *Monell* should be denied.

### B.    Bifurcation of *Monell* Will Not Promote Judicial Economy or Convenience

The particular facts and circumstances of this case do not support bifurcation to promote judicial economy. First, there is substantial overlap in the evidence that would be presented to demonstrate the Officers' liability and City's liability. The breadth of resources necessary to conduct two separate trials—all involving multiple appearances by many of the same witnesses—will unnecessarily tie up the parties, the Court, the jury, and witnesses in additional trial time. Both Plaintiff and Defendants would need to recall key witnesses for the *Monell* phase, including Defendant officers and the parties police practices experts. Each time a witness must be recalled, there are inevitable undue expenses, delays, scheduling conflicts, and potential complications. Having each witness testify just once in a unified trial phase would be a far more efficient use of the Court's time and resources, rather than fragmenting testimony across

multiple phases with the attendant delays and coordination difficulties that would necessarily follow. While the issues involving municipal liability may necessitate the need for some additional evidence to establish its elements, it will also involve a substantial portion of the evidence and witnesses presented against the Officers in support of Plaintiff's excessive and unreasonable force, and negligence claims. *See Nessel v. City of Northlake*, No. 93 C 6176, 1994 WL 685508, at *1 (N.D. Ill. Dec. 5, 1994) (finding that dual trials on the issues of individual liability for excessive force and on municipal liability under *Monell* would be "highly inefficient" because "the plaintiff's claims against the individual defendants clearly overlap with his claim against the city").

Experts are very difficult to schedule at trial. They commonly have busy schedules, and it would be incredibly inconvenient to have to recall them to testify twice; especially if there are costs associated with their travel and lodging. Further, we cannot anticipate how long the jury will be in deliberations in the first phase. This could leave the parties and Court in a situation with no witnesses ready to take the stand, which would also be counter to efficiency and economy. Having three phases of trial unnecessarily extends the time the Court is in session.

Plaintiff submits that the best interest of judicial economy and efficiency, and convenience of the parties and witnesses, all issues of liability should be addressed in one phase at trial.

### C.    Bifurcation Will Not Promote Fairness or Reduce Confusion

Defendants do not explain how they would be unfairly prejudiced by a single trial or how juror confusion would result if *Monell* claims were not bifurcated. However, any slight risk of confusion in jointly trying the individual and *Monell* claims may be mitigated by a curative instruction to the jury. *See Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 806-07 (9th Cir. 2018) ("Though some of the evidence relevant to the *Monell* claims was irrelevant to individual liability, the district court's many limiting instructions cured any possible

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE* NO. 1 TO TRIFURCATE

prejudice."); *Est. of Alderman v. City of Bakersfield*, 2018 WL 4156740, at *2 (E.D. Cal. Aug. 28, 2018) (denying motion to bifurcate plaintiff's *Monell* claim, reasoning "[t]he use of limiting instructions has been recognized as an effective manner to prevent the jury's consideration of prejudicial evidence"); *see*, *e.g.*, *Rosa v. Town of East Hartford*, 2005 WL 752206 at 4 (D. Conn 2005). Courts generally presume that a jury follows the instructions given to it. *Weeks v. Angleone*, 528 U.S. 225, 234 (2000); *Zafiro v. United States*, 506 U.S. 534, 541 (1993); *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980); *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 897 (N.D. Ill 2000). There will be clear jury instructions regarding the requirements for each claim, and identifying who is bringing the claim and who the claim is being brought against. There will be a clear verdict form with each question indicating which claim it relates to.

This factor also weighs in favor of denying Defendants' Motion.

## IV.   CONCLUSION

Plaintiff does not oppose bifurcation of the amount of punitive damages but does oppose bifurcation of *Monell*. Based on the risk of prejudice, judicial economy and lack of confusion, Plaintiff respectfully request that the Court deny Defendants' Motion *in Limine* to trifurcate trial into separate phases.

Respectfully Submitted,

DATED:  April 2, 2026

**LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS**

By:  /s/   *Marcel F. Sincich*
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*