# EXHIBIT B

Patrick Sobaszek

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--

GEORGE GONZALEZ,

      Plaintiff,

v.                              Case No.   5:25-cv-00331-KK-DTB

STATE OF CALIFORNIA; CITY OF
HEMET; PATRICK SOBASZEK;
ANDREW REYNOSO; SEAN IRICK;
and DOES 1-10, inclusive,

      Defendants.
_____/

STENOGRAPHIC REPORTER'S TRANSCRIPT OF

REMOTE VIDEO DEPOSITION OF PATRICK SOBASZEK

WEDNESDAY, JULY 23, 2025

Reported Stenographically by:

KIMBERLY D'URSO, CSR 11372, RPR

Job No.  18114

plaintiff.

MS. KORNBLAU:  Andrea Kornblau, on behalf of Defendants, City of Hemet and Corporal Patrick Sobaszek.

MR. GARCIA:  Mario E. Garcia and Ashley Reyes, on behalf of the State of California, acting by and through the California Highway Patrol and California Highway Patrol Officer Sean Irick.

(Whereupon the oath was administered to the deponent by the Certified Shorthand Reporter.)

THE WITNESS:  I do.

EXAMINATION

BY MR. GALIPO:

Q.   Good morning.  Can you please state your name?

A.   Good morning.  My name is Patrick Sobaszek.

Q.   I was hoping I wasn't butchering your name too bad yesterday, so forgive me.  I was trying my best.

A.   No, you're actually pretty close.  Not too far off.

Q.   Okay.  I'll take it.

Have you had your deposition taken before?

A.   Yes.

Q.   On how many prior occasions?

A.   Two.

Q.   And were either one of those related to an officer-involved shooting case?

Patrick Snoszek

A.   Yes.

Q.   And were both of them related to that or just one?

A.   Just one.

Q.   Was that in the Solis case?

A.   Yes.

Q.   And the other deposition you took, what was that related to?

A.   That was related to a use of force and arrest incident.

Q.   Were you named as a defendant in that case?

A.   Yes.

Q.   And what was the alleged use of force?  What type of force?

A.   It was a general -- just excessive force and, like, an unlawful arrest, I guess you could say.

Q.   Was the force just, like, a takedown, or a Taser, or what was involved in the force?

A.   On my end specifically, it was a takedown.

Q.   Other officers were involved in other types of force?

A.   Yes.

Q.   Is that case still pending, or has that resolved?

A.   It has resolved.

George Gonzalez v. State of California, et al.
Focus Litigation Solutions

Page: 6

Patrick Snoszek

A.    Since April of 2024.

Q.    What was your assignment immediately before that?

A.    I was a detective assigned to the Region 3 Gang Task Force.

Q.    And how long were you in that assignment with the task force?

A.    That was from September of 2019 to April of 2024.

Q.    During that time frame, were you at least present to some extent, in the Solis case when that shooting took place?

A.    Yes.

Q.    And then you were involved, obviously, in the shooting of Mr. Gonzalez?

A.    Yes.  I was there during that incident, as well.

Q.    And you were also present during the shooting of Mr. Helman?

A.    Yes.

Q.    Were you present for any other officer-involved shootings during your time on the task force?

A.    I was present at other officer-involved shooting scenes, but I wasn't directly related to it.

Q.    And when you say not "directly related," what

Patrick Soboszek

MS. KORNBLAU:  Objection.  Attorney-client and litigation privilege.

I'm going to instruct this witness not to answer.

MR. GALIPO:  Are you going to follow your attorney's instruction?

THE WITNESS:  Yes.

MR. GALIPO:  This gets a bit tedious, as you'll see.

BY MR. GALIPO:

Q.   Did you shoot Mr. Helman as he was running away from you?

MS. KORNBLAU:  Objection.  Attorney-client and litigation privilege.

I'm going to instruct this witness not to answer.

BY MR. GALIPO:

Q.   Did Mr. Helman ever point a gun at you?

MS. KORNBLAU:  Same objection.

MR. GALIPO:  Are you going to follow your attorney's advice?

THE WITNESS:  Yes.

BY MR. GALIPO:

Q.   Were you aiming at Mr. Helman's back when you fired?

Patrick Sobaszek

MS. KORNBLAU:  Objection.  Attorney-client litigation privilege.

Instruct not to answer.

MR. GALIPO:  Are you going to follow your attorney's advice.

THE WITNESS:  Yes.

BY MR. GALIPO:

Q.    How many shots did you fire at Mr. Helman?

MS. KORNBLAU:  Objection.  Attorney-client and litigation privilege.

Instruct not to answer.

MR. GALIPO:  Are you going to follow your attorney's advice?

THE WITNESS:  Yes.

BY MR. GALIPO:

Q.    Did you give Mr. Helman any verbal warning you were going to shoot him?

MS. KORNBLAU:  Objection.  Attorney-client and litigation privilege.

Instruct not to answer.

MR. GALIPO:  Are you going to follow your attorney's advice?

THE WITNESS:  Yes.

BY MR. GALIPO:

Q.    Did you ever see any objects in Mr. Helman's

Patrick Sobaszek

hand or hands before you fired?

MS. KORNBLAU:  Objection.  Attorney-client and litigation privilege.

Instruct not to answer.

MR. GALIPO:  I think I'm satisfied for today for this purpose, and understanding we're going to be taking his deposition.  I was told -- I think we had set the date of August 21st, and I was told there might be an issue with that date.  The 28th may be a problem for my office.  So maybe before we're done today, since we have the corporal here, we can confirm a date that works for everybody.

MS. KORNBLAU:  Sure.

MR. GALIPO:  Okay.

BY MR. GALIPO:

Q.   So let's go to the Gonzalez case.  And you were at least listening in on the deposition that took place yesterday?

A.   Yes.

Q.   And that would have been the deposition of CHP Officer Sean Irick?

A.   Yes.

Q.   With respect to Mr. Gonzalez, had you ever seen Mr. Gonzalez before the day that you shot him?

MS. KORNBLAU:  Objection.  Misstates and

Patrick Sobaszek

STATE OF CALIFORNIA)
                   ) ss:
COUNTY OF BUTTE    )

I, KIMBERLY E. D'URSO, do hereby certify:

That the witness named in the foregoing deposition was present remotely and duly sworn to testify to the truth in the within-entitled action on the day and date and at the time and place therein specified;

That the testimony of said witness was reported by me in shorthand and was thereafter transcribed through computer-aided transcription;

That the foregoing constitutes a full, true and correct transcript of said deposition and of the proceedings which took place;

Further, that if the foregoing pertains to the original transcript of a deposition in a federal case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

That I am a certified stenographic reporter and a disinterested person to the said action;

IN WITNESS WHEREOF, I have hereunder subscribed my hand this 2nd day of August, 2025.

_____

KIMBERLY D'URSO, CSR NO. 11372, RPR