**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 3 TO EXCLUDE OPINION EVIDENCE FROM, AND ANIMATIONS RECONSTRUCTIONS BY, PLAINTIFF'S EXPERT SCOTT HOLDAWAY**<br><br>**FPTC/Hearing on Motions in Limine:** Date:   April 23, 2026<br>Time:   10:30 a.m.<br><br>**Jury Trial**<br>Date:   May 11, 2026<br>Time:   08:30 a.m.<br><br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

0              Case No. 5:25-cv-00331-KK-DTB

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE SCOTT HOLDAWAY

## I.     INTRODUCTION

This is a federal civil rights action where Plaintiff was shot multiple times and has suffered debilitating and lasting injuries to his foot, leg, and abdomen. There is a video of the incident that will likely serve as the centerpiece of the trial. Plaintiff designated videographer, editor, and forensic video analyst Scott Holdaway to testify at trial. (Exh. A, Plaintiff's Expert Designation, to Sincich Decl. ¶1, at 2.) Mr. Holdaway enhanced the video with stabilization and magnification and used enhancements to isolate and identify the multiple excessive gunshots. State Defendants seek "to exclude any testimony, opinions, reports, reconstructions, animations, or other demonstratives" offered by Mr. Holdaway, arguing he is not qualified to offer the opinions, his videos will not assist the jury, his opinions are not based on sufficient facts or date, and the demonstrative he prepared represents only his observations.

On the contrary, Mr. Holdaway is more than qualified to opine as to video enhancement having received a bachelor's degree in digital media arts and over seven years working in this area, none of the enhancements performed on the videos or photographs improperly altered them nor did they render these items unreliable or misleading. There are several videos of the incident and Mr. Holdaway performed some video enhancements which included synchronization of the various videos, zooming in on various videos, making still frames from the videos, adding some indicator arrows, and enhancing the audio, all of which help make sense of the various videos and the sequence of events. This is precisely the type of work that courts in the Ninth Circuit have routinely allowed. Accordingly, Defendants' Motion should be denied in its entirety.

## II.     RELEVANT FACTS

Plaintiff George Gonazalez was shot in the back and grievously injured by the Defendant Officers as he ran away from them. The parties strongly dispute Plaintiff's actions prior to and as he was being shot. It is obviously excessive and

unreasonable to shoot a man after he drops a gun and falls to the ground. So, Defendants desperately argue that Plaintiff was "shot while upright and while angled towards the officers" with the gun in his hand. (Doc. 62 at 4:22-5:13, Defendants' Motion for Summary Judgement). Luckily, there are multiple videos of the incident that contradict Defendants' story. Mr. Holdaway took the raw video evidence, enlarged and stabilized it so that it is helpful to the jury to view the objective evidence, added time counters so that it is helpful to the jury to identify when certain events took place, and added graphics that are helpful to the jury in identifying the number and source of the several gunshots. Defendants vehemently dispute who fired which shots, how many shots each Defendant Officer fired, Plaintiff's position when Officers decided to open fire, and Plaintiff's position as Officers continued to use deadly force against Plaintiff. The core of Defendants justification for using deadly force was Plaintiff's conduct. The jury ought to be able to see clear video evidence depicting Plaintiff's conduct in contradiction to Defendants' story and assess the Defendant Officers' credibility. Thus, the enhanced videos are critical to the jury's analysis and were produced by a qualified expert using reliable methods. Therefore, Defendants' motion should be denied.

## III.   LEGAL STANDARD

Under Federal Rule of Evidence 702, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The trial court determining the admissibility of an expert's opinion must assess the "reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Alaska*

*Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." The trial court "must assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted).

A party proffering an expert establishes the relevance of an expert's opinion "if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano*, 598 F.3d at 565. Reliability is established "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted). The test "is not the correctness of the expert's conclusions but the soundness of his methodology." *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043-44 (9th Cir. 2014). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969. In conducting its inquiry, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969-70. "When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Primiano*, 598 F.3d at 564-65.

