ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6294
  Fax:  (916) 731-2120
  E-mail:  Mario.Garcia@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | 5:25-cv-00331-KK-DTB |
| Plaintiff, | **DEFENDANTS CHP AND SEAN IRICK'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES; DECLARATION OF MARIO E. GARCIA; EXHIBIT 1-5 IN SUPPORT THEREOF** |
| v. | |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | |
| Defendants. | Date: April 23, 2026<br>Time: 10:30 a.m.<br>Courtroom: 3<br>Judge: The Honorable Kenly Kiya Kato<br>Trial Date: May 11, 2026<br>Action Filed: 12/24/2024 |

Defendants California Highway Patrol and Sean Irick oppose Plaintiff George Lara Falcon Gonzalez, Jr.'s motion in *limine* no. 3 to exclude Defendants' late experts' disclosure because Defendants substantially complied with Federal Rules of Civil Procedure  expert disclosure and the supplemental expert report of Rod Englert was provided to plaintiff with sufficient time to schedule a deposition and did not prejudice Plaintiff. The supplemental report was provided to plaintiff more than four months prior to trial of this matter. In fact, Defendants offered to pay any court reporter fees and allow the deposition to take place at a time convenient for plaintiff,

1

including after expert discovery cut-off so that Plaintiff would not suffer any prejudice. Plaintiff refused to respond to these attempts at a reasonable resolution and now seeks to preclude the report and argue that he is prejudiced.

## I.      RELEVANT PROCEDUREAL BACKGROUND

In its Civil Trial Scheduling Order, the Court set an Initial Expert Report deadline of December 4, 2025, a Rebuttal Expert report deadline of December 18, 2025, and an Expert Discovery Cut-Off date of January 8, 2026. ECF No.31.

Defendants complied with the initial expert reports by submitting Rod Englert and Samir Lyons' report by the December 4, 2025, deadline. In their initial reports, both Mr. Englert and Mr. Lyons provided details on what their scope of expertise would be.

This case arises out of an officer-involved shooting between gang task for police officers and an armed suspect. At issue is whether Plaintiff was shot on his side while holding a weapon or whether he was shot in the back. Mr. Englert was retained to provide bullet trajectory and where the shots struck Plaintiff. Without Mr. Englert's testimony, Defendants would be unable to defend the case on its merits because Mr. Englert would be precluded from educating the jury how the bullets traveled and impacted Plaintiff on the night of the incident.

In late December 2025, Plaintiff expressed the intent to depose Mr. Englert in early January 2026. However, Defendants conveyed that Mr. Englert was not available for a deposition until February 2026. Garcia Decl., 4, at Ex. 2. Plaintiff never responded to this information and did not schedule his deposition for any date.

On January 8, 2026, City of Hemet defendants served Mr. Englert's supplemental report on Plaintiff. On January 16, 2026, Defendants served Mr. Englert's supplemental report on Plaintiff along with a brief explaining why Mr. Englert's supplemental report was proper. Garcia Decl., ¶ 6 at Ex. 4.

## II.      ARGUMENT

### A. Defendants Can Establish Substantial Compliance.

Defendants can establish substantial compliance. First, Defendants timely served Plaintiff with Mr. Englert's initial expert report on December 4, 2025. Garcia Decl., 3 at Ex. 1. Mr.

2

Englert's report stated that an examination of the physical evidence of the shooting was required to finalize his opinions.

The physical evidence was in the possession of Riverside County Sheriff Department – Hemet Station who is not a party to this matter. Defendants along with the City of Hemet had to coordinate with RCSD Hemet's station based on their availability. Because the holidays interfered, staff was scarce and Defendants had to coordinate a date when Defendants' counsel was available, City of Hemet counsel was available, and Mr. Englert was available. Garcia Decl., ¶ 8. As such, the time and date when to schedule the inspection was out of Defendants' control. Defendants made every effort to provide Plaintiff with the final report and allow Plaintiff to take Mr. Engert's deposition, including paying the court reporter fees.

Mr. Englert's final report was provided to Plaintiff on January 8, 2026, by City of Hemet co-defendants and on January 16, 2026, by Defendants. Because Plaintiff received Mr. Englert's report four months prior to trial, there was sufficient time to notice Mr. Englert's deposition. In fact, Defendants offered to allow the deposition of Mr. Englert and pay for the court reporting fees associated with it. Garia Decl. ¶ 6. Plaintiff declined.

## B. Defendants' Supplemental Disclosure Delay Is Harmless.

Plaintiff was served with Rod Englert's supplemental report by January 8, 2026. The information contained in the supplemental report was not available to Mr. Englert at the time of the initial expert report deadline because scheduling an inspection was at the discretion and availability of RCSD Hemet Station staff which did not take place until December 18, 2026. Moreover, since the supplemental disclosures were served several months before trial, Plaintiff would have had plenty of opportunities to depose Mr. Englert. Indeed, Defendants offered to facilitate the deposition as well as pay the deposition costs.

## C. No Prejudice to Plaintiff.

Plaintiff was timely provided with Mr. Englert's original report. At issue is his supplemental report. However, Defendants have made every effort to provide Mr. Englert for deposition, including offering to pay for the court reporter fees. Plaintiff has been aware of the supplemental report since January 2026 which is more than four months prior to trial. Plaintiff

3

declined offers by Defendants to take the deposition of Mr. Englert and therefore cannot now claim prejudice.

Mr. Englert's initial report also stated:

> This preliminary report is prepared pursuant to Federal Rule of Civil Procedure 26. Should a party seek my deposition in this matter, I will make myself available as feasible and request that the party coordinate with defense counsel to facilitate such deposition. NOTE: Englert Forensic Consultants (EFC) were prevented from performing an evidence inspection on November 20, 2025. A full evidence inspection is pending, and as such, this is submitted as a preliminary report. Page 1 of Mr. Englert's November 25, 2025, Initial Expert Report.

