# EXHIBIT 4

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE C. BEARS
Deputy Attorney General
State Bar No. 242372
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6294
  Fax:  (916) 731-2120
  E-mail:  Mario.Garcia@doj.ca.gov
*Attorneys for Defendant State of California acting
by and through the California Highway Patrol and
Sean Irick*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**STATE DEFENDANTS' SUPPLEMENTAL REPORT OF EXPERT ROD ENGLERT**<br><br>**[F.R.C.P. Rule 26]**<br><br>Dept:        4<br>Judge:        The Honorable Kenly Kiya Kato<br>Trial Date:   May 11, 2026<br>Action Filed: December 24, 2024 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 26(a)(2) and in accordance with court's scheduling order, Defendants, State of California, acting by and through the California Highway Patrol (CHP), and Officer Sean Irick, (collectively State Defendants) hereby submit expert Rod Englert's Supplemental Report attached hereto and identified as "Exhibit 1."

1

The supplemental disclosure is proper. State Defendants reserve the right to amend and/or supplement this disclosure consistent with Fed. R. Civ. P. 26(2)(2). State Defendants also reserve the right to call as expert witnesses and elicit expert opinion from any expert designated by other parties to this trial, including but not limited to, rebuttal testimony.

## I.   BACKGROUND

State Defendants timely served all parties with its Federal Rule of Civil Procedure Rule 26 Expert Disclosure on December 4, 2025 – the deadline set by the Court's Scheduling Order. State Defendants included three (3) retained experts – Clarence Chapman, Samir Lyons, and Rod Englert among other non-retained experts. To date, Mr. Englert's deposition has not taken place.

To finalize his report, ballistic expert Rod Englert required the examination/inspection of the physical evidence consisting of Plaintiff George Gonzalez's clothing, shoes, and gun at the time of the shooting. Due to delays in locating the physical evidence, items not under the custody or control of State Defendants, it was discovered that the evidence was located at the Riverside County Sheriff's Department – Hemet Station (Sheriff's Station.) With the help of co-defendant City of Hemet counsel, the soonest date State Defendants were able to coordinate an agreeable inspection date with the Sheriff's Station was December 18, 2025. State Defendants did not cause any undue delay on scheduling the inspection nor did they have control as to the time and date the Sheriff's Station was available for the said inspection. The inspection took place on December 18, 2025.

On January 8, 2026, State Defendants' expert Rod Englert provided his finalized report including his examination of the physical evidence to which now State Defendants seeks to supplement pursuant to Federal Rules of Civil Procedure 26.

## II.   SUPPLEMENTAL DISCLOSURE REGARDING MR. ENGLERT'S EXPERT

2

**REPORT IS PROPER.**

State Defendants' supplemental disclosure pertaining to Mr. Englert's Report is proper. Under Federal Rule of Civil Procedure 26(a), litigants must disclose all expert opinions and related materials that may be used at trial and make such disclosures at the times directed by the court. *Martinez v. Costco Wholesale Corporation* (S.D. Cal. 2020) 336 F.R.D. 183, at 186. Federal Rule of Civil Procedure 26(e), obligates parties to supplement an initial expert report served pursuant to Rule 26(a) "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties...." *Id*. In determining whether a supplement under Rule 26(e) is appropriate, the court considers (1) whether the supplemental information correspond[s] to a prior Rule 26(a) disclosure and, if so, (2) whether the supplemental information [was] available at the time set for the initial disclosure." *Id*. at 186-187, citation omitted. "When a party fails to provide information required by [Federal Rules of Civil Procedure Rule 26], such party 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. *Key v. Qualcomm Incorporated* (9th Cir. 2025) 129 F.4th 1129, at 1143.

Here, State Defendants timely served their initial expert report, including Rod Englert's expert report, by December 4, 2025, the deadline set by the Court. On page 1 of Mr. Englert's November 11, 2025, submitted report, it is stated:

> This preliminary report is prepared pursuant to Federal Rule of Civil Procedure 26. Should a party seek my deposition in this matter, I will make myself available as feasible and request that the party coordinate with defense counsel to facilitate such deposition.
> NOTE: Englert Forensic Consultants (EFC) were prevented from performing an evidence inspection on November 20, 2025. A full evidence inspection is pending, and as such, this is submitted as a preliminary report.

