**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE No. 4 TO LIMIT OPINIONS REGARDING CAUSATION AND PROGNOSIS**<br><br>**FPTC/Hearing on Motions in Limine:** Date:   April 23, 2026<br>Time:   10:30 a.m.<br><br>**Jury Trial**<br>Date:   May 11, 2026<br>Time:   08:30 a.m.<br><br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

0          Case No. 5:25-cv-00331-KK-DTB

P'S OPP TO DEFS' MOTION TO LIMIT OPINIONS REGARDING CAUSATION AND PROGNOSIS

## I.    INTRODUCTION

This is a federal civil rights action where Plaintiff was shot multiple times and has suffered debilitating and lasting injuries to his foot, leg, and abdomen.  Medical expert, Dr. Ryan O'Connor, an emergency medial physician with extensive training and experience, reviewed Plaintiff's extensive medical records and has provided opinions that are highly relevant to Plaintiff's proof of Officer liability as they show (1) the nature and extent of Plaintiff's injuries suffered when he was shot from behind by Defendants, (2) the Officers caused serious bodily injury, and (3) that the type of trauma Plaintiff suffered posed a substantial risk of causing serious bodily injury. Dr. O'Connor's opinions are also highly relevant to Barnhill's claim for damages. Dr. O'Connor's opinions are based on reliable methods, namely Dr. O'Connor's vast experience in diagnosing and treating trauma and his reliance on voluminous records and video evidence. That is the end of the *Daubert* inquiry.

Therefore, Defendants' motion should be denied in full.

## II.    RELEVANT FACTS

Plaintiff was not injured prior to being shot by the Defendant Officers. There was no serious bodily injury prior to the use of excessive and unreasonable force. However, as a direct result of being shot three times, Plaintiff suffered greatly.

To explain his damages and injuries, Plaintiff designated a medical expert, Dr. Ryan O'Connor, an emergency physician. (Exh. A, Plaintiff's Initial Expert Designation, to Sincich Decl. ¶1, at 2.) Dr. O'Connor's opinions are based on his more than 20 years as an attending emergency room physician. (Exh. B, Dr. O'Connor CV, to Sincich Decl. ¶2, at 1.) Dr. O'Connor also achieved a Master of Science in Criminalistics. (Exh. B, Dr. O'Connor CV, at 2.) He reviewed Plaintiff's extensive medical records from Riverside University Hospital and Wasco State Prison, an AMR Patient Care Report, and Plaintiff's First Amended Complaint for Damages. (Exh. C, Dr. O'Connor Rule 26 Report, to Sincich Decl. ¶3, at 1.).

In a fully compliant Rule 26 expert report, Dr. O'Connor summarized the medical records as follows: (1) Plaintiff "sustained multiple gunshot wounds and had an altered mental status with abnormal vital signs"; (2) Plaintiff had "uncontrollable bleeding from left leg"; (3) Plaintiff suffered "one bullet entering wound to the left side of the back and another to the left lateral thigh as well as a superficial gunshot wound to the bottom of his left foot." Dr. O'Connor's extensive review of the records and relevant professional experience led to the following opinions: (1) "in the OR it was discovered that the gunshot wound that traversed the patient's abdomen caused serosal injury of the intestine that required suture repair;" (2) "during his hospital stay, the patient developed an infection of his abdominal cavity that required Interventional Radiology to perform a CT-guided catheter placement to drain infectious fluids from his abdomen; (3) the infection was "difficult to treat" and "was later determined to be MRSA (Methicillin-resistant Staphylococcus aureus) and required multiple intravenous antibiotics to treat"; and (4) Plaintiff "required two weeks of hospitalization to recover enough from his trauma and resulting complications before he was stable for discharge." (Exh. C, Dr. O'Connor Report, at 1-2.)

Based on his years of experience and his masters in criminalistics, Dr. O'Connor also traced the likely trajectory of the bullets and concluded as follows: "[g]unshot wound to the left lateral back resulting in fractures of the left 8th and 9th ribs and bruising the lung ... are consistent with a largely back to front trajectory of the bullet"; "tangential (graze) gunshot to the bottom of the left foot ... is consistent with a back to front trajectory of the bullet"; based on a "gunshot entrance wound to the left lateral thigh with retained bullet in the right abdomen and causing bowel injury ... it is possible, for example, that Mr. Gonzalez was on the ground [or] in the process of falling to the ground when the gunshot wound occurred." (Exh. C, Dr. O'Connor Report, at 2-3.)

