**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE PLAINTIFF'S NON-EXPERT OPINION TESTIMONY REGARDING CAUSATION [DOC. 77]**<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:   April 23, 2026<br>Time:   10:30 a.m.<br>**Jury Trial**<br>Date:   May 11, 2026<br>Time:   08:30 a.m.<br><br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

1    Case No. 5:25-cv-00331-KK-DTB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION**

This civil rights action arises from the excessive and unreasonable shooting of Plaintiff George Gonzalez by Officers Sean Irick, Patrick Sobaszek, and Andrew Reynoso, on January 24, 2024. As a result of the Defendant Officers' use of excessive and unreasonable force, Plaintiff was severely injured.

By their Motion, Defendants seek to exclude Plaintiff from testifying as to his own injuries. Defendants make their motion based on responses Plaintiff provided at deposition arguing the responses are based on hearsay and require expert opinion. However, hearsay is generally not a proper objection at deposition and Plaintiff did his best to merely answer Defendants' questions. In response to the narrative-inviting, open-ended question, "So what physical injuries did you suffer as it relates to this incident?," Plaintiff responded with the physical injuries he suffered as a result of this incident – i.e., as a result of being shot by the Defendant Officers. Plaintiff was shot in the foot and initially could not walk. Plaintiff was shot in the thigh where the bullet pierced his colon and now has fecal incontinence. Defendants asked Plaintiff how his knee was injured on the date of the incident, and Plaintiff responded – after being shot in the back he fell to the ground on his right knee and it required surgery. Defendants opened the door again at deposition asking why Plaintiff was unable to walk for six months, and Plaintiff responded – he was shot in the foot and thigh, fell and tore his ACL and MCL. All the responses Defendants seek to exclude from trial were merely responses to Defendants' questions.

**Plaintiff does not intend to provide expert opinion testimony** as to causation, diagnosis, or prognosis. However, Plaintiff should not be precluded from giving a full explanation as to his harm, injuries, and damages suffered. Defendants' attempt to curtail Plaintiff's testimony of his own injuries and unreasonable attempt to prevent Plaintiff's medical expert from testifying to the

same. Plaintiff's description, based on his own personal knowledge, of what injuries he suffered, what care he was forced to undergo as a result of Defendants' wrongful conduct, and what limitations he now has that are relevant to this incident (i.e., a result of being shot by the Defendant Offices) is not expert opinion. Plaintiff knows that he did not have these injuries, pain, suffering, and limitations prior to being shot by Defendant Officers. Plaintiff knows that he was shot by Defendant Officers. Plaintiff knows that after he was shot by Defendant Officers, he now has these injuries, pain, suffering, and limitations. It does not take expert qualifications to testify as to what Plaintiff personally knows and experienced. Further, Plaintiff may need to give some context, offered to show notice, knowledge, and/or effect on the listener, to adequately testify to the harm he suffered and continues to suffer. If more detail is required on a complex issue, expert opinion will be given.

This motion seeks a blanket exclusion that would improperly prevent Plaintiff from testifying about the physical injuries he suffered and continues to suffer as a result of being shot by Defendants. Defendants' motion should be denied in its entirety as overbroad and vague without any clear indication of what prejudice Defendants claim to suffer. Alternatively, if the Court has concerns about specific testimony, a limiting instruction is more appropriate than a blanket exclusion that would prevent Plaintiff from presenting legitimate, admissible lay testimony under Federal Rule of Evidence 701. Therefore, Plaintiff requests that Defendants' motion be denied.

## II.    ARGUMENT

### A.    Plaintiff can Testify as to His Own Injuries

As Plaintiff described in deposition, Plaintiff is expected to testify as to the fact that he was shot, including where he was shot, including to the foot, thigh, and back; that he required surgery and the recovery therefrom; that he was required to wear a diaper, has fecal incontinence and the physical, mental and

psychological ramifications of that; that he fell on his knee during the incident, required surgery, then could not walk for a period of time and the physical, mental and psychological ramifications of that; that he has and will need to prepare himself for future medical care as well as permanent injuries for which no care will resolve. Plaintiff is also expected to testify as to his disability, physical impairment, disfigurement, loss of enjoyment of life experienced; his physical pain and suffering experienced; and inconvenience, grief, anxiety, humiliation and emotional distress. See Ninth Circuit Manual of Model Civil Jury Instruction 5.1 and 5.2; CACI 3900, 3902, 3903, 3903A, 3903E, 3905, 3905A.

