**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*<br>Magistrate Judge David T. Bristow]<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Final Pretrial Conference:**<br>Date:   April 23, 2026<br>Time:   10:30 a.m.<br>**Trial:**<br>Date:   May 11, 2026<br>Time:   09:30 a.m.<br>Place:   Courtroom 3 |

-1-

# **TABLE OF CONTENTS**

I.    INTRODUCTION: ..................................................................................5

II.   CONTENTIONS OF FACT: ....................................................................5

III.  PLAINTIFF'S CLAIMS: .........................................................................8

    A.   Elements and Legal Contentions .....................................................8

        1.   Claim 1: Excessive Force (42 U.S.C. §1983) .............................8

        2.   Claim 2: *Monell* Liability – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983). ....................................11

        3.   Claim 3: *Monell* Liability – Failure to Adequately Train (42 U.S.C. §1983). ................................................................12

        4.   Claim 4: *Monell* Liability – Ratification (42 U.S.C. §1983). ....................................................................................14

        5.   Claim 5: Battery by a Peace Officer (Deadly Force). ...............15

        6.   Claim 6: Negligent Use of Deadly Force by a Peace Officer. ..................................................................................16

        7.   Claim 7: Violation of the Bane Act (Cal. Civ. Code §52.1). ....................................................................................17

    B.   Plaintiff's Key Evidence to Support Their Claims ..............................18

IV.   ANTICIPATED EVIDENTIARY ISSUES: .................................................19

V.    BIFURCATION OF ISSUES: ...................................................................23

VI.   THE TRIAL IS BY JURY: .......................................................................23

VII.  ATTORNEYS' FEES ..............................................................................23

VIII. ABANDONMENT OF ISSUES: ................................................................23

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

<u>Cases</u>

*Bender v. Cnty. of Los Angeles*,
217 Cal. App. 4th 968 (2013)................................................................21

*Brown v. Ransweiler*,
171 Cal.App.4th 516 (2009)................................................................17

*Bryan v. McPherson*,
630 F.3d 805 (9th Cir. 2010)................................................................10

*Cameron v. Craig*,
713 F.3d 1012 (9th Cir. 2013)................................................................21

*Chaudhry v. City of Los Angeles*,
751 F.3d 1096 (9th Cir. 2014)................................................................21

*Cornell v. City & Cnty. of San Francisco*,
17 Cal. App. 5th 766 (2017)................................................................22

*Deorle v. Rutherford*,
272 F.3d 1272 (9th Cir. 2001)................................................................10, 11

*Glenn v. Washington*,
673 F.3d 864 (9th Cir. 2011)................................................................10

*Graham v. Connor*,
490 U.S. 386 (1989) ................................................................10

*Headwaters v. County of Humboldt*,
240 F.3d 1185 (9th Cir. 2000)................................................................11

*John R. v. Oakland Unified School Dist.*,
48 Cal. 3d 438 (1998)................................................................17

*Knapps v. City of Oakland*,
647 F. Supp. 2d 1129 (N.D. Cal. 2009) ................................................................21

*LaLonde v. County of Riverside*,
204 F.3d 947 (9th Cir. 2000)................................................................12

*Meredith v. Erath*,
342 F.3d 1057 (9th Cir. 2003)................................................................10

*Moreland v. Las Vegas Metro. Police Dep't.*,
159 F.3d 365 (9th Cir. 1998)................................................................13, 15, 16

*Munoz v. City of Union City*,
120 Cal. App. 4th 1077 (2004)................................................................17

N.E.M. v. City of Salinas,
761 F. App'x 698 (9th Cir. 2019)................................................................12

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Nelson v. City of Davis*,
  685 F.3d 867 (9th Cir. 2012)...................................................................10

*Reese v. County of Sacramento*,
  888 F.3d 1030 (9th Cir. 2018)..........................................................21, 22

*Santos v. Gates*,
  287 F.3d 846 (9th Cir. 2002)...................................................................10

*Scott v. Harris*,
  550 U.S. 372 (2007) ................................................................................10

