Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
  *andrea.kornblau@manningkass.com*
Kimberly L. Aceves (State Bar No. 364642)
  *kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, *City of Hemet, Patrick Sobaszek, and Andrew Reynoso*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>       Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET, PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION**<br><br>Judge:  Hon. Kenly Kiya Kato<br>Date:    4/23/2026<br>Time:   10:30 a.m.<br>Crtrm:  3 (3rd Floor)<br><br>Trial Date:     5/11/2026 |

///

///

///

///

///

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

Defendants CITY OF HEMET, CORPORAL PATRICK SOBASZEK and SERGEANT ANDREW REYNOSO (collectively "Defendants") submit the following Opposition to Plaintiff GEORGE GONZALEZ ("Plaintiff")'s motion *in limine no.* 1 seeking to exclude "personal history," "medical history," and "after-acquired investigation material." Said Opposition will be made on the grounds that some information was known to officers and all other information is directly relevant to a determination of liability, causation, motive, and damages.

Said Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  April 2, 2026            Respectfully submitted,

                                **MANNING & KASS**
                                **ELLROD, RAMIREZ, TRESTER LLP**


                                By:  _____/s/ Andrea Kornblau_____
                                     Eugene P. Ramirez
                                     Andrea Kornblau
                                     Kimberly Aceves
                                     Attorneys for Defendants CITY OF
                                     HEMET, CORPORAL PATRICK
                                     SOBASZEK and SERGEANT ANDREW
                                     REYNOSO

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

In his Motion in Limine ("MIL") No. 1, Plaintiff attempts to exclude "any evidence, testimony, argument, reference or inference at trial as to any information unknown to the Defendant Officers at the time of their use of excessive and unreasonable force." Docket No. 71, Plaintiff's MIL 1, 2:3 – 2:7. Plaintiff includes a request for all of Plaintiff's personal history, medical history, and after-acquired investigatory records and information. Plaintiff categorizes this information as (A) Personal History, (B) Medical History, (C) After-Acquired Investigation Material.

This request is incredibly broad and seeks to exclude nearly all relevant information from the jury at trial. As written, this MIL must be rejected as overly broad, burdensome, and limiting. More specifically, Plaintiff's request to keep out any medical and psychological information, information that was known to Defendant Officers, and information and evidence found pursuant to and resulting from their arrest of Plaintiff.

Portions of Plaintiff's criminal history was known to Defendant Officers at the time of Plaintiff's arrest. Plaintiff duplicates this request in both his MIL No. 2 and herein. Further, Plaintiff's request to exclude past and subsequent medical and psychological information seeks to keep out evidence relevant to a determination of both Defendant Officers' and Plaintiff's states of mind informing their decisions during Plaintiff's arrest. Excluding this information would directly impact the analysis of Plaintiff's admitted damages which are both economic and noneconomic and arise from both mental and physical ailments.

The main argument Plaintiff sets forth is that all of this information was not known to Defendant Officers at the time of their arrest of Plaintiff. As discussed below and in Defendants' Opposition to Plaintiff's MIL No. 2, Defendant Officers did have the 911 call, domestic violence, and prior felony information prior to arresting him and this fact is solidified by Plaintiff's evidence, regardless of Plaintiff's insistence of

1

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION**

the contrary. The remaining medical, psychological, and post-arrest investigation evidence is relevant to the analysis of the reasonability of force, existence of reasonable suspicion and probable cause, and the veracity of claims that Plaintiff has attempted, and will continue to attempt, to deny. Plaintiff has also opened the door at deposition and in his Opposition to Defendants' Summary Judgment Motion to his medical and psychological history and Defendants must be permitted to rebut and offer argument to refute Plaintiff's claimed psychological state and intentions during the arrest to explain his resistant behavior. Further, Plaintiff's medical history and the results of the subsequent investigation are directly tied to Plaintiff's claimed damages and cannot be excluded for that reason alone.

## II. LEGAL AUTHORITY

Motions *in limine* are intended to preclude presentation of evidence that would unduly prejudice the moving party. (*Kelly v. New West Fed. Sav.*(1996) 49 Cal.App.4th 659, 669.) A motion in limine is used to exclude "any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial." (*Clemens v. American Warranty Corp,* (1987) 193 Cal.App.3d 444, 451.)

Federal Rules of Evidence Rule 401 defines "relevant evidence" to mean evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Per FRE 403, evidence may be excluded if its probative value is substantially outweighed by one or more of the articulated dangers or consideration. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. FRE 403 favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

## III. PLAINTIFF'S PERSONAL HISTORY MUST BE ADMITTED AS

2

**PROBATIVE, NON PREJUDICIAL, AND KNOWN TO OFFICERS**

Plaintiff defines Plaintiff's "Personal History" as: relationship history, unrelated arguments or domestic dispute history, residence history, education history, disciplinary history, work history, children's history, social media history, text messages and living arrangements, and license suspension. This information is directly related and relevant to the incident and Plaintiff's attempt to exclude it is improper and based on nothing except Plaintiff's contention that his history was not known to Defendant Officers so should be excluded as irrelevant. This rule Plaintiff appears to have made up on his own is not controlling.

At the outset and as discussed more below and in Defendant's Opposition to Plaintiff's MIL No. 2, Plaintiff's history of domestic violence particularly against his ex-girlfriend is directly relevant to the incident, what Defendant Officers knew at the time of the arrest, and the tactics and decisions used by Defendant Officers. The domestic violence call where Plaintiff's ex-girlfriend said she truthfully feared for her life and gave the myriad of reasons why, reasons which were relayed to Defendant Officers, is necessary to informing Defendant Officers' choices and decisions upon arriving at the scene and chasing Plaintiff after he fled from them.

Here, evidence regarding Plaintiff's living arrangements, work history, and history of domestic disputes with his girlfriend and victim are directly relevant to this case. Not only do they work to establish the facts of this case, including Plaintiff driving his ex-girlfriend's vehicle which she was able to identify for Defendant Officers' goes towards verifying the data that Defendant Officers were operating with. Similarly, Plaintiff's flight from arrest ended at his ex-girlfriend's house where he was residing and where his gun possession was later determined. That he was attempting to run into this house, where a gun that he allegedly used against his ex-girlfriend the night before, was present tends to prove the reasonable suspicions of Defendant Officers' beliefs that Plaintiff was attempting to run, have a standoff, and potentially get a weapon if he did not already have one on him.

3

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION

Further, Plaintiff's work history and disciplinary history presented must be allowed to be presented even in a limited fashion because they go towards his claim for damages. Plaintiff's alleged lack of earning capacity is contingent upon his ability to earn before and after this arrest and incident. If Plaintiff was a felon, his earning capacity is more likely to be lower than if he had not been a felon before being arrested. Similarly, Plaintiff's prior work history-including whether he was banned from an industry-would be necessary to know to adequately predict and calculate what his future lost earnings would reasonably be.

## IV.   PLAINTIFF'S MEDICAL HISTORY MUST BE ADMITTED AS PROBATIVE AND NON PREJUDICIAL

Plaintiff defines his "Medical History" as: unclaimed medical history, including being born with a heart murmur or having an irregular heartbeat, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. Plaintiff does not argue why this evidence is not relevant. Instead, he appears to couch his argument for exclusion inside his erroneous contention that the only information relevant is the information of what was told to Defendant Officers or what they observed directly before and during their arrest of Plaintiff. This is not the standard for relevancy or admissible evidence and none of the law cited by Plaintiff supports such a notion.

Plaintiff's medical history is extremely probative to this case. The majority of Plaintiff's claimed damages are based on his medical disabilities that he claims are as a result of his interaction with police. However, prior medical history and subsequent injuries sustained after his interaction with police are directly relevant to the issue of liability and causation. Similarly too, Plaintiff himself argued that his PTSD from being held at gunpoint before informed his decision to run from police and dictated his behavior. Further, this history of PTSD bears incredible weight on the mental and emotional suffering that Plaintiff claims he has developed as a result of his interaction with police. His psychological history before and after being confronted by police is

4

relevant to the analysis of the exact cause of his injuries and distribution of liability.

Whatever alleged "prejudice" Plaintiff believes he will suffer from the admissions of this highly probative evidence is easily mitigated because the Court can give the jury a limiting instruction regarding the proper use of such evidence.

## V.    "AFTER-ACQUIRED INVESTIGATION MATERIAL" MUST BE ADMITTED AS PROBATIVE, KNOWN TO OFFICERS, AND NON PREJUDICIAL

Plaintiff defines his "After-Acquired Investigation Material" as: 911 call recordings and information therefrom, and post-incident discovered, drafted, created records and information, including Defendant Officer reports and declarations (unless for record refresh or impeachment), videos re taking with other officers, videos re talking with 911 caller, interview with witnesses, videos re gun, videos re search of home, search and/or safety sweep videos, post-search photographs and videos, photos of guns and ammunition, and social media profile.

Of this list, Defendants oppose Plaintiff's repeated attempts to keep out the 911 Call related to the arrest at issue in this case, the reports Defendant Officers wrote reflecting their account of the arrest, and the sweep of Plaintiff's home and interviews of witnesses.

Plaintiff's insistence that Defendant Officers did not know about Plaintiff's history has been debunked by Defendants repeatedly and by Plaintiff's own evidence. Officers have time and again explained that they knew of the content of the domestic violence call, the existence of the restraining order against Plaintiff, and Plaintiff's recent violent criminal history. Defendant Officers knew this information which was the basis for their initial encounter with Plaintiff in the first place. In short, Defendant Officers knew of Plaintiff's alleged domestic violence history, knew of his violent felony convictions, and acted based on this information and on Plaintiff's immediate subsequent interactions with and flight from Defendant Officers.

Defendant Officers incident reports are also highly probative and not

5

prejudicial at all, establishing what Defendants believed, assumed, and interpreted at the time of their use of force to arrest Plaintiff. It tends to show the totality of the circumstances of Plaintiff's arrest near and at the time rather than in far hindsight.

Defendants' suspicions, arrest, and findings immediately after Plaintiff's detention and arrest is relevant not only for a determination of the reasonableness of Defendant Officers' use of force and for impeachment purposes against Plaintiff's testimony that he did not in fact commit the acts he was convicted of and for calculating lost earnings and loss of earnings capacity since Plaintiff was jailed following his arrest by Defendant Officers, and is currently jailed on subsequently committed crimes that are substantially similar to the crimes he was convicted of as a result of the incident.

## VI. THE EVIDENCE PLAINTIFF SEEKS TO EXCLUDE IS NOT OFFERED TO PROVE PLAINTIFF'S CHARACTER

Defendants do not seek to offer evidence of Plaintiff's medical history, personal history, or the arrest as character evidence. The information, as set forth above, are admissible to prove Plaintiff's quality of life, earning prospects, and motivations and intent. Evidence of Plaintiff's medical history before and after encountering police tends to prove causations and allotment of liability and **properly** minimizes Plaintiff's damages because it reveals that his earning capacity is very likely less than the average citizen of comparable age and circumstance. Similarly, Plaintiff's subsequent arrest and convictions for similar crimes make it more likely that Plaintiff has not been prohibited from continuing to do the same activates before and after the incident.

Plaintiff's argument that introduction of this evidence will make the jury believe "officers knew this information" impliedly before arresting Plaintiff does not make sense. As to the domestic violence call from his ex-girlfriend and his status as a possibly armed felon, this information **was** known to Defendant Officers.

## VII. CONCLUSION

For the reasons set forth herein, Defendants respectfully request the court deny

6

Plaintiff's motion in limine No. 1 in its entirety.

DATED:  April 2, 2026

Respectfully submitted,

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:  /s/ Andrea Kornblau

Eugene P. Ramirez
Andrea Kornblau
Kimberly Aceves
Attorneys for Defendants CITY OF HEMET, CORPORAL PATRICK SOBASZEK, and SERGEANT ANDREW REYNOSO

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE UNKNOWN INFORMATION**