Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Andrea Kornblau (State Bar No. 291613)
 *andrea.kornblau@manningkass.com*
Kimberly L. Aceves (State Bar No. 364642)
 *kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, *City of Hemet, Patrick Sobaszek, and Andrew Reynoso*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET, PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**<br><br>Judge: Hon. Kenly Kiya Kato<br>Date: 4/23/2026<br>Time: 10:30 a.m.<br>Crtrm: 3 (3rd Floor)<br><br>Trial Date:          5/11/2026 |

///

///

///

///

///

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

Defendants CITY OF HEMET, CORPORAL PATRICK SOBASZEK and SERGEANT ANDREW REYNOSO (collectively "Defendants") submit the following Opposition to Plaintiff GEORGE GONZALEZ ("Plaintiff")'s motion *in limine no. 2* seeking to exclude "pre-incident criminal history and bad acts," "incident related criminal action," "post-incident criminal actions" and "agency findings." Said Opposition is made on the grounds that information regarding plaintiff's criminal background, legal findings, and other activities which could be categorized as "bad acts" are necessary and probative to this case.

Said Opposition will be based on these papers, the Memorandum of Points and Authorities, the papers and records on file herein, and such oral and documentary evidence as may be presented at the hearing of this Motion.

DATED:  April 2, 2026                    Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:          /s/ Andrea Kornblau
             Eugene P. Ramirez
             Andrea Kornblau
             Kimberly Aceves
             Attorneys for Defendants CITY OF
             HEMET, CORPORAL PATRICK
             SOBASZEK and SERGEANT ANDREW
             REYNOSO

2

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff improperly seeks to exclude information regarding his criminal convictions, the accusations of domestic violence against him, and his gun possession charge (and conviction). Contrary to Plaintiff's bare and repeated assertions, a good portion of this information was known to Defendant Officers at the time of Plaintiff's arrest. Knowledge of Plaintiff being a felon, possibly being in possession of a gun, and being accused of domestic violence against his ex-girlfriend was not only known to Defendant Officers but contributed to and informed their decision-making including tactics during the incident. It is therefore not only admissible but necessary to the analysis for the reasonability of Defendant Officers' actions.

To grant this motion would be a blanket prohibition from referring to the prior activities that gave rise to the incident in the first place or findings that render the search and seizure itself lawful, without respect to the means used to execute the search and seizure, as this type of prohibition will undoubtedly prevent Defendants from bringing relevant evidence into this trial, particularly since Plaintiff's criminal history and the bad acts he was accused of are at the heart of this case and inform the determination of what a reasonable officer would do at the time of the arrest.

Further, exclusion of this evidence will prevent Defendants from impeaching Plaintiff and his witnesses if they contradict or deny the evidence obtained from the victim's allegations against Plaintiff and the legal findings against Plaintiff as a result.

## II.    PLAINTIFF'S NONCOMPLIANCE WITH LOCAL RULE 7-3

Defendants notice the court that Plaintiff's statement of compliance with Local Rule 7-3 is defective and fabricated. Plaintiff has not provided his motions in limine to Defense counsel in writing or discussed the substance of the motions telephonically before filing them with this Court. Defense counsel, with a witness, spoke with Plaintiff's counsel about Defendants' motions in limine. However, at that meeting, Plaintiff's counsel did not make any mention of what motions in limine Plaintiff

1

planned to file or the substance of the same. Plaintiff's counsel's declaration stating compliance is false, missing both a date and detail of discussion because no discussion was ever had. Docket No. 68-1, Declaration of Marcel F. Sincich, at 2:10 – 2:15. Based on this failure, Defendants request the Court reject Plaintiff's motion in limine 2 outright.

## III. PLAINTIFF BEING A FELON AND ASSAULTING HIS EX-GIRLFRIEND WITH A DEADLY WEAPON WAS KNOWN TO DEFENDANT OFFICERS AND MUST BE PERMITTED

Plaintiff seeks to exclude all of the following as "unknown to officers are the time they made the decision to use force": (A) Pre-Incident Criminal History; (B) Incident Related Conviction; and (C) DA and HPD Findings.

Plaintiff is hell-bent on arguing that Defendant Officers did not know of his criminal history but this is simply not true. Plaintiff gives only the deposition testimony of one officer to reflect this. However, Defendant Officers testified and reported that it was communicated to them before and during their encounter with Plaintiff.

Similarly, Defendant Officers knew about the "bad conduct" of Plaintiff related to his domestic abuse towards his ex-girlfriend, his children, and his history of illegal possession of firearms.

The court may allow evidence of Plaintiff's criminal record to explain the officers' conduct because "[t]he 'reasonableness' of a particular use of force must be judge from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. at 396. In *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995), the evidence of the criminal history of the plaintiff known to the defendant police officers was admissible because it was relevant to establish the facts and circumstances known to the officers during their confrontation with plaintiff. The court admonished the jury to consider the plaintiff's conduct "only in determining whether the officers' actions were reasonable

2

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS

under the circumstances." *Id.*

Similarly here, Defendant Officers knew that Plaintiff was accused of abusing his ex-girlfriend, that there was a restraining order issued against him, and where he was located; they knew he was a violent felon, and they knew he potentially had access to a firearm. They used this information to inform the grounds for their initial encounter with Plaintiff. Further, on top of Plaintiff's erratic and dangerous flight, Defendant Officers were that much more concerned for their safety because they knew he had recent convictions for crimes of violence, and has a history of illegally possessing firearms; and they acted accordingly. Thus, Plaintiff's criminal history is admissible because Defendant Officers knew of it and acted on it.

## IV.    PLAINTIFF'S CONVICTIONS ARE RELEVANT AND OFFERED UNRELATED TO PLAINTIFF'S CHARACTER

Plaintiff seeks to exclude evidence of his convictions related to and rising from his arrest, including convictions of domestic violence, child abuse, evading police, and possession of a firearm by a felon. This evidence is directly relevant to issues which Plaintiff has placed at the center of this case—the charges that Defendant Officers arrested Plaintiff for and what damages he is entitled to. Whether a party has a criminal record, including, but not limited to, the underlying incident during which Plaintiff resisted and evaded law enforcement, is relevant to a determination of the reasonableness of Defendant Officers' use of force and for impeachment purposes against Plaintiff's testimony that he did not in fact commit the acts he was convicted of. It is also relevant to calculate lost earnings and loss of earnings capacity since Plaintiff was jailed following his arrest by Defendant Officers.

Federal Rule of Evidence 609(a)(1)(A) holds that in a civil case, evidence of a felony can be admitted for the purpose of impeachment, subject to Rule 403. *See* Fed. R. Evid. 609 (a)(1)(A). Evidence of Plaintiff's criminal record from the underlying incident and his incarceration therefore, and his subsequent commission of similar crimes and his current incarceration therefore are factually relevant. These are "facts"

3

that Plaintiff has continued to dispute, even at his Deposition. Therefore, in order to combat Plaintiff's one-sided factual contention that he did not perform these actions, information that he was in fact convicted of these actions will be necessary to impeach this testimony.

The prejudice of information that Plaintiff was so convicted is well mitigated by this Court giving the jury a limiting instruction regarding the proper use of such evidence.

Information regarding Plaintiff's conviction and being in jail is also relevant and probative to Plaintiff's damages. Plaintiff is seeking loss of earnings and loss of earning capacity due the incident, but Plaintiff's criminal record and the incident around his arrest are certainly relevant to an examination of Plaintiff's employability and what jobs he is able to undertake. In *Estate of Casillas*, the Court found that Casillas's criminal and incarceration history were not excludable in that they were relevant to the damages elements of plaintiffs' claims. *Estate of Casillas*, 2019 U.S. Dist. LEXIS 23710, *8-11 (E.D. Cal. Feb. 13, 2019) (citing *N.W. v. City of Long Beach*, 2016 U.S. Dist. LEXIS 194469, *13-14 (C.D. Cal. June 7, 2016) (decedent's criminal record deemed relevant to future earnings); *Knudsen v. Welsh*, 872 F.2d 428 (9th Cir. 1989) (holding that prior bad acts were "properly introduced for the purpose of proving damages"); *P.C. v. City of L.A.*, 2011 U.S. Dist. LEXIS 165075, *7-8 (C.D. Cal. Aug. 22, 2011) (denying plaintiff's motion *in limine* to exclude decedent's criminal record partly due to the issue of damages, and stating that while the nature of decedent's convictions would raise FRE 403 concerns, inquiry into the "length of time decedent spent in prison . . . are probative of damages and of the credibility of damages witnesses who may testify to having spent considerable time with decedent").

Similar to the plaintiffs in *Estate of Casillas*, Plaintiff seeks economic and noneconomic damages. Thus, Plaintiff's criminal record, including, but not limited to, the details of Plaintiff's underlying arrest, is relevant and admissible to the issue

4

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

of damages in this case.

## V.    THE PROBATIVE VALUE OF EVIDENCE OF PLAINTIFF'S FELONY AND DOMESTIC VIOLENCE HISTORY IS MORE PROBATIVE THAN PREJUDICIAL AND IS NOT USED AS CHARACTER EVIDENCE

Federal Rule of Evidence rule 402 provides that, "[i]rrelevant evidence is not admissible." Rule 403 provides that the Court may exclude evidence when its probative value is substantially outweighed by "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Per FRE 403, evidence may be excluded if its probative value is substantially outweighed by one or more of the articulated dangers or consideration. This requires that the probative value of the evidence be compared to the articulated reasons for exclusion and permits exclusion only if one or more of those reasons "substantially outweigh" the probative value. FRE 403 favors admissibility, while concomitantly providing the means of keeping distracting evidence out of the trial. *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000).

Plaintiff improperly represents that pre-incident bad acts or criminal history has no probative value and poses a substantial risk to the jury. But, as demonstrated above, such evidence is clearly relevant and has probative value. Evidence that Plaintiff's ex-girlfriend reported he was violating a restraining order and had access to a gun, and Defendant's knowledge of Plaintiff's recent violent felony convictions. Accordingly, such probative value is not outweighed by a danger of unfair prejudice.

Plaintiff's "concern" that Defendants will attempt to insert "drugs, prostitution … [or] criminal threats" is entirely unfounded. Plaintiff's reference to Defendants' expert report appears to be referencing some other case as there is no character evidence being submitted or presented by any of Defendants' experts.

Defendants will and should be permitted to insert Plaintiff's reported possession of a firearm, the domestic violence basis for Defendant Officers response

5

to the scene, and that Plaintiff was convicted of domestic violence for the call to which Defendant Officers responded (to counteract Plaintiff's challenge of the validity of the call). Defendants should be permitted to state the evidence that Plaintiff was convicted for charged incident to this arrest by Defendant Officers including assault of his ex-girlfriend, and possession of a firearm while being a felon.

## VI.    CONCLUSION

For the reasons set forth herein, Defendants respectfully request the court deny Plaintiff's motion in limine No. 2 in its entirety.

DATED:  April 2, 2026                    Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Andrea Kornblau
Eugene P. Ramirez
Andrea Kornblau
Kimberly Aceves
Attorneys for Defendants CITY OF HEMET, CORPORAL PATRICK SOBASZEK, and SERGEANT ANDREW REYNOSO

6

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**