Eugene P. Ramirez (State Bar No. 134865)
    *eugene.ramirez@manningkass.com*
Andrea K. Kornblau (State Bar No. 291613)
    *andrea.kornblau@manningkass.com*
Kimberly L. Aceves (State Bar No. 364642)
    *kimberly.aceves@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California  90017-3012
Telephone:  (213) 624-6900
Facsimile:   (213) 624-6999

*Attorneys for Defendants City of Hemet,*
*Andrew Sobaszek, and Andrew Reynoso*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA; CITY OF HEMET, PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK;and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 5:25-cv-00331-KK-DTB <br><br> **Defendants City of Hemet, Patrick Sobaszek, and Andrew Reynoso's Opposition to Plaintiff's *Motion in Limine* No. 4 to Exclude Testimony that it is Permissible to Shoot a Man Merely For Fleeing** <br><br> Date:   April 23, 2026 <br> Time:  10:30 a.m. <br> Judge: Hon. Kenly Kiya Kato <br> Courtroom:  3 <br><br> Filed Dated:   12/24/2024 <br> Trial Date:      5/11/2026 |

Defendants City of Hemet, Andrew Sobaszek, and Andrew Reynoso ("Defendants") oppose Plaintiff's Motion in Limine Number 4 *to exclude testimony that it is permissible to shoot a man merely for fleeing* because the request is premised on Plaintiff's **intentional misrepresentation** of Defendants' deposition testimony, as

1

Defendants have never testified (nor do they intend to testify) "that it would be appropriate to use deadly force against Plaintiff *merely* because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to take a hostage, no pointing of the gun – just running away with a gun in hand . . . would constitute an imminent threat of death or serious bodily injury." (Plaintiff's Mil. No. 4, Dkt. No.74, at 2:6-10).  The motion is a ridiculous (and frivolous) attempt to frame the incident in a manner that is simply inconsistent with both the disputed and undisputed facts, and is a blatant attempt to attribute harmful statements and/or admissions to the Defendants that Plaintiff ***knows*** Defendants never made.

Additionally, in the interests of judicial economy and Fed. R. Civ. P. Rule 10, Defendants adopt by reference and restate herein the arguments set forth by defendants California Highway Patrol and Sean Irick in their opposition to Plaintiff's MIL No. 4. [Dkt. No.  82].

## ARGUMENT

### I. Plaintiff's Motion is Premised on *Intentional Misrepresentations* of Defendants' Deposition Testimony.

Plaintiff's motion, premised on fantastical and deceptive editorializations of Defendants' deposition testimony, is an improper and bad faith attempt to attack Defendants' credibility before the Court by intentionally misrepresenting that Defendants have made and/or intend to make the ***preposterous argument***:

> . . . *that it would be appropriate to use deadly force against Plaintiff* <u>*merely*</u> *because he had a gun in his hand and was running away, and nothing more. . .* (Plaintiff's Mil. No. 4, Dkt. No.74, at 2:6-8).

As simple reading of the supposed supporting deposition testimony <u>cited by Plaintiff</u> makes it clear that Defendants have never made such an argument, and nor do they intend to make any such argument or believe that any such argument is

2

consistent with the law, their training, or their reasonable interpretation of the facts believed by them to be true.

Plaintiff's motion even acknowledges that Defendants agree that the use of deadly force "merely because a person is running away" (*Id.* at 4:28) or "merely because a person has a gun in hand" (*Id.* at 5:2-3) or even because someone is "just running away *with* a gun in hand. (*Id*. at 4:25, italics added) is inappropriate based on the law and would be inconsistent with their training.

Plaintiff's motion then makes the laughably false assertion that despite the above, Defendants also "testif[ied] that it would be permissible to use deadly force against *Gonzalez* merely for running away with a gun." (*Id.* at 5:28-6:1).

Plaintiff "supports" his claim by citing to the excerpts from depositions of defendants Andrew Reynoso[1] and Sean Irick[2], which are plainly discussing ***hypothetical[3]*** scenarios that specifically ignore Defendants' unequivocal testimony that, among other things, Plaintiff removed the firearm from his waistband ***and*** began turning his body and the firearm towards the officers ***and*** made a statement that could reasonably be interpreted as threatening to use the firearm against himself, the officers, or the bystanders.[4]

Furthermore, it is irrelevant whether Defendants *believe* (they do not) that it is permissible to shoot a man (or Gonzalez) ***merely*** for fleeing, because the totality of circumstances encountered by the Defendants conclusively establish that the Defendants ***did not*** shoot Gonzalez *merely* for fleeing, as Plaintiff suggests.

## II. Defendants Adopt and Reassert as Their Own, the Arguments Made By Defendants California Highway Patrol and Sean Irick

In the interests of judicial economy and pursuant to Fed. R. Civ. P. Rule 10, Defendants adopt by reference and restate herein as their own the arguments set forth

---

[1] Reynoso Deposition at 46:1-47:21
[2] Irick Deposition at 56:18-57:6
[3] Reynoso Deposition at 46:8; Irick Deposition at 56:18
[4] Irick Deposition at 56:2-6

3

Defendants City of Hemet, Sobaszek, and Reynoso's Oppo to Plaintiff's MIL No. 4

by defendants California Highway Patrol and Sean Irick in their opposition to Plaintiff's MIL No. 4. [Dkt. No. 82].

**III. Conclusion**

For the reasons set forth above, Plaintiff's MIL No. 4 must be denied in its entirety, and the Court *should* admonish and remind Plaintiff of the duty of candor owed to the Court and to Defendants.

DATED:  April 2, 2026          **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**


By:        /s/ Andrea Kornblau
          Eugene P. Ramirez
          Andrea K. Kornblau
          Kimberly L. Aceves
          Attorneys for Defendants City of Hemet,
          Patrick Sobaszek, and Andrew Reynoso

Defendants City of Hemet, Sobaszek, and Reynoso's Oppo to Plaintiff's MIL No. 4