ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
State Bar No. 242372
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendant*
*California Highway Patrol and Officer Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS CHP AND OFFICER IRICK'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* No. 1 TO EXCLUDE "INFORMATION UNKNOWN"**<br><br>Date:         April 23, 2026<br>Time:        10:30 a.m.<br>Courtroom:  3<br>Judge:       The Honorable Kenly Kiya Kato<br>Trial Date:  May 11, 2026<br>Action Filed: 12/24/2024 |

## INTRODUCTION

Defendants, State of California, by and through the California Highway Patrol (CHP), and Officer Irick oppose plaintiff's motion to exclude information not known to the officers at the time of the incident. Plaintiff's motion seeks to omit a myriad of categories of evidence, reference to charges and convictions against plaintiff and plaintiff's drug use (collectively referred to ubiquitously as "personal history"), plaintiffs' medical history and all post incident investigations as the

1

motion is overbroad and seeks to exclude relevant information. Plaintiff's drug and alcohol use is relevant to both his perception of events and medical treatment. Further, plaintiff's conviction for events on January 24, 2024, preclude him from arguing that he did not have a loaded firearm and was not evading the officers. Plaintiff's use of drugs is relevant to the liability and damage analysis and therefore admissible.  Accordingly, plaintiff's motion should be denied.

## ARGUMENT

### I.   OFFICER IRICK MAY TESTIFY REGARDING HIS OBSERVATIONS AND PERCEPTION OF EVENTS AS WELL AS STATEMENTS MADE TO HIM.

Plaintiff's motion in limine does not identify specifically what or which witnesses he is attempting to exclude testimony. It is anticipated that the Officers will testify that they believed plaintiff was likely impaired by either drugs based on his erratic behavior at their initial encounter with him, the manner they observed him driving, and his refusal to obey their commands to stop.  Whether plaintiff had used drugs is also relevant to his perception of events and actions leading to the incident at issue, an officer-involved shooting.

Federal Rules of Evidence 402 provides in relevant part,

"Relevant evidence is admissible unless any of the following provide otherwise.

- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Under Federal Rules of Evidence 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. *Huddleston v. U.S.*, 485 U. S. 681, 682-92 (1988); *Boyd v. City and County of San Francisco,* 576 F.3d 938, 944 (9th Cir. 2009). Under Rule 402, evidence is presumed to be

2

admissible if it is relevant. *Jacques v. Clean-Up Group, Inc.*, 96 F.3d 506, 516 (1st Cir. 1996) Rule 403 is a liberal rule under which relevant evidence is generally allowed.

## II. PLAINTIFF'S USE OF DRUGS ON THE DATE OF THE INCIDENT IS RELEVANT TO HIS STATE OF MIND AND DAMAGES.

Evidence regarding plaintiff's use of drugs around the time of the event, including statements made by others about such drug use, is relevant to his ability to perceive and recall events and also relevant to his claimed injuries and damages.

Plaintiff's motion leaves out a critical aspect of Fourth Amendment liability analysis: plaintiff's state of mind. Federal courts have held that evidence of plaintiff's drug use is relevant to a material issue in this case. Under *Graham v. Connor*, 490 U.S. 386, 397 (1989), defendant's knowledge that a decedent was under the influence of methamphetamine at the time of the incident, and during the events leading up to the incident, is relevant to whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them. This court has previously held that evidence of decedent's drug use and intoxication is admissible because it would provide the jury with an explanation of plaintiff's actions during the incident. *Estate of Casillas,* 2019 WL 586747, at *4, See *also Boyd*, 576 F.3d 944 (corroborating evidence admissible, evidence of drug usage was probative of the decedent's erratic conduct).

Plaintiff's state of mind is relevant as his conduct is disputed. Defendants do not dispute that facts unknown to an officer may be excluded from the Fourth Amendment's objective reasonableness inquiry. But "[i]n a case such as this, where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is [also] relevant and admissible." *Id.* The Ninth Circuit also found that evidence going to the plaintiff's state of mind on the issue of whether he had cooperated with police or intentionally provoked a shooting was admissible. *Id.* at 944-945. Additionally, courts have admitted

3

evidence of decedent's alcohol consumption on the day of the underlying incident because it was relevant to the question of decedent's actions and reactions when the officers shouted at them to get out of the car. *Turner v. White*, 980 F.2d 1180, 1182 (8th Cir. 1992) (affirming admission of decedent's alcohol consumption on the date of the incident because it is relevant to the question of defendant's actions and reactions when they told him to get out of the car).

Here, the Officers' and plaintiff's version of events are in dispute. Evidence of plaintiff's drug use is relevant to plaintiff's recollection of events and actions and reactions.  Evidence of his drug use on the date of the incident is highly relevant to plaintiff's conduct on the date of the incident. Accordingly, evidence of plaintiff's use of drugs on the day of the incident is admissible.

Finally, plaintiff is alleging pain and suffering as a result of the shooting. Evidence of his drug use can be admitted to evaluate any claimed testimony about pain and suffering and his treatment course.  Therefore, evidence of plaintiff's drug and alcohol use is directly relevant to plaintiff's damages claims and should be admitted for that purpose as well.

## III. PLAINTIFF'S PRIOR ARRESTS AND CONVICTIONS ARE RELEVANT AND ADMISSIBLE.

Plaintiff's motion seeks to exclude all evidence of arrests and convictions is overbroad and should be denied.

It is unclear what prior arrests or convictions plaintiff is attempting to exclude. Evidence of prior arrests or convictions which may have motivated plaintiff's actions on the day of the incident are relevant to his actions and intentions. Fed. R. Evid. 401(a). Additionally, the evidence could be relevant for impeachment purposes. It was known to Officer Irick prior to his encounter with plaintiff that plaintiff had outstanding active felony warrants, including one for drug possession. When Gonzalez was first encountered he made statements to the effect that he was "not going back to jail." It is anticipated that testimony will show that the officers

4

training and experience is that people who use controlled substances often have impaired judgment and lack the capability to make reasonable decisions. People who are in possession of a control substance on their person often use that controlled substance for personal use. Subjects who use a controlled substance, while carrying a loaded and operable firearm, will often commit various violent crimes with the firearm. Subjects who are under the influence of a controlled substance will often make irrational decisions, including doing anything to avoid going back to jail. Subjects under the influence do not make sound decisions and often have paranoia, which influences their decision-making process.

Plaintiff also had an active restraining order against him, which prohibited the possession of a firearm. These warrants are admissible because they are relevant to plaintiff's state of mind and actions. Plaintiff's version of events is disputed. The active warrants for his arrest and his violation of the restraining order condition are relevant to explain plaintiff's actions and unwillingness to comply with the officers at the time of the incident and are therefore admissible.

As a result of this incident, plaintiff pled guilty to felony charges, including evading/running from police and possession of a firearm. As a result of this conviction, he was sentenced to three years and eight months in custody.

These convictions involve the subject incident and are binding on plaintiff. Under California law, a plea of nolo contendere equates to a conviction. Cal. Penal Code § 1916.  Under Rule 609(a)(1)(A), the conviction for felony possession of a loaded firearm is admissible. Additionally, the conviction for evading is admissible under Rule 609(a)(2) as it is probative of plaintiff's credibility.  Plaintiff's nolo contendere plea prevents him from making any arguments that he did not have a loaded firearm in his vehicle or that he was not evading the officers when he failed to pull over on January 24, 2024.

///

///

5

**CONCLUSION**

Plaintiff's motion in limine number one should be denied because it seeks to exclude information relevant to plaintiff's actions on the date of the incident, his ability to recall events, his credibility, and his claimed damages.

Dated: April 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant*
*California Highway Patrol and*
*Officer Irick*

SD2025300206
39753515

6