ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE C. BEARS
Deputy Attorney General
State Bar No. 242372
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6294
 Fax:  (916) 731-2120
 E-mail:  Amie.Bears@doj.ca.gov
 Mario.Garcia@doj.ca.gov
*Attorneys for Defendants, State of California, acting by
and through the California Highway Patrol, and
Officer Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | 5:25-cv-00331-KK-DTB |
| Plaintiff, | **DEFENDANTS CALIFORNIA HIGHWAY PATROL AND SEAN IRICK'S PROPOSED VOIR DIRE QUESTIONS** |
| **v.** | |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | Date: April 23, 2026<br>Time: 10:30 a.m.<br>Courtroom: 3<br>Judge: The Honorable Kenly Kiya Kato |
| Defendants. | Trial Date: May 11, 2026<br>Action Filed: 12/24/2024 |

Defendants State of California acting by and through the California Highway Patrol and Sean Irick respectfully submits the following proposed voir dire questions.

### PROPOSED VOIR DIRE QUESTIONS

1) Will defense counsel introduce themselves and their client?

1

2) Does anyone know: Plaintiff Mr. George Gonzalez? The attorneys? Defendant Sean Irick, or any of the witnesses?

3) This case may take six to ten days. Will any of you find it difficult or impossible to participate for this period of time?

4) Do you have any beliefs or feelings toward any of the parties or the attorneys that might be regarded as a bias or prejudice for or against any of them?

5) Do you have any interest, financial or otherwise, in the outcome of this case?

6) The plaintiff has the burden to prove his claims in this case. Do you have any beliefs that would make it hard for you to hold the plaintiff to this obligation?

7) Is there any reason based on your background, beliefs, or experiences that might prevent you from being completely fair and impartial in this case?

8) Do any of you, or anyone close to you, know of anyone who has ever been incarcerated? If yes, please explain.

9) Have you or any member of your family, or any close friend, been charged with a crime? Describe what occurred.

10) Do you or anyone you know work in or with law enforcement? By "law enforcement," I mean police departments, sheriff's departments, highway patrol, state troopers, corrections departments, and parole or probation organizations.

11) Have you, a relative, or a close friend had any adverse experiences with a law enforcement officer? If so, please explain.

12) Do you believe law enforcement officers, or any staff employed by the government should ever use deadly force? If so, under what circumstances?

13) How do you feel about government employees having to make split-second decisions in potentially dangerous situations?

14) Do you believe that any use of force against someone in custody is automatically wrong or unjustified?

15) Plaintiff is a prisoner in the custody of the Under the law, he has equal standing as any other person who comes before the Court. Will the fact that Plaintiff is a prisoner affect your ability to fairly and impartially hear the evidence and render a decision in this case based solely on the evidence presented?

16) Will the fact that correctional officers have to be around the Plaintiff at all times during the trial affect your ability to serve as a fair and impartial juror?

17) If you served as a juror in a criminal trial, you may have been instructed that the burden of proof was "beyond a reasonable doubt." The Court will instruct you that the burden of proof in this civil case is "by a preponderance of the evidence." This is a different standard for the burden of proof.

18) Have you, a relative, or friend ever been involved in civil or criminal litigation as a party or a witness? If so:

    a.    In what county or state was the lawsuit?

    b.    How long ago was the lawsuit?

    c.    What was the general nature of the lawsuit?

    d.    Was the lawsuit resolved by settlement? Or did it go to trial?

    e.    Were you satisfied with the resolution of the lawsuit?

    f.    How would that experience affect your ability to be a fair and impartial juror on this case or your ability to deliberate in this case if you are selected?

Please raise your hand if you believe you will have any difficulty applying this standard.

19) Have you, a relative, or a close friend had any adverse experiences with, or felt you, your relative, or friend were treated unfairly by law enforcement officers or prison officials? If so:

    a.    What were those experiences?

    b.    When did those experiences occur?

    c.    How would those experiences affect your ability to serve on this

jury and deliberate on this case.

20) Have you or anyone close to you filed a lawsuit against the government or a state employee? What was the outcome?

21) Do you believe that our society has too many lawsuits?

22) Do you believe that too many people file frivolous or inappropriate lawsuits?

23) Do any of you, or anyone close to you, ever take psychotropic medication, medication that affects the mind, emotions, and behavior? If yes, please explain.

24) Do any of you, or anyone close to you, ever experience mental delusions? If yes, please explain.

25) Do any of you have any family members who are in the law enforcement profession? If so, please identify their occupation.

26) Do you hold any religious, ideological, or other beliefs about psychotropic medications that would affect your impartiality?

27) What organizations do you belong to?

28) Can you think of anything in your own life that reminds you of this case? If so, what is it, and how are you reminded?

29) This case involves a claim for damages for violation of the Fourth Amendment to the Constitution, and you will receive instructions from the Court about the specific elements of such a claim in the context of a pretrial detainee. Do you believe that you can follow instructions from the Court that tell you the specific elements you must consider in reaching your verdict?

30) Plaintiff will present his side of the case first. Only after the Plaintiff has presented his side of the case will the Defendants have an opportunity to present their side of the case. Please raise your hand if you cannot agree to keep an open mind and make no decision about the evidence or case until after all the evidence has been presented by both sides and I have instructed you about the law in this case.

4

31) At the close of this case, the Court will instruct you on the law. It is important that you give us your assurance that you will, without reservation, follow the Court's instructions and rulings on the law. To put it another way, whether you approve or disapprove of, or agree or disagree with, the Court's rulings or instructions, it is your solemn duty to accept as correct the statements of the law as given to you by the Court. You may not substitute your own idea of what you think the law ought to be or should be. Please raise your hand if you will not be able to follow the law as given to you in this case.

Dated:  April 9, 2026                        Respectfully submitted,

                                             ROB BONTA
                                             Attorney General of California
                                             CATHERINE WOODBRIDGE
                                             Supervising Deputy Attorney General


                                             *Mario Garcia* (signature)

                                             AMIE C. BEARS
                                             Deputy Attorney General
                                             MARIO E. GARCIA
                                             Deputy Attorney General
                                             *Attorneys for Defendants, State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

# CERTIFICATE OF SERVICE

Case Name:    **Gonzalez v. State of California, et al.**        No.    **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>April 9, 2026,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS CALIFORNIA HIGHWAY PATROL AND SEAN IRICK'S PROPOSED VOIR DIRE QUESTIONS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>April 9, 2026,</u> at Los Angeles, California.

Lenee Pandino
Declarant

*Lenee Pandino*
Signature

SD2025300206
68377791.docx