**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE C. BEARS
Deputy Attorney General
State Bar No. 242372
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
300 South Spring Street, Suite 1702
Los Angeles, CA  90013-1230
Telephone:  (213) 269-6294
Fax:  (916) 731-2120
E-mail:  Mario.Garcia@doj.ca.gov
Attorneys for Defendants California Highway Patrol
and Sean Irick

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*<br>Magistrate Judge David T. Bristow]<br><br>**[PROPOSED] FINAL PRE-TRIAL CONFERENCE ORDER**<br><br>**Final Pretrial Conference:**<br>Date:   April 23, 2026<br>Time:   10:30 a.m.<br>**Trial:**   May 11, 2026<br>Time:   09:30 a.m.<br>Place:   Courtroom 3 |

-1-

# TABLE OF CONTENTS

1.   THE PARTIES AND PLEADINGS: ..................................................................4

2.   JURISDICTION: ...........................................................................................4

3.   TRIAL DURATION: ......................................................................................4

4.   JURY TRIAL: ..............................................................................................5

5.   ADMITTED FACTS: ......................................................................................5

6.   STIPULATED FACTS: ...................................................................................5

7.   PARTIES' CLAIMS AND DEFENSES. ...............................................................5

     PLAINTIFF'S CLAIMS: ................................................................................5

     (a)   Plaintiff plans to pursue the following claims against the
           following Defendants: ......................................................................5

           Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE
                      (42 U.S.C. §1983) ..............................................................6

           Claim 2:   BATTERY BY A PEACE OFFICER (DEADLY
                      FORCE) ...........................................................................7

           Claim 3:   NEGLIGENT USE OF DEADLY FORCE BY A
                      PEACE OFFICER ................................................................9

           Claim 4:   STATE CIVIL RIGHTS VIOLATIONS: BANE
                      ACT (California Civil Code §52.1) ......................................11

     (b)   The elements required to establish Plaintiff's claims are: ....................13

           Claim 1:   FOURTH AMENDMENT: EXCESSIVE FORCE
                      (42 U.S.C. §1983) ............................................................13

           Claim 2:   BATTERY BY A PEACE OFFICER (DEADLY
                      FORCE) .........................................................................14

           Claim 3:   NEGLIGENT USE OF DEADLY FORCE BY A
                      PEACE OFFICER ..............................................................15

           Claim 4:   STATE CIVIL RIGHTS VIOLATIONS: BANE
                      ACT (California Civil Code §52.1) ......................................16

     (c)   In brief, the key evidence Plaintiff relies on is identical for each
           claim because each claim arises out of the same set of events and
           is based on similar factors, all similarly derivative of the use of
           force and deadly force: ....................................................................17

     Key Testimony: ...............................................................................17

     Key Documents and Other Evidence: ...................................................18

DEFENDANT'S AFFIRMATIVE DEFENSES.................................................18

(a)   Defendants plan to pursue the following affirmative defenses: ...........18

(b)   The elements required to establish Defendants' affirmative defenses are: .................................................................................23

(c)   In brief, the key evidence Defendants rely for their affirmative defenses: ......................................................................................24

Defendants' Key Testimony: ....................................................................24

Defendants' Key Documents and Other Evidence: ......................................24

8.   REMAINING TRIABLE ISSUES:.................................................25

9.   DISCOVERY ................................................................................25

10.   DISCLOSURES AND EXHIBIT LIST:...........................................26

11.   WITNESS LISTS: ........................................................................26

12.   MOTIONS *IN LIMINE*: ................................................................27

Plaintiff's motions *in limine* include: ......................................................27

Defendants' motions *in limine* include: ...................................................27

13.   BIFURCATION: ...........................................................................28

14.   ADMISSIONS: .............................................................................28

IT IS SO ORDERED. ...............................................................................28

Following pretrial proceedings, pursuant to Fed. R. Civ. P., Rule 16, and L.R. 16, IT IS HEREBY ORDERED:

This order may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

**1.     THE PARTIES AND PLEADINGS:**

Plaintiff:           GEORGE GONZALEZ.

Defendants:       STATE OF CALIFORNIA ACTING BY AND

THROUGH THE CALIFORNIA HIGHWAY PATROL;

SEAN IRICK.

The pleadings which raise the issues are: Plaintiff's March 17, 2025 First Amended Complaint (ECF. No. 20); Defendants State of California acting by and through the California Highway Patrol (CHP) and Sean Irick's April 11, 2025 Answer (ECF No. 23); Plaintiff's Second Amended Complaint filed June 5, 2025 (ECF No. 38) Defendants CHP and Sean Irick's Answer filed June 19, 2025 (ECF No. 39); Plaintiff's April 2, 2026 Memorandum of Contentions of Fact and Law (ECF No. 91); Defendants' April 2, 2026 Memorandum of Contentions of Fact and Law (ECF No. 83); and this [Proposed] Final Pretrial Conference Order.

**2.     JURISDICTION:**

It is stipulated that subject-matter jurisdiction over this action exists and is appropriate under 28 U.S.C. §§1331, 1343(a), and 1367 and venue is proper and appropriate this District and this Division under 28 U.S.C. §1391(b). The facts requisite to federal jurisdiction are admitted.

**3.     TRIAL DURATION:**

The parties estimate 5-6 court days for this jury trial.

**4.    JURY TRIAL:**

This trial is to be a jury trial.

Plaintiff and Defendant shall serve and file Agreed Upon Exhibit list, Set of Jury Instructions, Agreed Upon Verdict Form(s) as well as the Joint Statement re Disputed Instructions, and Disputed Verdict Form(s) by no later than April 9, 2026.

**5.    ADMITTED FACTS:**

The following facts are admitted and require no proof:

1.    The shooting incident occurred on January 24, 2024, at approximately 8:30 p.m., in the City of Beaumont, California.

2.    Defendant Sean Irick was acting under the color of state law during the incident.

3.    Defendant Sean Irick was acting within the course and scope of his employment during the incident with Defendant State of California by and through California Highway Patrol.

4.    Mr. Gonzalez was harmed.

**6.    STIPULATED FACTS:**

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

The parties do not stipulate to any facts beyond those listed in the above "Admitted Facts" in Section 5 above.

**7.    PARTIES' CLAIMS AND DEFENSES.**

PLAINTIFF'S CLAIMS:

(a)    Plaintiff plans to pursue the following claims against the following Defendants:

Case No. 5:25-cv-00331-KK-DTB
[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

**Claim 1:**  **FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)**

Plaintiff George Gonzalez contends that Defendant Sean Irick used excessive deadly force against Mr. Gonzalez. Defendant Sean Irick fired from his weapon approximately nine (9) at Mr. Gonzalez, from behind, including after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. Mr. Gonzalez was struck multiple times including to the back, thigh, and foot. Mr. Gonzalez never attempted to harm anyone during this incident, was not about to harm anyone prior to being repeatedly shot, never attempted to take a hostage or go inside any building, and never verbally threatened any officer or person. At all times relevant, Mr. Gonzalez was not an immediate threat of death or serious bodily injury, there were reasonable less-intrusive alternatives available, and no warning was given. Mr. Gonzalez further contends that Defendant Irick caused Mr. Gonzalez's harm, either directly by shooting him, indirectly by being an integral participator in the harm caused, and because Defendant Irick is unable to prove that his bullets did not strike Mr. Gonzalez therefore he is responsible for all bullets that struck Plaintiff. Defendant Irick acted under the color of state law and within the course and scope of their employment during the incident.

Plaintiff seeks compensatory damages for the violation of his rights injuries and damages, costs and interests, punitive damages, and reasonable attorneys' fees under this claim.

Defendants' Contentions:

Based on the totality of the circumstances, Plaintiff George Gonzalez was a threat to the general public and law enforcement officers, including Defendant Sean Irick, prior to and at the time of the use of deadly force. Law enforcement was informed that Plaintiff was at the home of his significant other and was armed. Defendant Sean Irick, among other law enforcement officers, attempted to negotiate with Plaintiff to surrender to the law enforcement custody. Plaintiff barricaded

himself in a vehicle before evading law enforcement on a vehicle pursuit. After some time, Plaintiff George Gonzalez vehicle became inoperable. Plaintiff exited his vehicle and ran away from law enforcement on foot toward Perricone Juices in the City of Beaumont, California which was open for business. During the foot pursuit, Plaintiff George Gonzalez pulled the pistol from his waistband with his right hand thereby exposing it to Defendant Sean Irick. Defendant Sean Irick discharged his weapon after Plaintiff George Gonzalez ignored continuous law enforcement commands to stop running, drop his weapon, and seeing an escape route into Perricone Juice property filled with employee bystanders. Based on the totality of the circumstances, Plaintiff George Gonzalez was a threat to the general public. The objective reasonableness of a use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (*Aguirre I*), 29 F.4th 624, 628 (9th Cir. 2022.) Defendant Sean Irick's use of force was reasonable and proportionate to the threat posed by Plaintiff George Gonzalez to Defendant Sean Irick, other law enforcement officers, and Perricone Juice employees.

**Claim 2:     BATTERY BY A PEACE OFFICER (DEADLY FORCE)**

Plaintiff George Gonzalez contends that Defendant Sean Irick, while acting in the course and scope of his employment the State of California, by and through California Highway Patrol, as a peace officer, used unreasonable deadly force against Mr. Gonzalez. Defendant Irick fired from his weapon approximately nine (9) at Mr. Gonzalez, from behind, including after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. Mr. Gonzalez was struck multiple times including to the back, thigh, and foot. Mr. Gonzalez never attempted to harm anyone during this incident, was not

7        Case No. 5:25-cv-00331-KK-DTB

about to harm anyone prior to being repeatedly shot, never attempted to take a hostage or go inside any building, and never verbally threatened any officer or person. Mr. Gonzalez further contends that Defendant Irick caused Mr. Gonzalez's harm, either directly by shooting him, indirectly by being an integral participator in the harm caused, and because Defendant Irick is unable to prove that his bullets did not strike Mr. Gonzalez therefore he is responsible for all bullets that struck Mr. Gonzalez. At all times relevant, Mr. Gonzalez was not an immediate threat of death or serious bodily injury, there were reasonable less-intrusive alternatives available, and no warning was given. State law battery claims that peace officers used excessive force in the course of an arrest are analyzed under the reasonableness standard of the Fourth Amendment to the United States Constitution. *See Yount v. City of Sacramento*, 43 Cal. 4th 885, 902 (2008); *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 n.6 (2004); *Brown v. Ransweiler*, 171 Cal.App.4th 516, 527 (2009); CACI 1305B (Battery by Peace Officer). "'[A]n employer's liability extends to torts of an employee committed within the scope of his employment.'" *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 447 (1998) (internal citations omitted). The Defendant State are vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages under this claim.

Defendants' Contentions:

Based on the totality of the circumstances, Plaintiff George Gonzalez was a threat to the general public and law enforcement officers, including Defendant Sean Irick, who acted within course and scope of his CHP employment, prior to and at the time of the use of deadly force. Law enforcement was informed that Plaintiff was at the home of his significant other and was armed. Defendant Sean Irick, among other law enforcement officers, attempted to negotiate with Plaintiff to surrender to the law enforcement custody. Plaintiff barricaded himself in a vehicle before evading law enforcement and engaging in a vehicle pursuit. After some time, Plaintiff

George Gonzalez's vehicle became inoperable. Plaintiff exited his vehicle and ran away from law enforcement on foot toward Perricone Juices in the City of Beaumont, California which was open for business. During the foot pursuit, Plaintiff George Gonzalez pulled the pistol from his waistband with his right hand thereby exposing it to Defendant Sean Irick. Defendant Sean Irick discharged his weapon after Plaintiff George Gonzalez ignored continuous law enforcement commands to stop running, drop his weapon, and seeing an escape route into Perricone Juice property filled with employee bystanders. Based on the totality of the circumstances, Plaintiff George Gonzalez was a threat to the general public. Defendant Sean Irick's use of force was reasonable and proportionate to the threat posed by Plaintiff George Gonzalez to Defendant Sean Irick, other law enforcement officers, and Perricone Juice employees. The objective reasonableness of the use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (*Aguirre I*), 29 F.4th 624, 628 (9th Cir. 2022.)

**Claim 3:**       **NEGLIGENT USE OF DEADLY FORCE BY A PEACE OFFICER**

Plaintiff George Gonzalez contends that Defendant Sean Irick, while acting in the course and scope of his employment as a peace officer for the Defendant State of California, by and through California Highway Patrol, was negligent in his pre-shooting tactics and conduct and in using deadly force against Mr. Gonzalez. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Mr. Gonzalez's negligence claim comprehends that Defendant Irick's negligent pre-shooting tactics including his failure to have an adequate tactical plan; failure to communicate with Mr. Gonzalez properly; failure to communicate with other officers properly; failure to provide a verbal warning; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating the level of force. Mr. Gonzalez further contends that Defendant Irick caused Mr. Gonzalez's harm,

either directly by shooting him, indirectly by being an integral participator in the harm caused, and because Defendant Irick is unable to prove that his bullets did not strike Mr. Gonzalez therefore he is responsible for all bullets that struck Mr. Gonzalez.

Defendant State is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.") and 820(a).

Plaintiff seeks compensatory damages under this claim.

Defendants' Contentions:

Defendant Sean Irick contends that he was not negligent in their pre-shooting tactics and attempted to use continuous non-deadly force means to apprehend Plaintiff George Gonzalez. Prior to the shooting, Defendant Sean Irick, and other officers, attempted to negotiate with plaintiff to surrender to law enforcement. Instead of peacefully surrendering, Plaintiff by his own will evaded law enforcement thereby engaging in a vehicle pursuit where he violated multiple traffic laws and exposed the general public to danger. After his vehicle became stuck on train tracks and inoperable, Plaintiff George Gonzalez escaped on foot toward Perricone Juices in Beaumont, California, which was open for business. During the foot pursuit, Plaintiff carried a weapon to which he pulled from his waistband and carried it in his right hand. Defendants Sean Irick noticed that one of the Perricone Juice farms buildings had an open door to which he believed Plaintiff George Gonzalez would enter and escape. Because Plaintiff George Gonzalez had the opportunity cause serious bodily harm or death with the weapon to Defendant Sean Irick, other law enforcement officers, and Perricone Juice employees, Defendant Officer Irick discharged his weapon

**Claim 4:**    STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)

Plaintiff George Gonzalez contends that Defendant Sean Irick deprived Mr. Gonzalez of his constitutional rights when Defendant Irick used excessive force. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) and *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976-81 (2013)). The Defendant State of California is vicariously liable pursuant to California Government Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

The California Court of Appeals has held that intentional conduct that is separate and independent from an arrest gives rise to a Bane Act claim. *See Simmons v. Superior Ct.*, 7 Cal.App.5th 1113, 1125-27 (2016). The Ninth Circuit in *Reese v. County of Sacramento*, stated, "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 1045 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993). Here, there are several facts that establish that Defendant Irick acted with reckless disregard for Mr. Gonzalez's constitutional rights. First, Defendant Irick used deadly force against Mr. Gonzalez, without warning, with reasonable alternative, even after he dropped the gun and while he was on the ground and unarmed, and when Mr. Gonzalez was not even an immediate threat of harm to any person. Defendant Irick had time during the encounter to deliberate, plan, analyze, and determine the appropriate level of force, if any.

Plaintiff seeks compensatory damages and statutory attorneys' fees including treble damages or a multiplier under this claim.

Defendants' Contentions:

In order to establish a violation of Civil Code § 52.1, a plaintiff must show that the employee interfered or attempted to interfere with plaintiff's legal rights by the use of threats, intimidation or coercion. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). Most importantly, to show defendants violated § 52.1, plaintiff must show coercion independent from the coercion inherent in the violation of the constitutional right. *Shoyoye v. Cnty. of L.A.*, 203 Cal.App.4th 947, 959-960 (2012). In a claim alleging excessive force, plaintiff must show a § 52.1 coercion independent from the coercion already inherent in the use of force. *Gant v. Cnty. of L.A.,* 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011) (when use of force is intrinsic to the alleged constitutional violation, it cannot also satisfy the additional "coercion" element of § 52.1) (overruled on other grounds). In a wrongful detention claim, "[t]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Gant v. Cnty. of L.A.*, 594 Fed.Appx. 335 (9th Cir. 2014), citing *Shoyoye*, 203 Cal.App.4th at 959.  Pursuant to Government Code § 815.2, "[A] public entity's liability hinges on the liability of its employee."

Defendants CHP and Sean Irick concede that at the time of the shooting Defendant Sean Irick was acting within the course and scope of his employment as a peace officer. However, before resorting to deadly force, Defendant Sean Irick along with other officers continuously gave Plaintiff George Gonzalez commands to surrender to law enforcement. Instead, Plaintiff George Gonzalez resisted and engaged in a vehicle pursuit placing the general public in danger. Thereafter, after Plaintiff George Gonzalez's vehicle became inoperable, he escaped from the vehicle on foot. During the foot pursuit, Defendant Sean Irick, and other officers, saw Plaintiff George Gonzalez with a pistol in his right hand. The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats,

intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff do something that he was not required to do under the law. *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal.App.4th 860, 883. Plaintiff George Gonzalez did not have a right to evade the police from a lawful arrest. By his own will, Plaintiff George Gonzalez evaded Defendant Sean Irick and other officers from a lawful arrest. Prior to the arrest, Plaintiff George Gonzalez committed felonious acts by initiating a vehicle pursuit and a foot pursuit with a weapon in his hand.

        (b)     The elements required to establish Plaintiff's claims are:

**<u>Claim 1:</u>        FOURTH AMENDMENT: EXCESSIVE FORCE (42 U.S.C. §1983)**

        1.      Defendant Sean Irick acted under color of state law. (UNDISPUTED)

        2.      Defendant Sean Irick used excessive force against George Gonzalez.

        3.      The excessive force was a substantial factor in causing harm, injury, or damage to George Gonzalez.

<u>Source</u>: Ninth Circuit Manual of Model Jury Instructions, No. 9.27 (2025 Edition); *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)); *Bryan v. MacPherson,* 630 F.3d 805, 823 (9th Cir. 2010) (quoting *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003).

        <u>Defendants' Contentions</u>:

         It is undisputed Defendant Sean Irick acted under the color of state law. However, Defendants CHP and Sean Irick contend that excessive force was used. Plaintiff George Gonzalez disobeyed continuous commands to surrender to law enforcement, dangerously engaged in a vehicle pursuit, and also escaped on foot while carrying a pistol. During the foot pursuit, Plaintiff George Gonzalez ran toward and through the corridors of the Perricone Juices factory which was open for business. Plaintiff exposed Defendant Sean Irick, other law enforcement officers, and Perricone Juice employees in danger. Defendant Sean Irick's use of force was

proportionate, objectively reasonable based on the perspective of a reasonable officer as the time of the use of force. The objective reasonableness of the use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (Aguirre I), 29 F.4th 624, 628 (9th Cir. 2022) see County of Los Angeles, Calif. v. Mendez, 581 U.S. 420, 427 (2017)("[D]etermining whether the force used to effect a particular seizure is reasonable requires balancing of the individual's Fourth Amendment interests against the relevant government interests.") A court must consider the totality of the circumstances in determining whether the use of force is objectively reasonable. *Barnes v. Felix*, 605 U.S. 73 (2025).

**Claim 2:**  **BATTERY BY A PEACE OFFICER (DEADLY FORCE)**

1. Defendant Sean Irick intentionally shot George Gonzalez; (UNDISPUTED)

2. Defendant Sean Irick used deadly force on George Gonzalez; (UNDISPUTED)

3. Defendant Sean Irick's use of deadly force was not necessary to defend human life;

4. George Gonzalez was harmed; (UNDISPUTED) and

5. Defendant Sean Irick's use of unreasonable force was a substantial factor in causing George Gonzalez's harm.

Source: CACI No. 1305B (2026 Edition).

Defendants' Contentions:

Defendants CHP and Sean Irick concede that Officer Irick intentionally shot Plaintiff. Defendants CHP and Sean Irick also concede that deadly force was used. Defendant Sean Irick's use of force was necessary to defend human life because Plaintiff was carrying a pistol in his hand at the time Perricone Juice was open for

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

business with employee bystanders located nearby. Defendant Sean Irick's use of force was reasonable. The objective reasonableness of the use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (*Aguirre I*), 29 F.4th 624, 628 (9th Cir. 2022). CHP countervailing interest was to apprehend Plaintiff George Gonzalez. Defendant Sean Irick along with other officers had attempted to apprehend Plaintiff George Gonzalez peacefully but he resisted. Plaintiff evaded the police by using a vehicle, then escaping on foot, and then, while running away from the police, holding a gun in his right hand near innocent bystanders as he was pursued by the officers. Plaintiff's own conducting in resisting arrest was the substantial factor in causing his harm. Plaintiff could have prevented the injuries if he had surrendered to the police.

**Claim 3:**     **NEGLIGENT USE OF DEADLY FORCE BY A PEACE OFFICER**

    1.     Defendant Sean Irick was a peace officer. (UNDISPUTED)

    2.     Defendant Sean Irick used deadly force on George Gonzalez. (UNDISPUTED)

    3.     Defendant Sean Irick's use of deadly force was not necessary to defend human life.

    4.     George Gonzalez was harmed. (UNDISPUTED)

    5.     Defendant Sean Irick's use of deadly force was a substantial factor in causing George Gonzalez's harm.

Source: CACI No. 441 (2026 Edition).

    Defendants' Contentions:

    Defendants CHP and Sean Irick concede that Defendant Sean Irick was within the course and scope of his employment as a CHP sworn peace officer at the time of incident. Defendants CHP and Sean Irick concede that deadly force was used Deadly force was necessary to defend human life because Plaintiff was a

carrying a pistol on his right hand and ran toward Perricone Juice while open for business at the time of the incident. At the time of the foot pursuit, Perricone Juice employees were seen near Plaintiff George Gonzalez's path by Defendant Sean Irick and other officers. Defendant Sean Irick's use of force was reasonable. The objective reasonableness of the use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (*Aguirre I*), 29 F.4th 624, 628 (9th Cir. 2022). CHP's countervailing interest was to apprehend Plaintiff George Gonzalez and preventing him from committing more felonious acts. Defendant Sean Irick along with other officers had attempted to apprehend Plaintiff George Gonzalez peacefully but he resisted. Plaintiff evaded the police by driving a vehicle, then escaping on foot, and then, while running away from the police, holding a gun in his right hand near innocent bystanders. Plaintiff's own conduct in resisting arrest was the substantial factor in causing his harm. Plaintiff could have prevented the injuries if he had surrendered to the police.

**Claim 4:** **STATE CIVIL RIGHTS VIOLATIONS: BANE ACT (California Civil Code §52.1)**

1. Defendant Sean Irick acted violently against Plaintiff George Gonzalez to prevent him from exercising his right to be free from the use of excessive force.

2. Defendant Sean Irick intended to deprive Plaintiff George Gonzalez of, or acted with reckless disregard for, his enjoyment of the interests protected by the right to be free from the use of excessive force.

3. Plaintiff George Gonzalez was harmed. (UNDISPUTED)

4. The conduct of Defendant Sean Irick was a substantial factor in causing Plaintiff George Gonzalez's harm.

Source: CACI No. 3066 (2026 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018); *see also Cornell v. City & Cnty. of San Francisco*, 17 Cal.App.5th 766, 799-800 (2017); and as modified and instructed previously by this Court.

Defendants' Contentions:

Defendant CHP and Sean Irick agree that Defendant Sean Irick's use of force Plaintiff George Gonzalez was reasonable. The objective reasonableness of the use of force is assessed by balancing the nature and quality of the intrusion on Fourth Amendment rights against the government's countervailing interest in the force used. *Estate of Aguirre v. County of Riverside* (*Aguirre I*), 29 F.4th 624, 628 (9th Cir. 2022). CHP's countervailing interest was to apprehend Plaintiff George Gonzalez. Defendant Sean Irick along with other officers had attempted to apprehend Plaintiff George Gonzalez peacefully but he resisted. Plaintiff evaded the police by using a vehicle, then escaping on foot, and then, while running away from the police, holding a gun in his right hand near innocent bystanders. Plaintiff's own conduct in resisting arrest was the substantial factor in causing his harm. Plaintiff could have prevented the injuries if he had surrendered to the police. Defendant Sean Irick did not intend to violate Plaintiff George Gonzalez's right to be free from excessive force but used force to prevent the risk of serious bodily injury to Defendant Sean Irick, other law enforcement officers, and innocent Perricone Juice employee bystanders.

(c)  In brief, the key evidence Plaintiff relies on is identical for each claim because each claim arises out of the same set of events and is based on similar factors, all similarly derivative of the use of force and deadly force:

Key Testimony:

1.  Testimony of George Gonzalez

2.  Testimony of Patrick Sabaszek

3.      Testimony of Andrew Reynoso

4.      Testimony of Sean Irick

5.      Testimony of Scott Holdaway, Plaintiff's video expert

6.      Testimony of Jeff Noble, Plaintiff's police practices expert

7.      Testimony of Dr. Ryan O'Connor, Plaintiff's medical expert

8.      Testimony of treating providers

9.      Testimony of paramedics

Key Documents and Other Evidence:

1.      Videos of the Incident

2.      Screenshots of Videos

3.      Photographs of Injuries

4.      Relevant portions of Plaintiff's Medical Records

5.      Demonstrative Exhibits of Experts

DEFENDANT'S AFFIRMATIVE DEFENSES

(a)      Defendants plan to pursue the following affirmative defenses:

**Affirmative Defense 3**: All happenings and events, damages and injuries, if any there were, referred to in the Complaint were proximately caused and contributed to by the negligence plaintiff and others, each and all of whom failed to exercise ordinary care in their own behalf at all times and places alleged in the Second Amended Complaint.

**Affirmative Defense 8**: The conduct of plaintiff stops him from claiming the damages alleged in the Second Amended Complaint.

**Affirmative Defense 10**: At all relevant times, plaintiff failed to mitigate injury and damages.

**Affirmative Defense 11**: Plaintiff willingly, voluntarily and knowingly took the risk of inciting a confrontation with, and being in proximity to a confrontation with, defendants, whom plaintiff knew or reasonably should have known to be peace

officers, and thereby assumed each, every and all the risks and hazards implicated by the events alleged in the Second Amended Complaint. Such conduct is a reasonable implied assumption of risk.

**Affirmative Defense 13**: Neither the State of California nor any of its departments is a "person" within the meaning of the Federal Civil Rights Act, 42 United States Code section 1983 et seq.

**Affirmative Defense 14**: The Second Amended Complaint fails to state a cause of action for violation of civil rights, as any deprivation of civil rights alleged in the Second Amended Complaint was not without due process of law.

**Affirmative Defense 15**: Answering defendants have not deprived any person of any right, privilege or immunity guaranteed by the Constitution or laws of the United States. There has been no deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the United States.

**Affirmative Defense 16**: There is no imputed liability between public officers in actions under the Federal Civil Rights Act.

**Affirmative Defense 17**: There is no imputed liability between a public officer and the employing public entity in actions under the Federal Civil Rights Act.

**Affirmative Defense 18:** All acts of defendants, if any there were, occurred in the proper exercise of police powers without malice or intent to deprive any person of any right arising under the Constitution or laws of the United States, or to do any person any other injury.

**Affirmative Defense 20**: Answering defendants are entitled to qualified immunity.

**Affirmative Defense 21**: Public entities are immune from suit when their employees are immune from suit. Gov. Code, §815.2.

**Affirmative Defense 26**: To the extent that the complaint herein attempts to predicate liability upon any public entity defendant or any agent or employee thereof

19    Case No. 5:25-cv-00331-KK-DTB

for purported negligence in retention, hiring, employment, training, or supervision of any public employee, liability is barred by Government Code sections 815.2 and 820.2 and Herndon v. County of Marin, 25 Cal.App.3d 933, 935-936 (1972) reversed on other grounds by Sullivan v. County of Los Angeles 12 Cal.3d 710 (1974); by the lack of any duty running to plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees authority; and by the failure of any such acts or omissions to be the proximate cause of any injury alleged in the Second Amended Complaint.

**Affirmative Defense 27**: Neither the public entity nor any employee within the scope of employment stood in such a special relationship to any person alleged in the Second Amended Complaint so as to give rise to any duty running to any person.

**Affirmative Defense 28**: To the extent that any answering defendant used force during the incident alleged in the Second Amended Complaint, it was privileged as reasonably necessary, and was believed to be reasonably necessary, in the lawful defense of third parties.

**Affirmative Defense 29**: At the times and places alleged in the Second Amended Complaint, plaintiff willfully and unlawfully used force and violence upon the person of another and provoked the altercation and events alleged in the Second Amended Complaint by unlawful and wrongful conduct. The force employed, if any, to prevent the continuance of such conduct was reasonable and not excessive.

**Affirmative Defense 30**: To the extent that any answering defendant used force in the incident alleged in the Second Amended Complaint, such use of force was in the exercise of the right of self-defense. The acts of answering defendants were in the exercise of the right of self-defense or the right to defend others.

**Affirmative Defense 32**: There is no liability for any injury or damages, if

20        Case No. 5:25-cv-00331-KK-DTB
[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Cal. Gov. Code, §§ 815.2, 820.2.

Plaintiff's Contentions:

**Response to Affirmative Defense 3**: Unsupported by the evidence and law in this case. Plaintiff contends that all of his claims and injuries were caused by Defendant Irick. That Defendant Irick was a substantial factor in causing the harm Plaintiff suffered and that the harm Plaintiff suffered would not have occurred without Defendant's conduct. Furthermore, Defendant Irick's conduct may combine with another factor to cause harm, however, Defendant Irick cannot avoid responsibility for his conduct just because some other person or condition was also a substantial factor in causing harm.

**Response to Affirmative Defense 8**: Unsupported by the evidence and law in this case. This is not a proper affirmative defense, it is too vague and ambiguous to respond and Defendants cite no authority or facts for this defense. Plaintiff contends that he is capable of bringing claims despite his conduct.

**Response to Affirmative Defense 10**: Unsupported by the evidence and law in this case. Plaintiff contends that Defendants have no evidence to support their claim that Plaintiff failed to mitigate his injury and damages. Plaintiff contends Defendant Irick is responsible for all his injury and damages.

**Response to Affirmative Defense 11**: Unsupported by the evidence and law in this case. Plaintiff contends that he did not willingly, voluntarily and knowingly take on the risk being shot in the back unreasonably, excessively, and unnecessarily by Defendant Irick. Plaintiff contends that he did not assume the risks of having excessive and unreasonable force used against him.

**Response to Affirmative Defense 13**: Unsupported by the evidence and law in this case. Plaintiff contends that Defendant Irick is a person and an action may be brought against him. Plaintiff further contends that Defendant State of California is vicariously liable for Defendant Irick's conduct under state law.

**Response to Affirmative Defense 14**: Unsupported by the evidence and law in this case. Plaintiff contends that his is not an appropriate affirmative defense. Plaintiff's Second Amended Complaint meets the appropriate standard for stating a cause of action for violation of civil rights.

**Response to Affirmative Defense 15**: Unsupported by the evidence and law in this case. Plaintiff contends that Defendant Irick deprived him of his right to be free from excessive force as guaranteed by the Constitution and laws of the United States as stated herein.

**Response to Affirmative Defense 16**: Unsupported by the evidence and law in this case. Plaintiff contends that this is not an appropriate affirmative defense and too vague and ambiguous to respond. Plaintiff contends that Defendant Irick is responsible for using excessive and unreasonable deadly force in this case.

**Response to Affirmative Defense 17**: Unsupported by the evidence and law in this case. Plaintiff contends that this is not an appropriate affirmative defense and too vague and ambiguous to respond. Plaintiff contends that Defendant Irick is responsible for using excessive and unreasonable deadly force in this case. Plaintiff further contends that Defendant State of California is vicariously liable for Defendant Irick's conduct under state law.

**Response to Affirmative Defense 18:** Unsupported by the evidence and law in this case. Plaintiff contends that Defendant Irick acted with malice or intent to deprive him of his rights arising under the Constitution and laws of the United States, including by using unnecessary force without warning, while reasonable alternatives were available, and when Plaintiff was not an immediate threat of death or serious bodily injury.

**Response to Affirmative Defense 20**: Unsupported by the evidence and law in this case. Defendant Irick is not entitled to qualified immunity because he violated clearly established law. Defendant State may not claim qualified immunity.

**Response to Affirmative Defense 21**: Unsupported by the evidence and law in this case. Plaintiff contends that "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a).

**Response to Affirmative Defense 26**: Unsupported by the evidence and law in this case. Plaintiff has not brought a claim against the Defendant State regarding negligent retention, hiring, employment, training, or supervision of Defendant Irick. This is not an appropriate affirmative defense and is moot.

**Response to Affirmative Defense 27**: Unsupported by the evidence and law in this case. Plaintiff contends that Defendant Irick was acting within the scope of his employment with the Defendant State during this incident.

**Response to Affirmative Defense 28**: Unsupported by the evidence and law in this case. This is not an appropriate affirmative defense and too vague and ambiguous to respond.

**Response to Affirmative Defense 29**: Unsupported by the evidence and law in this case. Plaintiff contends that he did not use any force or violence against any officer or person in this action and did not provoke the use of excessive force.

**Response to Affirmative Defense 30**: Unsupported by the evidence and law in this case. Plaintiff contends that Defendant Irick used excessive and unreasonable force and it was not in self-defense or in the defense of others.

**Response to Affirmative Defense 32**: Unsupported by the evidence and law in this case. Defendants are liable to Plaintiff for his injuries and damages.

    (b)    The elements required to establish Defendants' affirmative defenses are:

(c)    In brief, the key evidence Defendants rely for their affirmative defenses:

Defendants' Key Testimony:

1.    Testimony of George Gonzalez

2.    Testimony of Patrick Sobaszek

3.    Testimony of Andrew Reynoso

4.    Testimony of Sean Irick

5.    Testimony of Michael Arellano

6.    Testimony of Scott Holdaway, Plaintiff's video expert

7.    Testimony of Jeff Noble, Plaintiff's police practices expert

8.    Testimony of Dr. Ryan O'Connor, Plaintiff's medical expert

9.    Testimony of treating providers

10.    Testimony of paramedics

11.    Testimony of Rod Englert, Defendants' Ballistic Expert

12.    Testimony of Clarence Chapman, Defendants' Police Practices Expert

13.    Testimony of Samir Lyons, Defendants' Forensic Animator

14.    Testimony of Bryan Godward

15.    Testimony of Alex Reynoso

16.    Testimony of Jose Vera

17.    Testimony of Yvette Nieves

18.    Testimony of Rina Velasquez Salgado;

19.    Testimony of Israel Lopez

20.    Testimony of Erick Gabriel Gutierrez Bonilla

Defendants' Key Documents and Other Evidence:

1.    Hemet Police Department Officer Body Worn Camera video of the Incident

2.    Star 9 aerial helicopter video footage

3.    Video footage of security cameras of Perricone Juice Farms

24                Case No. 5:25-cv-00331-KK-DTB

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

4.      Screenshots of Videos

5.      Photographs of Injuries

6.      Relevant portions of Plaintiff's Medical Records

7.      Demonstrative Exhibits of Experts

**8.      REMAINING TRIABLE ISSUES:**

In view of the admitted facts and the elements required to establish the claims, and affirmative defenses, the following issues remain to be tried:

1.      Whether Defendant Sean Irick used excessive deadly force in violation of the Fourth Amendment.

2.      Whether Defendant Sean Irick used unreasonable deadly force constituting a Battery under state law.

3.      Whether Defendant Sean Irick was Negligent in his use of deadly force.

4.      Whether Plaintiff was comparatively negligent.

5.      Whether Defendant Sean Irick's use of deadly force was a cause of Plaintiff's injuries.

6.      The nature and extent of Plaintiff's injuries and damages.

7.      Whether Defendant Sean Irick violated the Bane Act.

8.      Whether the Defendant Sean Irick's conduct was malicious, oppressive, or in reckless disregard to the rights of Plaintiff.

9.      The amount of punitive damages for which Defendant Sean Irick is liable.

**9.      DISCOVERY**

Discovery is complete.

The parties are also in the process of exchanging clean, full-quality copies of documents listed on the parties' joint exhibit list, including without any watermarks interfering with the image or display.

## 10. DISCLOSURES AND EXHIBIT LIST:

The exhibit lists of the parties have been filed under separate cover, and the parties shall file a Joint Exhibit List concurrently herewith. In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds for objections. Pursuant to the Local Rules, the parties lodged their joint exhibit list with objections.

## 11. WITNESS LISTS:

The parties' Witness Lists have been filed with the Court. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony will mark such depositions in accordance with L.R. 16-2.7. The parties do not foresee that they will present evidence by way of deposition testimony, other than for impeachment or record refresh. For this purpose, the following deposition shall be lodged with the Clerk as required by L.R. 32-1:

Deposition of Andrew Reynoso

Deposition of Clarance Chapman

Deposition of Kenneth Hubbs

Deposition of Patrick Sobaszek

Deposition of Sean Irick

Deposition of Scott Holdaway

Deposition of Ryan O'Connor, M.D.

Deposition of Jeff Noble

Deposition of George Gonzalez

## 12. **<u>MOTIONS *IN LIMINE*</u>:**

The parties have met and conferred on motions *in limine*. Motions *in Limine* were filed with the Court on April 2, 2026. The following motions *in limine*, and no others, are pending:

<u>Plaintiff's motions *in limine* include:</u>

1) To exclude information unknown. (Doc. 71.)

2) To exclude criminal history and bad acts. (Doc. 72.)

3) To exclude defendants' late disclosure expert reports. (Doc. 73.)

4) To exclude argument that it is permissible to use deadly force against a person merely for running with a gun. (Doc. 74.)

<u>Defendants' motions *in limine* include:</u>

1) To  Bifurcate Trifurcate in to three phases (1) liability and compensatory damages phase (2) punitive damages (3) *Monell* Liability damages. (Doc. 78.) (Not applicable.)

2) To exclude any reference to any prior or subsequent incident involved defendant Officers, unrelated claims, and unrelated incidents involving City of Hemet employee. (Doc. 79.) (Not applicable.)

3) To exclude opinion evidence from and animation reconstruction by Plaintiff's Expert Scott Holdaway. (Doc. 75.)

4) To exclude Plaintiff's retained medical expert and non-retained medical expert from testifying to the diagnosis and prognosis of Plaintiff's injuries. (Doc. 75.)

5) To limit opinions made by Plaintiff George Gonzalez regarding causation and prognosis of own injuries. (Doc. 77.)

/ / /

**13.    BIFURCATION:**

The Court has not ordered bifurcation of any issues at this time. There was a pending motion *in limine* on this matter, however it is moot given the recent settlement with the City Defendants, for which Plaintiff opposed. However, Plaintiff does not oppose bifurcation of Defendants liability, compensatory damages, and the predicate question for punitive damages (in Phase I) with the amount of punitive damages (Phase II).

**14.    ADMISSIONS:**

The foregoing admissions having been made by the parties, and the parties having specified the forgoing issues remaining to be litigated, this Final Pre-Trial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

Dated:  _____, 2026

_____
HONORABLE KENLY KIYA KATO
UNITED STATES DISTRICT COURT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

Approved as to form and content:


Respectfully Submitted,

DATED:  April 9, 2026          **LAW OFFICES OF DALE K. GALIPO**
                               **GRECH, PACKER, & HANKS**


                               By: _____/s/_____ _Marcel F. Sincich_____
                               Dale K. Galipo
                               Marcel F. Sincich
                               Trent C. Packer
                               _Attorneys for Plaintiff George Gonzalez_



DATED:  April 9, 2026          **ROB BONTA**
                               **Attorney General of California**
                               **CATHERINE WOODBRIDGE**
                               **Supervising Deputy Attorney General**

                               By: /s/ _Amie C. Bears_____


                               Amie C. Bears
                               Deputy Attorney General
                               Mario Garcia
                               Deputy Attorney General
                               _Attorneys for Defendants State of California,_
                               _acting by and through the California Highway_
                               _Patrol, and Officer Sean Irick_

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER