**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:       (951) 682-9311

*Attorneys for Plaintiff,*

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
Amie C. Bears
Deputy Attorney General
State Bar No. 242372
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6294
  Fax:  (916) 731-2120
  E-mail:  Mario.Garcia@doj.ca.gov
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>                    Plaintiff,<br><br>     vs.<br><br>STATE OF CALIFORNIA; SEAN IRICK,<br><br>                    Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*]<br><br>**[PROPOSED] JOINT DISPUTED JURY INSTRUCTIONS**<br><br>**Final Pretrial Conference:**<br>April 23, 2026 at 10:30 a.m.<br>**Trial:**<br>May 11, 2026 at 09:30 a.m.<br>Place:   Courtroom 3 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

By and through his attorneys of record in this action, Plaintiff George Gonzalez and Defendants State of California and Sean Irick hereby submit the following [Proposed] Joint Disputed Jury Instructions.

The parties reserve the right to amend these [Proposed] Joint Disputed Jury Instructions, including but not limited to, subject to any objections, motions *in limine*, and applicable Orders of the Court.

Respectfully Submitted,

DATED:  April 9, 2026

**LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS**

By: _____/s/_____ *Marcel F. Sincich*_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff George Gonzalez*

DATED:  April 9, 2026

**ROB BONTA
Attorney General of California
NORMAN D. MORRISON IV
Supervising Deputy Attorney General**

By:_____/s/_____ *Amie C. Bears*_____
Amie C. Bears
Mario Garcia
*Attorneys for Defendants State of California, acting by and through the California Highway Patrol, and Officer Sean Irick*

# INDEX OF INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Defendants' Proposed <br> Impeachment Evidence - Witness | 9th Cir. 2.10 | 1 |
| | Plaintiff's Objections | | 2 |
| | Defendants' Response | | 3 |
| 2. | Plaintiff's Proposed <br> Bane Act—Essential Factual Elements (Civ. Code § 52.1) | CACI 3066 | 4 |
| | Defendants' Objections | | 5 |
| | Plaintiff's Response | | 6 |
| 3. | Plaintiff's Proposed <br> Weapon in Hand Not Enough | *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) (citation omitted); *George v. Morris*, 736 F.3d 829, 833 (9th Cir. 2013); *Glenn v. Washington Cnty.*, 673 F.3d 864, 872-72 (9th Cir. 2011); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991); *Lopez v. Gelhaus*, 871 F.3d 998, 1008-1010 (9th Cir. 2017). | 8 |
| | Defendants' Objections | | 9 |
| | Plaintiff's Response | | 10 |

[PROPOSED] JOINT DISPUTED JURY INSTRUCTIONS

**1.      Defendant Proposed: IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Source: Ninth Circuit Manual of Model Civil Jury Instructions (2025 Edition), Instruction 2.10.

**Plaintiff's Objections:**

Plaintiff objects to Defendants' proposed instruction regarding impeachment evidence on the grounds that it is not necessary. Plaintiff contends that Plaintiff's proposed Instruction No. 9 re Credibility of Witnesses is sufficient for the jury to make a determination on a witness's truthfulness (see 9th Cir. Mod Inst 1.14). Plaintiff contends that any such "impeachment evidence" is subject to Plaintiff's motions in limine. Plaintiff further contends that the instruction on Credibility of Witness is adequate to cover the need for this instruction.

[PROPOSED] JOINT DISPUTED JURY INSTRUCTIONS

**Defendants' Responses:**

While evidence of crimes, wrongdoings, or prior bad acts is inadmissible "to prove the character of a person in order to show action in conformity therewith," (Fed. R. Evid. 404(b)), such evidence is admissible for other purposes: "[u]nless the evidence of other crimes tends to only prove propensity, it is admissible. *United States v. Jackson,* 84 F.3d 1154, 1159 (9th Cir. 1996) internal quotation marks omitted. The intent behind the character evidence rule is not to "flatly prohibit the introduction of such evidence," but to limit the purpose for which it may be introduced. *Huddleston v. United States,* 485 U.S. 681, 687 (1988).  Plaintiff claims he was in the act of surrendering when he turned and faced the officers with a loaded firearm. It would be unfair if Plaintiffs past crimes and wrongdoings were excluded in allowing the jury relevant fodder in deciding whether or not to believe Plaintiffs version of the events and how much weight to give to the testimony of this witness.

**2.      Plaintiff Proposed: BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE § 52.1)**

George Gonzalez claims that Defendant Sean Irick violated the Bane Act. To establish this claim, George Gonzalez must prove all of the following:

1.      That Defendant Sean Irick acted violently against Plaintiff George Gonzalez to prevent him from exercising his right to be free from the use of excessive force;

2.      That Defendant Sean Irick intended to deprive Plaintiff George Gonzalez of, or acted with reckless disregard for, his enjoyment of the interests protected by the right to be free from the use of excessive force;

3.      That Plaintiff George Gonzalez was harmed; and

4.      That the conduct of Defendant Sean Irick was a substantial factor in causing Plaintiff George Gonzalez's harm.

Source: CACI No. 3066, (2026 Edition); *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9th Cir. 2018) (holding that section 52.1 does not require a showing of threats, intimidation and coercion separate from an underlying constitutional violation); *see also Cornell v. City and County of San Francisco*, 225 Cal. Rptr. 3d at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1."); *Cornell*, 225 Cal. Rptr. 3d at 384 (holding that the Bane Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045 (holding that a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights). As modified and instructed by this Court previously.

**Defendants' Objections:**

Defendants' Proposed Instruction:

BANE ACT—ESSENTIAL FACTUAL ELEMENTS (CIV. CODE § 52.1)

Plaintiff George Gonzalez claims that Defendant Officer Sean Irick intentionally interfered with his civil rights by threat, intimidation, or coercion. To establish this claim, Plaintiff George Gonzalez must prove all of the following:

1. That Defendant Officer Sean Irick acted violently against Plaintiff George Gonzalez to prevent him from exercising his right to be free from excessive force.

2. That Defendant Officer Irick intended to deprive Plaintiff George Gonzalez's enjoyment of the interests protected by the right against excessive force;

3. That Plaintiff George Gonzalez was harmed; and

4. That defendant Officer Sean Irick's conduct was a substantial factor in causing Plaintiff George Gonzalez's harm.

In order to establish a violation of Civil Code § 52.1, a plaintiff must show that the employee interfered or attempted to interfere with plaintiff's legal rights by the use of threats, intimidation or coercion. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). Most importantly, to show defendants violated § 52.1, plaintiff must show coercion independent from the coercion inherent in the violation of the constitutional right. *Shoyoye v. Cnty. of L.A.,* 203 Cal.App.4th 947, 959-960 (2012). In a claim alleging excessive force, plaintiff must show a § 52.1 coercion independent from the coercion already inherent in the use of force. *Gant v. Cnty. of L.A.*, 765 F.Supp.2d 1238, 1253 (C.D. Cal. 2011) (when use of force is intrinsic to the alleged constitutional violation, it cannot also satisfy the additional "coercion" element of § 52.1) (overruled on other grounds). In a wrongful detention claim, "[t]he statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself." *Gant v. Cnty. of L.A.,* 594 Fed.Appx. 335 (9th Cir.

2014), citing Shoyoye, 203 Cal.App.4th at 959. Pursuant to Government Code § 815.2, "[A] public entity's liability hinges on the liability of its employee."

Excessive force is not enough, Plaintiff must show the defendant acted "violently" to meet the elements of this cause of action. The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff do something that he was not required to do under the law. *Austin B. v. Escondido Union School Dist.* *(*2007) 149 Cal.App.4th 860, 883.

**Plaintiff's Responses:**

Plaintiff contends that Plaintiff's proposed instruction accurately reflects the state of the law regarding the Bane Act. Specific intent may be shown by a reckless disregard for constitutional rights of an individual. *See Reese v. County of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). Further, Plaintiff's proposed instruction is clear and avoids jury confusion.

**3.      Plaintiff Proposed: WEAPON IN HAND NOT ENOUGH**

The mere fact that a suspect possesses a weapon does not justify deadly force.

<u>Source</u>: *Hayes v. Cnty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013) (citation omitted); *George v. Morris*, 736 F.3d 829, 833 (9th Cir. 2013); *Glenn v. Washington Cnty.*, 673 F.3d 864, 872-72 (9th Cir. 2011); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991); *Lopez v. Gelhaus*, 871 F.3d 998, 1008-1010 (9th Cir. 2017).

**Defendants' Objections:**

This instruction misstates the law, as it truncates the holdings of the cases cited.  An officer may use deadly force to effect the arrest of a fleeing felon if, under the circumstances, he reasonably believed such force was necessary to protect himself or others from death or serious physical harm. *Tennessee v. Garner,* 471 U.S. at 11, 105 S.Ct. at 1701.

**Plaintiff's Responses:**

Plaintiff makes this proposed instruction as it is from Ninth Circuit law and applicable to this matter considering that a large point of contention in this matter was a gun in Plaintiff's hand.