**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*<br>Magistrate Judge David T. Bristow]<br><br>**PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Final Pretrial Conference:**<br>Date:　April 23, 2026<br>Time:　10:30 a.m.<br>**Trial:**<br>Date:　May 11, 2026<br>Time:　09:30 a.m.<br>Place:　Courtroom 3 |

-1-

PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF CONTENTS

I.      INTRODUCTION: ..............................................................................................5

II.     CONTENTIONS OF FACT: ..............................................................................5

III.    PLAINTIFF'S CLAIMS: ....................................................................................8

      A.      Elements and Legal Contentions .............................................................8

            1.      Claim 1: Excessive Force (42 U.S.C. §1983).................................8

            2.      Claim 2: Battery by a Peace Officer (Deadly Force). .................11

            3.      Claim 3: Negligent Use of Deadly Force by a Peace Officer. .................................................................................................13

            4.      Claim 4: Violation of the Bane Act (Cal. Civ. Code §52.1). ................................................................................................15

      B.      Plaintiff's Key Evidence to Support Their Claims ..............................16

IV.     ANTICIPATED EVIDENTIARY ISSUES: .....................................................17

V.      BIFURCATION OF ISSUES: ..........................................................................21

VI.     THE TRIAL IS BY JURY: ...............................................................................21

VII.    ATTORNEYS' FEES .........................................................................................21

VIII. ABANDONMENT OF ISSUES: ......................................................................21

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# **TABLE OF AUTHORITIES**

<u>Cases</u>

*Bender v. Cnty. of Los Angeles*,
217 Cal. App. 4th 968 (2013)................................................................21

*Brown v. Ransweiler*,
171 Cal.App.4th 516 (2009)................................................................17

*Bryan v. McPherson*,
630 F.3d 805 (9th Cir. 2010).............................................................10

*Cameron v. Craig*,
713 F.3d 1012 (9th Cir. 2013)...........................................................21

*Chaudhry v. City of Los Angeles*,
751 F.3d 1096 (9th Cir. 2014)...........................................................21

*Cornell v. City & Cnty. of San Francisco*,
17 Cal. App. 5th 766 (2017)...............................................................22

*Deorle v. Rutherford*,
272 F.3d 1272 (9th Cir. 2001).......................................................10, 11

*Glenn v. Washington*,
673 F.3d 864 (9th Cir. 2011)..............................................................10

*Graham v. Connor*,
490 U.S. 386 (1989) ............................................................................10

*Headwaters v. County of Humboldt*,
240 F.3d 1185 (9th Cir. 2000)...........................................................11

*John R. v. Oakland Unified School Dist.*,
48 Cal. 3d 438 (1998).........................................................................17

*Knapps v. City of Oakland*,
647 F. Supp. 2d 1129 (N.D. Cal. 2009) .............................................21

*LaLonde v. County of Riverside*,
204 F.3d 947 (9th Cir. 2000)..............................................................12

*Meredith v. Erath*,
342 F.3d 1057 (9th Cir. 2003)............................................................10

*Moreland v. Las Vegas Metro. Police Dep't.*,
159 F.3d 365 (9th Cir. 1998)...................................................13, 15, 16

*Munoz v. City of Union City*,
120 Cal. App. 4th 1077 (2004)...........................................................17

N.E.M. v. City of Salinas,
761 F. App'x 698 (9th Cir. 2019)........................................................12

*Nelson v. City of Davis*,
    685 F.3d 867 (9th Cir. 2012) ..................................................................... 10

*Reese v. County of Sacramento*,
    888 F.3d 1030 (9th Cir. 2018) ............................................................ 21, 22

*Santos v. Gates*,
    287 F.3d 846 (9th Cir. 2002) ..................................................................... 10

*Scott v. Harris*,
    550 U.S. 372 (2007) ..................................................................................... 10

*Simmons v. Superior Court*,
    7 Cal. App. 5th 1113 (2017) ..................................................................... 21

*Smith v. City of Hemet*,
    394 F.3d 689 (2005) ..................................................................................... 11

*Smith v. City of Hemet*,
    394 F.3d 689 (9th Cir. 2005) ..................................................................... 10

*Tan Lam v. City of Los Banos*,
    976 F.3d 986 (9th Cir. 2020) ..................................................................... 12

*Tennessee v. Garner*,
    471 U.S. 1 (1985) .................................................................................. 10, 11

*Yount v. City of Sacramento*,
    43 Cal. 4th 885 (2008) ............................................................................... 17

Statutes

42 U.S.C. §1983 .................................................................................................... 5

42 U.S.C. §1988 ............................................................................................. 5, 25

Cal. Civ. Code §52(b) ...................................................................................... 25

Cal. Civ. Code §52.1 ........................................................................................ 21

Cal. Code Civ. Proc. §1021.5 ........................................................................ 25

Cal. Gov. Code §815.2(a) ............................................................................... 17

Cal. Gov. Code §820(a) ................................................................................... 17

Judicial Council of California Civil Jury Instructions, No. 1305B .......... 18, 19

Judicial Council of California Civil Jury Instructions, No. 3066 ............... 22

Judicial Council of California Civil Jury Instructions, No. 441 ........... 20, 21

**TO THIS HONORABLE COURT, AND TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:**

Pursuant to Local Rule 16-4 and this Court's Scheduling, Case Management Order, and April 14, 2026 Order, Plaintiff hereby submits the following Amended Memorandum of Contentions of Fact and Law. Plaintiff reserves the right amend pending the Court's order on the parties' stipulation and or any order continuing the final pretrial conference date. This memorandum may be modified as necessary pursuant to this Court's pending rulings on the parties' various motions *in limine*.

## I.   INTRODUCTION:

This 42 U.S.C. §1983 civil rights action arises from the excessive and unreasonable force of Plaintiff George Gonzalez ("Gonzalez") by City of Hemet Police Department Officers Patrick Sobaszek ("Sobaszek") and Andrew Reynoso ("Reynoso"), and State of California Highway Officer Sean Irick ("Irick"), on January 24, 2024. Plaintiff has settled his claims against Defendants City, Sobaszek, and Reynoso, and will pursue his claims against Defendants State and Irick at trial. Plaintiff seeks compensatory damages, punitive damages, reasonable costs, attorneys' fees under 42 U.S.C. §1988, and any other relief that this Court deems appropriate.

## II.   CONTENTIONS OF FACT:

This entire incident is captured on the several body-worn camera videos of the Defendant Officers showing the following: Officers understand that subjects with something in their waistband will run holding the object in place so that it does not fall and do not want to get caught with a gun, so they run and try to discard it. It would be inappropriate to use deadly force when Gonzalez exited the car and ran because he did not have a gun in hand and was not an imminent deadly threat. Officers closed the distance with guns drawn during the foot pursuit through an industrial facility. The shooting occurred after exiting a pathway; but prior to then,

Gonzalez never pointed a gun, did not attempt to shoot anyone, and Officers did not see a gun, thus it would be inappropriate to use deadly force at that time as well.

Officers did not give a deadly force warning despite having the opportunity to do so. Officers should use the lowest level of force possible. There were eight officers in pursuit with less-intrusive means available including de-escalation, 40-mm launcher, Taser, air unit, and K9. The Officers were in good physical condition, each with years of law enforcement experience. Despite his initial flight, prior to the use of deadly force, Gonzalez was slowing down to surrender. Further, Gonzalez never attempted to harm any bystander, take a hostage, point a gun at any bystander, or enter any door to any building, and no bystanders were nearby or in his path. Officers did not have any information that Gonzalez had ever physically injured or had ever verbally threatened anyone. Reynoso did not know what Gonzalez was convicted of, had never seen him before and had no knowledge of him before the incident. Here, the videos show the undisputed and disputed facts.

Gonzalez never pointed or attempted to point the gun, never made a future movement with the gun, never fired the gun, and never verbally threatened Officers. Gonzalez never turned his body to face or orient himself toward Officers. During all shots fired at Gonzalez, he was not looking at or turning towards Officers but was moving away when shot in the back from 20-25 yards. Officers intentionally aimed their 9 mm pistols at Gonzalez's back prior to seeing a gun and prior to Gonzalez looking back or raising his hand up. About 4 seconds prior to the first shot, Gonzalez looked over his left shoulder while moving away and raised his right hand. Then Gonzalez looked forward and lowered his right hand back to its prior position and continued forward. Then Gonzalez moved away from Officers, without looking back, without turning or attempting to point the gun.

Officers assessed between each shot. Without Gonzalez looking back, turning, or attempting to point the gun, while Gonzalez continued to take steps away from Officers, Sobaszek fired four shots at Gonzalez. Defendant Officer Irick then fired

6    Case No. 5:25-cv-00331-KK-DTB

the fifth shot at Gonzalez's back while he took another step forward, without looking back, turning, or attempting to point the gun. Immediately after Defendant Irick's first shot, Gonzalez dropped visibly the gun. While the gun was falling to the ground, Gonzalez took another step forward, without looking back, turning, or attempting to point the gun, Defendant Irick fired a second shot at Gonzalez's back. Immediately after the gun hit the ground, and as Gonzalez began falling to the ground, still without looking back, turning, or attempting to point the gun, Defendant Irick and Sobaszek each fired another shot at Gonzalez's back.

Obviously, and by admission of Defendant Irick, it would be inappropriate to any reasonable officer to use deadly force against Gonzalez after seeing him drop the gun. Even, Reynoso admitted, the second the firearm is no longer in his hand, Gonzalez was not an imminent threat. Still, Reynoso began opening fire at Gonzalez as Gonzalez was falling to the ground, after he dropped the gun, while the gun was on the ground, without ever pointing the gun at anyone. Almost simultaneously, Defendant Irick fired another shot while Gonzalez was visibly unarmed and falling to the ground. Once Gonzalez started to fall to the ground, even Defendant Irick admits he was not a threat. Still, Defendant Irick and Sobaszek each fired another shot at Gonzalez, while on his hands and knees, and gun clearly on the ground. Then after falling to his right side on the ground, Defendant Irick, Sobaszek, and Reynoso each fired another shot at Gonzalez. Gonzalez was unarmed on the ground, not turning or pointing, never shooting at officers, not facing offices, and having never threatened any officer, yet Defendant Irick, Sobaszek, and Reynoso each fired several more shots at Gonzalez.

Obviously, it would be inappropriate to any reasonable officer to use deadly force after Gonzalez was on the ground and no had a gun. The gun was about 1-2 feet behind Gonzalez's right foot, not within reaching distance, and Gonzalez never reached for it. The Defendant Officers' credibility must be tested by a jury given their

statements in contradiction to the video evidence showing their use of unnecessary force causing Gonzalez great bodily injury.

### III.    PLAINTIFF'S CLAIMS:

####    A.    Elements and Legal Contentions

#####       1.    Claim 1: Excessive Force (42 U.S.C. §1983).

Plaintiff contends that Defendant Irick used excessive force when he repeatedly shot Plaintiff, including to the back, and after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. Defendant Irick acted under the color of state law and within the course and scope of his employment with Defendant State during the incident.

The law governing the use of deadly force is well established. "[A] Fourth Amendment seizure occurs when there is a governmental termination of freedom of movement through means intentionally applied." *Scott v. Harris*, 550 U.S. 372, 381 (2007). The reasonableness of any seizure is determined by "'careful[ly] balancing ... the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Graham v. Connor*, 490 U.S. 386, 396 (1989) (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985) ("Whether an otherwise valid search or seizure was carried out in an unreasonable manner is determined under an objective test, on the basis of the facts and circumstances confronting the officers"). The analysis must "'balance the amount of force applied against the need for that force.'" *Bryan v. McPherson*, 630 F.3d 805, 823-24 (9th Cir. 2010) (quoting *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003)). "[A]ll force—lethal and non-lethal—must be justified by the need for the specific level of force employed." *Id.* at 825. Even where some force is justified, the amount used may be excessive. *Santos v. Gates*, 287 F.3d 846, 853-54 (9th Cir. 2002). Government interest factors to balance against the type of force

8            Case No. 5:25-cv-00331-KK-DTB

used include "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight," *Graham*, 490 U.S. at 396, (4) the availability of alternative methods to effectuate an arrest or overcome resistance, *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005), and (5) the giving of a warning prior to the use of force, *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012). *See Glenn v. Washington*, 673 F.3d 864, 872 (9th Cir. 2011); *see also Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001). The intrusiveness of a seizure by means of deadly force is unmatched. The suspect's fundamental interest in his own life need not be elaborated upon. The use of deadly force also frustrates the interest of the individual, and of society, in judicial determination of guilt and punishment. *Garner*, 471 U.S. at 9. The "most important" factor is whether the plaintiff posed an immediate threat to the safety of the officers or others. *Bryan*, 630 F.3d at 826. Here, Plaintiff was not an immediate threat of safety to any person, and the Officers also used deadly force on Plaintiff who was obviously not an immediate threat of death or serious bodily injury to any person.

Another factor to consider is the availability of alternative methods to effectuate an arrest or overcome resistance. *Smith v. City of Hemet*, 394 F.3d 689, 701 (2005) (en banc). "[P]olice are 'required to consider what other tactics if any were available to effect the arrest.'" *Headwaters v. County of Humboldt*, 240 F.3d 1185, 1204 (9th Cir. 2000). Police officers are trained to provide warnings prior to using force where feasible, even when the force is less than deadly, and the failure to give such a warning is a factor to consider in determining whether the force was excessive. *See Deorle*, 272 F.3d at 1284. In the context of deadly force, "whenever practicable, a warning must be given before deadly force is employed." *Harris*, 126 F.3d at 1201. Here, the Officers did not warn Plaintiff that any force would be used and did not warn Plaintiff that deadly force would be used, even though they had the opportunity to do so.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Further, the Ninth Circuit recently affirmed the long-standing principle that even if force was reasonable at one point, once the subject is no longer a threat, additional force is unreasonable. *See generally Tan Lam v. City of Los Banos*, 976 F.3d 986, 1001 (9th Cir. 2020); *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (9th Cir. 2000); *Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017). "A desire to resolve quickly a potentially dangerous situation" does not justify the use of force. *Deorle*, 272 F.3d at 1281.

Further, the law was clearly established at the time of the incident that the use of force under these circumstances violates the Constitutional rights of Plaintiff. *See C.V. v. City of Anaheim*, 823 F.3d 1252, 1256 (9th Cir. 2016); *Aguirre v. County of Riverside*, 29 F.4th 624, 626-29 (9th Cir. 2022); *Zion*, 874 F.3d at 1075-76; *Tan Lam v. City of Los Banos*, 976 F.3d 986, 1001 (9th Cir. 2020); *Lopez*, 871 F.3d at 1006-13; *George*, 736 F.3d at 838; *Harris*, 126 F.3d 1189, 1203-04; *Curnow*, 952 F.2d at 325; *Hayes*, 736 F.3d at 1227-28; *Cruz v. City of Anaheim*, 765 F.3d 1076, 1077-78 (9th Cir. 2014).

Defendant Irick is responsible for all the harm caused to Plaintiff. Here, where three Officers engaged in the use of firearms that unreasonably injured Plaintiff, each Officer is individually liable for the injury suffered by Plaintiff even if that shot was fired by a different Officer. *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). "*Summers* applies to multiple *tortfeasors* not to multiple *defendants*, and it is immaterial in this case that the matter went to trial only as against respondent, for A, B, and/or C was also a tortfeasor." *Vahey v. Sacia*, 126 Cal.App.3d 171, 177 (1981) (original italics, footnote omitted). This concept has been recognized in Section 1983 cases. *See, e.g., J.J.D. v. City of Torrance*, No. CV-1407463-BRO-MRWx, 2016 WL 6674995, at *5 (C.D. Cal. June 23, 2016); *Mendez v. Cnty. of Los Angeles*, No. CV 11-04771-MWF PJWx, 2013 WL 4202240, at *34 (C.D. Cal. Aug. 13, 2013); *Richman v. Sheahan,* 512 F.3d 876, 884 (7th Cir. 2008); *Fillmore v. Page*,

358 F.3d 496, 507 (7th Cir. 2004); *Manelski v. Tinicum Twp.*, No. CIV A 07-1487, 2008 WL 5250691, at *2 (E.D. Pa. Dec. 17, 2008).

Plaintiff seeks compensatory damages for the violation of his rights, costs, punitive damages, and reasonable attorneys' fees under this claim.

Elements of Excessive Force:

1.    Defendant Sean Irick acted under color of state law. (UNDISPUTED)

2.    Defendant Sean Irick used excessive force against Plaintiff George Gonzalez.

3.    Defendant Sean Irick's use of excessive force was a substantial factor in causing harm, injury, or damage to Plaintiff George Gonzalez.

Source: Ninth Circuit Manual of Model Jury Instructions, Nos. 9.3 and 9.27 (2025 Edition).

2.    Claim 2: Battery by a Peace Officer (Deadly Force).

Plaintiff contends that Defendant Sean Irick, while acting in the course and scope of his employment as a State of California employee, used unreasonable deadly force against Plaintiff when he repeatedly shot Plaintiff, including to the back, after he dropped the gun, as he fell to the ground, and while he was unarmed on the ground, not fleeing, not resisting, not aggressive, not assaultive, and not an immediate threat of death or serious bodily injury. At all times relevant, Plaintiff was not an immediate threat of death or serious bodily injury, there were reasonable less-intrusive alternatives available, and no warning was given. Under state battery law, an officer may only use deadly force if it was necessary to defend human life. Here it was absolutely not necessary. Here, necessary to defend human life only exists under state law if necessary to defend against an imminent threat of death or serious bodily harm to another. A threat of death or serious bodily injury is "imminent" when, based on the "totality of the circumstances," a reasonable officer

11                    Case No. 5:25-cv-00331-KK-DTB
PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed. "Totality of the circumstances" includes the conduct of Defendant Irick and the involved Officers leading up to the use of deadly force. Defendant Irick and the involved Officers' tactical conduct and decisions before using deadly force must be considered, including whether they used other available resources and techniques as alternatives to deadly force. CACI 1305B (Battery by Peace Officer); Cal. Pen. Code §835a.

Defendant Irick is responsible for all the harm caused to Plaintiff. Here, where three Officers engaged in the use of firearms that unreasonably injured Plaintiff, each Officer is individually liable for the injury suffered by Plaintiff even if that shot was fired by a different Officer. *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). "*Summers* applies to multiple *tortfeasors* not to multiple *defendants*, and it is immaterial in this case that the matter went to trial only as against respondent, for A, B, and/or C was also a tortfeasor." *Vahey v. Sacia*, 126 Cal.App.3d 171, 177 (1981) (original italics, footnote omitted).

"'[A]n employer's liability extends to torts of an employee committed within the scope of his employment.'" *John R. v. Oakland Unified School Dist.*, 48 Cal. 3d 438, 447 (1998) (internal citations omitted). The Defendant State of California is vicariously liable pursuant to Cal. Gov. Code §§815.2(a); 820(a).

Plaintiff seeks compensatory damages under this claim.

Elements for Battery by a Peace Officer (Deadly Force):
1.    Defendant Sean Irick intentionally shot Plaintiff George Gonzalez; (UNDISPUTED)

2.      Defendant Sean Irick used deadly force on Plaintiff George Gonzalez; (UNDISPUTED)

3.      Defendant Sean Irick's use of deadly force was not necessary to defend human life;

4.      Plaintiff George Gonzalez was harmed; (UNDISPUTED) and

5.      Defendant Sean Irick's use of unreasonable force was a substantial factor in causing Plaintiff George Gonzalez's harm.

Source: CACI No. 1305B, (2026 Edition).

3.      <u>Claim 3: Negligent Use of Deadly Force by a Peace Officer.</u>

Plaintiff contends that Defendant Sean Irick, while acting in the course and scope of his employment with the Defendant State of California, was negligent in his pre-shooting tactics and conduct and in using deadly force against Plaintiff. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 635-8 (Cal. 2013). Plaintiff's negligence claim comprehends the Officers' negligent pre-shooting tactics including their failure to have an adequate tactical plan; failure to communicate with Plaintiff properly; failure to communicate with other officers properly; failure to provide a verbal warning; failure to de-escalate the situation; and failure to attempt less intrusive alternatives without unnecessarily escalating the level of force.

Under state negligence law, an officer may only use deadly force if it was necessary to defend human life. Here it was absolutely not necessary. Here, necessary to defend human life only exists under state law if necessary to defend against an imminent threat of death or serious bodily harm to another. Plaintiff contends that he did not have present ability, opportunity, or apparent intent to immediately cause death or serious bodily injury and the use of force was also unreasonable because it was based on mere fear of future harm. Further, Defendant Irick and the involved Officers' tactical conduct and decisions before using deadly force were negligent, including failing to give a warning, and failing to use available

13                     Case No. 5:25-cv-00331-KK-DTB

resources and techniques as alternatives to deadly force. CACI 441 (Negligent Use of Deadly Force by Peace Officer); Cal. Pen. Code §835a.

Defendant Irick is responsible for all the harm caused to Plaintiff. Here, where three Officers engaged in the use of firearms that unreasonably injured Plaintiff, each Officer is individually liable for the injury suffered by Plaintiff even if that shot was fired by a different Officer. *Summers v. Tice*, 33 Cal. 2d 80, 84 (1948). "*Summers* applies to multiple *tortfeasors* not to multiple *defendants*, and it is immaterial in this case that the matter went to trial only as against respondent, for A, B, and/or C was also a tortfeasor." *Vahey v. Sacia*, 126 Cal.App.3d 171, 177 (1981) (original italics, footnote omitted).

The Defendant State of California is vicariously liable pursuant to Cal. Gov. Code §§815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.") and 820(a).

Plaintiff seeks compensatory damages under this claim.

Elements for Negligent Use of Deadly Force by a Peace Officer:

1.    Defendant Officer Sean Irick was a peace officer. (UNDISPUTED)
2.    Defendant Sean Irick used deadly force on Plaintiff George Gonzalez. (UNDISPUTED)
3.    Defendant Sean Irick's use of deadly force was not necessary to defend human life.
4.    Plaintiff George Gonzalez was harmed. (UNDISPUTED)
5.    Defendant Sean Irick's use of deadly force was a substantial factor in causing Plaintiff George Gonzalez's harm.

Source: CACI No. 441, (2026 Edition).

4.    Claim 4: Violation of the Bane Act (Cal. Civ. Code §52.1).

Plaintiff George Gonzalez contends that Defendant Sean Irick deprived Plaintiff of his constitutional rights when Defendant Irick used excessive force. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014) cert. denied sub nom; *City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013); *Bender v. Cnty. of Los Angeles*, 217 Cal. App. 4th 968, 977 (2013); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009).  The Defendant State of California is vicariously liable pursuant to Cal. Gov. Code §815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

The California Court of Appeals has held that intentional conduct that is separate and independent from an arrest gives rise to a Bane Act claim. *See Simmons v. Superior Court*, 7 Cal.App.5th 1113, 1125-27 (2017). The Ninth Circuit in *Reese v. County of Sacramento*, stated, "it is not necessary for the defendants to have been 'thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030, 1045 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993). Here, there are a number of facts that establish that Defendant Irick acted with reckless disregard for Plaintiff's constitutional rights. First, Defendant Irick used unreasonable deadly force against Plaintiff, without warning, with reasonable alternative, even after he dropped the gun and while he was on the ground and unarmed, having never pointed the gun at anyone, having not verbally threatened anyone, having not harmed anyone, while not about to harm anyone, and when Plaintiff was not even an

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

immediate threat of harm to any person. Defendant Irick had time in this encounter to deliberate, plan, analyze, and determine the appropriate level of force, if any.

Plaintiff seeks compensatory damages and statutory attorneys' fees including treble damages or a multiplier under this claim.

Elements of Violation of the Bane Act:

1. Defendant Sean Irick acted violently against Plaintiff George Gonzalez to prevent him from exercising his right to be free from the use of excessive force.

2. Defendant Sean Irick intended to deprive Plaintiff George Gonzalez of, or acted with reckless disregard for, his enjoyment of the interests protected by the right to be free from the use of excessive force.

3. Plaintiff George Gonzalez was harmed. (UNDISPUTED)

4. The conduct of Defendant Sean Irick was a substantial factor in causing Plaintiff George Gonzalez's harm.

Source: CACI No. 3066 (2026 Edition) (modified); *Reese*, 888 F.3d at 1042; and modified by this Court's prior approved instructions given at trial.

**B. Plaintiff's Key Evidence to Support Their Claims**

1. Testimony of George Gonzalez

2. Testimony of Sean Irick

3. Testimony of Patrick Sabaszek

4. Testimony of Andrew Reynoso

5. Testimony of Scott Holdaway, Plaintiff's video expert

6. Testimony of Jeff Noble, Plaintiff's police practices expert

7. Testimony of Dr. Ryan O'Connor, Plaintiff's medical expert

8. Testimony of treating providers

9. Testimony of paramedics

10.  Videos of the Incident

11.  Screenshots of Videos

12.  Photographs of Injuries

13.  Relevant portions of Plaintiff's Medical Records

14.  Demonstrative Exhibits of Experts

## IV.  <u>ANTICIPATED EVIDENTIARY ISSUES</u>:

Plaintiff has filed Motions *in Limine* regarding and anticipate that there will be evidentiary issues related to the following:

A.  **Personal History**: Plaintiff's irrelevant and unrelated personal and family history including relationship history, unrelated arguments or domestic dispute history, any prior wrongs or bad acts, residence history, education history, disciplinary history, work history, children's history, social media history, living arrangements, license suspension, being involved in a lawsuit as a child, and any information from the testimony of Yvette Nieves (Plaintiff's girlfriend) and Rina Salgado (Ms. Nieve's sister) that was not known to the Defendant Irick about Plaintiff. All this information was unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and includes impermissible character evidence, therefore should be excluded from trial. (Doc. 71.)

B.  **Medical History**: Plaintiff's unrelated and unclaimed medical history, including unrelated physical injuries, and unrelated mental health issues such as schizophrenia, and whether Plaintiff has PTSD from an unrelated incident and under different and unrelated circumstances. This information was unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, impermissible character evidence, private and confidential, doctor-patient privilege, and therapist-patient privilege, therefore should be excluded from trial. (Doc. 71.)

C.      **After-Acquired Investigatory Information**: after-acquired investigatory records (post-incident discovered, drafted, created) and information therefore, including Defendant State's Critical Incident Investigation Report (State 1-1128), Riverside County Sheriff's Incident Report (State 1129-1303), Hemet Incident Reports and Supplemental Reports (COH 1-100, 130-133, 159-186, 224-480), videos of statements of persons after the incident not known to Defendant Irick, interview with witnesses, information related to the gun not known to Defendant Irick, photos of guns and ammunition, any drug use or toxicology results information, and any internal findings that the force used was within policy. This information was clearly unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, confuses the issues, risks misleading the jury, and impermissible character evidence, thus should be excluded from trial. (Doc. 71.)

D.      **Pre-Incident Criminal History and Bad Acts**: Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, domestic violence, suspended license, gang activity, drug use, family threats, and driving while under the influence, and any information from the testimony of Yvette Nieves and Rina Salgado that was not known to the Defendant Officers about Plaintiff. This information was unknown to the Defendant Officers, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. (Doc. 72.)

E.      **Incident Related Criminal Action**: Plaintiff's criminal history and records related to this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, statement of the case, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail forms, arrest reports, court transcripts and records, including related plea convictions of reckless evading of a

peace officer (VC 2800.2), felon in possession of a firearm (PC 29800), delaying a public officer (PC 148), and the restraining order that initiated the interaction with the police. This information and records thereof were either unknown to Defendant Irick, or otherwise irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Alternatively, Plaintiff proposes that if the Court finds that there is any minimal probative value to Plaintiff's restraining order or convictions reason for it, that the testimony and argument be limited in time and scope, only to the fact of Plaintiff's conviction and the title of claims for which he was convicted, and the fact of a restraining order. (Doc. 72.)

F.    **Post-Incident Criminal Actions**: Plaintiff's criminal history and records related to this current incarceration but unrelated to this incident, including all booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, videos, statements, District Attorney complaint and records, bail forms, arrest reports, and court transcripts and records, including for (1) Gonzalez's October 15, 2025 arrest that includes attempt to elude peace officer (VC 2800.2), kidnapping (PC 207), willful child cruelty (PC 273a), felon in possession of a firearm (PC 29800), and possession of ammunition (PC 30305); and (2) Gonzalez's November 11, 2025 arrest that includes infliction of corporal injury to spouse (PC 273.5), violation of protective order (PC 166), and delaying a peace officer (PC 148) – both arrests for which he is currently incarcerated. This post-incident information and records thereof were unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Further, Plaintiff requests that (i) he be permitted to dress in plain clothes during his appearance at the civil trial and shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated; (ii) that the correctional officers/marshals/deputies accompanying Plaintiff at the trial shall be dressed in plainclothes, that any correctional

officers/marshals/deputies transporting or accompanying Plaintiff in and out of the courtroom or courthouse shall be prohibited from dressing in uniform and prohibited from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers; and (iii) that Plaintiff shall not be handcuffed, shacked, or otherwise restrained in any way that would indicate that he is currently incarcerated and/or being transported to and from any detention facility for this trial. (Doc. 72.)

G.    **District Attorney and Hemet Police Department Findings**: California Highway Patrol, Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. (Doc. 72.)

H.    **Late Disclosure of Expert Opinions**: Defendants' initial expert disclosures violated Rule 26(a)(2)(B), Defendants disclosure of rebuttal and supplemental opinions past the rebuttal disclosure dead line and on the last day of expert discovery cut-off was late and in violation of this Court's Scheduling Order, and these experts opinions greatly overlap and risk unfair prejudice and cumulative evidence that will not be helpful to the jury. (Doc. 73.)

I.    **Testimony That It Is Permissible to Shoot a Man Merely For Fleeing**: Defendants testified that it would be appropriate to use deadly force against Plaintiff merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to take a hostage, no pointing of the gun – just running away with a gun in hand according to Defendants would constitute a an imminent threat of death or serious bodily injury;

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

which is inconsistent with the law, inconsistent with the facts, substantially risks confusing the jury, misleading the jury, and unduly prejudicing Plaintiff. (Doc. 74.)

## V.    **BIFURCATION OF ISSUES:**

Plaintiff does not request any bifurcation and contends that all liability and damages should be tried together with the predicate question of punitive damages and would agree to bifurcate the amount of punitive damages only.

## VI.    **THE TRIAL IS BY JURY:**

The issues herein are triable to a jury as a matter of right. The parties made a timely demand for trial by jury.

## VII.    **ATTORNEYS' FEES.**

If Plaintiff prevails at trial, reasonable attorney fees are recoverable pursuant to 42 U.S.C. §1988 and Cal. Code Civ. Proc. §1021.5. Under the provisions of Cal. Civ. Code §52(b), Defendants are also liable for reasonable attorneys' fees and a civil penalty of $25,000 on Plaintiff's Bane Act claim.

## VIII. **ABANDONMENT OF ISSUES:**

Plaintiff does not abandon any of his claims. However, due to the settlement with the City Defendants, Plaintiff's *Monell* claims will be dismissed.

Respectfully submitted,

DATED: April 17, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:    */s/    Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich, *Attorneys for Plaintiff*