**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:       (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>            Plaintiff,<br><br>        v.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S NOTICE OF MOTION AND AMENDED MOTION *IN LIMINE* No. 2 TO EXCLUDE CRIMES, WRONGS, AND BAD ACTS**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:    April 23, 2026<br>Time:    10:30 a.m.<br>**Jury Trial**<br>Date:    May 11, 2026<br>Time:    08:30 a.m.<br><br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Pursuant to this Court's Order (Doc. 112), and in light of the settlement reached between Plaintiff and Defendants City of Hemet, Patrick Sobaszek and Andrew Reynoso, Plaintiff hereby submits this Amended Motion *in Limine* No. 2:

PLEASE TAKE NOTICE that Plaintiff GEORGE GONZALEZ hereby moves in limine for an order excluding any evidence, testimony, argument, reference or inference at trial as to any crimes, wrongs, and bad acts, which is information unknown to Defendant Officer Sean Irick at the time of their use of excessive and unreasonable force, regarding liability and damages, including:

A. **PRE-INCIDENT CRIMINAL HISTORY and BAD ACTS**: Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, custody, incarcerations, probation, parole, allegations of criminal conduct, and any criminal records, including that related to possession of controlled substance, domestic violence, suspended license, gang activity, drug use, family threats, and driving while under the influence, and any information from the testimony of Yvette Nieves and Rina Salgado that was not known to Defendant Irick about Plaintiff. This information was unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

B. **INCIDENT RELATED CRIMINAL ACTION**: Plaintiff's criminal history and records related to this incident, including booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, DMV photo record, statement of the case, District Attorney complaint and records, property reports and documents, crime incident report, mugshot, bail forms, arrest reports, court transcripts and records, including related plea convictions of reckless evading of a peace officer (VC 2800.2), felon in possession of a firearm (PC 29800), delaying a public officer (PC 148), and the restraining order that initiated the

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

interaction with the police. This information and records thereof were either unknown to Defendant Irick, or otherwise irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Alternatively, Plaintiff proposes that if the Court finds that there is any minimal probative value to Plaintiff's restraining order or convictions reason for it, that the testimony and argument be limited in time and scope, only to the fact of Plaintiff's conviction and the title of claims for which he was convicted, and the fact of a restraining order.

C.      **POST-INCIDENT CRIMINAL ACTIONS**: Plaintiff's criminal history and records related to this current incarceration but unrelated to this incident, including all booking photographs and records, criminal complaint, incident reports, supplemental reports, case reports, videos, statements, District Attorney complaint and records, bail forms, arrest reports, and court transcripts and records, including for (1) Gonzalez's October 15, 2025 arrest that includes attempt to elude peace officer (VC 2800.2), kidnapping (PC 207), willful child cruelty (PC 273a), felon in possession of a firearm (PC 29800), and possession of ammunition (PC 30305); and (2) Gonzalez's November 11, 2025 arrest that includes infliction of corporal injury to spouse (PC 273.5), violation of protective order (PC 166), and delaying a peace officer (PC 148) – both arrests for which he is currently incarcerated. This post-incident information and records thereof were unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial. Further, if applicable, Plaintiff requests that (i) he be permitted to dress in plain clothes during his appearance at the civil trial and shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated; (ii) that the correctional officers/marshals/deputies accompanying Plaintiff at the trial shall be dressed in plainclothes, that any correctional officers/marshals/deputies transporting or accompanying Plaintiff in and out of the courtroom or courthouse shall be prohibited from dressing in uniform

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

and prohibited from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers; and (iii) that Plaintiff shall not be handcuffed, shacked, or otherwise restrained in any way that would indicate that he is currently incarcerated and/or being transported to and from any detention facility for this trial.

D.   **AGENCY FINDINGS**: California Highway Patrol, Hemet Police Department and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases. This information and records thereof were after-acquired investigatory materials, unknown to Defendant Irick, irrelevant to this matter, hearsay, unduly prejudicial, and impermissible character evidence, therefore should be excluded from trial.

Plaintiff will suffer specific prejudice if this Motion *in Limine* is not granted because all the above information was undisputedly unknown to Defendant Irick at the time of the incident giving rise to the above-referenced lawsuit. Further, even if Irick claim to have suspected any such information or had information that is otherwise confirmed by later convictions or reports, all this information is irrelevant or has minimal, if any, probative value, yet carries a substantial danger of unfair prejudice; confusing the jury; presentation of cumulative evidence; unnecessarily consuming time and misleading the jury in their task of determining whether Defendant Irick is liable and the extent of Plaintiff's damages; and includes impermissible character evidence and hearsay. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, 602, 801 and the prohibition of hindsight evidence in the reasonableness analysis of use of excessive force cases. *See Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motion *in Limine* No. 2 and Exhibits attached thereto,

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

Plaintiff's [Proposed] Orders, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") at ¶2.)

Respectfully submitted,

DATED: April 17, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:   /s/        *Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.     INTRODUCTION

This §1983 civil rights and state tort case arises from the use of excessive and unreasonable force against Plaintiff George Gonzalez by City of Hemet Officers Patrick Sobaszek and Andrew Reynoso and Defendant Officer Sean Irick of the CHP, and on January 24, 2024. The central issue is whether the Officers' use of force was excessive or unreasonable under the totality of the circumstances known to them at the time, not a hindsight attempt to justify wrongful use of force by whipping the jury into a frenzy with testimony related to domestic abuse, guns, criminal history, and prison. Defendants cannot be permitted to infer that Plaintiff deserved excessive force to be used against him because he is a "bad person." This civil rights case should be based on the facts known to the officer only. The facts of consequence to the shooting of Plaintiff by Defendants encompass whether Gonzalez was an immediate threat of harm, whether any warning was given, whether there were less intrusive alternatives available, and whether Gonzalez was resisting or in flight. Further, the central issue in this case regarding damages is Gonzalez's pain and suffering directly resulting from the force used against him. Thus, inadmissible after acquired information unknown to Irick should not be admitted for collateral reason Defendants may argue, which creates a substantial risk that the bell cannot be un-rung and risks the jury incorrectly considering this information on liability.

By this Motion *in Limine*, Plaintiff moves to exclude any evidence, testimony, argument, or inference at trial as to (**A**) Plaintiff's pre-incident criminal history including any contacts with law enforcement, arrests, convictions, incarcerations, allegations, and any criminal records, including that related to possession of controlled substance, domestic violence, suspended license, drug use, gang activity, threats, and driving while under the influence ("Pre-Incident Criminal History"); (**B**) Plaintiff's criminal history and records related to this incident, including criminal

PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, BAD ACTS

complaint, incident reports, supplemental reports, bail forms, court transcripts and records, including related plea convictions of reckless evading of a peace officer (VC 2800.2), felon in possession of a firearm (PC 29800), delaying a public officer (PC 148), and the restraining order that initiated the interaction with the police ("Incident Related Conviction"); (**C**) Plaintiff's criminal history and records related to this current incarceration but unrelated to this incident, including all booking records, criminal complaint, incident reports, supplemental reports, case reports, videos, statements, District Attorney complaint and records, bail forms, and court transcripts and records ("Post-Incident Criminal Actions"); and (**D**) CHP, Hemet, and District Attorney's Office findings and analysis, including whether the force was within policy, whether the force was subject to criminal charges, investigative reports and memos, and press releases ("Agency Findings"). All this information was undisputedly unknown to Irick at the time of his use of excessive and unreasonable force against Gonzalez, therefore rendering this information irrelevant, but nevertheless is substantially outweighed by the risk of unfair prejudice and impermissible character evidence and hearsay.

The central issue in this case is whether the force used against Gonzalez by the Officers was excessive or unreasonable. Other evidence Defendants may intend to use is hearsay, speculative, unduly prejudicial, and impermissible character evidence designed to taint the jury's perspective of Plaintiff and deprive him of a fair trial. Thus, for the following reasons, Plaintiff respectfully requests the Court issue an order excluding (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; (**C**) Post-Incident Criminal Actions; and (**D**) Agency Findings from trial. Given that Plaintiff is in custody, Plaintiff respectfully requests that if applicable, (i) Plaintiff be allowed to appear in Court in plain clothes, (ii) that the correctional officers be dressed in plainclothes, and (iii) that there be nothing indicating that Plaintiff is currently incarcerated including handcuffs. (See Exh. A, Example Pretrial Order of Honorable Kenly Kiya Kato.)

## II.    RELEVANT FACTS

On January 24, 2024, the Officers used excessive and unreasonable deadly force including deadly force, without warning, while several reasonable alternatives were available, and while Gonzalez was not a threat of harm to any officer or person. Evidence of which is obviously shown on multiple body-worn camera videos, and testimony of parties. Officer Irick had never personally interacted with Gonzalez before the date of the shooting and did not know specific information about his criminal or bad conduct history. (Exh. B, Irick Depo, 26:14-20.) Thus, the details of Gonzalez's criminal history did not factor in totality of circumstances facing the Officers. Nevertheless, without that information, Irick used excessive and unreasonable force by shooting Gonzalez, including while he was falling, after he had dropped the gun, and while he was on the ground. Defendant Irick had no knowledge about Gonzalez's past and should not be permitted, in hindsight, to use his pre-incident or post-incident crimes or bad acts against him to justify their excessive and unreasonable shooting of Gonzalez.

## III.   INFORMATION UNKNOWN IS EXPRESSLY PROHIBITED

Under Federal Rule of Evidence 401 and Supreme Court precedent, it is important that information unknown to Irick is excluded from trial. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Tennessee v. Garner*, 471 U.S. 1, 25-26 (1985); *United States v. Place*, 462 U.S. 696, 703 (1983); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011); 9th Cir. Mod Jury Inst. 9.25.

Considering how the jury will be instructed and given the great weight of authority on this issue, permitting the jury to learn about facts and circumstances that Irick was not confronted with at the time they made the decision to use force against Gonzalez would be improper. Evidence of facts and circumstances unknown to Irick at the time of their use of force—including (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; (**C**) Post-Incident Criminal Actions; and (**D**) Agency Findings—is irrelevant and inadmissible because it was not part of the

totality of the circumstances facing Irick at the time. Thus, any argument that this information is relevant fails. Irick never met and had no specific information about Gonzalez regarding his criminal history; other than the limited information that Gonzalez was a felon and had a restraining order. Thus, testimony and exhibits related to unknown criminal history, post-incident criminal actions, and agency findings did not play in the totality of circumstances confronting the Officers when using force. *See Lewis v. City of Chicago Police Department*, 590 F.3d 427, 442 (7th Cir. 2009) (evidence of finding in an internal investigation "states only a conclusion and does not provide much additional probative information…. It merely presents the question the jury was tasked with answering."); *Witt v. West Virginia State Police, Troop 2*, 633 F.3d 272, 275 n.* (4th Cir. 2011) (noting that the plaintiff's criminal history and possession of narcotics are irrelevant to the excessive force analysis because officers did not know these facts at the time—even though facts of the incident were profoundly disputed); *Palmquist v. Selvik*, 111 F.3d 1332, 1339 (7th Cir. 1997) ("[W]hen considering a charge of excessive force under the Fourth Amendment, evidence outside the time frame of the shooting is irrelevant and prejudicial."); *Wisler v. City of Fresno*, No. CVF 06-1694 LJO SMS, 2008 WL 2954179, at *5 (E.D. Cal. July 30, 2008).

Therefore, irrelevant unknown information was not part of the totality of the circumstances facing Irick at the time of Irick's use of excessive and unreasonable force and should be excluded from trial. This exclusion should also include safeguards including dressing in plain clothes and without shackles.

## IV.    THIS EVIDENCE IS IMPERMISSIBLE CHARACTER EVIDENCE

Under Rule 404, (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; (**C**) Post-Incident Criminal Actions; and (**D**) Agency Findings cannot be used to prove that Gonzalez acted in some general "bad character" during the incident. Rule 404(a)(1) specifically prohibits character evidence, stating that "[e]vidence of a person's character or character trait is not admissible to prove that

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

on a particular occasion the person acted in accordance with the character or trait." *See also Palmerin*, 794 F.2d at 1414 ("The federal rules bar the use of any circumstantial evidence that requires an inference of a person's character to make it relevant...."). Further, Ninth Circuit case law is clear that character evidence is normally not admissible in a civil rights case. *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993). Character must be "in issue," i.e., an essential element of a charge, claim, or defense, for character evidence to be admitted. *See* Adv. Comm. Notes, Fed. R. Evid. 405(b); *United States v. Mendoza–Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002). Character is not an essential element to this matter. Admission of (**A**) Pre-Incident Criminal History; (**B**) Incident Related Conviction; (**C**) Post-Incident Criminal Actions; and (**D**) Agency Findings gathered after the incident—poses a substantial danger that the jury will (1) improperly infer that Irick knew this information, (2) will improperly infer that Gonzalez had the propensity to act violently towards others, and (3) will reach a verdict that does not reflect the circumstances facing Irick at the time. In other words, exclusion prevents Irick from inferring that Plaintiff had a propensity for violence to prove that he acted in accordance with that character trait—which is precisely impermissible under the Federal Rules.

The subject evidence cannot be used to show Gonzalez's character or that he acted in conformity therewith. Admission of such evidence would be nothing more than a backdoor attempt to tarnish Gonzalez's character and pollute the jury against him. This information has nothing to do with motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2). Any such information cannot establish a habit, nor would any habit be relevant to this action. Rule 406. Further, it has no bearing on truthfulness. Rule 608. Thus, this impermissible character evidence should be excluded.

**V.    THIS INFORMATION UNKNOWN IS UNDULY PREJUDICIAL**

It is axiomatic that evidence of criminal history has a strong potential for

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

unfair prejudice. Meanwhile, its probative value in this case is, as explained above, negligible at best. Accordingly, this evidence should be excluded under Federal Rules of Evidence 403. Rule 403 excludes even relevant evidence "if its probative value is substantially outweighed by the danger of the unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "Unfair prejudice" means "undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000); *Larez v. City of Los Angeles*, 946 F.2d 630, 642 n.5 (9th Cir. 1991) (noting that evidence is likely to inflame the jury if it tends to evoke a juror's anger or punitive impulses); *Jackson v. City of Gahanna*, 2011 WL 587283, at *5 (S.D. Ohio Feb. 9, 2011) ("Allowing evidence of the illegal items seized from the Plaintiff...would undermine the protections of the Fourth Amendment by permitting the jury to infer that the Plaintiff's culpability or status as a presumed drug dealer justify the Defendant's use of force against him.").

Plaintiff submits that even the mention of drugs, guns, domestic violence, threats, evading, kidnapping, child cruelty, crimes, wrongs, bad acts, can only serve to unjustly inflame a jury's passions and prejudices against Gonzalez. *See generally, Lewis*, 590 F.3d at 442 (finding that evidence of an internal investigation might cause the jury to "simply adopt the result of the internal investigation rather than come to its own conclusion after hearing all the evidence."); *Tulloss v. Near N. Montessori School, Inc.*, 776 F.2d 150, 153-54 (7th Cir. 1985) (excluding evidence of findings in an internal investigation because it "was tantamount to saying this has already been decided and here is the decision."); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting a motion *in limine* in an excessive force case to exclude drug paraphernalia the officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *id.* at *1 ("In today's climate, any evidence as to a litigant's use of drugs

- 6 -    Case No.: 5:25-cv-00331-KK-DTB

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

has an obvious potential for being extraordinarily prejudicial—for creating the prospect of deflecting the factfinders' attention from the matters that are really at issue in the case to everyone's universally-shared concerns as to the problems that drug usage is creating for our society."); *Kunz v. DeFelice*, 538 F.3d 667, 676-77 (7th Cir. 2008) (barring use of the word "heroin" because it has a strong potential for unfair prejudice); *Wisler v. City of Fresno*, 2008 WL 2954179, *5 (E.D. Cal., July 22, 2008) (excluding evidence of drugs use on grounds it was unduly prejudicial and unknown); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986) (convictions for possession are unquestionably highly prejudicial); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) (evidence of a conviction alone can be highly prejudicial and arouse jury sentiment against a party).

The jury should not be misled to believe that Gonzalez's history is at issue—the jury should properly remain focused on the Officers' conduct. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1021 (9th Cir. 2014), cert. denied, 135 S. Ct. 1482 (2015) (the conduct of the police is at issue, not irrelevant and unfairly prejudicial witness testimony never disclosed to the police). Moreover, DA makes a finding with an eye toward criminal prosecution, which uses a different standard. Therefore, informing the jury that the DA reviewed and finding of this incident improperly risks that the jury will be persuaded to find for Irick merely because Plaintiff is painted as a criminal. Even informing the jury—either implicitly or explicitly—that the DA reviewed the incident, pressed charges, and convicted Plaintiff of crimes that do not justify the Officers' use of force carries the same risk, as the jury is likely to infer that Plaintiff is a criminal and deserves force to be used against him. When balanced against the substantial risk that this information may influence the jury to reach a verdict based on an improper legal standard and information, thus inviting juror error, this evidence should be excluded pursuant Rule 403.

Furthermore, "evidence of other crimes or wrong acts is not looked upon with favor and must be carefully scrutinized to determine probative value." *United States*

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

*v. Aims Back*, 588 F.2d 1283, 1287 (9th Cir. 1986). Any testimony offered by the Officers regarding some unrelated crimes, criminal allegations, or drugs, will lack foundation and call for speculation. Fed. R. Evid. 602. Plaintiff's concern is that Defendants will attempt to take every opportunity to insert drugs, guns, domestic violence, threats, evading, kidnapping, cruelty, and other bad acts or conduct, having nothing to do with this incident and unknown to Irick, into as many witnesses' testimony as possible to inflame the passions of the jury against Gonzalez, depriving him of a fair trial. "[E]ven a murderer has a right to be free from [civil rights violations] and the correlative right to present his claim[s] of [violations] to a jury that has not been whipped into a frenzy of hatred." *Wilson v. City of Chicago*, 6 F.3d 1233, 1236 (7th Cir. 1993).

Evidence of crimes and bad acts can only serve to unjustly inflame a jury's passions and prejudices against Gonzalez. *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003) (granting motion *in limine* in an excessive force case to exclude drug paraphernalia officers discovered after the alleged excessive force occurred, because it was irrelevant and unduly prejudicial under Rule 403); *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) ("The question of whether Plaintiff smoked a marijuana cigarette three hours before the incident is no more probative than whether the officers drank coffee before the incident. The introduction of expert testimony or testimony concerning facts unrelated to the physical encounter would merely divert the jury from the relevant inquiry.... Marijuana plays no part in this inquiry and the introduction of such evidence serves no purpose other than to make a general character attack on Plaintiff.").

This inflammatory evidence is likely to mislead and confuse the jury into reaching a verdict that reflects its consideration of unrelated and/or unknown crimes and bad acts and post-incident investigatory hindsight evidence, as a reason justifying the use of force on an improper basis.

Inflammatory pre- and post-incident allegations and convictions were not known by Irick; thus, its probative value is minimal if there is any at all, and substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Admission of such evidence also poses a substantial risk of leading to "litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." *Blancha v. Raymark Industries*, 972 F.2d 507, 516 (3d Cir. 1992); *Rockwell v. Yukins*, 341 F.3d 507, 513 (6th Cir. 2003) (*en banc*), *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). The central factual dispute in this case is whether Gonzalez posed an immediate threat when Irick used excessive and unreasonable force by shooting him, including while he was falling to the ground, unarmed, and on the ground. Refuting the inferences crimes and wrongs will necessitate several mini trials on collateral issues that have nothing to do with the central factual dispute, depriving Plaintiff of a fair trial. *Blancha*, 972 F.2d at 516. To rebut Defendants' character evidence, Plaintiff will be forced to call several witnesses to rehabilitate the jurors' view of him which will unduly consume this Court's and the jury's time and resources. Accordingly, the Court should also exclude evidence and argument regarding information unknown under Rule 403.

## VI.    THIS EVIDENCE IS INADMISSIBLE HEARSAY

Finally, the Court should exclude all documentary evidence in support of the subject information, including the pre- and post-incident reports, and agency findings as inadmissible, multi-layered hearsay, without exception under Federal Rule of Evidence 801, 802, and 805. Gonzalez's criminal history and agency findings related to this incident were all made from out of this court, and Defendant impermissibly intends to offer them for the truth of the matter asserted.

## VII.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any evidence, witness, or argument at trial as to (**A**) Pre-Incident Criminal History;

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 2 – EXCLUDE CRIMES, WRONGS, AND BAD ACTS**

(**B**) Incident Related Conviction; (**C**) Post-Incident Criminal Actions; and (**D**) Agency Findings from trial. Further, Plaintiff requests, if applicable, that (i) he be permitted to dress in plain clothes during his appearance at the civil trial and shall not be dressed in any prison attire or any garb indicating that he is currently incarcerated; (ii) that the correctional officers/marshals/deputies accompanying Plaintiff at the trial shall be dressed in plainclothes, that any correctional officers/marshals/deputies transporting or accompanying Plaintiff in and out of the courtroom or courthouse shall be prohibited from dressing in uniform and prohibited from wearing any badge, duty belt, or other article of clothing that would indicate that they are law enforcement officers; and (iii) that Plaintiff shall not be handcuffed, shacked, or otherwise restrained in any way that would indicate that he is currently incarcerated and/or being transported to and from any detention facility for this trial.

Respectfully submitted,

DATED: April 17, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:  ___/s/_____Marcel F. Sincich_____
　　　Dale K. Galipo
　　　Trenton C. Packer
　　　Marcel F. Sincich
　　　*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff certifies that this brief contains 3,216 words, which complies with the word limit of L.R. 11-6.1 and is under ten (10) pages in accordance with this Court's Standing Order.

Respectfully submitted,

DATED: April 17, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: ___/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

## <u>DECLARATION OF MARCEL F. SINCICH</u>

I, Marcel F. Sincich, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff.  I make this declaration in support of Plaintiff's Motion *in Limine* to Exclude Crimes, Wongs, and Bad Acts. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.      This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion.

3.      Attached hereto as "**Exhibit A**" is a true and correct copy of the January 29, 2026, Order Directing The Correctional Officers Accompanying Plaintiff Steffon Barber To Trial To Dress In Plainclothes And Directing That Mr. Barber Not Be Handcuffed, Shackled Or Dressed In Prison Attire During His Appearance At Trial, by the Honorable Kenly Kiya Kato, in the matter of *Steffon Barber v. County of San Bernardino, et al.*, Case No. 5:22-cv-00625-KK-DTB.

4.      Attached hereto as "**Exhibit B**" is a true and correct copy of the relevant portions of the Defendant Sean Irick's July 22, 2025 Deposition Transcript. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 17th day of April, 2026.

_____
Marcel F. Sincich

2      Case No.: 5:25-cv-00331-KK-DTB