**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato* Magistrate Judge David T. Bristow]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND AMENDED MOTION *IN LIMINE* No. 3 TO EXCLUDE DEFENDANTS LATE EXPERT DISCLOSURES**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**Final Pretrial Conference:**<br>Date:    April 23, 2026<br>Time:    10:30 a.m.<br>**Trial:**<br>Date:    May 11, 2026<br>Time:    09:30 a.m.<br>Place:   Courtroom 3 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to this Court's Order (Doc. 112), and in light of the settlement reached between Plaintiff and Defendants City of Hemet, Patrick Sobaszek and Andrew Reynoso, Plaintiff hereby submits this Amended Motion *in Limine* No. 3:

PLEASE TAKE NOTICE that Plaintiff GEORGE GONZALEZ hereby moves *in limine* for an order excluding several of Defendants' late expert disclosures and opinions on the following grounds: Defendants' initial expert disclosures violated Rule 26(a)(2)(B), Defendants disclosure of rebuttal and supplemental opinions past the rebuttal disclosure dead line and on the last day of expert discovery cut-off was late and in violation of this Court's Scheduling Order, and these experts opinions greatly overlap and risk unfair prejudice and cumulative evidence that will not be helpful to the jury. Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, and 702 and Federal Rule of Civil Procedure 26(a)(2)(B).

Plaintiff bases this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motion *in Limine* No. 4 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information

PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES

identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

DATED: April 17, 2026

LAW OFFICES OF DALE K. GALIPO
GRECH, PACKER, & HANKS

By: ___/s/_____Marcel F. Sincich_____
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich
*Attorneys for Plaintiff*

iii          Case No.: 5:25-cv-00331-KK-DTB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This civil rights action arises from the excessive and unreasonable shooting of Plaintiff George Gonzalez by Hemet Officers Patrick Sobaszek and Andrew Reynoso, and Defendant CHP Officer Sean Irick, and on January 24, 2024. In pertinent part, after a vehicle pursuit and during a subsequent foot pursuit, Gonzalez never pointed a gun, did not make a furtive movement with the gun, was not looking at the officer, and did not verbally threaten anyone, yet Officers fired twenty-five rounds at Gonzalez, without warning, including while he was moving away, falling to the ground, on the ground, after dropping the gun. Gonzalez was shot in the back after officers failed to de-escalate, failed to attempt less-intrusive alternatives, and while Gonzalez was slowing down to surrender—when he did not pose an immediate threat of death or serious bodily injury. By way of the instant motion *in limine*, Plaintiff moves to exclude Defendants' untimely, cumulative, and unhelpful expert disclosures, including (1) Rod Englert and (2) Samir Lyons, pursuant to Fed. R. Civ. Pro. 26(a)(2)(B) and Fed. R. Evid. 401, 403, and 702.

### II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2), a party must disclose to the other parties any witness who will present opinion testimony under Rule 702, with a written report. That written expert "report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them. Fed. R. Civ. Pro. 26(a)(2)(B).

Further, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. Pro. 26(a)(2)(D). District courts have inherent authority to manage their dockets and courtrooms with a view toward the

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

efficient and expedient resolution of cases. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Here, this Court's Civil Trial Scheduling Order required "Last Day to Serve Initial Expert Reports: **12/4/2025,**" The "Last Day to Serve Rebuttal Expert Reports: **12/18/2025**," and "Expert Discovery Cut-Off (including hearing of discovery motions): **1/8/2026**." (Dkt. 31 at 1 (emphasis added).)

Defendants violated Rule 26 and violated this Court's Order. Therefore, Defendants noncompliant expert reports and opinions should be excluded from trial.

## III. DEFENDANTS FAILED TO COMPLY WITH THIS COURT'S SCHEDULING ORDER

These dates have a purpose and should not be ignored at the expense and prejudice of the opposing party. Of note, Defendants did not attempt to request leave of Court to serve late disclosures. Instead, Defendants gave deficient Rule 26 initial expert disclosures, then waited until the last day for expert discovery and beyond to serve rebuttal expert reports titled "supplemental."

On December 4, 2025, Defendants State and Irick served their Initial Expert Disclosures naming Samir Lyons and Rob Englert as experts. (Exh. A, State Initial Expert Discl.) All these reports were deficient in violation of Rule 26. On December 18, 2025, Defendant failed to serve rebuttal reports. Then a month later, on January 16, 2026, State Defendants served their Supplemental Expert Disclosures with modification Mr. Englert's initial expert report and nothing further from Samir Lyons. (Exh. B, State Suppl. Expert Discl.)

Defendants' primary excuse for violation of this Court's Order and providing deficient initial expert reports is that all parties have a duty to supplement if there is additional information that was not otherwise made known to the party pursuant to Rule 25(e). Defendants' argument fails simply because there was no new information, just late opinions. Defendants had the opportunity but failed to conduct investigations timely and submit report in compliance with this Court's Order.

### A.     State Defendants' Animation Expert Samir Lyons

State Defendants' animation expert, Samir Lyons, and any later disclosed animation, should be excluded from trial. Samir Lyons' 2-page initial report merely stated, "I was retained by Deputy Attorney General, Ashley Reyes, to collaborate with Englert Forensics to create demonstratives of their opinions and analysis of the above-named case. I reserve the right to produce demonstrative animations or visuals based on Englert Forensics' analysis." (Exh. C, Lyons Report at 2.) However, Rule 26(a)(2)(B) requires that all written reports include a complete statement of opinions, the facts and data considered in forming opinions, and any exhibits that will be used to summarize or support the opinions. The Lyons' Report violated Rule 26 as it failed to provide any opinions, failed to provide any facts and data that would be considered in forming opinions, and as an animation expert failed to provide any animation. Furthermore, in State Defendants' "supplemental" disclosures, no supplemental report or animation of Samir Lyons' was provided. (Exh. B, State Suppl. Discl.) To this day, State Defendants have still failed to produce an animation. State Defendants must not be permitted to violate the Court's order, and violate Rule 26, and attempt to surprise Plaintiff and the Court with an animation on the eve of or for the first time at trial. Thus, Samir Lyons and any animation should be excluded.

### B.     State and Hemet Defendants' Reconstruction Expert Rod Englert, and Defendants late Evidence Inspection

Defendants retained Rob Englert to produce a reconstruction of the incident. The State Defendants waited until October 1, 2025, to approve retention of Mr. Englert to review the case and perform the reconstruction, then waited until October 8, 2025, to produce the "initial case file materials." (Exhs. D, Englert Initial Report at 2.) Defendants then waited to have their initial meeting with Mr. Englert on November 20, 2025, at 9:00 am to discuss the facts of the case and then continued as

a site visit at 11:25 am. (Exh. D, Englert Initial Report at 6.) Further, Defendants failed to schedule the inspection of physical evidence for Mr. Englert until December 18, 2025. (Exh. E, Englert Suppl. Report at 2.) There is no reasonable excuse for Defendants' failure to schedule the inspection, if necessary, sooner. Defendants could have scheduled the inspection of these items months earlier and failed to do so.

The only relevant portion of the clothing inspection by Mr. Englert pertains to trajectory of shots fired. (Exh. E, Englert Suppl. Report at 6-29.) Still, only trajectory opinions based on where the projectiles entered Plaintiff's body, the path the projectiles made through the body, and where they either exited the body or recovered in the body are accurate and helpful. The images of bunched up and cut up clothing that are two-dimensionally laid flat on a table do not accurately reflect the trajectories in this case and are not helpful to the jury. Further, these are merely late disclosed rebuttal opinions, which should have been disclosed on December 18, 2025. Not only was Mr. Englert's supplemental report late generally, but it was also not served until after the expert discovery cut off. Thus, Mr. Englert should be excluded from testifying at trial entirely.

Even Mr. Englert's initial report should be excluded because based on his site visit and review of thousands of pages of documents, still, "All listed measurements are approximations," and "All diagrams and sketches are not to scale." (Exh. D, Englert Initial Report at 5; Exh. E, Englert Suppl. Report at 5.) As a reconstruction expert, Mr. Englert should be excluded because his initial report renders opinions "without performing a physical reconstruction of the event." Mr. Englert also claimed that "Pending evidence analysis and receipt of additional materials, an incident reconstruction opinion in this case cannot be rendered at this time." (Exh. D, Englert Initial Report at 13.) Mr. Englert also claimed that the videos of the incident do not reflect the true distances and spatial perspectives of the incident.

**PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 3 – EXCLUDE DEFENDANTS' LATE EXPERT DISCLOSURES**

(Exh. D, Englert Initial Report at 13.) Yet there is nothing in Mr. Englert's supplemental report that reflects a supposed reconstruction of "true distances and spatial perspectives" of the incident, instead Mr. Englert continues to use the videos. (Exh. E, Englert Suppl. Report at 5.) Mr. Englert initially claimed that "In order to better understand the sequence of events and most probable body positions during the shooting incident, a review of the physical evidence and reconstruction testing of various body positions are necessary." (Exh. D, Englert Initial Report at 14.) Therefore, Mr. Englert's initial report and opinions are admittedly not based on a reasonable degree of scientific probability. (Exh. D, Englert Initial Report at 14.)

However, Mr. Englert's supplemental opinions tell a different story. Mr. Englert's "concluding opinions" are not opinions at all but merely statements of his observation of the videos. None of these "concluding opinions" have anything to do with review of medical records, review of physical evidence, or trajectory. Mr. Englert's "concluding opinions" and supplemental report contains information unknown and reiteration of what each of the Defendant Officer, eyewitnesses, and medical experts are already going to testify to. Mr. Englert's testimony will be cumulative and not helpful to the jury in determining any fact of consequence. (Exh. E, Englert Suppl. Report at 43-44.) The only other "additional information" Mr. Englert received were Plaintiff's medical records which were already in Defendants possession prior to expert disclosures, and medical opinions are outside of Mr. Englert's expertise and are not reflected in his opinions. Tellingly, Mr. Englert cites the Riverside University Health System Medical Center records in his initial report. (Exh. D, Englert Initial Report at 5.)

Thus, Mr. Englert's rebuttal/supplemental report should be excluded.

## IV.    PLAINTIFF IS PREJUDICED BY DEFENDANTS' FAILURE TO FOLLOW RULE 26 AND THIS COURT'S ORDER

Evidence that does not tend to make the existence of any fact that is of

5            Case No.: 5:25-cv-00331-KK-DTB

consequence to the determination of the action more probable or less probable is not admissible. Fed. R. Evid. 401, 402. In this matter, lower courts and juries have been required to confine their inquiry to the information known to the officer at the time of the force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). To the extent that any expert report attempts to reveal information unknown to Defendant Irick (see Plaintiff's Motions *in Limine* No. 1-2), including whether the gun was loaded, is not relevant to this matter and should be excluded.

Even if there is relevance to late disclosed opinions of Samir Lyons and Rob Englert that probative value is substantially outweighed by the danger of unfair prejudice or needless presentation of cumulative evidence. Fed. R. of Evid. 403. First, it is clear from their reports that Mr. Englert's report was meant to be foundational to an animation of Samir Lyons that was never produced. Second, Defendants late disclosure of "supplemental" opinions prejudice Plaintiff as they did not allow Plaintiff with the opportunity to either take the experts' depositions or attain rebuttal reports if necessary withing the deadlines provided by the Court. Defendants' experts had the benefit of Plaintiff's expert reports to form their late rebuttal opinions and waited until the last day for expert discovery and beyond to disclose those rebuttal opinions.

Plaintiff will be prejudiced by admission of testimony based on Defendants' violation of Court's Order and Rule 26.

## V.    CONCLUSION

For the foregoing reasons, the late disclosed rebuttal reports and opinions of Samir Lyons and Rob Englert should be excluded from trial.

Respectfully submitted,

DATED: April 17, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**
By: ___/s/_____ *Marcel F. Sincich*
Dale K. Galipo
Trenton C. Packer
Marcel F. Sincich *Attorneys for Plaintiff*

6        Case No.: 5:25-cv-00331-KK-DTB

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff certifies that this brief contains 2,460 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

DATED: April 17, 2026    **LAW OFFICES OF DALE K. GALIPO**
              **GRECH, PACKER, & HANKS**

            By: ___/s/_____*Marcel F. Sincich*_____
              Dale K. Galipo
              Trenton C. Packer
              Marcel F. Sincich
              *Attorneys for Plaintiff*

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff.  I make this declaration in support of Plaintiff's Motion *in Limine* to Exclude Late Expert Disclosures. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.     This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion.

3.     Attached hereto as "**Exhibit A**" is a true and correct copy of the State Defendants' December 4, 2025, Initial Expert Disclosures.

4.     Attached hereto as "**Exhibit B**" is a true and correct copy of the State Defendants' January 16, 2026, Supplemental Expert Report of Rod Englert.

5.     Attached hereto as "**Exhibit C**" is a true and correct copy of the State Defendants' December 4, 2025, Initial Expert Report of Samir Lyons.

6.     Attached hereto as "**Exhibit D**" is a true and correct copy of the State Defendants' December 4, 2025, Initial Expert Report of Rod Englert.

7.     Attached hereto as "**Exhibit E**" is a true and correct copy of the State Defendants' January 16, 2026, Supplemental Expert Disclosure of Rod Englert.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 17th day of April, 2026.

_____
Marcel F. Sincich

-3-    Case No. 5:21-cv-02140-PSG (JEMx)

PLAINTIFF'S AMENDED MOTION *IN LIMINE* NO. 3 – EXCLUDE LATE DISCLOSED EXPERT REPORTS