**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333 | Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Phone: (951) 682-9311

*Attorneys for Plaintiff* GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S NOTICE OF MOTION AND AMENDED MOTION *IN LIMINE* No. 4 TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MERELY FOR FLEEING**<br><br>[(Proposed) Order; Declaration of Marcel F. Sincich and attached exhibits *filed concurrently herewith*]<br><br>**FPTC/Hearing on Motions *in Limine*:**<br>Date:    April 23, 2026<br>Time:    10:30 a.m.<br>**Jury Trial**<br>Date:   May 11, 2026<br>Time:    08:30 a.m.<br>Courtroom 3, 3470 Twelfth Street, 3rd Floor, Riverside, California |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to this Court's Order (Doc. 112), and in light of the settlement reached between Plaintiff and Defendants City of Hemet, Patrick Sobaszek and Andrew Reynoso, Plaintiff hereby submits this Amended Motion *in Limine* No. 4:

PLEASE TAKE NOTICE that Plaintiff GEORGE GONZALEZ hereby moves *in limine* for an order excluding the testimony that it is permissible to shoot a man merely for fleeing on the following grounds:

1.    Defendants testified that it would be appropriate to use deadly force against Plaintiff merely because he had a gun in his hand and was running away, and nothing more – no furtive movement, no verbal threat, no attempt to take a hostage, no pointing of the gun – just running away with a gun in hand according to Defendants would constitute a an imminent threat of death or serious bodily injury.

2.    Any such testimony or argument would be inconsistent with the law.

3.    Any such testimony or argument would be inconsistent with the facts.

4.    Any such testimony or argument would confuse the jury, mislead the jury, and unduly prejudice Plaintiff.

Plaintiff makes this Motion under Federal Rules of Evidence, Rules 401, 402, 403, 404, and 702; and *Graham v. Connor*, 490 U.S. 386, 395-97 (1989).

Plaintiff based this motion on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Marcel F. Sincich in Support of Plaintiff's Motion *in Limine* No. 4 and Exhibits attached thereto, Plaintiff's [Proposed] Order, any argument raised at the hearing on this motion, and all other pleadings and papers on file with this Honorable Court.

**Statement of Local Rule 7-3 Compliance**: This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and

Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion. (Declaration of Marcel F. Sincich ("Sincich Decl.") ¶2.)

Respectfully submitted,

Dated: April 17, 2026,                    **LAW OFFICE OF DALE K. GALIPO**
                                          **GRECH, PACKER, & HANKS**

                                   By _____/s/_____ _Marcel F. Sincich_____
                                          Dale K. Galipo
                                          Trenton C. Packer
                                          Marcel F. Sincich
                                          _Attorneys for Plaintiff_

PLAINTIFF'S AMENDED MOTION _IN LIMINE_ NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This civil rights action arises from the excessive and unreasonable shooting of Plaintiff George Gonzalez by Defendant CHP Officer Sean Irick, and Hemet Police Department Officers Patrick Sobaszek and Andrew Reynoso, on January 24, 2024. In pertinent part, after a vehicle pursuit and during a subsequent foot pursuit, Gonzalez never pointed a gun, did not make a furtive movement with the gun, was not looking at the officer, and did not verbally threaten anyone, yet Defendants fired twenty-five rounds at Gonzalez, without warning, including while he was moving away, falling to the ground, on the ground, after dropping the gun. Gonzalez was shot in the back after officers failed to de-escalate, failed to attempt less-intrusive alternatives, and while Gonzalez was slowing down to surrender—when he did not pose an immediate threat of death or serious bodily injury.

Defendants argue, although never seen in the videos, that Gonzalez pointed the gun at the officers making him a deadly threat to justify their use of deadly force. During a foot pursuit, the Officers suspected Gonzalez of being armed with a gun, and towards the end of the pursuit saw the gun in his hand but did not use deadly force against Gonzalez. Their excuse for using deadly force was Gonzalez turning to look at officers over his left shoulder while pointing the gun at officers with his right hand from his right side while moving away from officers. The officers' story seems impossible but nevertheless is not on video because it never happened.

It would therefore seem obvious that officers cannot use deadly force against a person merely for running away even with a gun in hand. Defendant Irick admits that if an officer sees a subject take out a gun but does not point the gun at anyone, does not turn towards anyone, just is just running away with a gun in hand, it would be inappropriate to use deadly force based on the training. (Exh. A, Irick Depo, 58:20-59:8, 60:9.) Officer Sobaszek also admits that officers were not trained that they could use deadly force merely because a person is running away. (Exh. B,

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING

Sobaszek Depo, 17:2-7.) Officers Irick and Sobaszek also admit that officers were not trained that they could use deadly force merely because a person has a gun in hand. (Exh. A, Irick Depo, 18:8-11; Exh. B, Sobaszek Depo, 17:9-16.) Because, to use deadly force, there must be an immediate threat of death or serious bodily injury meaning the person has to have the present ability, opportunity and apparent intent to immediately cause death or serious bodily injury. (Exh. A, Irick Depo, 60:10-5, 62:21-25; Exh. B, Sobaszek Depo, 39:6-10.) From Gonzalez getting out of the vehicle to the exiting the pathway near the truck ramp, Gonzalez did not turn or attempt to shoot anyone and did not have a gun in his hands. (Exh. A, Irick Depo, 34:2-7, 37:16-23, 38:8-14, 39:2-9, 40:24; Exh. B, Sobaszek Depo, 39:11-15, 41:9-42:1, 42:14-19, 49:11-24.) Therefore, Officer Irick admits that it would be inappropriate to use deadly force against Gonzalez at that time. (Exh. A, Irick Depo, 38:15-22, 39:10-13, 40:25-41:3.)

Defendant Irick had no information that Gonzalez had ever seriously injured or killed anyone. (Exh. A, Irick Depo, 32:25-33:7.) Defendant Irick had no information that Gonzalez had verbally threatened to harm anyone. (Exh. A, Irick Depo, 33:8-11.) Defendant Irick did not see any bystanders in the direction of Gonzalez' travel or in the area when he used deadly force against Gonzalez. (Exh. A, Irick Depo, 57:7-14, 57:21-58:6, 63:14-16.) Gonzalez never tried to attack any bystanders. (Exh. A, Irick Depo, 57:15-17.) Gonzalez never attempted to harm any bystander. (Exh. A, Irick Depo, 67:25-68:3.) Gonzalez never pointed the gun at any bystanders. (Exh. A, Irick Depo, 57:18-20.) Gonzalez never attempted to enter any building or door. (Exh. A, Irick Depo, 67:19-22.) Gonzalez never attempted to take a hostage. (Exh. A, Irick Depo, 67:23-24.)

Yet Defendant Irick, in contradiction of the law and basic officer training, testify that it would be permissible to use deadly force against Gonzalez merely for running away with a gun. (Exh. A, Irick Depo, 56:18-57:6.)

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING

Even Defendants expert is expected to testify in contradiction to the law and confuse and mislead the jury. Clarence Chapman will testify that "officers can use deadly force on a fleeing suspect if they have sufficient information that they can articulate that that person presents a future harm" despite previously admitting that under the law, "officer may deploy deadly force to present an escape of a fleeing suspect where there is probable cause that the individual presents a significant threat of death or physical harm to the officers or others." (Exh. C, Chapman Depo, 57:17-3.) Mr. Chapman understands that the law states that deadly force may be used against a fleeing person only if (1) apprehension is for a felony that threatened or resulted in death or serious bodily injury, (2) the officer reasonably believes that the person will cause death or serious bodily injury to another unless immediately apprehended, and (3) a warning is given, if feasible. (Exh. C, Chapman Depo, 60:18-61:14; Pen. Code §835a(c).) On one hand, Mr. Chapman understands that the reason the Officers discharged their weapons was because of Gonzalez's actions toward officers with the gun. (Exh. C, Chapman Depo, 76:7-23.) Yet Mr. Chapman will testify that the Defendant Officers "could have shot Mr. Gonzalez for running away with a gun, even if he did not pose an imminent threat of death or serious bodily injury" (Exh. C, Chapman Depo, 60:5-13).

Defendant Irick used excessive and unreasonable deadly force based on the subjective fear of future harm, not an immediate deadly threat. That is why he is eager to testify that they could have even use deadly force against Plaintiff merely for fleeing, because Plaintiff was not turned towards officers when he opened fire; Plaintiff never pointed the gun, and he shot Plaintiff after dropping the gun.

By way of this Motion *in Limine*, Plaintiff moves to exclude any argument or testimony that it would be permissible to use deadly force against a person merely for fleeing, even with a gun in hand, which is inconsistent with the law.

/ / /

-3-                    Case No. 5:25-cv-00331-KK-DTB

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING

## II.     LEGAL STANDARD

Defendants' use of excessive deadly force is analyzed under the Fourth Amendment's objective reasonableness standard, which, questions "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *See Graham v. Connor*, 490 U.S. 386, 395-97 (1989). The *Graham* test applies "the clear principle that the force used to make an arrest must be balanced against the need for force." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1025 (9th Cir. 2015) (*citing Blankenhorn v. City of Orange*, 485 F.3d 463, 480 (9th Cir. 2007)). It is a careful balance of "the nature of the harm and quality of the intrusion" on Gonzalez's rights "against the countervailing governmental interests at stake." *Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010); *see also Scott*, 550 U.S. at 383-84; *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002).

The use of deadly force must be balanced against the purported need for it. *See Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946-47 (9th Cir. 2017); *see also Glenn*, 673 F.3d at 871; *Bryan*, 630 F.3d at 823. The government interest factors include (1) the severity of crime at issue, (2) whether the subject posed an immediate threat of death or serious physical injury, (3) whether there is attempt to evade, (4) the availability of alternative methods, and (5) whether a warning was given. *See Graham*, 490 U.S. at 396; *Smith*, 394 F.3d at 701-02; *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1126 (9th Cir. 2021); *Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017); *Nelson v. City of Davis*, 685 F.3d 867, 882 (9th Cir. 2012)). Deadly force is only permissible in the most limited circumstances—when *necessary* to prevent death or serious bodily injury. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985); Pen. Code §835a. There are many other factors that can also be taken into consideration of the totality of the circumstances, but the law and jury instructions clearly require that there be "an immediate threat of death or serious bodily injury" to use deadly force (Ninth Circuit Model Jury Instruction No. 9.27), or "deadly force was necessary to defend against an imminent threat of death or serious bodily harm"

-4-                    Case No. 5:25-cv-00331-KK-DTB

(imminent being "present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person") (CACI Nos. 441 & 1305B).

## III. DEFENDANTS STATEMENTS AND OPINIONS INCONSISTENT WITH THE LAW SHOULD BE EXCLUDED FROM TRIAL

Defendants should be precluded from testifying as to any opinions regarding whether it was permissible to use deadly force against Plaintiff if Plaintiff was not turning towards officers and did not point the gun at officers. Plaintiff was not fleeing from a felony that threatened death or serious bodily injury, Plaintiff did not point the gun at anyone including bystanders, Plaintiff did not threaten to harm anyone including bystanders, Plaintiff did not attack anyone including bystanders, Plaintiff did not attempt to take a hostage, and Plaintiff did not attempt to go into any building—he was just trying to get away not harm anyone. Defendants should be precluded from arguing that it would be permissible to use deadly force against Plaintiff while fleeing with a gun because of what could possibly occur in the future. "An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm." Pen. Code §835a(e)(2). An officer's subjective fear alone is insufficient to use deadly force. Clearly, subjective fear that some unknown bystander, in some unknown area, may be potentially harmed at some unknown time in the future, is irrelevant to the analysis and substantially risks unfair prejudice, confusion, and misleading the jury. Fed. R. Evid. 401, 403.

Any testimony or argument regarding fleeing a felony would be illogical, confusing and misleading. The Officers testimony reflects their (unreasonable) belief that Plaintiff was a threat to them. There are no facts known to Defendant Irick in this matter that would lead a reasonable officer to believe that Plaintiff would cause death or serious bodily injury to some unknown person in the community if not *immediately* apprehended.

-5-  Case No. 5:25-cv-00331-KK-DTB

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING

The law has long been established by the Supreme Court of the United States, "there can be no question that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment." *Tennessee v. Garner*, 471 U.S. 1, 7 (1985). The Court does not deny the practical difficulty in attempting to assess the suspect's dangerousness, but difficult judgments must be made by the police. *Id.* at 20. "To determine the constitutionality of a seizure 'we must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Id.* at 8. This case should remain focused on the reasonableness of the Officers' conduct, not whether there was a felony committed sometime in the past or whether some unknown speculative hypothetical bystanders would be threatened in the future.

"'An expert's opinions that are without factual basis and are based on speculation or conjecture'" are inappropriate. *California ex rel. Brown v. Safeway, Inc.*, 615 F.3d 1171, 1181 (9th Cir. 2010), *on reh'g en banc sub nom. California ex rel. Harris v. Safeway, Inc.*, F.3d 118 (9th Cir. 2011) (quoting *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). "Rule 702 requires that expert testimony relate to scientific, technical, or other specialized knowledge, which does not include unsupported speculation and subjective beliefs." *Guidroz-Brault v. Missouri P.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001). Defendants' fleeing felon testimony is not based on identifiable facts in evidence, but on a string of speculations—what could possibly happen in the future, not what was happening that Officers needed to immediately confront. "When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993).

Defendants' theory is inconsistent with Ninth Circuit and Supreme Court authority and cannot be permitted at trial. The fact that a suspect has a deadly weapon does not render the use of deadly force reasonable. *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Glenn v. Washington County*, 673 F.3d 864, 872-73 (9th Cir. 2011); *see also Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997) ("Law enforcement officials may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because they are armed."); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 323, 325 (9th Cir. 1991) (holding that deadly force was unreasonable where the decedent possessed a gun but was not pointing it at the officers and was not facing the officers when they shot him).

The crux of Defendants' speculative opinion is as follows: a man running away from the police with a gun in hand *could possibly* turn and face the officer and fire the weapon at the officer or *could possibly* take a hostage or harm some *unknown* person in the undetermined future. Thus, the officer may lawfully *eliminate the speculative possibility* of the unknown subjective threat before it occurs by shooting the subject in the back. Therefore, under Defendants' dangerous theory – every time the police encounter a person with a gun, just because the person *could choose* to do something unknown with the gun, the officer can use deadly force potentially killing the person even if the person makes no movement that would indicate a willingness (apparent intent) to use the gun on any person. This is dangerous proposition that seriously threatens future violations of the Second and Fourth Amendments of the United States Constitution and leading to the unnecessary death or serious bodily injury to undeserving persons.

Admission of this evidence through Defendant Irick or his experts risks unfair prejudice, is irrelevant, impermissible character evidence, and results in unreliable expert opinion. See Fed. R. Evid. 401, 403, 404, 702. Thus, Defendants' testimony and opinions should be excluded as irrelevant, posing a substantial danger of unfair

-7-                    Case No. 5:25-cv-00331-KK-DTB
PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE
TO SHOOT A MAN MEREY FOR FLEEING

prejudice, confusing the issues, and misleading the jury, unreliable and unhelpful. Accordingly, Defendants' anticipated testimony should be excluded from trial.

## IV.    CONCLUSION

Defendants' stated opinions and testimony will not help the jury in resolving the issues, are not based on sufficient facts, nor are they the product of reliable principles and methods, risk unfair prejudice, and will mislead the jury because they contradict the law. Therefore, any argument or testimony that Plaintiff was a fleeing felon or otherwise stating that he was permissible to use deadly force while Plaintiff was fleeing with a gun, even prior to making any so-called furtive move, should be excluded from trial.

Respectfully submitted,

Dated: April 17, 2026,                    **LAW OFFICE OF DALE K. GALIPO**
                                          **GRECH, PACKER, & HANKS**

                                          By _____/s/_____ *Marcel F. Sincich*_____
                                              Dale K. Galipo
                                              Trenton C. Packer
                                              Marcel F. Sincich
                                              *Attorneys for Plaintiff*

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE
TO SHOOT A MAN MEREY FOR FLEEING

## CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Plaintiff certifies that this brief contains 2,535 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

Dated: April 17, 2026,       **LAW OFFICE OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By        */s/*       *Marcel F. Sincich*
       Dale K. Galipo
       Trenton C. Packer
       Marcel F. Sincich
       *Attorneys for Plaintiff*

# DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiff.  I make this declaration in support of Plaintiff's Motion *in Limine* to Exclude Testimony that it is Permissible to Shoot a Man Merely for Fleeing. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.      This motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on March 19, 2026, during which no resolution was reached. Present at the conference were Marcel F. Sincich for the Plaintiff, Andrea Kornblau for City Defendants, and Amie Bears and Mario Garcia for State Defendants. The conference took place remotely by video over Teams. It is Plaintiff's understanding that Defendants may present information or argument identified herein; Defendants do not agree to exclude the information identified; and Defendants will be opposing Plaintiff's motion.

3.      Attached hereto as "**Exhibit A**" is a true and correct copy of the relevant portions of the Defendant Sean Irick's July 22, 2025 Deposition Transcript.

4.      Attached hereto as "**Exhibit B**" is a true and correct copy of the relevant portions of the Defendant Patrick Sobaszek's July 23, 2025 Deposition Transcript.

5.      Attached hereto as "**Exhibit C**" is a true and correct copy of the relevant portions of the State Defendants' Expert Clarence Chapman's January 2, 2026, Deposition Transcript.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 17th day of April, 2026.

_____
Marcel F. Sincich

PLAINTIFFS' AMENDED MOTION *IN LIMINE* NO. 4 – TO EXCLUDE TESTIMONY THAT IT IS PERMISSIBLE TO SHOOT A MAN MEREY FOR FLEEING