# EXHIBIT C

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

--oOo--


GEORGE GONZALEZ,

     Plaintiff,

v.                  Case No.  5:25-cv-00331-KK-DTB

STATE OF CALIFORNIA; CITY OF
HEMET; PATRICK SOBASZEK;
ANDREW REYNOSO; SEAN IRICK;
and DOES 1-10, inclusive,

     Defendants.
_____/


STENOGRAPHIC REPORTER'S TRANSCRIPT OF

REMOTE DEPOSITION OF CLARENCE CHAPMAN

FRIDAY, JANUARY 2, 2026


Reported Stenographically by:

KIMBERLY D'URSO, CSR 11372, RPR

Job No.  22375

APPEARANCES (Remote)

FOR THE PLAINTIFFS:

       LAW OFFICES OF DALE K. GALIPO
       BY:  DALE K. GALIPO, ESQ.
          MARCEL SINCICH, ESQ.
       21800 Burbank Boulevard, Suite 310
       Woodland Hills, California 91367
       818.347.3333
       dalekgalipo@yahoo.com
       msincich@galipolaw.com


FOR THE DEFENDANTS CITY OF HEMET, PATRICK SOBASZEK, and
ANDREW REYNOSO:

       MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP
       BY:  ANDREA KORNBLAU, ESQ.
       801 S. Figueroa St, 15th Floor
       Los Angeles, California 90017
       213.624.6900
       andrea.kornblau@manningkass.com

FOR THE DEFENDANTS STATE OF CALIFORNIA,
ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY
PATROL, AND OFFICER SEAN IRICK:

       ATTORNEY GENERAL OF CALIFORNIA
       BY:  MARIO GARCIA, ESQ.
       Deputy Attorney General
          Cory Darnell
       State Bar No. 312120
       2550 Mariposa Mall, Room 5090
       Fresno, CA 93721-2271
       559.705.2312
       mario.garcia@doj.ca.gov

            --oOo--

Clarence Chapman

getting into discussions that I have no business being involved in.

But that person could be in another room --

BY MR. GALIPO:

Q.   Okay.

A.   Okay.  Yeah, I know.  I know.

Q.   Let's --

(Simultaneous speakers.)

A.   I don't want to get into this.

Q.   Okay.  I'm sorry.

A.   I am no competition for you -- with you, my friend.  We are -- we're -- we're into your world.  And I don't -- I don't -- I don't ascribe to the physics of your world.  I don't understand the law.

Q.   Okay.

A.   I was never trained that way.

Q.   And the reason I'm asking this -- and maybe I'm being presumptuous here -- is it one of your opinions that even if there was not an imminent threat of death or serious bodily injury to the officers, in this case, the officers could have still shot Mr. Gonzalez for running away, once they saw the gun in his hand?  That's what I'm trying to clarify.

And if that is your opinion, then I'm trying to find out the basis for that opinion.  And that's why I'm

Clarence Chapman

officers can use deadly force on a fleeing suspect if they have sufficient information that they can articulate that that person presents a future harm.

Q.    Okay.  So that's what I was getting at.

Is that one of your opinions in this case, that they could have shot Mr. Gonzalez for running away with a gun, even if he did not pose an imminent threat of death or serious bodily injury?  Is that one of your opinions or not?

A.    Yes, sir, on page 11 of 22, of my report, paragraph 13.

Q.    Okay.  So that is one of your opinions?

A.    Yes.  It's right here.

Q.    Okay.  Okay.

So that's why you said Penal Code 835(a), that lays out the law for the State of California; correct?

A.    It's California law, yes.

Q.    So what I was asking you, as a police practice expert who has formed this opinion, do you know what 835(a) says about the legal requirements to shoot a fleeing felon?

A.    I will defer to you; and whatever you say it says, I will agree with you.

Q.    Okay.  Well, first, I will tell you that it says:  "To apprehend a fleeing person for any felony

Clarence Chapman

that threatened or resulted in death or serious bodily injury" -- that's the first part.  There's more to it.

So I think we've already established this.  But Mr. Gonzalez was not fleeing from any felony that resulted in death or serious bodily injury to anyone.

Can we at least agree on that?

A.   At that point in time, based on 835 of the California Penal Code, correct, we can agree on that.

Q.   Okay.  And that's the first requirement.

Then, the second requirement under 835 is that the officer would have to reasonably believe that the person will cause death or serious bodily injury unless immediately apprehended.

A.   I agree with everything you just said.

Q.   Okay.  So you just told me that at the time the shots were fired, there was no one in the background or no one visible in the warehouse; correct?

MR. GARCIA:  Objection.  Misstates testimony.

MS. KORNBLAU:  Join.

THE WITNESS:  Well, at -- at -- at that point in time, the officers didn't seen anybody in their backdrop.  Correct.

BY MR. GALIPO:

Q.   So who exactly was Mr. Gonzalez going to cause death or serious bodily injury to at that point?

Clarence Chapman

Q.    You were asked several hypotheticals about 835(a), Penal Code Section 835(a), and whether Gonzalez was fleeing from a felony that resulted in death or great bodily injury.

Do you remember those hypothetical questions?

A.    Yes, I do.

Q.    What was the reason that officers discharged their weapons?  Was it because he was a fleeing felon or for some other reason?

MR. GALIPO:    I'm going to object as calling for speculation, and lacks foundation.

Are you talking about all the officers? Because you said "officers" plural in your question, and I thought you had just established that he was only giving opinions as to one officer.

MS. KORNBLAU:    You can answer, Mr. Chapman.

THE WITNESS:    The officers discharged their weapons based on the actions of Mr. Gonzalez towards them at the time.

BY MS. KORNBLAU:

Q.    And what were those actions, briefly?

A.    The officers were under threat of a gun attack that threatened their lives and safety.

Q.    And do officers consider the totality of the circumstances when using deadly force?

Clarence Chapman

STATE OF CALIFORNIA)
                   ) ss:
COUNTY OF BUTTE    )


         I, KIMBERLY E. D'URSO, do hereby certify:


         That the witness named in the foregoing deposition was present remotely and duly sworn to testify to the truth in the within-entitled action on the day and date and at the time and place therein specified;

         That the testimony of said witness was reported by me in shorthand and was thereafter transcribed through computer-aided transcription;

         That the foregoing constitutes a full, true and correct transcript of said deposition and of the proceedings which took place;

         Further, that if the foregoing pertains to the original transcript of a deposition in a federal case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

         That I am a certified stenographic reporter and a disinterested person to the said action;

         IN WITNESS WHEREOF, I have hereunder subscribed my hand this 10th day of January, 2026.

_____

KIMBERLY D'URSO, CSR NO. 11372, RPR


George Gonzalez v. State of California, et al.
Focus Litigation Solutions

Page: 78