ROB BONTA
Attorney General of California
JESSICA R. MAREK
Supervising Deputy Attorney General
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6294
  Fax:  (916) 731-2120
  E-mail:  Mario.Garcia@doj.ca.gov
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

*Exempt from Filing Fees per Gov. Code § 6103*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS STATE OF CALIFORNIA ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL AND SEAN IRICK'S OBJECTION TO PLAINTIFF GEORGE GONZALEZ'S PROPOSED JUDGMENT**<br><br>Courtroom:  3<br>Judge:  The Honorable Kenly Kiya Kato<br>Trial Date:  May 8, 2026<br>Action Filed: 12/24/2024 |

**TO THE COURT, PARTIES, AND ATTORNEYS OF RECORD:**

Defendants State of California acting by and through the California Highway Patrol and Sean Irick (collectively "Defendants") hereby submit their objection to Plaintiff George Gonzalez's (Plaintiff) proposed judgment on the following grounds:

1.    The Jury verdict did not apportion damages to each of the four causes of action.

1

2.      An equitable determination would be to divide Plaintiff's total award of into four equal parts, which would result in an award of $905,000.00 for each cause of action.

3.      The Court should reduce Plaintiff's awarded damages on the negligence claim by 45% given the jury's finding of his comparative negligence.

4.      The Court should offset Plaintiff's awarded damages with those of the settling Defendants.

## INTRODUCTION

Plaintiff sued the City of Hemet, Andrew Reynoso, Patrick Sobaszek for (1) Fourth Amendment – Excessive Force pursuant to 42 U.S.C. Section 1983; (2) Municipal Liability – Ratification pursuant to 42 U.S.C Section 1983; (3) Municipal Liability – Inadequate Training pursuant to 42 U.S.C. Section 1983; (4) Municipal Liability - Unconstitutional Custom, Practice, or Policy pursuant to 42 U.S.C. Section 1983 (5) Battery; (6) Negligence; and (7) Violation of California Civil Code Section 52.1 (Bane Act). Plaintiff sued CHP and Sean Irick for (1) Fourth Amendment – Excessive Force pursuant to 42 U.S.C. Section 1983, (5) Battery, (6) Negligence, and the (7) Violation of California Civil Code Section 52.1 (Bane Act). Thus, Plaintiff sued Defendants CHP and Sean Irick on one federal claim and three state claims. The jury trial commenced on May 8, 2026. The trial concluded on the afternoon of May 12, 2026. The jury deliberated and returned a verdict on May 14, 2026, in favor of Plaintiff for $3,620,000.00 allocated as follows: $750,000.00 in past pain and suffering and emotional distress, $2,750,000.00 in future pain and suffering and emotional distress, and $120,000.00 in future economic loss. Jury Verdict Form, ECF No. 152. The verdict forms were unclear as to the apportionment of damages to each cause of action. *Id.* The jury attributed 45% of comparative negligence to Plaintiff. *Id.* In his proposed judgment, Plaintiff seeks the entire $3,620,000.00 ignoring the jury's assigning of 45% comparative negligence to Plaintiff. Plaintiff's Proposed Judgment, ECF No. 157;

2

Jury Verdict Form, ECF No. 152.

### I. PLAINTIFF IS ONLY ENTITLED TO $905,000 PER CLAIM AGAINST DEFENDANTS.

The Court has discretion to allocate the damages award given that the joint verdict forms did not indicate how much damages should be allocated to each claim independently. According to Ninth Circuit, where the verdict does not differentiate between claims in awarding damages, the Court has discretion regarding how to allocate the damages awarded and the Court has a general obligation to uphold lawful jury awards wherever possible. *Paterson v. California Dept. of General Services*, No. 05-CV-00827-MCE-JFM, 2008 WL 4186037, *1 (E.D. 2008) citing to *Passantino v. Johnson & Johnson Consumer Prod., Inc.,* 212 F.3d 493, 509-510 (9th Cir.2000); *Pavon v. Swift Transp. Co.,* 192 F.3d 902, 910-911 (9th Cir.1999).

Here, the joint verdict forms were vague and did not specify how much damages would be apportioned for each claim against Defendants. Plaintiff alleged a total of four claims against Defendants - One federal claim and three state claims. As a starting point, the $3,620,000.00 award should be divided equally by four, yielding $905,000.00 per claim. Thus, Plaintiff should be entitled to $905,000.00 for each claim.

### II. THE COURT SHOULD APPLY PLAINTIFF'S 45% COMPARATIVE NEGLIGENCE TO THE $905,000.00 ALLOCATED TO THE NEGLIGENCE CLAIM.

Plaintiff's state claims against Defendants consist of Battery, Negligence, and the Bane Act pursuant California Civil Code Section 52.1."Under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), when a federal court exercises diversity or pendent jurisdiction over state law claims, 'the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.'" *Flores-Haro v. Slade*, No. 12-cv-

01616-MO, 2018 WL 4931991, *2 (Or. 2018) citing to *Erie R. Co. v. Tomkins*, 304 U.S. 64. In other words, when it comes to damages, the laws of the State of California are applied.

### A. The Negligence Claim is Subject to Reduction Based on the Jury's Determination of Plaintiff's Comparative Fault.

California state law provides that a Negligence claim can be reduced when a jury finds comparative fault. "California has applied a system of comparative negligence 'under which liability for damage will be borne by those whose negligence caused it in direct proposition to their respective fault.'" *Weaver v. U.S. Dept. of Agriculture, Forest Service,* No. 10-cv-01523-AWI-BAM, 2013 WL 144974, *5 (E.D. 2013); citation omitted. Under comparative fault principles, a Plaintiff's negligence reduces the damages awarded in proportion to the amount of negligence attributable to the Plaintiff. *Id*. citing *Diaz v. Carcamo,* 51 Cal.4th 1148, 1156 (2011).

The jury returned a verdict deeming Plaintiff 45% comparatively negligent for his actions on the day of the incident. As such, Plaintiff's recovery of $905,000.00 for the negligence claim should be reduced by 45% yielding $497,750.00. Accordingly, Plaintiff should only recover $497,750.00 for the negligence cause of action instead of $905,000.00.

### III.    THE COURT SHOULD OFFSET PLAINTIFF'S DAMAGES AWARD WITH THOSE OF THE SETTLING DEFENDANTS.

The Court should offset Plaintiff's awarded damages with those recovered in mediation from the City of Hemet, Andrew Reynoso, and Patrick Sobaszek who settled prior to trial. California Code of Civil Procedure section 877 allows a nonsettling tortfeasor to set off the amount of a jointly liable tortfeasor's settlement against damages awarded at trial. Cal. Code Civ. Proc. § 877; *Rashidi v. Moser* (2014) 60 Cal.4th 718, 722. Courts must allow juries to "apportion liability to a

nonparty" including "defendants who settled before trial and nonjoined alleged tortfeasors" *K.J.P. v. County of San Diego*, 621 F.Supp.3d 1097, 1133 (S.D. 2022). In *K.J.P.,* Plaintiff called 911 on himself seeking help after experiencing a mental health crisis. *Id.* at 1110. Officers reported to the home. *Id*. Plaintiff was tased multiple times, punched, handcuffed, put into maximum restraints, was strapped to a gurney, and had prolonged pressure applied to his head and torso. *Id*. While in the ambulance, Plaintiff suffered cardiac arrest and died. *Id*. The Court ruled that under California law, the Court was required to ask the jury to apportion fault to nonparties because the fault of nonparties is relevant for comparative fault damages considerations. *Id*. at 1133.The Court cited to *Romine v. Johnson Controls, Inc.*, 224 Cal. App. 4th 990, 1011 quoting that "[I]t is error for a trial court not to allow the jury to assess the comparative fault of defendants who settled before trial." *Id*. As a result, it was proper for the jury to apportion a percentage of fault to the officers and as such apportionment may still be relevant for reducing any damages award. *Id*.

Given that Sergeant Andrew Reynoso, Detective Patrick Sobaszek, and Officer Sean Irick discharged their weapons at Plaintiff which caused Plaintiff injuries and Officer Reynoso and Detective Sobaszek settled prior to trial, the Court should offset Plaintiff's jury award against Defendants with those obtained from the City of Hemet, Sergeant Reynoso, and Detective Sobaszek through settlement.

## CONCLUSION

Based on the foregoing reasons, this Court should deny Plaintiff's proposed judgment where Plaintiff seeks damages against Defendants in the amount of $3,620,000.00 and instead should only be allowed to recover a sum of $3,212,750.00. This court should also offset the $3,212,750.00 with the funds obtained by Plaintiff from the settlement with the City of Hemet and its officers.

Dated:  June 11, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
JESSICA R. MAREK
Supervising Deputy Attorney General

*/s/ Mario E. Garcia*
MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for State of California acting by and through the California Highway Patrol and Sean Irick, certifies that this brief contains 1130 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order.

Dated:  June 11, 2026                                Respectfully submitted,

ROB BONTA
Attorney General of California


/s/ Mario E. Garcia
MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

# CERTIFICATE OF SERVICE

Case Name: **Gonzalez v. State of California, et al.**          No.     **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>June 11, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS STATE OF CALIFORNIA ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL AND SEAN IRICK'S OBJECTION TO PLAINTIFF GEORGE GONZALEZ'S PROPOSED JUDGMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 11, 2026</u>, at Los Angeles, California.

| Lenee Pandino | *Lenee Pandino* |
|:---:|:---:|
| Declarant | Signature |

SD2025300206
68511615.docx