ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
State Bar No. 242372
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone:  (916) 210-7663
 Fax:  (916) 322-8288
 E-mail:  Amie.Bears@doj.ca.gov
*Attorneys for Defendant California Highway Patrol
and Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | 5:25-cv-00331-KK-DTB |
| Plaintiff, | **DEFENDANT'S MOTION FOR A NEW TRIAL** |
| **v.** | **Fed. R. Civ. P. 59** |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | Judge:       The Honorable Kenly Kiya Kato<br>Trial Date:   May 8, 2026<br>Action Filed: 12/24/2024 |
| Defendants. | |

**THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on  August 27, 2026 in courtroom 4 of the

above entitled Court. Defendants, State of California by and through the California

Highway Patrol and Officer Sean Irick (Defendants), move for a new trial pursuant

to Federal Rule of Civil Procedure Rule 59 on the grounds that the Court

improperly allowed the testimony of Plaintiff's expert Scott Holdaway which

substantially prejudiced Defendant

/ / /

1

## MEET AND CONFER CERTIFICATION

I participated in a meet and confer call on July 6, 2026 where Plaintiff's motion for attorney's fees and Defendants' post trial motions were discussed. On July 9, 2026, in addition, Defendants' counsel sent an e-mail stating the grounds for this motion to continue the July 6, 2026, discussions. Shortly after sending the e-mail, Defendants' counsel called Plaintiff's counsel to conduct a meet and confer telephone conference call but Defendants' counsel was unable to speak with Plaintiff's counsel so Defendants' counsel left a voicemail. (Declaration of Amie Bears.)

Dated:  July 14, 2026                                        Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant State of California acting by and through the California Highway Patrol and Sean Irick*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants California Highway Patrol and Sean Irick move for a new trial pursuant to Federal Rules of Civil Procedure 59 on the grounds that the Court improperly allowed the testimony of Plaintiff's expert Scott Holdaway which substantially prejudiced Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out of a non-fatal shooting following a vehicle and foot pursuit that took place over the course of one hour. Plaintiff was initially contacted on a felony warrant by three members of the Riverside County Regional Gang Task Force Region 3 (GTF3 that included California Highway Patrol (CHP) Officer Sean Irick, Hemet Police Department (HPD) Detective Patrick Sobaszek,

2

and HPD Sergeant Andrew Reynoso as the result of a violation of retraining order. The initial contact was made while Plaintiff was standing outside of a vehicle at the residence of individual for whom the restraining order was issued. The three officers gave commands to take Plaintiff into custody, but he refused to comply and instead entered his vehicle where he placed a sunscreen in the window and continued to move within the vehicle. Plaintiff threw items from the vehicle and made verbal statements to officers that they would have to kill him. Despite numerous efforts to get Plaintiff to comply with commands, Plaintiff decided to drive away at a high rate of speed, at which time a pursuit ensued. Speeds reached more than 100 mph. The vehicle pursuit ended when Plaintiff's vehicle became disabled and stuck on train tracks. Rather than surrendering, Plaintiff exited the vehicle through the driver's door and fled on foot, ignoring officer commands to stop.

A foot pursuit then ensued, continuing into an industrial complex in the 500 block of B Street where Gonzalez presented a handgun in his right hand while continuing to flee. In response to his actions, all three officers engaged Gonzalez and discharged their firearms. Gonzalez was struck several times prior to dropping his firearm and falling to the ground. Only the Hemet Officers were wearing body worn cameras.

The jury trial commenced on May 8, 2026.  Prior to trial, Plaintiff reached a settlement with the City of Hemet and the Hemet Officers. Trial proceeded against Officer Irick only. The trial concluded on the afternoon of May 12, 2026. The jury deliberated and returned a verdict on May 14, 2026, in favor of Plaintiff.

/ / /

/ / /

/ / /

3

# ARGUMENT

## A NEW TRIAL IS WARRANTED BECAUSE THE COURT ERRONEOUSLY ALLOWED PLAINTIFFS EXPERT SCOTT HOLDAWAY TO TESTIFY REGARDING THE SEQUENCE AND SOURCE OF THE GUNSHOTS

### I.   LEGAL STANDARD

A new trial is warranted when an erroneous evidentiary ruling substantially prejudiced a party. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995). The Court improperly allowed the testimony of Scott Holdaway, a video editor, to offer his opinions as to which officer shot their firearms and when.

Federal Rules of Evidence 702 authorizes a witness qualified as an expert by "knowledge, skill, experience, training, or education" to testify, so long as the testimony will "assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 702 imposes an obligation on a trial judge "to ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). This basic gatekeeping obligation applies to all expert testimony. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999). In all cases where expert testimony is offered, the trial judge must find that the testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." See Fed. R. Evid. 702, Adv. Comm. Notes (2000).

A court should exclude expert testimony when the witness is not qualified to provide an opinion regarding the subject at issue. *Graff v. Baja Marine Corp.,* 310 Fed. Appx. 298 (11th Cir. 2009) (unpublished) (trial court had discretion to exclude expert testimony on the basis that the expert was unqualified in the subject matter and because the opinion of the expert was unreliable); *Bogosian v. Mercedes-Benz of North America, Inc.,* 104 F.3d 472, 476-477 (1st Cir. 1997) (trial court properly found that a proffered expert lacked the requisite education and training to provide an opinion related to the subject matter); *United States ex rel. Davis v. U.S.*

/ / /

4

*Training Center Inc.,* 498 Fed. Appx. 308, 320-321 (4th Cir. 2012) (unpublished decision) (it was within the trial court's discretion to exclude a portion of an expert's opinion after determining that it was outside of the area of expertise of the witness).

**II.    MR. HOLDAWAY WAS NOT QUALIFIED TO TESTIFY AS TO THE SEQUENCE AND SOURCE OF THE GUNSHOTS**

At trial the Court allowed Mr. Holdaway to offer his speculative interpretation of the actions of the defendant Officer Irick, via still frames of images of body cameras worn by two non-defendant officers. Mr. Holdaway's video manipulations were biased interpretations and speculation based on his observations of some (but not all) of the videos of the incident, the accompanying audio, and a series of reports. He was allowed to testify not just to the video images, but as to the sequence and the source of the gunshots fired.   Mr. Holdaway is not a ballistics expert: his education is a degree in Digital Media Arts. He has no law enforcement or ballistics experience, he is not a firearms instructor and has no certifications regarding firearms.  Mr. Holdaway did not even consult with a firearms expert to prepare his report.  His opinions lacked foundation and should have been excluded.

Mr. Holdaway admitted that he has no training or expertise in ballistics or weapons, yet he offered conclusions and opinions regarding when the shots were fired, by whom, and the position of Plaintiff's body with respect to the person who was shooting. This was improper and should have been excluded. Fed. R. Evid 602, 702. Mr. Holdaway was not only unqualified to render such opinions, and his representation of "scientific certainty" were misleading to the jury.

/ / /

/ / /

/ / /

5

### III. HOLDAWAY'S TESTIMONY MISLEAD THE JURY REGARDING WHAT OFFICER IRICK PERCEIVED

It is well settled that the jury may not "consider evidence of which the officers were unaware." *Glenn v. Washington Cnty.,* 673 F.3d 864, 873 n. 8 (9th Cir. 2011) (citing *Graham v. Connor,* 490 U.S. 386, 396 (1989)) Officer Irick testified that the body worn cameras from Detective Patrick Sobaszek, and Sergeant Andrew Reynoso were of a different perspective of Gonzalez than he had. Yet, Mr. Holdaway was permitted to give opinions regarding Plaintiff's position at the time Officer Irick fired his gun based on the perspective of these body worn cameras. This misled the jury into believing what they saw in the videos was what Officer Irick perceived.

Additionally, the Court refused to allow the two officers who were wearing the body worn cameras from testifying regarding what their perspective was to differentiate it from Officer Irick's. This decision by the trial court judge allowed Holdaway's opinions to go unchallenged, and left the jury with the misleading opinion that what was captured on the bodycam videos was what Irick actually perceived. This was clearly prejudicial and led to the jury incorrectly finding in favor of Plaintiff. Therefore, new trial should be granted.

/ / /

/ / /

/ / /

6

## CONCLUSION

A new trial is warranted because of the erroneous evidentiary ruling to allow the testimony of Mr. Holdaway regarding the sequence and source of the gunshots fired substantially prejudiced Officer Irick.

Dated:  July 14, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant State of California acting by and through the California Highway Patrol and Sean Irick*

SD2025300206
39963203

## DECLARATION OF AMIE BEARS

I, AMIE BEARS, declare as follows:

1.   I am licensed to practice law before the courts in the State of California, and I am a Deputy Attorney General with the State of California and I am one of the attorneys of record of Defendants State of California acting by and through the California Highway Patrol and Sean Irick (Defendants).

2.   I have personal knowledge of the matters set forth herein and if called upon as a witness could and would testify competently thereto.

3.   I participated in a meet and confer call with Plaintiff's counsel Marcel Sincich and Trenton Packer on July 6, 2026.  Plaintiff's motion for attorney's fees and Defendants' post trial motions were disued. I requested a follow-up email to request a second meeting because my co-counsel, Mario Garcia was unavailable. As a follow up, Mr. Garcia sent an e-mail to Plaintiff's counsel Marcel Sincich and Trenton Packer explaining the grounds for our Federal Rules of Civil Procedure Rule 59(e), on July 9, 2026.  Mr. Garcia and I called Plaintiff's

counsel Marcel Sincich shortly after the sending the e-mail. He did not answer so we left him a detailed voicemail. We will continue following up.

I declare under penalty of perjury under the laws of the State of California that the above information is true and correct to the best of my knowledge.

Executed on 14th day of July 2026, in Sacramento California.

*/s/ Amie Bears*

AMIE BEARS