**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIRNIA, by and through California Highway Patrol, and SEAN IRICK,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>[*Filed concurrently with supporting declarations and exhibits*]<br><br>Date: August 27, 2026<br>Time: 9:30 a.m. |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 27, 2026, at 9:30 a.m. or as soon thereafter as is practicable for this Honorable Court, Plaintiff will and hereby does move this Court for an Order awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. §1988, Federal Rule of Civil Procedure 54(d), California Civil Code §52 *et seq*. and Local Rule 54 in the enhanced lodestar amount of **$2,893,210**. This amount includes a 2.0 multiplier based on Plaintiff's success on his claim for violation of the Bane Act. In addition to requesting compensation for time spent in defending the criminal case, litigating the civil case and bringing it to trial, Plaintiff is also requesting compensation for his counsel's time necessarily spent in drafting this motion and the anticipated reply brief, as well as compensation for their time spent opposing \anticipated Defense post-trial motions and any appeal, and appearing at any related hearings if necessary. This Motion is based on grounds that the Plaintiff was the prevailing party at trial on his 42 U.S.C. §1983 claim and on his Bane Act claim and is entitled to statutory attorneys' fees as a matter of law.

**Statement of Meet and Confer Compliance**: This motion is made following a conference of counsel on July 7, 2026, wherein no resolution can be reached. Attorneys Marcel F. Sincich, Trenton C. Packer, and Amie Bears attended the conference of counsel.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently filed declarations, the attached exhibits, the pleadings on file herein, and such other oral and documentary evidence as may be presented at the time of the hearing.

/ / /

/ / /

Respectfully Submitted,
DATED:  July 14, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _____/s/_____Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff* George Gonzalez

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................1

I.   INTRODUCTION.................................................................................1

II.  PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES ................................1

    A.   Legislative History of 42 U.S.C. §1988 ...................................................1

    B.   The Supreme Court's Standard in *Hensley v. Eckerhart* ..................3

    C.   Plaintiff is the Prevailing Party ...............................................................3

III. PLAINTIFF'S "LODESTAR" IS APPROPRIATE AND REASONABLE 5

    A.   Plaintiff's Counsels' Hours are Reasonable ...........................................5

    B.   Litigating this Undesirable Case Required Great Skill.....................7

    C.   Plaintiff's Counsel's Hourly Rates are Reasonable..........................8

        1.   *Reasonable Rates are Determined by the Current Prevailing Market Rates in Los Angeles* .......................................................8

        2.   *Proper Comparator for Reasonable Rates Here are the Rates at Larger Los Angeles Firms* ...........................................................10

        3.   *Dale K. Galipo Hourly Rate* .......................................................12

        4.   *Marcel F. Sincich Hourly Rate*....................................................14

        5.   *Trent C. Packer Hourly Rate* .......................................................15

    D.   Plaintiff's Attorneys are Entitled to Fees for Litigating the Instant Motion .........................................................................................16

IV.  A LODESTAR ENHANCEMENT IS APPROPRIATE...............................16

V.   CONCLUSION.....................................................................................19

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE ................................................21

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

# TABLE OF AUTHORITIES

Cases

*Arizona v. ASARCO LLC*
    773 F.3d 1050 (9th Cir. 2014)........................................................................2

*Ballen v. City of Redmond*
    466 F.3d 736 (9th Cir. 2006)........................................................................8

*Beaty v. BET Holdings, Inc.*
    222 F.3d 607 (9th Cir. 2000)........................................................................9

*Blum v. Stenson*,
    465 U.S. 886 (1984) ....................................................................................6

*Bouman v. Block*
    940 F.2d 1211 (9th Cir. 1991)......................................................................4

*Brewster v. Dukakis*
    786 F.2d 16 (1st Cir. 1986) ..........................................................................4

*Camacho v. Bridgeport Financial, Inc.*
    523 F.3d 973 (9th Cir. 2008)......................................................................15

*Chavez v. City of Los Angeles*
    47 Cal. 4th 970 (2010)..................................................................................6

*City of Riverside v. Rivera*
    477 U.S. 561 (1986) ..............................................................................4, 14

*Clark v. City of Los Angeles*
    803 F.2d 987 (9th Cir. 1986)......................................................................19

*Collins v. Chandler Unified Sch. Dist.*
    644 F.2d 759 (9th Cir. 1981)........................................................................3

*Compare Burlington v. Dague*
    505 U.S. 557 (1992) ....................................................................................7

*Dang v. Cross*
    422 F.3d 800 (9th Cir. 2005)......................................................................13

*Davis v. City & County of San Francisco*
    976 F.2d 1536 (9th Cir. 1992),....................................................................5

*Dennis v. Chang*
    611 F.2d 1302 (9th Cir. 1980)......................................................................3

*Donastorg v. City of Ontario*
    2021 WL 6103545 (C.D. Cal. Sept. 23, 2021)......................................17, 19

*Estate of Diaz v. City of Anaheim*
    840 F.3d 592 (9th Cir. 2016)......................................................................11

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*Fair Housing of Marin v. Combs*
        285 F.3d 899 (9th Cir. 2002)................................................................5

*Farrar v. Hobby*
        506 U.S. 103 (1992) .........................................................................7

*Fish v. St. Cloud State Univ.*
        295 F.3d 849 (8th Cir. 2002)............................................................14

*French v. City of Los Angeles*
        2022 WL 2189649, (C.D. Cal. May 10, 2022) ................................17

*Garcia v. Los Angeles Cnty. Sheriff's Dep't*
        2015 WL 13646906 (C.D. Cal. Sept. 14, 2015)...............................14

*Gates v. Deukmjian*
        987 F.2d 1392 (9th Cir. 1992);...............................................5, 14, 17

*Glass v. Pfeffer*
        849 F.2d 1261 (10th Cir. 1988)........................................................20

*Gregory v. Oliver*
        2003 WL 1860270 (N.D. Ill. Apr. 9, 2003) ....................................11

*Guam Society of Obstetricians & Gynecologists v. Ada*
        100 F.3d 691 (9th Cir. 1996)..............................................................4

*Hall v. Cole*
        412 U.S. 1 (1973) ..............................................................................3

*Hensley v. Eckerhart*
        461 U.S. 424 (1983) ..................................................................passim

*Hernandez v. George*
        793 F.2d 264 (10th Cir. 1986)..........................................................20

*Hernandez v. Kalinowski*
        146 F.3d 196 (3rd Cir. 1998)............................................................19

*Hiken v. Dep't of Def.*
        836 F.3d 1037(9th Cir. 2016)...........................................................16

*Horsford v. Bd. Of Trustees of Cal. State Univ.*
        132 Cal. App. 4th 359 (2005)...........................................................10

*Jordan v. Multnomah Cnty.*
        815 F.2d 1258 (9th Cir. 1987)............................................................8

*Kerr v. Screen Extras Guild, Inc.*
        526 F.2d 67 (9th Cir. 1975)................................................................8

*Ketchum v. Moses*
        24 Cal.4th 1122 (2001)....................................................................7, 9

*Lund v. Affleck*
        587 F.2d 75 (1st Cir.1978) ...............................................................20

vi                Case No. 5:25-cv-00331-KK-DTB

*McGrath v. County of Nevada*
    67 F.3d 248 (9th Cir. 1995)....................................................................................8

*McKibben v. McMahon*
    2019 WL 1109683 (C.D. Cal. Feb. 28, 2019)........................................................14

*Mendez v. County of San Bernardino*
    540 F.3d 1109 (9th Cir. 2009).................................................................................2

*Missouri v. Jenkins by Agyei*
    491 U.S. 274 (1989) ..............................................................................................16

*Moore v. James H. Matthews & Co.*
    682 F.2d 830 (9th Cir. 1982)..................................................................................9

*Moreno v. City of Sacramento*
    534 F.3d 1106 (9th Cir. 2008)..........................................................................10, 16

*National Ass'n of Corder v. Gates*
    688 F. Supp. 1418 (C.D. Cal. 1988).......................................................................5

*Odima v. Westin Tucson Hotel*
    53 F.3d 1484 (9th Cir. 1995)..................................................................................4

*Parker v. Vulcan Materials Co. Long Term Disability Plan*
    2012 WL 843623 (C.D. Cal. Feb. 16, 2012).........................................................16

*Peak-Las Positas Partners v. Bollag*
    171 Cal. App. 4th 101 (2009)..................................................................................9

*Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*
    483 U.S. 711(1987) ...............................................................................................17

*Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*
    163 Cal. App. 4th 550 (Cal. Ct. App. 2008) .........................................................10

*Prison Legal News v. Schwarzenegger*
    608 F.3d 446 (9th Cir. 2010)................................................................................13

*Ramon v. County of Santa Clara*
    173 Cal. App. 4th 915 (Cal. Ct. App. 2009) ..........................................................9

*Roberts v. City of Honolulu*
    938 F.3d 1020 (2019) ............................................................................................16

*Schwarz v. Secretary of Health & Human Servs.*
    73 F.3d 895 (9th Cir. 1995)....................................................................................5

*Serrano v. Unruh*
    32 Cal. 3d 621 (1982).......................................................................................4, 13

*Sethy v. Alameda County Water Dist.*
    602 F.2d 894 (9th Cir. 1979)..................................................................................2

*Texas Teachers v. Garland School Dist.*
    489 U.S. 782 (1989) ...............................................................................................6

*Trevino v. Gates*
    99 F.3d 911 (9th Cir. 1996)................................................................................13

*United Steelworkers of Am. v. Phelps Dodge Corp.*
    896 F.2d 403 (9th Cir. 1990)..................................................................8, 14, 15

*Ustrak v. Fairman*
    851 F.2d 983 (7th Cir. 1988).............................................................................5

*Valenzuela v. City of Anaheim*
    No. SACV1700278CJCDFMX, 2023 WL 2249178 (C.D. Cal. Feb. 23, 2023)
    ...............................................................................................................18

*Vo v. Las Virgenes Municipal Utility Dist.*
    79 Cal. App. 4th 440 (2000)..............................................................................9

*Welch v. Metro. Life Ins. Co.*
    480 F.3d 942 (9th Cir. 2007).............................................................................14

*Wiersta v. Heffernan*
    789 F.2d 968 (1st Cir. 1986) ............................................................................11

*Wilson v. Union Pacific R. Co.*
    56 F.3d 1226 (10th Cir. 1995)..........................................................................11

*Zeigler v. Cnty. of San Luis Obispo*
    2023 WL 3432238 (C.D. Cal. Mar. 1, 2023) ....................................................17

Statutes

42 U.S.C. § 1988.................................................................................................3, 6, 8

42 U.S.C. 1983......................................................................................................6

Other Authorities

1976 U.S. Code Cong. & Ad. News
    5908.  Section 1988 ..........................................................................................2

1976 U.S.C.C.A.N. 5908 ......................................................................................15

Legislative History of Section 1988
    S. Rep. No. 94-1011, 94th Cong. 2d Session..............................................2, 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On May 13, 2026, this jury reached a unanimous verdict against Defendants State of California, by and through California Highway Patrol, and Sean Irick, on Plaintiff's claim for excessive force under 42 U.S.C. §1983, and state law claims for negligence, battery and violation of the Bane Act. The jury awarded Plaintiff damages totaling $3,620,000. As the prevailing party, Plaintiff now requests attorneys' fees pursuant to 42 U.S.C. §1988 and California Civil Code §§52 and 52.1, in the amount of $1,446,605 and believe a multiplier of 2.0 is justified totaling $2,893,210, however, believe that at least a multiplier of 1.5 should be ordered. After Defendants made no offer to settle, and declined the Court's invitation for a pretrial settlement conference with a magistrate judge, essentially forcing the case to trial. The attorney fee award is justified by the verdict in Plaintiff's favor, Plaintiff's counsels' skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiff's counsel. Plaintiff's counsel litigated this case for approximately two years, with diligence and dedication to vindicating Plaintiff's constitutional rights, ultimately culminating in a favorable result for Plaintiff. Police misconduct lawsuits such as the instant matter advance the significant public benefit of deterring abuse by law enforcement officers who would otherwise operate free of any meaningful restraints. The instant case exemplifies that, but for competent willing counsel, police misconduct would have gone without consequences. For these reasons and those set forth herein and in the accompanying declarations, Plaintiff's counsels are deserving of the full amount of the attorneys' fees requested.

### II. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES

#### A. Legislative History of 42 U.S.C. §1988

The Civil Rights Attorney's Fees Awards Act of 1976, codified as 42 U.S.C. §1988, was enacted to encourage competent counsel to undertake and enforce civil

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

rights cases by assuring them that if they were successful in vindicating federally protected rights, they would be paid in the same manner as "is traditional with attorneys compensated by feepaying clients," even when the results obtained are entirely non-pecuniary or solely of nominal pecuniary value. *See* Legislative History of Section 1988, S. Rep. No. 94-1011, 94th Cong. 2d Session, reprinted in 1976 U.S. Code Cong. & Ad. News 5908. Section 1988 clearly provides that "[i]n any action or proceeding to enforce a provision of section[]…1983…the court, in its discretion, may allow the prevailing party…a reasonable attorney's fee."

Congress has recognized that "civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." *Id.* at 5910. "[T]he citizen who must sue to enforce the law has little or no money with which to hire a lawyer," thus, "citizens must have the opportunity to recover what it costs them to vindicate these rights in court." *Id.* Given this purpose, courts have long established that a court's discretion to deny attorney's fees to a successful civil rights litigant "is very narrow and…fee awards should be the rule rather than the exception." *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2009), *overruled on other grounds by Arizona v. ASARCO LLC*, 773 F.3d 1050 (9th Cir. 2014); *see also Sethy v. Alameda County Water Dist.*, 602 F.2d 894, 897 (9th Cir. 1979) ("Congress plainly intended that successful plaintiffs should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.").

The application for attorneys' fees "must be liberally construed to achieve Congress' purpose to encourage compliance with and enforcement of the civil rights laws." *Collins v. Chandler Unified Sch. Dist.*, 644 F.2d 759, 764 (9th Cir. 1981) (citation omitted). Justice Brennan opined that "[n]ot to award counsel fees in cases such as this would be tantamount to repealing the Act itself by frustrating its basic purpose." *Hall v. Cole*, 412 U.S. 1, 13 (1973). The difficulty for citizens to stand up

to the police is great, especially considering the disparity in funding. *See id.* "An award in these circumstances serves the purposes of the Act for two reasons: (1) the award encourages the legal services organization to expend its limited resources in litigation aimed at enforcing the civil rights statutes; and (2) the award encourages potential defendants to comply with civil rights statutes." *Dennis v. Chang*, 611 F.2d 1302, 1306 (9th Cir. 1980).

**B.     The Supreme Court's Standard in *Hensley v. Eckerhart***

In *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), the Supreme Court held that the purpose of 42 U.S.C. §1988 is to ensure effective access to the judicial process for persons with civil rights grievances. Courts have repeatedly held that attorneys in civil rights suits are entitled to recover their full fees and costs if they achieve meaningful and substantial relief. *Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir. 1991). A full fee is one that encourages the vindication of constitutional and statutory rights through recovery of all time spent on the case, calculated at private market rates. It must ensure that attorneys are paid for all the time they devote to the litigation. Once a plaintiff has been determined to be the prevailing party, he is entitled to all reasonable time spent litigating the case. *See Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) (quoting *Hensley*, 461 U.S. at 435 (1983)). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *See Gates v. Deukmjian*, 987 F.2d 1392, 1405 (9th Cir. 1992); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002); *Schwarz v. Secretary of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

**C.     Plaintiff is the Prevailing Party**

Plaintiff is the prevailing party in this litigation and judgment was entered in accordance with the unanimous jury verdict, in favor of Plaintiff on all claims, awarding Plaintiff a total of $3,620,000 in damages. (Doc. 165.) Under 42 U.S.C. §1988 and California Civil Code §52.1(i), civil rights plaintiffs who have prevailed

on some significant issue in their litigation are entitled to an award of fees. *See Hensley*, 461 U.S. at 433; *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 989 (2010) (citing *Hensley* and indicating that California law was "consistent" with it). Once the fee entitlement threshold has been crossed, the prevailing plaintiff's fee award is based upon the lodestar method. "[T]he number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435. "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified." *Hensley*, 461 U.S. at 435.

The appropriate rate is the "market rate," which is demonstrated by the moving party submitting "satisfactory evidence in addition to the attorney's own affidavit that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Such a rate "is normally deemed to be reasonable, and is referred for convenience as the prevailing market rate." *Id*. The Supreme Court in *Texas Teachers v. Garland School Dist.*, 489 U.S. 782, 792 (1989) expressly held that *Hensley* sets forth the appropriate test for determining a plaintiff's prevailing party status. In determining whether a plaintiff has succeeded on any significant issue in litigation, the *Garland* Court looked at whether the relief on the merits of plaintiff's claim changes the legal relationship between plaintiff and defendant. Applying this test, the Court in *Farrar v. Hobby,* 506 U.S. 103, 114 (1992), held that a money judgment in favor of the plaintiff for any amount modified the defendant's behavior in a way that benefits the plaintiff by

forcing the defendant to pay an amount that would otherwise not be paid.

## III.   PLAINTIFF'S "LODESTAR" IS APPROPRIATE AND REASONABLE

"In the Ninth Circuit, the method of determining the permissible amount of attorneys' fees under §1988 is the 'lodestar' method." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). The lodestar method multiples the number of hours the prevailing party reasonably expended on litigation by a reasonable hourly rate. *Id.* (quoting *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)) (quotations omitted). After computation, courts then assess whether it is necessary to adjust the lodestar figure on the basis of the twelve *Kerr* factors. *Id.* (citations omitted).  These twelve factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). "[T]here is a strong presumption" that the lodestar calculation "is a reasonable fee." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 405 (9th Cir. 1990) (citing *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987)).

### A.   Plaintiff's Counsels' Hours are Reasonable

The total number of hours for which Plaintiff's counsel request compensation, is reasonable. "Absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001) (emphasis in original); *see also Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000) (Attorneys who take FEHA cases "ordinarily…can anticipate

receiving full compensation for every hour spent litigating a claim." (internal quotations omitted)). Hours are reasonable if "at the time rendered, [they] would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery…." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (internal quotations omitted); *see also Ramon v. County of Santa Clara*, 173 Cal. App. 4th 915, 925 (Cal. Ct. App. 2009).

In making that determination, courts must look at "the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself…." *Vo v. Las Virgenes Municipal Utility Dist.*, 79 Cal. App. 4th 440, 447 (2000); *Peak-Las Positas Partners v. Bollag*, 171 Cal. App. 4th 101, 114 (2009) (fees reasonable because of complexity of issues, results obtained, and defendants' aggressive litigation). As the courts have recognized, civil rights lawyers working without payment from their clients have little to gain from "inflating their fees," as the payoff is too uncertain. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Accordingly, they should be fully compensated for taking the steps that they reasonably believe are necessary to *win* the case: "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id.*

Counsels' sworn declarations and attached time records filed concurrently herewith document the attorney and legal assistant hours reasonably spent in the successful prosecution of this action. *See* Galipo Decl. Exh. 1; Sincich Decl. Exh. 1; De Leon Decl. Exh. 1; Monguia Decl. Exh.; Packer Decl. Exh. 1; and Peña-Pham Decl. Exh. 1. These time records are *prima facie* evidence that counsels' hours were reasonable. *See Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("[T]he verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous."). Plaintiff's attorneys also have exercised billing judgment in several

ways. Attorney hours that were duplicative, unnecessary, or purely administrative in nature were either not entered or were reduced during the review of the billing records done for this Motion.

The burden shifts to Defendants to prove that any specific time is unreasonable and "to point to the specific items challenged, with a sufficient argument and citations to the evidence." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*, 163 Cal. App. 4th 550, 564 (Cal. Ct. App. 2008). The hours for which Plaintiff's counsel request compensation were reasonably necessary for the prosecution of Plaintiff's claims. Plaintiff's counsel had an obligation to be diligent and thorough. Excessive force cases are extremely difficult given the inherent bias in favor of the police, especially in a case such as this where there is negative evidence, such as the presence of a firearm. *Gregory v. Oliver*, 2003 WL 1860270, at *2 (N.D. Ill. Apr. 9, 2003); *Wiersta v. Heffernan*, 789 F.2d 968, 972 (1st Cir. 1986); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016).

### B.     Litigating this Undesirable Case Required Great Skill

In general, successfully litigating police misconduct cases requires extensive experience and skill and an understanding of issues that are unique to civil rights victims as compared to general civil practice. Even experienced civil rights attorneys have difficulty overcoming the built-in bias favoring the police. The complexity and undesirability of this matter separate it from others. The favorable trial result in this case on Plaintiff's claims was the product of a tremendous amount of hard work and skill on the part of Plaintiff's counsel in preparing and presenting this case at trial. This is especially true in light of the particularly difficult facts presented in this including 911 calls indicating that Mr. Gonzalez attempted to kidnap his girlfriend at gunpoint, being "strapped" with a felony warrant, and a restraining order, taking the officers on a reckless high-speed chase, just to flee from a disabled vehicle with a gun in waistband, through a factory, at night, with several

civilians around, and noncompliance to commands. All before Officer Irick testified that Mr. Gonzalez pointed a gun at him. Despite all of this, Plaintiff's counsel achieved a successful result. "[A party] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Serrano v. Unruh*, 32 Cal. 3d 621, 633 (1982).

### C.    Plaintiff's Counsel's Hourly Rates are Reasonable

#### 1.    *Reasonable Rates are Determined by the Current Prevailing Market Rates in Los Angeles*

Generally, the prevailing market rates in the relevant community in the forum where the district court sits govern the reasonable hourly rate for computing the lodestar amount. *See Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (quoting *Blum*, 465 U.S. at 895); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). Within the relevant community, the Court should take into account the "experience, skill and reputation of the [requesting] attorney." *Dang*, 422 F.3d at 813; *see Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996); *see also Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007). "Affidavits of the plaintiffs' attorney...and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am.*, 896 F.2d at 407. "[C]ourts can also use survey data to evaluate the reasonableness of attorneys' rates." *Garcia v. Los Angeles Cnty. Sheriff's Dep't*, No. CV 09-8943-MMM-SHx, 2015 WL 13646906, at *16 (C.D. Cal. Sept. 14, 2015) (citing *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002)); *McKibben v. McMahon*, 2019 WL 1109683, at *14 (C.D. Cal. Feb. 28, 2019)). Once the party claiming fees presents evidence supporting the claimed rate, the burden shifts to the party opposing fees to present equally specific countervailing evidence. *Gates*, 987 F.2d at 1405 (9th Cir. 1992).

"[F]ee awards must be based on current rather than merely historical market conditions, and the adjudicator should rely on the most current information

8    Case No. 5:25-cv-00331-KK-DTB

available." *LA Int'l Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624 (9th Cir. 2026) (cleaned up) (citing *Seachris v. Brady-Hamilton Stevedore Co.*, 994 F.3d 1066, 1077-78 (9th Cir. 2021)). The Ninth Circuit has repeatedly held that "in determining the prevailing market rate a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 981 (9th Cir. 2018); *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1045 (9th Cir. 2016) (reversing because "the court simply re-invoked the 2015 rates and added a $30 enhancement, without discussion of why the 2015 rates are an appropriate anchor or why an increase in $30 is reasonable"); *Moreno*, 534 F.3d at 1115 ("If the lodestar leads to an hourly rate that is higher than past practice, the court must award that rate...."); *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (2019) ("Examining prior fee awards to Holcomb and Beck in the district was not an acceptable substitute for considering the declarations submitted by Holcomb, and explaining why those declarations did or did not establish the prevailing hourly rate in the district."). Courts also appropriately recognize that rates, and inflation, increase over time. *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512-ABC-OPx, 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) (approving as reasonable an approximate 10 percent increase between 2011 rates and 2012 rates and because "[i]t is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time, or to keep up with the increasing cost of maintaining a practice").

Additionally, the Supreme Court in *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989) recognized that compensation received several years after an attorney renders his or her services "is not equivalent to the same dollar amount received promptly as the legal services are performed, as would normally be the case with private billings." *Id.* at 283. Accordingly, "an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or

otherwise—is within the contemplation of [§1988]." *Id.* at 284; *see also Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air*, 483 U.S. 711, 716 (1987) ("In seeing fees for prevailing counsel, the courts have regularly recognized delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.").

Thus, the Ninth Circuit "recognize[s] that district courts have discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use of funds." *Gates*, 987 F.2d at 1406. The prevailing practice is to award the current requested rate for all work performed. *See, e.g., Zeigler v. Cnty. of San Luis Obispo*, No. CV-179295-MWF-AFMx, 2023 WL 3432238, at *5 (C.D. Cal. Mar. 1, 2023) (awarding requested rates commensurate with current practice experience for work that commenced years prior); *French v. City of Los Angeles*, No. ED-cv-2000416-JGB-SPx, 2022 WL 2189649, at *1, 17-19 (C.D. Cal. May 10, 2022) (same); *Donastorg v. City of Ontario*, No. ED-cv-18992-JGB-SPx, 2021 WL 6103545, at *1, 8-9 (C.D. Cal. Sept. 23, 2021) (same).

### 2. Proper Comparator for Reasonable Rates Here are the Rates at Larger Los Angeles Firms

Congress has expressly recognized that fees in federal civil rights cases should be comparable to those in complex federal civil litigation. *See City of Riverside v. Rivera*, 477 U.S. 561, 575-76 (1986) ("Congress made clear that it 'intended that the amount of fees awarded under [§1988] be governed by the same standards which prevail in other types of equally complex Federal litigation.'" (citing S. Rep. No. 94-1011, at 6 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5908, 5913)). Moreover, the Ninth Circuit has recently reiterated that "district courts may not reduce fee awards based on the size of counsel's firm. As we have held before, the district court is meant to compare *lawyers*, not *firms*." *LA Int'l Corp.*, 168 F.4th at 625 (emphasis in original). The Ninth Circuit explained, "A firm's small size

10

Case No. 5:25-cv-00331-KK-DTB

should not automatically result in its attorneys receiving a reduced hourly rate. A firm's size does not directly bear on the factors we must consider when awarding fees—the lawyers' skill, experience, and reputation. Indeed, some of the most skillful, experienced, and reputable attorneys strike out on their own or with several colleagues." *Id.* at 626 (citation omitted). In *LA International Corporation*, the Ninth Circuit held that the district court had abused its discretion when it declined to base its lodestar calculation on the rate in the Real Rate Report due to the small size of the law firm, despite the firm consisting of attorneys with experience "unrivaled by any firm in the country" in a specific area of law. 168 F.4th at 625, 626. "First rate attorneys who prevail in litigation are entitled to received fees commensurate with their skill, experience, and reputation…" *Id.* at 626.

"Courts in this district have referred to the Real Rate Report in assessing the reasonableness of hourly rates in the Central District of California." *Edwin Bazarganfard & Barak Golan v. Club 360*, LLC et al., No. 2:21-cv-02272-CBM-PLAx, 2026 WL 1625655, at *2 (C.D. Cal. May 15, 2026); *see Judy Griffin, et al. v. City of Los Angeles*, No. 2:24-cv-06312-RGK-MAR, 2026 WL 1747212, at *4-5 (C.D. Cal. June 11, 2026). For litigation partner hourly rates in Los Angeles, the 2025 Real Rate Report sets forth a range of hourly rates of $519 (first quartile) to $1,334 (third quartile) with a median of $875. Exh. 22 to Galipo Decl. at 21 of 256 (2025 Real Rate Report); *Judy Griffin*, 2026 WL 1747212, at *4-5. For associate hourly rates in Los Angeles, 2025 Real Rate Report sets forth a range of hourly rates of $461 (first quartile) to $1,041 (third quartile) with a median of $700. Exh. 22 to Galipo Decl. at 21 of 256 (2025 Real Rate Report). The range for associates in Los Angeles with seven or more years of experience was $425 (first quartile) to $1,065 (third quartile) with a median of $815. Exh. 22 to Galipo Decl. at 69 of 256 (2025 Real Rate Report).

The Real Rate Report also sets out a more detailed analysis of rates for Los Angeles by the size of the law firm. *See* Exh. 6 to Galipo Decl. Because Congress

has expressly recognized that fees in federal civil rights cases should be comparable to those in complex federal civil litigation and the Ninth Circuit has emphasized that district courts should compare lawyers rather than firms in assessing the prevailing market rates, Plaintiff contends that Plaintiff's attorneys' skills, experience, and reputations are comparable to those at large Los Angeles law firms. As further discussed below, Plaintiff's attorneys practice almost exclusively in civil rights police excessive force cases and have earned reputations for being at the top of their specialized field. Plaintiff contends the Court should use these figures as reference points in assessing the prevailing market rate for Plaintiff's attorneys, given their skills, experience, and reputations in this specialized field.

### 3. Dale K. Galipo Hourly Rate

With 37 years of experience, the majority of which was spent litigating civil rights cases, Mr. Galipo's requested hourly rate of **$1,500** is well-within the reasonable range of billing rates for civil rights attorneys in Los Angeles with comparable skill and experience. Mr. Galipo graduated with a B.B.A. from the University of Michigan in 1981. Galipo Decl. ¶3. He attended law school at UCLA from 1981-84. *Id.* Since 1991, he has managed his own law firm specializing in major personal injury and wrongful death cases and criminal defense. His practice grew to specialize in serious police excessive force resulting in serious injury and death. *Id.* ¶4.

In 2012, Mr. Galipo received the Defender of the Constitution Award from the Inland Empire Chamber of the Federal Bar Association. *Id.* ¶5. In the last nine years, Mr. Galipo prevailed in thirty-eight jury trials. *Id.* ¶19. Nearly all the jury trials were civil rights cases. *Id.* ¶19. Mr. Galipo has had over twenty published opinions in civil rights cases and has argued numerous appellate cases before the Ninth Circuit. *Id.* ¶17. In 2019, Mr. Galipo was elected to the American College of Trial Lawyers. *Id.* ¶9. He was also elected to the Inner Circle of Advocates, which is limited to one hundred members nationwide, representing some of the top plaintiff's

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

attorneys in the country. *Id.* ¶8. Further in 2019, Mr. Galipo was chosen by UCLA School of Law to give the Irving H. Green Memorial Lecture to students and faculty. *Id.* ¶10. Past attorneys who have been honored with this recognition include Johnnie Cochran, Jr. *Id.* Mr. Galipo has also been invited to speak to the law students at UC Irvine and UCLA on several occasions. *Id.* ¶15. In 2020, Mr. Galipo was recognized as both CAALA Trial Lawyer of the Year and CAOC Consumer Attorney of the Year. *Id.* ¶¶11, 12.

Courts within the Central District of California have consistently recognized Mr. Galipo as one of the top civil rights attorneys in the area of police misconduct in Los Angeles. *See*, *e.g.*, *Zelaya v. City of Los Angeles*, No. 2:20-cv-08382-ODW-MAAx, 2024 WL 3183882, at *3 (C.D. Cal. June 25, 2024) ("The Court agrees that Mr. Galipo is unquestionably at the top of his field and finds Mr. Galipo's requested rate [of $1,300] is appropriate given his 'experience, skill, and reputation.'"); *Valenzuela v. City of Anaheim*, No. SA-cv-1700278-CJC-DFMx, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023) ("The Court found that a $1,200 hourly rate, although high, was reasonable for Mr. Galipo's work over the past three years, pointing to Mr. Galipo's strong reputation with the legal community, his continued consistent record of success with over $85 million in recovery in civil rights cases since 2019, and multiple courts that awarded him $1,100 hourly rates as early as 2020."); *Craig v. Cnty. of Orange*, Case No. SA-cv-17-00491-CJC-KESx, Dkt. 280, at 5-6 (awarding Mr. Galipo an hourly rate of $1,200 because "[w]hen it comes to police excessive force cases, Mr. Galipo continues to be without question at the top of his field."); *Donastorg*, 2021 WL 6103545, at *8 ("The Court agrees with the courts that have recognized that, when it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field.") (cleaned up); *see also French v. City of Los Angeles*, No. ED-cv-20-0416-JGB-SPx, 2024 WL 5424392, at *3, 4 (C.D. Cal. Feb. 21, 2024) ("*French* 2024") (awarding Mr. Galipo an hourly rate of $1,400 in 2024). A California Eastern District Court judge also

recognized that in this "very specialized field" of civil rights excessive force cases, "Mr. Galipo is as good as it gets" and that there are not many lawyers who would be able to take up similar cases and do as good of a job. Ex. 5 to Galipo Decl. at 18-19. Accordingly, Mr. Galipo's requested hourly rate of **$1,500** is reasonable for an attorney with his experience, skill, expertise, and reputation. Galipo Decl. ¶38; Ex. 6 to Galipo Decl. at 14-15; *see C.B. v. Moreno Valley Unified Sch. Dist.*, No. ED-cv-21-0194-JGB-SPx, 2025 WL 3040876, at *7 (C.D. Cal. Oct. 3, 2025) (approving hourly rate of $1,550 for a founding partner in a single-plaintiff civil rights case).

### 4.    Marcel F. Sincich Hourly Rate

Mr. Sincich graduated from Pepperdine University School of Law in May 2017. Sincich Decl. ¶7. However, Mr. Sincich joined the Law Offices of Dale K. Galipo, first as a summer associate in 2016, then as an associate attorney in 2017, where he currently works as a senior associate attorney. *Id.* ¶8. Since joining Mr. Galipo's firm, he has worked almost exclusively on civil rights cases involving police excessive force. *Id*. ¶10. Mr. Sincich is the primary associate attorney at Mr. Galipo's office assigned to this case and was responsible for the case's day-to-day management. *Id*. ¶3. Over the past ten years litigating civil rights cases, Mr. Sincich has managed numerous civil rights cases that resulted in multi-million-dollar verdicts and settlements. *Id.* ¶21. Mr. Sincich was selected to the "Southern California Rising Stars" list in the field of civil rights from 2023-2026. *Id.* ¶13.

In 2020, Mr. Sincich was awarded an hourly rate of $400. (Sincich Decl., Exh. 2, "*L.D.* Order".) The 2025 Real Rate Report provides an hourly rate median of $815 for associates with 7 or more years of experience and a third quartile rate of $1,065. Accordingly, Mr. Sincich's requested hourly rate of **$850** is a reasonable rate for an attorney with his experience, skill, and expertise. *Id.* ¶¶5-22; *see* Galipo Decl. ¶31; *see* Sobel Decl ¶33; *Gadsden v. McGrath*, No. 20-cv-2258-WQH-DEB, 2026 WL 1786821, at *12, 14 (S.D. Cal. June 18, 2026) (awarding a 12-year attorney $850 per hour); *Richards v. Cnty. of San Bernardino*, No. 5:17-cv-00497-

14    Case No. 5:25-cv-00331-KK-DTB

HDV-SP, 2026 WL 1383447, at *3 (C.D. Cal. May 12, 2026) (awarding a 10-year associate $850 per hour); *C.B.*, 2025 WL 3040876, at *7 (awarding attorneys with similar experience in a single plaintiff civil rights case $800-850 per hour); *French 2024*, 2024 WL 5424392, at *3, 4 (awarding attorneys of comparable experience $800 per hour in 2024); *C.B. v. Moreno Valley Unified Sch. Dist.*, No. ED-cv-21-0194-JGB-SPx, 2025 WL 3040876, at *7 (C.D. Cal. Oct. 3, 2025) (approving hourly rate of $925 per hour for a non-principal partner barred in 2014 and $950 per hour for attorney barred in 2005).

### 5.     *Trent C. Packer Hourly Rate*

Mr. Packer received his B.A. in 2000 from the University of California, Mr. Packer received his B.A. in 2000 from the University of California, Berkeley and his J.D. in 2005 from the University of Virginia. Packer Decl. ¶7. Mr. Packer spent the first three years of his career at the major international law firm of Cooley Godward LLP before joining the nationally acclaimed Federal Defenders of San Diego, Inc. in 2008. Packer Decl. ¶7. After a brief time at the private firm Best Best & Krieger, since 2014 Mr. Packer has exclusively focused on Constitutional issues as a criminal defense and civil rights specialist. Packer Decl. ¶¶8-10. Mr. Packer has tried over 30 criminal cases to jury verdict and achieved split verdicts, mistrials, or acquittals in over half the cases. Packer Decl. ¶9. Mr. Packer has handled over 40 cases as co-counsel or lead trial counsel and achieved tens of millions of dollars in recoveries for his clients. Packer Decl. ¶¶13-14.

The 2025 Real Rate Report provides an hourly rate median of $815 for associates with 7 or more years of experience and a third quartile rate of $1,065. Mr. Packer's requested hourly rate of **$900** falls at the lower end of attorneys at private law firms with similar experience.  It is also consistent with several recent fee awards in Central and Southern District of California cases. *C.B. v. MVUSD et al.* No. 21-cv-0194-JB-SPx, 2025 WL 3040876, at *5 (awarding attorney barred in 2014 $925 per hour and attorney barred in 2005 $950 per hour); *Gadsden v.*

*McGrath*, No. 20-cv-2258-WQH-DEB, 2026 WL 1786821, at *12, 14 (S.D. Cal. June 18, 2026) (awarding a 23-year attorney with very similar experience as Mr. Packer's $1,000 per hour); *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-00406-AJB-DDL, 2025 WL 2301940, at *8 (S.D. Cal. Aug. 8, 2025) (awarding sole practitioner barred in 2006 $900 per hour in ADA settlement); *Richards v. Cnty. of San Bernardino*, No. 5:17-cv-00497-HDV-SP, 2026 WL 1383447, at *3 (C.D. Cal. May 12, 2026) (awarding a 10-year associate $850 per hour). Thus, **$900** per hour is a reasonable rate for an attorney with his experience, skill, and expertise. *See* Galipo Decl. ¶34.

        **D.**     **Plaintiff's Attorneys are Entitled to Fees for Litigating the Instant Motion**

In addition to the attorneys' fees derived from legal work performed in preparing and litigating a case, Plaintiff's attorneys are entitled to attorneys' fees for their time spent establishing their right to attorneys' fees in the amount requested. *See Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ("We, like every other court that has considered the question, have held that the time spent in establishing entitlement to an amount of fees awardable under section 1988 is compensable."). Plaintiff's attorneys will supplement their total hours to include any additional time associated with the instant motion, reply brief, and preparation for and appearance at any related hearings and in opposing any post-trial motions filed by Defendants.

**IV.**    **A LODESTAR ENHANCEMENT IS APPROPRIATE**

The application of a 2.0 lodestar enhancement is justified in this case by the great risk counsel took that after hundreds of hours and many thousands of dollars, they would end up with no compensation for their work. In this case, Plaintiff prevailed on his Bane Act claim, which supports the granting of a multiplier under state law. California Civil Code section 52(a) provides for damages <u>up to three times actual damages</u> on the violations of certain civil code sections. *See* Civ. Code

§52.1(b) (indicating that damages may be recovered under both subsections (a) and (b) of Section 52). "The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important ...[rights] into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis...[.]" *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 579 (2004). "[An enhancement] is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or the delay in payment of attorney fees." *Ketchum*, 24 Cal.4th at 1138.

Risk enhancements reflect the attorney's risk of receiving no payment at all. *See Graham*, 34 Cal. 4th at 583-84. That financial risk commands a premium in the legal marketplace for attorneys whose compensation is wholly dependent upon achieving success for their clients. *See Ketchum*, 24 Cal. 4th at 1132, 1138; *Horsford v. Bd. of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 394-95 (Cal. Ct. App. 2005). Indeed, the risk of litigating the case and receiving no compensation if the case is lost is often the most significant lodestar enhancement factor. *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1217 (Cal. Ct. App. 2008). Unless risk is compensated, the purpose of the statute will not be fulfilled. *Ketchum*, 24 Cal. 4th at 1132-33. Here, Plaintiff's requested multiplier is justified based on the great risk Plaintiff's counsel assumed in litigating this case on a contingency basis, the difficulty of the case, and based on counsels demonstrated skill.

In *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1026 (C.D. Cal. 2014), aff'd, 891 F.3d 776 (9th Cir. 2018), Judge Consuelo B. Marshall applied a 2.0 multiplier to the attorneys' fees, resulting in over $5 million in attorneys' fees payable to plaintiff's attorneys. The district court expressly noted that it had

considered the burden to California's taxpayers that the fee award would represent and found that the award was justified given the financial risk, difficulty, time invested, and opportunity costs as well as the importance of civil rights suits in protecting the public against abuses at the hands of "large or politically powerful defendants." *Rodriguez*, 96 F. Supp. at 1026.

Additionally, in *Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 988 (2013), following a jury verdict for plaintiff, including on the Bane Act claim, the Superior Court applied a 1.2 multiplier and awarded $989,258 in attorneys' fees. *Id.* at 976. Affirming the multiplier and the attorney fee award, the Court of appeals explained that the case required proof of excessive force, that required time and risk, limiting counsel's availability for other cases. *Id.* at 988.

In light of the special difficulties presented in this case, the hard-fought litigation, and the public interest served by obtaining a verdict that brought justice to Plaintiff for the Defendants' conduct, a multiplier of 2.0 is appropriate here. Many cases have awarded multipliers of 1.5 to 2.0 in civil rights and public interest litigation. *See*, *e.g.*, *L.D. v. City of Los Angeles*, order attached as "Exh. 2" to Sincich Decl.; *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 (Cal. Ct. App. 2008) (2.5 multiplier); *Crommie v. PUC*, 840 F. Supp. 719, 726 (N.D. Cal. 1994) (2.0 multiplier); *Uphold our Heritage v. Town of Woodside*, No. A120749, 2008 WL 4868816 (Cal. Ct. App. Nov. 12, 2008) (multiplier of 2.0); *Leuzinger v. Cnty. of Lake*, No. C-06-00398-SBA, 2009 WL 839056 (N.D. Cal. Mar. 30, 2009) (multiplier of 2.0); *Colgan v. Leatherman Tool Grp., Inc.*, No. B196650, 2007 WL 4532916 (Cal. Ct. App. Dec. 27, 2007) (multipliers of 2.0 and 1.5 for trial and appeal); *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) (multiplier of 2.0); and *Zelaya*, 2024 WL 3183882 at *12 (finding an enhanced award *would be* justified).

It is well-established that excessive force cases inure "a public benefit of deterring unconstitutional conduct by law enforcement officials." *Orr v. Brame*, 727 F. App'x 265, 269 (9th Cir. 2018) (holding that the district court abused its

18

discretion where it reduced an attorney fee award and disregarded a long line of case law that fee awards have deterrent effects); citing *McCown v. City of Fontana*, 565 F.3d 1097, 1105 (9th Cir. 2009); *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). Nevertheless, these cases are extremely difficult to win and require plaintiff's lawyers to take significant risks. In the legal marketplace, law firms simply do not commit thousands of hours of uncompensated time to such a highly risky case without the expectation that, if they are successful, they will be compensated for their risk with a fee that is significantly greater than if they had been paid hourly rates, win or lose. Thus, a multiplier is appropriate.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the total amount of **$2,893,210**. Plaintiff also requests that the Court award attorneys' fees for work performed in the litigation of the instant motion for attorney fees, including drafting the related reply and attending hearing on the motion for attorneys' fees, and for work performed on any post-trial motions filed by Defendants.

Plaintiff contends that a multiplier of 2.0 is justified in this matter, but that at least a multiplier of 1.5 should be awarded. The table below summarizes the fees requested:

| Biller | Firm | Position | Practice Years | Hourly Rate | Hours | Total |
|---|---|---|---|---|---|---|
| Dale K. Galipo | DKG | Attorney | 37 | $1,500 | 443.4 | $665,100 |
| Marcel F. Sincich | DKG | Attorney | 9 | $850 | 584.2 | $496,570 |
| Brendan A. Johnson | DKG | Attorney | 1 | $350 | 31.8 | $11,130 |
| Leslie De Leon | DKG | Paralegal | N/A | $200 | 55.7 | $11,140 |
| Trent C. Packer | TCP | Attorney | 21 | $900 | 288.7 | $259,830 |
| Kayla Peña-Pham | TCP | Paralegal | N/A | $150 | 18.9 | $2,835 |
| **Subtotal Non-Fee Motion Work**: | | | | | | **$1,446,605.00** |
| **With 2.0 Multiplier** | | | | | | **$2,893,210** |

/ / /

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Respectfully Submitted,
DATED:  July 14, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**


By: _____/s/_____ *Marcel F. Sincich*
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff* George Gonzalez

PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

## L.R. 11-6.2. CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Ashlyn Petit, certifies that this brief contains 6,635 words (excluding the caption page, signature blocks, and certificate of compliance), which complies with the word limit of L.R. 11-6.2.

Respectfully Submitted,
DATED:  July 14, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By:  _____/s/_____  *Marcel F. Sincich*_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff* George Gonzalez