# "EXHIBIT 15"

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CERNER CORPORATION,<br><br>Defendant. | Case No.:  17-cv-02479-GPC (DEB)<br><br>**ORDER AWARDING DEFENDANT ATTORNEYS' FEES UNDER 35 U.S.C. § 285** |

On February 3, 2023, the Court granted Defendant Cerner Corporation ("Cerner")'s motion for attorneys' fees pursuant to 35 U.S.C. § 285; found this case to be "exceptional;" and awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022.  (Dkt. No. 133.)  On February 24, 2023, Cerner filed its brief in support of its request for its attorneys' fees incurred since August 29, 2022.  (Dkt. No. 136.)  On March 10, 2023, CliniComp filed its response to Cerner's request for attorneys' fees.  (Dkt. No. 141.)  On March 17, 2023, Cerner filed its reply.  (Dkt. No. 149.)  For the reasons set forth below, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

## I.    BACKGROUND

CliniComp is the owner of U.S. Patent No. 6,665,647 ("the '647 Patent") by assignment. (Dkt. No. 1, Compl. ¶ 2.)  In the present action, CliniComp alleged that Cerner directly infringes claims 1, 2, 5, 10-13, 15-18, and 20-23 of the '647 Patent by making,

using, selling, and/or offering to sell within the United States Cerner's CommunityWorks, PowerWorks, and Lights on Network services (collectively "the accused services"). (Dkt. No. 103, Ex. 2 at 21; see also Dkt. No. 1, Compl. ¶¶ 15-16.)

On December 11, 2017, CliniComp filed a complaint for patent infringement against Cerner, alleging infringement of the '647 Patent. (Dkt. No. 1, Compl.) On May 16, 2018, the Court granted Cerner's motion to dismiss CliniComp's claims for willful infringement and indirect infringement as well as the relief sought in connection with these claims of injunctive relief, treble damages, and exceptionality damages. (Dkt. No. 18 at 21.) On June 25, 2018, Cerner filed an answer to CliniComp's complaint. (Dkt. No. 19.)

On March 5, 2019, the Patent Trial and Appeal Board ("PTAB") instituted an *inter partes* review ("IPR") as to claims 1-25 and 50-55 of the '647 Patent. (Dkt. No. 30-1, Ex. A.) On March 7, 2019, the Court granted a stay of the action pending completion of the IPR proceedings. (Dkt. No. 31.) On March 26, 2020, the PTAB issued a final written decision, determining that claims 50-55 of the '647 Patent are not patentable in light of the prior art, but that claims 1-25 of the '647 Patent are patentable.[1] (Dkt. No. 32, Ex. A at 93-94.) On April 20, 2021, the Federal Circuit affirmed the PTAB's determination that claims 1-25 of the '647 Patent are patentable.[2] (Dkt. No. 38-2, Ex. B at 10.) On June 24, 2021, the Court granted the parties' joint motion to lift the stay of the action. (Dkt. No. 44.)

---

[1]     Specifically, the PTAB concluded that Cerner had shown by a preponderance of the evidence that: (1) claims 50-52 are not patentable based on Evans; (2) claims 53 and 54 are not patentable based on Evans and Rai; (3) claims 50-53, and 55 are not patentable based on Johnson and Evans; and (4) claim 54 is not patentable based on Johnson, Evans, and Rai. (Dkt. No. 32, Ex. A at 93-94.) The PTAB further concluded that Cerner had not shown by a preponderance of the evidence: (1) that claims 1-5, 10-13, and 15-25 are unpatentable based on Johnson and Evans; or (2) that claims 6-9, and 14 are unpatentable based on Johnson, Evans, and Rai. (Id. at 93.)

[2]     On November 15, 2021, the PTO issued an *inter partes* review certificate for the '647 Patent, stating: "Claims 1-25 are found patentable" and "Claims 50-55 are cancelled." (Dkt. No. 71-2, Ex. A at A-20–A-21.)

17-cv-02479-GPC (DEB)

On July 23, 2021, Cerner filed an amended answer to CliniComp's complaint. (Dkt. No. 52.) On October 7, 2021, the Court issued a scheduling order for the action. (Dkt. No. 55.) On July 28, 2022, the Court issued a claim construction order, construing the disputed claim terms from the '647 Patent. (Dkt. No. 91.)

On November 15, 2022, the Court granted Cerner's motion for summary judgment of non-infringement. (Dkt. No. 120.) Specifically, the Court held that Cerner demonstrated that the accused services do not infringe the asserted claims of the '647 Patent as a matter of law. (Id. at 44.) On November 16, 2022, the Court entered a judgment in the action in favor of Defendant Cerner and against Plaintiff CliniComp. (Dkt. No. 121.)

On December 30, 2022, the Clerk of Court taxed costs in favor of Cerner in the amount of $8,265.80. (Dkt. No. 131 at 3.) On February 3, 2023, the Court granted Cerner's motion for attorneys' fees pursuant to 35 U.S.C. § 285, and the Court awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022. (Dkt. No. 133 at 23.) By the present briefing, Cerner requests that the Court award it $802,334.60 for its attorneys' fees incurred since August 29, 2022. (Dkt. No. 144 at 1, 11; Dkt. No. 149 at 6.)

## II. DISCUSSION

Cerner requests that the Court award it $802,334.60 in attorneys' fees under the lodestar method. (Dkt. No. 144 at 1-2; Dkt. No. 149 at 6.) An award of attorneys' fees under 35 U.S.C. § 285 must be "reasonable." Kilopass Tech., Inc. v. Sidense Corp., 82 F. Supp. 3d 1154, 1164 (N.D. Cal. 2015); see SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1311 (Fed. Cir. 2019) ("Section 285 permits a prevailing party to recover reasonable attorneys' fees."). "The requirement that fees awarded be reasonable is a safeguard against excessive reimbursement." IPS Grp., Inc. v. Duncan Sols., Inc., No. 15-CV-1526-CAB (MDD), 2018 WL 3956019, at *1 (S.D. Cal. Aug. 17, 2018) (citing Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1988)).

In calculating an attorneys' fee award under § 285, "a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a

17-cv-02479-GPC (DEB)

comparable case." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 554 (2010)); see also Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) ("When a statute provides for such fees, it is termed a 'fee-shifting' statute.  Under a fee-shifting statute, the court 'must calculate awards for attorneys' fees using the 'lodestar' method.'").  "Ultimately, a 'reasonable' number of hours equals 'the number of hours which could reasonably have been billed to a private client.'" Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)).  A district court should not award "fees for hours expended by counsel that were 'excessive, redundant, or otherwise unnecessary.'"  SRI, 930 F.3d at 1311 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); accord Gonzalez, 729 F.3d at 1203.

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437; see Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945–46 (9th Cir. 2007) ("The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed.").  "Once the party seeking fees meets that initial burden of adequately documenting the hours requested, the burden shifts to the opposing party" to challenge the accuracy and reasonableness of the hours billed.  Maloney v. T3Media, Inc., No. CV 14-05048-AB VBKX, 2015 WL 3879634, at *4 (C.D. Cal. May 27, 2015); see Hiken v. Dep't of Def., 836 F.3d 1037, 1045 (9th Cir. 2016) ("'[T]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.'" (quoting Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

The determination of the amount of reasonable attorneys' fees under § 285 is "'a matter that is committed to the sound discretion of a district court judge.'" In re Rembrandt Techs. LP Pat. Litig., 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quoting Lumen View, 811 F.3d at 483).  In awarding fees, a district court must "explain how it came up with the

amount," and that explanation "must be 'concise but clear.'"  Moreno, 534 F.3d at 1111 (quoting Hensley, 461 U.S. at 437); see also United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ("[H]ours actually expended in the litigation are not to be disallowed without a supporting rationale.").  "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice.  But where the disparity is larger, a more specific articulation of the court's reasoning is expected."  Moreno, 534 F.3d at 1111.

In support of its fees request, Cerner explains that the undiscounted hourly rates for defense counsel in this action are as follows: (1) $1,465, $1,120, and $1,055 for the three partners; (2) $805 and $610 for the two associates; and (3) $495, $420, and $415 for the three paralegals.  (Dkt. No. 144 at 2-3.)  Cerner further explains that the actual hourly rates paid by Cerner are lower than this due to the benefit of a negotiated discount that Cerner received from defense counsel.  (Id. at 2-3.)

The Court finds these hourly rates to be reasonable.  First, "rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate."  United Steelworkers, 896 F.2d at 407.  District courts in other complex patent cases have found similar rates to be reasonable in awarding attorneys' fees.  See, e.g., Orthopaedic Hosp. v. Encore Med., L.P., No. 319CV00970JLSAHG, 2021 WL 5449041, at *13 (S.D. Cal. Nov. 19, 2021) (approving hourly rates of up to $1,260 for partners and $1,065 for associates as reasonable); NuVasive, Inc. v. Alphatec Holdings, Inc., No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (approving hourly rates of $1,005 and $860 for partners as reasonable); Facebook, Inc. v. Power Ventures, Inc., No. 08-CV-05780-LHK, 2017 WL 3394754, at *7 (N.D. Cal. Aug. 8, 2017) (approving Orrick's hourly rates of up to $1,200 for a partner, $800 for an associate, and $430 for a paralegal as reasonable); Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc., No. 1:20-CV-4816-TCB, 2022 WL 870206, at *4 (N.D. Ga. Feb. 22, 2022) (approving hourly rates of

17-cv-02479-GPC (DEB)

up to $1,318 for partners, $935 for associates, and $450 for paralegals as reasonable).[3] Second, "[t]he reasonableness of the requested rates is strongly supported by the fact that these are the rates that counsel billed to [Cerner] and that [Cerner] has already paid." Facebook, 2017 WL 3394754, at *7; see Wi-LAN, 2022 WL 1224901, at *4 ("The Federal Circuit has explicitly approved the award of attorney fees under § 285 at the rates that the attorneys actually charged." (citing SRI, 930 F.3d at 1311)).  Third, that Cerner received a discount on the hourly rates at issue also supports the reasonableness of the rates.  See Orthopaedic Hosp., 2021 WL 5449041, at *14.  Fourth, "the fact that this matter is a complex, high-stakes patent litigation" further supports the reasonableness of the rates.  Id.; see also Yufa v. TSI Inc., No. 09-CV-01315-KAW, 2014 WL 4071902, at *5 (N.D. Cal. Aug. 14, 2014) ("[T]he field of intellectual property law requires specialized knowledge.").  Finally, CliniComp does not challenge the reasonableness of Cerner's hourly rates.

Turning to the reasonable number of hours expended, "to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." Gonzalez, 729 F.3d at 1202.  As part of its fee request, Cerner has provided the Court with detailed billing records with time billed in one-tenth of an hour increments and with specific narratives detailing each billed task.  (See Dkt. No. 144, Bobrow Decl. Ex. 1.)  After reviewing these billing records, the Court finds the hours expended by

---

[3]    Although the Court cites to cases from the Northern District of California and the Northern District of Georgia, this is permissible because as another court in this District has explained: "based on the Court's knowledge of local billing rates and of the practices of national law firms, large national law firms . . . do not charge different rates based on the jurisdiction in which a complex patent lawsuit is filed." NuVasive, 2020 WL 6876300, at *3 n.1; see also Wi-LAN Inc. v. Sharp Elecs. Corp., No. CV 15-379-LPS, 2022 WL 1224901, at *4 (D. Del. Apr. 25, 2022) ("[T]his Court remains of the view that the appropriate 'market' for assessing rates in a high-stakes patent litigation like the instant case is the market for national (and Delaware) counsel who litigate patent cases in Delaware.").

17-cv-02479-GPC (DEB)

Cerner's counsel to be reasonable.

Although CliniComp does not challenge the total number of hours billed by Cerner's attorneys, CliniComp challenges Cerner's requested fees on the grounds that the amount reflects a disproportionately high use of partners for routine matters. (Dkt. No. 141 at 1-5.) CliniComp contends that district courts have held that when a case is appropriately staffed, partner time should account for no more than 30% of the total time. (Id. at 2 (citing Larson v. United Nat. Foods W. Inc., No. CV-10-00185-PHX-DGC, 2013 WL 4507473, at *2 (D. Ariz. Aug. 23, 2013)).)[4] CliniComp notes, for example, that Cerner's partners accounted for 71% of the hours expended on Cerner's motion for summary judgment and 72% of the hours expended on Cerner's motion for attorneys' fees.[5] (Id. at 3.) CliniComp argues that, in light of this "top-heavy billing" by Cerner, the Court should exercise its discretion and reduce Cerner's requested fee amount by 50%, to correct a purported 82%

---

[4] The Court notes that to support this contention, CliniComp cites to a single district court case that involved claims for violation of the Family Medical Leave Act and for disability discrimination and did not involve complex claims for patent infringement. See Larson, 2013 WL 4507473, at *1. Further, in that case, the district court did not broadly state that when a case is appropriately staffed, partner time should generally account for no more than 30% of the total time. Rather, the district court specifically stated "a reasonable fee *in this case* includes no more than 30% of the time at partner rates." Id. at *2 (emphasis added).

[5] In its brief, CliniComp asserts that achieving summary judgment on claims that a party considered to be meritless does not require that most of the work be done by a partner, and CliniComp notes that Cerner asserted that CliniComp's claim for patent infringement was meritless following the issuance of the Court's claim construction order. (Dkt. No. 141 at 3 (citing Larson, 2013 WL 4507473, at *2.) The Court notes that although this may generally be true, the present case involved complex technology. Further, as explained in the Court's February 3, 2023 order granting Cerner's motion for attorneys' fees, CliniComp changed its theory of infringement at least three times during the summary judgment stage of this case. (See Dkt No. 133 at 13-19.) A theory of infringement that changes three times in a few months, even if meritless, probably demands more attention from partners at the summary judgment stage than a meritless claim for patent infringement that is static. (See also Dkt. No. 149 at 2-4.)

17-cv-02479-GPC (DEB)

overbilling by partners.  (Id. at 4-5.)

In response, Cerner contends that its staffing decisions were reasonable and justified by the demands of its clients in the legal market.  (Dkt. No. 149 at 1.)  Cerner contends: "It is widely recognized that, for the last decade, clients have been pushing back on the use of junior lawyers, particularly given the increase in associate salaries and billing rates.  Clients, including Cerner, find it more efficient to use more senior attorneys because they get the work done in significantly less time than junior lawyers."  (Id. (citing Dkt. No. 149-1, Bobrow Decl. ¶ 5).)  Cerner explains that this is underscored by "the shrinking delta between partner and non-partner billing rates as associate salaries increase."  (Id.)  Cerner further notes that the discounted hourly rates for two of its partners on this case were less than or commensurate with the rates of non-partner attorneys that courts in this District have found to be reasonable in other cases.  (Id. at 1-2.)

Although the Court agrees with CliniComp that Cerner's law firm could have better utilized its associates in this case,[6] Cerner's counsel has provided reasonable explanations for its staffing decisions.  (See Dkt. No. 149 at 1-4; Dkt. No. 149-1, Bobrow Decl. ¶¶ 5-7.)  Further, the Court agrees with Cerner that the problem with CliniComp's challenge is that it fails to consider the discounted hourly rates that Cerner was paying the partners at issue.  In light of those discounts, Cerner was essentially paying reasonable senior associate-level hourly rates for the work of two of three partners in this case.  See, e.g., Orthopaedic Hosp., 2021 WL 5449041, at *13 (approving hourly rates of up to $1,065 for associates as reasonable); Healthier Choices, 2022 WL 870206, at *4 (approving hourly rates of up to $935 for associates as reasonable); Facebook, 2017 WL 3394754, at *7 (approving Orrick's hourly rates of up to $800 for an associate).  As such, the Court rejects CliniComp's characterization of Cerner's staffing decisions as "top-heavy billing," and the

_____

[6]    The Court acknowledges that it also appears to be true that CliniComp's law firm could have better utilized its associates in this case as well.  (See Dkt. No. 149 at 2; Dkt. No. 149-1, Bobrow Decl. ¶ 8.)

Court rejects CliniComp's request to reduce Cerner's requested fee amount by 50%. See also Finjan, Inc. v. Juniper Network, Inc., No. 3:17-CV-05659-WHA, 2021 WL 3674101, at *4 (N.D. Cal. May 20, 2021), report and recommendation adopted by Finjan, Inc. v. Juniper Networks, Inc., No. C 17-05659 WHA, 2021 WL 3140716 (N.D. Cal. July 26, 2021) ("In its strongest form, Finjan's argument appears to be that Juniper could only reasonably defend the case by employing a model where its lead counsel only parachuted in for hearings and trial.  That is not the only way to reasonably staff a case, or even necessarily advisable given the benefits that experienced counsel can bring to a case.").

Finally, CliniComp asserts that even if the Court finds Cerner's hourly rates and hours expended to be reasonable, the Court may make a discretionary 10% reduction to the requested fees.  (Dkt. No. 141 at 5.)  The Ninth Circuit has explained that in determining the reasonableness of a fees request, a "'district court can impose a small reduction, no greater than 10 percent—a "haircut"—based on its exercise of discretion and without a . . . specific explanation.'"  Gonzalez, 729 F.3d at 1203 (quoting Moreno, 534 F.3d at 1112).  The Court, exercising its sound discretion, declines to perform a "haircut" to Cerner's requested amount of fees.

## III.   CONCLUSION

For the reasons above, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

IT IS SO ORDERED.

Dated:  March 22, 2023

Hon. Gonzalo P. Curiel
United States District Judge

17-cv-02479-GPC (DEB)