# "EXHIBIT 16"

Ryan J. Williams (SBN 228925)
rjwilliams@shb.com
SHOOK, HARDY & BACON LLP
5 Park Plaza, Suite 1600
Irvine, CA 92614
Telephone: 949 475-1500
Facsimile: 949 475-0016

B. Trent Webb
Missouri Bar No. 40778 (pro hac vice)
bwebb@shb.com
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: 816 474-6550
Facsimile: 816 421-5547

Jared Bobrow (SBN 133712)
jbobrow@orrick.com
Diana M. Rutowski (SBN 233878)
drutowski@orrick.com
Jason K. Yu (SBN 274215)
jasonyu@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: 650 614-7400
Facsimile: 650 614-7401

Attorneys for Defendant,
CERNER CORPORATION

Robert H. Reckers
Texas Bar No. 24039520
(pro hac vice) rreckers@shb.com
Fiona A. Bell
Texas Bar No. 24052288
(pro hac vice) fbell@shb.com
Sharon A. Israel
Texas Bar No. 00789394
(pro hac vice) sisrael@shb.com
Kyle E. Friesen
Texas Bar No. 24061954
(pro hac vice) kfriesen@shb.com
SHOOK, HARDY & BACON LLP
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: 713 227-8008
Facsimile: 713 227-9508

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC., | Case No. 3:17-CV-02479-GPC-DEB |
| Plaintiff, | **DECLARATION OF JARED BOBROW IN SUPPORT OF DEFENDANT CERNER CORPORATION'S REQUEST FOR ATTORNEYS' FEES** |
| v. | |
| CERNER CORPORATION, | **REDACTED FOR PUBLIC FILING** |
| Defendant. | |

I, Jared Bobrow, declare as follows:

1.    I am a partner at Orrick, Herrington & Sutcliffe LLP ("Orrick"), counsel of record for Defendant Cerner Corporation ("Defendant" or "Cerner"). I make this declaration in support of Cerner's Request for Attorneys' Fees pursuant to the Court's February 3, 2023 Order Granting Defendant's Motion for Attorney's Fees (Dkt. 133) ("Request").

2.    The matters set forth herein are based on my own personal knowledge except where otherwise stated, and in those instances the matters set forth herein are based on information and belief. If called as a witness, I could and would testify competently to the matters set forth herein.

**A.    Cerner's Retention of Orrick, Herrington & Sutcliffe LLP**

3.    Oracle Corporation ("Oracle") announced on June 7, 2022, that it had completed its acquisition of Defendant Cerner. *See* https://www.oracle.com/news/announcement/oracle-completes-acquisition-of-cerner-2022-06-07/. Oracle and Orrick have a long-standing relationship. In fact, Oracle has been an Orrick client for more than three decades, and I have worked for Oracle for the past 10 years, both at Orrick and at my prior firm, Weil, Gotshal & Manges LLP.

4.    Orrick was retained to represent Cerner in this action on July 8, 2022. Since Orrick was first retained, I have been in charge of managing this engagement on a day-to-day basis.

5.    Orrick is an international law firm originally founded in San Francisco, California in 1863. Today, Orrick has more than 1,400 attorneys, of which more than 250 are in its northern California offices and more than 140 are in its southern California offices. Orrick's attorneys handle a wide range of matters, including transactions, litigation, and compliance matters, for its global client base. More than a third of the Fortune 100 companies have engaged Orrick litigators to help resolve their disputes.

- 1 -

DECL. OF BOBROW ISO CERNER'S
REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

6.    Orrick has been recognized for its successes both in and out of the courtroom. Six Orrick attorneys are fellows of the American College of Trial Lawyers. We have been ranked Top 5 for AmLaw Litigator of the Week awards and runner-up mentions in the last year. Orrick is #3 on the American Lawyer's 2022 "A-List" of law firms and has been on the "A-List" every year since 2013. Additionally, the *Financial Times* awarded Orrick as the top firm for Innovation in Enabling Business Resilience for Clients and for Innovation in Reinventing Legal Practice in North America in 2022. Orrick's attorneys have been nationally recognized in *Chambers & Partners* and *The Legal 500*.

7.    Orrick's IP team in particular has been nationally ranked for Patent Litigation and Intellectual Property Litigation in *Chambers & Partners*, *The Legal 500*, *Managing IP*, and *IAM*. My personal 2022 rankings include: *Chambers USA*: Nationwide Intellectual Property, *Chambers USA*: California Intellectual Property-Patent, *IAM Patent 1000*: California-Patent Litigation, and *Managing Intellectual Property*: IP Star-California, Patent Litigation.

**B.    Orrick's Billing Practices**

8.    Orrick sets its standard billing rates consistent with the market for legal services based on the skill, experience, and reputation of its lawyers and staff. Orrick's undiscounted hourly rates in 2022 range from $1,030 to $1,750 for partners; $610 to $1,025 for associates; and $235 to $530 for paralegals.

9.    Additionally, Cerner negotiated and received a ▮ percent discount off Orrick's standard hourly rates in this matter.

10.    Orrick bills Cerner for attorney and paralegal time in one-tenth hour increments and provides separate billing entries with contemporaneous narratives specific to the billed tasks.

11.    Cerner has paid all attorneys' fees incurred up to and including Orrick's invoice issued in December 2022. Cerner has not yet paid Orrick's invoices issued in January or February 2023, which constitute only $40,234.40 of

the requested amount.

12. Orrick provides invoices to Cerner monthly.

13. Attached as **Exhibit 1** is a true and correct copy of a spreadsheet containing excerpts of billing records for Orrick's services rendered from August 30, 2022 through and including January 31, 2023 in connection with the defense of the lawsuit. The spreadsheet includes excerpts only for those portions of the invoiced fees for which Cerner is seeking payment. Orrick has not yet submitted a bill to Cerner for its time in February 2023 but intends to supplement its Request with that information in connection with its reply brief.

14. The billing record excerpts contain the following information: (a) the date each timekeeper performed the work; (b) the timekeeper's name; (c) the timekeeper's position; (d) the total billed amount; (e) billed hours, recorded in tenths of an hour; and (f) a narrative describing the work each timekeeper performed. Information in the narratives has been redacted as necessary due to attorney-client privilege, work product protection, and/or other applicable privileges. Orrick is prepared to submit un-redacted copies of Exhibit 1 for *in camera* review by the Court upon the Court's request. The billing record excerpts are further redacted to excise time entries and charges for which Cerner is not seeking reimbursement in this proceeding (such as in connection with CliniComp's appeal and consideration of strategies that Cerner ultimately did not pursue). For such entries we have completely redacted the corresponding narrative and made the corresponding adjustments to the billed amount and billed hours to reflect the fees sought here.

15. With respect to the tasks set forth on Exhibit 1, Cerner seeks the reimbursement of $766,474.80 as reasonable attorneys' fees incurred from August 30, 2022 through January 31, 2023.

16. The total billed amount from August 30, 2022 through January 31, 2023 for which Cerner is not seeking reimbursement through this Request (such as

- 3 -

in connection with CliniComp's appeal and consideration of strategies that Cerner ultimately did not pursue) is $29,172.00.

17. The total amount of Orrick fees that were unbilled as a result of the ██ discount and various other time write offs and write downs between August 30, 2022 and January 31, 2023 was ██████

**C.    The Orrick Attorneys And Paralegals Staffed On This Action**

18. In order to litigate this action, Orrick staffed attorneys with the skills, reputation, and experience to handle the responsibilities inherent in defending this action.

19. I am the Orrick partner in charge of the overall defense of this case. I have more than three decades of litigation experience with a primary focus on patent litigation. I graduated from Columbia Law School in 1986. My undiscounted 2022 billing rate was $1,465 per hour. My discounted billing rate charged to Cerner in this action is ████ per hour. A true and correct copy of my current biography appears on the Orrick website.[1]

20. Diana Rutowski is the Orrick partner in charge of managing the day-to-day tasks in this case. She has more than eighteen years of litigation experience with a primary focus on intellectual property litigation for technology companies. She graduated from Harvard Law School in 2004. Her undiscounted 2022 billing rate was $1,120 per hour. Her discounted billing rate charged to Cerner in this action is ████ per hour. A true and correct copy of Ms. Rutowski's current biography appears on the Orrick website.[2]

21. Jason Yu is the Orrick partner in charge of the technical aspects of the case. He has more than thirteen years of litigation experience with a primary focus on patent litigation. He graduated from the University of Southern California Gould School of Law in 2009. His undiscounted 2022 billing rate was $1,055 per

---

[1] https://www.orrick.com/People/7/9/7/Jared%20Bobrow

[2] https://www.orrick.com/People/A/7/3/Diana%20Rutowski

- 4 -

hour.  His discounted billing rate charged to Cerner in this action is ▮ per hour.  A true and correct copy of his current biography appears on the Orrick website.[3]

22.    In addition to the partners mentioned above, the core team included associate Benjamin Austin, law clerk Amanda Schwartz, paralegal/analyst Matthew Bonini, and paralegals Katri Lahtinen and Miwako Burleigh.

23.    Benjamin Austin is a Managing Associate at Orrick's Orange County office with a specialty in Intellectual Property law.  He graduated from the University of California, Berkeley School of Law in 2018.  His undiscounted 2022 billing rate was $805 per hour.  His discounted billing rate charged to Cerner in this action is ▮ per hour.  A true and correct copy of his current biography appears on the Orrick website.[4]

24.    Amanda Schwartz is a Law Clerk in Orrick's San Francisco office.  She graduated from The George Washington University Law School in 2021.  Her undiscounted 2022 billing rate was $610 per hour.  Her discounted billing rate charged to Cerner in this action is ▮ per hour.  Amanda started as an Associate in Orrick's Washington, DC office and is admitted to the DC Bar.  In 2022 she moved to Orrick's San Francisco, California office, and she is currently studying to take the California Bar, which is why her current title is "Law Clerk."  A true and correct copy of her current profile appears on her LinkedIn page.[5]

25.    Matthew Bonini, a Paralegal/Analyst in Orrick's Silicon Valley office, assisted on this matter.  Mr. Bonini has over 29 years of experience.  Mr. Bonini's undiscounted 2022 billing rate was $495 per hour.  His discounted billing rate charged to Cerner in this action is ▮ per hour.

26.    Katri Lahtinen, a Senior Paralegal in Orrick's Silicon Valley office assisted on this matter.  Ms. Lahtinen has eleven years of experience.  Ms.

---

[3] https://www.orrick.com/People/C/1/7/Jason%20Yu

[4] https://www.orrick.com/People/B/F/6/Benjamin%20Austin

[5] https://www.linkedin.com/in/amanda-schwartz-66999794

- 5 -

DECL. OF BOBROW ISO CERNER'S
REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

Lahtinen's undiscounted 2022 rate was $420 per hour. Her discounted billing rate charged to Cerner in this action is ▇▇▇ per hour.

27.     Miwako Burliegh, a Senior Paralegal in Orrick's Seattle office assisted on this matter. Ms. Burleigh has twenty-three years of experience. Ms. Burleigh's undiscounted 2022 billing rate was $415 per hour. Her discounted billing rate charged to Cerner in this action is ▇▇▇ per hour.

28.     The effective billing rates for each of Orrick's timekeepers was reduced by the negotiated discount of ▇▇▇ percent during the relevant period as reflected above and in the billing records attached as Exhibit 1. Accordingly, a summary of the timekeepers and billing rates can be found below:

| Timekeeper | Position | Years of Practice | Undiscounted Rate | Discounted Rate |
|---|---|---|---|---|
| Jared Bobrow | Partner | 34 | $1,465 | |
| Diana Rutowski | Partner | 18 | $1,120 | |
| Jason Yu | Partner | 13 | $1,055 | |
| Ben Austin | Associate | 4 | $805 | |
| Amanda Schwartz | Associate | 1 | $610 | |
| Matthew Bonini | Paralegal/ Analyst | 29 | $495 | |
| Katri Lahtinen | Paralegal | 11 | $420 | |
| Miwako Burleigh | Paralegal | 23 | $415 | |

29.     I have reviewed the supporting bills in this matter and believe they accurately reflect the services performed. I do not believe there is any unreasonable inefficiency or duplication of effort reflected in the bills. The litigation team was efficiently staffed.

**D.     Comparable Billing Rates at Other Firms**

30.     Attached hereto as **Exhibit 2** is a report pulled from Docket Navigator of the firms representing defendants in patent cases since 2018. The firms are

largely global firms and firms that have specialized intellectual property attorneys, including Fish & Richardson, Sheppard Mullin, Paul Hastings, Covington & Burling, DLA Piper, Quinn Emanuel, and others.

31.    Attached hereto as **Exhibits 3 and 4**, respectively, are true and correct excerpts from the American Intellectual Property Law Association's 2019 and 2021 Report of the Economic Survey ("AIPLA Survey"), which lists the average billing rates for firms in various regions of California.  The AIPLA Surveys show that the rates paid by Cerner in this matter are within the ranges of partner and associate billing rates for attorneys of law firms in California.  Note that these surveys reflect billing rates in 2018 and 2020, respectively, and Cerner is seeking reimbursement based on its 2022 rates.

32.    The Orrick rates paid by Cerner in this matter are also comparable to the rates charged by the attorneys representing Plaintiff CliniComp in this action according to public information.  According to the complaint in this action, CliniComp's counsel Amar Thakur and Bruce Zisser were at Quinn Emanuel Urquhart & Sullivan's Los Angeles office when they filed the complaint in 2017. Attached hereto as **Exhibit 5** are articles reporting that Quinn Emanuel's attorney rates range as high as $2,130 and its paralegal rates are as high as $670.  Messrs. Thakur and Zisser moved from Quinn Emanuel to the Los Angeles office of Manatt, Phelps & Phillips, LLP in 2020 (*see* https://www.manatt.com/insights/press-releases/2020/manatt-adds-duo-of-elite-patent-litigators-to-nati).  Attached hereto as **Exhibit 6** is an article reporting that Manatt has disclosed a partner rate of $1,175 per hour in a California case.

Executed on February 24, 2023 at San Francisco, California.

I declare under penalty of perjury that the foregoing is true and correct.

_/s/ Jared Bobrow_
Jared Bobrow

DECL. OF BOBROW ISO CERNER'S
REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:17-CV-02479-GPC-DEB

## CERTIFICATE OF SERVICE

I, the undersigned hereby certifies that I am over the age of eighteen years and not a party to this action; that a true and correct copy of the above and foregoing document has been served on February 24, 2023 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

_/s/ Jared Bobrow_
Jared Bobrow

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINICOMP INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CERNER CORPORATION,<br><br>Defendant. | Case No.: 17-cv-02479-GPC (DEB)<br><br>**ORDER AWARDING DEFENDANT ATTORNEYS' FEES UNDER 35 U.S.C. § 285** |

On February 3, 2023, the Court granted Defendant Cerner Corporation ("Cerner")'s motion for attorneys' fees pursuant to 35 U.S.C. § 285; found this case to be "exceptional;" and awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022. (Dkt. No. 133.) On February 24, 2023, Cerner filed its brief in support of its request for its attorneys' fees incurred since August 29, 2022. (Dkt. No. 136.) On March 10, 2023, CliniComp filed its response to Cerner's request for attorneys' fees. (Dkt. No. 141.) On March 17, 2023, Cerner filed its reply. (Dkt. No. 149.) For the reasons set forth below, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

## I.   BACKGROUND

CliniComp is the owner of U.S. Patent No. 6,665,647 ("the '647 Patent") by assignment. (Dkt. No. 1, Compl. ¶ 2.) In the present action, CliniComp alleged that Cerner directly infringes claims 1, 2, 5, 10-13, 15-18, and 20-23 of the '647 Patent by making,

17-cv-02479-GPC (DEB)

using, selling, and/or offering to sell within the United States Cerner's CommunityWorks, PowerWorks, and Lights on Network services (collectively "the accused services"). (Dkt. No. 103, Ex. 2 at 21; see also Dkt. No. 1, Compl. ¶¶ 15-16.)

On December 11, 2017, CliniComp filed a complaint for patent infringement against Cerner, alleging infringement of the '647 Patent. (Dkt. No. 1, Compl.) On May 16, 2018, the Court granted Cerner's motion to dismiss CliniComp's claims for willful infringement and indirect infringement as well as the relief sought in connection with these claims of injunctive relief, treble damages, and exceptionality damages. (Dkt. No. 18 at 21.) On June 25, 2018, Cerner filed an answer to CliniComp's complaint. (Dkt. No. 19.)

On March 5, 2019, the Patent Trial and Appeal Board ("PTAB") instituted an *inter partes* review ("IPR") as to claims 1-25 and 50-55 of the '647 Patent. (Dkt. No. 30-1, Ex. A.) On March 7, 2019, the Court granted a stay of the action pending completion of the IPR proceedings. (Dkt. No. 31.) On March 26, 2020, the PTAB issued a final written decision, determining that claims 50-55 of the '647 Patent are not patentable in light of the prior art, but that claims 1-25 of the '647 Patent are patentable.[1] (Dkt. No. 32, Ex. A at 93-94.) On April 20, 2021, the Federal Circuit affirmed the PTAB's determination that claims 1-25 of the '647 Patent are patentable.[2] (Dkt. No. 38-2, Ex. B at 10.) On June 24, 2021, the Court granted the parties' joint motion to lift the stay of the action. (Dkt. No. 44.)

---

[1]   Specifically, the PTAB concluded that Cerner had shown by a preponderance of the evidence that: (1) claims 50-52 are not patentable based on Evans; (2) claims 53 and 54 are not patentable based on Evans and Rai; (3) claims 50-53, and 55 are not patentable based on Johnson and Evans; and (4) claim 54 is not patentable based on Johnson, Evans, and Rai. (Dkt. No. 32, Ex. A at 93-94.) The PTAB further concluded that Cerner had not shown by a preponderance of the evidence: (1) that claims 1-5, 10-13, and 15-25 are unpatentable based on Johnson and Evans; or (2) that claims 6-9, and 14 are unpatentable based on Johnson, Evans, and Rai. (Id. at 93.)

[2]   On November 15, 2021, the PTO issued an *inter partes* review certificate for the '647 Patent, stating: "Claims 1-25 are found patentable" and "Claims 50-55 are cancelled." (Dkt. No. 71-2, Ex. A at A-20–A-21.)

2

On July 23, 2021, Cerner filed an amended answer to CliniComp's complaint. (Dkt. No. 52.) On October 7, 2021, the Court issued a scheduling order for the action. (Dkt. No. 55.) On July 28, 2022, the Court issued a claim construction order, construing the disputed claim terms from the '647 Patent. (Dkt. No. 91.)

On November 15, 2022, the Court granted Cerner's motion for summary judgment of non-infringement. (Dkt. No. 120.) Specifically, the Court held that Cerner demonstrated that the accused services do not infringe the asserted claims of the '647 Patent as a matter of law. (Id. at 44.) On November 16, 2022, the Court entered a judgment in the action in favor of Defendant Cerner and against Plaintiff CliniComp. (Dkt. No. 121.)

On December 30, 2022, the Clerk of Court taxed costs in favor of Cerner in the amount of $8,265.80. (Dkt. No. 131 at 3.) On February 3, 2023, the Court granted Cerner's motion for attorneys' fees pursuant to 35 U.S.C. § 285, and the Court awarded Cerner its reasonable attorneys' fees incurred since August 29, 2022. (Dkt. No. 133 at 23.) By the present briefing, Cerner requests that the Court award it $802,334.60 for its attorneys' fees incurred since August 29, 2022. (Dkt. No. 144 at 1, 11; Dkt. No. 149 at 6.)

## II.    DISCUSSION

Cerner requests that the Court award it $802,334.60 in attorneys' fees under the lodestar method. (Dkt. No. 144 at 1-2; Dkt. No. 149 at 6.) An award of attorneys' fees under 35 U.S.C. § 285 must be "reasonable." Kilopass Tech., Inc. v. Sidense Corp., 82 F. Supp. 3d 1154, 1164 (N.D. Cal. 2015); see SRI Int'l, Inc. v. Cisco Sys., Inc., 930 F.3d 1295, 1311 (Fed. Cir. 2019) ("Section 285 permits a prevailing party to recover reasonable attorneys' fees."). "The requirement that fees awarded be reasonable is a safeguard against excessive reimbursement." IPS Grp., Inc. v. Duncan Sols., Inc., No. 15-CV-1526-CAB (MDD), 2018 WL 3956019, at *1 (S.D. Cal. Aug. 17, 2018) (citing Mathis v. Spears, 857 F.2d 749, 754 (Fed. Cir. 1988)).

In calculating an attorneys' fee award under § 285, "a district court usually applies the lodestar method, which provides a presumptively reasonable fee amount by multiplying a reasonable hourly rate by the reasonable number of hours required to litigate a

comparable case." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016) (citing Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 551, 554 (2010)); see also Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003) ("When a statute provides for such fees, it is termed a 'fee-shifting' statute. Under a fee-shifting statute, the court 'must calculate awards for attorneys' fees using the 'lodestar' method.'"). "Ultimately, a 'reasonable' number of hours equals 'the number of hours which could reasonably have been billed to a private client.'" Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A district court should not award "fees for hours expended by counsel that were 'excessive, redundant, or otherwise unnecessary.'" SRI, 930 F.3d at 1311 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); accord Gonzalez, 729 F.3d at 1203.

"The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437; see Welch v. Metro. Life Ins. Co., 480 F.3d 942, 945–46 (9th Cir. 2007) ("The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."). "Once the party seeking fees meets that initial burden of adequately documenting the hours requested, the burden shifts to the opposing party" to challenge the accuracy and reasonableness of the hours billed. Maloney v. T3Media, Inc., No. CV 14-05048-AB VBKX, 2015 WL 3879634, at *4 (C.D. Cal. May 27, 2015); see Hiken v. Dep't of Def., 836 F.3d 1037, 1045 (9th Cir. 2016) ("'[T]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.'" (quoting Gates v. Deukmejian, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

The determination of the amount of reasonable attorneys' fees under § 285 is "'a matter that is committed to the sound discretion of a district court judge.'" In re Rembrandt Techs. LP Pat. Litig., 899 F.3d 1254, 1278 (Fed. Cir. 2018) (quoting Lumen View, 811 F.3d at 483). In awarding fees, a district court must "explain how it came up with the

4

17-cv-02479-GPC (DEB)

amount," and that explanation "must be 'concise but clear.'" <u>Moreno</u>, 534 F.3d at 1111 (quoting <u>Hensley</u>, 461 U.S. at 437); <u>see also</u> <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990) ("[H]ours actually expended in the litigation are not to be disallowed without a supporting rationale."). "Where the difference between the lawyer's request and the court's award is relatively small, a somewhat cursory explanation will suffice. But where the disparity is larger, a more specific articulation of the court's reasoning is expected." <u>Moreno</u>, 534 F.3d at 1111.

In support of its fees request, Cerner explains that the undiscounted hourly rates for defense counsel in this action are as follows: (1) $1,465, $1,120, and $1,055 for the three partners; (2) $805 and $610 for the two associates; and (3) $495, $420, and $415 for the three paralegals. (Dkt. No. 144 at 2-3.) Cerner further explains that the actual hourly rates paid by Cerner are lower than this due to the benefit of a negotiated discount that Cerner received from defense counsel. (<u>Id.</u> at 2-3.)

The Court finds these hourly rates to be reasonable. First, "rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." <u>United Steelworkers</u>, 896 F.2d at 407. District courts in other complex patent cases have found similar rates to be reasonable in awarding attorneys' fees. <u>See, e.g.</u>, <u>Orthopaedic Hosp. v. Encore Med., L.P.</u>, No. 319CV00970JLSAHG, 2021 WL 5449041, at *13 (S.D. Cal. Nov. 19, 2021) (approving hourly rates of up to $1,260 for partners and $1,065 for associates as reasonable); <u>NuVasive, Inc. v. Alphatec Holdings, Inc.</u>, No. 3:18-CV-347-CAB-MDD, 2020 WL 6876300, at *3 (S.D. Cal. Mar. 20, 2020) (approving hourly rates of $1,005 and $860 for partners as reasonable); <u>Facebook, Inc. v. Power Ventures, Inc.</u>, No. 08-CV-05780-LHK, 2017 WL 3394754, at *7 (N.D. Cal. Aug. 8, 2017) (approving Orrick's hourly rates of up to $1,200 for a partner, $800 for an associate, and $430 for a paralegal as reasonable); <u>Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc.</u>, No. 1:20-CV-4816-TCB, 2022 WL 870206, at *4 (N.D. Ga. Feb. 22, 2022) (approving hourly rates of

17-cv-02479-GPC (DEB)

up to $1,318 for partners, $935 for associates, and $450 for paralegals as reasonable).[3] Second, "[t]he reasonableness of the requested rates is strongly supported by the fact that these are the rates that counsel billed to [Cerner] and that [Cerner] has already paid." Facebook, 2017 WL 3394754, at *7; see Wi-LAN, 2022 WL 1224901, at *4 ("The Federal Circuit has explicitly approved the award of attorney fees under § 285 at the rates that the attorneys actually charged." (citing SRI, 930 F.3d at 1311)). Third, that Cerner received a discount on the hourly rates at issue also supports the reasonableness of the rates. See Orthopaedic Hosp., 2021 WL 5449041, at *14. Fourth, "the fact that this matter is a complex, high-stakes patent litigation" further supports the reasonableness of the rates. Id.; see also Yufa v. TSI Inc., No. 09-CV-01315-KAW, 2014 WL 4071902, at *5 (N.D. Cal. Aug. 14, 2014) ("[T]he field of intellectual property law requires specialized knowledge."). Finally, CliniComp does not challenge the reasonableness of Cerner's hourly rates.

Turning to the reasonable number of hours expended, "to determine whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients, the district court should begin with the billing records the prevailing party has submitted." Gonzalez, 729 F.3d at 1202. As part of its fee request, Cerner has provided the Court with detailed billing records with time billed in one-tenth of an hour increments and with specific narratives detailing each billed task. (See Dkt. No. 144, Bobrow Decl. Ex. 1.) After reviewing these billing records, the Court finds the hours expended by

---

[3] Although the Court cites to cases from the Northern District of California and the Northern District of Georgia, this is permissible because as another court in this District has explained: "based on the Court's knowledge of local billing rates and of the practices of national law firms, large national law firms . . . do not charge different rates based on the jurisdiction in which a complex patent lawsuit is filed." NuVasive, 2020 WL 6876300, at *3 n.1; see also Wi-LAN Inc. v. Sharp Elecs. Corp., No. CV 15-379-LPS, 2022 WL 1224901, at *4 (D. Del. Apr. 25, 2022) ("[T]his Court remains of the view that the appropriate 'market' for assessing rates in a high-stakes patent litigation like the instant case is the market for national (and Delaware) counsel who litigate patent cases in Delaware.").

Cerner's counsel to be reasonable.

Although CliniComp does not challenge the total number of hours billed by Cerner's attorneys, CliniComp challenges Cerner's requested fees on the grounds that the amount reflects a disproportionately high use of partners for routine matters. (Dkt. No. 141 at 1-5.) CliniComp contends that district courts have held that when a case is appropriately staffed, partner time should account for no more than 30% of the total time. (Id. at 2 (citing Larson v. United Nat. Foods W. Inc., No. CV-10-00185-PHX-DGC, 2013 WL 4507473, at *2 (D. Ariz. Aug. 23, 2013).)[4] CliniComp notes, for example, that Cerner's partners accounted for 71% of the hours expended on Cerner's motion for summary judgment and 72% of the hours expended on Cerner's motion for attorneys' fees.[5] (Id. at 3.) CliniComp argues that, in light of this "top-heavy billing" by Cerner, the Court should exercise its discretion and reduce Cerner's requested fee amount by 50%, to correct a purported 82%

---

[4]   The Court notes that to support this contention, CliniComp cites to a single district court case that involved claims for violation of the Family Medical Leave Act and for disability discrimination and did not involve complex claims for patent infringement. See Larson, 2013 WL 4507473, at *1. Further, in that case, the district court did not broadly state that when a case is appropriately staffed, partner time should generally account for no more than 30% of the total time. Rather, the district court specifically stated "a reasonable fee in this case includes no more than 30% of the time at partner rates." Id. at *2 (emphasis added).

[5]   In its brief, CliniComp asserts that achieving summary judgment on claims that a party considered to be meritless does not require that most of the work be done by a partner, and CliniComp notes that Cerner asserted that CliniComp's claim for patent infringement was meritless following the issuance of the Court's claim construction order. (Dkt. No. 141 at 3 (citing Larson, 2013 WL 4507473, at *2.) The Court notes that although this may generally be true, the present case involved complex technology. Further, as explained in the Court's February 3, 2023 order granting Cerner's motion for attorneys' fees, CliniComp changed its theory of infringement at least three times during the summary judgment stage of this case. (See Dkt No. 133 at 13-19.) A theory of infringement that changes three times in a few months, even if meritless, probably demands more attention from partners at the summary judgment stage than a meritless claim for patent infringement that is static. (See also Dkt. No. 149 at 2-4.)

7

overbilling by partners. (Id. at 4-5.)

In response, Cerner contends that its staffing decisions were reasonable and justified by the demands of its clients in the legal market. (Dkt. No. 149 at 1.) Cerner contends: "It is widely recognized that, for the last decade, clients have been pushing back on the use of junior lawyers, particularly given the increase in associate salaries and billing rates. Clients, including Cerner, find it more efficient to use more senior attorneys because they get the work done in significantly less time than junior lawyers." (Id. (citing Dkt. No. 149-1, Bobrow Decl. ¶ 5).) Cerner explains that this is underscored by "the shrinking delta between partner and non-partner billing rates as associate salaries increase." (Id.) Cerner further notes that the discounted hourly rates for two of its partners on this case were less than or commensurate with the rates of non-partner attorneys that courts in this District have found to be reasonable in other cases. (Id. at 1-2.)

Although the Court agrees with CliniComp that Cerner's law firm could have better utilized its associates in this case,[6] Cerner's counsel has provided reasonable explanations for its staffing decisions. (See Dkt. No. 149 at 1-4; Dkt. No. 149-1, Bobrow Decl. ¶¶ 5-7.) Further, the Court agrees with Cerner that the problem with CliniComp's challenge is that it fails to consider the discounted hourly rates that Cerner was paying the partners at issue. In light of those discounts, Cerner was essentially paying reasonable senior associate-level hourly rates for the work of two of three partners in this case. See, e.g., Orthopaedic Hosp., 2021 WL 5449041, at *13 (approving hourly rates of up to $1,065 for associates as reasonable); Healthier Choices, 2022 WL 870206, at *4 (approving hourly rates of up to $935 for associates as reasonable); Facebook, 2017 WL 3394754, at *7 (approving Orrick's hourly rates of up to $800 for an associate). As such, the Court rejects CliniComp's characterization of Cerner's staffing decisions as "top-heavy billing," and the

---

[6] The Court acknowledges that it also appears to be true that CliniComp's law firm could have better utilized its associates in this case as well. (See Dkt. No. 149 at 2; Dkt. No. 149-1, Bobrow Decl. ¶ 8.)

17-cv-02479-GPC (DEB)

Court rejects CliniComp's request to reduce Cerner's requested fee amount by 50%. See also Finjan, Inc. v. Juniper Network, Inc., No. 3:17-CV-05659-WHA, 2021 WL 3674101, at *4 (N.D. Cal. May 20, 2021), report and recommendation adopted by Finjan, Inc. v. Juniper Networks, Inc., No. C 17-05659 WHA, 2021 WL 3140716 (N.D. Cal. July 26, 2021) ("In its strongest form, Finjan's argument appears to be that Juniper could only reasonably defend the case by employing a model where its lead counsel only parachuted in for hearings and trial.  That is not the only way to reasonably staff a case, or even necessarily advisable given the benefits that experienced counsel can bring to a case.").

Finally, CliniComp asserts that even if the Court finds Cerner's hourly rates and hours expended to be reasonable, the Court may make a discretionary 10% reduction to the requested fees. (Dkt. No. 141 at 5.)  The Ninth Circuit has explained that in determining the reasonableness of a fees request, a "'district court can impose a small reduction, no greater than 10 percent—a "haircut"—based on its exercise of discretion and without a . . . specific explanation.'" Gonzalez, 729 F.3d at 1203 (quoting Moreno, 534 F.3d at 1112). The Court, exercising its sound discretion, declines to perform a "haircut" to Cerner's requested amount of fees.

### III.    CONCLUSION

For the reasons above, the Court awards Cerner $802,334.60 in attorneys' fees under 35 U.S.C. § 285.

IT IS SO ORDERED.

Dated:  March 22, 2023

Hon. Gonzalo P. Curiel
United States District Judge

9

17-cv-02479-GPC (DEB)