# "EXHIBIT 23"

link 68

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AGUSTIN HERRERA, on behalf of himself and others similarly situated, | CASE NO. CV 22-1013-HDV-PDx |
| | [Hon. Judge Hernan Vera] |
| Plaintiff, | **[PROPOSED] ORDER GRANTING** |
| vs. | **CLASS COUNSEL'S REQUEST** |
| | **FOR ATTORNEYS' FEES** |
| COUNTY OF LOS ANGELES, et al. | |
| Defendants. | |

Case 5:25-cv-00331-KK-DTB    Document 169-24    Filed 07/14/26    Page 3 of 8   Page
Case 2:22-cv-01013-HDV-PD    Document 75-16 Filed 02/23/26    Page 2 of 7   Page ID
ID #:4716
#:1502

GOOD CAUSE APPEARING, the Court grants class counsel's request for attorneys' fees equal to 30% of the $30 million class fund ($9,000,000). The Court also grants Counsel's request for costs in the amount of $85,960.79.

In common fund cases, the percentage-of-the-fund method is by far the dominant approach in calculating attorney's fees (as compared to the lodestar method). *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (citing, *inter alia*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)). Any percentage of the fund award "must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1050. In assessing reasonableness, courts may consider, *inter alia*,: (1) the results achieved; (2) the risk undertaken by class counsel, (3) benefits generated by class counsel beyond the settlement fund; (4) the market rate for similar representations; and (4) whether the representation was undertaken on a contingency basis. *In re Optical Disk Drive*, 959 F.3d 922, 930 (9th Cir., 2020) (citing *In Vizcaino,* 290 F.3d at 1048–50 (9th Cir. 2002).

These factors weigh in favor of a 30% award in this case. The financial terms of the settlement are excellent and will result in significant direct compensation to class members. Class counsel obtained a $30 million settlement with no reversion to the Defendants. After maximum administration costs ($163,000), litigation costs ($85,960.79), the incentive award ($25,000) and assuming a 30% of the fund fee ($9M), there will be approximately $20,726,239 for distribution to class members who were held in Los Angeles County juvenile detention facilities. Individual class members will receive very substantial amounts of money, likely over $14,000 per valid claimant. Because the fee award is less than half of the distribution fund, it is proportionate to the total distribution to class members.

Case 5:25-cv-00331-KK-DTB    Document 169-24    Filed 07/14/26    Page 4 of 8   Page
Case 2:22-cv-01013-HDV-PD    Document 45-17  Filed 02/23/26    Page 3 of 7   Page ID
#:1503

This settlement would be an outstanding result under any circumstances, but it is particularly exceptional given the relatively early settlement and highly efficient manner in which the case resolved. The efficiency of this litigation is remarkable given the significant risks presented by claims. While all contingent fee cases are risky, civil rights damages class actions tend to be especially precarious given the demanding standards for both § 1983 liability and Rule 23(b)(3) class certification. This case was especially risky given complexity and breadth of the issues, the duration of the class period, the difficulty locating class members and securing class representatives, and the fact class members faced a large, well-funded defendant. In the face of these risks, Plaintiff's counsel invested considerable resources over the nearly four-year duration of this case, including on the investigation, drafting the complaint, litigating discovery, settlement negotiations. Plaintiff's counsel's ability to settle the case in a way that guaranteed substantial financial recoveries for class members is a testament to their skill and commitment to class members.

An award of 30% is well within the range considered reasonable by the Ninth Circuit. *In re Omnivision Technologies, Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008) ("nearly all common fund awards range around 30%.").  Awards over the 25% benchmark are particularly appropriate, where, as here, "…counsel achieves exceptional results for the class, undertakes extremely risky litigation, generates benefits for the class beyond simply the cash settlement fund, or handles the case on a contingency basis." *See* e.g., *Pena v. Taylor Farms Pacific, Inc.*, 2021 WL 916257, at *4-6 (E.D. Cal. 2021) (35% fee award was "reasonable").

Plaintiffs provided detailed billing records in support of a lodestar cross-check. Plaintiffs also requested the following billing rates for the lodestar cross-check in support of the rates requested to be used in the lodestar cross-check, as follows:

2

| MCLANE, BEDNARSKI & LITT | | | | |
|---|---|---|---|---|
| Name | Practice Years | Hours | Rate | Total |
| Barrett Litt | 57 (1969) | 375.6 | $1600 | $600,960.00 |
| Lindsay Battles | 18 (2008) | 399.8 | $1150 | $459,770.00 |
| Ben Shaw | 8 (2017) | 2.8 | $825 | $2,310.00 |
| Isabel Geddes | Intern | 142.5 | $300 | $42,750.00 |
| Adam Fane | Law Clerk | 31 | $300 | $9,300.00 |
| Maia Young | Law Clerk | 13.5 | $300 | $4,050.00 |
| Kate Uckert | Sr. Paralegal | 73.5 | $450 | $33,075.00 |
| Marie Bolanos | Sr. Paralegal | 32.2 | $450 | $14,490.00 |
| Madeline Barry | Jr. Paralegal | 1.9 | $175 | $332.50 |
| | | | | |
| MBL Total | | 1072.8 | | $1,167,037.50 |
| RAPKIN & ASSOCIATES | | | | |
| Name | Practice Years | Hours | Rate | Total |
| Michael Rapkin | 52 (1975) | 79.05 | $1300 | $102,765.00 |
| Scott Rapkin | 18 (2008) | 547.3 | $1150 | $629,395.00 |
| Rapkin & Associates Total | | 626.35 | | $732,160 |
| | | | | |
| CLASS COUNSEL TOTAL | | 1699.15 | | $1,899,197.50 |

The foregoing rates were supported by the Declarations of Barrett S. Litt and Carol A. Sobel, both of whom have been accepted by various courts as attorney's fee experts, particularly in civil rights cases. These declarations support the foregoing rates, given the reputation, skill and experience of Plaintiffs' counsel, which was supported by Plaintiffs' Counsell's Declarations supporting the motion.

3

Case 5:25-cv-00331-KK-DTB   Document 169-24   Filed 07/14/26   Page 6 of 8   Page
Case 2:22-cv-01013-HDV-PD   Document 75-19 Filed 02/23/26   Page 5 of 7   Page ID
#:1505

In addition, the Court is directly familiar with the work of Plaintiffs' Counsel McLane Bednarkis & Litt in the field of civil rights and civil rights class actions, and knows them to be among the leading Plaintiffs' practitioners in those fields. In particular, the Court is familiar with Mr. Litt's class action work in the field of civil rights and considers him and his firm to be one of the leading practitioners of civil rights class actions at least in California and probably nationally.

The lodestar crosscheck also supports the fee award. The 30% award represents a multiplier of 4.74 as of mid-September 2025, and it is expected that, with the unbilled work on the attorney's fee motion, the yet to be filed final approval motion, and post-approval work, the multiplier will be in the 4.0-4.5 range, probably close to 4.0. Such a multiplier is justified by the circumstances of this case, including the exceptional results achieved for the class, the very substantial risk of loss, and the complexity of the issues. Higher multipliers are especially appropriate where, as here, targeted litigation results in early settlement with excellent benefits to the class. *Aguilar Auto Repair*, 2025 WL 1753509, at *10 (due to "their diligence and experience" counsel secured "a strong settlement with focused efforts at the investigative and early stages of the litigation," "[r]educing their award because Class counsel settled quickly would punish counsel for a strong and efficient result."); *see also*, See e.g. *Vizcaino*, 290 F.3d at 1050 (the percentage of the fund method, unlike the lodestar method, rewards early settlement).

Plaintiffs' counsel provided many references supporting the multiplier requested here. Multipliers are expected in successful class action litigation. *Vizcaino*, 290 F.3d at 1051, n.6. "The purpose of [a] multiplier is to account for the risk Class Counsel assumes when they take on a contingent-fee case." *Hopkins v. Stryker Sales Corp.*, 2013 WL 496358, at *4 (N.D.Cal. Feb. 6, 2013); *see also*, *e.g., In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2

4

Case 5:25-cv-00331-KK-DTB    Document 169-24    Filed 07/14/26    Page 7 of 8   Page
Case 2:22-cv-01013-HDV-PD    Document 75-20 Filed 02/23/26    Page 6 of 7   Page ID
#:1506

(9th Cir. 1994) (reversing denial of risk multiplier in class action; "[i]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing," distinguishing common fund cases from fee shifting awards because the class pays the attorneys from the common fund); *Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1008 (9th Cir. 2002) (abuse of discretion to deny multiplier in risky class action where lodestar is based on non-contingent rates).

Higher multipliers are especially appropriate where, as here, targeted litigation results in early settlement with excellent benefits to the class. *Aguilar Auto Repair*, 2025 WL 1753509, at *10 (due to "their diligence and experience" counsel secured "a strong settlement with focused efforts at the investigative and early stages of the litigation," "[r]educing their award because Class counsel settled quickly would punish counsel for a strong and efficient result."); *see also*, *See e.g. Vizcaino*, 290 F.3d at 1050 (the percentage of the fund method, unlike the lodestar method, rewards early settlement).

Numerous decisions have approved multipliers comparable to the multiplier presented here. *Steiner v. Am. Broad. Co.*, 248 Fed.Appx. 780, 783 (9th Cir. 2007) (6.85 multiplier "falls well within the range of multipliers that courts have allowed"); *see also e.g., Aguilar Auto Repair, Inc. v. Wells Fargo Bank, N.A.*, 2025 WL 1753509, at *10 (N.D. Cal. May 23, 2025) ("While a lodestar multiplier of seven [7] is significant, it is within the "acceptable range in the Ninth Circuit."); *Martin v. Toyota Motor Credit Corp.*, 2022 WL 17038908, at *14 (C.D. Cal. Nov. 15, 2022) (19M fee award resulting in 6.33 multiplier was reasonable; noting "Class Counsel 'should not be 'punished' for efficiently litigating this action" and achieving a settlement before billing more hours"); *Perez v. Rash Curtis & Assocs.*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) (finding multipliers of 13.42,

Case 5:25-cv-00331-KK-DTB    Document 169-24    Filed 07/14/26    Page 8 of 8   Page
Case 2:22-cv-01013-HDV-PD    Document 73 21 Filed 02/23/26    Page 7 of 7   Page ID
#:1507

15.42, and 18.15 reasonable); *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, 2005 WL 1213926, at *18 (E.D. Pa. May 19, 2005) (awarding 20% of a $100 million settlement fund in attorneys' fees, which represented a multiplier of 15.6); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 370-71 (S.D.N.Y. 2002) (awarding 33 1/3% of fund, which translated to "the modest multiplier of 4.65"); *Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113 (C.D. Cal. 2008) (multiplier in excess of 5; collecting numerous high multiplier cases, including *inter alia*, *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, 2005 WL 1213926 (E.D.Pa. 2005) (15.6 multiplier); *In re Rite Aid Corp. Sec. Litig.*, 146 F.Supp.2d 706 (E.D.Pa.2001) (multiplier of 4.5–8.5); *In re Cendant Corp. PRIDES Litigation,* 243 F.3d 722, 732 (3rd Cir.2001) (multiplier of 7); *In re Rite Aid Corp. Sec. Litig.,* 362 F.Supp.2d 587 (E.D.Pa.2005) (multiplier of 6.96).The expected multiplier here of somewhat above 4.0 is reasonable given the outstanding results in a difficult and challenging case.

The Court has reviewed the litigation costs and finds them reasonable.

IT IS SO ORDERED.

DATED: _____02/23/26_____

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE

6