**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | **Case No.: 5:25-cv-00331-KK-DTB**<br><br>[*Honorable Kenly Kiya Kato*]<br><br>**DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF PLAINTIFF GEORGE GONZALEZ'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. §1988**<br><br>[*Notice of Motion and Motion; Declarations and attached Exhibits; and Proposed Order filed concurrently herewith*] |

Case No. 5:25-cv-00331-KK-DTB

## DECLARATION OF MARCEL F. SINCICH

I, Marcel F. Sincich, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiff George Gonzalez's Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2.     As of this date I have spent **584.2 hours** of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

3.     I have had the primary responsibility for the day-to-day management of this case in Mr. Galipo's office from approximately February 2025 through the present. My work on this case included drafting the pleadings; oppositions to motions; drafting propounded discovery; drafting discovery responses; assisted with the preparation for dispositions; legal research; preparation of pretrial documents; briefing of pre-trial issues and formulation of trial strategy; extensive evidence review and summary including analysis of screenshots of videos, and depositions and statements; trial preparation and second chair during trial, including presentation of exhibits, media, research, and exhibit management; research for and drafting of motion for attorneys' fees, preparing the application to tax costs, and preparation for opposition of anticipated post-trial motions.

4.     I contemporaneously tracked my time in tenth of an hour increment and maintained a record reflecting the work activity and time spent on this case. While preparing this motion, I have reviewed my time records and exercised billing judgment to reduce or omit time that would not ordinarily be charged to (or paid by) a fee-paying client. I also reduced or omitted time that was spent *only* prosecuting Plaintiff's claims against the Defendant City and its officers, which did not have a direct correlation with the claims prosecuted against the Defendant State and Officer Irick. Within the "Description" column of my timekeeping record, I annotated "(-XX)" to show where

1                    Case No. 5:25-cv-00331-KK-DTB

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

time was voluntarily reduced as described above. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation. A record detailing my hours (excluding unproductive, excessive, or otherwise un-billable time) is attached hereto as "**Exhibit 1**."

5.     I served four years active duty in the United States Marine Corps where I was forward deployed on three occasions and awarded the Combat Action Ribbon, Navy and Marine Corps Commendation Metal, and Purple Heart. Upon ending active service, I served as an Emergency Medical Technician for over two years, and was an instructor in weapons, tactics, and the use of force for the United Stated Navy for over six years.

6.     In May 2012, I received a Bachelor of Arts in Philosophy, with a focus in ethics, from American Military University. With a background in weapons, tactics, use of force, emergency medical aid, and ethics, as well as a dedication to support and defend the Constitution of the United States of America, I naturally followed my calling to defend the Constitution through the practice of law.

7.     I received a Juris Doctorate degree from Pepperdine University School of Law in May 2017, where I was a recipient of the Terry M. Giles Honor Scholarship, Patti Paniccia Scholarship, and Dean's Scholarship. I studied at the Straus Institute of Dispute Resolution, was the President of the school's Moot Court Trial Advocacy Executive Board, member of the Moot Court Trial Advocacy Team, and member of the Moot Court Appellate Advocacy Team. I was awarded the Parris Award for Excellence in Character, and was a nominee for Excellence in Courage, and Excellence in Leadership. I won the Cipolla Closing Argument Competition and participated in five trial competitions and four appellate competitions. I also received the Barristers Award for Trial Advocacy and was selected to conduct presentations to newly admitted and first-year law students regarding Pepperdine's advocacy programs.

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

8.     During the summer of 2015, I served as a judicial extern for the Honorable Otis D. Wright, II in the United States District Court for the Central District of California. Then, during the summer of 2016, I worked as a summer associate litigating civil rights matters at the Law Offices of Dale K. Galipo, where I received significant training and experience conducting civil rights legal research and writing, drafting interoffice memoranda in civil rights litigation and related criminal defense practice areas, assisting with witness interviews, pre-trial matters, discovery request and document review. I continued working at the Law Offices of Dale K. Galipo through the spring of 2017, where my responsibilities increased to drafting pleadings, various affirmative and responsive motions, and pre-trial documents.

9.     Post graduation, I have contributed significantly to Pepperdine School of Law's trial advocacy program by mentoring student advocates, coaching them through case strategy, and judging moot rounds. I have judged and assisted in the preparation for multiple trial competitions, including the AAJ Student Advocacy Competition, Texas Young Lawyers Association Competitions, and the Mockingbird Challenge National Trial Competition. Further, I have participated in Pepperdine's Veterans Legal Society in an effort to ensure veteran law students successfully pass the bar and receive employment. I also served on several occasions as an adjunct professor for the practical application portion of the Law in Practice Residency 2 course within Pepperdine School of Law's Master of Legal Studies Program, teaching students deposition, negotiation, and summary judgment motion skills.

10.     I was admitted to the California Bar in 2017 and joined the Law Offices of Dale K. Galipo as a full-time litigation attorney, where I gained substantial experience working nearly exclusively in civil rights litigation in all its aspects, from case evaluation through post-trial matters. Separate and apart from the present case, within over fifty (50) civil rights cases involving the use of excessive and unreasonable force resulting in death or great bodily injury, I have taken over 100 depositions, mostly of

defendant officers, experts, and persons most knowledgeable, defended over 50 depositions; advised, consulted on and/or assisted with over 80 depositions; routinely assisted with the preparation and strategy for jury trials; drafted approximately dozens of motions *in limine* or oppositions; drafted multiple oppositions to motions for summary judgment; drafted dozens of claims, complaints and case initiating motions; drafted several discovery requests and responses per case; Rule 26 disclosure and related matters; numerous mediation briefs and settlement negotiations; drafted pre-trial documents including proposed pre-trial conference orders, jury instructions, trial briefs, verdict forms, *voir dire*, exhibit lists, and witness lists; drafted motion to quash and appeared in discovery conferences; assisted with opposing Rule 50 and 59 motions; drafted both opening and answering Ninth Circuit appellate briefs; and argued before the Ninth Circuit.

11.     I am currently solely responsible for day-to-day management of twenty federal civil rights cases and assisting with the firm's case intake. In each of the cases under my management the alleged civil rights violation resulted in serious bodily injury or death. With approximately ten years' experience at the Law Offices of Dale K. Galipo, I have assisted with over fifty civil rights cases, most of which were resolved in settlement or jury verdict for plaintiffs.

12.     I have been designated on the California Super Layers Rising Stars List from 2023 to 2026.

13.     On July 28, 2020, I was a co-host along with Mr. Galipo for the Trial Lawyer's University, Case Analysis Webinar, breaking down the trial strategy in *Schroeder v. City of Rialto*.

14.     On November 19, 2020, I was a panelist for the "Qualified Immunity: Its Past, Present, and Future" Webinar along with Peter Ferguson from Ferguson, Praet, & Sherman, and Jay Schweikart of the Cato Institute, with Daniel P. Barer from Pollak,

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

Vida & Barer as Moderator, for the Los Angeles County Bar Association, Appellate Court's Section.

15.    For the May/June 2021 publication of the Consumer Attorneys of California magazine, I co-authored the article "Qualified immunity and denial of medical care," along with attorneys Renée V. Masongsong and Hang D. Le.

16.    In 2023, I co-authored an article with H. Mitchell Caldwell and Gautam Sood titled, "Vega v. Tekoh: *A Missed Opportunity to Protect* Miranda," which was published in the Stetson Law Review.

17.    I have been consulted regularly in the last nine years by attorneys with far more years of experience on civil rights matters including strategy, legal research, motion practice, and discovery issues. Within the Law Offices of Dale K. Galipo, I assist in training new attorneys on the same.

18.    I second chaired with Mr. Galipo the case *L.D. v. City of Los Angeles*, in federal court in January 2020 in front of the Honorable Philip S. Gutierrez. In that case, plaintiffs contended that the individual defendant LAPD SWAT officers used beanbag shotguns, hot gas, and Tasers against the decedent, who was inside his own bedroom and committing no crime, eventually forcing the decedent out of the house, where he was fatally shot by a SWAT officer. The defense argued that the decedent refused to drop a pair of scissors and that the decedent injured an officer with the scissors immediately prior to the shooting. The jury awarded plaintiffs a verdict of $4.5 million and based on my increased experience Judge Gutierrez awarded me an hourly rate of $400 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. §1988. A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding attorney's fees is attached to the Declaration of Dale K. Galipo as Exhibit 3.

19.    In 2020, during the *L.D. v. City of Los Angeles* trial, I examined several defendant officers, against which the jury found in favor of plaintiffs. In 2025, during the *Solis v. State of California* trial, I also examined several witnesses as second chair at

trial. In this matter, I was prepared to examine paramedics and treating providers on Plaintiff's witness list as well as responding officers and witnesses on Defendants' witness list. However, under Mr. Galipo's leadership, Plaintiff's devised trial strategy and plan efficiency called for my role as second chair to ensure Mr. Galipo was equipped and prepared to examine all witnesses and to forgo calling what we anticipated to be unnecessary witnesses.

20.    Since the last attorney fee award in 2020, I contributed to the litigation of the following civil rights cases that resulted in settlements totaling over $45 Million for clients of the Law Offices of Dale K. Galipo:

➢ $1,400,000 settlement in *Acosta v. City of Hemet* (excessive force shooting case, said to be driving toward officer, fleeing robbery, 2021)

➢ $600,000 settlement in *Kollin v. City of Tehachapi* (excessive force shooting case, unarmed with empty holster, 2021)

➢ $2,900,000 settlement in *Lee v. City of Orange* (excessive force shooting case, armed with a knife, 2021)

➢ $875,000 settlement in *Rabot v. County of Los Angeles* (excessive force shooting case, armed with a knife, 2021)

➢ $2,695,000 settlement in *Ramirez v. City of Anaheim* (excessive force shooting case, unarmed said to be moving toward a gun, 2021)

➢ $990,000 settlement in *Rayo v. City of Fontana* (excessive less-lethal force case, 2021)

➢ $850,000 settlement in *Solano v. County of Orange* (in custody excessive force asphyxia case, 2021)

➢ $395,000 settlement in *Baltazar v. City of Long Beach* (excessive less-lethal force case, 2022)

➢ $300,000 settlement in *Bond v. City of Los Angeles* (excessive less-lethal force case, 2022)

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

➢ $175,000 settlement in *Edmond v. City of Hemet* (excessive less-lethal force case, 2022)

➢ $2,750,000 settlement in *Fajardo v. City of Bakersfield* (excessive force shooting case, said to be driving toward officer, 2022)

➢ $475,000 settlement in *Galvan v. County of Riverside* (excessive less-lethal force case, 2022)

➢ $1,900,000 settlement in *Ruiz v. City of South Gate* (excessive force shooting case, unarmed said to be reaching for waistband, 2022)

➢ $1,500,000 settlement in *Russell v. County of Orange* (denial of medical care in custody case, 2022)

➢ $362,500 settlement in *Torres v. City of San Bernardino* (excessive less-lethal force case, 2022)

➢ $750,000 settlement in *Yepez v. County of San Bernardino* (excessive less-lethal force case, 2022)

➢ $700,000 settlement in *Aceves v. County of Los Angeles* (excessive force shooting case, armed with stick, 2023)

➢ $995,000 settlement in *Barba v. City of Huntington Park* (excessive force shooting case, armed with a knife, 2023)

➢ $950,000 settlement in *Brandon v. County of San Bernardino* (excessive force shooting case, in vehicle, 2023)

➢ $1,750,000 settlement in *Carlson v. City of Redondo Beach* (excessive force shooting case, said to be reaching for a gun, 2023)

➢ $6,750,000 settlement in *Drye v. City of Hemet* (excessive force shooting case, armed with a gun, 2023)

➢ $650,000 settlement in *Flores v. City of El Monte* (excessive force shooting case, said to be reaching for officer gun, 2023)

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

➢ $2,250,000 settlement in *Glover v. City of Los Angeles* (excessive force shooting case, armed with a gun fleeing police, 2023)

➢ $975,000 settlement in *Gonzalez v. City of Lathrop* (excessive force K-9 attack case, 2023)

➢ $2,750,000 settlement in *Michaelidis v. City of Los Angeles* (excessive force shooting, armed with a knife, 2023)

➢ $450,000 settlement in *Samaniego v. State of California* (prison failure to protect case, 2023)

➢ $695,000 settlement in *Benavente v. City of Ontario* (excessive force shooting case, in vehicle, 2024)

➢ $1,800,000 settlement in *Limon v. City of Corona* (excessive force shooting case, armed with a knife, 2024)

➢ $300,000 settlement in *Miles v. County of Alameda* (custody failure to protect care, 2024)

➢ $750,000 settlement in *Walsh v. City of Glendale* (excessive force shooting case, armed with a gun, 2024)

➢ $900,000 settlement in *Wolcott v. County of Orange* (excessive force shooting case, armed with a knife, 2024)

➢ $790,000 settlement in *Solis v. County of Riverside* (excessive force shooting case, armed with a gun fleeing police, 2024 and 2026)

➢ $2,550,000 settlement in *Castro v. County of Los Angeles* (excessive force shooting case, in vehicle, 2024)

➢ $450,000 settlement in *Murillo v. City of Los Angeles* (excessive force shooting case, armed with a knife, 2025)

➢ $880,000 settlement in *Barnhill v. City of Hemet* (excessive force less-lethal force case, 2026)

8          Case No. 5:25-cv-00331-KK-DTB

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

➤ $2,000,000 settlement in *Barrett v. City of Carmel* (excessive force shooting case, armed with crowbar, 2026)

➤ $3,620,000 jury verdict in *Gonzalez v. State of California* (excessive force shooting case, armed with a gun fleeing police, 2026)

21.     Attorneys who at the time of the award had similar time and experience with the Law Offices of Dale K. Galipo have been awarded a comparable hourly rate in similarly difficult and undesirable cases. In 2022, the Honorable Jesus G. Bernal awarded one attorney who had been practicing in civil rights approximately nine years at the time $600 per hour and awarded another attorney who had also been practicing in civil rights approximately nine years at the time $700 per hour based on their experience and contribution to the case. (See *French* Order attached to the Galipo Decl as "Exhibit 5.") In 2024, the Honorable Otis D. Wright awarded one attorney who had been practicing civil rights approximately 10 years at the time $700 per hour and awarded another attorney who had also been practicing civil rights approximately eight years at the time $700 per hour. (See *Zelaya* Order attached to the Galipo Decl as "Exhibit 8") (*citing Dugan v. County of Los Angeles*, No. 2:11-cv-08145-CAS (SHx), 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (finding in 2014 that $650 was a reasonable rate for an attorney without much civil rights experience because "he was an experienced trial lawyer and was familiar with Fourth Amendment doctrine").) Recently, in October 2025, the Honorable Jesus G. Bernal awarded the following to attorneys in a civil rights matter: law school graduation 2013, hourly rate $925; and graduation 2014, rate $850; graduation 2015, rate $800. *See C.B. v. Moreno Valley Unified School District, et al.*, Case No. EDCV 21-0194 JGB (SPx), 2025 WL 3040876 at *5-6 (C.D. Cal. Oct. 2, 2025; *see also Richards v. Cnty. of San Bernardino*, No. 5:17-cv-00497-HDV-SP, 2026 WL 1383447, at *3 (C.D. Cal. May 12, 2026) (awarding a 10-year associate $850 per hour).

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

22.     A reasonable fee for my professional services during the time that I worked on this matter (in 2025 and 2026) is **$850** per hour based on the recommendation of Carol A. Sobel. See Declaration of attorney Carol A. Sobel filed concurrently herewith at ¶¶33-35, 44, 50, 51, 53 and exhibits thereto; *see also LA International Corp. v. Prestige Brands Holdings, Inc.*, 168 F.4th 608, 624-26 (9th Cir. 2026) (holding that small firms can be awarded big law rates in a motion for attorney fees, and the district court abused its discretion in setting rates based on the attorney's prior fee award, with a slight adjustment for complexity and inflation, rather than calculating the fee based on the prevailing market rate). As a result of my nearly 10 years (9 years as an attorney and one during law school) of experience exclusively working on civil rights cases, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work. Further, courts routinely recognize that fee rates increase over time. *See Charlebois v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv-10-0853-DOC, at *24 (C.D. Cal. May 30, 2012); *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. ED-cv--07-1512 ABC-OPx, 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012) ("It is common practice for attorneys to periodically increase their rates for various reasons, such as to account for expertise gained over time...").

23.     Given the great experience I have had prosecuting civil rights cases under the mentorship of Dale K. Galipo, a reasonable fee for my professional services during the time that I worked on this matter is $850 per hour. As a result of my unique experience, I believe it is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work.

DECLARATION OF MARCEL F. SINCICH IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

| Biller | Marcel F. Sincich |
|---|---|
| Firm | DKG |
| Position | Attorney |
| Practice Years | 9 |
| Total Hours Billed | 584.2 |
| Hourly Rate | $850 |
| Lodestar Total | $496,570 |
| Total with 2.0 Multiplier | $993,140 |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 14th day of July, 2026.

_____
Marcel F. Sincich

11                    Case No. 5:25-cv-00331-KK-DTB