**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel: (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF CALIRNIA, by and through California Highway Patrol, and SEAN IRICK,<br><br>Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>[*Honorable Kenly Kiya Kato*]<br>Magistrate Judge David T. Bristow<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT**<br><br>[*Filed concurrently with supporting declarations and exhibits*]<br><br>Date: August 27, 2026<br>Time: 9:30 a.m. |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES .........................................1

I.    INTRODUCTION........................................................................................1

II.   DEFENDANTS WAIVED THEIR ARGUMENTS BY FAILING TO OBJECT .......................................................................................................2

III.  LEGAL STANDARD ................................................................................3

IV.  ARGUMENT ............................................................................................4

     A.    There was Evidence of Future Economic Loss ..................................4

     B.    Division or Reduction of the Verdict is Not Warranted..................6

     C.    An Offset is Not Warranted ...........................................................10

V.    CONCLUSION.........................................................................................12

L.R. 11-6.2. CERTIFICATE OF COMPLIANCE .................................................13

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT

# **TABLE OF AUTHORITIES**

Cases

*389 Orange St. Partners v. Arnold*,
179 F.3d 656 (9th Cir. 1999)..................................................................................4

*Allstate Ins. Co. v. Herron*,
634 F.3d 1101 (9th Cir. 2011)...............................................................................2

*B.B. v. County of Los Angeles*,
471 P.3d 329 (2020) ...............................................................................................8

*C.B. v. City of Sonora*,
769 F.3d 1005 (9th Cir. 2014)..............................................................................11

*Castro v. County of Los Angeles*,
833 F.3d 1060 (9th Cir. 2016)................................................................................4

*Conrad v. Ball Corp.*,
24 Cal.App.4th 439 (1994)....................................................................................12

*Espinoza v. Machonga*,
9 Cal.App.4th 268 (1992).....................................................................................12

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*,
314 F.3d 48 (2d Cir.2002)......................................................................................2

*Flynn v. Terrebonne Parish School Bd.*,
348 F.Supp.2d 769 (E.D. LA. November 2, 2004) ...............................................4

*Greathouse v. Amcord, Inc.*,
35 Cal.App.4th 831 (1995).............................................................................11, 12

*Harper v. City of Los Angeles*,
533 F.3d 1010 (9th Cir. 2008)................................................................................4

*Jarvis v. Ford Motor Co.*,
283 F.3d 33 (2d Cir. 2002).....................................................................................2

*K.J.P. v. County of San Diego*,
621 F.Supp.3d 1097 (S.D. 2022).........................................................................11

*Kauffman v. Maxim Healthcare Servs., Inc.*,
509 F. Supp. 2d 210 (E.D.N.Y. 2007)....................................................................2

*Lavoie v. Pac. Press & Shear Co.*,
975 F.2d 48 (2d Cir. 1992).....................................................................................2

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*,
212 F.3d 493 (9th Cir. 2000)............................................................................7, 11

*Paterson v. California Dep't of Gen. Servs.*,
No. 2:05CV-00827-MCE-JFM, 2008 WL 4186037, at *1 (E.D. Cal. Sept. 10, 2008).........................................................................................................................7

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT

*Pavon v. Swift Transp. Co.,*
192 F.3d 902 (9th Cir. 1999)................................................................................7

*United States v. CB & I Constructors, Inc.,*
685 F.3d 827 (9th Cir. 2012)................................................................................4

*Valtrus Innovations, Ltd. v. Google LLC,*
No. 25-cv-07063-PCP, 2026 WL 2110073, at *1 (N.D. Cal. July 10, 2026)...2

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,*
259 F.3d 1101 (9th Cir. 2001)............................................................................11

<u>Statutes</u>

Federal Rules of Civil Procedure Rule 51 .....................................................................2

Federal Rules of Civil Procedure Rule 59(e) ..........................................................2, 4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On May 13, 2026, this jury reached a unanimous verdict against Defendants State of California, by and through California Highway Patrol, and Sean Irick, on Plaintiff's claim for excessive force under 42 U.S.C. §1983, and state law claims for negligence, battery and violation of the Bane Act. The jury awarded Plaintiff $750,000.00 in past pain and suffering and emotional distress, $2,750,000.00 in future pain and suffering and emotional distress, and $120,000.00 in future economic loss, totaling $3,620,000. On June 16, 2026, the Court entered judgment in favor of Plaintiff and against Defendants, mirroring the jury verdict finding the following: (1) Irick used excessive force against Gonzalez; (2) Irick's use of excessive force was a substantial factor in causing injury or harm to Gonzalez; (3) Irick violated the Bane Act; (4) Irick used unreasonable force against Gonzalez; (5) Irick's use of unreasonable force was a substantial factor in causing injury or harm to Gonzalez; (6) Irick was negligent in his use of deadly force against Gonzalez; (7) Irick's negligence was a substantial factor in causing Gonzalez's injuries or harm; (8) Gonzalez was negligent; (9) Gonzalez's negligence was a cause of his own injuries or harm; (10) Irick was 55% responsible and Gonzalez was 45% responsible under negligence; and (11) Gonzalez's damages are $3,620,000 (as described above). (Doc. 165.)

Defendants now seek to amend the Judgment entered against them in three untenable and illogical ways: (i) to reduce Plaintiff's economic loss to zero; (ii) to arbitrarily divide the total verdict by four and apportion one fourth with a reduction of 45% based on Plaintiff's negligence; and (iii) to offset Plaintiff's jury verdict against Irick based on his settlement with prior defendants Reynoso and Sobaszek.

Defendants' motion fails for several reasons. Defendants waived their arguments by not submitting countervailing proposed jury instructions or verdict forms and by not objecting to Plaintiff's proposed jury instructions or verdict form

at the time of filing. Defendants did not raise a timely objection to the Court's proposed jury instructions or verdict form when given an opportunity to do so. Further, there was evidence of economic loss. Plaintiff contends that Defendants requests invite error and have they met their burden.

## II.    DEFENDANTS WAIVED THEIR ARGUMENTS BY FAILING TO OBJECT

"Rule 59(e) does not permit a party to 'raise arguments ... for the first time when the party could reasonably have been raised earlier in the litigation.'" *Valtrus Innovations, Ltd. v. Google LLC*, No. 25-cv-07063-PCP, 2026 WL 2110073, at *1 (N.D. Cal. July 10, 2026) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)).

> "Under Rule 51 of the Federal Rules of Civil Procedure, a party in a civil action must make specific objections to jury instructions before the jury retires to deliberate." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 61 (2d Cir.2002). *See Jarvis v. Ford Motor Co.,* 283 F.3d 33, 57 (2d Cir. 2002) ("'[F]ailure to object to a jury instruction or the form of an interrogatory prior to the jury retiring results in a waiver of that objection.... Surely litigants do not get another opportunity to assign as error an allegedly incorrect charge simply because the jury's verdict comports with the trial courts instructions.'" (quoting *Lavoie v. Pac. Press & Shear Co.*, 975 F.2d 48, 55 (2d Cir. 1992))). *See also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure: Civil 2d § 2805 at 57-58 ("This principle [preservation] has particular application to claims of error in instructions that were not objected to since it is stated in so many words in Rule 51.").

*Kauffman v. Maxim Healthcare Servs., Inc.*, 509 F. Supp. 2d 210, 215 (E.D.N.Y. 2007).

Prior to trial, in Defendants Memorandum of Contentions of Fact and Law, Defendants make no mention of apportionment based on other officer's liability nor reduction of damages based on settlement. (Doc. 83.) Defendants did not submit a proposed verdict form that included settled officers' liability but instead agreed to

2                    Case No. 5:25-cv-00331-KK-DTB

the Proposed Joint Special Verdict Form. (Doc. 106.) In Section 7. Parties' Claims and Defenses of the Proposed Final Pretrial Conference Order, Defendants did not assert any affirmative defense that reflect the arguments raised in the present Motion; Defendants make no argument related to the issues raised here in their contentions under each of Plaintiff's claims; and Defendants do not object or suggest any modification to the elements of each claim; and in Section 8. Remaining Triable Issues, Defendants make no mention of apportionment of damages nor reduction of damages based on settlement with the City. (Doc. 107-1). Defendants did not address these issues by trial brief or in the brief ordered by the Court based on statements made at the pre-trial conference. (Doc. 134.)

During trial, Defendants were agreeable with the preliminary jury instructions. (T1 at 8:11-16.) When asked if there were any issues by counsel, even prior to jury selection, there was no mention of instructions or interrogatories concerning the negligence of Sobaszek and Reynoso. (T1 at 9:23, 16:4-25.) The statement of the case read to the jury at the outset was that "Mr. Gonzalez contends that *defendant Sean Irick* used excessive and unreasonable deadly force and was negligent in the use of deadly force against him"; not Sobaszek and Reynoso. (T1 at 23:2-10 (emphasis added).) Then prior to closing arguments, the Court provided counsel with a copy of the jury instructions and verdict form and Defendants did not bring up any issues with the jury instruction or verdict form and made no objection to them. (T3 at 459:17-463:18.)

Yet, Defendants now erroneously claim that "[t]he verdict form were unclear as to the apportionment of damages to each cause of action." (Doc. 167, Mot at 3:13-14.) Defendants never raised this issue prior to this filing. Therefore, their arguments are waived.

## III.    LEGAL STANDARD

"A district court has considerable discretion to grant or to deny a motion under Rule 59(e). A court's reconsideration of a prior order is an extraordinary

3                    Case No. 5:25-cv-00331-KK-DTB

remedy which should be used only sparingly." *Flynn v. Terrebonne Parish School Bd.*, 348 F.Supp.2d 769, 771 (E.D. La. November 2, 2004). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Defendants agree, their Motion should not be granted if this standard is not met. (Doc. 167, Motion at 4:3-12.) Here, there are no highly unusual circumstances, no newly discovered evidence, no clear error, and no intervening change in controlling law. Defendants' Motion must fail because the standard cannot be met.

## IV.   **ARGUMENT**

### A.   **There was Evidence of Future Economic Loss**

First, Defendants' reliance on several cases reviewing the denial of a motion for judgment as a matter of law, not an amended judgment, is mistaken; these are not controlling or persuasive here. *See, e.g., Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1028 (9th Cir. 2008) (same); *United States v. CB & I Constructors, Inc.*, 685 F.3d 827, 839 (9th Cir. 2012) (same). Generally, Defendants' authority is not binding and does not control where there is a showing of economic loss, as here.

The Court was clear to give the jury "preliminary instructions to help [the jury] understand the principles that apply to civil trials and to help [the jury] understand the evidence as [they] listen[ed] to it." (T1 at 96:24-97:2). That in mind, the Court appropriately instructed the jury that "[i]t is your duty to find the facts from all the evidence in the case" (T1 at 97:10-11); to not be influenced by personal likes or dislikes, prejudices or sympathy (T1 at 97:13-15); that "you must decide the case solely on the evidence before you" and the Court's instructions as to the law (T1 at 97:15-16, 98:13-15); that the burden of proof is by a preponderance of the evidence, meaning they only must be persuaded that a claim is probably more true

4   Case No. 5:25-cv-00331-KK-DTB

than not true (T1 100:24-101:3); and "Circumstantial evidence is proof of one or more facts from which you could find another fact (T1 102:19-20). "Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense." (T1 at 103:3-7.) "In reaching your verdict, you may consider only the testimony and exhibits received into evidence." (T1 at 101:12-13.)

The Court properly instructed the jury on determining the measure of damages including the following: "you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence…. You should consider… The reasonable value of necessary medical and psychological care, treatment, and services that with reasonable probability will be required in the future…. The plaintiff does not have to prove the exact amount of damages that will provide reasonable compensation for the harm…. You must use your judgment to decide a reasonable amount based on the evidence and your common sense." (T3 at 594:24-596:6.)

Defendants claim that there is no evidence to support future economic loss is an inaccurate reading of the record. Dr. Ryan O'Connor, Plaintiff's medical expert, testified that the bullet entered "[t]he musculature of the leg, and then when it entered into the abdominal cavity, it hit part of the colon and tore a hole in the colon, and then came to rest on the right side of the abdomen." (T2 at 337:20-25.) Further, in "the emergency room, they stabilized him initially with a blood transfusion. He was rushed to the operating room where they performed a procedure called an exploratory laparotomy. So they put him under anesthesia and then they did an incision from the top of his stomach all the way down to the pubic bone and opened up his belly and explored the entire abdomen for signs of injury. I mentioned they found the damage to the colon that needed to be repaired. And they were also able to locate and remove the bullet that we've been looking at in these images. (T2 at 342:20-343:4.) Gonzalez, "developed an abdominal infection. So he started

making a lot of pus in his abdomen and got sick from that. They had to take him back to the operating room to do another surgical procedure to drain the infectious material and to put in a drain into the abdomen so that it could continue to drain the infection over the next several days while they were treating him with intravenous antibiotics." (T2 at 343:8-16.) Even on cross examination, "in the medical records it's described as a serosal injury, so the substance of the colon -- the colon is like a tube, so the -- the substance of the colon was damaged by the bullet passing through and that needed to be repaired." (T2 at 346:12-17.)

Thereafter, Plaintiff testified that after his discharge from the hospital, he has continued to have pain and other problems including to his abdomen and colon. (T2 at 352:3-9.) Plaintiff testified that he has continued issues with his digestive system to this day. (T2 at 352:10-12.) Plaintiff testified that during surgery, the doctors essentially had to take his "guts" out and put them back in and that now his body is not digesting normally. (T2 at 352:13-17.) Plaintiff described how harmful it is to pass stool and that he leaks mucus, blood and feces from his colon. (T2 at 352:22-23.) Plaintiff described how he has tried to deal with the issue by wearing diapers, stuffing toilet paper or a tampon or pads in that area, having to use different soaps and wipes to stay clean and even attempting duct tape. (T2 at 352:24-353:5.) This is required not just to stop the leak in general but because of the harsh smell. (T2 at 353:9-14.) Thus, Plaintiff continues to seek medical treatment (i.e., requires future medical care) with a gastrointestinal surgeon. (T2 at 353:17-20.)

Substantial evidence supports a jury finding that Plaintiff will require medical and psychological care, treatment, and services in the future and supporting the award for future economic damages.

**B.    Division or Reduction of the Verdict is Not Warranted**

Defendants essentially argue that there are separate damages for violations of federal and state law. The special verdict form used did not require the jury to specifically allocate damages for Plaintiff's Section 1983 claim and for the state law

claims. Accordingly, Defendants seek an amendment to the Court's Judgement. However, here there is no error in law or fact, there is no highly unusual circumstance, there is no newly discovered evidence presented to the Court, no clear error, and no intervening change in the controlling law that would permit an apportionment of damages based on claims. The damages for all the claims were the same; they cannot be apportioned.

First, there is no comparative fault for Defendant Irick's violation of the Bane Act, which if that were the only claim Plaintiff pursued, the damages award would still be a total of $3,620,000. Second, there is no comparative fault for Defendant Irick's violation of the Fourth Amendment of the United States Constitution for his use of excessive force, which if that were the only claim Plaintiff pursued, the damages award would still be a total of $3,620,000. Third, there is no comparative fault for Defendant Irick's use of unreasonable deadly force against Plaintiff in violation of state law (battery), which if that were the only claim Plaintiff pursued, the damages award would still be a total of $3,620,000. Thus, and the law is clear, "the Court has a general obligation to uphold lawful jury awards whenever possible." *Paterson v. California Dep't of Gen. Servs.*, No. 2:05CV-00827-MCE-JFM, 2008 WL 4186037, at *1 (E.D. Cal. Sept. 10, 2008) (*citing Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 509-510 (9th Cir. 2000); and *Pavon v. Swift Transp. Co.*, 192 F.3d 902, 910-911 (9th Cir. 1999)). Here, it is possible for the Court to uphold the lawf0ul jury award of $3,620,000 to Plaintiff for each of his three intentional act claims.

Defendants do not meet their burden as Defendants' authority is not binding nor instructive. The *Paterson* court considered a reduction of <u>punitive damages</u> according to the Title VII's $300,000 cap on damages. 2008 WL 4186037, at *1. There is a great difference between damages meant to compensate a plaintiff for the harm caused by another and damages meant to punish the defendants in part so that the harm is not repeated. There is also a great distinction between a reduction of

7

Case No. 5:25-cv-00331-KK-DTB

punitive damages separate from compensatory damages where there is a statute distinguishing the two. Plaintiff, out of compassion, dropped punitive damages against Irick. Here, all damages in question are compensatory damages. The jury found that $3,620,000 would make Plaintiff whole from what Defendant Irick took from him. Plaintiff deserved to be made whole.

Plaintiff contends that Defendants would not have wanted a line item for compensatory damages under each claim for relief, because the jury may have awarded more damages, and Defendants would be arguing error for double recovery. Damages should, and the Ninth Circuit Model Jury Instructions and the CACI agree, be separated only by the type of damage (i.e., compensatory, punitive), not claim.  "Damages are not assessed by defendant or by claim but for an injury, a verdict form need not allocate damages between the separate claims when a plaintiff suffered a single, indivisible injury from a continuous course of action." *French v. City of Los Angeles*, No. ED-cv-2000416-JGB-SPx, 2022 WL 2189649, at *13-14 (C.D. Cal. May 10, 2022) (citing *Archibald v. County of San Bernardino*, No. ED-v-1601128-AB-SPx, 2018 WL 6017032, at *9 (C.D. Cal. Oct. 2, 2018)).

The district court holds "complete discretion" over the use of a special or general verdict, including "the form of the verdict." *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1476 (9th Cir. 1995). The Court need only ensure that "the questions are adequate to obtain a jury determination of all the factual issues essential to judgment." *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999). That is why "it is preferable not to combine theories [of liability]" on a verdict form, *Mangold*, 67 F.3d at 1476, but not necessarily for damages that have become "a post-verdict legal issue for the court." *Duran v. Town of Cicero*, 653 F.3d 632, 640 (7th Cir. 2011). The jury was instructed to award full and fair compensation for Plaintiff's damages, not his claims. Under Defendants' logic, since the jury was convinced by the preponderance of the evidence that Plaintiff's past and future pain and suffering damages are $3,500,000, then the Plaintiff should be awarded

8                    Case No. 5:25-cv-00331-KK-DTB

$3,500,000 for Irick's violation of the Fourth Amendment, $3,500,000 for Irick's violation of the Bane Act, and $3,500,000 for Irick's wrongful battery of Plaintiff.

Second, the proposed reduction to the jury verdict is arbitrary and is not in the interest of justice. The erroneous premise of Defendants' Motion reveals the impossible conclusion in their request. If Plaintiff had only one cause of action – it does not matter which one – under the facts of this case and the jury instructions properly given, the damages award would be the same. If this was only a Fourth Amendment case, Plaintiff would be awarded a total of $3,620,000, if this was only a Bane Act case, Plaintiff would be awarded a total of $3,620,000, if this was only a Battery case, Plaintiff would be awarded a total of $3,620,000. Equity determines that Plaintiff should be awarded a total of $3,620,000. The jury found that Defendant Irick violated the Constitution and did so in violation of the Bane Act, then awarded appropriate damages. The jury's findings should be upheld.

Third, the issue of negligence apportionment was well-covered and settled in the California Supreme Court case *B.B. v. County of Los Angeles*, 471 P.3d 329, 331-33 (2020), where the jury found liability against officers for negligence and battery and awarded $8 million in wrongful death damages and the Court held that the comparative fault finding for the negligence claim could not reduce the jury award because there was also a finding of an intentional tort (battery). "California's principles of comparative fault have never required or authorized the reduction of an intentional tortfeasor's liability based on the acts of others." *Id*. at 344. "Based on the preceding analysis, we hold that section 1431.2, subdivision (a), does not authorize a reduction in the liability of intentional tortfeasors for noneconomic damages based on the extent to which the negligence of other actors — including the plaintiffs, any codefendants, injured parties, and nonparties — contributed to the injuries in question." *Id*. at 348. There are three intentional actions in this matter (Battery, Bane Act, Fourth Amendment). Thus, the jury award should not be apportioned, and Defendants Motion should be denied in full.

## C.    An Offset is Not Warranted

Defendants' request for an offset fails for several reasons. First, Defendants waived the request. Offset is an affirmative defense, and Defendants never pleaded it, never preserved it in the Pretrial Conference Order, and never raised it at trial. It appears for the first time in this Motion. Second, Defendants cannot carry their burden on the merits, because they have not shown that the City of Hemet settlement compensated the same injury as the verdict against Irick. Third, even if the Court were to entertain an offset, California law caps it at the economic share of the settlement: at most $27,750.

First, offset is Defendants' burden to plead and prove, and Defendants did neither. Defendants did not plead offset as an affirmative defense; did not preserve it in the Pretrial Conference Order; did not submit a proposed verdict form listing Sobaszek or Reynoso for apportionment; did not object to Plaintiff's proposed verdict form, or to the Court's instructions and verdict form when given the opportunity; and did not argue in closing that Sobaszek or Reynoso were at fault. Defendants' own authority confirms the consequence. Defendants cite *K.J.P. v. County of San Diego*, 621 F. Supp. 3d 1097 (S.D. Cal. 2022), but that case undercuts their position. The *K.J.P.* court denied the defendants' motion for judgment as a matter of law premised on the argument that non-parties should have been included in the special verdict form, *id.* at 1157, noting only in dicta that such an apportionment *may* be relevant to a reduction in damages, not that it would be. *Id*. at 1133. And, as here, "Defendants did not object to the language of [the jury instructions or verdict form] at trial on this ground despite the Court providing Defendants numerous opportunities to do so." *Id.* at 1134. "By waiting until post-trial motions to raise its specific contentions, Defendants prevented the Court from correcting any problem[, if it existed] ex ante. Defendants cannot now assert the special verdict form was improper." *Id*. (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1110 (9th Cir. 2001)) (quotation marks omitted).

The *K.J.P.* court further found that "[e]ven if the objection had been timely, the … verdict form, taken together with the jury instructions, was correct." *Id*.

Second, on the merits, Defendants must prove that the settlement and the verdict compensated the same, indivisible injury. They cannot. There is not a complete overlap between the claims Plaintiff settled and the claims tried to the jury. Plaintiff settled claims against the City of Hemet for ratification, inadequate training, and an unconstitutional custom, practice, or policy; Irick never faced those claims. The jury found that Irick's use of force caused Plaintiff's injuries, and Defendants have not proved that Sobaszek or Reynoso shot Plaintiff. Consistent with the only evidence of liability the jury heard, the agreed-upon verdict form permitted apportionment between Irick and Gonzalez alone.

"Moreover, [State Defendants'] proposed allocation would conflict with the district court's general obligation to preserve lawful jury awards when possible." *Passantino*, 212 F.3d at 510. The jury's award was lawful and should be preserved.

Third, even if the Court were to entertain a setoff notwithstanding Defendants' waiver, and their failure to meet their evidentiary burden, California law would limit it to a small fraction of the settlement. Setoffs apply only to economic damages; settlement payments attributable to noneconomic damages are never subject to offset. *C.B. v. City of Sonora*, 769 F.3d 1005, 1031-32 (9th Cir. 2014) (affirming denial of offset where the settling party caused a distinct injury); *Greathouse v. Amcord*, Inc., 35 Cal. App. 4th 831 (1995); *Espinoza v. Machonga*, 9 Cal. App. 4th 268 (1992). Here, economic damages are approximately 3.3% of the verdict. And it is Defendants' burden to establish the amount of any setoff, including what portion of the Hemet settlement is attributable to economic damages. Defendants did not even attempt that showing: their Motion offers no allocation, no evidence, and no calculation, only a demand that the entire settlement be credited against the entire verdict, which California law forbids.

Plaintiff requests that the Court deny the offset request outright: Defendants waived it, and they cannot prove that the settlement compensated the same injury as the verdict. In the alternative, any setoff must be calculated under *Greathouse* and *Espinoza*, limited to the economic share of the settlement.

## V.    CONCLUSION

Based on the above, Defendants' Motion should be denied in full.

Respectfully Submitted,

DATED:  July 28, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**


By: _____/s/_____ *Marcel F. Sincich*_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff* George Gonzalez

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND THE JUDGMENT

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 3,914 words (excluding the caption page, signature blocks, and certificate of compliance), which complies with the word limit of L.R. 11-6.2.

Respectfully Submitted,
DATED:  July 28, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**


By: _____/s/_____ _Marcel F. Sincich_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
_Attorneys for Plaintiff_ George Gonzalez