**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION**

**HONORABLE KENLY KIYA KATO, U.S. DISTRICT JUDGE**

| | | |
|---|---|---|
| **GEORGE GONZALEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **CV 25-331 KK (DTBx)** |
| **CITY OF HEMET, et al.,** | ) | |
| | ) | **Volume 1** |
| **Defendants.** | ) | **(Pages 1 - 194)** |
| _____ | ) | |

**REPORTER'S TRANSCRIPT OF TRIAL PROCEEDINGS**
**JURY TRIAL:  DAY ONE**
**FRIDAY, MAY 8, 2026**
**9:14 AM**
**RIVERSIDE, CALIFORNIA**

**MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR**
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET
RIVERSIDE, CALIFORNIA  92501
MYRAPONCECSR@GMAIL.COM

**UNITED STATES DISTRICT COURT**

MS. BEARS:  No objections from defendants.

THE COURT:  Very well.

You also have the statement of the case, if you'd like to review that.

Any objections?

MR. GALIPO:  We're agreeable to the statement of the case, Your Honor.

THE COURT:  Thank you.

MS. BEARS:  As are defendants.  Thank you.

THE COURT:  Very well.

You also have the preliminary jury instructions. They're all models.

MR. GALIPO:  Plaintiffs -- plaintiff is agreeable to the proposed instructions.

THE COURT:  Thank you.

MS. BEARS:  As are defendants, Your Honor.

THE COURT:  Thank you.

We also have the stipulated facts that I intend to read after opening statements.

MR. GALIPO:  Plaintiff is agreeable.

THE COURT:  Thank you.

MS. BEARS:  As are defendants, Your Honor.

THE COURT:  Thank you.

And I also just provided a copy of the standard trial rules in this courtroom, so please make sure that you are

familiar with those.

In terms of jury selection, I'm going to again remind counsel that when you are proposing to thank and excuse a juror pursuant to your peremptories, put the name or the number of the juror on a piece of paper, show it to opposing counsel, make sure that there's no objection, and then you can thank and excuse that juror.

I do have one issue regarding the exhibits.  So I have reviewed both parties' exhibit notebooks, and both parties have exhibits that appear to be either portions of the body cam video or still photos taken from the body cam video that have been edited.  So sometimes we have additional markings.  I know defense has circles around portions of it; similarly, plaintiff has edited photos.

I would be inclined to only allow the marked-up photos for purposes of demonstratives and not go back to the jurors, and only let the actual video or photos unedited, unaltered go back to the jurors.

MR. GALIPO:  Plaintiff has no objection to that.

MS. BEARS:  No objection, Your Honor.

THE COURT:  All right.  Very well.

Then those are the issues that I have.

Anything on behalf of counsel?

MR. GALIPO:  Yes.  Briefly, Your Honor.

First, plaintiff is agreeing to withdraw the

is some marginal relevance, it's substantially outweighed by the 403 factors.

MS. BEARS:  Thank you, Your Honor.

Now that I've -- I've addressed plaintiff's concerns.  One thing that I failed to bring up at the final pretrial conference is I believe Your Honor instructed that a witness will take the stand only once.  Is that correct?

THE COURT:  Unless the parties have a reason to recall them on their rebuttal case.

MS. BEARS:  So, therefore, Your Honor, on our witness list is also Officer Irick.  After plaintiff's counsel is done with his questioning, then may I open with this witness while he is still on the stand?

THE COURT:  Yes.

MS. BEARS:  And may I instruct the jury that at this time I am opening and advise the Court so that we could follow the reason why I've changed course?

THE COURT:  I'm not following you.  I've never done that.

MS. BEARS:  That's usually -- what I've done is at this time, Your Honor, I would like it open with this witness so that counsel and the bench know the direction of the questioning.

THE COURT:  I don't think that's necessary.

MS. BEARS:  Okay.  Thank you, Your Honor.

**UNITED STATES DISTRICT COURT**

as possible, particularly with your time as jurors.

I'm now going to read a summary of the case.

"This case arises from an officer-involved shooting of George Gonzalez on January 24th, 2024, at approximately 8:30 PM by California Highway Patrol Officer Sean Irick.

"Mr. Gonzalez contends that defendant Sean Irick used excessive and unreasonable deadly force and was negligent in the use of deadly force against him.  Mr. Gonzalez further contends that he was injured as a result of being shot.  Mr. Gonzalez seeks damages as permitted by law.

"Defendants deny these claims."

Having heard that summary of the case, are there any one of you who believe that you have knowledge about this case?

I see no hands.

Counsel, any objections?

MR. GALIPO:  No objection.

MS. BEARS:  No objection.

THE COURT:  I now want to introduce you to our court staff.  I am Judge Kato.  Our courtroom deputy clerk is Ms. Dominique Carr.  My law clerks who you will see come in and out of the courtroom are Sabriyya Pate, Kevin Chen, and Xavier Richie, and our court reporter is Myra Ponce.

Do any of you know any of us?

I see no hands.

Counsel, any objections?

MR. GALIPO:  1:00 o'clock.  Thank you.

(Lunch recess taken.)

(Out of the presence of the jury:)

THE COURT:  Counsel, you may remain seated, but we are bringing in the jurors at this time.

MR. GALIPO:  Thank you, Your Honor.

(In the presence of the jury:)

THE COURT:  Good afternoon, ladies and gentlemen.  I hope you had a good lunch.

Just a matter of house- -- couple of matters of housekeeping.  When you come in, we rise for you, so once you're in, you can go ahead and sit down.  We will remain standing until all of you are seated, however.

Also, if you do need to communicate with me again, just please provide a signed note to Ms. Carr.  In addition, our courtrooms are open to the public, so you might see people wandering in or out.  That's perfectly fine.

If, however, you see somebody that you recognize come in, please let Ms. Carr know right away.

With that, I am going to instruct you on some preliminary issues before we get started with the next phase of the trial.

Members of the jury, you are now the jury in this case.  It is my duty to instruct you on the law.  These instructions are preliminary instructions to help you

**UNITED STATES DISTRICT COURT**

understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions to refer to throughout the trial.  These instructions are not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, these instructions will be collected and I will give you a final set of instructions.  It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you, whether you agree with it or not, and you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious

awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer or any other electronic means via e-mail, text messaging, or any Internet chat room, blog, website, or application, including but not limited to Facebook, YouTube,

**UNITED STATES DISTRICT COURT**

parties, the witnesses, or the lawyers -- until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.

Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it

means you must be persuaded by the evidence that the claim or affirmative defense is probably -- is more probably true than not true.  You should base your decision on all of the evidence regardless of which party presented it.

The evidence you are to consider in deciding what the facts are consists of:

1.   The sworn testimony of any witness;

2.   The exhibits that are admitted into evidence;

3.   Any facts to which the lawyers have agreed; and

4.   Any facts that I may instruct you to accept as proved.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by

the Court's ruling on it.

3.   Testimony that is excluded or stricken or that you are instructed to disregard is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose.  When I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4.   Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and

see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means, when you are deciding the case, you must not consider the stricken evidence for any purpose.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says or part of it or none of it.

UNITED STATES DISTRICT COURT

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF RIVERSIDE      )
                         )
STATE OF CALIFORNIA      )

             I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.


                         DATED THIS 8TH DAY OF MAY, 2026.



                         /S/ MYRA L. PONCE
                         _____
                         MYRA L. PONCE, CSR NO. 11544, CRR, RDR
                           FEDERAL OFFICIAL COURT REPORTER


**UNITED STATES DISTRICT COURT**