UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

HONORABLE KENLY KIYA KATO, U.S. DISTRICT JUDGE

GEORGE GONZALEZ,                      )
                                      )
                    Plaintiff,        )
                                      )
     v.                               )          Case No.
                                      )     CV 25-331 KK (DTBx)
CITY OF HEMET, et al.,                )
                                      )          Volume 3
                    Defendants.       )     (Pages 455 - 664)
_____)

REPORTER'S TRANSCRIPT OF TRIAL PROCEEDINGS
JURY TRIAL:  DAY THREE
TUESDAY, MAY 12, 2026
8:24 AM
RIVERSIDE, CALIFORNIA

_____

**MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR**
FEDERAL OFFICIAL COURT REPORTER
3470 12TH STREET
RIVERSIDE, CALIFORNIA  92501
MYRAPONCECSR@GMAIL.COM

UNITED STATES DISTRICT COURT

459

TUESDAY, MAY 12, 2026; 8:24 AM

RIVERSIDE, CALIFORNIA

-oOo-

(Out of the presence of the jury:)

THE COURTROOM DEPUTY:  Calling Item Number 1, ED CV 25-331, George Gonzalez versus City of Hemet, et al.

Counsel, please state your appearances starting with the plaintiff.

MR. GALIPO:  Good morning, Your Honor.  Dale Galipo with Marcel Sincich and Trent Packer on behalf of the plaintiff.

THE COURT:  Good morning.

MR. SINCICH:  Good morning, Your Honor.

MS. BEARS:  Good morning, Your Honor.  Amie Bears with Mario Garcia and defendant Officer Sean Irick.

THE COURT:  Good morning.

We are going to resume with the jury at 8:45.  In the meantime, we have provided you with the jury instructions as well as the verdict form.  I know that we had a prior copy on your desk earlier.  The only difference is that that copy of both the jury instructions and the verdict form still had the punitive damages issue in it, so that's been removed.

I can tell you with respect to the jury instructions, the only notable changes are Juror Number -- Jury Instruction Number 10, which is the stipulation of fact.  The

UNITED STATES DISTRICT COURT

way in which Number 3 was worded I thought was awkward, so the parties had stated, "Defendant Sean Irick was acting within the course and scope of his employment during the incident with the defendant State of California."  I've moved that "with the defendant State of California" to immediately follow "employment."  I think that makes more sense.

The Bane Act is just the model CACI.  So I do believe that the parties had -- or defendant had proposed omitting portions of Element Number 2, but I'm going to include the full CACI model.

Plaintiff had proposed an instruction regarding "weapon in hand not enough," and I'm going to decline to provide that instruction.

Those are the only notable issues that I had.

Are there any issues with respect to the jury instructions that counsel would like to raise?

MR. GALIPO:  From plaintiff's perspective, just a few, Your Honor.

Instruction 19 on page 26, which I believe is the excessive force instruction --

THE COURT:  Yes.

MR. GALIPO:  And the Court may have already ruled on this.  But Item -- Factor 2, I am aware that that is the model instruction.  And unlike the state jury instructions, they have specific instructions on deadly force where this instruction

461

just applies generally to all force, deadly or nondeadly.

I think it's pretty clear from the case law and the evidence in this case that the issue is whether it's an immediate threat of death or serious bodily injury.

So we -- we ask that one instruction be modified to fit this deadly force case as opposed to just being a threat to the safety. We don't think under this case -- now, obviously, I can argue what the evidence is. But that is our one issue with that instruction.

THE COURT: And so what would you propose as a change?

MR. GALIPO: "Whether he posed an immediate threat of death or serious bodily injury to defendant Sean Irick or to others."

THE COURT: And that is consistent with that concluding language as well?

MR. GALIPO: Yes, it is.

THE COURT: On page 28.

MR. GALIPO: Yes, Your Honor.

THE COURT: So, Ms. Bears, I do think that would be appropriate, particularly in light of that concluding language so that we don't have any inconsistency.

MS. BEARS: Your Honor, I understand counsel's question and concern, but I believe that the last sentence on 28 is adequate and we would rather stick with the model

instruction, that it does go to whether there was an immediate threat to the safety.

MR. GALIPO: I believe, Your Honor, even the comments to that instruction tell the Court that if it's a deadly force case, they can modify that language.

THE COURT: All right. Very well. Then I am going to modify Jury Instruction Number 19, in particular at line 25 through 27. That will now read, "whether plaintiff, George Gonzalez, posed an immediate threat of death or serious bodily injury to defendant Sean Irick or to others."

Mr. Galipo.

MR. GALIPO: Yes. The only other comment I had, this is on Instruction 21, page 30, which I believe is the battery instruction.

THE COURT: Yes.

MR. GALIPO: The first element about "intentionally touched." Given the nature of this case, I think it should be "intentionally shot."

THE COURT: All right. I'm going to let you argue that.

MR. GALIPO: Okay. That's fine.

And those are all the comments from the plaintiff's perspective.

THE COURT: Thank you.

Ms. Bears.

MS. BEARS:  No further comments, Your Honor.

THE COURT:  All right.  Very well.

So no further comments, no objections to the jury instructions as we've just discussed.

MR. GALIPO:  Thank you, Your Honor.

MS. BEARS:  Thank you, Your Honor.

THE COURT:  With respect to the verdict form, other than just cleaning up some of the language, for example, making sure that our references to the parties were consistent, the only thing that we've done is to move the Bane Act claim to be the second claim.  I've had this come up in other cases where you get an inconsistent verdict, and so I want it to be right behind the 1983 claim.  So if there's a -- a defense finding on the 1983 claim, they would skip the Bane Act claim.

MR. GALIPO:  Understood.

Plaintiff is agreeable to the proposed verdict form.

THE COURT:  Ms. Bears?

MS. BEARS:  Yes, Your Honor, as are defendants.

THE COURT:  Very well.

Ms. Bears, do we anticipate that the officers will be the first witnesses today?

MR. GARCIA:  No, Your Honor.  The first witness will be Mr. Bonilla, actually.

THE COURT:  All right.  Then, again, have you spoken with him with the assistance of an interpreter?

"Defendant Sean Irick cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing George Gonzalez's harm.

"You may decide that more than one of the involved officers used unreasonable force but that the unreasonable force of only one of them could have actually caused a portion of plaintiff George Gonzalez's harm.  If you cannot decide which involved officers caused any portion of plaintiff George Gonzalez's harm, you must decide that each involved officer is responsible for the harm.

"However, if defendant Sean Irick proves that he did not cause a portion of plaintiff George Gonzalez's harm, then you must conclude that defendant Sean Irick is not responsible.

"In this case, defendant Sean Irick was the employee of the defendant State of California.

"If you find that defendant Sean Irick was acting within the scope of his employment when the incident occurred, then defendant State of California is responsible for any harm caused by defendant Sean Irick.

"The parties have stipulated that defendant Sean Irick was acting within the course and scope of his employment during the incident with the defendant State of California.

"It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the

UNITED STATES DISTRICT COURT

Court does not mean to suggest for which party your verdict should be rendered.

"If you find for the plaintiff on any claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.   You should consider the following:

"1.   The nature and extent of the injuries;

"2.   The disability, disfigurement, and loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;

"3.   The mental, physical, and emotional pain and suffering exercised and that with reasonable probability will be experienced in the future;

"4.   The reasonable value of necessary medical and psychological care, treatment, and services received to the present time; and

"5.   The reasonable value of necessary medical and psychological care, treatment, and services that with reasonable probability will be required in the future.

"It is for you to determine damages," if any -- I'm sorry.  "It is for you to determine what damages, if any, have been proved.

"The plaintiff does not have to prove the exact

UNITED STATES DISTRICT COURT

amount of damages that will provide reasonable compensation for the harm.  Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.  No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense."

Ladies and gentlemen, those are my initial instructions.  I will have just a few after you hear from counsel.

We will now go into closing argument.

Mr. Galipo will have the first opportunity to make an opening argument.  Then the defense will make their closing argument.  And then plaintiff will make their closing argument. Because it is plaintiff's burden, they do have the last word.

I want to remind you that counsel's closing argument is not evidence.  If counsel's interpretation of the facts differs from how you remember them, you should rely upon your own memory.  Also, if counsel's discussion of the law differs from the way in which I have given it to you, you must follow the law as I have given it to you.

Mr. Galipo.

MR. GALIPO:  Thank you, Your Honor.

Thank you, ladies and gentlemen of the jury.  I want to thank all of you for being such good jurors and, at least according to the Court, the most prompt jury she's ever had.

UNITED STATES DISTRICT COURT

664

**CERTIFICATE OF OFFICIAL REPORTER**


COUNTY OF RIVERSIDE      )
                         )
STATE OF CALIFORNIA      )


          I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT

REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT

TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING

IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY

REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT

THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.


                         DATED THIS 12TH DAY OF MAY, 2026.



                         /S/ MYRA L. PONCE
                         _____
                         MYRA L. PONCE, CSR NO. 11544, CRR, RDR
                         FEDERAL OFFICIAL COURT REPORTER



**UNITED STATES DISTRICT COURT**