**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

**GRECH, PACKER, & HANKS**
Trenton C. Packer (SBN 241057)
tpacker@grechpackerlaw.com
7095 Indiana Ave Ste 200
Riverside, CA 92506
Tel:   (951) 682-9311

*Attorneys for Plaintiff*, GEORGE GONZALEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>STATE OF CALIRNIA, by and through California Highway Patrol, and SEAN IRICK,<br><br>　　　　Defendants. | Case No. 5:25-cv-00331-KK-DTB<br><br>**PLAINTIFF'S OBJECTIONS TO THE DECLARATION OF JAMES P. SCHRATZ AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY, OR IN THE ALTERNATIVE, PORTIONS OF MR. SCHRATZ'S DECLARATION** |

## <u>TABLE OF CONTENTS</u>

OBJECTION NO. 1 AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY ............................................................... 1

    A.    Insufficient and Incorrect Data and Unreliable Methodology in Determining Reasonable Hours ............................................................. 3

    B.    Unreliable Data and Methodology in Determining Reasonable Attorney Hourly Rates ........................................................................ 5

    C.    Mr. Schratz's Opinions are Unreliable and His Declaration Should Be Stricken in Its Entirety ......................................................... 7

OBJECTION NO. 2 AND REQUEST TO STRIKE PORTIONS OF SCHRATZ DECLARATION ................................................................. 7

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Amphastar Pharms. Inc. v. Aventis Pharma SA*,
No. 5:09-CV-00023-SHK, 2020 WL 8680070 (C.D. Cal. Nov. 13, 2020)..3, 5

*Branham v. Snow*, No. 1:01-cv-0152-JDT-WTL, 2006 WL 1750443, at *3 (S.D. Ind. June 19, 2006) ...................................................................................7

*Brown v. City of Pittsburgh*,
No. CIV.A 06-393, 2010 WL 2207935, at *2 n.3 (W.D. Pa. May 27, 2010)...7

*Conde v. Velsicol Chem. Corp.*,
24 F.3d 809 (6th Cir. 1994)..................................................................2

*Curtin v. Cnty. of Orange*,
No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *12 (C.D. Cal. Jan. 31, 2018)...............................................................................4, 6, 7

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) .........................................................................1, 4

*Donastorg v. City of Ontario*,
No. ED-cv-18992-JGB-SPx, 2021 WL 6103545, at *8-9 (C.D. Cal. Sept. 23, 2021).................................................................................................9

*Duran v. U.S. Bank Nat. Ass'n*,
No. 2001-035537, 2010 WL 5607042 (Cal. Super. Dec. 16, 2010) ................8

*Ecological Rts. Found. v. Hot Line Constr., Inc.*,
No. 5:20-cv-01108-AB-KK, 2024 WL 3507023, at *2 (C.D. Cal. July 19, 2024)...............................................................................................10

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992)...............................................................5

*General Elec. Co. v. Joiner*,
522 U.S. 579 (1993) ............................................................................2

*Gordon v. Los Angeles Unified Sch. Dist.*,
No. 218CV00919CASJCX, 2019 WL 2511936, at *3 (C.D. Cal. June 17, 2019)...............................................................................................10

*Greenpeace, Inc. v. Stewart*,
No. 17-35945, 2020 WL 2465321, at *2, 6-7 (9th Cir. May 12, 2020)............9

*In re Paoli R.R. Yard PC Litig.*,
35 F.3d 717 (3rd Cir. 1994)...................................................................2

*Kalani v. Starbucks Corp.*,
No. 13-cv-00734-LHK, 2016 WL 379623, at *6 (N.D. Cal. Feb. 1, 2016)......7

*King Cnty. v. Rasmussen,*
 299 F.3d 1077 (9th Cir. 2002)..............................................................................10

*Kumho Tire Co., Ltd. v. Carmichael,*
 526 U.S. 137 (1999) ..........................................................................................1

*Lopez v. San Francisco Unified Sell. Dist.,*
 385 F. Supp. 2d 981 (N.D. Cal. 2005) ..........................................................6

*Nelson v. Tennessee Gas Pipeline Co.,*
 243 F.3d 244, 250 (6th Cir. 2001)..................................................................2

*Roberts v. City of Honolulu,*
 938 F.3d 1020 (9th Cir. 2019)........................................................................8

*Scott v. Jayco Inc.,*
 No. 1:19-CV-0315 JLT, 2021 WL 6006411 (E.D. Cal. Dec. 20, 2021)...........2

*United Steelworkers of Am. v. Phelps Dodge Corp.,*
 896 F.2d 403 (9th Cir. 1990)..........................................................................8

*Wit v. United Behav. Health,*
 578 F. Supp. 3d 1060 (N.D. Cal. 2022) ......................................................3, 5

*Zuegel v. Mountain View Police Dep't,*
 No. 17-CV-03249-BLF, 2021 WL 2808977 (N.D. Cal. July 6, 2021).............3

Statutes

Federal Rules of Evidence, Rule 702 ........................................................................1

**TO THE HONORABLE COURT, DEFENDANTS, AND THEIR ATTORNEYS OR RECORD**:

Plaintiff George Gonzalez hereby submits Objections to the Declaration of James P. Schratz and Request to Strike Mr. Schratz Declaration in its Entirety, or in the Alternative, Portions of Mr. Schratz Declaration.

**OBJECTION NO. 1 AND REQUEST TO STRIKE SCHRATZ DECLARATION IN ITS ENTIRETY**

Mr. Schratz is not qualified as an expert to opine on the reasonableness of attorneys' fees pursuant to Federal Rules of Evidence, Rule 702, and therefore, his entire declaration should be stricken in its entirety and excluded from consideration.

Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court has a "gatekeeping role" to screen expert testimony, and judges have discretion to determine whether such testimony is admissible, depending on its reliability and relevance. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-97 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Reliability is determined by assessing "whether the reasoning or methodology underlying the testimony is scientifically valid," whereas relevance depends upon "whether [that] reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. "[A]ny step that renders the analysis unreliable…renders the expert's testimony inadmissible." *In re Paoli R.R. Yard PC*

*Litig.*, 35 F.3d 717, 745 (3rd Cir. 1994). Consequently, the Court may exclude an expert's opinions based on obvious mistake in the expert's investigation or reasoning process, *General Elec. Co. v. Joiner*, 522 U.S. 579, 592 (1993), where there are analytical gaps between the data and the opinion, *Conde v. Velsicol Chem. Corp.*, 24 F.3d 809, 814 (6th Cir. 1994), or where the opinion is purely speculative, *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001), among other things.

Mr. Schratz purports to be a fee auditor and argues that Plaintiff's requested fees should be reduced based upon the number of hours billed and the hourly rates requested. However, Mr. Schratz's declaration does not meet the standards of Rule 702 because his declaration will not help the Court understand the evidence or determine the facts in issue. *See Scott v. Jayco Inc.*, No. 1:19-CV-0315 JLT, 2021 WL 6006411, at *3 (E.D. Cal. Dec. 20, 2021) (in declining to adopt or even consider Mr. Schratz's opinions in deciding an attorneys' fee motion, a district court stated, "whether fees should be awarded—and the reasonableness of the fees requested—are matters of law for the Court to decide.").

Additionally, courts have repeatedly rejected Mr. Schratz's methodologies in determining hourly rates and reasonable hours. *See*, *e.g.*, *Zuegel v. Mountain View Police Dep't,* No. 17-cv-03249-BLF, 2021 WL 2808977, at *6-7 (N.D. Cal. July 6, 2021) ("[m]ultiple courts, including the Ninth Circuit, have already held that [Mr. Schratz's] methodology in calculating fees lacks legal and factual support."); *Amphastar Pharms. Inc. v. Aventis Pharma SA*, No. 5:09-cv-00023-SHK, 2020 WL 8680070, at *18 (C.D. Cal. Nov. 13, 2020) (rejecting Mr. Schratz's analysis and argument in reducing hours for excessive conferencing); *Wit v. United Behav. Health*, 578 F. Supp. 3d 1060, 1085 (N.D. Cal. 2022), *vacated and remanded due to stipulation by all parties*, No. 22-15184, 2023 WL 8723695 (9th Cir. Dec. 15, 2023) (rejecting Mr. Schratz's arguments for reduction due to block-billing, vagueness, and excessive conferencing due to flawed methodology). Specifically in this case,

Mr. Schratz's opinions are neither based on correct or sufficient data nor sound methodology.

### A.   Insufficient and Incorrect Data and Unreliable Methodology in Determining Reasonable Hours

First, Mr. Schratz erroneously claims that Plaintiff's counsel provided no support for their billing rates; claims "minimal work" should not be recoverable without any authority; and claims arbitrarily that "well-run litigation typically requires no more than four percent of time to be devoted to intra-office conferencing" again without authority; makes unnecessary ad hominem remarks in an attempt to be persuasive as opposed to using a reliable methodology;  comments repeatedly without authority or foundation; and does not claim to have any experience auditing attorney's fees in civil rights police shooting cases such as this. Further, categorical exclusion, as Mr. Schratz suggest, is not reliable methodology but is instead, "unsupported speculation" that is prohibited under *Daubert*. *See Curtin v. Cnty. of Orange*, No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *12 (C.D. Cal. Jan. 31, 2018) (declining to consider Mr. Schartz's declaration in determining attorney' fees because the district court found that Mr. Schratz's "opinions are based on 'subjective belief' and are 'unsupported speculation' prohibited by *Daubert*.').

Second, Mr. Schratz takes issue with Mr. Johnson's "minimal work" in defending depositions and appears to suggest that those reasonable hours should not be recoverable at all. However, there is no doubt that experts need to be defended at deposition. Further, in order to sufficiently prepare for these depositions, Mr. Johnson would need to have had an understanding of the records that these experts relied upon for their opinions. Moreover, Mr. Schratz does not give a "concise but clear" explanation as to how a complete reduction of Mr. Johnson's billings would apply, which the Ninth Circuit has held is inappropriate. *See Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992).

Third, courts have criticized Mr. Schratz's methodology in determining "excessive intra-office conferencing," finding that Mr. Schratz overstates the time attorneys spend on conferencing and includes numerous entries that describe tasks that do not involve communications between counsel and/or are not properly considered conferencing. *See Wit*, 578 F. Supp. 3d at 1086; *Amphastar Pharms. Inc.*, 2020 WL 8680070, at *18-20. Mr. Schratz has done so again here. For example, Mr. Schratz considers the entire amount of time billed in his list of "excessive intra-office conferencing," when there are often multiple tasks performed in the entries. Additionally, Mr. Schratz often lists entries that have nothing to do with intra-office conferencing or communications. (*See*, *e.g.*, Doc. No. 178, Exhibit 8 at 146 of 381 (Draft FAC) and 151 of 381 (Assist DKG with Officer Irick Deposition)). This is because Mr. Schartz's method for identifying intra-office conferencing in billing records is to simply perform a word search for phrases and words such as "meet with," "discuss," "call," "correspond," or "team" and then copy and paste all entries found with those words into his list without actually reading the entries he pasted into his exhibit. Thus, Mr. Schratz's opinions on "excessive intra-office conferencing" cannot be relied upon because they are based on flawed methodology. *See Wit*, 578 F. Supp. 3d at 1084, 1085 (identifying Mr. Schratz's same flawed methodology for "block billing" and "vague entries" and finding Mr. Schratz's opinion unreliable due to his flawed methodology).

Lastly, Mr. Schratz takes issue with what he claims to be work performed on claims against the City of Hemet. Mr. Schratz attempts to separate what he believes to be tasks related only to the City of Hemet (Defense Exhibit 14) and tasks related to both the City defendants and the State Defendants. Yet, again, with no apparent methodology in making these determinations besides an effort to reduce fees in any way possible. Mr. Schratz ignores that the State wanted and benefitted from the Protective Order in both producing and receiving documents in discovery. Further, preparing for and conducting depositions of witness officers (even if they are from

the City) was necessary in this matter, also because State Defendants called these officers as witnesses at trial. Mr. Schratz claims that preparation for the deposition of Plaintiff's own police practices expert, Jeffrey Noble, is somehow related to claims against the City despite State Defendants' participation and examination of Mr. Noble at deposition and trial. Even some of the legal issues in opposition to the City motion for summary judgment were relevant to Officer Irick – as he argues in his post-trial motions.

**B.      Unreliable Data and Methodology in Determining Reasonable Attorney Hourly Rates**

Mr. Schratz once again employs his unsound methodology in coming up with hourly rates for Plaintiff's attorneys. "Multiple courts, including the Ninth Circuit, have already held that [Mr. Schratz's] methodology in calculating fees lacks legal and factual support." *Curtin v. Cnty. of Orange*, No. SA-cv-16-00591-SVW-PLA, 2018 WL 10320668, at *11 (C.D. Cal. Jan. 31, 2018) (citing *Lopez v. San Francisco Unified Sell. Dist.*, 385 F. Supp. 2d 981, 992-93 (N.D. Cal. 2005)). Here, Mr. Schratz cherry-picked cases awarding fees to Plaintiff's counsel from years ago, in order to justify his substantially-reduced hourly rates for Plaintiff's counsel. Despite claiming to be "familiar with what law firms practicing in Los Angeles County Superior Court and the United States District Court for the Central District of California" (Schratz Decl. ¶41), he claims no special knowledge of civil right litigation. Offering opinions on attorney rates for forums in which Mr. Schratz lacks experience and knowledge appears to be a pattern for him. *See Curtin*, 2018 WL 10320668, at *12 (calling into question Mr. Schratz's claim that he is familiar with the amount attorneys in the Central District of California seek as hourly rates and what courts typically award); *Kalani v. Starbucks Corp.*, No. 13-cv-00734-LHK, 2016 WL 379623, at *6 (N.D. Cal. Feb. 1, 2016) (disregarding Mr. Schratz's citations to out-of-district authority to determine the prevailing market rate for in-district attorney fee award); *Branham v. Snow*, No. 1:01-cv-0152-JDT-WTL, 2006

WL 1750443, at *3 (S.D. Ind. June 19, 2006) (rejecting Mr. Schratz's suggested reduced hourly rates because "he has not demonstrated himself to have any familiarity with the Indianapolis legal market.").

Several courts have recognized that Mr. Schratz lacks the expertise to opine on attorney hourly rates for the specific cases at issue, such as civil rights cases. *See Curtin*, 2018 WL 10320668, at *12 (finding Mr. Schratz was not qualified as an expert to provide opinions on the reasonableness of attorney fees because he had no experience with the issues in a case of *Monell* claims and civil rights violations involving sexual assault or rape); *Brown v. City of Pittsburgh*, No. CIV.A 06-393, 2010 WL 2207935, at *2 n.3 (W.D. Pa. May 27, 2010) ("there is no evidence Mr. Schratz has experience with civil rights litigation or trials."); *Duran v. U.S. Bank Nat. Ass'n*, No. 2001-035537, 2010 WL 5607042 (Cal. Super. Dec. 16, 2010) (finding that Mr. Schratz's experience in billing practices of firms that serve as panel counsel for insurance companies or staff counsel for insurance companies was "of little value in making an award in a wage and hour class action in which counsel are compensated entirely on a contingent fee basis as an exercise of the court's discretion.").

Additionally, Mr. Schratz inappropriately departs from the correct legal standard in categorically ignoring all of the declarations Plaintiff's attorneys and staff members submitted in support of their requested hourly rates (*see* Schratz Decl. at 1:8 (claiming "the requested billing rates are unsupported")). *See Roberts v. City of Honolulu*, 938 F.3d 1020, 1024-25 (9th Cir. 2019) (vacating and remanding district court's fee award because discarding unrefuted attorney declarations in support of requested fee rates and considering only previous fee awards in determining the prevailing market rate was a departure from the correct legal standard). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorneys, are satisfactory evidence of the

prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts have routinely relied upon declarations submitted in support of requested hourly rates in determining awarding fee requests. *See, e.g., Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, at *2, 6-7 (9th Cir. May 12, 2020) (overruling objections regarding two attorneys' requested hourly rates based on the education, specialized experience, and skills stated in their declaration); *Donastorg v. City of Ontario*, No. ED-cv-18992-JGB-SPx, 2021 WL 6103545, at *8-9 (C.D. Cal. Sept. 23, 2021) (considering attorneys' experience and skills in their declarations in awarding hourly rates).

### C. Mr. Schratz's Opinions are Unreliable and His Declaration Should Be Stricken in Its Entirety

Mr. Schratz claims that he "read and reviewed at least 189 documents totaling 5,383 pages" in analyzing Plaintiff's fee motion, fee entries, and all available documents in order to give proper foundation for his opinions (Schratz Decl. ¶20), yet the data he relies on, the methodology he employs, and the opinions he ultimately comes to are replete with flaws and mistakes. Accordingly, the Court should strike Mr. Schratz's declaration and exclude his declaration from consideration in deciding Plaintiff's Motion for Attorneys' Fees.

### OBJECTION NO. 2 AND REQUEST TO STRIKE PORTIONS OF SCHRATZ DECLARATION

First, Defendants seem to use Mr. Schratz =' Declaration as a means to exceed the page/word limit for briefs and improperly use the declaration as a means to provide points and authorities instead of supporting them. Several areas of Defendants Opposition have no legal authority and rely entirely on the 39-page Mr. Schratz Declaration, which specifically states that "[t]he case law referenced in this report is not being cited for its legal authority." (See Opp. at Section II.A.1, II.A.2, II.A.3, II.B.1, II.B.2, II.B.3, II.B.4, II.C; see Schratz Decl ¶30 at 11:9-1-10).

"[L]egal arguments are reserved for moving papers, and should not be inserted into declarations." *Gordon v. Los Angeles Unified Sch. Dist.*, No. 218CV00919CASJCX, 2019 WL 2511936, at *3 (C.D. Cal. June 17, 2019) (citing *King Cnty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002)). Here, Mr. Schratz has inserted numerous inappropriate legal arguments and legal conclusions in his declaration. Specifically, Plaintiff objects to paragraphs 29, 39, 40, 55, 56, 63, 70-72, 75, 79-82, 87, 95, 97-98, 100, 108-109, 112, 116, 118-119, 132-136, 147-159 as containing improper legal arguments and conclusions. Accordingly, should the Court choose to find that Mr. Schratz is qualified as an expert to opine on attorney fees, Plaintiff respectfully requests that the Court strike paragraphs 29, 39, 40, 55, 56, 63, 70-72, 75, 79-82, 87, 95, 97-98, 100, 108-109, 112, 116, 118-119, 132-136, 147-159 from his declaration as improper legal arguments and legal conclusions. *See Ecological Rts. Found. v. Hot Line Constr., Inc.*, No. 5:20-cv-01108-AB-KK, 2024 WL 3507023, at *2 (C.D. Cal. July 19, 2024) (rejecting Schratz's legal analysis contained in his declaration because it "is not the appropriate role of an expert.").

Respectfully Submitted,

DATED:  August 11, 2026

**LAW OFFICES OF DALE K. GALIPO**
**GRECH, PACKER, & HANKS**

By: _____/s/_____ *Marcel F. Sincich*_____
Dale K. Galipo
Marcel F. Sincich
Trent C. Packer
*Attorneys for Plaintiff* George Gonzalez

PLAINTIFF'S OBJECTIONS TO SCHRATZ DECLARATION AND REQUEST TO STRIKE