ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
MARIO E. GARCIA
Deputy Attorney General
State Bar No. 339990
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6294
  Fax:  (916) 731-2120
  E-mail:  Mario.Garcia@doj.ca.gov
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,**<br><br>Defendants. | 5:25-cv-00331-KK-DTB<br><br>**DEFENDANTS STATE OF CALIFORNIA ACTING BYAND THROUGH THE CALIFORNIA HIGHWAY PATROL AND SEAN IRICK'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND PURSUANT TO FED. R. CIV. PRO. RULE 59(e)**<br><br>Date:  August 27, 2026<br>Time:  9:30 a.m.<br>Courtroom:  3<br>Judge:  The Honorable Kenly Kiya Kato<br>Trial Date:  May 8, 2026<br>Action Filed: December 24, 2024 |

1

**INTRODUCTION**

Defendants State of California acting by and through the California Highway Patrol and Sean Irick (collectively Defendants) hereby submit their reply to Plaintiff George Gonzalez's (Plaintiff) opposition to Defendants motion to amend the judgment on the following grounds:

First, Plaintiff jury award for Future Economic Damages for $120,000 is not supported by substantial evidence. The trial testimony of Dr. Ryan O'Connor and Plaintiff failed to identify any evidence of future medical treatment or costs of such treatment, and as such the jury award was based entirely on speculation.

Second, because the jury found Plaintiff to be 45% negligent, the Court should reduce the apportioned award to the negligence claim only as delineated in Jury Instruction No. 35 to avoid any miscarriage of justice against Defendants.

Lastly, the Court should offset the jury's award against Defendants City of Hemet, Officer Andrew Reynoso, and Officer Patrick Sobaszek's (collectively City Defendants) settlement because the settling officers acted in concert with the non-settling Defendant Officer Sean Irick when they discharged their weapons causing indivisible injury to Plaintiff.

**ARGUMENT**

I. **PLAINTIFF FAILS TO IDENTIFY SUBSTANTIAL EVIDENCE SUPPORTING THE FUTURE ECONOMIC DAMAGES AWARD OF $120,000.00**

Plaintiff disputes Defendants' Motion by asserting that the jury was properly instructed and that its $120,000.00 future economic damages award was inherently reasonable. ECF No. 177 (Plaintiff's Opposition to Defendant's Motion (Opp.) at 4:20-28; 5:1-6. Under FRCP Rule 59(e), however, proper jury instructions cannot insulate a damages award that lacks substantial evidentiary support.

In the context of a FRCP Rule 59(e) motion, the Ninth Circuit recognizes that a jury award must be upheld if supported by substantial evidence. *Brighton Collectibles, LLC v. Believe Productions, Inc.,* Case No.2:15-cv-00579-CAS(ASx),

2018 WL 1381894, at *6 (C.D. Cal. Mar. 15, 2018) The relevant inquiry for substantial evidence is whether the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury verdict. . ." *Polar Bear Productions, Inc. v. Timex Corp.* (2004) 384 F.3d. 700, 708.

At trial, Plaintiff proffered no evidence of reasonably certain future medical or psychological expenses. Rather, Plaintiff argues that the future economic damage award is supported by Dr. O'Connor and Plaintiff's testimony that "Plaintiff will require medical and psychological care, treatment, and services in the future and supporting the award for future economic damages." ECF No. 177, (Opp.) at 6:22-24. Thus, Plaintiff is limiting his future economic damages to medical and psychological care only. *Id.* "To recover damages for future medical expenses, a plaintiff must show: (1) the reasonable value of each of the expected future medical charges; (2) that the future medical care, services, or suppliers are reasonably certain to be needed in treating the injury; and (3) that the condition requiring future medical care is casually connected with injuries inflicted by the defendant." *Sedie v. U.S.,* Case No. C-08-04417 EDL, 2010 WL 1644252 at *20 (N.D. Cal. April 21, 2010) citing Cal. Civ. Code 3282; *Hoffman v. Southern Pacific Co.*, 101 Cal.App.218, 229–30 (1929)). "An award of future medical expenses is inappropriate if the medical expenses are speculative." *Cantu v. United States*, Case No. CV 14-00219 MMM (JCGx), 2015 WL 4720580 at *34 (C.D. Cal. August 7, 2015.) citing to *Garcia v. Duro Dyne Corp.*, 156 Cal.App.4th 92, 97 (2007.)

Here, Plaintiff's emergency medical expert Dr. Ryan O'Connor did not provide any testimony corroborating Plaintiff's need for future medical or psychological care. Plaintiff points to the trial testimony of Ryan O'Connor to bridge this evidentiary gap. ECF No. 177 (Opp.) at 5:16–28, 6:1–21. That reliance is misplaced. Dr. O'Connor's testimony was strictly historical and diagnostic: he detailed the trajectory of the bullets, explained the immediate physical damage, and

3

described the emergent, acute treatment provided shortly after the incident. (*Id*.) He offered no prognosis, identified no anticipated future courses of treatment, and provided zero testimony regarding the nature, necessity, or cost of future care required to address Plaintiff's long-term health. Dr. O'Connor's testimony supported Plaintiff's past pain and suffering but provided no foundation for future economic loss. As such, the jury's reliance on Dr. O'Connor to support Plaintiff's future medical damages was speculative.

Plaintiff's testimony also did not provide sufficient evidence to support a finding of the three factors under *Sedie,* 2010 WL 1644252 at *20 Citing Cal. Civ. Code § 3282. Although Plaintiff testified as to his health condition at the time of trial, he admitted to no medical advice or diagnoses indicating a need for future treatment. Furthermore, the trial record is entirely devoid of evidence that Plaintiff has ever been evaluated or treated by a psychologist or psychiatrist since the incident. Without evidence of past psychological care, any finding that Plaintiff will require—and incur expenses for—future psychological care is sheer speculation.

Plaintiff bore the burden of proving future economic loss by presenting substantial evidence at trial. Having failed to offer expert prognosis testimony, medical bills, or cost projections on Plaintiff's future economic damages, Plaintiff left the jury to calculate a speculative $120,000.00 figure. Because the jury's award rests entirely on speculation, the court must grant Defendant's motion under Rule 59(e) and vacate the $120,000.00 future economic damages award.

II. **THE COURT HAS DISCRETION TO DIVIDE THE JURY AWARD EQUALLY BETWEEN ALL FOUR CAUSES OF ACTION TO FACTOR IN PLAINTIFF'S COMPARATIVE NEGLIGENCE.**

Plaintiff attempts to undermine Defendants' argument by arguing that Defendants cited inapplicable case law because the case law dealt with the reduction of punitive damages. ECF No. 177, (Opp.) at 7:23-28) It is true that

*Patterson* case discussed the reduction of punitive damages; however, Defendants cited this case to show that this rule generally applies to all damages. Plaintiff failed to address the *Passantino* case which *Patterson* cites to. In *Passantino*, the court allocated compensatory damages to the state law claim and the punitive damages to the federal claim. The Ninth Circuit held that "in the absence of a contrary directive, such as a statutory mandate that damages be allocated to one claim rather than another, the district court had authority to allocate the damages to either claim." *Passantino v. Johnson & Johnson Consumer Products, Inc.* (9th Cir.) 212 F.3d 493, 509.

Defendants do not contend that the comparative negligence can or should be applied to the 42 U.S.C. 1983 excessive force claim, the Bane Act claim, or the battery claim because they are intentional torts. Simply, Defendants argue that Plaintiff's comparative negligence should be factored against the apportionment to the negligence claim only. As Plaintiff correctly points out, the Court does have "a general obligation to uphold lawful jury award whenever possible;" however, this is a circumstance where the Court can amend the judgment especially since the jury found Plaintiff 45% comparatively negligent. ECF No. 152. Because the jury found that Plaintiff was comparatively negligent, the Court should also uphold the jury's finding. In fact, Jury Instruction No. 35 specifically contemplated that this Court would calculate the damages to be awarded based upon the jury's finding of comparative fault:

**35.    NEGLIGENCE – COMPARATIVE FAULT OF PLAINTIFF**
The defendants claim that plaintiff own negligence contributed to his harm. To succeed on this claim, the defendants must prove both of the following: 1. That George Gonzalez was negligent; and 2. That George Gonzalez's negligence was a substantial factor in causing his harm. If defendants prove the above, George Gonzalez's damages are reduced by your determination of the percentage of George Gonzalez's

responsibility. ***I will calculate the reduction.*** Source: CACI No. 405, (2026 Edition).

ECF No. 108. (emphasis added)

The theory behind Defendants' argument is not to formally designate award apportionment to each cause of action, but to find the most logical way for the Court to factor in the jury's finding of Plaintiff's 45% comparative negligence. By not doing so, the jury's finding of the comparative negligence would be pointless, and Defendants would have to pay more despite Plaintiff's culpability. As such, it would be in the interest of justice to figure out how much of the total award should be allocated to negligence and from there apply Plaintiff's comparative negligence.

### III. DEFENDANTS PROPERLY PLEAD THE OFFSET AFFIRMATIVE DEFENSE AND DID NOT WAIVE IT BECAUSE THE CITY OF HEMET AND ITS OFFICERS' SETTLEMENT WAS NOT FINALIZED.

Plaintiff argues that Defendants waived the offset affirmative defense because "Defendants did not plead offset as an affirmative defense." ECF No. 177 (Opp.) 10:11.) However, Defendants properly plead the offset affirmative defense in their Answer:

**AFFIRMATIVE DEFENSE NO. 6**:

The damages alleged in the Second Amended Complaint herein are subject to a set-off either partially or in full.

ECF No. 39.

Moreover, Plaintiff argues that Defendants failed to preserve their right to offset by not raising it in the Pretrial Conference Order. ECF 177, (Opp.) at 10:4. Plaintiff lodged the joint Pretrial Conference Order on April 9, 2026. ECF 107. On April 13, 2026, Plaintiff filed its notice of settlement status confirming the settlement. ECF No. 110. Because the joint Pretrial Conference Order was filed 4 days before the notice of settlement, raising the offset affirmative defense would have been premature because the status of the settlement was unknown to Defendants.

6

As such, Defendants could not have possibly objected to the language of the jury instructions, the verdict forms, and the joint proposed Pretrial Conference Order, at the time of their filing on April 9, 2026, because Plaintiff and City Defendants had not confirmed their settlement. ECF Nos. 106-108. Thus, asserting the offset affirmative defense at the pretrial stage would have been premature.

Plaintiff's argument that there "is not a complete overlap between the claims Plaintiff settled and the claims tried to the jury" is unintelligible. The claims asserted against Officer Irick, Officer Sobaszek, Officer Reynoso, CHP, and the City of Hemet in the Second Amended Complaint (ECF No. 38) were as follows:

| Claims Asserted | Plaintiff's Claim Was Brought Against |
| --- | --- |
| Claim 1: 42 U.S.C 1983 Fourth Amendment – Excessive force | City of Hemet officers Patrick Sobaszek and Andrew Reynoso and CHP Officer Sean Irick. |
| Claim 5: Battery (Cal. Govt. Code §820 and California Common Law) | City of Hemet officers Patrick Sobaszek and Andrew Reynoso and CHP Officer Sean Irick and against Hemet Police Department and the State vicariously. |
| Claim 6: Negligence (Cal. Govt. Code §820 and California Common Law) | City of Hemet officers Patrick Sobaszek and Andrew Reynoso and CHP Officer Sean Irick and against Hemet Police Department and the State vicariously. |
| Claim 7: Bane Act (Violation of Cal. Civil Code § 52.1) | City of Hemet officers Patrick Sobaszek and Andrew Reynoso and CHP Officer Sean Irick and against |

|  | Hemet Police Department and the State vicariously. |
|---|---|

As such, it is a misrepresentation that the claims between the City Defendants and Defendants did not completely overlap.

Second, Plaintiff argues that "Defendants have not proved that Sobaszek or Reynoso shot Plaintiff" is illogical. ECF No. 177 (Opp.) at 11:4-5, 9. Plaintiff's case-in-chief was based on the fact that Plaintiff was shot at multiple times by Hemet Police Department officers Officers Sobaszek and Reynoso and CHP Officer Irick. Based on the trial testimony of Defendants CHP Officer Sean Irick, Hemet Police Department Officers Patrick Sobaszek Andrew Reynoso, and Plaintiff's expert Scott Holdoway, there was an abundance of evidence presented to the jury that Plaintiff was shot by all three officers. Clearly, the shooting conducted by the non-settling officer (CHP Officer Irick) and the settling officers (Hemet Police Department Officers Sobaszek and Reynoso) resulted in the same injuries as if one or all officers had struck Plaintiff. To be sure, Defendants must meet the two factors set forth in *Velez v. Roche*, 335 F. Supp.2d 1022, 1042, which indicates:

> A nonsettling defendant may claim an offset for amounts paid in settlement by other defendants only if two conditions are met. **First, the nonsettling defendant must demonstrate that the settlement and award (against which the offset is sought) were for the same injury . . . .**(citations omitted) . . . .**Second, the injury must be indivisible such that there is joint and several liability among the settling and nonsettling defendants . . . .** (citations omitted.)

*Id*. emphasis added.

Defendants may claim an offset against City of Hemet and Hemet Police Department officers Sobaszek and Reynoso because they have met the *Velez* requirements. First, the injury alleged by Plaintiff was caused by the bullets striking Plaintiff's body. These injuries arose out of the officers' concerted act of shooting Plaintiff. As such, the acts of all Officers caused the same injury on Plaintiff, giving

rise to the claims against them. Second, the injury was indivisible because the acts of the officers, respectively, arose out of the common core of nucleus fact of their common intent to apprehend Plaintiff by shooting him and their acts of shooting ceased when Plaintiff was apprehended. As such, joint and several liability would be appropriate and the Court should offset the settlement against the jury award.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court amend the judgment to reduce the jury's future economic damages award of $120,000.00 to zero. Defendants request that the Court logically divide the $3,620,000.00 equally by four for each claim to ascertain the apportioned quantity to the negligence claim and then reduce it by Plaintiff's 45% comparative negligence. Lastly, Defendants request that the jury award be offset by City Defendants settlement because all of the Defendant officers acted in concert when they shot Plaintiff and the injury caused was indivisible such that there was joint and several liability.


Dated:  August 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General


/s/ Mario E. Garcia
MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*

9

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for State of California, certifies that this brief contains 2241 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated:  August 13, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California


*/s/ Mario E. Garcia*
MARIO E. GARCIA
Deputy Attorney General
*Attorneys for Defendants State of California acting by and through the California Highway Patrol and Sean Irick*