ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General
AMIE BEARS
Deputy Attorney General
State Bar No. 242372
 1300 I Street, Suite 125
 Sacramento, CA 95814
 Telephone: (916) 210-7663
 Fax: (916) 322-8288
 E-mail: Amie.Bears@doj.ca.gov
*Attorneys for Defendants California Highway
Patrol and Sean Irick*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEORGE GONZALEZ,** | 5:25-cv-00331-KK-DTB |
| Plaintiff, | **REPLY TO OPPOSITION TO DEFENDANTS' MOTION FOR A NEW TRIAL** |
| **v.** | |
| **STATE OF CALIFORNIA; CITY OF HEMET; PATRICK SOBASZEK; ANDREW REYNOSO; SEAN IRICK; and DOES 1-10, inclusive,** | Judge:      The Honorable Kenly Kiya Kato<br>Trial Date:   May 8, 2026<br>Action Filed: 12/24/2024<br>Hearing Date: August 27, 2026<br>Time: 9:30 a.m. |
| Defendants. | |

## INTRODUCTION

Plaintiff's Opposition to Defendants' motion for a new trial misses the central argument: allowing Holdway to testify to not just to the video manipulation, but also to his opinions as to who shot which bullet and when they shot them mislead the jury into believing these videos accurately reflected Officer Irick's perceptions.

The trial Judge was firm that only Officer Irick's perceptions could be presented to the jury, yet extensive testimony was allowed as to what was captured by other officers' body worn cameras. These officers had a different perspective

1

from Officer Irick. The Court went so far as to not even allow the officers who wore those cameras to testify as to where they were and what they saw.

Thus, by allowing testimony by someone who has no training or expertise in ballistics to testify regarding from which gun bullets originated and based his entire testimony of the body cams from officers other than Officer Irick, the jury was deprived of an accurate account of the events as they were perceived by Officer Irick. Indeed, the jury was given evidence that was not Officer Irick's perspective in contravention of the court's original ruling. This substantially prejudiced Defendants.

**THE COURT ERRED IN ALLOWING HOLDWAY TO TESTIFY REGARDING THE SEQUENCE AND SOURCE OF GUNSHOTS**

### A. HOLDAWAY WAS NOT QUALIFIED TO TESTIFY REGARDING THE SOURCE AND SEQUENCE OF THE GUNSHOTS

The opposition cites *Jones v. City of Los Angeles*, No. 2:20-cv-11147-FWS-SK, 2023 WL 2559230, at *3 (C.D. Cal. Feb. 24, 2023) for the proposition that a video expert's testimony as to his observations of what is depicted in the video are admissible and helpful to the jury as they were necessary to explain the basis for his expert opinions regarding his video analysis and editing and how he came to form his opinions. However, that reference does not accurately depict the Court's narrow ruling: "Mr. Latham's testimony regarding his mere observations drawn from the video evidence would be **unhelpful** to the jury, because the jurors can watch the videos for themselves and make their own factual determinations." *Jones v. City of Los Angeles*, No. 2:20-CV-11147-FWS-SK, 2023 WL 2559230, at *3 (C.D. Cal. Feb. 24, 2023)( emphasis added).

Likewise, the Opposition's citation to *Berbereia v. Cnty. of Kings*, No. 1:16-cv-00363LJOSKO, 2018 WL 1605689, at *3, 7 (E.D. Cal. Apr. 3, 2018) is unpersuasive. This was a decision on summary judgment and does not concern the

2

admissibility at trial of an unqualified video expert to discuss sequence and source of gunshots made.

While Courts have admitted video expert testimony regarding what is depicted in the videos they analyze, Mr. Holdaway has no training or expertise in ballistics or weapons. Despite his lack of expertise, he was allowed to offer conclusions and opinions regarding when the shots were fired, by whom, and the position of Plaintiff's body with respect to the person who was shooting. The exhibits offered in support of Plaintiff's opposition show that Court determined the photos would be admissible prior to trial, prior to any proof of the foundation for what they were being offered for. (Opposition Ex 2, Trial transcript pg 283. Ln 10-22**.)** Instead of depictions of what was observed from the body cameras of other officers, they were offered to show the source and sequence and the gunshots as perceived by Officer Irick. This was improper and should have been excluded. Fed. R. Evid 602, 702.

### B. ALLOWING HOLDAWAY TO TESTIFY REGARDING THE SOURCE AND SEQUENCE OF THE GUNSHOTS MISLED THE JURY

The opposition maintains that the Court properly ruled that the perceptions of other officers were more prejudicial than probative and irrelevant to the analysis of whether Irick's shooting was excessive or unreasonable. Yet, it was exactly these perceptions of the other officers via their body camera footage that were introduced at trial to purportedly prove what Officer Irick saw. The Court severely curtailed the examination of the officers who were actually wearing the body worn cameras so that any testimony regarding differing perspectives was not heard by the jury. This mislead the jury into believing that what was on the body cam videos was what Officer Irick perceived. This was reversible, prejudicial error.

/ / /

/ / /

/ / /

3

## CONCLUSION

The erroneous evidentiary ruling to allow the testimony of Mr. Holdaway regarding the sequence and source of the gunshots fired to prove what Officer Irick perceived substantially prejudiced Officer Irick and warrants a new trial.

Dated:  August 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
CATHERINE WOODBRIDGE
Supervising Deputy Attorney General

*/s/ Amie Bears*

AMIE BEARS
Deputy Attorney General
*Attorneys for Defendant State of California acting by and through the California Highway Patrol and Sean Irick*

SD2025300206
39968417

4

# CERTIFICATE OF SERVICE

Case Name:  **Gonzalez v. State of California, et al.**      No.   **5:25-cv-00331-KK-DTB**

I hereby certify that on <u>August 13, 2026,</u> I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**REPLY TO OPPOSITION TO DEFENDANTS' MOTION FOR A NEW TRIAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 13, 2026</u>, at Sacramento, California.

| Shelby Fuller | */s/ Shelby Fuller* |
|---|---|
| Declarant | Signature |

SD2025300206
45199286