UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-00331-KK-DTBx** | Date: | October 22, 2026 |
| Title: | ***George Gonzalez v. City of Hemet, et al.*** | | |

| | |
|---|---|
| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(In Chambers) Order DENYING State Defendants' Motion to Amend Judgment [Dkt. 167]; CONDITIONALLY DENYING State Defendants' Motion for New Trial [Dkt. 166]; and DENYING Plaintiff's Motion for Attorney's Fees WITHOUT PREJUDICE [Dkt. 169]**

## I. INTRODUCTION

This case arises from the shooting of plaintiff George Gonzalez ("Plaintiff") by Hemet Police Department ("HPD") Officer Patrick Sobaszek, HPD Sergeant Andrew Reynoso, and California Highway Patrol Officer Sean Irick on January 24, 2024. On June 5, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC") against defendants City of Hemet, Officer Sobaszek, and Sergeant Reynoso (collectively, "City Defendants"), and defendants State of California and Officer Irick (together, "State Defendants"), asserting claims for excessive force and municipal liability under 42 U.S.C. § 1983 ("Section 1983") and related state-law claims. ECF Docket No. ("Dkt.") 38, SAC.

Following the settlement of Plaintiff's claims against City Defendants, Plaintiff's claims against State Defendants proceeded to a jury trial on May 8, 2026. Dkt. 142. On May 13, 2026, the jury returned a verdict in favor of Plaintiff on all remaining claims. Dkt. 152.

On July 14, 2026, State Defendants filed the instant Motion for New Trial ("Rule 59(a) Motion") pursuant to Federal Rule of Civil Procedure 59(a) ("Rule 59(a)"), and Motion to Amend Judgment ("Rule 59(e) Motion") pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"). Dkt. 166, Rule 59(a) Motion ("Rule 59(a) Mot."); Dkt. 167, Rule 59(e) Motion ("Rule 59(e) Mot.").

On the same day, Plaintiff filed the instant Motion for Attorney's Fees ("Fees Motion"). Dkt. 169, Fees Motion.

The Court finds these matters appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, State Defendants' Rule 59(e) Motion is **DENIED**, State Defendants' Rule 59(a) Motion is **CONDITIONALLY DENIED**, and Plaintiff's Fees Motion is **DENIED WITHOUT PREJUDICE**.

## II.
## BACKGROUND

Plaintiff commenced this action by filing a Complaint in Riverside County Superior Court on December 24, 2024. Dkt. 1-1, Ex. A, Complaint. On February 5, 2025, defendant City of Hemet removed the action to this Court. Dkt. 1, Notice of Removal. On June 5, 2025, Plaintiff filed the SAC, asserting the following claims:

> **First Cause of Action:** Excessive Force, pursuant to Section 1983, against Officer Sobazsek, Sergeant Reynoso, and Officer Irick;
>
> **Second Cause of Action:** Municipal Liability – Ratification, pursuant to Section 1983, against defendant City of Hemet;
>
> **Third Cause of Action:** Municipal Liability – Failure to Train, pursuant to Section 1983, against defendant City of Hemet;
>
> **Fourth Cause of Action:** Municipal Liability – Unconstitutional Custom or Policy, pursuant to Section 1983, against defendant City of Hemet;
>
> **Fifth Cause of Action:** Battery, against Defendants;
>
> **Sixth Cause of Action:** Negligence, against Defendants; and
>
> **Seventh Cause of Action:** Violation of the Bane Act, pursuant to section 52.1 of the California Civil Code, against Defendants.

SAC ¶¶ 42-138. On June 19, 2025, State Defendants filed an Answer to the SAC. Dkt. 39, State Defendants' Answer. On June 20, 2025, City Defendants filed their Answers to the SAC. Dkts. 40-41, City Defendants' Answers.

On March 26, 2026, the parties filed their Motions in Limine.[1] Dkts. 71-79, Motions in Limine.

On April 13, 2026, Plaintiff filed a Notice of Settlement with respect to City Defendants. Dkt. 110, Notice of Settlement.

---

[1] On April 17, 2026, Plaintiff filed his Amended Motions in Limine. Dkts. 116-19, Amended Motions in Limine.

On April 22, 2026, the Court granted in part and denied in part Plaintiff and State Defendants' respective Motions in Limine. Dkt. 122, Order. Among other things, the Court denied State Defendants' request to exclude all testimony and video reconstructions from Plaintiff's forensic video analyst Scott Holdaway, finding Mr. Holdaway's testimony and video reconstructions were admissible under Federal Rule of Evidence 702 ("Rule 702"). Id. at 6-7.

On May 8, 2026, a jury trial on Plaintiff's claims against State Defendants commenced.[2] See Dkt. 142.

On May 13, 2026, the jury returned a verdict for Plaintiff on all claims. Dkt. 152, Verdict Form. With respect to the negligence claim, the jury found Plaintiff was 45 percent contributorily negligent and Officer Irick was 55 percent negligent. Id. at 6. The jury awarded Plaintiff $3,620,000 in total damages: (1) $750,000 for past pain and suffering and emotional distress; (2) $2,750,000 for future pain and suffering and emotional distress; and (3) $120,000 for future economic loss. Id. at 7.

On May 21, 2026, the Court dismissed Plaintiff's claims against City Defendants with prejudice pursuant to the parties' joint stipulation. See Dkts. 154-55.

On June 16, 2026, the Court entered judgment consistent with the jury's verdict. Dkt. 165, Judgment.

On July 14, 2026, State Defendants filed the instant Rule 59(a) and Rule 59(e) Motions. Rule 59(a) Mot.; Rule 59(e) Mot. On the same day, Plaintiff filed the instant Fees Motion. Fees Mot.

On July 24, 2026, Plaintiff filed an Opposition to the Rule 59(a) Motion. Dkt. 175.

On July 28, 2026, Plaintiff filed an Opposition to the Rule 59(e) Motion. Dkt. 177 ("Rule 59(e) Opp."). On the same day, State Defendants filed an Opposition to the Fees Motion. Dkt. 178.

On August 11, 2026, Plaintiff filed a Reply in support of the Fees Motion. Dkt. 181.

On August 13, 2026, State Defendants filed their Replies in support of the Rule 59(a) and Rule 59(e) Motions. Dkts. 182-83.

These matters, thus, stand submitted.

///

///

///

[2] In light of the Plaintiff's settlement with City Defendants, the remaining claims included (1) excessive force, pursuant to Section 1983, against Officer Irick, (2) battery against State Defendants, (3) negligence against State Defendants, and (4) violation of the Bane Act against State Defendants.

## III.
## LEGAL STANDARDS

### A. RULE 59(e)

Under Rule 59(e), a party may move to "alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Wood v. Ryan, 759 F.3d 1117 (9th Cir. 2014) (quoting Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). In general, a court may grant the motion "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). However, "[a] Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. 229 F.3d at 890.

### B. RULE 59(a)

Under Rule 59(a), a court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). In deciding a motion for a new trial, a court "may weigh the evidence and assess the credibility of witnesses and is not required to view the evidence in the light most favorable to the verdict." Morris v. W. Hayden Est. First Addition Homeowners Ass'n, Inc., 104 F.4th 1128, 1152 (9th Cir. 2024). If, after the weighing the evidence, the court "concludes that the verdict, 'even though supported by substantial evidence . . . is contrary to the clear weight of the evidence, or is based upon evidence which is false,' or that a new trial is necessary 'to prevent, in the sound discretion of the trial judge, a miscarriage of justice,'" the court may set aside the jury's verdict. Id. (quoting Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246, 256 (9th Cir. 1957)).

"[T]he authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." Dees v. Cnty. of San Diego, 960 F.3d 1145, 1155 (9th Cir. 2020) (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980)). A district court "is not limited to the grounds a party asserts to justify a new trial, but may sua sponte raise its own concerns about the damages verdict," Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 762 F.3d 829, 842 (9th Cir. 2014), as long as it provides the parties "notice and an opportunity to be heard," Fed. R. Civ. P. 59(d). However, "[t]he district court cannot substitute its 'evaluations for those of the jurors.'" Tortu v. Las Vegas Metro. Police Dep't, 556 F.3d 1075, 1084 (9th Cir. 2009) (quoting Union Oil Co. of Cal. v. Terrible Herbst, Inc., 331 F.3d 735, 743 (9th Cir. 2003)); see also Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001) ("[A] district court may not grant a new trial simply because it would have arrived at a different verdict.").

///

///

///

## IV.
## DISCUSSION

### A. RULE 59(e) MOTION

In their Rule 59(e) Motion, State Defendants request the Court (1) reduce the jury's award of damages for future economic loss to zero, (2) allocate the jury's damages award equally across all four claims and reduce the negligence award by the jury's contributory negligence finding, and (3) offset the damages award with the City Defendants' settlement award. Rule 59(e) Mot. at 4-10. As discussed below, the Court rejects each of State Defendants' arguments.

#### 1. Future Economic Loss

##### a. Applicable Law

Under Federal Rule of Civil Procedure 50 ("Rule 50"), a party may "move for judgment as a matter of law after the opposing party has been fully heard and prior to the submission of the case to the jury." Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003) (citing Fed. R. Civ. P. 50(a)). If the court does not grant the motion, a party "may file a renewed motion for judgment as a matter of law." Fed. R. Civ. P. 50(b). "Failing to make a Rule 50(a) motion before the case is submitted to the jury forecloses the possibility of considering a Rule 50(b) motion." Tortu, 556 F.3d at 1083. Additionally, "a proper post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a) motion." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009). Thus, "a 'party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion.'" OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., 897 F.3d 1008, 1016 (9th Cir. 2018) (quoting Freund, 347 F.3d at 761).

Ultimately, "Rule 59(e) was not meant to override the restrictions surrounding Rule 50." Skye Orthobiologics, LLC v. CTM Biomedical, LLC, 350 F.R.D. 641, 644 (C.D. Cal. 2025). "To hold otherwise would convolute Rule 59(e) into a procedural artifice which would make jury verdicts meaningless and judgments nullities." Trs. of Cent. States, Se. & Sw. Areas Pension Fund v. Golden Nugget, Inc., 697 F. Supp. 1538, 1549 (C.D. Cal. 1988).

##### b. Analysis

Here, State Defendants' Rule 59(e) Motion is procedurally foreclosed to the extent it requests a unilateral reduction of the jury's award for future economic loss. In essence, State Defendants seek judgment as a matter of law on Plaintiff's prospective economic damages based on the insufficiency of the evidence. See Rule 59(e) Mot. at 4-6. As such, the motion is governed by Rule 50 rather than Rule 59(e).[3] See Elm Ridge Expl. Co. v. Engle, 721 F.3d 1199, 1220 (10th Cir. 2013) ("Rule 59(e) does not apply to sufficiency of the evidence challenges."); Velazquez v. Figueroa-Gomez, 996 F.2d 425, 427 n.1 (1st Cir. 1993) ("We have found no authority supporting the proposition that a motion under Rule 59(e) may be used to reevaluate the weight of the evidence

[3] Indeed, State Defendants concede as much by reciting the standard for a Rule 50 motion for judgment as a matter of law in this section of the Rule 59(e) Motion. See Rule 59(e) Mot. at 4.

after a jury's verdict."). The Court therefore construes the Rule 59(e) Motion as a post-trial Rule 50(b) motion challenging the sufficiency of the evidence supporting the jury's damages award. See United States ex rel. Hoggett v. Univ. of Phoenix, 863 F.3d 1105, 1108 (9th Cir. 2017) (explaining a court should "look to the substance, not simply the title, of [a] postjudgment motion to determine whether it is in substance a motion to alter or amend the judgment"); Elm Ridge Expl. Co., 721 F.3d at 1220 (construing a Rule 59(e) motion challenging the sufficiency of the evidence as a Rule 50(b) motion).

Pursuant to Rule 50(b), State Defendants waived their right to judgment as a matter of law on this issue because they failed to assert it "prior to submission of the case to the jury, thereby giving [Plaintiff] the opportunity to correct any defects in proof." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1042 (9th Cir. 2003). State Defendants thus "cannot now challenge the sufficiency of the evidence supporting the damage award" by using Rule 59(e) to circumvent the requirements of Rule 50. Id.; see also Six Star Holdings, LLC v. City of Milwaukee, 821 F.3d 795, 804 (7th Cir. 2016) (explaining a defendant waived a challenge to the sufficiency of the evidence supporting a damages award by "fail[ing] to make a proper motion under [Rule] 50(a) prior to jury deliberations"); OTR Wheel Eng'g, Inc., 897 F.3d at 1016 ("Rule 50 governs the timing of a motion for judgment as a matter of law.") Moreover, even if State Defendants had presented a proper Rule 50(b) motion, the Seventh Amendment does not permit the Court to "order[] a remittitur without affording [Plaintiff] the option of a new trial." B. Braun Med., Inc. v. Rogers, 163 F. App'x 500, 506 (9th Cir. 2006).

Accordingly, State Defendants' purported Rule 59(e) Motion is **DENIED** on this basis. However, as discussed below, the Court finds a new trial on Plaintiff's damages for future economic loss is warranted. See infra Section IV.B.2.

**2. Allocation**

**a. Applicable Law**

A district court has a "general obligation to preserve lawful jury awards when possible." Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 510 (9th Cir. 2000). When a jury awards damages on claims "involv[ing] the same conduct . . . without differentiating between the claims, the awards [are] effectively fungible." Id. at 509. Thus, "[i]n the absence of a contrary directive, such as a statutory mandate that damages be allocated to one claim rather than another, the district court ha[s] authority to allocate the damages to either claim." Id.

Section 1431.2 of the California Civil Code provides, in relevant part: "In any action for personal injury . . . , based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only," such that "[e]ach defendant shall be liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Cal. Civ. Code § 1431.2(a). Notwithstanding this provision, "intentional tortfeasors are not entitled to reduce their liability based on the negligent acts of others." B.B. v. Cnty. of Los Angeles, 10 Cal. 5th 1, 23 (2020).

///

///

**b. Analysis**

Here, Plaintiff suffered a single, indivisible injury resulting from "the same conduct": Officer Irick's use of deadly force. Passantino, 212 F.3d at 509. The jury's award thus constitutes "a sum of money to compensate . . . [P]laintiff for that injury," Duran v. Town of Cicero, 653 F.3d 632, 640 (7th Cir. 2011) (emphasis added), and it makes "no sense to . . . apportion his damages between the claims," Archibald v. Cnty. of San Bernardino, No. EDCV 16-01128-AB-SPx, 2018 WL 6017032, at *9 (C.D. Cal. Oct. 2, 2018). Further, State Defendants identify no "contrary directive, such as a statutory mandate," requiring the Court to divide the jury's award across the four claims. Passantino, 212 F.3d at 509. The Court therefore finds no basis for State Defendants' proposed allocation.

Indeed, State Defendants' proposed allocation "would conflict with the district court's general obligation to preserve lawful jury awards when possible" by requiring the Court to find Plaintiff suffered separate and distinct injuries for each claim. Passantino, 212 F.3d at 510; see Duran, 653 F.3d at 640 ("[D]amages are not assessed 'by defendant' or 'by claim' but 'for' an injury." (citation modified)). However, nothing in the record supports such a finding, nor do State Defendants offer any basis or authority for the Court to do so. See Rule 59(e) Mot. at 7. Rather, because Plaintiff "suffered a single, indivisible injury from [Officer Irick's] conduct[,] the same facts presented to the jury supported a finding of damages under either the state law claims or Section 1983 claim." French v. City of Los Angeles, No. EDCV 20-00416-JGB-SPx, 2022 WL 2189649, at *14 (C.D. Cal. May 10, 2022).

For the same reasons, State Defendants' proposed allocation would also impermissibly permit them "to reduce their liability based on the negligent acts of others." B.B., 10 Cal. 5th at 23. In finding for Plaintiff on his battery and Bane Act claims, the jury determined Officer Irick committed intentional torts by using deadly force on Plaintiff. See Verdict Form at 3-4. Thus, State Defendants, as intentional tortfeasors, "are not entitled to reduction of their liability based on the negligent acts of others." B.B., 10 Cal. 5th at 23. To find otherwise, as State Defendants request, would "nullify[]" the jury's findings on Plaintiff's intentional tort claims and thereby "fail to respect the jury's verdict." Passantino, 212 F.3d at 510.

Accordingly, State Defendants' Rule 59(e) Motion is **DENIED** on this basis.

**3. Offset**

**a. Applicable Law**

Under section 877 of the California Code of Civil Procedure, a plaintiff's release of claims against one or more joint tortfeasors "shall reduce the claims against the others in the amount stipulated by the release[.]" Cal. Civ. Proc. Code § 877(a). "A defendant seeking an offset against a money judgment has the burden of proving the offset." Conrad v. Ball Corp., 24 Cal. App. 4th 439, 444 (1994). "California courts have interpreted California Civil Code section 1431.2 as limiting California Code of Civil Procedure section 877 to economic damages only." C.B. v. City of Sonora, 769 F.3d 1005, 1031-32 (9th Cir. 2014). Accordingly, "[s]ettlement payments attributable to non-economic damages are not subject to the setoff." Greathouse v. Amcord, Inc., 35 Cal. App. 4th 831, 838 (1995); see also Hellam v. Crane Co., 239 Cal. App. 4th 851, 863 (2015) ("[A] settling defendant has no liability for an award of noneconomic damages against a nonsettling defendant.").

b. **Analysis**

Here, California law does not entitle State Defendants to an offset of the jury's award for non-economic damages due to City Defendants' settlement. See Greathouse, 35 Cal. App. 4th at 838; Hellam, 239 Cal. App. 4th at 863. To the extent State Defendants seek an offset of the jury's award for economic damages, that request is moot in light of the Court's conditional denial of the Rule 59(a) Motion, as discussed below. See infra Section IV.B.2.

Accordingly, State Defendants' Rule 59(e) Motion is **DENIED** on this basis.

## B. STATE DEFENDANTS' RULE 59(a) MOTION IS CONDITIONALLY DENIED

In their Rule 59(a) Motion, State Defendants claim the Court erred in admitting Mr. Holdaway's testimony. See Rule 59(a) Mot. at 5-6. As discussed below, the Court rejects State Defendants' argument. Nevertheless, the Court finds a new trial limited to Plaintiff's damages for economic loss is warranted.

### 1. Mr. Holdaway's Testimony

a. **Applicable Law**

An erroneous evidentiary ruling warrants a new trial only when that ruling "'substantially prejudiced' a party." Harper v. City of Los Angeles, 533 F.3d 1010, 1030 (9th Cir. 2008) (quoting Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995)). "[W]hen error is established, [courts] must presume prejudice unless it is more probable than not that the error did not materially affect the verdict." Sidibe v. Sutter Health, 103 F.4th 675, 691-92 (9th Cir. 2024) (quoting Barranco v. 3D Sys. Corp., 952 F.3d 1122, 1127 (9th Cir. 2020)). The moving party has "the burden to show error," and only then does the "burden shift[]" to the prevailing party "to demonstrate that the error was harmless." Id. at 692.

Federal Rule of Evidence 702 ("Rule 702") requires district courts "to ensure that [] proffered [expert] testimony is both relevant and reliable" before admitting it. Engilis v. Monsanto Co., 151 F.4th 1040, 1047 (9th Cir. 2025) (citation modified). "Generally, 'expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry' and 'reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline.'" Id. (quoting Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 969 (9th Cir. 2013)). Rule 702 "is concerned with 'the soundness of the expert's methodology,' rather than 'the correctness of the expert's conclusions.'" Id. at 1050 (citation modified) (quoting Wendell v. GlaxoSmithKline LLC, 858 F.3d 1227, 1237 (9th Cir. 2017)). Hence, "where experts' opinions 'are not the "junk science" Rule 702 was meant to exclude, the interests of justice favor leaving difficult issues in the hands of the jury and relying on the safeguards of the adversary system to 'attack shaky but admissible evidence.'" Id. (citation modified) (quoting Wendell, 858 F.3d at 1237).

b. **Analysis**

Here, the Court did not err in permitting Mr. Holdaway to testify as an expert. As the Court explained in its April 22, 2026 Order addressing the parties' motions in limine, Mr. Holdaway's

testimony assisted the jury with understanding the body camera footage in this case by presenting such footage "in a logical manner for the jury." Dkt. 122 at 6. Additionally, Mr. Holdaway was qualified as "a video analyst instructor who has earned two degrees in digital media and numerous certifications in relevant editing software for examining law enforcement footage," and his opinion on the body camera footage "ha[d] a reliable basis in the field of video analysis." Id. Finally, Mr. Holdaway's testimony was "the product of reliable principles and methods" and "reflect[ed] a reliable application of the principles and methods to the facts of th[is] case," Fed. R. Civ. P. 702(c)-(d), as his video reconstructions and analysis of the footage "were made in a manner consistent with his knowledge and experience," Dkt. 122 at 6.

State Defendants nonetheless contend Mr. Holdaway was not qualified to testify on ballistics evidence and "misled the jury into believing what they saw in the videos was what Officer Irick perceived." Rule 59(a) Mot. at 5-6. As an initial matter, the Court notes State Defendants fail to substantiate their arguments, to each of which they devote a mere two paragraphs, with any citation to the trial record. Id. State Defendants' unsupported and gratuitous assertions of error thus are insufficient to meet their "burden to show error." Sidibe, 103 F.4th at 692 (emphasis added); see also Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so."); Brown v. City of Los Angeles, No. CV 13-06455-MMM-JEMx, 2015 WL 14095071, at *4 (C.D. Cal. May 4, 2015) (collecting cases denying motions for new trials "outright based on the movant's failure to cite relevant portions of the trial transcript that support arguments raised in a new trial motion")

Moreover, State Defendants' arguments fail on their merits. As to State Defendants' first argument, Mr. Holdaway did not present testimony on ballistics evidence. See Dkt. 122 at 6 n.7. Rather, Mr. Holdaway testified to his reconstruction and analysis of the body camera footage. See generally Trial Tr. at 272:11-319:06. Because Mr. Holdaway testified to his "knowledge, skill, experience, training, [and] education" in forensic video analysis, and because his testimony on the video reconstruction "involved 'specialized knowledge' beyond the common knowledge of the jury," Mr. Holdaway was qualified to testify as an expert on these matters. United States v. Holguin, 51 F.4th 841, 854 (9th Cir. 2022) (first quoting Fed. R. Evid. 702; and then quoting United States v. Figueroa-Lopez, 125 F.3d 1241, 1244-46 (9th Cir. 1997)). Further, while State Defendants challenge Mr. Holdaway's opinions on the sequence and source of the shots as unreliable or "lack[ing] foundation," Rule 59(a) Mot. at 5, Mr. Holdaway testified to his significant education, training, and experience in forensic video analysis – including his 168 hours of training in law enforcement forensic video analysis, 25 hours of training with the company that produces the body-worn cameras used during the incident, and prior experience analyzing similar footage, see Trial Tr. at 273:21-275:12, 308:11-:22, 309:16-310:02, 317:22-318:01 – and his application of the methods of forensic video analysis to the footage in this case to determine when each shot occurred and from which individual's firearm, see Trial Tr. at 275:13-283:12; see also Kennedy v. Collagen Corp., 161 F.3d 1226, 1227 (9th Cir. 1998) ("[T]he focus of the inquiry envisioned by Rule 702 must be on the principles and methodology underlying an expert's testimony, not on the conclusions."); Holguin, 51 F.4th at 855 ("'[T]he application of extensive experience' is a 'method' that can reliably support expert testimony." (citation modified)); Porter v. Martinez, 68 F.4th 429, 444-45 (9th Cir. 2023) (explaining an expert's "knowledge and experience" are sufficient to establish reliability). To the extent State Defendants challenge Mr. Holdaway's lack of direct training on the use of firearms, Rule 59(a) Mot. at 5, that argument "go[es] to the weight of the evidence" rather than its admissibility. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1044 (9th Cir. 2014). Indeed, Mr. Holdaway

was cross-examined on this issue, see Trial Tr. at 307:13-309:18, and the weight of his testimony therefore properly fell "within the province of a fact finder, not a trial court judge," City of Pomona, 750 F.3d at 1044.

As to State Defendants' second argument, Mr. Holdaway at no point suggested the body camera footage reflected Officer Irick's perspective. Instead, Mr. Holdaway specifically testified he only reviewed and analyzed the footage from Officer Sobaszek and Sergeant Reynoso's body cameras. See Trial Tr. at 297:16-:18. To the extent State Defendants now contend the footage did not reflect Officer Irick's perspective, such objections "regarding the nature of [Mr. Holdaway's] evidence went more to the 'weight' of his testimony" and thus were properly left for the jury to weigh. Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004).

Accordingly, State Defendants' Rule 59(a) Motion is **DENIED** on this basis.

### 2. Future Economic Loss

#### a. Applicable Law

A trial court has discretion to "overturn[] verdicts for excessiveness and order[] a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)." Gasperini v. Ctr. for Humans., Inc., 518 U.S. 415, 433 (1996) (citing Dimick v. Schiedt, 293 U.S. 474, 486-87 (1935)). In exercising this discretion, the court affords "substantial deference to a jury's finding of the appropriate amount of damages." Payan v. L.A. Cmty. Coll. Dist., 169 F.4th 971, 978 (9th Cir. 2026). The verdict "must be upheld unless the amount is 'grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork.'" Bell v. Williams, 108 F.4th 809, 830 (9th Cir. 2024) (quoting Harper, 533 F.3d at 1028).

If a court "determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur." Fenner v. Dependable Trucking Co., 716 F.2d 598, 603 (9th Cir. 1983). "[A] remittitur must reflect the maximum amount sustainable by the proof." Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 52 F.4th 1054, 1087 (9th Cir. 2022). "If the prevailing party does not consent to the reduced amount, a new trial must be granted." Bell, 108 F.4th at 835.

Under California law, an award of prospective damages requires "evidence to show such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury." Behr v. Redmond, 193 Cal. App. 4th 517, 533 (2011) (quoting Bellman v. San Francisco High Sch. Dist., 11 Cal. 2d 576, 588 (1938)). "With respect to future medical damages, an injured plaintiff 'is entitled to recover the reasonable value of medical services that are reasonably certain to be necessary in the future.'" Yaffee v. Skeen, 106 Cal. App. 5th 1281, 1309 (2024) (quoting Cuevas v. Contra Costa Cnty., 11 Cal. App. 5th 163, 182 (2017)).

#### b. Applicable Law

Here, the Court finds a new trial on Plaintiff's prospective economic damages is warranted. While State Defendants do not challenge the sufficiency of the evidence for Plaintiff's future economic loss in their Rule 59(a) Motion, they raise this issue in their Rule 59(e) Motion. See

generally Rule 59(a) Mot.; Rule 59(e) Mot. at 4-6. Plaintiff thus "had notice of the argument and an opportunity to refute it." Rinehart v. Wedge, 943 F.2d 1158, 1161 (9th Cir. 1991); see also Rule 59(e) Opp. at 8-10. The Court may therefore consider State Defendants' arguments on the sufficiency of the evidence for future economic loss to determine whether to grant a new trial under Rule 59(d), despite their waiver of judgment as a matter of law on this issue. See Freund, 347 F.3d at 765 ("Unlike a motion for judgment as a matter of law, a motion for new trial does not have to be preceded by a Rule 50(a) motion prior to submission of the case to the jury.").

The evidence presented at trial does not support the jury's award of $120,000 for future economic loss.[4] While Plaintiff testified to his medical conditions resulting from the shooting and his upcoming medical appointments to address those conditions, he offered no evidence of "what the future expenses were likely to be." Garcia v. Duro Dyne Corp., 156 Cal. App. 4th 92, 99 (2007). Without any evidence of "the reasonable value of medical services that are reasonably certain to be necessary in the future," Cuevas, 11 Cal. App. 5th at 182, the jury's award "could only have been based on speculation or guesswork," Blanton v. Mobil Oil Corp., 721 F.2d 1207, 1216 (9th Cir. 1983) (quoting Murphy Tugboat Co. v. Crowley, 658 F.2d 1256, 1263 (9th Cir. 1981)). Hence, the "maximum amount sustainable by the proof" presented at trial is $0. Unicolors, Inc., 52 F.4th at 1087.

Accordingly, Defendants' Rule 59(a) Motion is **CONDITIONALLY DENIED** on this basis, subject to Plaintiff's acceptance of a remittitur to $0 in damages for future economic loss.

## V.
## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. State Defendants' Rule 59(e) Motion is **DENIED**.
2. State Defendants' Rule 59(a) Motion is **CONDITIONALLY DENIED** subject to Plaintiff's acceptance of a remittitur to $0 in damages for future economic loss. The Judgment otherwise remains intact. Plaintiff shall file a notice with the Court **no later than fourteen (14) days within the date of this Order** indicating whether he accepts or rejects the remittitur (and a proposed amended judgment if he accepts it). The Court will then enter an order granting a new trial on economic damages or a final, appealable order denying State Defendants' Rule 59(a) Motion and an amended judgment.
3. Plaintiff's Fees Motion is **DENIED WITHOUT PREJUDICE** to refiling upon the resolution of Plaintiff's prospective economic damages.

**IT IS SO ORDERED**.

---

[4] California law governs this issue. See Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1103 (9th Cir. 2014) ("Because federal law is silent on the measure of damages in [Section] 1983 actions, [state law] governs unless it is inconsistent with the policies of [Section] 1983."); Gasperini, 518 U.S. at 437 ("[W]hen [state] substantive law governs a claim for relief, [state] law and decisions guide the allowable damages."); see also Castro v. Cnty. of Los Angeles, 797 F.3d 654, 675 (9th Cir. 2015) (holding California law applied to the calculation of prospective economic damages in a Section 1983 action), incorporated by reference on reh'g en banc, 833 F.3d 1060, 1066 n.2 (9th Cir. 2016).