As to video and audio evidence in particular, "an expert witness may enhance videos or images and testify about the enhancement process. *See*, *e.g.*, *Zeen v. Cnty. of Sonoma*, No. 17-cv-02056-LB, 2018 WL 3769867, at *2 (N.D. Cal. Aug. 9, 2018) (holding that an expert witness "may testify about how he enhanced the video footage"); *Lam v. City of San Jose*, No. 14-cv-00877-PSG, 2015 WL 6954967, at *2 (N.D. Cal. Nov. 10, 2015), at *2 (holding that an expert witness "may explain how

3        Case No. 5:25-cv-00331-KK-DTB

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE SCOTT HOLDAWAY

he enhanced the audio and play the enhanced audio to the jury"). *Gomez v. Fachko*, 2021 WL 5630623, at *1 (N.D. Cal., Dec. 1, 2021, No. 19-cv-05266-LHK).

## IV.    MR. HOLDAWAY IS HIGHLY QUALIFIED IN VIDEO ENHANCEMENT AND THE ENHANCEMENTS ARE ADMISSIBLE

As set forth above, Mr. Holdaway not only holds a bachelor's degree in digital media arts, but he has also over seven years' experience performing video clarification, timing, graphics, stabilization, and graphics, and has instructed classes on digital video editing. (Exh. B, Holdaway CV, to Sincich Decl. ¶2, at 1.) Mr. Holdaway has a Forensic Video Technician Certification including 164 hours of education from the Law Enforcement & Emergency Services Video Association, which uses science in forensic video analysis for evidence-based examination and interpretation of video recordings for investigations. Mr. Holdaway has an Operator Certification and an Examiner Certification including 33 hours of education from AXON Investigate, which utilizes the latest techniques and methodologies to accurately interrogate, process digital media evidence for investigative and forensic purposes. (Exh. B, Holdaway CV, at 2-3.)

After review of Defendant Sobaszek and Reynoso's body-worn camera videos, along with several police reports for context, Mr. Holdaway created seven (7) video files each with an uncompressed image sequence in PDF. (Exh. C, Holdaway Report, at 1.) First, Mr. Holdaway produced a synchronized side-by-side video of Defendant Sobaszek and Reynoso's videos with graphics that include a frame counter, a timer that starts in the negative and counts forward to the time that the first shot is fired and then counts positively, text graphics to sequentially number the gunshots being fired and identify which officer fired each shot, blue circles giving a visual indication of a gunshot being fired, pink circles track bullet casings from Officer Sobaszek's firearm, and the orange circles track bullet casings from Officer Irick's firearm. (Exh. C, Holdaway Report at 2-3; Exh. D, Sobaszek and Reynoso side-by-side with graphics, to Sincich Decl. ¶4.) Second, Mr. Holdaway

4                Case No. 5:25-cv-00331-KK-DTB

produced a synchronized side-by-side video of Defendant Sobaszek and Reynoso's videos without graphics, except for the frame counter. (Exh. C, Holdaway Report at 3; Exh. E, Sobaszek and Reynoso side-by-side, to Sincich Decl. ¶5.) Third, Mr. Holdaway produced Officer Sobaszek's video with the graphics included in the side-by-side video but without the text box. (Exh. C, Holdaway Report at 4; Exh. F, Sobaszek BWC with graphics, to Sincich Decl. ¶6.) Fourth, Mr. Holdaway produced Officer Reynoso's video with the graphics included in the side-by-side video but without the text box. (Exh. C, Holdaway Report at 4; Exh. G, Reynoso BWC with graphics, to Sincich Decl. ¶7.) Fifth, Mr. Holdaway produced Officer Sobaszek's video, enlarged four times, and stabilized with the same graphics. (Exh. C, Holdaway Report at 4; Exh. H, Sobaszek BWC, 4x stabilized with graphics, to Sincich Decl. ¶8.) Sixth, Mr. Holdaway produced Officer Sobaszek's video, enlarged four times, and stabilized but without graphics. (Exh. C, Holdaway Report at 4; Exh. I, Sobaszek BWC, 4x stabilized, to Sincich Decl. ¶9.) Finally, Mr. Holdaway produced a video file containing three versions of Officer Sobaszek's video synchronized on one screen, including (a) the original video, (b) an enlarged video, and (c) an enlarged and stabilized video. (Exh. C, Holdaway Report at 4; Exh. J, Sobaszek BWC Comparison, to Sincich Decl. ¶10.)

Based on Mr. Holdaway's reliable methodologies and opinions produced in the video and PDF files, it will be helpful to the jury to identify that Reynoso fired six (6) times at Frames 51661, 51672, 51680, 51685, 51691, and 51697; Sobaszek fired ten (10) times at Frames 51829, 51836, 51843, 51849, 51866, 51877, 51885, 51893, 51899, and 51908; and Irick fired nine (9) times at Frames 51851, 51859, 51866, 51873, 51880, 51887, 51894, 51901, and 51908. The videos and each of these  frames show that Gonzalez was not facing officers at the time of his shots, Gonzalez was not pointing a gun at ay officer or person, Gonzalez was not about to harm any person, and Gonzalez was not an immediate threat of death or serious

bodily injury especially considering that the video show the Officers fired even after Gonzalez dropped the gun and was on the ground.

Mr. Holdaway has done nothing more than enhanced the video footage, which is helpful to the trier of fact in determining the facts based on objective evidence, precisely what courts within the Ninth Circuit have found admissible. Mr. Holdaway will lay the foundation for the videos and present the videos to the jury. Again, exactly what courts routinely permit.

Notwithstanding the plain relevance of the evidence and Mr. Holdaway's vast expertise, State Defendants argue the video and testimony should be excluded because Mr. Holdaway himself is unqualified to provide the video evidence, the videos themselves are not based on sufficient facts or data, and the videos will not help the jury. Of course, Defendants themselves have hired multiple experts to opine on the position of the various involved individuals as well as bullet trajectories. They have done so in part by manipulating the video evidence to capture still frames and added graphics to those still frames. It defies logic for Defendants to claim the very type of evidence they seek to admit will not help the jury. It is also unclear how a bachelor's degree and several certificates and seven years of experience exclusively in creating video evidence makes Mr. Holdaway unqualified to perform the simple tasks he performed in this case. The stabilization, enhancement, and graphical representations Mr. Holdaway prepared are all well within his expertise. They are based on Defendants' own evidence (namely the raw video), which Defendants are hard pressed to argue are insufficient factually. And they will undeniably help the jury, as indicated by Defendants' efforts to rely on very similar manipulations. Mr. Holdaway's video, audio, and testimonial evidence should not be excluded.

/ / /

/ / /

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE SCOTT HOLDAWAY

## V.      CONCLUSION

Mr. Holdaway's video, audio, and tesitmonial evidence is reliable, helpful, based on suffienit facts and data, and based on a reliable methodology. Thus, Defendants' motion should be denied in full.

Respectfully submitted,

DATED: April 2, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER & HANKS**

By: _/s/      Marcel F. Sincich_
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff. I make this declaration in support of Plaintiff's Opposition to Defendants' Motion to Exclude Scott Holdaway. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1.     Attached hereto as "**Exhibit A**" is a true and correct copy of Plaintiff's December 4, 2025, Initial Rule 26 Expert Designation ("**Exh. A, Gonzalez Initial Expert Designation**").

2.     Attached hereto as "**Exhibit B**" is a true and correct copy of Scott Holdaway's curriculum vitae, served with his Rule 26 Expert Report ("**Exh. B, Scott Holdaway CV**").

3.     Attached hereto as "**Exhibit C**" is a true and correct copy of the relevant portions of the Expert Report of Scott Holdaway ("**Exh. C, Scott Holdaway Expert report**").

4.     Attached hereto as "**Exhibit D**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek and Reynoso side-by-side with graphics ("**Exh. D, Sobaszek and Reynoso side-by-side with graphics**").

5.     Attached hereto as "**Exhibit E**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek and Reynoso side-by-side ("**Exh. E, Sobaszek and Reynoso side-by-side**").

6.     Attached hereto as "**Exhibit F**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek BWC with graphics ("**Exh. F, Sobaszek BWC with graphics**").

7.     Attached hereto as "**Exhibit G**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Reynoso BWC with graphics ("**Exh. G, Reynoso BWC with graphics**").

8.     Attached hereto as "**Exhibit H**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek BWC, 4x stabilized with graphics ("**Exh. H, Sobaszek BWC, 4x stabilized with graphics**").

9.     Attached hereto as "**Exhibit I**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek BWC, 4x stabilized ("**Exh. I, Sobaszek BWC, 4x stabilized**").

10.    Attached hereto as "**Exhibit J**" is a true and correct copy of the video file produced with Plaintiff's Initial Expert Disclosures, by Scott Holdaway, as Sobaszek BWC Comparison ("**Exh. J, Sobaszek BWC Comparison**").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of April, 2026.

_____
Marcel F. Sincich

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE SCOTT HOLDAWAY