> An examination of the physical evidence in this case is required to form incident reconstruction opinions based on a reasonable degree of scientific probability. Incident reconstruction opinions are based upon review of the above-listed materials, evidence analysis, body position testing, in addition to training, knowledge, and experience. Page 14 of Mr. Englert's November 25, 2025, Initial Expert Report.

> Discovery is ongoing and all opinions stated herein are, therefore, preliminary and subject to change upon further evidence examination. This expert reserves the right to amend or supplement his opinions as further pertinent evidence is discovered and examined. Page 14 of Mr. Englert's November 25, 2025, Initial Expert Report.

Garcia Decl., ¶¶ 4 at Ex. 3.

Clearly, based on Mr. Englert's initial report, Plaintiff had knowledge of what the scope of Mr. Englert's testimony would be and the only additional information to supplement his report was his analysis of physical evidence. Plaintiff has had sufficient time to depose Mr. Englert. Plaintiff was made aware as of late December 2025 that Mr. Englert would not be available for a deposition prior to the discovery cutoff because he was out of the country. Garcia Decl., ¶ 4 at Ex. 2. Plaintiff has had more than enough time to review Mr. Englert's supplemental report to depose him and attack his credibility, if any. Defendants also offered to depose Mr. Englert after the discovery cutoff and pay for the incurred court reporter fees in good faith. Garcia Decl., ¶ 7 at Ex. 5 Instead, Plaintiff is opting to preclude Mr. Englert based on untimeliness rather than on its merits.

### III. PLAINTIFF MISCHARACTERIZES EXPERT ROD ENGLERT AS A REBUTTAL EXPERT WITNESS.

4

Fed. R. Civ. P. 26(a)(2)(C)(ii) permits the admission of rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. *R & O Const. Co. v. Rox Pro Intern. Group, Ltd.,* 2011 WL 2923703, at *2. (D. Nev. July 18, 2011.) Rebuttal expert reports "necessitate 'a showing of facts supporting the opposite conclusion' of those at which the opposing party's experts arrived in their responsive reports." *Bone Care Int'l, LLC v. Pentech Pharmaceuticals, Inc.,* 2010 WL 389444 (N.D.Ill. Sep. 30, 2010) (quoting *ABB Air Preheater, Inc. v. Regenerative Environmental Equip., Inc.,* 167 F.R.D. 668, 669 (D.N.J.1996).

Here, Plaintiff argues that Mr. Englert's supplemental report serves as a rebuttal expert opinion. As indicated in *R & O Const. Co.,* rebuttal expert testimony is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness. Mr. Englert's supplemental report is not to contradict or rebut any evidence from Plaintiff's experts. In fact, Plaintiff failed to retain a ballistic expert Mr. Englert could contradict. As such, Mr. Englert's report serves to supplement his analysis of evidence that had not been available to Mr. Englert at the time the initial expert disclosures were made.

## CONCLUSION

For the reasons set forth, Defendants respectfully request that the Court deny Plaintiff's motion in *limine* No. 3 in excluding defense experts.

Dated: March 30, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

/s/ Mario Garcia

MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol and Sean Irick*

## DECLARATION OF MARIO E. GARCIA

I, MARIO E. GARCIA, declare as follows:

1.      I am licensed to practice law before the courts in the State of California, and I am a Deputy Attorney General with the State of California and I am one of the attorneys of record of Defendants State of California acting by and through the California Highway Patrol and Sean Irick (collectively "Defendants").

2.      I have personal knowledge of the matters set forth herein and if called upon as a witness could and would testify competently thereto.

3.      On December 4, 2025, the Office of the Attorney General timely disclosed California Highway Patrol (CHP) and Sean Irick's retained experts. A true and correct copy of CHP and Sean Irick's December 4. 2025 initial expert disclosures and reports are attached hereto and identified as "Exhibit 1."

4.      On December 31, 2025, I received an email from Plaintiff counsel's office requesting availability dates for the deposition of CHP and Sean Irick's bullet trajectory expert Rod Englert. That same day, I responded that Mr. Englert was out of the country and would not be able to be deposed until February 9, 2026. I did not receive a response from Plaintiff's counsel. A true and correct copy of the email is attached hereto and identified as "Exhibit 2."

5.      On January 8, 2026, co-defendant City of Hemet served supplemental expert disclosures which included bullet trajectory expert Rod Englert's report. A true and correct copy of City of Hemet's supplemental expert disclosure is attached hereto as "Exhibit 3."

6.      On January 16, 2026, CHP served Mr. Englert's supplemental report on Plaintiff along with a brief explaining why Mr. Englert's supplemental report was proper. A true and correct supplemental report is attached hereto and identified as "Exhibit 4."

7.      On March 16, 2026, I sent an electronic mail correspondence to Plaintiff's counsel following up on the deposition of Mr. Rod Englert because I had not heard from Plaintiff since December 31, 2025. CHP conveyed that it would allow the deposition of Mr. Englert to move forward passed the expert discovery cutoff date and that it would pay for the court reporter services fee incurred. A true and correct copy of the March 16, 2026, email is attached hereto and

6

identified as "Exhibit 5."

8. Defendants were unable to coordinate a date to schedule the evidence inspection because the evidence from this incident was in the possession of the Riverside County Sheriff Department Hemet Station and Defendants had to wait for a date RCSD Hemet staff was available. The RCSD Hemet staff was not available until December 18, 2025.

I declare under penalty of perjury under the laws of the State of California that the above information is true and correct to the best of my knowledge. Executed on 30th day of March 2026, in Los Angeles County, California.

/s/ Mario Garcia

Mario E. Garcia