3

Mr. Englert's team was prevented from performing inspection of evidence on November 20, 2025, because it was conveyed that the City of Hemet Police Department was not in possession of the physical evidence and the physical evidence was at the hands of another agency – the Riverside County Sheriff's Hemet Station (Sheriff's Station) in Hemet, California. Co-defendant City of Hemet and State Defendants were able to schedule an inspection for December 18, 2025, due the Sheriff Station's unavailability prior to the December 4, 2025, deadline. Careful review of Mr. Englert's expert report would have placed Plaintiff on notice that the physical evidence inspection was pending and was required to complete Mr. Englert's report. The purpose of the physical evidence inspection was to ascertain what bullets struck Plaintiff, where it struck Plaintiff, and for Mr. Englert to have all of the information available to him to generate a full and complete his analytical opinion of what took place on the night of the incident concerning this matter.

Moreover, Plaintiff is not prejudiced by this report because the deposition of Mr. Englert has not taken place and will likely take place in February 2026, which gives Plaintiff plenty of time to review Mr. Englert's report and expert file in preparation for Mr. Englert's deposition. Plaintiff will have a full and fair opportunity to direct and/or cross-examine Mr. Englert at his anticipated deposition.

As such, State Defendants are supplementing their Rule 26 disclosures by providing Mr. Englert's supplemental Report.

## CONFIDENTIAL DOCUMENTS DESIGNATION

Pursuant to the Stipulation of the Parties and/or the associated Court Order, all reports, exhibits, photographs, recordings, and documents identified herein above, and/or produced as part of the State Defendants' Rule 26 expert disclosures, including but not limited to all documents attached to this set of expert disclosures or referenced in expert reports, are hereby designated as "Confidential Documents" subject to the terms of the Stipulation and Protective Order, unless specifically

4

identified in writing herein as documents that are not Confidential Documents and thus exempted from the terms of the Protective Order or related Stipulation, if any.

Dated:  January 16, 2026                          Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


/s/ Mario E. Garcia


MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendant State of
California acting by and through the
California Highway Patrol and Sean
Irick*

5

## DECLARATION OF SERVICE BY E-MAIL

Case Name:   *Gonzalez v. State of California, et al.*
Case No.:    **5:25-cv-00331-KK-DTB**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. My business address is: 2550 Mariposa Mall, Room 5090, Fresno, CA 93721-2271. My electronic service address is Ashley.Reyes@doj.ca.gov.

On January 16, 2026, I served the attached **STATE DEFENDANTS' SUPPLEMENTAL REPORT OF EXPERT ROD ENGLERT [F.R.C.P. Rule 26]** by transmitting a true copy via electronic mail, addressed as follows:

Trenton C. Packer
GRECH, PACKER & HANKS
tpacker@grechpackerlaw.com
kppham@grechpackerlaw.com
*Attorney for Plaintiff*

Dale K. Galipo
Marcel F. Sincich
LAW OFFICES OF DALE K. GALIPO
dalekgalipo@yahoo.com
msincich@galipolaw.com
ldeleon@galipolaw.com
*Attorney for Plaintiff*

Eugene P. Ramirez
Andrea Kornblau
Khouloud Pearson
MANNING & KASS, ELLROD,
RAMIREZ, TRESTER LLP
eugene.ramirez@manningkass.com
andrea.kornblau@manningkass.com
Khouloud.Pearson@manningkass.com
*Attorneys for Defendants City of Hemet,*
*Patrick Sobaszek and Andrew Reynoso*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 16, 2026, at Sacramento, California.

| | |
|---|---|
| Lois M. Buzbee-Osby | /s/ Lois M. Buzbee-Osby |
| Declarant | Signature |

SD2025300206/95626723.docx