## III.    LEGAL STANDARD

Under Federal Rule of Evidence 702, "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." The trial court determining the admissibility of an expert's opinion must assess the "reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." The trial court "must assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010) (citation and quotation marks omitted).

A party proffering an expert establishes the relevance of an expert's opinion "if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano*, 598 F.3d at 565. Reliability is established "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted). The test "is not the correctness of the expert's conclusions but the soundness of his methodology." *City of Pomona v. SQM North America Corp.*, 750 F.3d 1036, 1043-44 (9th Cir. 2014). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car*, 738 F.3d at 969. In conducting its inquiry, "[t]he district court is not

tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969-70. "When an expert meets the threshold established by Rule 702 as explained in *Daubert*, the expert may testify and the jury decides how much weight to give that testimony." *Primiano*, 598 F.3d at 564-65.

**IV.    ARGUMENT**

**A.    Dr. O'Connor is a Highly Qualified Medical Professional and Criminalist Who Can Testify As to Causation and Prognosis.**

Dr. O'Connor is qualified to provide all his opinions on this matter. Dr. O'Connor is "board-certified, licensed, and practicing as an emergency physician." Part of Dr. O'Connor's education includes courses in anatomy, physiology, Dr. O'Connor completed clinical rotations in, medical research, emergency medicine, **biomechanics**, **trauma medicine, medical critical care, and surgical critical care**. Dr. O'Connor earned a Master of Science in criminalistics with education in crime scene reconstruction. Dr. O'Connor has been an attending physician in emergency medicine for 20 years, while he has also been a medical consultant and instructor in emergency medicine. Dr. O'Connor is an American College of Emergency Physicians Associate Member, American Academy of Forensic Sciences Professional Affiliate, and California Association of Criminalists Associate Member. (Exh. B, Dr. O'Connor CV, at 1-4.) Dr. O'Connor "is qualified as an expert by knowledge, skill, experience, training, [and] education [to] testify in the form of an opinion" in this matter (see Fed. R. Evid. 702) related to Plaintiff's traumatic injuries.

He also more than qualified based on education, training, and experience to testify as to the bullet trajectory. Dr. O'Connor received a master's degree in criminalistics from California State University, Los Angeles during which he conducted 200 hours of field work at the Los Angeles Department of Medical Examiner. (Exh. B, Dr. O'Connor CV, at 2.) Dr. O'Connor's coursework included,

among other disciplines, forensic pathology, firearms and toolmark examination, and crime scene reconstruction." (Exh. B, Dr. O'Connor CV, at 2.)

**B.     Dr. O'Connor's Testimony is Based on Sufficient Facts and Data and a Reliable Methodology**

Dr. O'Connor reviewed over 1700 pages of medical records from Riverside University Hospital, Wasco State Prison, and AMR for the treatment and transportation of Plaintiff. (Exh. C, Dr. O'Connor Report, at 1.) His summary of Plaintiff's injuries and his opinions regarding trajectory are based entirely on this medical evidence, the type of evidence an emergency room physician like Dr. O'Connor routinely reviews. Analysis and interpretation of the medical records is precisely what a physician expert witness does in preparation for testimony. There is no question, but that Dr. O'Connor's testimony is based on sufficient facts and data and a reliable methodology that falls squarely within his expertise.

**C.     Dr. O'Connor's Testimony is Relevant and Reliable**

Defendants cannot argue the relevancy of opinion evidence regarding Plaintiff's serious bodily injuries and bullet trajectory; they have filed the instant motion seeking to prevent Plaintiff from offering opinion evidence regarding Plaintiff's prognosis and the cause of Plaintiff's injures. They have also designated their own trajectory experts. Moreover, the type, extent, and cause of Plaintiff's injuries are undeniably relevant to the issues of the quantum of force, whether such force is indicative of deadly force, helpful to the jury in determining Plaintiff's position when shot by Defendants, and the nature and extent of Plaintiff's damages. The opinion evidence is plainly relevant.

The only remaining issue under *Daubert* is whether the evidence is reliable. As set forth above, reliability is established "if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. The test "is not the correctness of the expert's conclusions but the soundness of his methodology." *SQM North America Corp.*, 750 F.3d at 1043-44.

P'S OPP TO DEFS' MOTION TO LIMIT OPINIONS REGARDING CAUSATION AND PROGNOSIS

Dr. O'Connor's credentials as an emergency room doctor are unimpeachable. He has worked for over 20 years as an attending emergency room physician throughout the country. He also has a Masters in criminalistics, which included 200 hours of field work at the Los Angeles County Department of Medical examiner and course work in forensic pathology and crime scene reconstruction.

Notwithstanding the plain relevance and reliability of Dr. O'Connor's opinions, Defendants argue that his opinions are not reliable because he is neither a proctologist nor an orthopedist. (Motion at 7:26-28). Defendants' argument ignores Dr. O'Connors' clinical rotations in orthopedics, trauma medicine, medical critical care, surgical critical care, internal medicine, and rehabilitative medicine. It also ignores Dr. O'Connor's coursework in primary care and gross anatomy. There is no legal requirement that Dr. O'Connor be a specialist in orthopedics or proctology to discuss the traumatic injuries Plaintiff sustained, the cause of the injuries, or Plaintiff's prognosis based on the injuries, based on Dr. O'Connor's years of education and experience and as documented in the medical records.

**D.    Non-Retained Experts Can Also Testify as to the Cause of Plaintiff's Injuries and the Prognosis**

State Defendants further seek to limit the testimony of designated but non-retained physician experts by precluding them from testifying to "any diagnosis and any prognosis of Plaintiff's injuries." (Mot. at 9:16-17.) It is curious at best that Defendants seek to limit the testimony to "their perceptions while treating Plaintiff in the Emergency Department" (Mot. at 9:19-21) when Defendants themselves have designated six (6) of the same non-retained medical experts to testify to Plaintiff's "diagnoses and *prognoses*." (Exh. D, Defendants' Expert Disclosures, to Sincich Decl. ¶4, at 3 and 2-5.)

Case No. 5:25-cv-00331-KK-DTB

P's Opp to Defs' Motion to Limit Opinions Regarding Causation and Prognosis

In any event, testimony regarding future prognosis and even causation is proper when offered through a non-retained medial expert. Courts within the Ninth Circuit have resolved the issue as follows:

> Treating physicians, however, are generally not subject to the mandatory expert witness disclosure requirements. *Arneson v. Mich. Tissue Bank*, 2007 WL 4698986, *10 (D.Mont. Mar. 26, 2007). A treating physician's opinion on matters such as causation, future treatment, extent of disability and the like are part of the ordinary care of a patient. *Id*. If properly based on personal knowledge, history, treatment of the patient, and facts of his or her examination and diagnosis, then the treating physician may give an opinion as to the cause of the injury or degree of the injury in the future. *Id*. This is what doctors do: what is the problem; what caused the problem; how is the problem fixed; what does it mean to the patient. A treating physician is not considered an expert witness unless the testimony offered by the treating physician goes beyond care, treatment, and prognosis.

*St. Vincent v. Werner Enterprises, Inc*., 267 F.R.D. 344, 345 (D. Mont. 2010). Thus, if properly qualified, there is nothing preventing any of Plaintiff's non-retained medical experts from testifying as to not only Plaintiff's prognosis, but the cause of the injuries as well.

## V.    CONCLUSION

The highly qualified Dr. O'Connor's opinions and testimony are supported by the objective evidence and his 20-years of experience in emergency medicine. Dr. O'Connor's opinions are relevant, reliable, helpful, based on suffienit facts and data, and a reliable methodology. Moreover, testimony elicited from non-retained treating phsycians regarding the cause of Plaintiff's injuries and his prognosis is both routine and admissible.  Thus, Defendants' motion should be denied in full.

/ / /

/ / /

P's Opp to Defs' Motion to Limit Opinions Regarding Causation and Prognosis

Respectfully submitted,

DATED: April 2, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER & HANKS**

By: ___/s/___ *Marcel F. Sincich*___
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

P's Opp to Defs' Motion to Limit Opinions Regarding Causation and Prognosis

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff.  I make this declaration in support of Plaintiff's Opposition to Defendants' Motion to Limit Opinions Regarding Causation and Prognosis. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

1.      Attached hereto as "**Exhibit A**" is a true and correct copy of Plaintiff's Initial Rule 26 Expert Designation ("**Exh. A Gonzalez Initial Expert Designation**").

2.      Attached hereto as "**Exhibit B**" is a true and correct copy of Dr. Ryan O'Connor's Curriculum Vitae, served with his Rule 26 Expert Report ("**Exh. B, Dr. O'Connor CV**").

3.      Attached hereto as "**Exhibit C**" is a true and correct copy of Dr. O'Connor's Expert Report ("**Exh. C, O'Connor Report**").

4.      Attached hereto as "**Exhibit D**" is a true and correct copy of the Defendants Initial Expert Designations ("**Exh. D, Defendants' Expert Designations**").

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 2nd day of April, 2026.

_____
Marcel F. Sincich