Plaintiff is assumed to be competent to testify at trial. Fed. R. Evid. 601. Plaintiff may testify to matters within his personal knowledge as established by his own testimony. Fed. R. Evid. 602. Plaintiff may also testify in the form of a layperson opinion. The Federal Rules of Evidence differentiates between opinion testimony provided by lay and expert witnesses. Fed. R. Evid. 701, 702. Under Rule 701, a lay witness may provide opinion testimony if it is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* 701. Here, Plaintiff testimony about his own injuries, that he personally experienced, is based on his own perception, helpful to the jury in determining damages, and will not be opinions based on scientific, technical, or specialized knowledge. The Ninth Circuit has repeatedly held that lay witnesses may describe symptoms, physical appearance, behavior, and functional limitations they personally observed, even when those observations relate to medical conditions. *See Stevenson v. Holland*, 504 F. Supp 3d. 1107, 1121 (E.D. Cal. 2020). The test under Rule 701 is not whether the witness possesses medical credentials, but whether the witness is describing observations and perceptions based on firsthand knowledge. "The admissibility of lay opinion testimony under Rule 701 is

P'S OPP TO DEFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE NON-EXPERT OPINION TESTIMONY

committed to the sound discretion of the trial judge and his decision will be overturned only if it constitutes a clear abuse of discretion." *United States v. Lloyd*, 807 F.3d 1128, 1153 (9th Cir. 2015) (citation omitted).

"Laypersons sometimes need expert assistance when confronting **complex** questions of medical causation." *Osterhout v. Bd. of Cnty. Commissioners of LeFlore Cnty., Oklahoma*, 10 F.4th 978, 997 (10th Cir. 2021) (emphasis added). The cause of Plaintiff's injuries, generally, is not complex—he was shot by the Defendant Officers: the bullet that struck his foot, effects his foot; the bullet that entered his thigh and pierced his colon, has effects on the colon; and the bullet that struck his back and broke ribs has effects on his back and ribs. Further, "medical expertise isn't required just because a plaintiff seeks damages for a purely subjective injury like past pain and suffering." *Id*. Plaintiff's damages are purely and entirely pain and suffering. Even a third party could testify as to Plaintiff's pain and suffering. "As stated by the California Supreme Court in *Kline v. Santa Barbara Consolidated R. Co.*, 1907, 150 Cal. 741, 750, 90 P. 125, 129: 'It does not require an expert to tell whether a person suffers. The appearance of a person who suffers severely is sufficient to manifest his condition to anyone of ordinary intelligence and experience.'" *Jones v. Warmee*, 225 F.2d 258, 260 (9th Cir. 1955). Therefore, Plaintiff may testify as lay witnesses under Rule 701 as to his damages including statements of causation, diagnosis, and prognosis.

### B. Plaintiff's Testimony is not Excluded as Hearsay

Defendants' main argument appears to be that they seek to exclude Plaintiff from testifying about his pain and suffering damages relying on foundational statements made to him by treating physicians. Defendants' sole argument is that statements made by physicians are hearsay and not subject to the exception under Rule 803(4). However, these statements are not excluded as hearsay, as used by Plaintiff regarding his pain and suffering damages.

P'S OPP TO DEFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE NON-EXPERT OPINION TESTIMONY

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). If a statement falls within the definition of hearsay and there is no exception, generally it is excluded. Fed. R. Evid. 802. However, statements that are officered for a non-hearsay purpose—i.e., do not meet the definition of hearsay because they are not being offered for the truth of the matter asserted, or if the statement is by definition "not hearsay," then it is not excluded. See Fed. R. Evid. 801. "Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted." *Anderson v. United States*, 417 U.S. 211, 219 (1974); Fed. R. Evid. 801. Examples of non-hearsay purposes (not offered to prove the truth of the matter asserted), include offered to **(1)** show the impact the statement had on the listener (*United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015); *United States v. Choe*, 796 F. App'x 403, 405 (9th Cir. 2020); *Wilson v. Lynch*, No. 24-2525, 2025 WL 2953245, at *2 (9th Cir. Oct. 20, 2025)); **(2)** state of mind or knowledge (*United States v. White*, 41 F.3d 1515 (9th Cir. 1994); *United States v. Sherman*, 168 F.4th 417, 429 (6th Cir. 2026)); **(3)** context (*Soto v. Cisneros*, No. 20-CV-01115-JST (PR), 2021 WL 3913046, at *24 (N.D. Cal. Sept. 1, 2021); *Green v. Montgomery*, No. 2:18-cv-06443-JLS-SHK, 2020 WL 11929878, at *32 (C.D. Cal. Oct. 16, 2020)); **(4)** impeachment (*Ostad v. Oregon Health Scis. Univ.*, 327 F.3d 876, 886 (9th Cir. 2003)); or **(5)** to show that Plaintiff relied on or understood the physicians advise (*United States v. Bishop*, 291 F.3d 1100, 1111 (9th Cir. 2002)). Further, photographs are not hearsay as they provide no assertive physical conduct or testimonial in character. *United States v. Oaxaca*, 569 F.2d 518, 525 (9th Cir. 1978); Fed. R. Evid. 801. Here, Plaintiff may rely on photographs, including X-rays, to establish the subjective perception of his symptoms, without testifying as to causation. *Savage v. City of Whittier*, 689 F. Supp. 3d 781, 794 (C.D. Cal. 2023).

Even if statements are offered for the truth, there are several exceptions to hearsay. The present sense impression of a treating physician making a hearsay

statement to Plaintiff is an exception to the exclusionary rule of hearsay when it is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). Here, Plaintiff should be permitted to testify as to statements made by his physicians to him, which describe or explain his medical condition, diagnosis, and/or prognosis, when those statements were made during the treating physician's examination or immediately after the treating physician examined Plaintiff.

Additionally, the then-existing state of mind of the declarant is an exclusion to the hearsay exclusionary rule where the statement represents the declarant treating physician's state of mind (such as motive, intent, or treatment plan). Fed. R. Evid. 803(3). Here, Plaintiff should be able to testify as to statements made to him by the declarant treating physicians pertaining to their reason (motive) for performing certain procedures, treatment plan, and the intent for their same.

Finally, statements from records of a regularly conducted activity are an exception to the hearsay exclusionary rule.

> A record of an act, event, condition, opinion, or diagnosis [is not excluded by the rule against hearsay] if:
> (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Here, Plaintiff may testify as to statements made by his treating physician which were documented in his medical records related to his treatment, the condition of his body and injuries, opinions and diagnosis, because

7      Case No. 5:25-cv-00331-KK-DTB

those statements/records were made near the time of the treatment, opinion, or diagnoses, in medical records that are kept in the regular course of business as medical professionals in a hospital setting, made in the regular practice of a medical professionals in a hospital setting, the records are authentic, and there is no indication that the medical providers or facilities lack trustworthiness in the preparation of the records.

Rule 803(4) may not apply, but several other hearsay exceptions apply here. Therefore, Plaintiff may rely on statements made by treating physicians related to his damages including statements of causation, diagnosis, and prognosis.

### C.    Defendants' Request Is Unreasonable

Plaintiff does not intend to testify as an expert at trial. "On the other hand, the plaintiff certainly is qualified by personal knowledge to testify about what physical and emotional changes he experienced [after being shot by these Officers] and about how these changes impacted him. Additionally, prior statements or communications by the plaintiff that include a personal belief or causation opinion may be admissible if offered to prove notice and knowledge rather than medical causation." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1221 (D. Kan. 2007). Plaintiff is permitted to testify as to (A) his own personal knowledge; (B) opinions as a layperson; (C) statements offered for a nonhearsay purpose such as to (1) show the impact the statement had on the listener, (2) context, or (3) to show that Plaintiff relied on or understood the physicians advise made by treating physician; (D) statement made based on Plaintiff's knowledge from review of photographs and X-rays; (E) statement made as the present sense impression of a treating physician; (F) statement made as the then-existing state of mind of the treating physician such as motive, intent, or treatment plan; and (G) statements from records of a regularly conducted activity.

Defendants seek to prevent Plaintiff from testifying as to his own damages and wish to limit Plaintiff's medical expert from testifying as to certain damages.

P's Opp to Defs' Motion *in Limine* No. 5 to Exclude Non-Expert Opinion Testimony

Defendants are asking the Court to waste time and resources by requesting that Plaintiff call every provider that ever saw Plaintiff to testify as to their limited interaction with Plaintiff for the jury to learn of the nature and extent of Plaintiff's damages. Defendants' request is unnecessary and unreasonable. A simple solution is for Plaintiff to address his damages as a layperson, and for Plaintiff's medical expert, Dr. Ryan O'Connor, to address Plaintiff's damages as a medical expert.

## III.    CONCLUSION

For the forgoing reasons, Plaintiff requests that the Court deny Defendants' Motion in full.

Respectfully Submitted,

DATED:  April 2, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**


By: ___/s/____Marcel F. Sincich____
Dale K. Galipo, Esq.
Trenton C. Packer, Esq.
Marcel F. Sincich, Esq.
*Attorneys for Plaintiff*

P's Opp to Defs' Motion *in Limine* No. 5 to Exclude Non-Expert Opinion Testimony