*Simmons v. Superior Court*,
  7 Cal. App. 5th 1113 (2017)....................................................................21

*Smith v. City of Hemet*,
  394 F.3d 689 (2005) ................................................................................11

*Smith v. City of Hemet*,
  394 F.3d 689 (9th Cir. 2005) ..................................................................10

*Tan Lam v. City of Los Banos*,
  976 F.3d 986 (9th Cir. 2020)...................................................................12

*Tennessee v. Garner*,
  471 U.S. 1 (1985) ..............................................................................10, 11

*Yount v. City of Sacramento*,
  43 Cal. 4th 885 (2008)............................................................................17

Statutes

42 U.S.C. §1983.............................................................................................5

42 U.S.C. §1988........................................................................................5, 25

Cal. Civ. Code §52(b)...................................................................................25

Cal. Civ. Code §52.1.....................................................................................21

Cal. Code Civ. Proc. §1021.5 .......................................................................25

Cal. Gov. Code §815.2(a).............................................................................17

Cal. Gov. Code §820(a)................................................................................17

Judicial Council of California Civil Jury Instructions, No. 1305B ...........18, 19

Judicial Council of California Civil Jury Instructions, No. 3066............................22

Judicial Council of California Civil Jury Instructions, No. 441..........................20, 21

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Local Rule 16-4 and this Court's Scheduling and Case Management Order, Plaintiff hereby submits the following Memorandum of Contentions of Fact and Law. Plaintiff reserves the right amend pending the Court's order on the parties' stipulation and or any order continuing the final pretrial conference date.

This memorandum may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

## I.   INTRODUCTION:

This 42 U.S.C. §1983 civil rights action arises from the excessive and unreasonable force of Plaintiff George Gonzalez ("Gonzalez") by City of Hemet Police Department Officers Patrick Sobaszek ("Sobaszek") and Andrew Reynoso ("Reynoso"), and State of California Highway Officer Sean Irick ("Irick"), on January 24, 2024. Plaintiff seeks compensatory damages, punitive damages, reasonable costs, attorneys' fees under 42 U.S.C. §1988, and any other relief that this Court deems appropriate.

## II.   CONTENTIONS OF FACT:

This entire incident is captured on the several body-worn camera videos of the Defendant Officers showing the following: Officers understand that subjects with something in their waistband will run holding the object in place so that it does not fall and do not want to get caught with a gun, so they run and try to discard it. It would be inappropriate to use deadly force when Gonzalez exited the car and ran because he did not have a gun in hand and was not an imminent deadly threat. Officers closed the distance with guns drawn during the foot pursuit through an industrial facility. The shooting occurred after exiting a pathway; but prior to then, Gonzalez never pointed a gun, did not attempt to shoot anyone, and Officers did not see a gun, thus it would be inappropriate to use deadly force at that time as well.

Officers did not give a deadly force warning despite having the opportunity to do so. Officers should use the lowest level of force possible. There were eight officers in pursuit with less-intrusive means available including de-escalation, 40-mm launcher, Taser, air unit, and K9. The Officers were in good physical condition, each with years of law enforcement experience. Despite his initial flight, prior to the use of deadly force, Gonzalez was slowing down to surrender. Further, Gonzalez never attempted to harm any bystander, take a hostage, point a gun at any bystander, or enter any door to any building, and no bystanders were nearby or in his path.

Officers did not have any information that Gonzalez had ever physically injured or had ever verbally threatened anyone. Reynoso did not know what Gonzalez was convicted of, had never seen him before and had no knowledge of him before the incident. Here, the videos show the undisputed and disputed facts.

Gonzalez never pointed or attempted to point the gun, never made a future movement with the gun, never fired the gun, and never verbally threatened Officers. Gonzalez never turned his body to face or orient himself toward Officers. During all shots fired at Gonzalez, he was not looking at or turning towards Officers but was moving away when shot in the back from 20-25 yards. Officers intentionally aimed their 9 mm pistols at Gonzalez's back prior to seeing a gun and prior to Gonzalez looking back or raising his hand up. About 4 seconds prior to the first shot, Gonzalez looked over his left shoulder while moving away and raised his right hand. Then Gonzalez looked forward and lowered his right hand back to its prior position and continued forward. Then Gonzalez moved away from Officers, without looking back, without turning or attempting to point the gun.

Officers assessed between each shot. Sobaszek admits that he saw the gun for all ten shots fired. Without Gonzalez looking back, turning, or attempting to point the gun, Sobaszek fired the first shot at his back. Gonzalez took another step, without looking back, turning, or attempting to point the gun, then Sobaszek fired his second shot. Gonzalez took another step, still without looking back, turning, or attempting to

Case No. 5:25-cv-00331-KK-DTB

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

point the gun, then Sobaszek fired his third shot. Then, while Gonzalez began falling forward, Sobaszek fired his fourth shot at Gonzalez's back.

It would be inappropriate to any reasonable officer to use deadly force against Gonzalez after seeing him drop the gun. Reynoso claims he was not paying attention to whether Gonzalez was on the ground, because he was just focused on the gun in the right hand, which he would indicate if he was an imminent threat. Reynoso admitted, the second the firearm is no longer in his hand, Gonzalez was not an imminent threat. After the first 5 shots, Gonzalez dropped the gun, which can be seen falling to the ground; thereafter, all the following shots were fired while Gonzalez was visibly unarmed. Also, after dropping the gun, Gonzalez fell to the ground away from the gun and Officers. Once Gonzalez started to fall, even Irick admits he was not a threat. Still, Sobaszek fired his fifth shot, gun clearly on the ground. Only then did Reynoso fire his first shot at Gonzalez while unarmed and falling to the ground, not turning or pointing, and never shooting at officers; only after officers repeatedly fired at Gonzalez—i.e., contagious fire.

Sobaszek fired his sixth round at the unarmed Gonzalez, while he was on his knees. Gonzalez fell to the ground, indicating that he was struck by gunfire. Obviously, it would be inappropriate to any reasonable officer to use deadly force after Gonzalez was on the ground and no had a gun. The gun was about 1-2 feet behind Gonzalez's right foot, not within reaching distance, and Gonzalez never reached for it. Then Reynoso fired five more shots at the visibly unarmed Gonzalez while he was on the ground. All of Reynoso's shots were fired dangerously close to Irick. And Sobaszek fired four more shots at the visibly unarmed Gonzalez while he was on the ground.

The City's training and policies are inadequate, including given the officers lack of understanding of training, lack of training, failure to intervene, failure to report, failure to follow training, and lack of situational awareness. Further, City ratified the Defendant Officers' uses of excessive force. The Defendant Officers'

credibility must be tested by a jury given their statements in contradiction to the video evidence showing their use of unnecessary force causing Gonzalez great bodily injury.

## III.   PLAINTIFF'S CLAIMS:

### A.   Elements and Legal Contentions

#### 1.   Claim 1: Excessive Force (42 U.S.C. §1983).

Plaintiff contends that Defendant Officers used excessive force when they repeatedly shot Plaintiff, including to the back, after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. Defendants acted under the color of state law and within the course and scope of their employment during the incident.

The law governing the use of deadly force is well established. "[A] Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement through means intentionally applied." *Scott v. Harris*, 550 U.S. 372, 381 (2007). The reasonableness of any seizure is determined by "'careful[ly] balancing ... the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) ("Whether an otherwise valid search or seizure was carried out in an unreasonable manner is determined under an objective test, on the basis of the facts and circumstances confronting the officers"). The analysis must "'balance the amount of force applied against the need for that force.'" *Bryan v. McPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010) (quoting *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003)). "[A]ll force—lethal and non-lethal—must be justified by the need for the specific level of force employed." *Id.* at 825. Even where some force is justified, the amount used may be excessive. *Santos v. Gates*, 287 F.3d 846, 853-54 (9th Cir. 2002). Government interest factors to balance against the type of force

used include "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight," *Graham*, 490 U.S. at 396, (4) the availability of alternative methods to effectuate an arrest or overcome resistance, *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005), and (5) the giving of a warning prior to the use of force, *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012). *See Glenn v. Washington*, 673 F.3d 864, 872 (9th Cir. 2011); *see also Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001). The intrusiveness of a seizure by means of deadly force is unmatched. The suspect's fundamental interest in his own life need not be elaborated upon. The use of deadly force also frustrates the interest of the individual, and of society, in judicial determination of guilt and punishment. *Garner*, 471 U.S. at 9. The "most important" factor is whether the plaintiff posed an immediate threat to the safety of the officers or others. *Bryan*, 630 F.3d at 826. Here, Plaintiff was not an immediate threat of safety to any person, and the Officers also used deadly force on Plaintiff who was obviously not an immediate threat of death or serious bodily injury to any person.

Another factor to consider is the availability of alternative methods to effectuate an arrest or overcome resistance. *Smith v. City of Hemet*, 394 F.3d 689, 701 (2005) (en banc). "[P]olice are 'required to consider what other tactics if any were available to effect the arrest.'" *Headwaters v. County of Humboldt*, 240 F.3d 1185, 1204 (9th Cir. 2000). Police officers are trained to provide warnings prior to using force where feasible, even when the force is less than deadly, and the failure to give such a warning is a factor to consider in determining whether the force was excessive. *See Deorle*, 272 F.3d at 1284. In the context of deadly force, "whenever practicable, a warning must be given before deadly force is employed." *Harris*, 126 F.3d at 1201. Here, the Defendant Officers did not warn Plaintiff that any force would be used and did not warn Plaintiff that deadly force would be used, even though they had the opportunity to do so.

Further, the Ninth Circuit recently affirmed the long-standing principle that even if force was reasonable at one point, once the subject is no longer a threat, additional force is unreasonable. *See generally Tan Lam v. City of Los Banos*, 976 F.3d 986, 1001 (9th Cir. 2020); *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000); *Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017). "A desire to resolve quickly a potentially dangerous situation" does not justify the use of force. *Deorle*, 272 F.3d at 1281.

Further, the law was clearly established at the time of the incident that the use of force under these circumstances violates the Constitutional rights of Plaintiff. *See C.V. v. City of Anaheim*, 823 F.3d 1252, 1256 (9th Cir. 2016); *Aguirre v. County of Riverside*, 29 F.4th 624, 626-29 (9th Cir. 2022); *Zion*, 874 F.3d at 1075-76; *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1001 (9th Cir. 2020); *Lopez*, 871 F.3d at 1006-13; *George*, 736 F.3d at 838; *Harris*, 126 F.3d 1189, 1203-04; *Curnow*, 952 F.2d at 325; *Hayes*, 736 F.3d at 1227-28; *Cruz v. City of Anaheim*, 765 F.3d 1076, 1077-78 (9th Cir. 2014).

Plaintiff seeks compensatory damages for the violation of his rights, costs, punitive damages, and reasonable attorneys' fees under this claim.

Elements of Excessive Force:

1. Defendant Patrick Sobaszek, Andrew Reynoso, and/or Sean Irick acted under color of state law. (UNDISPUTED)

2. The Defendant Officer used excessive force against Plaintiff.

3. The excessive force was a substantial factor in causing harm, injury, or damage to Plaintiff.

Source: Ninth Circuit Manual of Model Jury Instructions, Nos. 9.3 and 9.27 (2025 Edition).

/ / /

/ / /

2.      Claim 2: *Monell* Liability – Unlawful Official Policy, Practice, or Custom (42 U.S.C. §1983).

Plaintiff contends that the City of Hemet maintained an unconstitutional custom and practice of using and ratifying this use of excessive force, when they repeatedly shot Plaintiff, including to the back, after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury, a policy and custom of ratifying excessive uses of force, a policy and custom of failing to discipline officers who use excessive force, a policy and custom of failing to train officers adequately for the situations which they are expected to deal, and a policy and custom of failing to adequately investigate use of force incidents. Plaintiff contends that Defendant City's unlawful custom, practices, and policies were the moving force behind the deprivation of Plaintiff's constitutional rights.

This claim is brought by Plaintiff against Defendant City of Hemet. To show the existence of an unconstitutional custom, practice, and/or policy, Plaintiff need not present facts showing that similar conduct has repeatedly occurred in the past. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 484 fn. 11 (1986). This standard would require a "strained" reading of Supreme Court precedent. *Id*. "[A] single instance" would be sufficient if "the unconstitutional act was taken pursuant to a municipal policy." *Id*. (*citing Oklahoma City v. Tuttle*, 471 U.S. 808, 822-24 (1985)). Moreover, "[a] policy can be one of action or inaction." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Plaintiff seeks compensatory damages, costs, and reasonable attorneys' fees under this claim.

Elements of Unlawful Official Policy, Practice, or Custom:

1.      Defendant Patrick Sobaszek and/or Andrew Reynoso acted under color of state law. (UNDISPUTED)

11                     Case No. 5:25-cv-00331-KK-DTB

2.     Defendant Patrick Sobaszek and/or Andrew Reynoso used excessive force against Plaintiff.

3.     Defendant Patrick Sobaszek and/or Andrew Reynoso acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant City of Hemet.

4.     Defendant City of Hemet's official policy or widespread or longstanding practice or custom caused the deprivation of the Plaintiff's rights by the Defendant Officers; that is, the City of Hemet's official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

Source: Ninth Circuit Manual of Model Jury Instructions, Nos. 9.5 and 9.27 (2025 Edition).

### 3. Claim 3: *Monell* Liability – Failure to Adequately Train (42 U.S.C. §1983).

Plaintiff contends that Defendant City of Hemet failed to implement proper training regarding the use of deadly force with deliberate indifference to the constitutional rights of Plaintiff. "[A] local government body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional right." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). (*citing City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001).

"[T]he inadequacy of police training may serve as the basis for §1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. "[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to

result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* "[T]the failure to provide proper training may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.* The failure to train here is evident by the officers' use of deadly force, failure to assess the need for force, failure to intervene, failure to report and investigate uses of force adequately.

Plaintiff seeks compensatory damages, costs, and reasonable attorneys' fees under this claim.

<u>Elements of Failure to Adequately Train:</u>

1.  Defendant Patrick Sobaszek and/or Andrew Reynoso used excessive force against Mr. Gonzalez.

2.  Defendant Patrick Sobaszek and/or Andrew Reynoso acted under color of state law. (UNDISPUTED)

3.  The training policies of the Defendant City of Hemet were not adequate to prevent violations of law by its employees or to train its officers to handle the usual and recurring situations with which they must deal.

4.  Defendant City of Hemet was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees or known or obvious consequences of its failure to train its officers adequately.

5.  The failure of the Defendant City of Hemet to prevent violations of law by its employees or to provide adequate training caused the deprivation of Plaintiff's rights by the Defendant Officer's; that is, Defendant City of Hemet's failure to prevent violations of law by its employees or to train played a substantial part in bringing about or actually causing the injury or damage to Plaintiff.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Source: Ninth Circuit Manual of Model Jury Instructions, Nos. 9.8 and 9.27 (2025 Edition).

          4.      Claim 4: *Monell* Liability – Ratification (42 U.S.C. §1983).

Plaintiff contends that Defendant City of Hemet ratified the use of force, including deadly force used against Plaintiff. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009); *Lytle v. Carl*, 382 F.3d 978, 987-88 (9th Cir. 2004). Liability under Section 1983 *Monell* theory may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) (*citing City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (plurality)); *see generally Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also Lytle v. Carl*, 382 F.3d 978, 987-88 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act.").

Plaintiff seeks compensatory damages, costs, and reasonable attorneys' fees under this claim.

Elements of Ratification:

1.     Defendant Patrick Sobaszek and/or Andrew Reynoso acted under color of state law. (UNDISPUTED)

2.     Defendant Patrick Sobaszek and/or Andrew Reynoso used excessive force against Mr. Gonzalez.

3.     The final policymaker acted under color of state law.

4.     The final policymaker had final policymaking authority from Defendant City of Hemet concerning the acts and/or failure to act of the Defendant Patrick Sobaszek and/or Andrew Reynoso.

5.     The final policymaker ratified the Defendant Patrick Sobaszek and/or Andrew Reynoso's acts and/or failure to act, that is, the final policymaker knew of and specifically made a deliberate choice to

approve the defendant officer's acts and/or failure to act and the basis for it.

Source: Ninth Circuit Manual of Model Jury Instructions, Nos. 9.7 and 9.27 (2025 Edition).

5.      Claim 5: Battery by a Peace Officer (Deadly Force).

Plaintiff contends that Defendant Officers Sobaszek, Reynoso and Irick, while acting in the course and scope of their employment as City of Hemet and State of California employees, respectively, used unreasonable deadly force against Plaintiff when they repeatedly shot Plaintiff, including to the back, after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. At all times relevant, Plaintiff was not an immediate threat of death or serious bodily injury, there were reasonable less-intrusive alternatives available, and no warning was given. State law battery claims that police officers used excessive force in the course of an arrest are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009); CACI 1305B (Battery by Peace Officer). "'[A]n employer's liability extends to torts of an employee committed within the scope of his employment.'" *John R. v. Oakland Unified School Dist*., 48 Cal. 3d 438, 447 (1998) (internal citations omitted). The City of Hemet and the State of California are vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages, and punitive damages under this claim. Where California and federal law conflict and where California law is more prohibitive of recovery, federal law governs given the remedial purposes of civil rights claims.

/ / /

Elements for Battery by a Peace Officer (Deadly Force):

1.    That the Defendant intentionally shot Plaintiff; (UNDISPUTED)

2.    That the Defendant used deadly force on Plaintiff; (UNDISPUTED)

3.    That the Defendant's use of deadly force was not necessary to defend human life;

4.    That Plaintiff was harmed; (UNDISPUTED) and

5.    That defendant's use of unreasonable force was a substantial factor in causing Plaintiff's harm.

Source: CACI No. 1305B, (2026 Edition).

      6.    Claim 6: Negligent Use of Deadly Force by a Peace Officer.

Plaintiff contends that Defendant Officers Sobaszek, Reynoso and Irick, while acting in the course and scope of their employment with the City of Hemet and State of California, respectively, were negligent in their pre-shooting tactics and conduct and in using deadly force against Plaintiff. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Plaintiff's negligence claim comprehends the Officers' negligent pre-shooting tactics including their failure to have an adequate tactical plan; failure to communicate with Plaintiff properly; failure to communicate with other officers properly; failure to provide a verbal warning; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating the level of force.

The City of Hemet and the State of California are vicariously liable pursuant to Cal. Gov. Code §§815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.") and 820(a).

Plaintiff seeks compensatory damages under this claim.

/ / /

Elements for Negligent Use of Deadly Force by a Peace Officer:

1.  The Defendant Officer was a peace officer. (UNDISPUTED)

2.  Defendants used deadly force on Plaintiff. (UNDISPUTED)

3.  Defendants' use of deadly force was not necessary to defend human life.

4.  Plaintiff was harmed. (UNDISPUTED)

5.  Defendants' use of deadly force was a substantial factor in causing Plaintiff's harm.

Source: CACI No. 441, (2026 Edition).

       7.   Claim 7: Violation of the Bane Act (Cal. Civ. Code §52.1).

Plaintiff contends that Defendant Officers deprived Plaintiff of his constitutional rights when they used excessive force. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014) cert. denied sub nom; *City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013); *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (2013); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009).  The City of Hemet and the State of California are vicariously liable pursuant to Cal. Gov. Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

The California Court of Appeals has held that intentional conduct that is separate and independent from an arrest gives rise to a Bane Act claim. *Simmons v. Superior Court*, 7 Cal. App. 5th 1113, 1125-27 (2017). The Ninth Circuit in *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018) stated, "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030

(9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Here, there are a number of facts that establish that Defendant Officers acted with reckless disregard for Plaintiff's constitutional rights. Defendant Officers also used deadly force against Plaintiff, without warning, even after he dropped the gun and while he was on the ground and unarmed, and when Plaintiff was not even an immediate threat of harm to any person. Defendant Officers had time during the encounter to deliberate, plan, analyze, and determine the appropriate level of force, if any.

Plaintiff seeks compensatory damages and attorneys' fees including treble damages or a multiplier under this claim.

<u>Elements of Violation of the Bane Act:</u>

1.    Defendant Officer used excessive force against Plaintiff.

2.    Defendants intended to violate the Plaintiff's right to be free from excessive force by acting with a reckless disregard for the Plaintiff's constitutional rights.

3.    That Plaintiff was harmed. (UNDISPUTED)

4.    Defendants' use of excessive force was a substantial factor in causing Plaintiff's harm.

<u>Source</u>: CACI No. 3066 (2026 Edition) (modified); *Reese*, 888 F.3d at 1042.

**B.    Plaintiff's Key Evidence to Support Their Claims**

1.    Testimony of George Gonzalez

2.    Testimony of Patrick Sabaszek

3.    Testimony of Andrew Reynoso

4.    Testimony of Sean Irick

5.    Testimony of Michael Arellano

6.    Testimony of Scott Holdaway, Plaintiff's video expert

7.    Testimony of Jeff Noble, Plaintiff's police practices expert

8.    Testimony of Dr. Ryan O'Connor, Plaintiff's medical expert

9.    Testimony of treating providers

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

        10.     Videos of the Incident

        11.     Screenshots of Videos

        12.     Photographs of Injuries

        13.     Relevant portions of Plaintiff's Medical Records

        14.     Demonstrative Exhibits of Experts

## IV.  ANTICIPATED EVIDENTIARY ISSUES:

Plaintiff has filed Motions *in Limine* regarding and anticipate that there will be evidentiary issues related to the following:

A.  **Personal History**: Plaintiff's irrelevant and unrelated personal and family history including relationship history, unrelated arguments or domestic dispute history, any prior wrongs or bad acts, residence history, education history, disciplinary history, work history, children's history, social media history, living arrangements, license suspension, being involved in a lawsuit as a child, and any information from the testimony of Yvette Nieves (Plaintiff's ex-girlfriend) and Rina Salgado (Ms. Nieve's sister) that was not known to the Defendant Officers about Plaintiff. All this information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial.

B.  **Medical History**: Plaintiff's unrelated and unclaimed medical history, including unrelated physical injuries, and unrelated mental health issues such as schizophrenia, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, impermissible character evidence, private and confidential, doctor-patient privilege, and therapist-patient privilege, therefore should be excluded from trial.

C.  **After-Acquired Investigatory Information**: after-acquired investigatory records (post-incident discovered, drafted, created) and information

therefore, including Defendant State's Critical Incident Investigation Report (State 1-1128), Riverside County Sheriff's Incident Report (State 1129-1303), Hemet Incident Reports and Supplemental Reports (COH 1-100, 130-133, 159-186, 224-480), videos of statements of persons after the incident not known to Defendant Officers, interview with witnesses, information related to the gun not known to Defendant Officers, photos of guns and ammunition, any drug use or toxicology results information, and any internal findings that the force used was within policy. This information was clearly unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and impermissible character evidence, therefore should be excluded from trial.

D. **Pre-Incident Criminal History and Bad Acts**: Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, domestic violence, suspended license, gang activity, drug use, family threats, and driving while under the influence, and any information from the testimony of Yvette Nieves (Plaintiff's ex-girlfriend) and Rina Salgado (Ms. Nieve's sister) that was not known to the Defendant Officers about Plaintiff. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

E. **Incident Related Criminal Action**: Plaintiff's criminal history and records related to this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, statement of the case, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail forms, arrest reports, court transcripts and records, including related plea convictions of reckless evading of a peace officer (VC 2800.2), felon in possession of a firearm (PC 29800), delaying a public officer (PC 148), and the restraining order that initiated the interaction with

the police. This information and records thereof were either unknown to the Defendant Officers, or otherwise irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Alternatively, Plaintiff proposes that if the Court finds that there is any minimal probative value to Plaintiff's restraining order or convictions reason for it, that the testimony and argument be limited in time and scope, only to the fact of Plaintiff's conviction and the title of claims for which he was convicted, and the fact of a restraining order.

F.    **Post-Incident Criminal Actions**: Plaintiff's criminal history and records related to this current incarceration but unrelated to this incident, including all booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, videos, statements, District Attorney complaint and records, bail forms, arrest reports, and court transcripts and records, including for (1) Gonzalez's October 15, 2025 arrest that includes attempt to elude peace officer (VC 2800.2), kidnapping (PC 207), willful child cruelty (PC 273a), felon in possession of a firearm (PC 29800), and possession of ammunition (PC 30305); and (2) Gonzalez's November 11, 2025 arrest that includes infliction of corporal injury to spouse (PC 273.5), violation of protective order (PC 166), and delaying a peace officer (PC 148) – both arrests for which he is currently incarcerated. This post-incident information and records thereof were unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Further, Plaintiff requests that (i) he be permitted to dress in plain clothes during his appearance at the civil trial and shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated; (ii) that the correctional officers/marshals/deputies accompanying Plaintiff at the trial shall be dressed in plainclothes, that any correctional officers/marshals/deputies transporting or accompanying Plaintiff in and out of the courtroom or courthouse shall be prohibited from dressing in uniform and prohibited

21                    Case No. 5:25-cv-00331-KK-DTB

from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers; and (iii) that Plaintiff shall not be handcuffed, shacked, or otherwise restrained in any way that would indicate that he is currently incarcerated and/or being transported to and from any detention facility for this trial

G.   **District Attorney and Hemet Police Department Findings**: California Highway Patrol, Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

H.   **Late Disclosure of Expert Opinions**: Defendants' initial expert disclosures violated Rule 26(a)(2)(B), Defendants disclosure of rebuttal and supplemental opinions past the rebuttal disclosure dead line and on the last day of expert discovery cut-off was late and in violation of this Court's Scheduling Order, and these experts opinions greatly overlap and risk unfair prejudice and cumulative evidence that will not be helpful to the jury.

I.   **Testimony That It Is Permissible to Shoot a Man Merely For Fleeing**: Defendants testified that it would be appropriate to use deadly force against Plaintiff merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to take a hostage, no pointing of the gun – just running away with a gun in hand according to Defendants would constitute a an imminent threat of death or serious bodily injury; which is inconsistent with the law, inconsistent with the facts, substantially risks confusing the jury, misleading the jury, and unduly prejudicing Plaintiff.

/ / /

## V.    BIFURCATION OF ISSUES:

Plaintiff does not request any bifurcation and contends that all liability and damages should be tried together with the predicate question of punitive damages and would agree to bifurcate the amount of punitive damages only.

## VI.    THE TRIAL IS BY JURY:

The issues herein are triable to a jury as a matter of right. The parties made a timely demand for trial by jury.

## VII.    ATTORNEYS' FEES.

If Plaintiff prevails at trial, reasonable attorney fees are recoverable pursuant to 42 U.S.C. §1988 and Cal. Code Civ. Proc. §1021.5. Under the provisions of Cal. Civ. Code §52(b), Defendants are also liable for reasonable attorneys' fees and a civil penalty of $25,000 on Plaintiff's Bane Act claim.

## VIII. ABANDONMENT OF ISSUES:

Plaintiff does not abandon any of his claims.

Respectfully submitted,

DATED: April 2, 2026

**LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS**

By:    /s/     Marcel F. Sincich
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW